1   Arameh Zargham O'Boyle (SBN: 239495)
    azoboyle@mintz.com
2   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
    POPEO, P.C.
3   2049 Century Park East, Suite 300
    Los Angeles, CA 90067
4   Telephone:  310-586-3200
    Facsimile:  310-586-3202
5
    James M. Wodarski (*Pro hac vice* forthcoming)
6   JWodarski@mintz.com
    Daniel B. Weinger (*Pro hac vice* forthcoming)
7   DBWeinger@mintz.com
    Andrew H. DeVoogd (*Pro hac vice*
8   forthcoming)
    AHDeVoogd@mintz.com
9   Nicholas W. Armington (*Pro hac vice*
    forthcoming)
10  NWArmington@mintz.com
    MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
11  POPEO, P.C.
    One Financial Center
12  Boston, MA 02111
    Telephone:    (617) 542-6000
13  Facsimile:    (617) 542-2241

14  Attorneys for Defendants
    RECYCLE TRACK SYSTEMS, INC., and
15  RECYCLE SMART SOLUTIONS, INC.

16                  **UNITED STATES DISTRICT COURT**

17               **NORTHERN DISTRICT OF CALIFORNIA**

18  ROADRUNNER RECYCLING, INC.,            | Case No. 3:23-cv-04804

19              Plaintiff,                 | **DEFENDANTS' NOTICE OF REMOVAL**
        v.                                 | **OF ACTION UNDER 28 U.S.C.**
20                                         | **SECTIONS 1332, 1441, AND 1446**
    RECYCLE TRACK SYSTEMS, INC.,
21  RECYCLESMART SOLUTIONS, INC.,          | Removed from the Superior Court of the State
    PELLO, and DOES 1-25, inclusive,       | of California, County of San Francisco
22                                         | (State Court Case No. CGC-23-608135)
              Defendants.
23                                         | Complaint Filed:    August 4, 2023

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. SECTIONS 1332, 1441, AND 1446

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2        **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants

3    Recycle Track Systems, Inc. ("RTS") and RecycleSmart Solutions, Inc. ("RecycleSmart")

4    (collectively, "Defendants"), through undersigned counsel, hereby remove this action from the

5    Superior Court of the State of California, County of San Francisco, to the United States District Court

6    for the Northern District of California.  This Court has original subject matter jurisdiction under 28

7    U.S.C. §§ 1332 and 1441 *et seq*.  Complete diversity of citizenship exists between the parties, and it

8    is facially evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of

9    interest and costs.  In support of this removal, Defendants further state as follows:

10   **I.    INTRODUCTION AND PROCEDURAL BACKGROUND**

11        1.        Plaintiff commenced this action on or about August 4, 2023 in the Superior Court of

12   the State of California, County of San Francisco, under the caption, *RoadRunner Recycling, Inc. v.*

13   *Recycle Track Systems, Inc., RecycleSmart Solutions, Inc., Pello, and DOES 1-25, inclusive,* Case

14   No. CGC-23-608135 ("the State Court Action").   A true and correct copy of the Complaint

15   ("Compl.") is attached hereto as **Exhibit A**.  This removal is timely filed pursuant to 28 U.S.C.

16   § 1446(b) and (c).

17        2.        Plaintiff's Complaint contains causes of action against Defendants for: (1) trade secret

18   misappropriation under California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.*; and

19   (2) breach of contract.  The parties are in the business of the collection and disposal of waste materials,

20   which involves the use of sensors placed in waste receptacles for the purpose of determining, among

21   other things, when the waste receptacle is full and ready for pick-up.  Specifically, the Complaint

22   alleges that Defendant misappropriated [Plaintiff] RoadRunner's trade secrets embodied in certain

23   alleged confidential information and waste and recycling management technology that Defendants

24   allegedly obtained through certain contractual agreements between Compology, acquired thereafter

25   by RoadRunner, and RecycleSmart, and that Defendants have used such information to allegedly

26   develop a sensor to determine fill level of waste receptacles, among other information, in connection

27   with sensors offered by RoadRunner.  Exh. A, Compl. at ¶ 3-5.

28

DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. SECTIONS 1332, 1441, AND 1446

3.      Plaintiff seeks, among other relief, (1) actual damages, (2) exemplary and/or punitive damages, (3) pre-judgment and post-judgment interest, (4) attorneys' fees, costs, and expenses, and (5) preliminary and permanent injunctive relief.  *See id.* at pgs. 13-14 (Prayer for Relief).

4.      All pleadings and papers that have been filed in the State Court Action are attached hereto as **Exhibit A**.  Pursuant to 28 U.S.C. § 1446(a), the documents contained in **Exhibit A** constitute all process, pleadings, and orders served upon Defendants in the State Court Action.

5.      Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Northern District of California, is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a) and 28 U.S.C. § 84(a).

6.      Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

7.      A true and correct copy of this Notice of Removal will also be promptly filed with the Superior Court of California, County of San Francisco, pursuant to 28 U.S.C. § 1446(d).

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)

### A.     Complete Diversity of Citizenship Exists Between the Parties

8.      Removal under 28 U.S.C. § 1332(a) is appropriate where the action is between citizens of different States or between citizens of a State and citizens or subjects of a foreign state.

9.      Now and at the time the Complaint was filed, Plaintiff is and was a Delaware corporation, with a principal place of business in Pittsburg, Pennsylvania. Exh. A, Compl. at ¶ 6. *See Strotek Corp v. Air Transport Ass'n of Am.*, 300 F.3d 1129 (9th Cir. 2002) (in actions removed based on diversity jurisdiction, diversity of citizenship must exist when the complaint is filed and when removal is effected).

10.      At all times relevant to this action, none of the Defendants are or have been citizens or permanent residents of either Delaware or Pennsylvania.  The citizenship of the Defendants is as follows:

3

a. Defendant Recycle Track Systems, Inc. is now, and was at the time of the filing of this action, a New York corporation, with its principal place of business in New York. "For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing 28 U.S.C. § 1332(c)).

b. Defendant RecycleSmart Solutions, Inc. is now, and was at the time of the filing of this action, a Canadian company, with its principal place of business in Vancouver, British Columbia, Canada.

c. Defendant Pello is not a legal entity and does not exist as a separate corporate entity from either RTS or RecycleSmart. Pello is now, and was at the time of the filing of this action, an internal business division of RecycleSmart Solutions, Inc., which is a British Columbia company, with its principle principal place of business in Vancouver, British Columbia, Canada.

11. The citizenship of DOES 1-25, inclusive, is irrelevant. Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether a civil action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

**B.    The Alleged Amount in Controversy Exceeds the Sum of $75,000**

12. It is apparent from the allegations of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of costs and interest. "A notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059 (9th Cir. 2021) (citations omitted); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (a removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000). When the amount in controversy is not clearly specified in the complaint, the court may consider facts in the complaint as well as in the removal petition. *See Simmons v. PCR Tech.*, 209

DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. SECTIONS 1332, 1441, AND 1446

1    F.Supp.2d 1029, 1031 (N.D. Cal. 2002); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377

2    (9th Cir. 1997); *accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (stating

3    that the Court "found no case in any other circuit that purports to prohibit a district court from

4    employing its judicial experience or common sense in discerning whether the allegations in a

5    complaint facially establish the jurisdictionally required amount in controversy.").  In establishing

6    that the amount in controversy exceeds $75,000, the defendant may rely on a chain of reasoning and

7    underlying assumptions that are reasonable based on the complaint's allegations.  *LaCross v. Knight*

8    *Transp. Inc.*, 775 F. 3d 1200, 1202 (9th Cir. 2015).

9          13.     Although Defendants deny a liability to Plaintiff, the amount in controversy "more

10   likely than not" exceeds $75,000, exclusive of interest and costs.  Plaintiff alleges entitlement to, *inter*

11   *alia*, "actual damages," "exemplary and/or punitive damages," "pre-judgment and post-judgment

12   interest," and "attorneys' fees, costs, and expenses" with respect to claims involving "highly valuable

13   and proprietary trade secrets in [] waste and recycling metering technology" that Plaintiff purports to

14   have developed "over the course of many years, expending **millions of dollars** and tens of thousands

15   of person-hours in the process." *See, e.g.*, Exh. A, Compl. at ¶ 1; *id.* at pgs. 13-14 (Prayer for Relief).

16   As such, Defendants understand that Plaintiff is alleging that Defendants have enjoyed the benefit of

17   those millions of dollars and tens of thousands of person-hours by allegedly utilizing RoadRunner's

18   trade secrets in the development of the Pello device without authority to use such material.

19   Defendants thus understand that RoadRunner is seeking damages of comparable scope to remunerate

20   it for the alleged unlawful use of such trade secret and other confidential material.  Additionally,

21   Plaintiff seeks nonmonetary relief, including "[p]reliminary and permanent injunctive relief." *See id.*

22   at pgs. 13-14.  Together, Plaintiff seeks an aggregate of nine (9) awards for the two alleged acts of

23   trade secrets misappropriation and breach of contract.  Even if each of these awards sought by Plaintiff

24   amounted to only $10,000, the amount in controversy would still well exceed the $75,000 requirement

25   for jurisdictional diversity.  Plaintiffs' Complaint also seeks punitive damages. (Compl. ¶¶ 5).  *See*

26   *Amador v. John Crane, Inc.*, 2014 U.S. Dist. LEXIS 49999, at *18 (C.D. Cal. Apr. 7, 2014) (noting

27   that "punitive damages are part of the amount in controversy in a civil action.").

28

DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. SECTIONS 1332, 1441, AND 1446

14.     By filing this Notice of Removal, Defendants do not waive, either expressly or implicitly, their rights to assert any defenses, objections, exceptions, and/or any grounds for dismissal which could have been asserted in the Superior Court of the State of California, County of San Francisco. Defendants further intends no admission of fact, law or liability by this Notice of Removal, and expressly reserves all defenses, motions, and pleas.

WHEREFORE, Defendants request that the Court assume jurisdiction over this action.


DATED: September 19, 2023                           Respectfully submitted,

                                                   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
                                                   POPEO, P.C.



                                                   _____
                                                   Arameh Zargham O'Boyle
                                                   James M. Wodarski (*Pro hac vice* forthcoming)
                                                   Daniel B. Weinger (*Pro hac vice* forthcoming)
                                                   Andrew H. DeVoogd (*Pro hac vice*
                                                   forthcoming)
                                                   Nicholas W. Armington (*Pro hac vice*
                                                   forthcoming)

                                                   Attorneys for Defendants
                                                   RECYCLE TRACK SYSTEMS, INC., and
                                                   RECYCLE SMART SOLUTIONS, INC.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. SECTIONS 1332, 1441, AND 1446