JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES M. NEUDECKER (Bar No. 221657)
*jneudecker@jmbm.com*
2 Embarcadero Center, Fifth Floor
San Francisco, CA 94111
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone: (949) 623-7200
Facsimile: (949) 623-7202

Attorneys for Plaintiff ROADRUNNER
RECYLING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS, INC.,<br><br>Defendants. | Case No. 3:23-cv-04804-JCS<br><br>**FIRST AMENDED COMPLAINT FOR (1) TRADE SECRET MISAPPROPRIATION UNDER CALIFORNIA UNIFORM TRADE SECRETS ACT; (2) TRADE SECRET MISAPPROPRIATION UNDER DEFEND TRADE SECRETS ACT; AND (3) BREACH OF CONTRACT**<br><br>Complaint Filed: August 4, 2023<br>Trial Date: Not Yet Set |

71645987

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") alleges as follows:

**<u>INTRODUCTION</u>**

1. This case arises from Defendants Recycle Track Systems, Inc.'s ("RTS") and RecycleSmart Solutions, Inc.'s ("RecycleSmart") (collectively "Defendants") theft of RoadRunner's waste and recycling metering technology and breach of contract.

2. RoadRunner's predecessor-in-interest, Compology, Inc. ("Compology") developed highly valuable and proprietary trade secrets in its waste and recycling metering technology over the course of many years, expending millions of dollars and tens of thousands of person-hours in the process.

3. RTS's wholly-owned subsidiary and predecessor-in-interest, RecycleSmart, contracted with RoadRunner's predecessor-in-interest, Compology. Pursuant to that contract, Compology delivered confidential and proprietary information to RecycleSmart, including its proprietary waste and recycling metering technology, with expressly narrow limitations on disclosure and use of Compology's confidential and proprietary information. RoadRunner assumed all rights under the contract and all intellectual property, including trade secrets, when it acquired Compology in 2022.

4. RTS, through RecycleSmart, misappropriated RoadRunner's trade secrets embodied in its confidential information and waste and recycling management technology it obtained under these contractual limitations and used that information to develop RTS's competing product, Pello, to the detriment of RoadRunner. Defendants continue to misappropriate RoadRunner's trade secrets and breach the contractual obligations under the contract.

5. Without intervention, Defendants will continue to misappropriate RoadRunner's trade secrets and continue to breach contractual covenants to RoadRunner. RoadRunner seeks actual and exemplary/punitive damages for Defendants' wrongful acts, as well as pre-judgment and post-judgment interest. RoadRunner also seeks an order requiring Defendants to return RoadRunner's confidential and propriety information and enjoining RTS from further wrongful acts.

71645987
2
FIRST AMENDED COMPLAINT

## PARTIES

6. RoadRunner is a Delaware corporation, with a principal place of business in Pittsburgh, Pennsylvania.

7. RTS is a New York corporation, with a principal place of business in New York, New York. In March 2023, RTS announced its acquisition of RecycleSmart, a Richmond, British Columbia-based company.

8. On information and belief, RecycleSmart is a British Columbia corporation, with a principal place of business in Richmond, British Columbia.

## JURISDICTION AND VENUE

9. This Court has diversity jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a)(3) because the matter in controversy exceeds $75,000 and Plaintiff is a citizen of a state (Delaware and Pennsylvania) that is different from the state of citizenship of the Defendants (New York; British Columbia).

10. This Court has original jurisdiction over the Defend Trade Secrets Act claim in this action pursuant to 18 U.S.C. § 1836.

11. RoadRunner acquired Compology, a San Francisco, California-based company in October 2022, assuming and assigning all intellectual property and assuming all of Compology's rights under an agreement with RecycleSmart titled "Compology Terms and Conditions," under which the parties agreed to submit to the non-exclusive jurisdiction of the state and federal courts in the Northern District of California.

12. RTS announced its acquisition of RecycleSmart, a Richmond, British Columbia company, in March 2023. On information and belief, when RTS acquired RecycleSmart, RTS assumed RecycleSmart's obligations and liabilities, including RecycleSmart's obligation and liability under the Terms, including the aforementioned prohibitions against disclosure and improper use of RoadRunner's Confidential Information. In addition, there exists a unity of interest among RTS and RecycleSmart such that these companies are in practice a "single enterprise." Among other things, RTS exercises and directs control over RecycleSmart. Indeed, these companies reference on their webpages, and imply ownership of, the Pello system that is at

issue in this lawsuit. Thus, it would be unjust for any of the companies to be shielded from liability for the theft of RoadRunner's technology. The Terms therefore are binding on each of the Defendants.

13. This Court has both general and specific jurisdiction over Defendants because Defendants have consented to jurisdiction in the state and federal courts in the Northern District of California, and Defendants have endeavored to unlawfully obtain RoadRunner's trade secrets that are maintained in this District.

14. Venue is proper in this Court, among other reasons, because Defendants have consented to jurisdiction in the state and federal courts in the Northern District of California, the contract at issue herein was entered into and/or performed in this District, and the action concerns injuries that occurred in this District.

## BACKGROUND

### Compology Develops Proprietary Technology

15. Over the course of many years, Compology developed confidential and proprietary waste and recycling metering technology powered by smart cameras and artificial intelligence ("AI"). Compology expended millions of dollars and tens of thousands of person-hours to develop its confidential and proprietary technology.

16. Compology's confidential technology includes smart cameras (and accompanying physical hardware) composed of both commercially available and proprietary, non-commercially available electronic components. The arrangement and configuration of these components to facilitate waste and recycling metering technology is a closely held trade secret and is not made available to members of the public. Compology developed an AI system configured to operate with the smart cameras at specified locations in waste bins in order to monitor fill levels of the waste bins, among other things, to provide an efficient, economical, and cost-saving platform for waste and recycling companies. Compology developed its AI system specifically for use with its confidential smart camera technology using years' worth of machine learning data to train models for use in monitoring the fill level of waste and recycling bins. This AI system thus utilizes physical electronic components, network technology, and software/firmware to provide its unique

71645987

4

FIRST AMENDED COMPLAINT

and confidential waste recycling metering technology.

## Compology and RecycleSmart Enter into the Terms

17. Compology and RecycleSmart entered into a "pilot" contract for a 10-camera system on June 15, 2017. Compology and RecycleSmart's business relationship expanded from 2017-2022, to approximately $450,000 per year in revenue in 2022.

18. On November 2, 2020, Compology and RecycleSmart entered into a renewal order form that was subject to the "Compology Terms and Conditions" ("Terms") in which Compology was to provide, among other things, Compology's System and Subscription Services to RecycleSmart. The Terms defined System to mean "the Devices, the Software and/or the combination thereof on an integrated basis to enable the collection, processing and/or delivery of Device Data and Derivative Data," and Subscription Services to mean "the System hosted by Compology and made available to Customer, along with the provision by Compology of services relating thereto, to include but not be limited to Device delivery, installation, maintenance and monitoring, reporting, Software fixes and updates, hosting and service analysis and benchmarking."

19. Under Section 2.1.5 of the Terms, RecycleSmart agreed that it "shall not use the System or any component thereof for any purposes beyond the scope of the license granted in these Terms." Pursuant to that same section, RecycleSmart agreed that it "shall not at any time, and shall not permit others to:"

> (i) copy, adapt, modify, or create derivative works of the System, in whole or in part except as otherwise expressly set forth herein; . . . (iii) reverse engineer, disassemble, decompile, decode, adapt, make error corrections to or otherwise attempt to derive or gain access to the source code or any other component of the System, in whole or in part; . . . (v) use the System or any component thereof in any manner or for any purpose that infringes, misappropriates, or otherwise violates any intellectual property right or other right of any person, or that violates any applicable law; or (vi) combine or integrate the Device or Software with any software, technology, services, or materials not authorized by Compology. Additionally, Customer covenants and agrees not to, directly or indirectly, manipulate or process Device Data, through interaction with databases, algorithms, external data, calculations and/or other processes, methods or tools, for the purposes of deriving Derivative Data.

20. The Terms define Confidential Information as

> [A] Party's non-public business, financial, technical, legal and personnel information, and includes, for example, product designs and data, source code, trade secrets,

pricing, customer and supplier lists, network structure and addresses, designs, technical specifications, business plans, these Terms and any other non-public data whether written, verbal or visual, connected to or related to the business and affairs of a Party or any of its affiliates.

21. The Terms prohibited RecycleSmart from disclosure of the Confidential Information in Section 10.2, as follows: "[RecycleSmart will not] publish, disclose, copy, disseminate or use the Confidential Information of the other Party in its business or for any other purpose except as expressly permitted in these Terms."

**RecycleSmart Misappropriates RoadRunner's Trade Secrets and Breaches the Terms**

22. As early as 2017, Compology delivered the System and Subscription Services to RecycleSmart, including Compology's devices and software configured to enable the collection, processing and/or delivery of device data and derivative data. As part of this delivery, RecycleSmart had continuing access to Compology's Confidential Information, including the System, proprietary images, data, and processes, and Compology's large database of labeled and tagged images. The Confidential Information included Compology's proprietary and confidential waste and recycling metering technology, among other things. The Confidential Information was kept confidential from all third parties and, pursuant to the Terms, could not be disclosed or used except as expressly provided in the Terms.

23. As described herein, this Confidential Information required *years* to properly aggregate and label. To bypass the time and effort necessary to develop the technology itself, and on information and belief, RecycleSmart wrongly used Compology's Confidential Information to train its own AI model to compete against Compology using its Pello cameras.

24. As part of the parties' contractual relationship, Compology provided RecycleSmart with access to Compology's APIs to ingest Compology's data into RecycleSmart's software backend.

25. In October 2021, RecycleSmart negotiated a 1-year contract renewal (rather than the previous 3-year contract).

26. In January 2022, Compology discovered that Pello cameras were being installed in the same containers as those with Compology cameras. On information and belief, RecycleSmart

began to use Compology's large database of labeled and tagged images to train its Pello cameras in violation of its express promises to Compology, including improper use of Compology's Confidential Information. On information and belief, RecycleSmart was training its Pello cameras to develop an AI system to operate independently from Compology, for RecycleSmart's own benefit and in violation of the Terms. On information and belief, RecycleSmart used Compology's data in combination with RecycleSmart's Pello cameras to develop an AI model.

27. In October 2022, RoadRunner acquired Compology and assumed all of the rights under the Terms.

28. In March 2023, RTS announced its acquisition of RecycleSmart, including RecycleSmart's Pello cameras and system. Previously, on October 31, 2022, RecycleSmart let its 1-year contract lapse with RoadRunner.

29. On information and belief, RecycleSmart also reverse-engineered Compology's waste and recycling metering technology to develop RecycleSmart's Pello cameras. RoadRunner became suspicious that RecycleSmart had wrongfully disclosed and used its Confidential Information and waste and recycling metering technology. RoadRunner investigated its suspicions, in part, by reviewing a March 9, 2022 Federal Communications Commission ("FCC") report filed by RecycleSmart. RoadRunner's suspicions were confirmed.

30. RoadRunner's investigation confirmed that RecycleSmart's Pello system was extremely similar to RoadRunner's waste and recycling metering technology. For example, RF test reports submitted with its FCC filing confirmed that the Pello system operated identically to RoadRunner's system for backhauling data, using substantially the same communication bands as those used by RoadRunner's system.

31. In addition, the Pello camera printed circuit board assembly ("PCBA") utilizes virtually the same electronic components, including substantially the same microcontroller, external RAM integrated circuit ("IC"), wide field-of-view camera lens, camera flash PCBA, camera injection molded parts, "double-shot" rear housing with TPE overmolding, battery pack, shape, color, and materials of the camera housing, recessed sensors for debris shedding, and identical camera flash PCBA cutouts and mounting.

32. The Pello system also utilized a three-point mounting system that is virtually identical to RoadRunner's waste and recycling metering technology. Beyond the substantially similar physical and electronic design, this three-point mounting system combined with a trained AI model using, on information and belief, RoadRunner's database of labeled and tagged images, confirms that RecycleSmart misappropriated RoadRunner's Confidential Information and waste and recycling metering technology.

33. On information and belief, RecycleSmart disclosed RoadRunner's Confidential Information and waste and recycling metering technology to third parties to develop its competing Pello system. This is apparent, among other reasons, because RecycleSmart's FCC filing indicates different sources of custom and commercially available parts used in RecycleSmart's Pello system.

**Defendants are Bound by the Terms and Liable for Each Other's Wrongful Acts**

34. As described herein, RTS announced its acquisition of RecycleSmart in March 2023. On information and belief, when RTS acquired RecycleSmart, RTS assumed RecycleSmart's obligations and liabilities, including RecycleSmart's obligations and liability under the Terms, including the aforementioned prohibitions against disclosure and improper use of RoadRunner's Confidential Information. In addition, there exists a unity of interest among RTS and RecycleSmart such that these companies are in practice a "single enterprise." Among other things, RTS exercises and directs control over RecycleSmart. Indeed, these companies reference on their webpages, and imply ownership of, the Pello system that is at issue in this lawsuit. Thus, it would be unjust for any of the companies to be shielded from liability for the theft of RoadRunner's technology.

35. Under the Terms and California law, privities-in-interest are bound to the Terms, and liable for the wrongful acts of their predecessors-in-interest, even after termination or expiration of the Terms, pursuant to Section 9.5: "The provisions of these Terms relating to (i) restrictions on license or use of the System; . . . (vi) ownership of intellectual property, (vii) confidentiality, . . . along with any other provisions that by their nature are intended to survive, will survive the termination or expiration of these Terms."

36. Each Defendant therefore stepped into the shoes of the other Defendants and are bound by the Terms and liable for each other's wrongful acts, in addition to Defendants' continuing wrongful acts as described herein.

## FIRST CAUSE OF ACTION

**[Trade Secret Misappropriation Under California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq*.]**

37. RoadRunner hereby repeats, realleges and incorporates by reference the allegations which are contained in paragraphs 1 through 38.

38. This is a cause of action for misappropriation of trade secrets under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.*, based on the wrongful misappropriation, use, and/or disclosure of RoadRunner's confidential information, including but not limited to Confidential Information as defined in the Terms, relating to RoadRunner's waste and recycling metering technology ("Waste and Recycling Metering Confidential Information").

39. RoadRunner's Waste and Recycling Metering Confidential Information includes trade secrets because it derives independent economic value from not being generally known to the public or to others who can obtain economic value from its disclosure or use.

40. RecycleSmart, RTS's predecessor-in-interest, gained access to RoadRunner's Waste and Recycling Metering Confidential Information in the course of a contractual relationship with Compology, RoadRunner's predecessor-in-interest, and was under an obligation to maintain the secrecy of RoadRunner's trade secret information obtained during its contractual relationship with RoadRunner and thereafter.

41. In violation of RecycleSmart's obligations to maintain the secrecy of RoadRunner's Waste and Recycling Metering Confidential Information, on information and belief, RecycleSmart used RoadRunner's Waste and Recycling Metering Confidential Information to develop a competing Pello product, and disclosed RoadRunner's Waste and Recycling Metering Confidential Information to members of the general public to develop the competing Pello product.

42. RecycleSmart was also under an obligation not to use RoadRunner's Waste and

71645987
9
FIRST AMENDED COMPLAINT

Recycling Metering Confidential Information for any purposes beyond the limitations of use according to Section 2.1.5 of the Terms, including but not limited to copying, adapting, modifying, or creating derivative works of RoadRunner's waste and recycling metering technology, reverse engineering and attempting to derive the source code and other components of the waste and recycling metering technology, using the waste and recycling metering technology in a manner that infringes, misappropriates, and violates intellectual property rights in RoadRunner's Waste and Recycling Metering Confidential Information, and combining and integrating RoadRunner's waste and recycling metering technology with software, technology, services, and/or materials not authorized by RoadRunner.

43. Defendants have used and disclosed and continue to use and disclose RoadRunner's Waste and Recycling Metering Confidential Information without RoadRunner's consent or permission, in an attempt to benefit Defendants, and beyond the limitations of use according to Section 2.1.5 of the Terms.

44. Defendants have used or disclosed RoadRunner's Waste and Recycling Metering Confidential Information maliciously and in willful and conscious disregard of the rights of RoadRunner.

45. Defendants are each liable for the wrongful acts of the other Defendants, and Defendants have continued to perpetrate the aforementioned wrongful acts by wrongfully using and disclosing RoadRunner's Waste and Recycling Metering Confidential Information, including continuing malicious use and disclosure and in willful and conscious disregard of the rights of RoadRunner.

46. As a direct and proximate result of Defendants' willful, improper, and unlawful use and disclosure of RoadRunner's Waste and Recycling Metering Confidential Information, RoadRunner has suffered and continues to be damaged. RoadRunner will continue to be irreparably damaged unless Defendants are enjoined from further use and disclosure of RoadRunner's Waste and Recycling Metering Confidential Information.

47. The aforementioned acts of Defendants in wrongfully misappropriating RoadRunner's Waste and Recycling Metering Confidential Information were and continue to be

willful and malicious, warranting an award of exemplary damages, as provided by Civ. Code § 3426.3(c), and an award of attorneys' fees, as provided by Civ. Code. § 3426.4.

## SECOND CAUSE OF ACTION

**[Trade Secret Misappropriation Under Defend Trade Secrets Act, 18 U.S.C. § 1836]**

48. RoadRunner hereby repeats, realleges and incorporates by reference the allegations which are contained in paragraphs 39 through 49.

49. This is a cause of action for misappropriation of trade secrets under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836, based on the wrongful misappropriation, use, and/or disclosure of RoadRunner's confidential information, including but not limited to Confidential Information as defined in the Terms, relating to RoadRunner's Waste and Recycling Metering Confidential Information, which is used in or intended for use in both interstate and foreign commerce.

50. RoadRunner's Waste and Recycling Metering Confidential Information includes trade secrets because it derives independent economic value from not being generally known to the public or to others who can obtain economic value from its disclosure or use.

51. RecycleSmart, RTS's predecessor-in-interest, gained access to RoadRunner's Waste and Recycling Metering Confidential Information in the course of a contractual relationship with Compology, RTS's predecessor-in-interest, and was under an obligation to maintain the secrecy of RoadRunner's trade secret information obtained during its contractual relationship with RoadRunner and thereafter.

52. In violation of RecycleSmart's obligations to maintain the secrecy of RoadRunner's Waste and Recycling Metering Confidential Information, on information and belief, RecycleSmart used RoadRunner's Waste and Recycling Metering Confidential Information to develop a competing Pello product, and disclosed RoadRunner's Waste and Recycling Metering Confidential Information to members of the general public to develop the competing Pello product. On information and belief, the Pello product is used in or intended for use in both interstate and foreign commerce.

53. RecycleSmart was also under an obligation not to use RoadRunner's Waste and

71645987

11

FIRST AMENDED COMPLAINT

Recycling Metering Confidential Information for any purposes beyond the limitations of use according to Section 2.1.5 of the Terms, including but not limited to copying, adapting, modifying, or creating derivative works of RoadRunner's waste and recycling metering technology, reverse engineering and attempting to derive the source code and other components of the waste and recycling metering technology, using the waste and recycling metering technology in a manner that infringes, misappropriates, and violates intellectual property rights in RoadRunner's Waste and Recycling Metering Confidential Information, and combining and integrating RoadRunner's waste and recycling metering technology with software, technology, services, and/or materials not authorized by RoadRunner.

54. Defendants have used and disclosed and continue to use and disclose RoadRunner's Waste and Recycling Metering Confidential Information without RoadRunner's consent or permission, in an attempt to benefit itself, and beyond the limitations of use according to Section 2.1.5 of the Terms.

55. Defendants have used or disclosed RoadRunner's Waste and Recycling Metering Confidential Information maliciously and in willful and conscious disregard of the rights of RoadRunner.

56. Defendants are each liable for the wrongful acts of the other Defendants, and Defendants have continued to perpetrate the aforementioned wrongful acts by wrongfully using and disclosing RoadRunner's Waste and Recycling Metering Confidential Information, including continuing malicious use and disclosure and in willful and conscious disregard of the rights of RoadRunner.

57. As a direct and proximate result of Defendants' willful, improper, and unlawful use and disclosure of RoadRunner's Waste and Recycling Metering Confidential Information, RoadRunner has suffered and continues to be damaged. RoadRunner will continue to be irreparably damaged unless Defendants are enjoined from further use and disclosure of RoadRunner's Waste and Recycling Metering Confidential Information.

58. The aforementioned acts of Defendants in wrongfully misappropriating RoadRunner's Waste and Recycling Metering Confidential Information were and continue to be

willful and malicious, warranting an award of exemplary damages, as provided by 18 U.S.C. § 1836(b)(3)(C), and an award of attorneys' fees, as provided by 18 U.S.C. § 1836(b)(3)(D).

### THIRD CAUSE OF ACTION

### [Breach of Contract against All Defendants]

59. RoadRunner hereby repeats, realleges and incorporates by reference the allegations which are contained in paragraphs 50 through 60.

60. The Terms are a valid and enforceable contract between RoadRunner and RTS. RoadRunner assumed the rights under the Terms by acquiring Compology, an original party to the Terms. RTS assumed the obligations and liabilities under the terms by acquiring RecycleSmart, an original party to the Terms.

61. The Terms are binding on each of the Defendants because when RTS acquired RecycleSmart, (1) RTS assumed all of the obligations and liabilities of RecycleSmart, and/or (2) there exists a unity of interest among RTS and RecycleSmart such that these companies are in practice a "single enterprise."

62. Pursuant to the Terms, therefore, Defendants had obligations not to: (1) disclose RoadRunner's Confidential Information to any third party; (2) copy, adapt, modify, or create derivative works of RoadRunner's waste and recycling metering technology, (3) reverse engineer or attempt to derive the source code and other components of the waste and recycling metering technology, (4) use the waste and recycling metering technology in a manner that infringes, misappropriates, and violates intellectual property rights in RoadRunner's Waste and Recycling Metering Confidential Information, or (5) combine or integrate RoadRunner's waste and recycling metering technology with software, technology, services, and/or materials not authorized by RoadRunner.

63. The foregoing covenants in the Terms were intended and necessary to protect RoadRunner's legitimate business interest in its Confidential Information.

64. Defendants breached the Terms by, *inter* alia, (1) disclosing RoadRunner's Confidential Information to third parties, (2) copying, adapting, modifying, or creating derivative works of RoadRunner's waste and recycling metering technology, (3) reverse engineering or

attempting to derive the source code and other components of the waste and recycling metering technology, (4) using the waste and recycling metering technology in a manner that infringes, misappropriates, and violates intellectual property rights in RoadRunner's Waste and Recycling Metering Confidential Information, and (5) combining or integrating RoadRunner's waste and recycling metering technology with software, technology, services, and/or materials not authorized by RoadRunner.

65. Defendants continue to wrongfully retain and use RoadRunner's Confidential Information without excuse under law or contract.

66. RoadRunner has fully performed all of its material obligations and satisfied all conditions for performance under the Terms except those that were waived or excused or are unenforceable by Defendants.

67. Defendants have willfully, and with conscious disregard for the contractual obligations owed to RoadRunner, breached the Terms.

68. Unless restrained and enjoined by the Court, Defendants will continue to breach the Terms.

69. As a foreseeable, direct and proximate result of Defendants' breach of contract, RoadRunner has suffered irreparable injury to its rights and pecuniary damages. RoadRunner will continue to suffer such injury, loss, and damage unless and until Defendants are required to return RoadRunner's Confidential Information, and enjoined from further use and disclosure of RoadRunner's Confidential Information.

70. But for Defendants' breaches of contract, RoadRunner would not have been injured by Defendants unlawfully disclosing and using RoadRunner's Confidential Information or by failing to return RoadRunner's Confidential Information.

71. Defendants have derived and received and will continue to derive and receive from the aforementioned breach of contract, gains, profits, and advantages.

72. RoadRunner is entitled to injunctive relief as well as damages, the nature and extent of which will be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, RoadRunner prays for the following relief:

1. A judgment that Defendants are liable on all causes of action alleged herein;

2. An order requiring Defendants to account for all gains, profits and advantage derived from their misappropriation of RoadRunner's confidential, proprietary and/or trade secret information;

3. An order requiring Defendants to disgorge all profits earned from their unlawful conduct, together with restitution to RoadRunner arising from Defendants' unlawful conduct;

4. An order awarding actual damages according to proof;

5. An order awarding exemplary and/or punitive damages to the extent allowed by law and in an amount according to proof;

6. An order awarding pre-judgment and post-judgment interest;

7. An order awarding attorneys' fees, costs and expenses;

8. Preliminary and permanent injunctive relief pursuant to which Defendants, and their employees, officers, directors, and/or representatives, and all persons acting in concert or participating with it are ordered, enjoined, or restrained, directly or indirectly, by any means whatsoever, as follows:

   (a) From manufacturing, making, distributing, marketing, offering to sell or selling products that utilize, embody, or were developed using RoadRunner's Waste and Recycling Metering Confidential Information and RoadRunner's Confidential Information;

   (b) From disclosing or using anywhere RoadRunner's Waste and Recycling Metering Confidential Information and RoadRunner's Confidential Information;

   (c) From disclosing or using anywhere any RoadRunner trade secret or other proprietary or confidential information or information derived therefrom;

   (d) From offering to sell or selling to anyone, anywhere, any products that use any RoadRunner trade secret or other proprietary or confidential information, specifically including RoadRunner's Waste and Recycling

1                      Metering Confidential Information and RoadRunner's Confidential

Information;

(e)      Immediately preserving and returning to RoadRunner (i) all copies of all RoadRunner's documents and proprietary or confidential information, including without limitation RoadRunner's Waste and Recycling Metering Confidential Information and RoadRunner's Confidential Information, and any trade secret and other confidential or proprietary information acquired directly or indirectly from RoadRunner; (ii) all copies of all materials (in paper, electronic, or any other form) containing any, or derived from any, RoadRunner's trade secrets or other confidential or proprietary information; and (iii) all physical materials, including all prototypes, designs, modules, parts, electronics, or otherwise in Defendants' possession relating to the Pello product; and

(f)      Turning over to the Court any proceeds that Defendants have received from their misappropriation of RoadRunner's trade secrets and proprietary and confidential information and other unlawful conduct, including all proceeds received in connection with the Pello product, such proceeds to be held in constructive trust until the conclusion of this litigation; and

9.      All such other relief that the Court deems just and proper.

DATED: October 4, 2023             JEFFER MANGELS BUTLER & MITCHELL LLP
                                                STANLEY M. GIBSON
                                                JAMES M. NEUDECKER
                                                JOSEPH J. MELLEMA

                                                By: _____
                                                      STANLEY M. GIBSON
                                            Attorneys for Plaintiff ROADRUNNER
                                            RECYLING, INC.

## **DEMAND FOR JURY TRIAL**

Plaintiff RoadRunner Recycling, Inc. hereby demands a trial by jury in the above-captioned matter on all matters so triable.

DATED: October 4, 2023

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES M. NEUDECKER
JOSEPH J. MELLEMA

By: _____
STANLEY M. GIBSON
Attorneys for Plaintiff ROADRUNNER RECYLING, INC.