1  Arameh Zargham O'Boyle (SBN: 239495)
   azoboyle@mintz.com
2  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
   POPEO, P.C.
3  2049 Century Park East, Suite 300
   Los Angeles, CA 90067
4  Telephone: 310-586-3200
   Facsimile: 310-586-3202
5
   James M. Wodarski (*Admitted Pro Hac Vice*)
6  JWodarski@mintz.com
   Daniel B. Weinger (*Admitted Pro Hac Vice*)
7  DBWeinger@mintz.com
   Andrew H. DeVoogd (*Admitted Pro Hac Vice*)
8  AHDeVoogd@mintz.com
   Nicholas W. Armington (*Admitted Pro Hac Vice*)
9  NWArmington@mintz.com
   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
10 POPEO, P.C.
   One Financial Center
11 Boston, MA 02111
   Telephone:   (617) 542-6000
12 Facsimile:   (617) 542-2241

13 Attorneys for Defendants
   RECYCLE TRACK SYSTEMS, INC., and
14 RECYCLESMART SOLUTIONS, INC.

15 **UNITED STATES DISTRICT COURT**

16 **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 1 AND 2 AMENDED COMPLAINT; MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS INC., PELLO, and DOES 1-25, inclusive, | Case Assigned to District Judge William Alsup<br>Hearing:<br>Date:     December 14, 2023<br>Time:    8:00 a.m.<br>Location: 450 Golden Gate Avenue<br>Courtroom 12 – 19th Floor<br>San Francisco, CA 94102 |
| Defendants. | Complaint Filed: August 4, 2023<br>Trial Date: Not Yet Set |

# NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 14, 2023, at 8:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, the Honorable William Alsup presiding, located at the San Francisco Courthouse, Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Recycle Track Systems, Inc. ("RTS") and RecycleSmart Solutions Inc. ("RecycleSmart") (collectively, "Defendants") will and hereby do move this Court for an order dismissing Counts 1 and 2 of Plaintiff RoadRunner Recycling, Inc.'s ("RoadRunner") Amended Complaint (Dkt. No. 15) pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is based on this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the other pleadings and filings on record in this action, as well as other written or oral argument that Defendants may present to the Court.

## STATEMENT OF RELIEF SOUGHT

Defendants respectfully seek dismissal of Counts 1 and 2 of the Amended Complaint with prejudice for failure to state a claim.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether RoadRunner's Amended Complaint states a claim for misappropriation of trade secrets under the California Uniform Trade Secrets Act, California Civil Code section 3426, et seq. ("CUTSA").

2. Whether RoadRunner's Amended Complaint states a claim for misappropriation of trade secrets under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA").

Dated: November 8, 2023

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.

*/s/ Daniel B. Weinger*
Arameh Zargham O'Boyle
James M. Wodarski (*Admitted Pro Hac Vice*)
Daniel B. Weinger (*Admitted Pro Hac Vice*)
Andrew H. DeVoogd (*Admitted Pro Hac Vice*)
Nicholas W. Armington (*Admitted Pro Hac Vice*)

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................ 1
I. INTRODUCTION ........................................................................................................... 1
II. ROADRUNNER'S BARE-BONES COMPLAINT .......................................................... 1
    A. RoadRunner Fails to Adequately Describe its Purported Trade Secrets ..................... 1
    B. The Compology Terms and Conditions Concerning Ownership of Images Generated by Compology Devices ....................................................................................... 3
III. LEGAL STANDARD ..................................................................................................... 4
    A. Rule 12(b)(6) Requires More than Conclusory Allegations Like RoadRunner's ........ 4
    B. Alleged Trade Secrets Must Be Identified and Described with Particularity ............. 4
IV. ARGUMENT .................................................................................................................. 5
    A. Dismissal is required because Plaintiff Does Not Sufficiently Describe the alleged "Waste and Recycling Metering Confidential Information .......................................... 6
    B. RecycleSmart Owns the "Images" Referenced in the Amended Complaint, and thus Cannot have Misappropriated Them ............................................................................ 9
V. CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alta Devices, Inc. v. LG Elecs., Inc.*,
    343 F. Supp. 3d 868 (N.D. Cal. 2018) ....................................................................................... 4

*Altavion, Inc. v. Konica Minolta Sys. Lab., Inc.*,
    226 Cal. App. 4th 26 (2014) ...................................................................................................... 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................... 4

*Carl Zeiss Meditec v. Topcon Med. Sys.*,
    Case No. 19-4162 SBA 2019 WL 11499334 (N.D. Cal. Nov. 13, 2019) ........................ 1, 4, 5, 7

*Celebrity Attractions, Inc. v. Okla. City Pub. Prop. Auth.*,
    660 Fed. Appx. 600 (10th Cir. 2016) ....................................................................................... 10

*Chicago Lock Co. v. Fanberg*,
    676 F.2d 400 (9th Cir. 1982) ..................................................................................................... 8

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1152 (9th Cir. 2012) ................................................................................................... 3

*Diodes, Inc. v. Franzen*,
    260 Cal. App. 2d 244 (1968) ..................................................................................................... 5

*Gregoire Alexandre Gentil v. Wingfield GmbH*,
    2021 WL 4979427 (N.D.Cal. March 2, 2021) ........................................................................... 8

*Imax Corp. v. Cinema Techs., Inc.*,
    152 F.3d 1161 (9th Cir. 1998) ................................................................................................... 4

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ................................................................................................... 4

*IT Casino Sols., LLC v. Transient Path, LLC*,
    Case No. 21-cv-09872-WHO, 2022 WL 4913526 (N.D. Cal. Oct. 3, 2022) ............................. 4

*Maharis v. Omaha Vaccine Co.*,
    967 F.2d 588 (9th Cir. June 16, 1992) .................................................................................... 11

*Stemcell Techs. Can. Inc. v. Stemexpress, LLC*,
    Case No. 21-cv-01594-VC, 2021 WL 5349106 (N.D. Cal. Nov. 17, 2021) .................. 5, 7, 8, 9

*Synopsys, Inc. v. Atoptech, Inc.*,
    Case No. C 13-2965 SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) .......................5, 6, 7, 9

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ............................................................................................3

*Usher v. City of Los Angeles*,
    828 F.2d 556 (9th Cir. 1987) ............................................................................................4

*Vendavo, Inc. v. Price*,
    No. 17-cv-06930-RS, 2018 WL 1456697 (N.D. Cal. Mar. 23, 2018) ...............................5, 6, 7

*Vista Int'l Ins. Brokers v. Bernstein*,
    No. BC404320, 2015 WL 1383099 (Cal. Ct. App. Mar. 24, 2015)..........................................10

**Statutes**

78 Okla. Stat. Ann. § 86................................................................................................................10

18 U.S.C. § 1839 ..........................................................................................................................10

Cal. Civ. Code § 3426.1................................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 12......................................................................................................................1, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Recycle Track Systems, Inc. ("RTS") and RecycleSmart Solutions, Inc. ("RecycleSmart") move for dismissal of Plaintiff RoadRunner Recycling, Inc.'s ("RoadRunner") claims for trade secret misappropriation (the First and Second Causes of Action of the Amended Complaint).

## I. INTRODUCTION

The trade secret allegations in RoadRunner's Amended Complaint (Dkt. No. 15) are vague and nondescript. This is a classic circumstance where dismissal is required. Federal and California law both require that RoadRunner, at a minimum, describe its alleged trade secrets "with sufficient particularity to separate [them] from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade[.]". *Carl Zeiss Meditec*, 2019 WL 11499334 at *3 (discussing the requirements of trade secret misappropriation under both California and Federal law). Instead of complying with this straightforward requirement, RoadRunner identified its alleged trade secrets using sweeping catch-all phrases such as "Waste and Recycling Metering Confidential Information" and "AI system." Such broad and non-specific descriptions of allegedly misappropriated trade secrets cannot survive the pleading stage. To the extent RoadRunner identified anything at all, the images and information derived from images taken from Compology sensors, it identified information that is wholly owned by RecycleSmart. RecycleSmart cannot misappropriate what it already owns. The Court should dismiss RoadRunner's first two causes of action for trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA") and the Defend Trade Secrets Act ("DTSA") for failure to state a claim.

## II. ROADRUNNER'S BARE-BONES COMPLAINT

### A. RoadRunner Fails to Adequately Describe its Purported Trade Secrets

RoadRunner's CUTSA and DTSA claims allege that RecycleSmart misappropriated "Waste and Recycling Metering Confidential Information." The Amended Complaint does not identify with particularity any trade secrets that could allegedly be found within that expansive definition. Instead, RoadRunner broadly states that this includes *anything* falling within the definition of "Confidential

Information" in the "Compology Terms and Conditions"—a contract between Compology and RecycleSmart. Amend. Compl. at ¶¶ 18, 38. The Amended Complaint further vaguely alleges that "RoadRunner's Waste and Recycling Metering Confidential Information *includes* trade secrets," but does not identify any such trade secrets beyond explaining that they *may be included* in some of RoadRunner's alleged confidential information. *Id.* at ¶¶ 38-39 (emphasis added). This leaves for speculation what information RoadRunner *may* consider its trade secrets. The balance of the Amended Complaint provides no more clarity.

Specifically, RoadRunner claims little more than that Compology developed a "proprietary waste and recycling metering technology powered by smart cameras and artificial intelligence." Amend. Compl. at ¶ 15. RoadRunner's additional description of its alleged trade secret technology in the Amended Complaint simply states broad and general descriptions of a camera system—admittedly including publicly available components—and an "AI system." Amend. Compl. at ¶¶ 15-16. RoadRunner alleges that its trade secrets include "smart cameras (and accompanying physical hardware) composed of **both commercially available** and proprietary, non-commercially available electronic components." Amend. Compl. at ¶ 15 (emphasis added). The unspecified "arrangement and configuration" of these publicly and non-publicly available components are allegedly a "closely held" trade secret. *Id.* at ¶ 16. Roadrunner further alleges that an amorphous "AI" system is somehow involved, and that the AI system "utilizes physical electronic components, network technology, and software/firmware to provide its unique and confidential waste recycling metering technology." *Id.* at ¶ 16. Additionally, RoadRunner alleges that the accused Pello sensor has a "printed circuit board assembly ('PCBA')" that utilizes "substantially the same" components as RoadRunner's publicly-distributed sensors that allegedly include (i) a microcontroller, (ii) a RAM integrated circuit, and (iii) a camera lens and flash, and also a housing and a battery pack. These allegedly trade secret-protected components comprise a basic camera sensor with components sufficient to enable image capture. *See id.* at ¶ 31.

### B. The Compology Terms and Conditions Concerning Ownership of Images Generated by Compology Devices

The Compology Terms and Conditions that govern the 2020 order form assign to RecycleSmart the ownership of images generated through the operation of Compology devices deployed in RecycleSmart receptacles, along with data derived from those images, and *not* to Compology or Roadrunner. Exhibit A at 3 ("By executing this Order Form Customer agrees to Compology's Terms and Conditions…"). Specifically, the Compology Terms and Conditions provide that "Customer owns all rights and title to any Device Data and Derivative Data." Exhibit B[1] at § 5.2. The agreement defines "Customer" as RecycleSmart. Device Data and Derivative Data are defined in turn as follows:

> "Device Data" means any data collected by Compology through the operation of a Device, including, but not limited to, data relating to GPS location, container movement, **and images**.

*See* Exhibit B at § 1.9 (emphasis added).

> "Derivative Data" means **any information or data resulting from the manipulation, processing or analysis of Device Data** based upon the operation of the Software, which processing may involve associated databases, algorithms, external data, calculations and other processes, methods or tools.

*See* Exhibit B at § 1.7 (emphasis added).

RecycleSmart owns any images taken by a Compology device as "Device Data." Exhibit B at §§ 1.9, 5.2. Additionally, RecycleSmart owns any data created in the process of manipulating, processing or analyzing those images because this is "Derivative Data." Exhibit B at §§ 1.7, 5.2.

---

[1] RoadRunner failed to submit the relevant order form along with the terms and conditions, i.e., the operative contract, along with the Amended Complaint, despite citing heavily to it. RecycleSmart is entitled to submit the entire document for the Court's consideration for this Motion. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012) (noting the court's discretion to consider extrinsic evidence to the complaint at the motion to dismiss stage); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). As noted in *Ritchie*, here the Amended Complaint both heavily cites the contract between Compology and RecycleSmart, and the contract forms the basis of RoadRunner's complaint. *Ritchie*, 342 F.3d at 908. Defendants hereby provide the order form as Exhibit A and the Compology Terms and Conditions as Exhibit B.

## III. LEGAL STANDARD

### A. Rule 12(b)(6) Requires More than Conclusory Allegations Like RoadRunner's

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *IT Casino Sols., LLC v. Transient Path, LLC*, Case No. 21-cv-09872-WHO, 2022 WL 4913526, at *1 (N.D. Cal. Oct. 3, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged," and there must be "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege facts sufficient to "raise a right to relief above the speculative level" and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

"In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts her allegations as true and draws all reasonable inferences in her favor." *IT Casino Sols*, 2022 WL 4913526, at *2 (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). "However, the court is not required to accept as true 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Id*. (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).

### B. Alleged Trade Secrets Must Be Identified and Described with Particularity

A plaintiff seeking relief for misappropriation of trade secrets under the CUTSA and DTSA "must identify the trade secrets and carry the burden of showing that they exist." *Carl Zeiss Meditec v. Topcon Med. Sys.*, Case No. 19-4162 SBA, 2019 2019 WL 11499334, at *3 (N.D. Cal. Nov. 13, 2019) (quoting *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998)); *see also Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018) (noting that the elements under DTSA and CUTSA are essentially the same). A complaint need not spell out the details of the trade secret, but "to survive a motion to dismiss, the trade secret must be described with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade[.]" *Carl Zeiss Meditec*, 2019 2019 WL

11499334, at *3 (quoting *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 252 (1968); *Altavion, Inc. v. Konica Minolta Sys. Lab., Inc.*, 226 Cal. App. 4th 26, 43-44 (2014)) (internal quotations omitted). It must "permit the defendant to ascertain at least the boundaries within which the secret lies." *Id*.

A plaintiff's description of allegedly misappropriated trade secrets is deficient where "there is no way to discern which practices constitute trade secrets and which are commonplace." *Stemcell Techs. Can. Inc. v. Stemexpress, LLC*, Case No. 21-cv-01594-VC, 2021 WL 5349106, at *2 (N.D. Cal. Nov. 17, 2021); *see also Synopsys, Inc. v. Atoptech, Inc.*, Case No. C 13-2965 SC, 2013 WL 5770542, at *6-7 (N.D. Cal. Oct. 24, 2013) ("Plaintiff's complaint is too sweeping and vague for Defendant to be on notice of what trade secrets are at issue and where the boundary between those secrets and general knowledge might lie."); *Vendavo, Inc. v. Price f(x) AG*, Case No. 17-cv-06930-RS, 2018 WL 1456697, at *4-5 (N.D. Cal. Mar. 23, 2018) (plaintiff "has set out its purported trade secrets in broad, categorical terms, more descriptive of the types of information that generally may qualify as protectable trade secrets than as any kind of listing of particular trade secrets [plaintiff] has a basis to believe actually were misappropriated here. . . . Here, the complaint's conclusory and generalized allegations are insufficient.").

## IV. ARGUMENT

RoadRunner's trade secret descriptions are non-specific, generalized, and vague. As such, the pleading is legally insufficient to assert a viable trade secret claim. RoadRunner was required to identify its allegedly misappropriated trade secrets with sufficient particularity to enable RecycleSmart and the Court to discern what RoadRunner claims as a trade secret. RoadRunner failed to do so, relying instead on amorphous allegations of "proprietary waste and recycling metering technology," which uses basic cameras (that are undisputedly publicly available and known) and an undescribed "AI system." The only concrete example provided by RoadRunner of allegedly protected materials were the images taken by Compology sensors; images that RecycleSmart owns entirely and cannot therefore give rise to a trade secret claim.

**A.    Dismissal is required because Plaintiff Does Not Sufficiently Describe the alleged "Waste and Recycling Metering Confidential Information**

The Amended Complaint provides no description of what constitutes RoadRunner's alleged "Waste and Recycling Metering Confidential Information." Roadrunner's does nothing more than generally allege that the "Waste and Recycling Metering Confidential Information" is anything within the, equally unspecified, "Confidential Information," as defined in the Compology Terms and Conditions, "relating to RoadRunner's waste and recycling metering technology." Amend. Compl. at ¶¶ 38, 18. That tautological statement does nothing to allow RecycleSmart to understand anything about the nature of the trade secret claims. The definition of Confidential Information in the operative contract is broad, and includes any of the following categories of information:

> [A] Party's non-public business, financial, technical, legal and personnel information, and includes, for example, product designs and data, source code, trade secrets, pricing, customer and supplier lists, network structure and addresses, designs, technical specifications, business plans, these Terms and any other non-public data whether written, verbal or visual, connected to or related to the business and affairs of a Party or any of its affiliates.

*Id*. at ¶ 20.

RoadRunner's simple allegation of "Waste and Recycling Metering Confidential Information" is therefore not tethered to anything concrete, and does not and cannot satisfy the required particularity threshold. For example, in *Vendavo, Inc.*, 2018 WL 1456697, at *4-5, the court dismissed trade secret misappropriation claims with a similarly expansive—and thus deficient— description of the purported trade secrets. There, the plaintiff described its alleged trade secrets "in broad, categorical terms, more descriptive of the types of information that generally *may* qualify as protectable trade secrets than as any kind of listing of particular trade secrets." *Id.* at *4. The plaintiff alleged that the following categories of its information qualified as trade secrets:

> its source code, customer lists and customer related information, pricing information, vendor lists and related information, marketing plans and strategic business development initiatives, 'negative knowhow' learned through the course of research and development, and other information related to the development of its price-optimization software, including ideas and plans for product enhancements.

*Vendavo*, 2018 WL 1456697, at *3. The court found that such broad, categorical descriptions of wide swaths of information that "may" qualify as trade secrets were insufficient to satisfy plaintiff's obligation to adequately describe the allegedly misappropriated trade secrets. *Id*. at *9-10.

Like in *Vendavo*, RoadRunner, here, describes its trade secrets as unidentified information potentially included in the general categories of business and technical information within the broad contractual definition of Confidential Information in the Compology Terms and Conditions. Amend. Compl. at ¶ 20; *see Vendavo*, 2018 WL 1456697, at *6. Such a non-specific description of alleged trade secrets is facially inadequate and must be dismissed. *See Stemcell Techs. Can. Inc. v. Stemexpress, LLC*, Case No. 21-cv-01594-VC, 2021 WL 5349106, at *1 (N.D. Cal. Nov. 17, 2021) (dismissing trade secret claims because plaintiff's "descriptions of the allegedly misappropriated trade secrets are over broad" and there was "no way to discern which practices constitute trade secrets and which are commonplace"); *see also Synopsys, Inc. v. Atoptech, Inc.*, Case No. C 13-2965 SC, 2013 WL 5770542, at *6-7 (N.D. Cal. Oct. 24, 2013) (same, because it was "impossible for the Court, let alone Defendant, to determine where trade secret protection begins and ends as to any of this material . . . . Plaintiff's complaint is too sweeping and vague for Defendant to be on notice of what trade secrets are at issue and where the boundary between those secrets and general knowledge might lie."); *Carl Zeiss Meditec*, 2019 WL 11499334 236339, at *3 (dismissing trade secret claim where plaintiff "ha[d] not adequately discharged its obligation at the pleading stage to describe the trade secret information at issue," and where plaintiff did "little more than set forth the purported trade secrets in broad, categorical terms that are more descriptive of the types of information that generally may qualify as protectable trade secrets than as any kind of listing of particular trade secrets.") (internal quotations and citations omitted).

RoadRunner's attempt to allege trade secrets concerning camera and AI system similarly fails to meet the pleading threshold. The Amended Complaint does nothing more than identify a camera "system," which incorporates commercially available components, and which operates with some manner of "AI system." Amend. Compl. at ¶¶ 17-18. Nothing even comes close to alleging an actual, specific trade secret. The Amended Complaint leaves RecycleSmart and this Court to speculate what

of RoadRunner's alleged system is public and commercially available and what, if anything at all, is a purported trade secret.[2] For example, the fact that a camera is incorporated into RoadRunner's system is not a trade secret: that fact would be immediately clear to anyone disposing of garbage in a receptacle utilizing a RoadRunner device. It is also publicly disclosed in RoadRunner's Amended Complaint. RoadRunner even depicts and describes some of the allegedly protected "arrangement and configuration" of components, including a camera, on its public-facing website, disclosing this information to everyone on the Internet:

**EYES IN EVERY CONTAINER**

AI-powered dumpster monitoring cameras automatically monitor and detect fullness, content, location and service activity, so we know what's happening at every dumpster. With over 150M data points and growing, our Artificial Intelligence is unrivaled.

- Wide angle, flash-enabled camera captures in-dumpster images throughout the day and night
- GPS provides location lock
- Tilt sensor captures service events
- Grime-resistant lens nanocoating keeps the camera clean
- Cell-network enabled to work anywhere

*See* https://www.roadrunnerwm.com/technology/waste-metering (visited Nov. 7, 2023). Thus the camera itself cannot be the trade secret. But RoadRunner has left RecycleSmart and this Court to otherwise divine what the trade secrets are.

Courts have regularly rejected pleadings like RoadRunner's that describe allegedly misappropriated trade secrets in such broad and vague manners. For example, in *Stemcell Techs. Co. Inc. v. Stemexpress, LLC*, the court found the trade secret misappropriation claims insufficiently pleaded where plaintiffs merely alleged defendant's "had access to confidential information across

---

[2] To the extent RoadRunner is alleging, and it is not entirely clear as already explained, that RoadRunner owns a trade secret on the physical arrangement of components in a Compology Device and that RecycleSmart reverse engineered it, this allegation also is futile. This is because ***even if*** RecycleSmart had reversed engineered the Compology Devices as alleged by RoadRunner (Amend. Compl. at ¶¶ 29, 42, 53), which RecycleSmart did not do, reverse engineering a device one is in lawful possession of cannot be trade secret misappropriation. *Gregoire Alexandre Gentil v. Wingfield GmbH*, 2021 WL 4979427, *6-7 (N.D.Cal. March 2, 2021) (citing *Chicago Lock Co. v. Fanberg*, 676 F.2d 400, 405 (9th Cir. 1982) (reverse engineering of a lock "is an example of the independent invention and reverse engineering [that is] expressly allowed by trade secret doctrine.")). More to the point, that which has been released into the public, such as the physical arrangement of components in a Compology sensor, cannot enjoy trade secret protection. *Id.* at *5 ("Selling the device is a form of public disclosure: if an alleged 'trade secret' is fully disclosed by the products produced ... then the right to protection is lost." (internal quotation omitted)).

many broad categories and then used that information to mimic [plaintiff's] business," and that the "over-inclusive list includes much information that cannot plausibly be deemed confidential." 2021 WL 5349106 at *1-2 ("StemExpress's descriptions of the allegedly misappropriated trade secrets are over broad; there is no way to discern which practices constitute trade secrets and which are commonplace.").

The court in *Synopsys, Inc. v. Atoptech, Inc.*, also reached a similar conclusion:

> [I]t is impossible for the Court, let alone Defendant, to determine where trade secret protection begins and ends as to any of this material (e.g., non-redacted portions of public documents, open-source code, and so forth). Plaintiff's complaint is too sweeping and vague for Defendant to be on notice of what trade secrets are at issue and where the boundary between those secrets and general knowledge might lie.

2013 WL 5770542, at *6-7.

The same is true here. RoadRunner alleges a camera system, certain components of which are available for public view and also admittedly commercially available and where the remainder of RoadRunner's descriptions of its alleged trade secret information consists of exceedingly broad categories of information and a nebulous "AI system." The "sweeping and vague" descriptions of alleged trade secrets, which lack any clear description of where the public information ends and alleged trade secrets begin, fail to meet the sufficient particularity standard. *See id*. The Court should dismiss RoadRunner's trade secret claims.

**B. RecycleSmart Owns the "Images" Referenced in the Amended Complaint, and thus Cannot have Misappropriated Them**

RoadRunner's Amended Complaint appears, incorrectly, to allege that RecycleSmart's alleged use of so called "proprietary images," "tagged images," or "labeled and tagged images" constitutes misappropriation of RoadRunner's trade secret information. *See* Amend. Compl. at ¶¶ 22, 26, 32. By the explicit terms of the Compology Terms and Conditions, *RecycleSmart* alone owns any such images, and any data derived from those images, not Compology or RoadRunner.

The Compology Terms and Conditions provide that "Customer [i.e., RecycleSmart] owns all rights and title to any Device Data and Derivative Data." § 5.2. The contract defines "Device Data" to include the images taken with Compology cameras: "'Device Data' means any data collected by

Compology through the operation of a Device, including, but not limited to, data relating to GPS location, container movement, and **images**." § 1.9 (emphasis added). The contract further defines Derivative Data to include the result of "manipulation, processing or analysis of Device Data."[3] As a result, any "tagging" or "labelling" of images and data captured by the Compology sensors installed in RecycleSmart receptacles constitutes "Derivative Data" under the Compology Terms and Conditions. Accordingly, RecycleSmart is the sole and exclusive owner of any images and data captured by the Compology sensors installed in RecycleSmart receptacles, including those manipulated, processed, or analyzed in any way.

As a matter of law and logic, because RecycleSmart alone owns the images and data created using Compology Devices, RecycleSmart cannot have misappropriated them. In *Vista Int'l Ins. Brokers v. Bernstein*, the California Court of Appeals recognized this truism in affirming the lower court's rejection of a plaintiff's misappropriation claims:

> [The Superior Court] concluded that [plaintiff] was 'not likely to prevail in proving that defendant Bernstein misappropriated any trade secret.' Misappropriation inherently requires that the defendant improperly acquire, disclose, or use a trade secret **that is owned by <u>another</u> person**. Here, the contract indicated that [defendant] was the full owner of some client accounts and partial owner of other accounts. **[Defendant] cannot misappropriate a list of clients that she owns.**

Super. Ct. No. BC404320, 2015 WL 1383099 at *6 (Cal. Ct. App. Mar. 24, 2015) (internal citations omitted and emphasis added) (unpublished); *see also Celebrity Attractions, Inc. v. Okla. City Pub. Prop. Auth.*, 660 Fed. Appx. 600, 606-607 (10th Cir. 2016) (finding that defendant could not have misappropriated certain customer information that plaintiff alleged were trade secrets because, per the controlling agreement between the parties, defendant owned the customer information at issue, and "[a]s an owner, **[defendant] can't be liable for utilizing information it owns**.") (emphasis added) (citing 78 Okla. Stat. Ann. § 86(2) (defining misappropriation as the acquisition, disclosure, or use 'of a trade secret of another'); compare with 18 U.S.C. § 1839(5) (defining misappropriation as "acquisition of a trade secret of another…"), and Cal. Civ. Code § 3426.1(b)(1) (defining

---

[3] "Device" is defined as "the **cameras**, GPS trackers, bluetooth beacons, **sensors**, peripheral electronics and firmware offered by Compology along with any enhancements, replacements, updates, upgrades and new versions that Compology makes available." Ex. B at ¶ 1.8 (emphases added).

misappropriation as "[a]cquisition of a trade secret of another…")); *cf. Maharis v. Omaha Vaccine Co.*, 967 F.2d 588, 1992 WL 133117 at *4 (9th Cir. June 16, 1992) (finding that defendant's argument that it cannot be held liable for misappropriating its own customer list "inapposite," because defendant did not actually own the customer list). The Amended Complaint's allegations of "images" serving as the basis for plaintiff's trade secrets claims must also, therefore, fail. Dismissal is warranted.

## V. CONCLUSION

For these reasons, RTS and RecycleSmart respectfully request that RoadRunner's claims for trade secret misappropriation, the First and Second Causes of Action of the Amended Complaint, be dismissed with prejudice.

Dated: November 8, 2023

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.

*/s/ Daniel B. Weinger*
Arameh Zargham O'Boyle
James M. Wodarski (*Admitted Pro Hac Vice*)
Daniel B. Weinger (*Admitted Pro Hac Vice*)
Andrew H. DeVoogd (*Admitted Pro Hac Vice*)
Nicholas W. Armington (*Admitted Pro Hac Vice*)

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.