JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
sgibson@jmbm.com
JAMES M. NEUDECKER (Bar No. 221657)
jneudecker@jmbm.com
2 Embarcadero Center, Fifth Floor
San Francisco, CA 94111
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
jmellema@jmbm.com
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:    (949) 623-7200
Facsimile:    (949) 623-7202

Attorneys for Plaintiff ROADRUNNER
RECYLING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **PLAINTIFF ROADRUNNER RECYCLING, INC.'S OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 1 AND 2 [OF THE] AMENDED COMPLAINT** <br><br> Date:      December 19, 2023 <br> Time:      9:30 a.m. <br> Location:  450 Golden Gate Avenue <br>            Courtroom 12 – 19th Floor <br>            San Francisco, CA 94102 <br> Judge:     Hon. William Alsup <br><br> Complaint Filed:  August 4, 2023 <br> Trial Date:       Not Yet Set |

# TABLE OF CONTENTS

| | Page |
|---|---:|
| I. INTRODUCTION | 5 |
| II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND | 6 |
|     A. RoadRunner Files its First Amended Complaint | 6 |
|     B. RoadRunner Alleges the Identity and Nature of its Trade Secrets in Detail | 6 |
| III. ARGUMENT | 8 |
|     A. Legal Standards | 8 |
|         1. Rule 12(b)(6) Motion Standard | 8 |
|         2. Trade Secret Misappropriation Pleading Standard | 8 |
|     B. RoadRunner's Allegations Satisfy the Applicable Pleading Standards | 9 |
|         1. RoadRunner's Allegations Describing its Trade Secrets are More than Sufficient to Satisfy the Pleading Standards when Compared with this District's Cases Involving Sparser Allegations | 10 |
|         2. Defendants' Cited Cases are Distinguishable and Actually Support the Inference that RoadRunner's Allegations are Sufficient to Meet the Pleading Standards | 12 |
|     C. RoadRunner's Technology is Confidential and Not Publicly Available | 15 |
|     D. RoadRunner Need Not Distinguish Allegations of the Identity of its Trade Secrets from the Larger Body of Confidential Information | 16 |
|     E. Defendants Misappropriated RecycleSmart's Confidential *Preexisting* Database of Labeled and Tagged Images | 17 |
| IV. ROADRUNNER CAN AMEND ITS COMPLAINT TO ADD ADDITIONAL TRADE SECRET DESCRIPTION | 17 |
| V. CONCLUSION | 18 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alta Devices, Inc. v. LG Elecs., Inc.*,
  343 F. Supp. 3d 868 (N.D. Cal. 2018) ................................................................ 8, 9, 10, 11,12

*Autodesk, Inc. v. ZWCAD Software Co.*,
  2015 WL 2265479 (N.D. Cal. May 13, 2015) ................................................................ 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 570 (2007) ................................................................ 8

*Beluca Ventures LLC v. Einride Aktiebolag*,
  2023 WL 2456716 (N.D. Cal. Mar. 10, 2023) ................................................................ 8

*By-Buk Co. v. Printed Cellophane Tape Co.*,
  163 Cal. App. 2d 157 (1958) ................................................................ 15

*Carl Zeiss Meditec, Inc. v. Topcon Med. Sys., Inc.*,
  2019 WL 11499334 (N.D. Cal. Nov. 13, 2019) ................................................................ 12, 18

*Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*,
  911 F.2d 242, 247 (9th Cir. 1990) ................................................................ 8

*MBS Eng'g Inc., et al. v. Black Hemp Box, LLC*,
  2021 WL 2458370 (N.D. Cal. June 16, 2021) ................................................................ 9, 10

*Navigation Holdings, LLC v. Molavi*,
  445 F. Supp. 3d 69, 75-76 (N.D. Cal. 2020) ................................................................ 16, 17

*Parks Sch. of Bus. v. Symington,*
  51 F.3d 1480 (9th Cir. 1995) ................................................................ 8

*Salesforce.com, Inc. v. GEA, Inc.*,
  2021 WL 9860787 (N.D. Cal. Feb. 2, 2021) ................................................................ 9, 10

*San Jose Construction, Inc. v. S.B.C.C., Inc.*,
  155 Cal. App. 4th 1528 (2007) ................................................................ 15

*Space Data Corp. v. X*,
  2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) ................................................................ 18

*Stemcell Techs. Can. Inc. v. Stemexpress, LLC*,
  2021 WL 5349106 (N.D. Cal. Nov. 17, 2021) ................................................................ 13, 14, 18

*Stemcell Techs. Can. Inc. v. StemExpress, LLC*,
  2022 WL 509673 (N.D. Cal. Feb. 21, 2022) ................................................................ 13

*Synopsis, Inc. v. Atoptech, Inc.*,
　2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) .................................................................. 13, 14

*TMX Funding, Inc. v. Impero Techs., Inc.*,
　2010 WL 2509979 (N.D. Cal. June 17, 2010) ....................................................................... 11

*VasoNova Inc. v. Grunwald*,
　2012 WL 4119970 (N.D. Cal. Sept. 18, 2012) ................................................................... 8, 11

*Vendavo, Inc. v. Price f(x) AG*,
　2018 WL 1456697 (N.D. Cal. Mar. 23, 2018) .......................................................... 8, 9, 11, 13

*Way.com, Inc. v. Singh*,
　2018 WL 6704464 (N.D. Cal. Dec. 20, 2018) ........................................................................ 9

*Winston Research Corp. v. 3M*,
　350 F.2d 134 (9th Cir. 1965) ................................................................................................ 15

**Statutes**

California Uniform Trade Secrets Act ............................................................................... 6,9,18

Cal. Civ. Code § 3246.1(d) ..................................................................................................... 15

Defend Trade Secrets Act ................................................................................................. 6,9,18

**Other Authorities**

Fed. R. Civ. P. Rule 9 ................................................................................................................ 8

Fed. R. Civ. P. Rule 8 ................................................................................................................ 9

Fed. R. Civ. P. Rule 12(b)(6) ........................................................................................... 5, 8, 18

1 Milgrim on Trade Secrets § 1.01 (2020) ............................................................................. 15

## I. **INTRODUCTION**

In rote fashion, defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc. ("Defendants") claim they cannot sufficiently make out the identity of plaintiff RoadRunner Recycling, Inc.'s ("RoadRunner's") trade secrets, and move to dismiss RoadRunner's trade secret claims on that ground. In so doing, Defendants ignore entire swaths of RoadRunner's allegations and offer this Court self-serving snippets from RoadRunner's complaint to make RoadRunner's allegations appear sparse and general. They are not.

RoadRunner's allegations are sufficiently detailed to describe the identity and nature of its trade secrets and place Defendants on notice for purposes of a Rule 12(b)(6) challenge. As set forth herein, RoadRunner identified its proprietary smart cameras and accompanying hardware, its proprietary AI system for monitoring fill levels of waste bins, its proprietary and preexisting database of labeled and tagged images, and the proprietary combination of the physical electronic components, network technology, and software/firmware, as trade secrets. The case law supports the conclusion that RoadRunner's allegations sufficiently describe its trade secrets; cases *approving* complaints contained trade secret descriptions *at least as detailed* as RoadRunner's allegations, while those *dismissing* complaints contained descriptions *much less detailed* than those in RoadRunner's complaint.

Defendants' feigned confusion is also misplaced. RoadRunner's trade secrets were delivered to Defendants under a binding confidentiality and restriction-on-use agreement, and Defendants cannot claim they do not know what was delivered. Further, despite Defendants' arguments to the contrary, RoadRunner does not need to parse out its trade secrets from a larger body of confidential information provided to Defendants in order to satisfy pleading requirements. Finally, Defendants' argument that they own RoadRunner's labeled and tagged images and cannot misappropriate them is incorrect; RoadRunner alleged that Defendants misappropriated *RoadRunner's* preexisting database of labeled and tagged images in combination with *Defendants'* Pello cameras to develop an AI model.

Accordingly, Defendants' motion to dismiss RoadRunner's trade secret misappropriation claims should be denied in its entirety. If the Court determines otherwise, RoadRunner can, and

71766983

5

Plaintiff's Opposition to Defendants' Motion to Dismiss Counts 1 and 2 [of the] Amended Complaint

will, amend its complaint to provide additional description of its trade secrets.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.     RoadRunner Files its First Amended Complaint

On August 4, 2023, RoadRunner filed its Complaint in the California Superior Court of San Francisco, including causes of action for trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA") and breach of contract. *See* Dkt. 1, Ex. A. On September 19, 2023, Defendants filed a Notice of Removal. Dkt. 1. On October 4, 2023, RoadRunner filed a First Amended Complaint ("FAC"). Dkt. 15. The FAC amended the original Complaint by adding a Defend Trade Secrets Act ("DTSA") cause of action and removing named defendant Pello. Dkt. 15. The case was reassigned to this Court on October 5, 2023. Dkt. 19.

### B.     RoadRunner Alleges the Identity and Nature of its Trade Secrets in Detail

The FAC alleges substantial detail concerning the identity and nature of RoadRunner's trade secrets as well as Defendants' access to and misappropriation of those trade secrets. *See* Dkt. 15. In paragraphs 15-33 of the FAC, RoadRunner did more than simply recite general categories of information traditionally recognized as trade secrets. RoadRunner identified specific elements of its confidential and proprietary system by alleging that "Compology developed *confidential and proprietary waste and recycling metering technology* powered by *smart cameras and artificial intelligence* ('AI')." *Id*., ¶ 15 (emphasis added). RoadRunner provided specific detail as follows in the section titled "Compology Develops Proprietary Technology":

> Compology's confidential technology includes *smart cameras (and accompanying physical hardware)* composed of both *commercially available and proprietary, non-commercially available electronic components*. The *arrangement and configuration of these components* to facilitate waste and recycling metering technology is a closely held trade secret and is not made available to members of the public. Compology developed an *AI system configured to operate with the smart cameras at specified locations in waste bins in order to monitor fill levels of the waste bins*, among other things, to provide an efficient, economical, and cost-saving platform for waste and recycling companies. Compology developed its AI system specifically for use with its confidential smart camera technology using years' worth of machine learning data to train models for use in monitoring the fill level of waste and recycling bins. This AI system thus utilizes *physical electronic components, network technology, and software/firmware* to provide its unique and confidential waste recycling metering technology. [*Id*, ¶ 16, emphasis added]

Thus, RoadRunner identified its proprietary smart cameras and accompanying hardware,

its proprietary AI system for monitoring fill levels of waste bins, and the proprietary combination of the physical electronic components, network technology, and software/firmware, as trade secrets. RoadRunner included a description of the physical components when comparing with Defendants' Pello camera and related hardware, as follows:

> the Pello camera printed circuit board assembly ("PCBA") utilizes virtually the same electronic components, including substantially the same *microcontroller, external RAM* integrated circuit ("IC"), *wide field-of-view camera lens, camera flash PCBA, camera injection molded parts*, "double-shot" *rear housing* with TPE overmolding, *battery pack*, shape, color, and materials of the *camera housing, recessed sensors* for debris shedding, and *identical camera flash PCBA cutouts and mounting*. [*Id.*, ¶ 31, emphasis added]

RoadRunner's complaint included a description of the aforementioned network technology and software/firmware when it alleged that "Compology provided RecycleSmart with access to *Compology's APIs* to ingest Compology's data into RecycleSmart's *software backend*" (*id.*, ¶ 24) and "Pello system operated identically to RoadRunner's *system for backhauling data*, using substantially the same *communication bands* as those used by RoadRunner's system" (*id.*, ¶ 30). RoadRunner further included detail regarding the combination of physical components, network technology, and software/firmware when it described its "*three-point mounting system* combined with a *trained AI model* using, on information and belief, RoadRunner's *database of labeled and tagged images*" as part of its "waste and recycling metering technology" as compared with the observed operation of Defendants' Pello system. *Id.*, ¶ 32 (emphasis added). As part of RoadRunner's trade secrets, therefore, RoadRunner identified its preexisting database of labeled and tagged images.

RoadRunner further alleged that it delivered the "System (including the Devices, the Software, and/or the combination thereof" to Defendants under the Terms, which required that these deliverables were to be kept confidential (*id.*, ¶¶ 18-21), and that Defendants had continuing access to "Compology's Confidential Information, including the System, proprietary images, data, and processes, and Compology's large database of labeled and tagged images," that "included Compology's proprietary and confidential waste and recycling metering technology" (*id.*, ¶ 22). RoadRunner alleged that these specified physical components, proprietary images, data, and processes, and database of labeled and tagged images were **_confidential_** and only available to third

parties, such as Defendants, under confidentiality protections and restrictions on use. *Id.*, ¶ 22.

RoadRunner alleged that Defendants wrongfully misappropriated, used, and disclosed RoadRunner's Confidential Information that included the waste and recycling metering technology as described in the FAC, and as articulated above.

## III. ARGUMENT

### A. Legal Standards

#### 1. Rule 12(b)(6) Motion Standard

"A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. All material allegations of the complaint are taken as true and considered in the light most favorable to the nonmoving party." *VasoNova Inc. v. Grunwald*, Case No. 12-cv-02422-WHA, 2012 WL 4119970, at *1 (N.D. Cal. Sept. 18, 2012) (citing *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995)). "While courts do not require 'heightened fact pleading of specifics,' a plaintiff must allege facts sufficient to 'raise a right to relief above the speculative level.'" *Beluca Ventures LLC v. Einride Aktiebolag*, Case No. 21-cv-06992-WHO, 2023 WL 2456716, at *3 (N.D. Cal. Mar. 10, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "should normally grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts." *VasoNova*, 2012 WL 4119970, at *2 (citing *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.,* 911 F.2d 242, 247 (9th Cir. 1990)).

#### 2. Trade Secret Misappropriation Pleading Standard

A plaintiff alleging trade secret misappropriation "must 'describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.'" *Alta Devices, Inc. v. LG Elecs., Inc.*, Case No. 18-CV-00404-LHK, 343 F. Supp. 3d 868, 881 (N.D. Cal. 2018) (quoting *Vendavo, Inc. v. Price f(x) AG*, Case No. 17-cv-06930-RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018)). The Northern District courts have distinguished this standard from FRCP Rule 9 pleading and CCP § 2019.210 disclosure standards. *See id.* at 882 (quoting *Vendavo*, 2018 WL 1456697, at *4 n.3)

("[FRCP] 9's heightened pleading standard does not apply to trade secrets cases," "Rule 8 does not have a particularity requirement, and" "[CCP] § 2019.210 [requiring a plaintiff to 'identify the trade secret with reasonable particularity'] has no place at the pleading stage."); *see also Vendavo*, 2018 WL 1456697, at *4 n.3 (Section 2019.210's reasonable particularity disclosure standard "does not create a pleading requirement even in state court"); *Salesforce.com, Inc. v. GEA, Inc.*, No. 19-CV-01710-JST, 2021 WL 9860787, at *7 (N.D. Cal. Feb. 2, 2021) (declining to apply Section 2019.210's "reasonable particularity" disclosure standard as pleading requirement).

"[The] plaintiff need not 'spell out the details of the trade secret.'" *Alta Devices*, 343 F. Supp. 3d at 881 (quoting *Autodesk, Inc. v. ZWCAD Software Co.*, Case No. 14-cv-01409-EJD, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015)). "[C]ourts are 'in general agreement that trade secrets need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported trade secrets.'" *Salesforce.com*, 2021 WL 9870787, at *7 (quoting *Autodesk*, 2015 WL 2265479, at *6); *MBS Eng'g Inc., et al. v. Black Hemp Box, LLC*, Case No. 20-cv-02825-JD, 2021 WL 2458370, at *1 (N.D. Cal. June 16, 2021) ("obvious tension between the right of public access to court proceedings and the 'secret' part of a trade secret"). The standard is the same for both the DTSA and the CUTSA. *See, e.g.*, *Way.com, Inc. v. Singh*, Case No. 18-CV-04819-WHO, 2018 WL 6704464, at *4 (N.D. Cal. Dec. 20, 2018).

### B. RoadRunner's Allegations Satisfy the Applicable Pleading Standards

RoadRunner's FAC included ample factual descriptions with sufficient particularity to place Defendants on notice of the identity of RoadRunner's trade secrets. RoadRunner identified the following as trade secrets (*see supra* II.B):

- "smart cameras (and accompanying physical hardware) composed of both commercially available and proprietary, non-commercially available electronic components" including the "arrangement and configuration of these components" and identifying the following components: "microcontroller, external RAM integrated circuit ("IC"), wide field-of-view camera lens, camera flash PCBA, camera injection molded parts, "double-shot" rear housing with TPE overmolding, battery pack, shape,

- color, and materials of the camera housing, recessed sensors for debris shedding, and identical camera flash PCBA cutouts and mounting"
- "AI system configured to operate with the smart cameras at specified locations in waste bins in order to monitor fill levels of the waste bins, among other things, to provide an efficient, economical, and cost-saving platform for waste and recycling companies" that was developed "specifically for use with its confidential smart camera technology using years' worth of machine learning data to train models for use in monitoring the fill level of waste and recycling bins" including "physical electronic components, network technology, and software/firmware to provide its unique and confidential waste recycling metering technology," describing the network technology as "Compology's APIs to ingest Compology's data into RecycleSmart's software backend" and "system for backhauling data" using specified "communication bands", and describing the combination as a "three-point mounting system combined with a trained AI model using . . . RoadRunner's database of labeled and tagged images"

These descriptions are sufficiently particular to permit Defendants to identify RoadRunner's trade secrets and separate them from matters of general knowledge (*see Alta Devices*, 343 F. Supp. 3d at 881) while avoiding public disclosure of the trade secrets (*see Salesforce.com*, 2021 WL 9870787, at *7). For these reasons alone the Court should deny Defendants' motion to dismiss in its entirety.

### 1. RoadRunner's Allegations Describing its Trade Secrets are More than Sufficient to Satisfy the Pleading Standards when Compared with this District's Cases Involving Sparser Allegations

Courts in this District have denied motions to dismiss involving much more sparse allegations than those at issue in the FAC. For example, in *MBS Eng'g*, the court found that the plaintiff's FAC met the pleading standards because "[i]t provide[d] concrete information about the design and development of plaintiffs' mobile hemp dryers as the subject matter of the trade secret, . . . describe[d] specific design features of the drivers [sic], and explain[ed] that they are 'derived from' confidential information . . . ." 2021 WL 2458370, at *1. The court concluded that "[t]hese statements are enough to put defendants on notice of the nature of the trade secrets at issue." *Id.*

71766983

10

Plaintiff's Opposition to Defendants' Motion to Dismiss Counts 1 and 2 [of the] Amended Complaint

The court rejected the defendants' argument that certain features were matters of general knowledge, finding "that [it] is a fact dispute that requires an evidentiary record well beyond the scope of a pleadings motion." *Id.*

As another example, in *Alta Devices*, the court found that the plaintiff "allege[d] its trade secrets with sufficient particularity such that [the defendant] can "ascertain at least the boundaries within which the secret lies." 343 F. Supp. 3d at 881 (quoting *Vendavo*, 2018 WL 1456697, at *4). There, the court found that allegations regarding "thin-film GaAs solar technology" and "[m]ethods of: high throughput thin-film deposition; epitaxial lift-off of the thin-film; and GaAs substrate maintenance and re-use" to be sufficiently detailed to satisfy the pleading standards. *Id.* The court also found that the NDA executed between the parties detailed the Confidential Information to be disclosed to the defendant, which it found important because "[the defendant] can hardly claim it is unable to determine what trade secrets [the plaintiff] gave [the defendant] in 2011 and 2012." *Id.* As described herein, RoadRunner alleged similar detail and, like the NDA at issue in *Alta Devices*, identified the confidential information that it disclosed to Defendants under the protection of the Terms.

Further, in *TMX Funding, Inc. v. Impero Techs., Inc.*, the plaintiff alleged nine broad categories of trade secrets, including "[i]ts software, source codes, data, formulas, and other technical information developed as proprietary and confidential products and services," which the court found "sufficient to permit Defendants at least to ascertain the boundaries within which the secrets lie." Case No. 10-cv-00202 JF, 2010 WL 2509979, at *3 (N.D. Cal. June 17, 2010). Still further, in *VasoNova*, 2012 WL 4119970, at *3, this Court found that allegations stating that information disclosed in published patent applications constituted the misappropriated trade secrets was sufficient at the pleading stage to avoid a motion to dismiss. *Id.* "This information includes, for example, 'the software and operation of the Sapiens TLS product' and implementation information such as the 'devices, algorithms, and processes useful for catheter guidance.'" *Id.*

Here, RoadRunner has alleged much more than the information found sufficient in these cases. *See supra* II.B. RoadRunner has alleged misappropriation of its trade secrets in its physical

devices, software/firmware, and database of labeled and tagged images with specific descriptions of components and features of each. RoadRunner did more than enough to separate what it alleged as trade secrets from the general knowledge of the subject matter because its trade secrets are proprietary combinations of physical designs, networking techniques, unique-to-it software/firmware, and specialized data it spent years collecting and developing. RoadRunner alleged specific design features of the physical devices, how the physical devices are integrated with software APIs and the AI trained model using the database of labeled and tagged images for use in monitoring the fill level of waste and recycling bins. Further, RoadRunner has alleged *delivery* of these items to Defendants under the confidentiality and restrictions-on-use provisions of the Terms. Defendants cannot feign ignorance that they do not understand what RoadRunner delivered in connection with the Terms.[1] *See, e.g., Alta Devices*, 343 F. Supp. 3d at 881 ("the Court agrees with [the plaintiff] that because [the plaintiff's] claims are based on the Confidential Information exchanged pursuant to the 2011 NDA, "[the defendant] can hardly claim it is unable to determine what trade secrets [the plaintiff] gave [the defendant] in 2011 and 2012.").

### 2. Defendants' Cited Cases are Distinguishable and Actually Support the Inference that RoadRunner's Allegations are Sufficient to Meet the Pleading Standards

Defendants' cited cases are inapposite. In *Carl Zeiss Meditec, Inc. v. Topcon Med. Sys., Inc.*, the court identified the specific allegations in the plaintiff's complaint that purportedly described its trade secrets. Case No. 19-cv-4162 SBA, 2019 WL 11499334, at *3-4 (N.D. Cal. Nov. 13, 2019). There, the plaintiff alleged that its trade secrets:

> include various types of information related to the development and commercialization of CZMI's ODx Products, including but not limited to, software, source code, data, formulas, specifications, drawings, workflows, screen shots, mockups, product road maps, requirements documents, application notes, and other information used for software development. In general, they consist of all the documents that are used by CZMI's team that are not generally known that contribute to the commercialization of CZMI's ODx Products. [*Id*.]

The allegations at issue in *Carl Zeiss* are entirely distinguishable from those in

---

[1] Notably, the Terms specify that the Devices delivered to Defendants "means the cameras, GPS trackers, bluetooth beacons, sensors, peripheral electronics and firmware offered by Compology." Declaration of Daniel B. Weinger, Dkt. 29-1 at 9.

71766983

12

Plaintiff's Opposition to Defendants' Motion to Dismiss Counts 1 and 2 [of the] Amended Complaint

RoadRunner's FAC. The court reasoned there that "[t]he pleadings only define the purported trade secrets as "various types of information" that are (a) "related to the development and commercialization of [the plaintiff's products]." *Id.* As described herein, RoadRunner's allegations do not identify the trade secrets as various types of information; rather, they set forth, in detail, specific physical components and functional operation of RoadRunner's technology to monitor the fullness level of waste bins.

> In *Vendavo*, the plaintiff also alleged generalized categories of information:
>
> Its source code, customer list and customer related information, pricing information, vendor lists and related information, marketing plans and strategic business development initiatives, 'negative knowhow' learned through the course of research and development, and other information related to the development of its price-optimization software, including ideas and plans for product enhancements. [2018 WL 1456697, at *4-5]

The *Vendavo* court criticized the plaintiff's allegations as "broad, categorical terms, more descriptive of the types of information that generally *may* qualify as protectable trade secrets than as any kind of listing of particular trade secrets." *Id.* at *4. The allegations at issue in *Vendavo* are barebones in comparison to those that RoadRunner alleged, and thus, *Vendavo* is not instructive here except to juxtapose the *Vendavo* plaintiff's barebones allegations against RoadRunner's detailed trade secret descriptions.

Defendants also referred to *Stemcell Techs. Can. Inc. v. Stemexpress, LLC*, Case No. 21-cv-01594-VC, 2021 WL 5349106, at *1 (N.D. Cal. Nov. 17, 2021) (hereinafter, *Stemcell Techs. I*") and *Synopsis, Inc. v. Atoptech, Inc.*, Case No. 13-cv-2065-SC, 2013 WL 5770542, at *6-7 (N.D. Cal. Oct. 24, 2013), but did not raise or discuss the actual allegations at issue in those cases. Those cases are distinguishable when comparing their allegations to those RoadRunner alleged. In *Stemcell Techs. I*, the court found that allegations describing trade secrets as "includ[ing] ... [the defendant's] processes for best obtaining samples from donors, screening procedures/donor question[n]aires, training for collection staff, idea collection-to-isolation in freezing procedures, expected yield from collections, optimizing thawing protocols, sample preparation methods ..., viability testing procedures, and product packing procedures" to be insufficient on a motion to dismiss. The court found that the allegations did not sufficiently "discern which practices

71766983

13

Plaintiff's Opposition to Defendants' Motion to Dismiss Counts 1 and 2 [of the] Amended Complaint

constitute trade secrets and which are commonplace." *Id.* The *Stemcell Techs. I* court allowed amendment of the allegations, and addressed the more specific allegations in *Stemcell Techs. Can. Inc. v. StemExpress, LLC*, No. 21-CV-01594-VC, 2022 WL 509673, at *1 (N.D. Cal. Feb. 21, 2022) (hereinafter, *Stemcell Techs. II*). The court found that allegations of "'internal processes for initial donor screening' and management of donor pools 'to achieve optimal blood draws'; its 'batch records' for its products, which functioned as the 'recipe books for its procurement and manufacturing'; and the 'quality control test methods' used to produce and isolate finished products 'to ensure consistent validation of finished products and equipment used' were sufficiently detailed for the defendant to meet its burden. The court concluded that "[a]t this early stage, [the defendant's] allegations are sufficient to put the plaintiffs on notice of the boundaries within which the secret lies. *Id.* (internal quotation marks omitted).

The *Stemcell Techs. I* case cited by Defendants is inapplicable because RoadRunner's allegations are sufficiently detailed and allow Defendants to discern between the trade secrets and the commonplace. The *Stemcell Techs. II* ruling, not cited by Defendants, actually supports the inference that RoadRunner's allegations are sufficiently detailed as they are at least as equally detailed as the amended allegations at issue in *Stemcell Techs. II*.

Finally, the *Synopsis* case relied on by Defendants is also inapplicable. There, the plaintiff alleged that its trade secrets "relates to [the plaintiff's] PrimeTime, GoldTime, and IC Compiler products. Such information includes [the plaintiff's] proprietary input and output formats, scripts, and technical product documentation, which generally are not publicly known, and derive value from being secret." 2013 WL 5770542, at *6. The court found that the plaintiff's complaint was impermissibly conclusory, reasoning that "there must be some minimally plausible factual explanation for why trade secret protection applies." In contrast, RoadRunner's allegations are much more detailed and provide sufficient factual detail concerning the identity and nature of RoadRunner's trade secrets.

In sum, RoadRunner's allegations are sufficient to describe the trade secrets at issue and provide notice to Defendants of their identity and nature; Defendants' cases are inapposite.

### C. RoadRunner's Technology is Confidential and Not Publicly Available

Defendants unfairly characterize RoadRunner's allegations as disclosing "basic cameras (that are undisputedly publicly availably known)" and "a camera 'system,' which incorporates commercially available components."[2] Mot. at 5, 7. In support, Defendants insert a portion of RoadRunner's "publicly-facing website" into their motion[3] and claim that the "camera itself cannot be the trade secret." *Id*. at 8. As shown above, this is a mischaracterization of RoadRunner's allegations, which identify the physical components of the device and related electronic components RoadRunner claims is trade secret. Further, RoadRunner's allegations include descriptions of its machine-language trained model (e.g., software) and its database of labeled and tagged images that it delivered to Defendants, which RoadRunner also claims is trade secret.

Importantly, RoadRunner's publicly filed allegations of its FAC and any public disclosures on its website do not disclose RoadRunner's ***confidential*** information that it provided to Defendants under the protections of the Terms. This is important. RoadRunner's technology is only available to customers who have agreed to the Terms' protection on confidentiality and restrictions on use. RoadRunner's devices therefore are not generally publicly available as Defendants suggest. RoadRunner also alleged that its technology involved a machine language-trained model generated by its proprietary database of labeled and tagged images, which RoadRunner kept confidential and protected under the Terms. The FAC alleges that the database

---

[2] As Defendants must know, combinations that include commercially available components are protectable as trade secrets. Cal. Civ. Code § 3246.1(d) (including device or compilation); 1 Milgrim on Trade Secrets § 1.01 (2020) ("A secret combination of known elements is eligible for trade secret protection."); *see also By-Buk Co. v. Printed Cellophane Tape Co.*, 163 Cal. App. 2d 157, 166 (1958) (trade secrets for bundle or combination of parts in system); *San Jose Construction, Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528, 1537 (2007) (trade secrets for compilation of written materials); *Winston Research Corp. v. 3M*, 350 F.2d 134, 139 (9th Cir. 1965) (trade secrets in combination of specifications showing basic mechanical elements and relationship to each other). As alleged, RoadRunner's physical device and related electronic components incorporates both commercially available and non-commercially available components. Defendants may try to claim (later) that RoadRunner's particular combination is not worthy of trade secret protection (it will lose), but this is not the standard on which a motion to dismiss is decided.

[3] Though the screenshot of RoadRunner's website is irrelevant, it is not part of the pleadings or the subject of judicial notice and should be disregarded for purposes of a motion to dismiss.

of labeled and tagged images was created by capturing years-worth of data that it confidentially provided to Defendants under the Terms.

Accordingly, it is not true that RoadRunner's trade secrets as alleged in the FAC are publicly available as they have been kept confidential and protected under the Terms.

### D. RoadRunner Need Not Distinguish Allegations of the Identity of its Trade Secrets from the Larger Body of Confidential Information

Defendants argue that RoadRunner "does nothing more than generally allege that the 'Waste and Recycling Metering Confidential Information' is anything within the, equally unspecified, 'Confidential Information,' as defined in the Compology Terms and Conditions, relating to RoadRunner's waste and recycling metering technology.'" Mot. at 6. Not so, as articulated in Section III.B, *supra*, where RoadRunner detailed the features of its trade secrets.

At least one court has already considered and rejected Defendants' argument. In *Navigation Holdings, LLC v. Molavi*, the defendants argued that the plaintiffs failed to state a claim for trade secret misappropriation because the plaintiffs did not "distinguish the trade secrets they allege were misappropriated from the more nebulous, larger bucket of confidential information." Case No. 19-CV-02644-LHK, 445 F. Supp. 3d 69, 75-76 (N.D. Cal. 2020). The court found that "[s]uch a rule is not supported by case law," and denied the defendant's motion to dismiss because the plaintiffs' description of its trade secret as a "specialized process for anodizing prefinished alloy tubes, saving critical time and money for products going into commercial aerospace seating programs" was sufficient to meet the pleading standards. *Id.* at 77. The court, while recognizing the need to describe the alleged trade secret with sufficient detail to separate the trade secret from matters of general knowledge, also rejected the defendant's argument that the plaintiffs' description was insufficient to "'separate the claimed trade secrets from general knowledge,' because 'anodizing has been used on an industrial scale since 1923.'" *Id.* at 78. The court "decline[d the defendant's] invitation to engage in factfinding on a motion to dismiss to determine whether [the plaintiffs'] anodizing process is in fact widely known," and accepted the factual allegations as true on the motion to dismiss. *Id.*

As articulated above, Defendants' argument is almost identical to the argument considered

and rejected by the *Navigation Holdings* court. Importantly, that court focused on the plaintiffs' factual allegations describing its trade secrets and found they were sufficient under the motion to dismiss standard. Just as that court found, RoadRunner's factual allegations are sufficient to describe the identity and nature of RoadRunner's trade secrets, and the Court should decline any invitation by Defendants to engage in factfinding on its motion to dismiss to ascertain whether or not all or a portion of RoadRunner's trade secrets are generally known.

E. **Defendants Misappropriated RecycleSmart's Confidential *Preexisting* Database of Labeled and Tagged Images**

Defendants' motion argues that they own the "proprietary images," "tagged images," or "labeled and tagged images" identified in the FAC as Device Data or Derivative Data. Mot. at 9-10. Defendants are incorrect.

RoadRunner alleged in its FAC that as part of its trade secrets it had created a large database of labeled and tagged images that Defendants misappropriated to develop its own trained model for use with its own misappropriated device technology from RoadRunner. *See* Dkt. 1, ¶¶ 16, 22-23, 26. RoadRunner alleged that "[o]n information and belief, RecycleSmart began to use Compology's large database of labeled and tagged images to train its Pello cameras" and "used Compology's data in combination with RecycleSmart's Pello cameras to develop an AI model." *Id.*, ¶ 26. RoadRunner did not claim that the database of labeled and tagged images were Device Data, but rather, that Defendants misappropriated the preexisting database to create Defendants' own machine-language-trained model. This data is also not the result of "any 'tagging' or 'labelling' of images and data captured by the Compology sensors installed in RecycleSmart receptacles constitut[ing] 'Derivative Data'" as suggested by Defendants. Mot. at 10.

Accordingly, Defendants' assertion that it owns Device Data and Derivative Data is misplaced and irrelevant for purposes of RoadRunner's allegations of trade secret misappropriation.

IV. **ROADRUNNER CAN AMEND ITS COMPLAINT TO ADD ADDITIONAL TRADE SECRET DESCRIPTION**

As articulated herein, RoadRunner has alleged sufficient description of its trade secrets to

satisfy the pleading standards on a motion to dismiss. There should be no confusion in Defendants' minds regarding the trade secrets alleged by RoadRunner because they were deliverables provided to Defendants under the confidentiality and restrictions-on-use provisions of the Terms.

Courts in this District routinely grant leave to amend to include additional trade secret description. *See, e.g.*, *Carl Zeiss*, 2019 WL 11499334, at *2, 5 (granting leave to amend DTSA and CUTSA claims); *Space Data Corp. v. X*, Case No. 16-CV-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) (same); *Stemcell Techs. I*, 2021 WL 5349106, at *1. Should the Court determine that additional trade secret description is required, RoadRunner can, and will, amend its FAC. RoadRunner can provide additional detail concerning the identity and nature of the physical device and related electronic components, the network technology and software/firmware configured to connect and operate the physical device and related components, the database of labeled and tagged images, and the combination of these hardware components, software/firmware components, and database. Depending on the amount and depth of additional description needed, RoadRunner may file an amended complaint under seal, and/or provide a Section 2019.210 disclosure (or similar disclosure) under seal, if ordered by the Court.

## V. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss should be dismissed in its entirety because RoadRunner has described its trade secrets in sufficient detail to satisfy Rule 12(b)(6) pleading standards. If the Court determines otherwise, RoadRunner requests leave to amend its FAC to add additional detail concerning the identity and nature of its trade secrets.

DATED: November 22, 2023

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES M. NEUDECKER
JOSEPH J. MELLEMA

By: /s/ J. Mellema
JOSEPH J. MELLEMA
Attorneys for Plaintiff ROADRUNNER RECYLING, INC.