1  Arameh Zargham O'Boyle (SBN: 239495)
   azoboyle@mintz.com
2  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
   POPEO, P.C.
3  2049 Century Park East, Suite 300
   Los Angeles, CA 90067
4  Telephone:  310-586-3200
   Facsimile:  310-586-3202
5
   James M. Wodarski (*Admitted Pro Hac Vice*)
6  JWodarski@mintz.com
   Daniel B. Weinger (*Admitted Pro Hac Vice*)
7  DBWeinger@mintz.com
   Andrew H. DeVoogd (*Admitted Pro Hac Vice*)
8  AHDeVoogd@mintz.com
   Nicholas W. Armington (*Admitted Pro Hac Vice*)
9  NWArmington@mintz.com
   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
10 POPEO, P.C.
   One Financial Center
11 Boston, MA 02111
   Telephone:    (617) 542-6000
12 Facsimile:    (617) 542-2241

13 Attorneys for Defendants
   RECYCLE TRACK SYSTEMS, INC., and
14 RECYCLESMART SOLUTIONS, INC.

15              **UNITED STATES DISTRICT COURT**

16              **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 17  ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| 18      Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS 1 AND 2** |
| 19          v. | **AMENDED COMPLAINT** |
| 20  RECYCLE TRACK SYSTEMS, INC., | Case Assigned to District Judge William Alsup |
| 21  RECYCLESMART SOLUTIONS INC., PELLO, and DOES 1-25, inclusive, | Hearing: |
| 22      Defendants. | Date:        December 19, 2023<br>Time:        9:30 a.m.<br>Location:    450 Golden Gate Avenue |
| 23 | Courtroom 12 – 19th Floor<br>San Francisco, CA 94102 |
| 24 | |
| 25 | Complaint Filed:  August 4, 2023<br>Trial Date:       Not Yet Set |

26

27

28

**TABLE OF CONTENTS**

                                                                                          **Page**

I.      INTRODUCTION ................................................................................................................. 1

II.     ARGUMENT ......................................................................................................................... 1

        A.      RoadRunner's FAC Does Not Sufficiently Describe Its Alleged Trade Secrets......... 1

        B.      The FAC Does Not Allege that RecycleSmart Obtained "Preexisting" Labeled and
                Tagged Images or the AI System's Functionality/Source Code.................................. 6

        C.      The "Physical Arrangement" of Smart Camera Components Is Public ...................... 8

III.    CONCLUSION.................................................................................................................... 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS COUNTS 1 AND 2 AMENDED COMPLAINT
(CASE NO. 3:23-CV-04804-WHA)

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Alta Devices, Inc. v. LG Electronics, Inc.*,
    343 F.Supp. 3d 868 (N.D. Cal. 2018) ...................................................................................3, 4

*Broam v. Bogan*,
    320 F.3d 1023 (9th Cir. 2003) ...................................................................................................2

*Carl Zeiss Meditec v. Topcon Med. Sys.*,
    No. 19-cv-04162-SBA, 2019 WL 11499334 (N.D. Cal. Nov. 13, 2019) ..................................7

*Gatan, Inc. v. Nion Co.*,
    No. 15-CV01862, 2017 WL 1196819 (N.D. Cal. March 31, 2017) ...........................................9

*Google LLC v. Oracle Am., Inc.*,
    141 S. Ct. 1183 (2021) ...............................................................................................................6

*Morgan v. Aurora Loan Servs., LLC*,
    646 Fed. Appx. 546 (9th Cir. 2016) ...........................................................................................2

*Sanchez v. L.A. Dep't of Transp.*,
    39 F.4th 548 (9th Cir. 2022) .......................................................................................................6

*TMX Funding, Inc. v. Impero Technologies, Inc.*,
    No. 10-cv-00202, 2010 WL 2509979 (N.D. Cal. June 17, 2010)...............................................5

*VasoNova Inc. v. Grunwald*,
    No. 12-cv-2422, 2012 WL 4119970 (N.D. Cal. Sept. 18, 2012)................................................5

DEFENDANTS' REPLY ISO MOTION TO DISMISS COUNTS 1 AND 2 AMENDED COMPLAINT
(CASE NO. 3:23-CV-04804-WHA)

## I. INTRODUCTION

RoadRunner's Opposition does not provide any clarity to its vague and unspecific allegations of trade secrets that do not meet the basic requirements of Rule 12(b)(6). In fact, the Opposition actually makes the situation worse by attempting to introduce new material not in the First Amended Complaint ("FAC"), and obfuscating what is and is not public information. For example, the FAC never alleged that there was a database of "preexisting" labeled and tagged images, let alone that such purported "preexisting" images were misappropriated. Nor did the FAC allege that RecycleSmart had access to the internal workings of any "machine-language trained model." All of that information in the Opposition is beside the point—it is nowhere in the FAC. And for the allegedly "closely held trade secret" of the "arrangement and configuration" of internal components of Compology sensors: the internal components of Compology sensors are unquestionably public, RoadRunner having disclosed the "arrangement and configuration" to the world in public filings with the Federal Communications Commission ("FCC").

There are no trade secrets articulated in the FAC, and the Court should dismiss Counts I and II.

## II. ARGUMENT

### A. RoadRunner's FAC Does Not Sufficiently Describe Its Alleged Trade Secrets

RoadRunner's Opposition attempts to cure the facial deficiencies in its FAC by reframing the existing trade secrets allegations around four things: (1) "proprietary smart cameras and accompanying hardware," (2) "proprietary AI system for monitoring fill levels of waste bins," (3) "its proprietary and preexisting database of labeled and tagged images,," and (4) "proprietary combination of the physical electronic components, network technology, and software/firmware." Dkt. 32 at 5. But allegation (1) is public. And allegations (2), (3), and (4) are not articulated in the FAC. This reframing does not save the FAC.

The FAC did not allege a trade secret on "proprietary smart cameras and accompanying hardware," but rather

> Compology's confidential technology includes smart cameras (and accompanying physical hardware) composed of both commercially available and proprietary, non-commercially available electronic components. ***The arrangement and configuration***

1

*of these components* to facilitate waste and recycling metering technology *is a closely held trade secret* and is not made available to members of the public.

FAC at ¶ 16 ((emphasis added)). RoadRunner's allegation cannot be a trade secret because the "arrangement and configuration" of components in RoadRunner's Compology sensors are disclosed publicly to the FCC for all to see. *See* Dkt. 29 at 8; *see also infra* at II.C. In addition, RoadRunner's Compology sensors are put into public spaces for all to see, and common knowledge informs the necessary presence of electronic circuitry and a camera.

Moreover, allegations (2) and (4) are untethered to the trade secret allegations in the FAC, which neither identifies any trade secrets that fit in these buckets nor even alleges misappropriation. *See* FAC at ¶¶ 37-47 (Count I), ¶¶ 48-58 (Count II). In fact, *the FAC does not even explicitly allege that RecycleSmart had access to trade secrets that are encompassed by (2) and (4)*.

For allegation (3), as discussed further below, the FAC never mentions a "preexisting" database of labeled and tagged images. *Infra* at II.B. RoadRunner's Opposition rewrites the FAC's actual allegations from labeled and tagged images. What RoadRunner really meant, it now says, is "*preexisting*" labeled and tagged images. No such allegations exist in the FAC as filed. As discussed in the Motion, RecycleSmart unequivocally owns the labeled and tagged images obtained from any and all devices Compology provided to RecycleSmart. *See* Dkt. 29 at 9-11. And as discussed below, the FAC does not specifically allege that RecycleSmart obtained labeled and tagged images owned by anyone other than RecycleSmart.

Worse still, the FAC fails to differentiate between preexisting and non-preexisting images. *Infra* at II.B. It is the allegations in the complaint, not an opposition to a motion to dismiss, which is evaluated for sufficiency. *Morgan v. Aurora Loan Servs., LLC*, 646 Fed. Appx. 546, 549 n.2 (9th Cir. 2016) (considering plaintiff's statements outside the pleadings only for whether leave to amend should be granted, and refusing to consider such statements regarding whether the complaint should be dismissed); *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (internal quotation omitted)).

2

1    Ignoring these shortcomings, RoadRunner attempts to analogize prior cases to save its vague

2  trade secret allegations. Dkt. 32 at 10-12. But RoadRunner ignores the facts of those cases, and

3  therefore ignores what they actually mean. When analyzed correctly, each case cited by RoadRunner

4  actually *supports dismissal* of the FAC for failure to sufficiently describe trade secrets.

5    *MBS Engineering* supports dismissal because the allegations there were far more specific than

6  what RoadRunner provided. *MBS Engineering Inc. Black Hemp Box, LLC*, No. 20-cv-2825, 2021

7  WL 2458370 (N.D. Cal. June 16, 2021). In *MBS Engineering*, the plaintiff identified specific

8  functionalities of the relevant hemp drying system as "particularly innovative and unique," including

9  "controlled heating, the dryer bed and conveyor, the wet material input, the dry product discharge,

10 the fine collection, the control and power system(s)." *MBS Engineering*, No. 20-cv-2825, Dkt. 43 at

11 ¶ 44 (Oct. 13, 2020). The plaintiff further explained that "[p]laintiffs designed developed, engineered

12 and manufactured a proprietary and unique wastewater filtration system, which captures everything

13 down to five (5) micros, and vaporizes all of the wastewater. This eliminates water and air particle

14 pollution. *Plaintiffs are not aware of other dryers that have this feature*." *Id.* at ¶ 47 (emphasis

15 added). Here, unlike the plaintiff in *MBS Engineering*, RoadRunner did not call out any *specific non-*

16 *public* aspect of the AI System that RecycleSmart is alleged to have stolen. Instead, the FAC broadly

17 refers to an AI System that monitors fill levels for waste and recycling bins, and stops there. The FAC

18 fails to identify or describe any particular modules, submodules, or functionality of the purported "AI

19 System" beyond that general category. That is not enough to be well-pleaded trade secrets.

20    *Alta Devices* is even worse for RoadRunner, and RoadRunner misrepresents the operative

21 NDA from that case. *Alta Devices, Inc. v. LG Electronics, Inc.*, 343 F.Supp. 3d 868 (N.D. Cal. 2018).

22 First, the allegations of trade secrets in *Alta Devices* are even more detailed than in *MBS Engineering*,

23 in that the plaintiff identified specific methods that it claimed as trade secrets:

24        The Confidential Information and trade secrets imparted by Alta to LG[E] includes
         Alta's Methods of: high throughput thin-film deposition; epitaxial lift-off of the thin-
25       film; and GaAs substrate maintenance and re-use. It includes confidential cost
         analysis; proofs and tests of manufacturing concepts and techniques; tool roadmaps;
26       manufacturing process flows; and identification of equipment and equipment vendors;
         and information related to the foregoing.
27

28

3

*Alta Devices*, 343 F.Supp. 3d at 881. Unlike the plaintiff in *Alta Devices* who specifically identified trade secret methods, RoadRunner provides nothing more than the generic term "AI System," a term that is ubiquitously employed by technology companies, without providing any more specific description. The FAC is thus silent as to what "AI" even means in this context, let alone whether RTS ever had access to such system.

Second, RoadRunner misrepresents the NDA in *Alta Devices*, which is **far** more comprehensive regarding what constituted "Confidential Information" than the Compology/RecycleSmart contract. *See* Dkt. 32 at 11. While both *Alta Devices* and here involved confidentiality obligations, the NDA in *Alta Devices* included an extensive, detailed list of confidential information:

> The schedule described the Confidential Information as follows:
> 1) CVD technology and its commercial viability
>   •CVD (Alta 2T) chamber scheme
>   •growth rate
>   •thin film quality
>   •uniformity
>   •gas utilization efficiency
>   •scalability and short cycle time feasibility
> 2) ELO technology and water reusability
>   •ELO reproducibility for 100x100mm2 samples
>   •GaAs reusability data (actual and estimate)
> 3) Cell technology that resulted in 26.8% efficiency
>   •device structure (e.g. thin film structure, passivation, anti-reflection coating, surface texturing)
>   •efficiency distribution per process batch
> 4) Quality control method
>   •film quality
>   •ELO quality
>   •device characteristics (e.g. efficiency, reliability)
> 5) LCOE estimate basis
>   •lifetime
>   •yield
>   •GaAs reusability
>   •throughput

*Alta Devices*, 343 F.Supp. 3d at 881. The FAC does not provide or indicate that the contract between RecycleSmart and Compology included anything remotely close to the list of confidential information exchanged between the parties in *Alta Devices*.

4

1     *VasoNova* is also off-point and unhelpful to RoadRunner's cause. *VasoNova Inc. v. Grunwald*,

2 No. 12-cv-2422, 2012 WL 4119970 (N.D. Cal. Sept. 18, 2012). That case involved allegations of

3 misappropriation against plaintiff's ex-CTO—the very person who developed the trade secrets in the

4 first place and who clearly had detailed knowledge as to what they were. *Id.* at 1. No individual with

5 such superior knowledge is identified here. Moreover, the allegations in *VasoNova* were that the ex-

6 CTO filed a patent application detailing the trade secrets. *See VasoNova*, 12-cv-2422, Dkt. 29 at 39

7 (identifying U.S. Pat. App. Pub. 2010/0318026). The relevant patent application alleged to embody

8 and disclose the alleged trade secrets spanned 31 pages, and included 17 figures and 13 single-spaced

9 pages detailing the relevant technology. *See* U.S. Patent App. Pub. 2010/0318026. As nothing close

10 exists here, *VasoNova* only underscores the deficiencies in RoadRunner's pleading.

11     Finally, in *TMX Funding*, at least the plaintiff there, unlike RoadRunner here, identified

12 categories of potential trade secrets that provided minimal guardrails and information to the Court

13 and the defendant. *TMX Funding, Inc. v. Impero Technologies, Inc.*, 10-cv-00202, 2010 WL 2509979,

14 \*3 (N.D. Cal. June 17, 2010) (listing 9 categories of trade secrets). The circumstances were also

15 fundamentally different, as the allegations there were against former employees of the plaintiff who

16 could have walked out the door with untold amounts of information. By contrast, here RoadRunner

17 should have a complete understanding of what RecycleSmart had access to and allegedly took.

18 Beyond this, the categories of allegedly misappropriated information in *TMX Funding* actually

19 provided some detail, including "software, source codes, data, formulas, and other technical

20 information developed as proprietary and confidential products and services" and "business methods

21 and marketing plans, such as prospective customer and sales methods for attracting and retaining

22 customers." Here, in contrast, the FAC merely references an "AI System" in functional terms at the

23 highest and most abstract level. For example, there is no articulation that the source code is a trade

24 secret, that a particular functionality is done in a secret and valuable way, or anything other than the

25 already-public arrangement and configuration of a well-known camera system (that cannot be a trade

26 secret) is a trade secret.

27

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS COUNTS 1 AND 2 AMENDED COMPLAINT
(CASE NO. 3:23-CV-04804-WHA)

In sum, the FAC lacks the critical detail that these other cases provided. As explained in the Motion, RoadRunner does not describe its trade secrets in anything other than the most general terms, and fails to differentiate them from general categories, general knowledge, and public information. Counts I and II should be dismissed.

**B.      The FAC Does Not Allege that RecycleSmart Obtained "Preexisting" Labeled and Tagged Images or the AI System's Functionality/Source Code**

In addition to RoadRunner's failure to sufficiently articulate its trade secrets, the Opposition's rewrite of RoadRunner's trade secret allegations exposes yet more flaws in the FAC. Specifically, if the Opposition's new allegations are to be believed (and they should not be, because they are not in the FAC), that the allegedly misappropriated trade secrets allegedly now include a "machine-language trained model" and "preexisting" labeled and tagged images (Dkt. 32 at 15), the FAC does not allege that RecycleSmart obtained either of these, nor did they detail how RecycleSmart allegedly obtained trade secret information related to either of these categories.

The FAC does not plead any facts that if true show RecycleSmart had access to a "machine-language trained model." RoadRunner's Opposition implicitly conflates (1) access to an application programming interface ("API") that merely allowed RecycleSmart (or any other user of the Compology system, for that matter) to "ingest data" (*see* Dkt. 32 at 7), with (2) access to the backend source code *behind* that API that could conceivably embody RoadRunner's trade secrets. But an API does not allow such backend access. It is merely an "interface" that allows programs to exchange information.[1] *Sanchez v. L.A. Dep't of Transp.*, 39 F.4th 548, 552 fn.2 (9th Cir. 2022) ("An API 'acts as an intermediary between two other programs . . . to exchange information.'" (quoting Dave Johnson, *A guide to APIs, software that helps different apps work together*, Bus. Insider (May 13, 2021), https://www.businessinsider.com/what-is-an-api)). Here, by RoadRunner's own FAC, the API was merely used to ***ingest data***; there is no allegation in the FAC that the API was used to access any

---

[1] As the Supreme Court has explained, in a lengthy description of what an API is, one using an API does not need to know how the underlying functionality works; knowing the command and result is sufficient. *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1193 (2021) ("And importantly, to select the dish that you want for your meal, you do not need to know the recipe's contents, just as a programmer using an API does not need to learn the implementing code. In both situations, learning the simple command is enough.").

confidential functionality of an AI System, much less the inner workings of Compology's "machine-language trained" AI model (assuming one exists). Dkt. 32 at 7; FAC at ¶ 24 ("As part of the parties' contractual relationship, Compology provided RecycleSmart with *access to Compology's APIs to ingest Compology's data* into RecycleSmart's software backend." (emphasis added)). In other words, the API is irrelevant. RoadRunner's Opposition implicitly misdirects regarding what an API is and does. Such hand-waving does not create well-pled fact.

The "preexisting" database reframing fares no better. Perhaps not initially realizing that the contract gave ownership of Device Data and Derivative Data to RecycleSmart, RoadRunner now shifts gears and contends that the FAC actually meant to refer to RecycleSmart's alleged misappropriation of "preexisting" images that were labeled and tagged. *See* Dkt. 32 at 17. But the FAC says nothing about "preexisting" images, labeling, or tagging. The word does not appear in the FAC at all. Nor does RoadRunner anywhere distinguish between RecycleSmart's undisputed property (i.e., its own Device Data and Derivative Data) and what RoadRunner now alleges, for the first time, was misappropriated (an amorphous and undescribed "preexisting" database). *See* FAC at ¶¶ 22, 26, 32 (references to Compology's "database" of labeled and tagged images). RoadRunner's failure to differentiate their "trade secret" from information (and images) that are clearly not, and could never be, their trade secret is fatal. *Carl Zeiss Meditec v. Topcon Med. Sys.*, 2019 WL 11499334 at *8 (N.D. Cal. Nov. 13, 2019) ("[T]o survive a motion to dismiss, the trade secret must be described with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.") (internal quotations and citations omitted).

Further, even accepting as true what RoadRunner now says in Opposition with respect to a "preexisting" database (which the Court should not do because it is not in the FAC), according to the FAC RoadRunner itself provided RecycleSmart such access. But the FAC does not plead any facts that show RecycleSmart *ever actually obtained* any labeled and tagged images that it did not own. Presumably if RecycleSmart downloaded "preexisting" labeled and tagged images, or if Compology

1  sent "preexisting" labeled and tagged images to RecycleSmart, there would be a record of it and

2  RoadRunner would have at least pled it. Yet the FAC does nothing of the sort.

3         RoadRunner's shift also does not make sense in the context of the contractual restriction on

4  RoadRunner's use of its customers' Device Data and Derivative Data. RoadRunner's own contractual

5  terms provide what RoadRunner is allowed to do with its customers' Device Data and Derivative

6  Data:

7         Data. Customer owns all rights and title to any Device Data and Derivative Data.
        Customer hereby grants to Compology a limited, perpetual, irrevocable, non-exclusive
8         license to copy, collect, process, store, generate, and display the Device Data and
        Derivative Data to the extent necessary to provide the System and to monitor and
9         improve the performance of the System. Additionally, Customer acknowledges and
        agrees that during and after the Term of these Terms: (i) Compology and Compology
10        Affiliates may retain and use Device Data and Derivative Data for purposes of
        providing the Software and Subscription Services to Customer, and for conducting
11        research, product development and product improvement efforts; (ii) Compology may
        share Device Data and Derivative Data with any Compology Affiliate or with Third-
12        Party service providers for the foregoing purposes, subject to obligations of
        confidentiality; (iii) Compology may disclose Device Data and Derivative Data if
13        required under applicable law, regulation or court order; and (iv) Compology may use
        aggregated and anonymized data to provide analytics, information, forecasts,
14        extrapolations, and projections to Customer, its Affiliated Entities, and its prospective
        customers. Compology may use, reproduce, sell, publicize, or otherwise exploit such
15        aggregated data in any way, in its sole discretion.

16  Dkt. 29-1 (Weinger Aff.), Ex. B at § 5.2. There is no provision in the contract that allows RoadRunner

17  to share one customer's Device Data and Derivative Data with *another customer*. Yet the allegations

18  in the FAC, as reframed by RoadRunner in opposition, are that ***RoadRunner provided RecycleSmart***

19  ***access to images belonging to other customers***. This cannot be logically squared with the restrictions

20  RoadRunner undertook regarding its use of RecycleSmart's information, and belies RoadRunner's

21  new twist on what the FAC actually says and means.

22         **C.      The "Physical Arrangement" of Smart Camera Components Is Public**

23         RoadRunner knocks down a strawman regarding trade secrets and common components. *See*

24  Dkt. 32 at 15. RecycleSmart does not dispute that a trade secret can include commercially available

25  components—that is not what is at issue here. The issue is that RoadRunner claims as a trade secret

26  information that is unquestionably in the public domain. The FAC explicitly states that it is the

27  "***arrangement and configuration*** of these components to facilitate waste and recycling metering

28

8

technology is a closely held trade secret and is not made available to members of the public." FAC at

¶ 16. The FAC elaborates on the "arrangement and configuration" when comparing to RecycleSmart's

Pello cameras, stating that

> the Pello camera printed circuit board assembly ("PCBA") utilizes virtually the same
> electronic components, including substantially the same microcontroller, external
> RAM integrated circuit ("IC"), wide field-of-view camera lens, camera flash PCBA,
> camera injection molded parts, "double-shot" rear housing with TPE overmolding,
> battery pack, shape, color, and materials of the camera housing, recessed sensors for
> debris shedding, and identical camera flash PCBA cutouts and mounting.

FAC at ¶ 31.

The "arrangement and configuration" of RoadRunner's smart camera *is* made available to the

public and is provided to each RoadRunner customer when a camera is delivered. *See* Dkt. 29 at 7-9.

Pictures of the Compology sensors are also available on Compology's (now RoadRunner's) public

website.[2] *See* Dkt. 29 at 8; **Weinger Decl. Ex A**. Anyone looking at a Compology sensor, whether in

person at a waste receptacle or in a photograph, would understand that it has everything RoadRunner

claims is secret when compared to a Pello sensor: a battery (the sensor is not plugged in and must

have power), a camera (its purpose is taking pictures), a camera flash (it takes pictures in a dark

receptacle), electronic components such as integrated circuits and memory (necessary for electronics),

a printed circuit board for the electronic components (same), and the sensor's shape, color, and

molded housing (all clearly visible to the naked eye). *See* FAC at ¶ 31. RoadRunner's complaint is

silent on how these run-of-the-mill features of modern electronics are separate from what is generally

known, other than a conclusory statement that it is so. FAC at ¶ 16 ("The arrangement and

configuration of these components to facilitate waste and recycling metering technology is a closely

held trade secret and is not made available to members of the public."). This conclusory assertion

cannot satisfy the trade secret pleading standard.

---

[2] RoadRunner contends that the Court should not take judicial notice of its admissions on its website.
Dkt. 32 at 15, fn3. As discussed in the accompanying Request for Judicial Notice of this and other
documents, that contention is contrary to law. Other courts in this district take judicial notice of
webpages containing a trade secret plaintiff's public disclosures, and it is appropriate to do so here as
well. *See, e.g.*, *Gatan, Inc. v. Nion Co.*, No. 15-CV01862, 2017 WL 1196819 *9 (N.D. Cal. March
31, 2017) (granting request of judicial notice of plaintiff's webpages "because these documents are
properly the subject of judicial notice.").

DEFENDANTS' REPLY ISO MOTION TO DISMISS COUNTS 1 AND 2 AMENDED COMPLAINT
(CASE NO. 3:23-CV-04804-WHA)

1        All of this is academic, because RoadRunner submitted public images to the FCC of the exact

2   thing RoadRunner now claims is a trade secret: the "arrangement and configuration" of the internal

3   components of their Compology sensors. For example, Compology submitted internal images of its

4   R12 sensor, which include readily identifiable chips, battery packs, PCB layout and design, and so

5   on. In fact, specific chips and their layout (i.e., the purportedly secret "arrangement and

6   configuration") is shown in detail on the FCC website:



15  *See, e.g.*, **Weinger Decl. Ex B** (*R12 Internal Photographs*, available at https://fcc.report/FCC-

16  ID/2AO44-R12/). The exterior housing of the R12 sensor is also available online, where one can see

17  the sensor housing from every angle. *See* **Weinger Decl. Ex C** (*R12 External Photographs*, available

18  at https://fcc.report/FCC-ID/2AO44-R12/3813143).

19      The same is true for the Compology R13 sensor:



DEFENDANTS' REPLY ISO MOTION TO DISMISS COUNTS 1 AND 2 AMENDED COMPLAINT
(CASE NO. 3:23-CV-04804-WHA)

1   *See, e.g.*, **Weinger Decl. Ex E** (*R13 Internal Photographs*, available at https://fcc.report/FCC-

2   ID/2AO44-R13/6320249). Detailed pictures of the exterior housing of the R13 sensor is also available

3   online, where one can see the sensor housing from every angle. *See* **Weinger Decl. Ex F** (*R13*

4   *External Photographs*, available at https://fcc.report/FCC-ID/2AO44-R13/6320247). These aspects

5   of RoadRunner's Compology sensors simply cannot be trade secrets, yet the FAC claims them as

6   secret. Indeed, Compology told the FCC what it wanted to keep confidential, and could have done so

7   with these images. *See* **Weinger Decl. Exs D, G** (FCC ID: 2AO44-R12, available at

8   https://fcc.report/FCC-ID/2AO44-R12/3799600.pdf and FCC ID: 2AO44-R13, available at

9   https://fcc.report/FCC-ID/2AO44-R13/6320246.pdf).

10       To the extent RoadRunner claims trade secret protection for something other than the physical

11   "arrangement and configuration" of components, the FAC is silent on that. Thus it fails to state a

12   claim for trade secret misappropriation.

13  **III.    CONCLUSION**

14       For these reasons and the reasons in RecycleSmart's opening brief, RecycleSmart respectfully

15   request that RoadRunner's claims for trade secret misappropriation, the First and Second Causes of

16   Action of the Amended Complaint, be dismissed with prejudice.

17

18   Dated: November 29, 2023              Respectfully submitted,

19                                         MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
                                           POPEO, P.C.
20

21                                         */s/ Daniel B. Weinger*

22                                         Arameh Zargham O'Boyle
                                           James M. Wodarski (*Admitted Pro Hac Vice*)
23                                         Daniel B. Weinger (*Admitted Pro Hac Vice*)
                                           Andrew H. DeVoogd (*Admitted Pro Hac Vice*)
24                                         Nicholas W. Armington (*Admitted Pro Hac Vice*)

25                                         Attorneys for Defendants
                                           RECYCLE TRACK SYSTEMS, INC., and
26                                         RECYCLESMART SOLUTIONS INC.

27

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS COUNTS 1 AND 2 AMENDED COMPLAINT
(CASE NO. 3:23-CV-04804-WHA)