JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
sgibson@jmbm.com
JAMES NEUDECKER (Bar No. 221657)
jneudecker@jmbm.com
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

SHAVON HENRY (Bar No. 326855)
shenry@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:(310) 203-8080
Facsimile: (310) 230-0567

JOSEPH J. MELLEMA (Bar No. 248118)
jmellema@jmbm.com
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:    (949) 623-7200
Facsimile:    (949) 623-7202

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:    December 19, 2023 <br> Time:    9:30 a.m. <br> Location: 450 Golden Gate Avenue <br> Courtroom 12 – 19th Floor <br> San Francisco, CA 94102 <br> Judge:    Hon. William Alsup <br><br> Complaint Filed:  August 4, 2023 <br> Trial Date:   Not Yet Set |

The parties to the above-entitled action jointly submit the following joint Rule 26(f) Report and Case Management Statement, under Fed. R. Civ. P. Rule 26(f), the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, the Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup, and the Court's Initial Case Management Scheduling Order with ADR Deadlines (Dkt. 6, as modified per Dkt. 31). The parties held a Zoom meeting on November 28, 2023 to discuss the preparation of this report. Drafts were exchanged via e-mail until the parties, through counsel, agreed to this final version.

## I. JURISDICTION & SERVICE

This Court has diversity jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a)(3) because the matter in controversy exceeds $75,000 and Plaintiff is a citizen of a state (Delaware and Pennsylvania) that is different from the state of citizenship of the Defendants (New York; British Columbia). This Court has original jurisdiction over the Defend Trade Secrets Act claim in this action pursuant to 18 U.S.C. § 1836. No issues exist as to personal jurisdiction or venue, and all parties have been served.

## II. FACTS

<u>Plaintiff</u>: As alleged in RoadRunner Recycling, Inc.'s ("RoadRunner") First Amended Complaint ("FAC"), this case arises from defendants Recycle Track Systems, Inc.'s ("RTS") and RecycleSmart Solutions, Inc.'s ("RecycleSmart") (collectively "Defendants") theft of RoadRunner's waste and recycling metering technology and breach of contract. RoadRunner's predecessor-in-interest, Compology, Inc. ("Compology") developed highly valuable and proprietary trade secrets in its waste and recycling metering technology. RTS's wholly-owned subsidiary and predecessor-in-interest, RecycleSmart, contracted with RoadRunner's predecessor-in-interest, Compology. Pursuant to that contract, Compology delivered confidential and proprietary information to RecycleSmart, including its proprietary waste and recycling metering technology, with expressly narrow limitations on disclosure and use of Compology's confidential and proprietary information. RoadRunner assumed all rights under the contract and all intellectual property, including trade secrets, when it acquired Compology in 2022.

RTS, through RecycleSmart, misappropriated RoadRunner's trade secrets embodied in its confidential information and waste and recycling management technology it obtained under these contractual limitations and used that information to develop RTS's competing product, Pello, to the detriment of RoadRunner. Defendants continue to misappropriate RoadRunner's trade secrets and breach the contractual obligations under the contract. Without intervention, Defendants will continue to misappropriate RoadRunner's trade secrets and continue to breach contractual covenants to RoadRunner. RoadRunner seeks actual and exemplary/punitive damages for Defendants' wrongful acts, as well as pre-judgment and post-judgment interest. RoadRunner also seeks an order requiring Defendants to return RoadRunner's confidential and propriety information and enjoining RTS from further wrongful acts.

As set forth more fully in RoadRunner's Opposition to Defendants' motion to dismiss, RoadRunner's allegations in its FAC are sufficiently detailed to describe the identity and nature of its trade secrets and place Defendants on notice for purposes of a Rule 12(b)(6) challenge. As set forth herein, RoadRunner identified its proprietary smart cameras and accompanying hardware, its proprietary AI system for monitoring fill levels of waste bins, its proprietary and preexisting database of labeled and tagged images, and the proprietary combination of the physical electronic components, network technology, and software/firmware, as trade secrets. The case law supports the conclusion that RoadRunner's allegations sufficiently describe its trade secrets; cases *approving* complaints contained trade secret descriptions *at least as detailed* as RoadRunner's allegations, while those *dismissing* complaints contained descriptions *much less detailed* than those in RoadRunner's complaint. Defendants claim they cannot sufficiently make out the identity of RoadRunner's trade secrets, and in so doing ignore entire swaths of RoadRunner's allegations and offer this Court self-serving snippets from RoadRunner's complaint to make RoadRunner's allegations appear sparse and general. They are not.

<u>Defendants</u>: Defendants have not yet filed their Answer to RoadRunner's FAC. Defendants' investigation of the relevant facts is ongoing; as a result, the following statement is preliminary and based on Defendants' investigation to date. Defendants reserve the right to revise, correct, update, and/or supplement these facts as their investigation continues and as discovery

progresses. Defendants may also assert counterclaims against RoadRunner.

By way of background, on November 2, 2020, RecycleSmart entered into a renewal order form with Compology, *i.e.*, RoadRunner's predecessor-in-interest, subject to "Compology Terms and Conditions" ("Terms"). The Terms expressly stated that "Customer [*i.e.*, RecycleSmart] owns all rights and title to any Device Data and Derivative Data," which by their respective definitions cover all data and images collected by Compology sensors as well as "any information or data resulting from the manipulation, processing or analysis of Device Data." *See* Dkt. 29 at 3; *id.*, Ex. B at §§ 1.7, 1.9, 5.2. There is no evidence or indication that Defendants ever received, or had access to, any images collected by Compology outside that expansive definition of images and data owned solely and exclusively by Defendants, let alone that any such information was misappropriated. Nor did Defendants ever breach the Terms: Defendants did not, for example, copy, adapt, modify, create derivative works, or reverse engineer RoadRunner's purported waste and recycling metering technology such as Compology sensors.

Further, as detailed in Defendants' briefing regarding the pending motion to dismiss (Dkt. 29 and 34), RoadRunner's pleading is deficient because, among other things, it failed to allege its trade secrets with "sufficient particularity." Dismissal of both RoadRunner's trade secrets claims is thus amply warranted. To the extent RoadRunner has identified anything at all in its FAC, RoadRunner merely claims information and data that do not qualify as trade secrets. As one example, as the Terms expressly provide, the images and information derived from images taken from Compology sensors are wholly owned by Defendant RecycleSmart (and not RoadRunner), which Defendants cannot possibly misappropriate. As another example, the alleged "closely held trade secret" of "arrangement and configuration" of internal components of Compology sensors are unquestionably made public by RoadRunner through at least its own public filings with the Federal Communications Commission.

In short, there is no legal merit in any of Plaintiff's claims and Defendants intend to vigorously defend against them.

### III. LEGAL ISSUES

The disputed legal issues are: (1) whether Defendants have misappropriated RoadRunner's

alleged trade secrets under California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.* ("CUTSA") and/or Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"), (2) whether Defendants are liable for breach of contract, (3) whether, and to what extent, RoadRunner is entitled to recover from Defendants all damages sustained as a result of Defendants' alleged wrongful acts, (4) whether Defendants' alleged trade secret misappropriation is willful and entitles RoadRunner to an award of exemplary damages under Cal. Civ. Code § 3426.3(c) and/or 18 U.S.C. § 1836(b)(3)(C), (5) whether RoadRunner is entitled to pre- and post-judgment interest, (6) whether RoadRunner is entitled to an award of attorneys' fees under Cal. Civ. Code. § 3426.4 and/or U.S.C. § 1836(b)(3)(D), (7) whether RoadRunner is entitled to preliminary and/or permanent injunctive relief, (8) whether Defendants are entitled to an award of attorney's fees under 18 U.S.C. § 1836(b)(3)(D), due to RoadRunner's alleged bad faith claim of misappropriation of trade secrets, and (9) whether Defendants are entitled to an award of costs and fees due to RoadRunner's filing of an alleged objectively meritless and frivolous case. Defendants have filed a motion to dismiss RoadRunner's FAC alleging that RoadRunner failed to sufficiently identify its alleged trade secrets, as described below in Section IV, and is also thus a disputed legal issue. Defendants may also assert counterclaims if and when a responsive pleading may be required.

## IV. MOTIONS

Defendants filed a motion to dismiss counts 1 and 2 of RoadRunner's FAC for trade secret misappropriation on the grounds that RoadRunner allegedly failed to sufficiently identify its alleged trade secrets. RoadRunner filed its opposition, and Defendants filed their reply. The motion to dismiss is currently set for hearing on December 19, 2023.

The parties do not currently contemplate filing dispositive motions, but reserve their respective rights to do so at the appropriate time.

## V. AMENDMENT OF PLEADINGS

Plaintiff: It is not expected that additional parties will be added prior to the deadline for amending the pleadings and, at this time, RoadRunner does not have any current plans to add claims. RoadRunner proposes that the deadline to join additional parties or amend pleadings shall

be no later than 75 days after the Court enters a scheduling order.

Defendants: On November 8, 2023, Defendants filed a motion to dismiss counts 1 and 2 of RoadRunner's FAC (Dkt. 29), which is currently pending and set for hearing on December 19, 2023. Defendants have yet to answer RoadRunner's FAC, and therefore reserve the right to add additional parties and assert any counterclaims and defenses as warranted. Defendants propose that the deadline to add additional parties or amend pleadings be 75 days after the Court conclusively rules on the pending motion to dismiss.

## VI. EVIDENCE PRESERVATION

Each party certifies that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and the Court's Checklist for ESI Meet and Confer. The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f), including conferring regarding steps taken to preserve evidence relevant to the issues in this action. The parties expect the need for ESI to be generally commensurate with a typical trade secret misappropriation and breach of contract case.

Each party confirms that they have taken steps to preserve relevant evidence, including placing a litigation hold on all documents, individuals, and custodians reasonably likely to have information subject to discovery in this litigation.

The parties hereby agree to continue to discuss the topics mentioned in the Court's ESI Guidelines and Checklist for ESI Meet and Confer to determine what ESI measures should be adopted in this action.

## VII. DISCLOSURE

To date, no initial disclosures have been made by either party. The parties expect to serve initial disclosures on or before December 12, 2023.

## VIII. RULE 26 DISCOVERY PLAN

No discovery has been taken to date, and there are no current discovery disputes. The parties expect the scope of discovery to be generally commensurate with a typical trade secret misappropriation and breach of contract case. The parties anticipate that one or more experts will provide opinions on trade secrets and damages. The parties do not anticipate the need to make any

changes or modifications of the discovery rules. During the parties' Rule 26(f) meet and confer, the parties considered entering into an e-discovery order and agreed to continue to discuss those matters between themselves and at the Court's case management conference.

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

None.

## XI. RELIEF

<u>Plaintiff</u>: RoadRunner's FAC seeks (1) damages including, but not limited to, lost profits, disgorgement of profits, and restitution, (2) exemplary and/or punitive damages under Cal. Civ. Code § 3426.3(c) and/or 18 U.S.C. § 1836(b)(3)(C), (3) pre- and post-judgment interest, and (4) attorneys' fees, costs, and expenses under Cal. Civ. Code. § 3426.4 and/or U.S.C. § 1836(b)(3)(D).

RoadRunner also seeks preliminary and permanent injunctive relief, including (a) from manufacturing, making, distributing, marketing, offering to sell or selling products that utilize, embody, or were developed using RoadRunner's Waste and Recycling Metering Confidential Information and RoadRunner's Confidential Information; (b) from disclosing or using anywhere RoadRunner's Waste and Recycling Metering Confidential Information and RoadRunner's Confidential Information; (c) from disclosing or using anywhere any RoadRunner trade secret or other proprietary or confidential information or information derived therefrom; (d) from offering to sell or selling to anyone, anywhere, any products that use any RoadRunner trade secret or other proprietary or confidential information, specifically including RoadRunner's Waste and Recycling Metering Confidential Information and RoadRunner's Confidential Information; (e) immediately preserving and returning to RoadRunner (i) all copies of all RoadRunner's documents and proprietary or confidential information, including without limitation RoadRunner's Waste and Recycling Metering Confidential Information and RoadRunner's Confidential Information, and any trade secret and other confidential or proprietary information acquired directly or indirectly from RoadRunner; (ii) all copies of all materials (in paper, electronic, or any other form)

containing any, or derived from any, RoadRunner's trade secrets or other confidential or proprietary information; and (iii) all physical materials, including all prototypes, designs, modules, parts, electronics, or otherwise in Defendants' possession relating to the Pello product; and (f) turning over to the Court any proceeds that Defendants have received from their misappropriation of RoadRunner's trade secrets and proprietary and confidential information and other unlawful conduct, including all proceeds received in connection with the Pello product, such proceeds to be held in constructive trust until the conclusion of this litigation.

<u>Defendants</u>: Defendants request that the Court enter judgment in Defendants' favor and against RoadRunner on all claims, including counts 1 and 2 of RoadRunner's FAC to the extent they are not dismissed (and they should be); that RoadRunner's Prayer for Relief be denied in its entirety and with prejudice, including any request for injunctive relief; that the Court award Defendants their costs and attorneys' fees; and that the Court award Defendants such other and further relief as the Court deems appropriate and just. Defendants do not presently see any basis for awarding RoadRunner any damages in this action for any claim, including because RoadRunner fails to identify any specific trade secrets, the subject of Defendants' motion to dismiss.

## XII. SETTLEMENT AND ADR

The parties are open to the possibility of a prompt settlement, including through the use of formal mediation or alternative dispute resolution. The parties, as set forth in their respective ADR Certifications (Dkt. 33, 36), anticipate discussing ADR selection with the Court at the case management conference.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties did not consent to a Magistrate Judge in this case.

## XIV. OTHER REFERENCES

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Since this case is still at an early stage, the parties have not identified any issues that can be

narrowed by agreement or motion at this time. As the case progresses, the parties will cooperate in good faith to identify issues where narrowing may be possible. As trial approaches, the parties will cooperate in good faith to identify means to expedite the presentation of evidence. The parties are not requesting bifurcation on any issues at this time.

## XVI. EXPEDITED TRIAL PROCEDURE

At this time, the parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order 64. As the case progresses, the parties will continue to assess whether any expedited procedures would encourage a just, speedy, and inexpensive disposition of this matter.

## XVII. SCHEDULING

The parties separately propose the following dates in accordance with Section 16 of the Standing Order:

Plaintiff:

| **Description** | **Date** |
| --- | --- |
| Completion of Initial ADR Session | April 2024 |
| Designation of Expert Witnesses | July 2024 |
| Non-Expert Discovery Cutoff | August 2024 |
| Dispositive Motion Hearing Cutoff | September 2024 |
| Pretrial Conference | November 2024 |
| Trial Date | December 2024 |

Defendants:

| Description | Date |
|---|---|
| Completion of Initial ADR Session | April 2024 |
| Designation of Expert Witnesses | September 2024 |
| Non-Expert Discovery Cutoff | October 2024 |
| Dispositive Motion Hearing Cutoff | December 2024 |
| Pretrial Conference | February 2025 |
| Trial Date | March 2025 |

## XVIII. TRIAL

RoadRunner has requested a jury trial. The Parties currently estimate a 5-7 day trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON

The parties have each filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15.

Plaintiff: Pursuant to Civil Local Rule 3-15, the undersigned for Plaintiff RoadRunner certifies that as of this date, there is no conflict or interest (other than the named Plaintiff) to report.

Defendants: Pursuant to Fed. R. Civ. P. 7.1 and Civil Local Rule 3-15, Defendants Recycle Track Systems, Inc. ("RTS") and RecycleSmart Solutions, Inc. ("RecycleSmart") states that as of date: (1) Defendant RTS is wholly owned by its parent corporation, RTS Holding, Inc., a Delaware corporation; and (2) Defendant RecycleSmart is a wholly owned subsidiary of Defendant RTS and there is no publicly held corporation owning 10% or more of RecycleSmart's stock. The undersigned for Defendants certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Defendants RTS and RecycleSmart; RTS Holding, Inc.; and Plaintiff RoadRunner.

## XX. PROFESSIONAL CONDUCT

Counsels for each of the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER MATTERS

At this this time there are no other matters that warrant consideration to facilitate the just, speedy and inexpensive disposition of this matter.

## XXII. SUPPLEMENTAL CASE MANAGEMENT CONFERENCE ORDER, ¶ 3

<u>Plaintiff</u>: Shavon Henry, Esq. is an associate attorney with Jeffer Mangels Butler & Mitchell LLP. Counsel for RoadRunner intends to have Ms. Henry attend depositions and take testimony of witnesses at trial.

<u>Defendants</u>: Defendants plan to provide opportunities for junior lawyers working on this matter to argue motions, to participate actively in depositions of witness, and/or to examine witnesses at trial. For example, Tianyi Tan is an associate attorney with Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and graduated from law school in 2021. Because this case has not yet proceeded to discovery, Defendants have not yet identified specific motions, depositions, or witnesses that Attorney Tan will cover, but anticipates that she will argue discovery-related motions and/or take or defend one or more depositions, should discovery proceed in this matter. Counsel for Defendants has discussed this subject with Defendants and therefore does not believe it is necessary to require a client representative to attend the case management conference.

DATED: December 11, 2023

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA

By: _____
JOSEPH J. MELLEMA
Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

DATED: December 11, 2023      MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
ARAMEH ZARGHAM O'BOYLE
JAMES M. WODARSKI
DANIEL B. WEINGER
ANDREW H. DEVOOGD
NICHOLAS W. ARMINGTON


By: _____/s/ Arameh Zargham O'Boyle_____
ARAMEH ZARGHAM O'BOYLE
Attorneys for Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.

**ATTESTATION OF CONCURRENCE IN FILING**

In accordance with the Northern District of California's Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory, Arameh Zargham O'Boyle, who is listed on the signature pages.

DATED: December 11, 2023    By: _/s/ A.J. Mellema_