UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROADRUNNER RECYCLING, INC.,

    Plaintiff,

v.

RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS, INC.,

    Defendants.

No. C 23-04804 WHA

**ORDER GRANTING MOTION TO DISMISS**

# INTRODUCTION

In this trade-secret and breach-of-contract action, defendants move to dismiss the trade-secret claims. For the following reasons, the motion to dismiss is **GRANTED**.

# STATEMENT

Plaintiff RoadRunner Recycling, Inc. provides waste and recycling metering technology. Its predecessor-in-interest, Compology, Inc., allegedly spent millions of dollars and tens of thousands of person-hours developing this technology before plaintiff acquired Compology in 2022, assuming its intellectual-property rights and contractual obligations (FAC ¶¶ 2–3).

As explained by plaintiff, "Compology developed an AI system configured to operate with [] smart cameras at specified locations in waste bins in order to monitor fill levels of the waste bins, among other things, to provide an efficient, economical, and cost-saving platform for waste and recycling companies" (FAC ¶ 16). The AI system "utilizes physical electronic

components, network technology, and software/firmware to provide its unique and confidential waste recycling metering technology" (*ibid.*).

In June 2017, Compology entered into a "pilot" contract for a ten-camera system with defendant RecycleSmart Solutions, Inc., a wholly-owned subsidiary and predecessor-in-interest of defendant Recycle Track Systems, Inc. ("RTS") (FAC ¶¶ 3, 17). Under that contract, plaintiff contends, "Compology delivered confidential and proprietary information to RecycleSmart, including its proprietary waste and recycling metering technology, with expressly narrow limitations on disclosure and use of Compology's confidential and proprietary information" (FAC ¶ 3). Compology and RecycleSmart's business relationship apparently expanded through 2022, with the companies negotiating a renewal in October 2021 that lapsed in October 2022 (FAC ¶¶ 17, 25, 28). Also in October 2022, RoadRunner acquired Compology, and in March 2023, RTS acquired RecycleSmart (FAC ¶¶ 27–28).

In August 2023, RoadRunner filed a lawsuit in the County of San Francisco against RTS, RecycleSmart, "Pello," and several Doe defendants alleging trade-secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA"), as well as breach of contract. According to plaintiff, defendants misappropriated trade secrets embodied in its waste and recycling management technology that they obtained under the Compology terms and conditions, using plaintiff's trade secrets to develop a competing product, the Pello system. Meanwhile, defendants allegedly breached the Compology terms and conditions by, *inter alia*, disclosing plaintiff's confidential information to third parties and copying, adapting, modifying, or creating derivative works of plaintiff's technology.

In September 2023, defendants removed to this district (Dkt. No. 1). In October 2023, plaintiff filed a first amended complaint that omitted the Pello and Doe defendants and added a claim under the federal Defense of Trade Secrets Act ("DTSA") (Dkt. No. 15). In November 2023, defendants moved to dismiss both trade-secret claims under Rule 12(b)(6) (Dkt. No. 29). This order follows full briefing and oral argument.

**ANALYSIS**

To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A district court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citing *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007)). But a district court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

In short, to succeed on a claim for trade-secret misappropriation under the DTSA and CUTSA, a plaintiff must show that it possessed a trade secret, that a defendant misappropriated the trade secret, and that misappropriation caused or threatened damage to the plaintiff. *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020). If a plaintiff cannot show possession, a district court need not reach misappropriation and damage. Such is the case here.

Specifically, to show possession of trade secrets, a plaintiff "must identify the trade secrets and carry the burden of showing they exist." *Id.* at 658 (quoting *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993)). True, the definition of what may be considered a trade secret is famously broad under both statutes. *See* 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d). Even so, a plaintiff must "clearly refer to tangible trade secret material" and not a "system which *potentially* qualifies for trade secret protection." *InteliClear*, 978 F.3d at 658 (quoting *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1167 (9th Cir. 1998)). Moreover, a plaintiff must "describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *Ibid*. (quoting *Imax*, 152 F.3d at 1164).

So, what are the trade secrets here?  They are ostensibly included in RoadRunner's "Waste and Recycling Metering Confidential Information" (FAC ¶¶ 39, 50).  What is RoadRunner's "Waste and Recycling Metering Confidential Information?"  It is "confidential information, including but not limited to Confidential Information as defined in the [Compology] Terms, relating to RoadRunner's waste and recycling metering technology" (FAC ¶¶ 38, 49).  How is Confidential Information defined in the Terms?

> [A] Party's non-public business, financial, technical, legal and personnel information, and includes, for example, product designs and data, source code, *trade secrets*, pricing, customer and supplier lists, network structure and addresses, designs, technical specifications, business plans, these Terms and any other non-public data whether written, verbal or visual, connected to or related to the business and affairs of a Party or any of its affiliates.

(FAC ¶ 20) (emphasis added).  Putting it all together, RoadRunner's trade secrets are included in confidential information that includes trade secrets.  Critically, RoadRunner does not refer to tangible trade-secret material, nor does it describe trade secrets with sufficient particularity to separate them from matters of general knowledge or special knowledge in the trade.  Indeed, RoadRunner does not describe trade secrets with sufficient particularity to separate them from anything.  Such a trade-secret tautology cannot survive a motion to dismiss.

Meanwhile, RoadRunner's allusions to trade secrets elsewhere in the first amended complaint do not change the outcome here.

*First*, to the extent RoadRunner alleges that the arrangement and configuration of its smart cameras is a trade secret (*see* FAC ¶ 16), that cannot be.  Anyone disposing of content in a waste bin equipped with a RoadRunner camera would be able to see the arrangement of the camera in the waste bin — or anyone who visits RoadRunner's website, as defendants observe in their motion (Br. 8).  *See* RoadRunner Recycling, Inc., "Waste Metering™: Smart Cameras in Your Dumpsters" (last visited Dec. 26, 2023), https://perma.cc/S2LV-32LB.  This webpage, containing RoadRunner's own public disclosures, is an appropriate subject of judicial notice of the public availability of this information.  *See* Fed. R. Evid. 201.  So are the FCC webpages containing public images of the internal configuration of the cameras that RoadRunner submitted to the agency, which include readily identifiable chips, batteries, circuit board

4

1  layout, and so forth, as defendants observe in their reply (Reply Br. 10).  *See, e.g.*, FCC,

2  "Internal Pictures" (last visited Dec. 26, 2023), https://perma.cc/VDQ5-XFZW.

3  The first amended complaint itself also directly speaks to the configuration, explaining:

> the Pello camera printed circuit board assembly ("PCBA") uses
> virtually the same electronic components, including substantially
> the same microcontroller, external RAM integrated circuit ("IC"),
> wide field-of-view camera lens, camera flash PCBA, camera
> injection molded parts, "double-shot" rear housing with TPE
> overmolding, battery pack, shape, color, and materials of the
> camera housing, recessed sensors for debris shedding, and identical
> camera flash PCBA cutouts and mounting.

(FAC ¶ 31).

*Second*, to the extent RoadRunner alleges that its "AI system" is a trade secret (*see* FAC ¶ 16), it is merely and broadly referring to a "system which *potentially* qualifies for trade secret protection" that this order has already explained is inadequate.  *See InteliClear*, 978 F.3d at 658 (quoting *Imax*, 152 F.3d at 1167).  Note we know nothing about this AI system beyond that it is configured "to monitor fill levels of the waste bins" and was developed "using years' worth of machine learning data" (FAC ¶ 16).  It is unclear why the system itself would be a trade secret when no specific, non-public aspects of this system have been identified.  To hold otherwise would be to allow anyone to throw around terms like "AI" and receive trade-secret protection without clarifying what the trade secret even is, despite the fact that our court of appeals has emphasized a plaintiff "may not simply rely upon 'catchall' phrases."  *InteliClear*, 978 F.3d at 658 (quoting *Imax*, 152 F.3d at 1167).

*Third*, to the extent RoadRunner alleges that its machine-learning model and preexisting image database are trade secrets, it appears to be doing cleanup work in an opposition brief (*compare* FAC ¶ 22, *with* Opp. Br. 15–16).  In any event, assuming RoadRunner will seek to build out these allegations in a proposed second amended complaint, this order cautions that the judge is skeptical such allegations could support trade-secret misappropriation claims.  The implication seems to be that access to Compology's application programming interfaces ("APIs") conferred access to the machine-learning model behind the APIs, as well as the database of labelled images used to train that model (*see* FAC ¶¶ 22–24).  Yet, as defendants

point out, this appears to conflate access to interfaces that allowed RecycleSmart to ingest data using the Compology system with access to the system's backend source code and training data that could embody trade secrets (*see* Reply Br. 6–8). Compology's APIs conceivably allowed RecycleSmart to call on Compology's programs to evaluate whether a given dumpster was full and the like. But plaintiff has offered no reason to believe that Compology's APIs would have allowed RecycleSmart to itself access the model used to evaluate whether a given dumpster was full and the images used to train that model. If plaintiff seeks leave to amend, it should address this point. It should also address California Code of Civil Procedure Section 2019.210, as set out at the hearing.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**. By **TUESDAY, JANUARY 16, AT NOON**, plaintiff may seek leave to amend by motion, noticed on a normal 35-day calendar. Any motion should affirmatively demonstrate how the proposed complaint corrects the deficiencies identified in this order, as well as all other deficiencies raised in defendants' motion. It should be accompanied by a redlined copy of the proposed complaint showing all proposed amendments. Plaintiff should plead its best case if it seeks leave to amend. Defendants' answer is likewise due on **TUESDAY, JANUARY 16, AT NOON**.

**IT IS SO ORDERED.**

Dated: December 26, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE