Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202

James M. Wodarski (*Admitted Pro Hac Vice*)
JWodarski@mintz.com
Daniel B. Weinger (*Admitted Pro Hac Vice*)
DBWeinger@mintz.com
Andrew H. DeVoogd (*Admitted Pro Hac Vice*)
AHDeVoogd@mintz.com
Nicholas W. Armington (*Admitted Pro Hac Vice*)
NWArmington@mintz.com
Tianyi Tan (*Admitted Pro Hac Vice*)
TTan@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> Case Assigned to Honorable William H. Alsup Courtroom 12 <br><br> Complaint Filed: August 4, 2023 <br> Trial Date: December 9, 2024 |

1
DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Recycle Track Systems, Inc. ("RTS") and RecycleSmart Solutions Inc. ("RecycleSmart") (collectively, "Defendants") hereby submit this Answer in response to the First Amended Complaint ("FAC") of Plaintiff Roadrunner Recycling, Inc. ("Plaintiff"),[1] as follows:

Any and all allegations not specifically admitted herein are denied. Except as otherwise stated, Defendants deny the factual allegations, if any, contained in headings, subheadings, tables of contents, unnumbered paragraphs, figures, and footnotes in the FAC. Defendants repeat that all headings here are for organizational purposes only. Each response in this Answer is made subject to the following limitations. First, the responses do not constitute acknowledgement or admission of the validity or relevance of any allegation. Second, where Defendants state that they lack knowledge or information sufficient to form a belief about the truth of an allegation, Defendants reserve the right to argue that the allegation is true or false based on evidence. Defendants reserve the right to seek leave to amend or supplement their Answer as necessary.

## **INTRODUCTION**

1. Answering Paragraph 1, Defendants admit that Plaintiff has alleged in this action "theft of RoadRunner's waste and metering technology and breach of contract" by Defendants. Defendants understand that RoadRunner's allegations of "theft" have been dismissed. Dkt. No. 43. As to the remaining allegations in this paragraph, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

2. Answering Paragraph 2, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

---

[1] Pursuant to the direction in the Court's Order Granting Motion to Dismiss (Dkt. No. 43) (the "Court's Order"), Defendants answer paragraphs specific to the allegations related to Plaintiff's Third Cause of Action – Breach of Contract Against All Defendants of the FAC. Based on the Court's Order dismissing Plaintiff's trade secrets claims, responses to the allegations contained in the FAC related to such dismissed claims are not required, including as to Paragraphs 37-47 (First Cause of Action – Trade Secret Misappropriation Under California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.*) and Paragraphs 48-58 (Trade Secret Misappropriation Under Defend Trade Secrets Act, 18 U.S.C. § 1836). Defendants do not admit any of the allegations in the paragraphs not included in this Answer and do not waive any defenses as to the allegations in those paragraphs.

3. Answering Paragraph 3, Defendants admit that RecycleSmart is RTS's wholly-owned subsidiary and that RecycleSmart contracted with Compology. As to the remaining allegations in this paragraph, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

4. Answering Paragraph 4, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

5. Answering Paragraph 5, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

**PARTIES**

6. Answering Paragraph 6, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

7. Answering Paragraph 7, Defendants admit the allegations therein.

8. Answering Paragraph 8, Defendants admit the allegations therein.

**JURISDICTION AND VENUE**

9. Answering Paragraph 9, Defendants admit that Plaintiff claims that the amount in controversy is over $75,000 and that therefore this Court has diversity jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a)(3). As to the remaining allegations in this paragraph, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required.

10. Answering Paragraph 10, this paragraph asserts legal conclusions to which no response is required. Defendants further note that Plaintiff's claims under the DTSA have been dismissed. Dkt. No. 43.

11. Answering Paragraph 11, Defendants admit that RecycleSmart and Compology entered into an agreement titled "Compology Terms and Conditions" (the "Terms") and that the

Terms provide that ". . . the parties agree to submit to the non-exclusive jurisdiction of the state and federal courts in the Northern District of California." As to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

12. Answering Paragraph 12, Defendants admit that RTS announced its acquisition of RecycleSmart, a Richmond, British Columbia company, in March 2023. As to the remaining allegations in this paragraph, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

13. Answering Paragraph 13, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

14. Answering Paragraph 14, Defendants admit that venue is proper in this Court. As to the remaining allegations in this paragraph, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

## BACKGROUND

### Compology Develops Proprietary Technology

15. Answering Paragraph 15, this paragraph asserts Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

16. Answering Paragraph 16, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

///

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## Compology and RecycleSmart Enter into the Terms

17. Answering Paragraph 17, Defendants admit that Compology and RecycleSmart entered into one or more contracts between 2017 and 2022. As to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

18. Answering Paragraph 18, Defendants admit that on November 2, 2020, Compology and RecycleSmart entered into a renewal order form that was subject to the "Compology Terms and Conditions" in which Compology was to provide Compology's System and Subscription Services to RecycleSmart. Defendants further admit that the quoted materials in Paragraph 18 appear in the source cited. As to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

19. Answering Paragraph 19, Defendants admit that the quoted materials in Paragraph 19 appear in the source cited but have been taken out of their complete context. To the extent Paragraph 19 contains additional allegations, Defendants deny each and every allegation therein.

20. Answering Paragraph 20, Defendants admit that the quoted material in Paragraph 20 appears in the source cited.

21. Answering Paragraph 21, Defendants admit that the Terms provides, in Section 10.2, that "Neither Party will publish, disclose, copy, disseminate or use the Confidential Information of the other Party in its business or for any other purpose except as expressly permitted in these Terms." To the extent Paragraph 21 contains additional allegations, Defendants deny each and every allegation therein.

## RecycleSmart Misappropriates RoadRunner's Trade Secrets and Breaches the Terms

22. Answering Paragraph 22, Defendants admit that Compology performed under the contract by providing Subscription Services and access to the System through an API. As to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

23. Answering Paragraph 23, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

24. Answering Paragraph 24, Defendants admit that Compology provided RecycleSmart with access to Compology's APIs. As to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

25. Answering Paragraph 25, Defendants admit that in October 2021, RecycleSmart negotiated a 1-year contract renewal. As to the remaining allegation, this paragraph asserts Plaintiff's characterizations of its claims to which no response is required.

26. Answering Paragraph 26, Defendants admit that sometime in 2022, Pello cameras were installed in containers and that some of those containers may have also had a Compology sensor. As to the remaining allegations in this paragraph, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein, including on the basis of lack of knowledge or information sufficient to form a belief about the truth of these allegations.

27. Answering Paragraph 27, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny each and every allegation therein.

28. Answering Paragraph 28, Defendants admit that in March 2023, RTS announced its acquisition of RecylceSmart, including RecycleSmart's Pello cameras and systems. Defendants further admit that RecycleSmart's contract with Compology terminated on October 31, 2022. To the extent Paragraph 28 contains additional allegations, Defendants deny each and every allegation therein.

29. Answering Paragraph 29, Defendants deny that they reverse-engineered any Compology technology. This paragraph also asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is

required, Defendants deny each and every allegation therein, including on the basis of lack of knowledge or information sufficient to form a belief about the truth of these allegations.

30. Answering Paragraph 30, this paragraph asserts Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein, including on the basis of lack of knowledge or information sufficient to form a belief about the truth of these allegations.

31. Answering Paragraph 31, this paragraph asserts Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein, including on the basis of lack of knowledge or information sufficient to form a belief about the truth of these allegations.

32. Answering Paragraph 32, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein, including on the basis of lack of knowledge or information sufficient to form a belief about the truth of these allegations.

33. Answering Paragraph 33, this paragraph asserts Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein, including on the basis of lack of knowledge or information sufficient to form a belief about the truth of these allegations.

**Defendants are Bound by the Terms and Liable for Each Other's Wrongful Acts**

34. Answering Paragraph 34, Defendants admit that RTS announced its acquisition of RecycleSmart in March 2023. As to the remaining allegations in this paragraph, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein, including on the basis of lack of knowledge or information sufficient to form a belief about the truth of these allegations.

35. Answering Paragraph 35, Defendants admit that the quoted materials in Paragraph 35 appear in the source cited but have been taken out of their complete context. As to the remaining allegations in this paragraph, this paragraph asserts legal conclusions to which no response is required.

36. Answering Paragraph 36, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

## FIRST CAUSE OF ACTION

**[Trade Secret Misappropriation Under California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.*]**

37. Answering Paragraph 37, Defendants incorporate by reference their responses to Paragraphs 1-38, as though fully set forth herein.

38. Answering Paragraph 38, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

39. Answering Paragraph 39, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

40. Answering Paragraph 40, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

41. Answering Paragraph 41, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

42. Answering Paragraph 42, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

43. Answering Paragraph 43, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

44. Answering Paragraph 44, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

45. Answering Paragraph 45, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

46. Answering Paragraph 46, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

47. Answering Paragraph 47, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein and deny that Plaintiff is entitled to any relief whatsoever.

## **SECOND CAUSE OF ACTION**

**[Trade Secret Misappropriation Under Defend Trade Secrets Act, 18 U.S.C. § 1836]**

48. Answering Paragraph 48, Defendants incorporate by reference its responses to Paragraphs 1-49, as though fully set forth herein.

49. Answering Paragraph 49, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required

because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

50. Answering Paragraph 50, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

51. Answering Paragraph 51, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

52. Answering Paragraph 52, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

53. Answering Paragraph 53, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

54. Answering Paragraph 54, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

55. Answering Paragraph 55, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

56. Answering Paragraph 56, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required

because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

57. Answering Paragraph 57, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein.

58. Answering Paragraph 58, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. Furthermore, no response is required because the Court has dismissed Plaintiff's trade secret claims. To the extent any further response is required, Defendants deny each and every allegation therein and deny that Plaintiff is entitled to any relief whatsoever.

## **THIRD CAUSE OF ACTION**

### **[Breach of Contract against All Defendants]**

59. Answering Paragraph 59, Defendants incorporate by reference their responses to Paragraphs 1-60, as though fully set forth herein.

60. Answering Paragraph 60, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

61. Answering Paragraph 61, Defendants admit that RTS acquired RecycleSmart. As to the remaining allegations in this paragraph, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

62. Answering Paragraph 62, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

63. Answering Paragraph 63, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

64. Answering Paragraph 64, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

65. Answering Paragraph 65, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

66. Answering Paragraph 66, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein, including on the basis of lack of knowledge or information sufficient to form a belief about the truth of these allegations.

67. Answering Paragraph 67, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

68. Answering Paragraph 68, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

69. Answering Paragraph 69, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

70. Answering Paragraph 70, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

71. Answering Paragraph 71, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is required. To the extent any further response is required, Defendants deny each and every allegation therein.

72. Answering Paragraph 72, this paragraph asserts legal conclusions and Plaintiff's characterizations of its claims to which no response is

required, Defendants deny each and every allegation therein and deny that Plaintiff is entitled to any relief whatsoever.

**PRAYER FOR RELIEF**

The allegations set forth in Plaintiff's Prayer for Relief assert legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations in the Prayer for Relief, and further deny that Plaintiff is entitled to any relief whatsoever on any of the claims asserted in the FAC.

Without admitting any of the facts alleged by Plaintiffs, Defendants also plead the following separate and affirmative defenses to the allegations of breach of contract contained in the FAC, as that is the only count currently before the Court:

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

**[Failure to State a Claim]**

The FAC and each cause of action therein fail to allege facts sufficient to state a claim against Defendants.

**Second Affirmative Defense**

**[No Breach of Contract]**

Although Defendants do not bear the burden of proof on this issue, Defendants have not breached any contract with Plaintiff.

**Third Affirmative Defense**

**[Laches, Waiver, Estoppel, Unclean Hands]**

The FAC and each cause of action therein, in whole or in part, are barred by the doctrine of laches, waiver, estoppel, and/or unclean hands.

**Fourth Affirmative Defense**

**[Statute of Frauds]**

The FAC and each cause of action therein, in whole or in part, are barred by the Statute of Frauds to the extent Plaintiff is relying on non-written materials to support its claims.

///

13
DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## Fifth Affirmative Defense

### [Failure to State a Claim for Punitive Damages]

The FAC and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages.

## Sixth Affirmative Defense

### [Speculative Damages]

Plaintiff is not entitled to any recovery from Defendants because the alleged damages, if any, are speculative.

## Reservation of Additional Defenses

Defendants continue to investigate the allegations set forth in the FAC. Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this action, and hereby reserve the right to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment on Plaintiff's FAC as follows:

1. That Plaintiff takes nothing by way of its FAC and is not entitled to any relief;
2. That Plaintiff's FAC be dismissed in its entirety with prejudice;
3. That judgment be entered in favor of Defendants and against Plaintiff;
4. That Defendants be awarded its attorneys' fees and costs of suit incurred herein; and
5. That Defendants be awarded such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants respectfully demand a jury trial for each and every cause of action and affirmative defense herein that sounds in law.

///
///
///
///

| | |
|---|---|
| Dated: January 16, 2024 | Respectfully submitted,<br><br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br><br>*/s/ Daniel B. Weinger*<br>Arameh Zargham O'Boyle<br>James M. Wodarski (*Admitted Pro Hac Vice*)<br>Daniel B. Weinger (*Admitted Pro Hac Vice*)<br>Andrew H. DeVoogd (*Admitted Pro Hac Vice*)<br>Nicholas W. Armington (*Admitted Pro Hac Vice*)<br>Tianyi Tan (*Admitted Pro Hac Vice*)<br><br>Attorneys for Defendants<br>RECYCLE TRACK SYSTEMS, INC., and<br>RECYCLESMART SOLUTIONS INC. |