JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*jneudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:     (415) 398-8080
Facsimile:      (415) 398-5584

SHAVON HENRY (Bar No. 326855)
*shenry@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:(310) 203-8080
Facsimile: (310) 230-0567

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:     (949) 623-7200
Facsimile:      (949) 623-7202

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | *Assigned for All Purposes to:* <br> Hon. William H. Alsup, Courtroom 12 |
| v. | **NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC. FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | *Filed concurrently with Declaration of Joseph J. Mellema; and [Proposed] Order* |
| | Date:        February 20, 2024 <br> Time:        8:00 a.m. <br> Judge:       Hon. William Alsup <br> Place:        Courtroom 12 |
| | Complaint Filed:        August 4, 2023 <br> Trial Date:        Not Yet Set |

71868412

Case No. 3:23-cv-04804-WHA

NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC.
TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 20, 2024, at 8:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable William Alsup, located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, RoadRunner Recycling, Inc. ("RoadRunner") will and hereby does move this Court for leave to amend its First Amended Complaint ("FAC").

This Motion is made upon the following grounds: RoadRunner's Second Amended Complaint ("SAC") sufficiently meets the applicable trade secret misappropriation pleading standards under CUTSA and DTSA. RoadRunner's SAC describes six trade secrets and is sufficiently particular to separate them from matters of general knowledge or special knowledge in the trade. RoadRunner's SAC alleges that neither its smart camera assembly nor its optical assembly and design trade secrets were disclosed by any publicly available information described in the Courts Order Granting Motion to Dismiss (Dkt. 43). No third party could simply view the smart camera apparatus in a waste container and recreate the trade secrets, nor could a licensed third party disassemble and reverse engineer it without violating the Terms' non-use and non-disclosure provisions. RoadRunner's SAC also alleges sufficiently clear detail of its training data and algorithms and processes, as well as mechanism by which Defendants misappropriated the trade secrets to meet the applicable pleading standards.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Joseph J. Mellema, all of the pleadings, files, and records in this proceeding, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  January 16, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
JOSEPH J. MELLEMA


By: _____
        JOSEPH J. MELLEMA
        Attorneys for Plaintiff
        ROADRUNNER RECYCLING, INC.

JMBM | Jeffer Mangels Butler & Mitchell LLP

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................5

II.  STATEMENT OF FACTS ...............................................................7

    A.   RoadRunner Filed its First Amended Complaint ...............................7

    B.   RoadRunner's Proposed Second Amended Complaint Remedies Any Perceived Deficiencies in its First Amended Complaint ....................7

        1.   The Second Amended Complaint Describes Six RoadRunner Trade Secrets at Issue in this Action ................................7

        2.   The Second Amended Complaint Describes How RoadRunner's Smart Camera Apparatus and Optical Assembly and Design Were Not Publicly Disclosed ................................8

        3.   The Second Amended Complaint Clarifies Defendants' Access to and Misappropriation of RoadRunner's Trade Secrets ..................8

    C.   RoadRunner Identifies the Details of its Trade Secrets in Plaintiff's Identification of Trade Secrets ..........................................10

III. ARGUMENT ..........................................................................10

    A.   Legal Standards ....................................................................10

        1.   Motion for Leave to Amend Standard ...................................10

        2.   Trade Secret Misappropriation Pleading Standard .....................11

    B.   Leave to Amend is Appropriate Because RoadRunner's Allegations Satisfy the Applicable Pleading Standards ...................................12

        1.   No Reason to Deny Leave to Amend is Applicable Here ..............12

        2.   RoadRunner's Allegations in its Second Amended Complaint Satisfy the Applicable Pleading Standards ............................12

        3.   RoadRunner Has Not Publicly Disclosed its Trade Secrets ...........13

        4.   RoadRunner Sufficiently Describes its Training Data and Software Trade Secrets ..........................................................16

        5.   RoadRunner Sufficiently Alleges the Mechanism by which Defendants Misappropriated its Trade Secrets .......................16

            a.   Smart Camera Apparatus; Optical Assembly and Design; Image Preprocessing Techniques ....................................16

            b.   Training data; Algorithms and Processes .........................19

Case No. 3:23-cv-04804-WHA

71868412    NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC.
TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

IV.   ROADRUNNER CAN AMEND ITS COMPLAINT TO ADD ADDITIONAL
      TRADE SECRET DESCRIPTION AS NEEDED ................................................................21

V.    CONCLUSION ................................................................................................................22

Case No. 3:23-cv-04804-WHA

71868412     NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC.
TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

*Alta Devices, Inc. v. LG Elecs., Inc.*,
    Case No. 18-CV-00404-LHK, 343 F. Supp. 3d 868 (N.D. Cal. 2018) ............................. 12,13

*Autodesk, Inc. v. ZWCAD Software Co.*,
    2015 WL 2265479 (N.D. Cal. May 13, 2015) ......................................................... 12

*Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*,
    2015 WL 5732595 (E.D. Cal. Sept. 28, 2015) ................................... 15, 17, 20, 21

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................... 11

*Carl Zeiss Meditec, Inc. v. Topcon Med. Sys., Inc.*,
    2019 WL 11499334 (N.D. Cal. Nov. 13, 2019) ............................................... 21, 22

*Candy Craft Creations, LLC v. Gartner*,
    2015 WL 1541507 (S.D. Ga. Mar. 31, 2015) ............................................... 15, 17

*Flexible Techs., Inc. v. World Tubing Corp.*,
    910 F. Supp. 109 (E.D.N.Y. 1996) ...................................................................... 18

*Gen. Elec. Co. v. Sung*,
    843 F. Supp. 776 (D. Mass. 1994) ...................................................................... 18

*Imax Corp. v. Cinema Techs., Inc.*,
    152 F.3d 1161 (9th Cir. 1998) ..................................................................... 11, 12

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ........................................................................... 11

*In re Innovative Constr. Sys., Inc.*,
    793 F.2d 875 (7th Cir.1986) .............................................................................. 17

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*,
    978 F.3d 653 (9th Cir. 2020) ...................................................................... 11, 12

*Khoros, LLC v. Lenovo (United States), Inc.*,
    2020 WL 12655516 (N.D. Cal. Oct. 5, 2020) ............................................... 18, 19

*MAI Sys. Corp. v. Peak Computer, Inc.*,
    991 F.2d 511 (9th Cir. 1993) ............................................................................. 11

*Mangren Rsch. & Dev. Corp. v. Nat'l Chem. Co.*,
    87 F.3d 937 (7th Cir. 1996) .............................................................................. 17

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) ........................................................................... 11

3

Case No. 3:23-cv-04804-WHA

JMBM | Jeffer Mangels Butler & Mitchell LLP

*MBS Eng'g Inc., et al. v. Black Hemp Box, LLC,*
    Case No. 20-cv-02825-JD, 2021 WL 2458370 (N.D. Cal. June 16, 2021) ..................... 12, 13

*Outdoor Media Group, Inc. v. City of Beaumont,*
    506 F.3d 895 (9th Cir. 2007) ............................................................................................ 11

*Reddy v. Litton Indus., Inc.,*
    912 F.2d 291 (9th Cir. 1990) ............................................................................................ 11

*Reingold v. Swiftships, Inc.,*
    126 F.3d 645 (5th Cir. 1997) ...................................................................................... 15, 17

*Salesforce.com, Inc. v. GEA, Inc.,*
    No. 19-CV-01710-JST, 2021 WL 9860787 (N.D. Cal. Feb. 2, 2021) ............................. 12

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.,*
    708 F.3d 1109 (9th Cir. 2013) ................................................................................... 10, 11

*Space Data Corp. v. X,*
    2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) ...................................................... 22

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ............................................................................................ 11

*Stemcell Techs. Can. Inc. v. Stemexpress, LLC,*
    2021 WL 5349106, at *1 (N.D. Cal. Nov. 17, 2021) ..................................................... 22

*TMX Funding, Inc. v. Impero Technologies, Inc.,*
    10-cv-00202, 2010 WL 2509979 (N.D. Cal. June 17, 2010) .......................................... 13

*United States v. Corinthian Colleges,*
    655 F.3d 984 (9th Cir. 2011) ..................................................................................... 11, 12

**Federal Statutes**

18 U.S.C. § 1839(3) ............................................................................................................... 11

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 11

Fed. R. Civ. P. 15(a)(2) .......................................................................................................... 10

**California Statutes**

Cal. Civ. Code § 2019.210 ..................................................................................................... 11

Cal. Civ. Code § 3426.1 ......................................................................................................... 11

Cal. Civ. Code § 3426.1(d) ..................................................................................................... 17

Cal. Civ. Code § 3426.1(d)(2) ................................................................................................ 18

71868412

NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC.
TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

JMBM | Jeffer Mangels Butler & Mitchell LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") hereby moves for leave to amend its First Amended Complaint ("FAC") pursuant to the Court's December 26, 2023 Order Granting Motion to Dismiss with permission to seek leave to amend. Dkt. 43.

RoadRunner's proposed Second Amended Complaint ("SAC") remedies any perceived deficiencies of RoadRunner's FAC identified in the Court's Order and Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s ("Defendants") Motion to Dismiss. *See* Order (Dkt. 43), Defendants' Motion to Dismiss (Dkt. 29) & Reply (Dkt. 34).

*First*, RoadRunner's SAC "describes [RoadRunner's] secrets with sufficient particularity to separate them from matters of general knowledge or special knowledge in the trade." Dkt. 43 at 4:13-14. RoadRunner describes six trade secrets in its SAC and explicitly identifies them in Plaintiff's Identification of Trade Secrets, filed under seal. *See infra* II.B.1. The description and identification of these trade secrets is more than sufficient to meet the applicable pleading standards and separates RoadRunner's trade secrets from general or special knowledge.

*Second*, RoadRunner's smart camera apparatus is a trade secret and was not publicly disclosed through publicly available submissions to the FCC or through online marketing materials. *See* Dkt. 43 at 4:19-5:9. Merely viewing the smart camera apparatus installed in a waste container is not sufficient to recreate the smart camera apparatus or embedded optical assembly and design. Further, it is not possible to replicate these trade secrets without unlawful access by third parties (e.g., a third party not subject to the Terms stealing the assembly from a waste container) and wrongful disassembly and reverse engineering (e.g., by Defendants or other third party subject to the Terms).

*Third*, any perceived deficiencies in the FAC in describing RoadRunner's AI system, using its machine learning models trained by its training data, is remedied by RoadRunner's description of its training data and algorithms and processes in its SAC, as well as RoadRunner's explicit identification of these trade secrets in Plaintiff's Identification of Trade Secrets. *See id.* at 5:10-6:9. As alleged in its SAC and as described in Plaintiff's Identification of Trade Secrets,

RoadRunner has clarified the nature of its training data, the manner in which it trained its machine learning models and implemented them in its AI system, and its algorithms and processes.

*Fourth*, RoadRunner clarified the mechanisms by which Defendants accessed and misappropriated RoadRunner's trade secrets, namely, by wrongfully disassembling and reverse engineering RoadRunner's smart camera apparatus, optical assembly and design, and image preprocessing techniques, through use of RoadRunner's training data derived from millions of labeled and tagged images of RecycleSmart's waste containers taken from RoadRunner's smart cameras, and through RoadRunner's web application and numerous customer service communications between Compology and RecycleSmart engineers by which RecycleSmart learned key features and details of Compology's trade secrets. *See id.*

Incredibly, though the parties' contract explicitly prohibits disassembly, reverse engineering, or deriving products from Compology's confidential information, Defendants' Pello camera system and services includes ***all*** of RoadRunner's trade secrets identified in the SAC. Moreover, to speed up the validation of its training data set, RecycleSmart placed Pello cameras alongside RoadRunner's cameras in ***hundreds*** of the same waste containers. There was no need to do this at the same time it was downloading millions of labeled and tagged images from *Compology's smart cameras* in the same waste containers unless it had an improper purpose. These acts show RecycleSmart's motive and intent to misappropriate Compology's trade secrets.

Thus, RecycleSmart, posing as an innocent customer merely utilizing Compology's waste metering technology in the way it was intended, was in fact wrongfully stealing Compology's hard-earned and confidential insight, designs, data and technical details in order to develop a directly competitive product, constructed to function the same, marketed with nearly identical language, and impermissibly trained by the tool it sought to unseat as the sole optical waste metering technology in the industry. In doing so, RecycleSmart has wrongfully leapfrogged the need to first develop a camera suitable for collecting the images that would be needed; having to deploy that camera in upwards of ten thousand containers in order to get the requisite variability of use; having to then patiently wait up to years for those cameras to capture sufficiently diverse images with respect to naturally occurring fullness, lighting, conditions and types of materials;

establishing a system and dedicating the man hours for humans to diligently and correctly label and tag those images; and then waiting to aggregate enough labeled and tagged images to adequately train and test a legitimately competitive system. Rather than doing that through bona fide effort, RecycleSmart opted to misappropriate all of the necessary technical details, data and training information directly and covertly from its legacy vendor, Compology.

As more fully shown herein, RoadRunner's motion for leave to amend its FAC should be granted in its entirety.

## II. STATEMENT OF FACTS

### A. RoadRunner Filed its First Amended Complaint

On August 4, 2023, RoadRunner filed its Complaint in the California Superior Court of San Francisco, including causes of action for trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA") and breach of contract. *See* Dkt. 1, Ex. A. On September 19, 2023, Defendants filed a Notice of Removal. Dkt. 1. On October 4, 2023, RoadRunner filed a First Amended Complaint ("FAC"). Dkt. 15. The FAC amended the original Complaint by adding a Defend Trade Secrets Act ("DTSA") cause of action and removing named defendant Pello. Dkt. 15. The case was reassigned to this Court on October 5, 2023. Dkt. 19. On December 26, 2023, the Court granted Defendants' motion to dismiss, with permission to seek leave to amend. Dkt. 43.

### B. RoadRunner's Proposed Second Amended Complaint Remedies Any Perceived Deficiencies in its First Amended Complaint

#### 1. The Second Amended Complaint Describes Six RoadRunner Trade Secrets at Issue in this Action

The SAC alleges substantial detail concerning the identity and nature of RoadRunner's trade secrets as well as Defendants' access to and misappropriation of those trade secrets. *See* Declaration of Joseph J. Mellema ("Mellema Decl."), Ex. A (Proposed SAC); Ex. B (redline of SAC against FAC). RoadRunner's SAC describes its trade secrets with sufficient particularity to separate them from matters of general knowledge or special knowledge in the trade. RoadRunner has described six trade secrets in its SAC (albeit without publicly disclosing them). RoadRunner's trade secrets at issue in this action are "(1) the overall waste and recycling metering system, (2) smart camera apparatus, (3) optical assembly and design, (4) image preprocessing in camera

apparatus for use by machine-learning training and operation, (5) training data stored in a database and comprising labeled and tagged images and associated metadata, and (6) algorithms and processes to generate scheduling, location efficiencies, and recommendations to customers, including fullness, emptiness, contamination, scheduling efficiencies, data ingestion efficiencies, and location analysis of waste containers." *Id.*, Ex. A, ¶ 17. It also provides verbose descriptions of each of RoadRunner's trade secrets. *Id.*, Ex. A, ¶¶ 18-42.

### 2. The Second Amended Complaint Describes How RoadRunner's Smart Camera Apparatus and Optical Assembly and Design Were Not Publicly Disclosed

RoadRunner's smart camera apparatus and optical assembly are not publicly available. *See id.*, ¶¶ 28, 31. As alleged, "Compology's smart camera assembly is not publicly available. Neither Compology nor RoadRunner disclosed its smart camera apparatus trade secret through publicly available submissions to the Federal Communications Commission ("FCC") or through online marketing materials. *Id.* RoadRunner alleged the same for its optical assembly and design trade secret. *Id.*, ¶ 31. RoadRunner alleges that RoadRunner's smart camera apparatus and optical assembly and design could not be disassembled or duplicated without violating the Terms. *See id.*, ¶ 28 ("A third party could not inspect and utilize Compology's confidential and proprietary smart camera apparatus without improperly obtaining and disassembling it."); *see also id.*, ¶ 31. As alleged, disassembly or duplication of the smart camera apparatus or optical assembly and design would violate the Terms (*see id.*, ¶¶ 55-58), and based on the wrongful use under the Terms, is trade secret misappropriation (*see id.*, ¶ 59).

### 3. The Second Amended Complaint Clarifies Defendants' Access to and Misappropriation of RoadRunner's Trade Secrets

RoadRunner alleges that RecycleSmart gained access to Compology's smart camera apparatus by unlawfully disassembling and reverse engineering it to derive its Pello camera system in violation of the Terms. *Id.*, ¶¶ 55-59. Such wrongful acts constitute trade secret misappropriation because RecycleSmart could only have learned about the trade secrets embodied in the smart camera apparatus through unlawful means. *Id.* Further, RoadRunner alleges that RecycleSmart learned its image preprocessing techniques, in part, through examining

71868412

NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC.
TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

JMBM | Jeffer Mangels
Butler & Mitchell LLP

Compology's compiled firmware code and firmware updates. *Id.*, ¶¶ 52, 74, 86.

RoadRunner also alleges that it developed its machine learning models by training the machine learning models on millions of labeled and tagged images of the interior of waste containers (i.e., training data) using Compology's smart cameras. *Id.*, ¶¶ 34-36. The labels and tags include preprocessed images as well as manually created labels of container fullness, content, empty events, etc. *Id.*, ¶ 36. Once the machine learning models were trained with a critical mass of training data, RoadRunner implemented its machine learning models in its AI system so that the AI system was capable of automatically labeling and tagging images, creating efficiencies over having humans manually label and tag those images instead. *Id.* RoadRunner also alleged that its algorithms and processes utilize the labeled and tagged images to generate data, analysis, and recommendations to customers, including fullness, emptiness, contamination, scheduling efficiencies, data ingestion efficiencies, and location analysis of waste containers. *Id.*, ¶ 40. Further details concerning RoadRunner's training data and algorithms and processes are provided in Plaintiff's Identification of Trade Secrets. RoadRunner alleged that its machine learning models generate machine- and human-labeled and tagged images and store them on RoadRunner's servers for use by RoadRunner's algorithms and processes. *See id.*, ¶¶ 34-37. RoadRunner provided Defendants with the ability to download labeled and tagged images generated by RoadRunner's machine learning models. *Id.* In 2022, Defendants downloaded millions of these labeled and tagged images. *Id.*, ¶ 51. The number of downloaded labeled and tagged images was sufficient for Defendants to recreate RoadRunner's training data and machine learning models. *Id.*, ¶¶ 53-54. RoadRunner alleged, on information and belief, that Defendants downloaded a sufficiently large corpus of training data to derive Compology's training data, and trained machine learning models in violation of the Terms, thereby misappropriating Compology's training data trade secret. *Id.*, ¶ 60.

RoadRunner further alleges that RecycleSmart learned techniques, features, and designs of Compology's image preprocessing techniques, algorithms and processes through access to Compology's application and through numerous customer service communications, and wrongfully obtained Compology's training data through access to millions of labeled and tagged

71868412

images taken by Compology's cameras and Pello cameras for use in developing the Pello camera system. *See id.*, ¶¶ 52, 57-62, 74, 86. To that point, Compology learned that RecycleSmart had placed Pello cameras alongside Compology's cameras in ___**hundreds**___ of the same waste containers, allowing RecycleSmart to quickly validate their machine learning models by comparing Compology's camera system images against the Pello camera images. *Id.*, ¶ 61.

Such wrongful acts constitute trade secret misappropriation because RecycleSmart used the trade secret information to develop its own competing Pello product.

### C.  RoadRunner Identifies the Details of its Trade Secrets in Plaintiff's Identification of Trade Secrets

RoadRunner described, but did not disclose, its trade secrets in its SAC, so as to prevent their public disclosure. However, per the Court's December 26, 2023 Order, and under California Code of Civil Procedure § 2019.210, RoadRunner filed Plaintiff's Identification of Trade Secrets, which explicitly detailed the nature and substance of each of the aforementioned six trade secrets. RoadRunner filed the aforementioned document under seal to preserve the secrecy of its trade secrets and has requested the Court to maintain its secrecy by sealing the document and order that Defendants' counsel, nor any other third party, must not disclose them, including to Defendants themselves. Plaintiff's Identification of Trade Secrets provides confidential and proprietary information not disclosed in RoadRunner's SAC.

## III.  ARGUMENT

### A.  Legal Standards

#### 1.  Motion for Leave to Amend Standard

When amendment as a matter of right is not available, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality . . . . Courts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired*

JMBM | Jeffer Mangels Butler & Mitchell LLP

10

Case No. 3:23-cv-04804-WHA
71868412
NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC.
TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

*Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal punctuation and citations omitted). "Under futility analysis, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (internal quotation marks omitted). "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *Id.* (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)).

### 2. <u>Trade Secret Misappropriation Pleading Standard</u>

To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A district court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008) (citing *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 900 (9th Cir. 2007)). But a district court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)).

To succeed on a claim for trade-secret misappropriation under the DTSA and CUTSA, a plaintiff must show that it possessed a trade secret, that a defendant misappropriated the trade secret, and that misappropriation caused or threatened damage to the plaintiff. *InteliClear, LLC v. ETC Glob. Holdings, Inc.,* 978 F.3d 653, 657-58 (9th Cir. 2020). To show possession of trade secrets, a plaintiff "must identify the trade secrets and carry the burden of showing they exist." *Id.* at 658 (quoting *MAI Sys. Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 522 (9th Cir. 1993)). The definition of what may be considered a trade secret is broad under both statutes. *See* 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d). Even so, a plaintiff must "clearly refer to tangible trade secret material" and not a "system which *potentially* qualifies for trade secret protection." *InteliClear,* 978 F.3d at 658 (quoting *Imax Corp. v. Cinema Techs., Inc.,* 152 F.3d 1161, 1167 (9th Cir. 1998)). Moreover, a plaintiff must "describe the subject matter of the trade secret with

JMBM | Jeffer Mangels Butler & Mitchell LLP

*sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *Ibid.* (quoting *Imax*, 152 F.3d at 1164). Yet, "[the] plaintiff need not 'spell out the details of the trade secret.'" *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 881 (N.D. Cal. 2018) (quoting *Autodesk, Inc. v. ZWCAD Software Co.*, 2015 WL 2265479, at *5 (N.D. Cal. May 13, 2015)). "[C]ourts are 'in general agreement that trade secrets need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported trade secrets.'" *Salesforce.com, Inc. v. GEA, Inc.*, 2021 WL 9860787, at *7 (N.D. Cal. Feb. 2, 2021) (quoting *Autodesk*, 2015 WL 2265479, at *6); *MBS Eng'g Inc., et al. v. Black Hemp Box, LLC*, 2021 WL 2458370, at *1 (N.D. Cal. June 16, 2021) ("obvious tension between the right of public access to court proceedings and the 'secret' part of a trade secret").

**B.** **Leave to Amend is Appropriate Because RoadRunner's Allegations Satisfy the Applicable Pleading Standards**

**1.** **No Reason to Deny Leave to Amend is Applicable Here**

*Strong evidence* of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment is required to deny leave to amend a complaint. *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117.

Here, none of these factors weigh in favor of denying leave to amend. First, there is no evidence, much less strong evidence, of undue delay, bad faith, repeated failure to cure deficiencies in the pleadings, or undue prejudice to Defendants. Further, as shown below, RoadRunner's SAC overcomes any perceived deficiencies in its FAC, and does not contradict the FAC, and therefore, there is no futility of amendment present here. *See Corinthian Colleges*, 655 F.3d at 995. Therefore, the Court should grant leave to amend the FAC.

**2.** **RoadRunner's Allegations in its Second Amended Complaint Satisfy the Applicable Pleading Standards**

RoadRunner's SAC "describes [RoadRunner's] secrets with sufficient particularity to separate them from matters of general knowledge or special knowledge in the trade." Dkt. 43 at

4:13-14. RoadRunner's SAC describes six trade secrets and further filed, under seal, Plaintiff's Identification of Trade Secrets, which explicitly discloses the six trade secrets in detail. RoadRunner's trade secrets at issue in this action are (1) the overall waste and recycling metering system, (2) smart camera apparatus, (3) optical assembly and design, (4) image preprocessing in camera apparatus for use by machine-learning training and operation, (5) training data stored in a database and comprising labeled and tagged images and associated metadata, and (6) algorithms and processes to generate data, analysis, and recommendations to customers, including fullness, emptiness, contamination, schedules, data ingestion efficiencies, and location analysis of waste containers.

The description and identification of these trade secrets is more than sufficient to meet the pleading standards and separate RoadRunner's trade secrets from matters of general knowledge or special knowledge in the trade. *See, e.g., MBS Eng'g*, 2021 WL 2458370, at *1 (providing concrete information about design and development of mobile hemp dryers, describing specific design features of the dryers, and explaining they were derived from confidential information found sufficient to meet pleading standards); *Alta Devices*, 343 F. Supp. 3d at 881 (description of thin-film GaAs solar technology and methods of high throughput thin-film deposition, epitaxial lift-off of the thin-film, and GaAs substrate maintenance and re-use sufficiently detailed to satisfy the pleading standards); *TMX Funding, Inc. v. Impero Technologies, Inc.*, 10-cv-00202, 2010 WL 2509979, at *3 (N.D. Cal. June 17, 2010) (listing nine categories of trade secrets found sufficient to meet pleading standards).

### 3. RoadRunner Has Not Publicly Disclosed its Trade Secrets

Neither RoadRunner's FAC or SAC described any of RoadRunner's trade secrets as merely the "arrangement and configuration" of its smart cameras. Indeed, they are much more. RoadRunner's SAC alleges details and features of its smart camera apparatus trade secret (Mellema Decl., Ex. A, ¶¶ 21-26) and explicitly identifies the components of the smart camera assembly by name:

> Compology's smart camera apparatus trade secret consists of both commercially available and proprietary, non-commercially available electronic components. Compology's smart camera apparatus includes a smart camera, including a CCM

JMBM | Jeffer Mangels
Butler & Mitchell LLP

with wide field-of-view camera lens, battery pack, high-durability injection-molded parts, including a "double shot" rear housing with TPE overmolding, front housing with recessed sensors for debris shielding, and camera and flash PCBA cutouts and mounting, and optical windows with high scratch-resistance, and specialized coatings; printed circuit board assemblies ("PCBAs") containing microcontrollers, external RAM integrated circuit ("IC"), wireless communication systems, accelerometer, GPS, environmental sensors, and a camera flash LED. Compology's smart camera assembly trade secret and its components and features are more fully detailed in Plaintiff's Identification of Trade Secrets. *Id.*, ¶ 23.

RoadRunner's SAC further alleges details and features of its optical assembly and design trade secret (*Id.*, ¶¶ 29-31) and explicitly identifies the components of the smart camera assembly by name: "Compology's optical assembly and design trade secret includes the camera lens, camera flash, sensor, and housing, including the housing's physical cutouts and mounting" (*Id.*, ¶ 31).

RoadRunner alleged that it specially designed the components and the integrated functions of the smart camera apparatus over the course of years to sufficiently capture "images within varying waste containers, in varying environments, with varying light exposure, while balancing those needs with preservation of battery life" within waste containers that blocked antenna signals, to accommodate loss of cellular communication, to lengthen the battery life of the apparatus; it also designed a unique battery pack with exotic battery chemistry to allow the apparatus to last five years or more in the field. *Id.*, ¶¶ 23-26. RoadRunner alleged that the components and integrated functions of the optical assembly and design were chosen "to prevent physical damage, decrease vibrations, and seal the optical design elements to prevent ingress and light penetration for sensitive optical and electronic components," and "for use with harsh weather conditions, durability to withstand physical damage, and to facilitate debris shedding." *Id.*, ¶¶ 29-30.

Neither RoadRunner's smart camera apparatus or optical assembly and design were publicly disclosed by (a) installing the smart camera apparatus in Defendants' (or others') waste containers under *strict non-disclosure and non-use provisions*, (b) describing high-level features of RoadRunner's technology and services on its website (https://perma.cc/S2LV-32LB), (c) pictures submitted to the Federal Communications Commission ("FCC") from which the smart camera apparatus could not be reverse engineered, much less the aforementioned six trade secrets, or (d) RoadRunner's high-level description of certain components found to be in common with Defendants' Pello device in its FAC, which also are not sufficient to reverse engineer

RoadRunner's smart camera apparatus. *See* Dkt. 43 at 4:19-5:9.

Merely viewing the smart camera apparatus installed in a waste container is not sufficient to recreate the smart camera apparatus or optical assembly and design, as RoadRunner alleges in its SAC. *Id.*, ¶¶ 28, 31. Further, it is not possible to replicate RoadRunner's smart camera apparatus or optical assembly and design trade secrets without unlawful access by third parties (e.g., a third party not subject to the Terms stealing the assembly from a waste container) and disassembly and reverse engineering (e.g., by Defendants or other third party subject to the Terms). *Id.* The acts of disassembly, reverse engineering, or deriving a product from the smart camera apparatus trade secret are strictly prohibited under the Terms, and thus, Defendants could not disassemble and recreate the smart camera assembly without violating the Terms and misappropriating the trade secrets therein. *See id.*, ¶¶ 45-46. This is precisely the manner in which RoadRunner alleges that Defendants misappropriated the smart camera assembly trade secret. *See id.*, ¶¶ 55-61.

Courts routinely recognize that disassembly and reverse engineering in this context constitute misappropriation because RecycleSmart wrongfully used confidential information protected from disassembly and reverse engineering and proceeded to derive products and processes to develop its Pello system and product. *See, e.g.*, *Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*, 2015 WL 5732595, at *9 (E.D. Cal. Sept. 28, 2015) (finding that acquiring enough confidential software keys to reverse engineer the software key technology was not reverse engineering "alone" under CUTSA and therefore constituted misappropriation); *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 650-51 (5th Cir. 1997) (using a boat mold for any purpose not authorized by the contract was misappropriation). Indeed, independent research or reverse engineering based in part on "any misappropriation" itself may give rise to a claim of misappropriation. *See Candy Craft Creations, LLC v. Gartner*, 2015 WL 1541507, at *23 (S.D. Ga. Mar. 31, 2015) (finding that acquiring only a part of plaintiff's trade secret process for wrongfully using to reverse engineer the process could give rise to claim of misappropriation).

Based on the foregoing, it is impossible for RoadRunner to have disclosed its smart camera apparatus or optical assembly and design trade secrets through publicly filed documents or on its

71868412

NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC.
TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

Jeffer Mangels
Butler & Mitchell LLP

JMBM

website.

#### 4. RoadRunner Sufficiently Describes its Training Data and Software Trade Secrets

Any perceived deficiencies in the FAC in describing RoadRunner's AI system is remedied by RoadRunner's SAC, namely, its allegations of its training data, how the training data is used to generate machine learning models, and how those machine learning models are implemented in RoadRunner's AI system to generate data, analysis, and recommendations for its customers in RoadRunner's algorithms and processes.

Specifically, RoadRunner alleged that it used training data, comprising millions of labeled and tagged images compiled and processed over many years, to train its machine learning models. *See id.*, ¶¶ 34-36. Those machine learning models are implemented in RoadRunner's AI system in accordance with its algorithms and processes, which are themselves trade secrets. *See id.*, ¶¶ 39-41. RoadRunner also alleged that its algorithms and processes are embodied in source and object code, and that, in operation, they are used "to perform services for its customers, including generation of data for its customers to monitor for its own business uses and recommendations of scheduling changes for use with collection schedules by waste generators and waste haulers (e.g., rightsizing), analysis, and recommendations, among other things." *Id.*, ¶ 41. Moreover, RoadRunner explicitly disclosed these trade secrets in Plaintiff's Identification of Trade Secrets.

These descriptions and disclosures are sufficient to meet the applicable pleading standards.

#### 5. RoadRunner Sufficiently Alleges the Mechanism by which Defendants Misappropriated its Trade Secrets

##### a. Smart Camera Apparatus; Optical Assembly and Design; Image Preprocessing Techniques

As alleged in the SAC, Compology initially installed smart cameras in RecycleSmart's waste containers. *Id.*, ¶ 52. Later on in their business relationship, RecycleSmart sought to, and obtained Compology's agreement, to install the smart cameras itself. *Id.* The smart cameras included the smart camera apparatus, optical assembly and design, and image preprocessing techniques. *Id.* Compology also provided RecycleSmart with access to its web applications and customer service support through numerous communications in which RecycleSmart sought, and

Jeffer Mangels
Butler & Mitchell LLP
JMBM

obtained, details concerning Compology's smart camera function and design. *Id.* RecycleSmart further had access to Compology's image preprocessing techniques that were identified in the text of Compology's compiled firmware code (i.e., firmware installed and functioning on the smart cameras), as well as by Compology firmware updates of Compology's smart cameras. *Id.*

RoadRunner alleged on information and belief that once RecycleSmart was provided the smart cameras to install on its own, that RecycleSmart disassembled and reverse engineered Compology's smart camera apparatus, optical assembly and design, and image preprocessing techniques to gain unlawful access to Compology's trade secrets. *Id.*, ¶¶ 55-59. RoadRunner alleged that these acts are violations of the Terms because RecycleSmart wrongfully used RoadRunner's smart cameras and used what it had learned through disassembly and reverse engineering to develop its competing Pello camera system. *Id.* As stated previously, allegations of misappropriation by use of confidential trade secret information to develop a competing derivation product are well recognized. *See, e.g.*, *Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*, 2015 WL 5732595, at *9 (E.D. Cal. Sept. 28, 2015); *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 650-51 (5th Cir. 1997); *Candy Craft Creations, LLC v. Gartner*, 2015 WL 1541507, at *23 (S.D. Ga. Mar. 31, 2015). Indeed, the "user of another's trade secret is liable even if he uses it with modifications or improvements upon it effected by his own efforts, so long as the substance of the process used by the actor is derived from the other's secret." *Mangren Rsch. & Dev. Corp. v. Nat'l Chem. Co.*, 87 F.3d 937, 943-45 (7th Cir. 1996) (quoting *In re Innovative Constr. Sys., Inc.*, 793 F.2d 875, 887 (7th Cir.1986)) (noting that "if trade secret law were not flexible enough to encompass modified or even new products that are substantially derived from the trade secret of another, the protections that law provides would be hollow indeed."); Cal. Civ. Code § 3426.1 (Legislative Committee Comment) ("The acquisition of the known product must of course, also be by a fair and honest means, such as purchase of the item on the open market for reverse engineering to be lawful.").

RoadRunner's allegations are well supported in fact. RoadRunner reviewed the Pello camera's FCC submissions, and Defendants' publicly available advertisements, and learned that the Pello camera system utilized virtually the same components as the Compology smart camera and functioned to provide the very same services as those provided by RoadRunner. Mellema

17

JMBM | Jeffer Mangels
Butler & Mitchell LLP

Decl., Ex. A, ¶ 63. Courts recognize that similarity in products or processes is evidence of misappropriation. *See, e.g., Flexible Techs., Inc. v. World Tubing Corp.*, 910 F. Supp. 109, 115 (E.D.N.Y. 1996) (finding "striking similarity" between the products "lends considerable weight" to plaintiff's misappropriation claim). Notably, the combination of physical components, access to Compology's training data (and thus, its machine learning models), as shown below, while offering the very same data, analysis, and recommendations to its customers, confirms that Defendants reverse engineered Compology's smart camera apparatus, optical assembly and design, and image preprocessing techniques trade secrets.

Moreover, the SAC alleges that RecycleSmart obtained Compology's smart camera system and, only after disclosure to RecycleSmart, did it develop its own competing Pello system incorporating RoadRunner's trade secrets. Mellema Decl., Ex. A, ¶¶ 49-54. RecycleSmart also sought details and knowledge about RoadRunner's smart camera system through numerous customer service communications, something it would not have to do unless it did not have the requisite knowledge to develop its own system. *Id.*, ¶ 52. This further confirms the basis upon which RoadRunner alleges misappropriation by Defendants. *See Gen. Elec. Co. v. Sung*, 843 F. Supp. 776, 780 (D. Mass. 1994) (finding evidence of misappropriation where the defendant did not have its own process or product prior to the plaintiff's disclosure of the process to the defendant and produced the product in two years what the plaintiff had taken 20 years to develop).

The *Khoros, LLC v. Lenovo (United States), Inc.*, 2020 WL 12655516 (N.D. Cal. Oct. 5, 2020) case is instructive. In *Khoros*, the plaintiff provided its Studio Tool application, APIs, and database model to defendant under a confidentiality agreement. The court found these items to be trade secrets, ruling that "[a] trade secret that is given to third parties under sufficiently strict confidentiality conditions can remain a trade secret. This is because the secrecy component is satisfied under DTSA when the owner 'has taken reasonable measures to keep such information secret,' 18 U.S.C. § 1839(3)(A), and under CUTSA when the secret is 'the subject of efforts that are reasonable under the circumstances to maintain its secrecy,' Cal. Civ. Code § 3426.1(d)(2)." *Id.* at *5. Just as with RoadRunner's trade secrets, "the Studio Tool . . . cannot be readily ascertained from public sources and the only people with access to the full Studio Tool itself are

71868412

NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC.
TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

under confidentiality obligations." *Id.* at *6. The court further found that misappropriation was plausibly pleaded because "[plaintiff] alleges that a customer with access to all six trade secrets and 'sufficient technical resources could reverse-engineer a substantially similar version of a [plaintiff]-created community platform website.'" *Id.* The court found that these allegations were supported based on allegations that Studio Tool had the same look and feel, code similarities, and inability for publicly acquired code to function with non-public elements. *Id.*

RoadRunner's allegations are similar. Compology provided its smart camera apparatus, optical assembly and design, and image preprocessing techniques to RecycleSmart only under strict confidentiality and use provisions. Mellema Decl., Ex. A, ¶ 55. These provisions forbade RecycleSmart from disassembly, reverse engineering, derivation, or gaining access to Compology's smart camera assemblies, Compology's software, or any other component of Compology's system. *Id.* Further, RoadRunner alleges that the Pello camera system is virtually identical to RoadRunner's smart camera system and offers the identical services to that offered by RoadRunner. *Id.*, ¶ 62-63. RecycleSmart's Pello system therefore wrongfully misappropriates all of RoadRunner's six identified trade secrets, just as in *Khoros*.

Based on the foregoing, RoadRunner's allegations meet and exceed the applicable pleading standards for misappropriation of RoadRunner's smart camera apparatus, optical assembly and design, and image preprocessing techniques.[1]

### b. Training data; Algorithms and Processes

RoadRunner's SAC clarifies the allegations of Defendants' access to and misappropriation of its training data and algorithm and processes trade secrets.

Defendants had access to RoadRunner's training data by downloading millions of labeled and tagged images output from RoadRunner's machine learning models as implemented in its AI system. *See id.*, ¶¶ 51, 60-63, 73-74, 84-86. In greater detail, RoadRunner alleged that its machine learning models generate machine- and human-labeled and tagged images and store them on

JMBM | Jeffer Mangels
Butler & Mitchell LLP

---

[1] RoadRunner also alleges that Defendants wrongfully disclosed the trade secrets to and shared Compology's smart camera apparatus with a third party manufacturer or developer of the Pello camera system. *Id.*, ¶ 64. This is a separate act of misappropriation based on wrongful disclosure.

RoadRunner's servers for use by RoadRunner's algorithms and processes. *See id.*, ¶¶ 53, 55. RoadRunner provided Defendants with the ability to download labeled and tagged images generated by RoadRunner's machine learning models. *Id.* In 2022, Defendants downloaded millions of these labeled and tagged images. *Id.*, ¶¶ 51, 53. The number of downloaded labeled and tagged images was sufficient for Defendants to recreate RoadRunner's training data and machine learning models. *Id.*, ¶ 53.

RoadRunner alleged, on information and belief, that Defendants downloaded a sufficiently large corpus of training data to derive Compology's training data, and trained machine learning models in violation of the Terms, thereby misappropriating Compology's training data trade secret. *Id.*, ¶ 60.[2] It is reasonable to believe that Defendants misappropriated Compology's training data trade secret. Indeed, Defendants advertise "an AI-powered system to monitor bin capacity, fullness, contamination, reduce unnecessary trips and emissions, and recommend efficient scheduling, the very same services that [RoadRunner] offered and delivered to [Defendants] during their business relationship" including RoadRunner's rightsizing scheduling algorithm. *Id.* These services are precisely the outputs that RoadRunner's machine learning models were trained to provide. RoadRunner also learned that Defendants had placed Pello cameras alongside RoadRunner's cameras in ***hundreds*** of the same waste containers, allowing Defendants to quickly validate their machine learning models by comparing RoadRunner's camera system images against the Pello camera images. *Id.*, ¶ 61. This cannot be understated—at the same time RecycleSmart was downloading millions of images taken by Compology's cameras, it was also compiling additional images from ***hundreds*** of Pello cameras in the same waste containers. These facts establish RecycleSmart's motive and intent to take Compology's trade secrets for its own.

The *Beco* case is instructive. In *Beco*, the defendant provided software keys to the plaintiff only under a contractual relationship. 2015 WL 5732595, at *9. The defendant alleged that the plaintiff could not "copy or distribute *any* hardware or software involved *for all products.*" *Id.* The

---

[2] While Defendants have previously argued that they "own" the image date they received from Compology, that does not mean it can use the data in violation of the Terms by deriving Compology's training data set. This is simply more evidence that RecycleSmart's motives were to take and use Compology's trade secrets with impunity.

JMBM | Jeffer Mangels Butler & Mitchell LLP

court found these allegations sufficient to plead misappropriation from the plaintiff's acquisition of enough software keys to make reverse engineering of its software keys and encryption software possible, and ruled that the plaintiff's "actions are improper because they constitute *more* than **reverse engineering alone**. *Id.* (emphasis in original). Similarly here, RoadRunner provided millions of labeled and tagged images—of sufficiently critical number—that RecycleSmart could recreate RoadRunner's training data set and train its machine learning models. But RecycleSmart was prohibited from using such data to derive RoadRunner's training data from these images. As in *Beco*, RecycleSmart's actions constitute improper means by which it gained access to and derived RoadRunner's training data trade secret, and is more than reverse engineering alone.

Defendants also had access to RoadRunner's algorithms and processes. RoadRunner alleged that it "provided [Defendants] with its web application and access to customer service technicians and engineers, soliciting and receiving technical details concerning Compology's data and processes," which was sufficient to learn and RoadRunner's algorithms and processes trade secrets. *Id.*, ¶ 54. Notably, RoadRunner's services included data, analysis, and recommendations to Defendants through access to RoadRunner's web application from which Defendants could learn RoadRunner's algorithms and processes. *Id.*, ¶ 62. Through this access, Defendants were able to see the structure and data input and outputs of RoadRunner's algorithms and processes. *Id.* As mentioned above, Defendants' advertisements feature the same services as that offered by RoadRunner, including RoadRunner's rightsizing scheduling algorithm. *Id.*, ¶ 60. By this mechanism, Defendants misappropriated RoadRunner's algorithms and processes.

RoadRunner's allegations concerning Defendants' misappropriation are more than sufficient to meet the applicable pleading standards.

## IV.   ROADRUNNER CAN AMEND ITS COMPLAINT TO ADD ADDITIONAL TRADE SECRET DESCRIPTION AS NEEDED

RoadRunner has alleged sufficient description of its trade secrets to satisfy the motion to dismiss pleading standards. RoadRunner further filed, under seal, a detailed identification of its trade secrets in Plaintiff's Identification of Trade Secrets. Courts in this District routinely grant leave to amend to include additional trade secret description. *See, e.g.*, *Carl Zeiss Meditec, Inc. v.*

JMBM | Jeffer Mangels Butler & Mitchell LLP

*Topcon Med. Sys., Inc.,* 2019 WL 11499334, at \*2, 5 (N.D. Cal. Nov. 13, 2019) (granting leave to amend DTSA and CUTSA claims); *Space Data Corp. v. X*, 2017 WL 5013363, at \*2 (N.D. Cal. Feb. 16, 2017) (same); *Stemcell Techs. Can. Inc. v. Stemexpress, LLC*, 2021 WL 5349106, at \*1 (N.D. Cal. Nov. 17, 2021). Should the Court determine that additional clarity in its trade secret description is required, RoadRunner can, and will, amend its SAC.

## V.  CONCLUSION

Based on the foregoing, RoadRunner's motion for leave to amend should be granted in its entirety.

DATED:  January 16, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
SHAVON HENRY
JOSEPH J. MELLEMA


By: _____
JOSEPH J. MELLEMA
Attorneys for Plaintiff
ROADRUNNER RECYCLING, INC.

22

Case No. 3:23-cv-04804-WHA

71868412                NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC.
TO AMEND FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

# CERTIFICATE OF SERVICE

I hereby certify that on this 16 day of January, 2024, I electronically filed the foregoing **NOTICE OF MOTION AND MOTION OF ROADRUNNER RECYCLING, INC. TO AMEND FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Counsel | Email Address |
|---|---|
| Andrew H DeVoogd | AHDeVoogd@mintz.com |
| | TMMcGrath@mintz.com |
| Arameh Zargham O'Boyle | azoboyle@mintz.com |
| | docketing@mintz.com |
| | GJLeon@mintz.com |
| Daniel B. Weinger | dbweinger@mintz.com |
| James M Wodarski | jmwodarski@mintz.com |
| James Mark Neudecker | JNeudecker@jmbm.com |
| | aw5@jmbm.com |
| Joseph James Mellema | jmellema@jmbm.com |
| | clopez@jmbm.com |
| | mastercalendar@jmbm.com |
| | msommer@jmbm.com |
| Nicholas W Armington | nwarmington@mintz.com |
| Shavon Henry | sh6@jmbm.com |
| Stanley Martin Gibson | sgibson@jmbm.com |
| | im3@jmbm.com |
| | lo2@jmbm.com |
| | mastercalendar@jmbm.com |
| Tianyi Tan | TTan@mintz.com |

I also certify the document and a copy of the Notice of Electronic Filing was served via on the following non-CM/ECF participants:

_____
Joseph J. Mellema