1 | Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
2 | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
3 | 2049 Century Park East, Suite 300
Los Angeles, CA 90067
4 | Telephone: 310-586-3200
Facsimile: 310-586-3202

James M. Wodarski (*Admitted Pro Hac Vice*)
JWodarski@mintz.com
Daniel B. Weinger (*Admitted Pro Hac Vice*)
DBWeinger@mintz.com
Andrew H. DeVoogd (*Admitted Pro Hac Vice*)
AHDeVoogd@mintz.com
Nicholas W. Armington (*Admitted Pro Hac Vice*)
NWArmington@mintz.com
Tianyi Tan (*Admitted Pro Hac Vice*)
TTan@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
|---|---|
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC. and RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | |
| | Hearing:<br>Date: February 29, 2024<br>Time: 8:00 a.m.<br>Location: 450 Golden Gate Avenue<br>Courtroom 12 – 19th Floor<br>San Francisco, CA 94102 |
| | Complaint Filed: August 4, 2023<br>Trial Date: December 9, 2024 |

1
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rule of Evidence 201, Defendants Recycle Track Systems, Inc. ("RTS") and RecycleSmart Solutions Inc. ("RecycleSmart") (collectively, "Defendants") requests that the Court take judicial notice of the following documents in support of their Opposition to Plaintiff's Motion for Leave to Amend First Amended Complaint ("Opposition"). All exhibit references correspond to the exhibits attached to the supporting Declaration of Daniel B. Weinger, filed concurrently herewith.

- **Exhibit 1**: eBay listing of the Compology R13 Sensor, titled "COMPOLOGY Model R13 Waste Monitoring Metering Camera Wireless Dumpster," available at https://www.ebay.com/itm/266422745021.
- **Exhibit 2**: eBay listing of the Compology R13 Sensor, titled "COMPOLOGY Model R13 Waste Monitoring Metering Camera Wireless Dumpster," available at https://www.ebay.com/itm/165986465824.
- **Exhibit 3**: eBay listing of the Compology R13 Sensor, titled "Compology R13 Dumpster Monitoring Camera / Waste Metering," available at https://www.ebay.com/itm/404675854951.
- **Exhibit 4**: eBay listing of the Compology R13 Sensor, titled "Compology R13 Dumpster Monitoring Camera / Waste Metering," available at https://www.ebay.com/itm/275331948516.
- **Exhibit 5**: eBay listing of the Compology R13 Sensor, titled "COMPOLOGY R13 TRASH CAN SENSOR (900-0003) – LOT OF 10," available at https://www.ebay.com/itm/255952710522.
- **Exhibit 6**: OfferUp listing of the Compology R13 Sensor, titled "Compology R13 Camera," available at https://offerup.com/item/detail/1585793083.
- **Exhibit 7**: FCC ISED Report of the Compology R13 Sensor, available at https://fcc.report/FCC-ID/2AO44-R13/4285590.pdf.

- **Exhibit 8**: Compology's article posted on Medium, titled "From The Stone Age To The Future: Indisputable Service Verification For Waste Has Arrived," available at https://medium.com/@compology/from-the-stone-age-to-the-future-indisputable-service-verification-for-waste-has-arrived-440afa707a83.

## I. LEGAL STANDARD

A court may take judicial notice of documents and information of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Cal. Sportfishing Prot. Alliance v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1037-39 (N.D. Cal. 2017). Judicial notice is appropriate for facts "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As described below, courts may take judicial notice of public webpages and public documents, such as those posted by the plaintiff itself and those filed with the Federal Communications Commission ("FCC"), for the purpose of establishing what information is within the public record.

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-6 AND 8

### A. Exhibits 1-6 and 8: Public Webpages and Documents

Federal Rule of Evidence 201 allows the Court to take notice of facts that are not reasonably in dispute because "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Here, the Court should take notice of Exhibits 1-6 and 8, each of which is a public webpage or document, including Compology's own webpage, as appropriate subjects of judicial notice of the public availability of such information. *See* Dkt. No. 43 at 4-5.

Courts in the Ninth Circuit have found that, "[i]n this new technological age . . . company documents may be judicially noticed insofar as they are available via the worldwide web." *In re Tourism Assessment Fee Litig.*, 2009 WL 10185458, at *4-5 (quotation and citation omitted); *see, e.g.*, *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of Xbox screen shot showing update requirements where, "the fact of the update cannot be reasonably disputed because inserting the Mass Effect 2 disc in any Xbox game player will show the update."); *Parallel Synthesis Techs., Inc. v. DeRisi*, No. 5:13-CV-05968-PSG, 2014 WL 4748611,

at *3 (N.D. Cal. Sept. 23, 2014) ("because the documents' authenticity is not in dispute and may be verified by resort to the public record, the court takes judicial notice of the guideline and patent policy webpages[.]"). Therefore, the Court should take notice of Exhibits 1-6 and 8.

### B. Exhibit 7: Plaintiff's FCC Submission

RoadRunner also submitted relevant information to the FCC, which bear directly on RoadRunner's claims of secrecy. *See* Exhibit 7. Per Federal Rule of Evidence 201, the accuracy of documents submitted to the FCC cannot reasonably be questioned. That is especially true here where the purpose RecycleSmart wishes to make of the FCC submissions is merely their existence—the specific technical details are not important, only that RoadRunner publicly disclosed information about their sensors. Specifically, RoadRunner claims that the "arrangement and configuration of these components" in their sensors "is a closely held trade secret and is not made available to members of the public." Yet Compology (now RoadRunner) submitted detailed information and images of these components to the FCC. The model, arrangement, and configuration of the components cannot be both a closely held trade secret and publicly available via the FCC. The Court should take judicial notice of these submissions which bear directly on RoadRunner's claims, because RoadRunner's public disclosure of the purportedly trade secret-protected "arrangement and configuration" of the internal sensor components depicted to the world on the FCC website negates any claims of secrecy. *See Plumlee v. Pfizer, Inc.*, No. 13-CV-00414-LHK, 2014 WL 4275519, at *7 n.7 & *8 (N.D. Cal. Aug. 29, 2014) (taking judicial notice of "[d]efendant's submissions of numerous articles, excerpts from books, websites, and other publications" which contradicted plaintiff's claims that "no media or information criticizing Zoloft's efficacy existed during this time period to which a reasonably diligent consumer would have been exposed.").

Courts in this district routinely take judicial notice of FCC documents. *See, e.g.*, Dkt. No. 43 at 4-5 (finding that "the FCC webpages containing public images of the internal configuration of the cameras that RoadRunner submitted to the agency, which include readily identifiable chips, batteries, circuit board layout, and so forth" are "appropriate subject[s] of judicial notice of the public availability of this information"); *Pieterson v. Wells Fargo Bank, N.A.*, 17-cv-2306, No. 17-CV-

02306-EDL, 2018 WL 3241069, at *4 n.1 (N.D. Cal. July 2, 2018) (taking notice of FCC filings because "they were filed as part of the public record in a court or administrative proceeding." (citing *Spitzer v. Aljoe*, 2016 2016 WL 3275148, at *2 (N.D.Cal. June 15, 2016)); *Meyer v. Bebe Stores, Inc.*, 14-cv-267, 2015 WL 1223658, *3 n.3 ("Defendant's requests for judicial notice of the Sensia Petition and various related documents available on the FCC's website (Dkt. Nos. 56-3, 63-3) are Granted pursuant to Federal Rule of Evidence 201(b). *See, e.g.*, *Cellco P'ship v. F.C.C.*, 357 F.3d 88, 96 (D.C. Cir. 2004) (taking judicial notice of an FCC report)."); *Levi v. Comcast Holdings Corp.*, 13-cv-5604, 2014 U.S. Dist. LEXIS 198299, at *3 (N.D. Cal. June 2, 2014) (taking judicial notice of petitions to the FCC under FRE 201). Therefore, the Court should also take notice of Exhibit 7.

Dated: January 30, 2024

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.

*/s/ Daniel B. Weinger*
Arameh Zargham O'Boyle
James M. Wodarski (*Admitted Pro Hac Vice*)
Daniel B. Weinger (*Admitted Pro Hac Vice*)
Andrew H. DeVoogd (*Admitted Pro Hac Vice*)
Nicholas W. Armington (*Admitted Pro Hac Vice*)
Tianyi Tan (*Admitted Pro Hac Vice*)

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.