1  JEFFER MANGELS BUTLER & MITCHELL LLP
   STANLEY M. GIBSON (Bar No. 162329)
2  *sgibson@jmbm.com*
   JAMES NEUDECKER (Bar No. 221657)
3  *jneudecker@jmbm.com*
   2 Embarcadero Center, 5th Floor
4  San Francisco, CA 94111
   Telephone:   (415) 398-8080
5  Facsimile:   (415) 398-5584

6  SHAVON HENRY (Bar No. 326855)
   *Shenry@jmbm.com*
7  1900 Avenue of the Stars, 7th Floor
   Los Angeles, CA 90067-4308
8  Telephone: (310) 203-8080
   Facsimile: (310) 203-0567

9
   JOSEPH J. MELLEMA (Bar No. 248118)
10 *jmellema@jmbm.com*
   3 Park Plaza, Suite 1100
11 Irvine, California 92614-2592
   Telephone:   (949) 623-7200
12 Facsimile:   (949) 623-7202

13 Attorneys for Plaintiff
   ROADRUNNER RECYCLING, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | *Assigned for All Purposes to:*<br>Hon. William H. Alsup, Courtroom 12 |
| v. | **ROADRUNNER RECYCLING, INC. 'S ADMINISTRATIVE MOTION TO FILE REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT UNDER SEAL** |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC. | |
| Defendants. | |
| | *Filed concurrently with Declaration Of Stanley M. Gibson; [Proposed] Order* |
| | Complaint Filed: August 4, 2023<br>Trial Date: December 9, 2024 |

Case No. 3:23-cv-04804-WHA
ROADRUNNER RECYCLING, INC. 'S ADMINISTRATIVE MOTION TO FILE REPLY UNDER SEAL

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 9-5, Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") hereby requests that the Court order Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Amend First Amended Complaint ("**Reply**") be filed under seal. This Motion is accompanied by: (1) the Declaration of Stanley M. Gibson ("Gibson Decl."); (2) a Proposed Order; and (3) an unredacted, confidential version of Plaintiff's Reply attached as Exhibit A to the Gibson Declaration. Specifically, RoadRunner seeks to file the entirety of Plaintiff's Reply under seal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2024, RoadRunner filed its Motion for Leave to Amed First Amended Complaint in the California Superior Court of San Francisco, including a copy Plaintiff's Second Amended Complaint. See Dkt. 45, Ex. A. On that same date, Plaintiff also filed an Administrative Motion to File Under Seal Plaintiff's Identification of Trade Secrets, including a copy of Plaintiff's Identification of Trade Secrets. See Dkt. 46, Ex. A.

On January 30, 2024, Defendants filed an Opposition to Plaintiff's Motion for Leave to Amend First Amended Complaint ("Opposition") under seal. See Dkt. 53. On that same date, Defendants filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. See Dkt. 52.

## II. LEGAL ARGUMENT

### A. Legal Standard

The Court has the inherent authority to seal documents to protect the release of trade secrets. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433-1434 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings.) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011)). United States District Court for the Northern District Local Rule 79-5 permits a party to request that all or part of document be filed under seal.

### B. RoadRunner Requests that the Court Order Reply to Defendants' Opposition to Plaintiff's Motion to Amend First Amended Complaint be Filed Under Seal

In order to comply with the Court's Order (Dkt. 43) and Code of Civil Procedure Section 2019.210, RoadRunner was required to identify and disclose confidential and proprietary information in the form of its trade secrets. *See* Cal. Code Civ. Proc. Section 2019.210 ("In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.").

RoadRunner requests that Plaintiff's Reply be sealed in its entirety because its contains discussions of disclosures under Code of Civil Procedure Section 2019.210. The purpose of a disclosure under Code of Civil Procedure Section 2019.210 is to identify RoadRunner's trade secrets with reasonable particularity and thus, the contents of Plaintiff's Identification of Trade Secrets are specifically directed to that purpose and disclose RoadRunner's trade secrets such that the publication of its contents could result in infringement of RoadRunner's trade secrets. Gibson Decl., ¶ 3. A narrower redacted version of this document is not possible because the entirety of its contents are directed toward responding to Defendants' arguments that RoadRunner has not identified its trade secrets with reasonable particularity. *Id.*, ¶ 4. RoadRunner operates in a competitive market, and therefore, disclosure of the information contained in Plaintiff's Identification of Trade Secrets would cause it irreparable competitive injury. *Id.*, ¶ 5. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information and trade secrets to further their competing products and thereby to gain an unfair advantage from RoadRunner's years of research, development, and other experience in the industry. *Id*.

These facts establish good cause and "compelling reasons" to seal the document in its entirety. *See, e.g., Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.,* 360 F. Supp. 3d 994, 1021 (N.D. Cal. 2018), *aff'd*, 815 F. App'x 117 (9th Cir. 2020) (finding "compelling justifications" support sealing plaintiff's "trade secret disclosures"); *Microsoft Corp. v. Hon Hai Precision Indus.*

*Co.*, 2020 WL 4901610, at *6 (N.D. Cal. Aug. 20, 2020) (granting request to seal of document containing "trade secret information"); *Illumina, Inc. v. BGI Genomics Co.*, 559 F. Supp. 3d 1072, 1093 (N.D. Cal. 2021) ("The Ninth Circuit has explained that examples of "compelling reasons" include the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.")(citations omitted); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1161 (N.D. Cal. 2021) ("Indeed, this Court and many others have held that the compelling reasons standard applies to the sealing of a complaint precisely because the complaint forms the foundation of the lawsuit.")

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and order Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Amend First Amended Complaint be filed under seal.

DATED: February 6, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
SHAVON HENRY
JOSEPH J. MELLEMA

By: _____
STANLEY M. GIBSON
JAMES NEUDECKER
SHAVON HENRY
JOSEPH J. MELLEMA
Attorneys for Plaintiff
ROADRUNNER RECYCLING, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, I electronically filed the foregoing **ROADRUNNER RECYCLING, INC. 'S ADMINISTRATIVE MOTION TO FILE REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT UNDER SEAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Counsel | Email Address |
|---|---|
| Andrew H DeVoogd | AHDeVoogd@mintz.com |
|  | TMMcGrath@mintz.com |
| Arameh Zargham O'Boyle | azoboyle@mintz.com |
|  | docketing@mintz.com |
|  | GJLeon@mintz.com |
| Daniel B. Weinger | dbweinger@mintz.com |
| James M Wodarski | jmwodarski@mintz.com |
| James Mark Neudecker | JNeudecker@jmbm.com |
|  | aw5@jmbm.com |
| Joseph James Mellema | jmellema@jmbm.com |
|  | clopez@jmbm.com |
|  | mastercalendar@jmbm.com |
|  | msommer@jmbm.com |
| Nicholas W Armington | nwarmington@mintz.com |
| Shavon Henry | sh6@jmbm.com |
| Stanley Martin Gibson | sgibson@jmbm.com |
|  | im3@jmbm.com |
|  | lo2@jmbm.com |
|  | mastercalendar@jmbm.com |
| Tianyi Tan | TTan@mintz.com |

I also certify the document and a copy of the Notice of Electronic Filing was served via on the following non-CM/ECF participants:

_____
Stanley M. Gibson