1  JEFFER MANGELS BUTLER & MITCHELL LLP
   STANLEY M. GIBSON (Bar No. 162329)
2  *sgibson@jmbm.com*
   JAMES NEUDECKER (Bar No. 221657)
3  *jneudecker@jmbm.com*
   2 Embarcadero Center, 5th Floor
4  San Francisco, CA 94111
   Telephone:    (415) 398-8080
5  Facsimile:    (415) 398-5584

6  SHAVON HENRY (Bar No. 326855)
   *Shenry@jmbm.com*
7  1900 Avenue of the Stars, 7th Floor
   Los Angeles, CA 90067-4308
8  Telephone: (310) 203-8080
   Facsimile: (310) 203-0567

9  JOSEPH J. MELLEMA (Bar No. 248118)
10 *jmellema@jmbm.com*
   3 Park Plaza, Suite 1100
11 Irvine, California 92614-2592
   Telephone:    (949) 623-7200
12 Facsimile:    (949) 623-7202

13 Attorneys for Plaintiff
   ROADRUNNER RECYCLING, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | *Assigned for All Purposes to:*<br>Hon. William H. Alsup, Courtroom 12 |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC.,S | **ROADRUNNER RECYCLING, INC.'S OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** |
| Defendants. | |
| | Complaint Filed:  August 4, 2023<br>Trial Date:  December 9, 2024 |

The Court need only take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As set forth below, none of the documents attached as exhibits to the Weinger Declaration satisfy this standard. Further, the Court need not take judicial notice of facts that are irrelevant. *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 975–976 (9th Cir. 2006).

Further, "[w]hile the rules allow a court to take judicial notice at any stage of the proceedings, . . . it should be done sparingly at the pleadings stage." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007). "Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." *Id.*

## I. **EXHIBITS 1-6**

Each of the foregoing exhibits are links to a website, *www.eBay.com* and/or *offerup.com*, containing posts that purport to sell items that have not been properly authenticated pursuant to Fed. R. Evid. 901 and thus, do not constitute a judicially noticeable fact. *See* Fed. R. Evid. 901(b)(1) (requiring the testimony of a witness ***with knowledge*** "that an item is what it is claimed to be."). The website posts are evidence only of unverified information that has not been properly authenticated by affidavit and is unreliable, as it was ostensibly entered onto the websites by unidentified and unknown third-parties. *See In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) (discussing judicial notice: "information from the internet does not necessarily bear an indicia of reliability and therefore must be properly authenticated by affidavit."), *citing Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007). As Defendants have not provided the requisite authentication with their request, the foregoing exhibits are not properly the subject of judicial notice.

Notably, *In re Tourism Assessment Fee Littig.* ("*In re Toursim*"), 2009 WL 10185458 (S.D. Cal. Feb. 19, 2009), relied upon by Defendants for the proposition that such internet materials are admissible, does not address the sale of alleged trade secrets on a third-party website by an unidentified third-party seller. *See In re Tourism* at *4 ("Courts are finding more frequently

1 that "[i]n this new technological age, official government or company documents may be
2 judicially noticed insofar as they are available via the worldwide web."); *see also Datel Holdings*
3 *Ltd. v. Microsoft Corp.,* 712 F. Supp. 2d 974, 985 (N.D. Cal. 2019) (distinguished by the fact that
4 judicial notice was of a static screenshot taken directly from Microsoft's "Xbox game player").

5   Here, the links to the websites and their corresponding webpages do not contain official
6 government or company documents noticed in *In re Tourism*. Rather, they contain unverified and
7 unauthenticated products for sale that are in dispute by Plaintiff and are thus not properly the
8 subject of judicial notice. *See In re Easysaver Rewards Litig.*, 737 F. Supp. 2d at 1168 ("Because
9 the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-
10 examination, and argument to attack contrary evidence, caution must be used in determining that a
11 fact is beyond controversy under Rule 201(b).") (quotation and citation omitted).

## II. **EXHIBIT 8**

13   As indicated above, the Court need not take judicial notice of facts that are irrelevant. *See*
14 *Great Basin Mine Watch*, 456 F.3d at 975–976. Here, the article attached to the Weinger
15 Declaration as Exhibit 8 is irrelevant and thus not appropriately subject to judicial notice. The
16 Court's notice of the article would be solely as to the article's existence and not of the veracity of
17 the statements contained therein. *See Opperman v. Kong Technologies, Inc.*, 2017 WL 3149295,
18 at *4 (N.D. Cal. July 25, 2017) ("[T]he Court takes judicial notice only of the existence of the
19 document, not of the veracity of allegations or legal conclusions asserted in it."), *citing Lee v. City*
20 *of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Here, Defendants make yet another attempt
21 to splice out the public-facing language that RoadRunner has used to describe its technology from
22 RoadRunner's comprehensive description of its trade secrets in its pleadings filed with this
23 Court—pleadings that necessarily contain descriptions of its technology, similar to descriptions
24 made elsewhere. The Court cannot notice the article for its substance or for the "truth of the
25 matters asserted therein." *Curry v. Yelp Inc.*, 2015 WL 1849037, at *4 (N.D. Cal. Apr. 21, 2015).
26 Thus, it is irrelevant at the pleading stage and the article is not appropriately subject to judicial
27 notice.

Respectfully submitted,

DATED: February 6, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
SHAVON HENRY
JOSEPH J. MELLEMA

By: _____
STANLEY M. GIBSON
Attorneys for Plaintiff
ROADRUNNER RECYCLING, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, I electronically filed the foregoing **ROADRUNNER RECYCLING, INC.'S OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Counsel | Email Address |
| --- | --- |
| Andrew H DeVoogd | AHDeVoogd@mintz.com |
| | TMMcGrath@mintz.com |
| Arameh Zargham O'Boyle | azoboyle@mintz.com |
| | docketing@mintz.com |
| | GJLeon@mintz.com |
| Daniel B. Weinger | dbweinger@mintz.com |
| James M Wodarski | jmwodarski@mintz.com |
| James Mark Neudecker | JNeudecker@jmbm.com |
| | aw5@jmbm.com |
| Joseph James Mellema | jmellema@jmbm.com |
| | clopez@jmbm.com |
| | mastercalendar@jmbm.com |
| | msommer@jmbm.com |
| Nicholas W Armington | nwarmington@mintz.com |
| Shavon Henry | sh6@jmbm.com |
| Stanley Martin Gibson | sgibson@jmbm.com |
| | im3@jmbm.com |
| | lo2@jmbm.com |
| | mastercalendar@jmbm.com |
| Tianyi Tan | TTan@mintz.com |

I also certify the document and a copy of the Notice of Electronic Filing was served via on the following non-CM/ECF participants:

Stanley M. Gibson