JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*jneudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

SHAVON HENRY (Bar No. 326855)
*Shenry@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone: (949) 623-7200
Facsimile: (949) 623-7202

Attorneys for Plaintiff
ROADRUNNER RECYCLING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC. <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> *Assigned for All Purposes to:* <br> Hon. William H. Alsup, Courtroom 12 <br><br> **ROADRUNNER RECYCLING, INC. 'S ADMINISTRATIVE MOTION TO FILE AN UNREDACTED VERSION OF ITS REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT UNDER SEAL** <br><br> *Filed concurrently with Declaration Of Stanley M. Gibson; [Proposed] Order* <br><br> Complaint Filed: August 4, 2023 <br> Trial Date: December 9, 2024 |

71954695

Case No. 3:23-cv-04804-WHA

ROADRUNNER RECYCLING, INC. 'S ADMINISTRATIVE MOTION TO FILE REPLY UNDER SEAL

1  PLEASE TAKE NOTICE that pursuant to Civil Local Rule 9-5, Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") hereby requests that the Court order Plaintiff's Unredacted Reply to Defendants' Opposition to Plaintiff's Motion to Amend First Amended Complaint be filed under seal. This Motion is accompanied by: (1) the Declaration of Stanley M. Gibson ("Gibson Decl."); (2) a Proposed Order; and (3) an unredacted, confidential version of Plaintiff's Reply attached as Exhibit A to the Gibson Declaration. Specifically, RoadRunner seeks to file the unredacted version of Plaintiff's Reply under seal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2024, RoadRunner filed its Motion for Leave to Amend First Amended Complaint, including a copy Plaintiff's Second Amended Complaint. See Dkt. 45, Ex. A. On that same date, Plaintiff also filed an Administrative Motion to File Under Seal Plaintiff's Identification of Trade Secrets, including a copy of Plaintiff's Identification of Trade Secrets. See Dkt. 46, Ex. A.

On January 30, 2024, Defendants filed an Opposition to Plaintiff's Motion for Leave to Amend First Amended Complaint ("Opposition") under seal. See Dkt. 53. On that same date, Defendants filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. See Dkt. 52.

## II. LEGAL ARGUMENT

### A. Legal Standard

The Court has the inherent authority to seal documents to protect the release of trade secrets. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433-1434 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings.) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011)). United States District Court for the Northern District Local Rule 79-5 permits a party to request that all or part of document be filed under seal.

## B. RoadRunner Requests that the Court Order Portions of the Reply to Defendants' Opposition be Filed Under Seal

In order to comply with the Court's Order (Dkt. 43) and Code of Civil Procedure Section 2019.210, RoadRunner was required to identify and disclose confidential and proprietary information in the form of its trade secrets. *See* Cal. Code Civ. Proc. Section 2019.210 ("In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.").

RoadRunner requests that the unredacted version of RoadRunner's Reply be sealed because its contains discussions or information from the disclosures under Code of Civil Procedure Section 2019.210. *See* Gibson Decl., Ex. A (unredacted version of Reply)[1]. The purpose of a disclosure under Code of Civil Procedure Section 2019.210 is to identify RoadRunner's trade secrets with reasonable particularity and thus, the contents of Plaintiff's Identification of Trade Secrets ("ITS") are specifically directed to that purpose and disclose RoadRunner's trade secrets such that the publication of its contents could result in infringement of RoadRunner's trade secrets. Gibson Decl., ¶ 3. RoadRunner's reply incorporates discussion and information from the ITS to rebut portions of Defendants' opposition brief that discussed and disclosed portions of the ITS. *Id.* RoadRunner has only redacted the portions of its reply that discuss or disclose portions of the ITS in an effort to comply with N.D. Cal. L.R. 79-5(e). *Id.*, ¶ 4. RoadRunner operates in a competitive market, and therefore, disclosure of the information contained in Plaintiff's Identification of Trade Secrets would cause it irreparable competitive injury. *Id.*, ¶ 5. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information

---

[1] RoadRunner is mindful of N.D. Cal. L. R. 79-5's admonition not to seek sealing of entire briefs except under extraordinary circumstances. RoadRunner thus filed the brief with minimal redactions, and apologizes for the previously filed version, as it was RoadRunner's intent to file only portions of the document under seal.

and trade secrets to further their competing products and thereby to gain an unfair advantage from RoadRunner's years of research, development, and other experience in the industry. *Id.*

These facts establish good cause and "compelling reasons" to seal portions of the reply. *See, e.g., Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.,* 360 F. Supp. 3d 994, 1021 (N.D. Cal. 2018), *aff'd*, 815 F. App'x 117 (9th Cir. 2020) (finding "compelling justifications" support sealing plaintiff's "trade secret disclosures"); *Microsoft Corp. v. Hon Hai Precision Indus. Co.,* 2020 WL 4901610, at *6 (N.D. Cal. Aug. 20, 2020) (granting request to seal of document containing "trade secret information"); *Illumina, Inc. v. BGI Genomics Co.*, 559 F. Supp. 3d 1072, 1093 (N.D. Cal. 2021) ("The Ninth Circuit has explained that examples of "compelling reasons" include the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.")(citations omitted); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1161 (N.D. Cal. 2021) ("Indeed, this Court and many others have held that the compelling reasons standard applies to the sealing of a complaint precisely because the complaint forms the foundation of the lawsuit.")

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and order that the unredacted version of Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Amend First Amended Complaint be sealed as set forth in Exhibit A to the Declaration of Stanley M. Gibson.

DATED: February 8, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
SHAVON HENRY
JOSEPH J. MELLEMA

By: /s/ S. M. Gibson

STANLEY M. GIBSON
JAMES NEUDECKER
SHAVON HENRY
JOSEPH J. MELLEMA
Attorneys for Plaintiff
ROADRUNNER RECYCLING, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2024, I electronically filed the foregoing **ROADRUNNER RECYCLING, INC. 'S ADMINISTRATIVE MOTION TO FILE REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT UNDER SEAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Counsel | Email Address |
| --- | --- |
| Andrew H DeVoogd | AHDeVoogd@mintz.com |
| | TMMcGrath@mintz.com |
| Arameh Zargham O'Boyle | azoboyle@mintz.com |
| | docketing@mintz.com |
| | GJLeon@mintz.com |
| Daniel B. Weinger | dbweinger@mintz.com |
| James M Wodarski | jmwodarski@mintz.com |
| James Mark Neudecker | JNeudecker@jmbm.com |
| | aw5@jmbm.com |
| Joseph James Mellema | jmellema@jmbm.com |
| | clopez@jmbm.com |
| | mastercalendar@jmbm.com |
| | msommer@jmbm.com |
| Nicholas W Armington | nwarmington@mintz.com |
| Shavon Henry | sh6@jmbm.com |
| Stanley Martin Gibson | sgibson@jmbm.com |
| | im3@jmbm.com |
| | lo2@jmbm.com |
| | mastercalendar@jmbm.com |
| Tianyi Tan | TTan@mintz.com |

I also certify the document and a copy of the Notice of Electronic Filing was served via on the following non-CM/ECF participants:

Stanley M. Gibson