JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*jneudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:     (415) 398-8080
Facsimile:     (415) 398-5584

SHAVON HENRY (Bar No. 326855)
*shenry@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:(310) 203-8080
Facsimile: (310) 230-0567

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:     (949) 623-7200
Facsimile:     (949) 623-7202

Attorneys for Plaintiff
ROADRUNNER RECYCLING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> *Assigned for All Purposes to:* <br> Hon. William H. Alsup, Courtroom 12 <br><br> **ROADRUNNER RECYCLING, INC.'S STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> *Filed concurrently with Declaration of Stanley M. Gibson; [Proposed] Order* <br><br> Complaint Filed:  August 4, 2023 <br> Trial Date:  Not Yet Set |

Pursuant to Civil Local Rule 79-5, Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") hereby submits the following Statement and requests the Court order that an unredacted version of Defendants' Opposition to Motion of Roadrunner Recycling, Inc. for Leave to Amend First Amended Complaint be sealed.

This Statement is accompanied by (1) the Declaration of Stanley M. Gibson ("Gibson Decl."); and (2) a Proposed Order.

## I. LEGAL ARGUMENT

### A. Legal Standard

The Court has the inherent authority to seal documents to protect the release of trade secrets. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433-1434 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings.) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011)). United States District Court for the Northern District Local Rule 79-5 permits a party to request that all or part of document be filed under seal.

### B. RoadRunner Requests the Court Order an Unredacted Version of Defendants' Opposition to Motion of Roadrunner Recycling, Inc. for Leave to Amend First Amended Complaint be Sealed

RoadRunner requests that an unredacted version of Defendants' Opposition be sealed because its discusses or discloses information that RoadRunner made under Code of Civil Procedure Section 2019.210 to identify its trade secrets with reasonable particularity. *See* Gibson Decl., Ex. A (unredacted version of Opposition)[1]. By virtue of the Opposition discussing or disclosing the contents of those disclosures, the publication of the Opposition could result in infringement of RoadRunner's trade secrets. Gibson Decl., ¶ 3. RoadRunner operates in a competitive market, and therefore, disclosure of the information contained in Plaintiff's Identification of Trade Secrets

---

[1] RoadRunner is mindful of N.D. Cal. L. R. 79-5's admonition not to seek sealing of entire briefs except under extraordinary circumstances. RoadRunner thus filed the brief with minimal redactions, and apologizes for the previously filed version, as it was RoadRunner's intent to file only portions of the document under seal.

("ITS") would cause it irreparable competitive injury. *Id.*, ¶ 4. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information and trade secrets to further their competing products and thereby to gain an unfair advantage from RoadRunner's years of research, development, and other experience in the industry. *Id*.

These facts establish good cause and "compelling reasons" to seal the unredacted version of the Opposition. *See, e.g., Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.,* 360 F. Supp. 3d 994, 1021 (N.D. Cal. 2018), *aff'd*, 815 F. App'x 117 (9th Cir. 2020) (finding "compelling justifications" support sealing plaintiff's "trade secret disclosures"); *Microsoft Corp. v. Hon Hai Precision Indus. Co.,* 2020 WL 4901610, at *6 (N.D. Cal. Aug. 20, 2020) (granting request to seal of document containing "trade secret information"); *Illumina, Inc. v. BGI Genomics Co.*, 559 F. Supp. 3d 1072, 1093 (N.D. Cal. 2021) ("The Ninth Circuit has explained that examples of "compelling reasons" include the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.")(citations omitted); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1161 (N.D. Cal. 2021) ("Indeed, this Court and many others have held that the compelling reasons standard applies to the sealing of a complaint precisely because the complaint forms the foundation of the lawsuit.")

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and order that an unredacted version of Defendants' Opposition to Motion of Roadrunner Recycling, Inc. for Leave to Amend First Amended Complaint be sealed, as specified in Exhibit A to the Declaration of Stanley M. Gibson.

DATED: February 8, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA

By: /s/ S. M. Gibson

STANLEY M. GIBSON
Attorneys for Plaintiff
ROADRUNNER RECYCLING, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2024, I electronically filed the foregoing **ROADRUNNER RECYCLING, INC.'S STATEMENT IN RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Counsel | Email Address |
|---|---|
| Andrew H DeVoogd | AHDeVoogd@mintz.com |
| | TMMcGrath@mintz.com |
| Arameh Zargham O'Boyle | azoboyle@mintz.com |
| | docketing@mintz.com |
| | GJLeon@mintz.com |
| Daniel B. Weinger | dbweinger@mintz.com |
| James M Wodarski | jmwodarski@mintz.com |
| James Mark Neudecker | JNeudecker@jmbm.com |
| | aw5@jmbm.com |
| Joseph James Mellema | jmellema@jmbm.com |
| | clopez@jmbm.com |
| | mastercalendar@jmbm.com |
| | msommer@jmbm.com |
| Nicholas W Armington | nwarmington@mintz.com |
| Shavon Henry | sh6@jmbm.com |
| Stanley Martin Gibson | sgibson@jmbm.com |
| | im3@jmbm.com |
| | lo2@jmbm.com |
| | mastercalendar@jmbm.com |
| Tianyi Tan | TTan@mintz.com |

I also certify the document and a copy of the Notice of Electronic Filing was served via on the following non-CM/ECF participants:

Stanley M. Gibson