UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br>          Plaintiff, <br><br>   v. <br><br> RECYCLE TRACK SYSTEMS, INC. and RECYCLESMART SOLUTIONS, INC., <br><br>          Defendants. | No. C 23-04804 WHA <br><br> **ORDER RE MOTIONS TO SEAL** |

This order addresses all pending motions to seal and supporting declarations (Dkt. Nos. 46, 47, 52, 57, 59, 61, 62, 63, 64, 65).

1. **THE LEGAL STANDARD.**

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.), *cert. denied*, 580 U.S. 815 (2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. Evidentiary motions, like motions *in limine* and *Daubert* motions, can correlate with the merits. *Id.* at 1098–1100. Indeed, the "'compelling reasons' standard applies to *most* judicial records." *Id.* at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010), *cert. denied sub nom. Experian Info. Sols., Inc. v. Pintos*, 562 U.S. 1134 (2011)).

Additionally, parties in this district must ensure their sealing motions meet basic adequacy requirements. Above all, they must "narrowly tailor" requests "to seal only the sealable material." Civil L.R. 79-5(c). And they must list each document or passage to be sealed together with its rationale for sealing. *Ibid.* For each listed, they must specifically state: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. *Ibid.* They must provide evidentiary support where necessary, such as by sworn declaration. *Ibid.* And, for pleadings, parties must file both redacted and unredacted copies (or ensure another party does), and include in the unredacted copies highlighting to show proposed redactions. *Id.* at (d)–(e). Failure to follow the rules suggests a lack of cause or interest to seal, and risks summary denial. *See id.* at (f)(6), (g)(2).

Redaction may be appropriate where publication "could result in infringement upon trade secrets." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 566 U.S. 986 (2012). So too where publishing "business information" might "harm a litigant's competitive standing," particularly where the public has "minimal interest" in that information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). And, in general, redaction will be appropriate where publication would turn "court files [into] a vehicle for improper purposes," *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as "to gratify private spite, promote public scandal, [or] circulate libelous statements," *ibid.* But "vague boilerplate language or nebulous assertions of potential harm" will not suffice to support redaction. *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civil L.R. 79-5). Nor will mere "[r]eference to a stipulation or protective order." Civil L.R. 79-5(c); *see also Kamakana*, 447 F.3d at 1180. "A party seeking to seal a judicial record [ultimately] bears the burden of overcoming th[e] strong presumption" of public access. *Kamakana*, 447 F.3d at 1178. The final determination is "left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon,* 435 U.S. at 599).

2. **MOTION TO SEAL STEMMING FROM ROADRUNNER'S IDENTIFICATION OF TRADE SECRETS.**

RoadRunner Recycling, Inc. filed its identification of trade secrets (Dkt. Nos. 46, 46-4). RoadRunner also filed seventy-two pages of exhibits (Dkt. No. 47). It moved to seal all (Dkt. No. 46-1 ¶¶ 3–4). To substantiate these redactions, RoadRunner in one paragraph attested that they contained trade secrets, and in a second attested that because they contained *only* trade secrets they must be sealed in toto (*ibid.*). RoadRunner has since proposed narrower redactions of other documents that it at first had sought to seal in entirety (*infra*). And the Court has since rejected RoadRunner's broadest trade secrets claims (Dkt. No. 71). Still, RoadRunner has not proposed narrowed redactions as to its trade secrets identification.

RoadRunner's initial, overbroad redactions as to these filings must be rejected. Passages in the documents proposed to be sealed include:

- marketing puffery, such as "RoadRunner is a pioneer in waste and recycling metering technology" (Dkt. No. 46-4 at 2);

- boilerplate assertions, such as "RoadRunner kept its confidential and proprietary information secret from all third parties in part by restricting access from all third parties" (*id.* at 4);

- statements from legal treatises, such as "[A]s long as a competitor would have to incur considerable expense to recreate the combination, generally the combination will be found to have independent economic value" (*id.* at 22 (quoting 1 MILGRIM ON TRADE SECRETS § 1.01 (2020)); and,

- high-level descriptions of case contentions, including concepts elsewhere disclosed, such as that the case concerns in part a "smart camera apparatus" (*cf.* Tr. Feb. 29, 2024 at 14).

And that is to say nothing of the purported trade secrets proposed for redaction, which the Court has warned started out overbroad (Dkt. No. 43) and may still be due for sacking (Dkt. No. 71). Where proposed redactions are facially overbroad, as here, they may be rejected facially. *See* Civil L.R. 79-5(f)(6), (g)(2).

Nonetheless, RoadRunner will be given a renewed chance to propose redactions for its trade secrets identification and exhibits. That is because the logic of the Court's last substantive order on RoadRunner's trade secrets claims — that RoadRunner "has plausibly pleaded at least some material qualifying for trade secret protection" that "discovery and

3

subsequent motion practice" might "par[e] down" (Dkt. No. 71) — applies equally to RoadRunner's sealing requests. The same logic also means that RoadRunner's proposed redactions must, if they are to survive, be narrowed significantly. Nearly nine months have passed since RoadRunner's initial trade secrets identification filings. Six months have passed since the Court's order stating that discovery should narrow the contentions. RoadRunner should now have a firmer grasp of what secrets it purports to claim. And the public monitoring the case *must* be given in fact what the public already enjoys in law: presumed access to all information in the case, except for good or compelling cause otherwise.

Thus, RoadRunner's administrative motion to seal (Dkt. No. 46) is **DENIED WITH LEAVE TO AMEND** (as further described *infra* Part 4).

3.  **MOTIONS TO SEAL STEMMING FROM ROADRUNNER'S MOTION FOR LEAVE TO AMEND THE COMPLAINT.**

RoadRunner's other pending sealing motions stem from its motion for leave to amend its first amended complaint, specifically the opposition and reply.

A.  **OPPOSITION TO THE MOTION FOR LEAVE TO AMEND.**

Recycle Track Systems, Inc. and RecycleSmart Solutions Inc. ("Systems-and-Solutions") opposed RoadRunner's motion for leave to amend (Dkt. No. 52-2; Dkt. No. 53). At the same time, they moved to consider whether RoadRunner's material therein should be sealed (Dkt. No. 52). RoadRunner at first filed a declaration to support sealing all (Dkt. No. 59). Now, RoadRunner files a superseding declaration supporting only narrowed redactions (Dkt. No. 62 at 2 n.1; Dkt. No. 63). Nonetheless, Systems-and-Solutions oppose the motion to seal, arguing that much of the material is publicly disclosed elsewhere, including in RoadRunner's own filings (Dkt. No. 64-1 at 3–4; Dkt. No. 65). Systems-and-Solutions propose redacting only a lesser amount, which they outline in red boxes (*see* Dkt. No. 64-3).

RoadRunner's narrowed redactions remain overbroad. They include:

- blather, such as that RoadRunner "discussed with much detail and fanfare [its] component selection in the Proposed SAC and ITS" (Dkt. No. 63-1 at 10:13–10:14);

- legal arguments, such as "RoadRunner did not cite to any

4

documents containing this alleged trade secret" (*id.* at 6:8);

- quotations to other filings and documents that are public, such as to the First Amended Complaint and a published article (*e.g.*, *id.* at 10:4–6; 23 nn.2–4), and

- high-level descriptions of purported trade secrets that are core to case contentions, clear from other filings, and do not plausibly contain confidential business information (*e.g.*, *id.* at 7:3–6).

Indeed, even Systems-and-Solutions' proposed redactions (Dkt. No. 64-3) are overbroad. Thus, this order considered rejecting all proposed redactions outright.

Nonetheless, because some of the proposed redactions quote the trade secrets identification for which an amended motion to seal has been permitted (*supra*, Part 2), this order likewise permits amended proposed redactions here, as provided below (Part 4). Let this be fair warning: Unless further significantly narrowed, the redactions will be rejected in full. RoadRunner's proposed redactions submitted through its declaration (Dkt. Nos. 62, 63) respecting the underlying motion to seal (Dkt. No. 52) are thus **DENIED WITH LEAVE TO AMEND by RoadRunner (*infra* Part 4).**

### B. REPLY TO THE OPPOSITION TO THE MOTION FOR LEAVE TO AMEND.

RoadRunner replied to the opposition to the motion for leave to amend, and moved to seal the entirety (Dkt. No. 57). Later, it filed a superseding motion proposing narrowed redactions (Dkt. No. 61 at 3 n.1). Again, Systems-and-Solutions proposed their own view of what should be redacted (*see* Dkt. No. 64-2).

The same guidance and result just discussed (Part 3(A)) apply equally well here. RoadRunner's initial motion to seal (Dkt. No. 57) is thus **DENIED AS MOOT,** and its superseding motion to seal (Dkt. No. 61) is **DENIED WITH LEAVE TO AMEND (*infra* Part 4).**

### 4. LEAVE TO AMEND.

*Should RoadRunner wish to amend* its motions to seal, then **BY SEPTEMBER 18, 2024 AT NOON** it shall submit an omnibus administrative motion to seal, meaning it shall:

> **1.** File a superseding, amended administrative motion to seal the trade secrets identifications and its attached exhibits (Dkt. Nos. 46, 47), the opposition to the motion for leave to amend (Dkt. Nos. 52,

5

53), and/or the reply to the motion for leave to amend (Dkt. Nos. 57, 61); and,

**2.** On a *passage-by-passage* basis for each filing, propose what to redact (if anything), the legitimate interest to be protected, the injury that would result if not redacted, and why a still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the result; include for each listing citation to all docket numbers at which the same excerpt appears, whether publicly or sealed (e.g., across Dkt. Nos. 57, 61, 64, etc.); and,

**3.** Attach public/redacted and non-public/unredacted copies of each filing, including of all exhibits; include on the non-public/unredacted copies new outlined boxes or other indications showing the newly narrowed redactions on top of the previously proposed redactions.

Systems-and-Solutions may oppose any such motion to seal that is filed. If so, it shall include a sworn declaration to support its views, all filed **BY SEPTEMBER 25, 2024 AT NOON.**

*Should RoadRunner not choose to amend* its motions to seal by the above deadline, then parties shall publish onto the public docket unredacted copies of all previously redacted filings considered by this order, **BY SEPTEMBER 25, 2024 AT NOON.**

For avoidance of doubt, parties need not publish unredacted copies of prior filings (such as for the motions denied as moot) except as above deadlines indicate or as later ordered.

## CONCLUSION

RoadRunner's superseded motion to seal (Dkt. No. 57) and Systems-and-Solutions' motion to seal (Dkt. No. 64) are **DENIED AS MOOT.** The remaining motions to seal the trade secrets identification (Dkt. Nos. 46, 47), to seal the opposition to the motion for leave to amend (Dkt. No. 52; *see also* Dkt. Nos. 62, 63), and to seal the reply to that motion (Dkt. No. 61) are **DENIED WITH LEAVE TO AMEND (*supra*, Part 4).** Again, no re-filings are immediately required (*see* Part 4).

**IT IS SO ORDERED.**

Dated: August 28, 2024.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE