# EXHIBIT D

**Lena Streisand**

| | |
|---|---|
| **From:** | LoBue, Amy <ALoBue@mintz.com> |
| **Sent:** | Thursday, August 22, 2024 10:29 AM |
| **To:** | Lena Streisand; Galica, Matthew; Stutzmann, Stephanie; Joseph Mellema; Stan M. Gibson; Christina Lopez; James Neudecker; Shavon Henry |
| **Cc:** | RTS-Mintz |
| **Subject:** | RE: RoadRunner Recycling, Inc. v. RTS, et al.; Case No.: 3:23-cv-04804 - Ltr to L. Streisand RE Discovery [JMBM-LA.82941.0001] |

Hi Lena,

Below is RTS's response to the points listed in your follow-up email below:

1.  RTS agrees to reproduce Carl Anderson for an additional 1 hour of testimony as you stated below, but this compromise is subject to RoadRunner expressly agreeing that no questions will be asked beyond the scope of Topic No. 11 as it relates to Exhibit No. 64 before he will be reproduced.

2.  To the extent RTS has balance sheets and income statements in its possession, RTS agrees to produce these documents by 8/23.

3.  In advance of Steve Krebs' deposition on 8/23, RTS specifically requests the following types of documents, as stated in its 8/20 deficiency letter. Please confirm that RoadRunner has reasonably searched for and will produce these types of documents <u>today</u> as we will need these to prepare for Steve Krebs deposition.

4.  RTS confirms your statement below as it is written: "While Defendants are not aware of the exact date on which Mr. Laraki's computer was reformatted, Defendants conducted a rolling, company-wide data migration sometime between March and April 2023."

5.  Regarding RoadRunner's corrected second supplemental responses to Defendants' first interrogatories, RoadRunner did not include all of RoadRunner's initial or first supplemented responses. Please re-serve an updated supplemental response to Defendants' first interrogatories that includes all responses: initial, first supplemented, and second supplemented. We are reviewing RoadRunner's corrected supplemental responses served yesterday, and we reserve all rights, including the right to raise additional deficiencies.

6.  With regards to your statements made about the 8/14 production, we disagree that the documents in this untimely production are not "asked for" by or responsive to our reasonable requests for production. Regardless, RTS has narrowed our requests via multiple prior meet-and-confers and deficiency letters, which is in compliance with Judge Alsup's rules. RoadRunner has also represented that it would not stand on its objections to refuse producing responsive documents, as your 8/14 production again confirms. Additionally, RTS reserves its right to seek additional deposition testimony from Mr. Longson, Mr. Krebs, and/or Mr. Armstrong if Mr. Krebs and Mr. Armstrong also fail to sufficiently testify on the documents contained in RoadRunner's 8/14 production as they relate to the relevant 30(b)(6) topics, as stated in our 8/22 letter today.

Best,
Amy

**Amy LoBue** *(she, her, hers)*
*Associate*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111