# EXHIBIT 3

| | |
|---|---|
| **From:** | Armington, Nicholas |
| **Sent:** | Friday, February 10, 2023 8:54 PM |
| **To:** | James Neudecker; Stan M. Gibson |
| **Cc:** | Weinger, Daniel |
| **Subject:** | RE: Response to Compology Cease and Desist Correspondence |

James,

Your email is surprising to us, both as to its mischaracterizations of our call and the unprofessional tone it takes – we have and will continue to treat you with respect and we ask that you pay us the same courtesy.

It seems to us that we are talking about different phone calls, because your comments do not comport with the conversation in which we participated on Monday. During the call, we asked you **repeatedly** to provide some manner of description of the alleged trade secrets that Compology is alleging that Recycle Smart misappropriated, so that we could investigate. Those requests were met with **repeated** refusals to provide any detail and repeated reference back to your letter, which does not provide any description of the alleged trade secrets at issue. The only allegations in your letter that purportedly support your claims are that Recycle Smart allegedly had a period of increased downloads, and that some containers may have had both a Pello sensor and a Compology sensor. We do not understand why or how you believe those facts relate to your misappropriation allegations, especially considering our explanation – that goes unanswered in your missive of this evening – that it was a change Compology made to its API that changed the manner in which data was transmitted from its sensors. Further, while we understand your reluctance to share every aspect of your client's allegedly misappropriated trade secrets with us, that is not what we are asking you to do. We are simply asking you to provide some manner of explanation of what those trade secrets are – as you would be required to if filing a trade secret claim – so that we can adequately investigate. You refused to offer any details to substantiate your claims, leaving our hands tied with respect to further investigation.

As it stands right now, Compology is demanding that Recycle Smart cease using its Pello technology based **only** on your unsupported assertion that Recycle Smart "**must have**" misappropriated something from Compology. Further, your request that Recycle Smart turn over years' worth of material based on unsubstantiated allegations is unreasonable. Compology is obligated to substantiate its claim, as it will have to if Compology decides to file suit. Again, we remain willing to further investigate your allegations, and continue a collaborative dialogue, but to do so Compology must provide us with information upon which we can base an investigation. Indeed, the one thing you did identify that we could investigate – the alleged "spike" in downloads that Stan admitted on the call neither you nor Compology had looked into the cause of – we investigated. As explained in our letter, any change in the manner of downloads was due to **Compology's** modification of its system and how its information was delivered.

We remain open to a continued dialogue, and welcome an additional call to discuss this matter further.

Regards,

**Nicholas Armington**
*Associate*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.348.4451
NWArmington@mintz.com | Mintz.com

**From:** James Neudecker <JNeudecker@jmbm.com>
**Sent:** Friday, February 10, 2023 5:15 PM
**To:** Armington, Nicholas <NWArmington@mintz.com>; Stan M. Gibson <SMG@JMBM.com>
**Cc:** Weinger, Daniel <DBWeinger@mintz.com>
**Subject:** RE: Response to Compology Cease and Desist Correspondence


Nicholas –

Your letter is a gross mischaracterization of our February 6, 2023 call.  In your letter, you repeatedly state that we were "unable" to describe Compology's trade secrets, etc.  Not so.  As we explained, we cannot disclose Compology's trade _secrets_ outside the protections afforded by litigation.  Nor were we "unable to articulate" how other facts (_e.g._ an extreme increase in downloads, Pello and Compology devices in the same container, etc.) support Compology's claim.  To the contrary, we explained that such facts support Compology's claim that RecycleSmart trained Pello (in record time) by misappropriating Compology's intellectual property.  Nor did we say that "we did not conduct an investigation" into the download spike, or any other matter.  You simply made that up.

Nor did you "explain" that Pello was independently developed.  You _asserted_, as you have before, that RecycleSmart independently developed Pello.  We asked you to provide _proof_ of that assertion.  To date, you have not done so.  Nor was there any concession that Pello took "years to develop."  We stated the exact opposite on the call.

Frankly, there are so many misstatements in your letter that you should not interpret our failing to address any specific statement in your letter as agreement.  There are just too many misstatements to correct one-by-one.  In fact, at least for the time being, going forward our communications need to be in writing.  Based on this letter, we just can't trust that you'll come even remotely close to accurately characterizing our verbal communications.  Indeed, I'm not sure what the purpose of this letter was in the first place.  It seems to be nothing more than an ill-conceived effort to create a "record" that just doesn't exist.

In any event, we take your letter to mean that RecycleSmart stands by its position that it did nothing wrong.  We will proceed accordingly.

All rights remain reserved.

James

---

**From:** Armington, Nicholas <NWArmington@mintz.com>
**Sent:** Friday, February 10, 2023 8:52 AM
**To:** Stan M. Gibson <SMG@JMBM.com>
**Cc:** Weinger, Daniel <DBWeinger@mintz.com>; James Neudecker <JNeudecker@jmbm.com>
**Subject:** Response to Compology Cease and Desist Correspondence

Counsel,

Please see attached correspondence.

Regards,


**Nicholas Armington**
_Associate_

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111