Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:    (310) 586-3200
Facsimile:    (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>            Plaintiff,<br>    v.<br><br>RECYCLE TRACK SYSTEMS, INC., and<br>RECYCLESMART SOLUTIONS INC.,<br><br>            Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed:    August 4, 2023<br>Trial Date:              December 9, 2024 |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5, Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions Inc. (collectively, "Defendants") hereby respectfully submit this Administrative Motion to File Under Seal ("Administrative Motion") (1) Defendants' Response to Plaintiff's September 5, 2024 Discovery Letter with respect to the highlighted portions that reference Defendants' confidential information ("Defendants' Response"); and (2) the excerpts of Yahya Laraki's deposition transcript attached thereto as Exhibit 4, which references Defendants' confidential information. Specifically, Defendants seek to file under seal the information and/or document(s) listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Defendants' Response to Plaintiff's September 5, 2024 Discovery Letter | Portions highlighted in yellow | Defendants |
| Exhibit 4 to Defendants' Response to Plaintiff's September 5, 2024 Discovery Letter – Yahya Laraki Deposition Transcript (Excerpts) | Entirety | Defendants |

## II. LEGAL STANDARD

Civil L.R. 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material . . . ." Id. In the context of non-dispositive motions or documents, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). "Filing a motion to seal permits the party to provisionally file the document under seal, pending the Court's ruling on the motion to seal." *See* Civil L.R. 79-5(b).

### III. DEFENDANTS' CONFIDENTIAL INFORMATION

Defendants request that the court seal (1) Defendants' Response to Plaintiff's September 5, 2024 Discovery Letter with respect to the highlighted portions that reference Defendants' confidential information; and (2) the excerpts of Yahya Laraki's deposition transcript attached thereto as Exhibit 4, which references Defendants' confidential information.

On August 7, 2024, Defendants designated the transcript of Mr. Laraki's deposition ("Laraki Transcript") as HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY. The protective order provides that information or items designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" contain "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." Exhibit 4 to Defendants' Response is an excerpted copy of the Laraki Transcript, and the highlighted portions of Defendants' Response directly refers to and/or paraphrases Mr. Laraki's deposition testimony as excerpted in Exhibit 4.

The highlighted portions of Defendants' Response and Exhibit 4 thereto discuss or reflect confidential information regarding Defendants' training and development of its Pello system, which Defendants maintain as proprietary and confidential information. Revealing this information in the public record could cause Defendants substantial competitive harm as it would provide insight into Defendants proprietary Pello system as well as the training and development thereof.

Defendants' confidentiality interests therefore overcome the right of public access to the record, as a substantial probability exists that the Defendants' overriding confidentiality interests will be prejudiced if the record is not sealed. In order to balance the right of public access with Defendants' competing confidentiality concerns, Defendants have limited its proposed redactions of Defendants' Response to only the specific portions that directly refer to or paraphrase Mr. Laraki's deposition testimony that discuss Defendants' confidential information regarding training and development of its Pello system. The proposed sealing is thus narrowly tailored, and no less restrictive means exist to achieve this overriding interest.

## IV.  CONCLUSION

Accordingly, Defendants respectfully request that the Court seal the highlighted portions of Defendants' Response to Plaintiff's September 5, 2024 Discovery Letter as well as the entire Exhibit 4 thereto, which excerpts the Laraki Transcript.

Dated: September 10, 2024                           Respectfully Submitted,

/s/ Matthew S. Galica

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 586-3200
Facsimile:   (310) 586-3202

James M. Wodarski (Admitted Pro Hac Vice)
JWodarski@mintz.com
Michael C. Newman (Admitted Pro Hac Vice)
MCNewman@mintz.com
Matthew S. Galica (Admitted Pro Hac Vice)
MSGalica@mintz.com
James J. Thomson (Admitted Pro Hac Vice)
JJThomson@mintz.com
Sean M. Casey (Admitted Pro Hac Vice)
SMCasey@mintz.com
Tianyi Tan (Admitted Pro Hac Vice)
TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)
SChen@mintz.com
Amy LoBue (Admitted Pro Hac Vice)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:   (617) 542-2241

Attorneys for Defendants
**RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.**