

1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
(310) 203-8080  (310) 203-0567 Fax
www.jmbm.com

September 10, 2024

**BY ECF**

The Honorable William H. Alsup
Senior District Judge
U.S. District Court for the Northern District of California
San Francisco Courthouse
Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

   Re: *RoadRunner Recycling, Inc. v. Recycle Track Systems, Inc. et al.* (Case No. 3:23-cv-04804-WHA)

To Judge Alsup:

  Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this letter in response to Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants") discovery letter brief seeking to re-open fact discovery to execute their subpoena to Launch Finance (Dkt. No. 99).

  The Court should deny Defendants' request to file a motion to re-open fact discovery for the purpose of subpoenaing Launch Finance because Defendants have not shown good cause for modifying the fact discovery deadline. Defendants also failed to comply with the procedural requirements for third party subpoenas set forth in Fed. R. Civ. P. 45.

  Fed. R. Civ. P. 16(b)(4) permits modification of a pretrial deadline "only for good cause." To determine if good cause exists, courts consider:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the nonmoving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that discovery will lead to relevant evidence.

The Honorable William H. Alsup
September 10, 2024
Page 2

*FDIC v. Bayone Real Estate Inv. Corp.*, No. 15-cv-02248-BLF, 2017 U.S. Dist. LEXIS 51555, at *3–4 (N.D. Cal. Apr. 4, 2017). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Defendants do not have good cause for modifying the fact discovery deadline because they were not diligent in pursuing the discovery they seek from Launch Finance.

During the fact discovery period, RoadRunner produced documents identifying and communications with representatives of Launch Finance. For example, on April 5, 2024, RoadRunner produced a document stating that after Compology's controller left the company, Compology hired Launch Finance "to run finance for [Compology] end to end - everything from month end close to processing sales orders to reporting." Ex. A at 2.[1] At no time until two days before the fact discovery cut-off did Defendants seek further discovery regarding Launch Finance, let alone subpoena Launch Finance to produce documents and appear for a deposition. Defendants' subpoena seeks "documents related to Launch Finance's relationship with Compology," "financial documents [prepared] for or on behalf of Compology," and Launch Finance's "methods" and "calculations" used to generate financial documents for Compology. Ex. B. Defendants were aware of Launch Finance and its role in aiding Compology with its financial bookkeeping as of at least April 5, 2024. *See* Ex. A. Defendants had months left within the fact discovery period to pursue further information related to Launch Finance and failed to do so. Therefore, the Court should not amend the fact discovery cut-off because Defendants were not diligent in seeking discovery related to Launch Finance. *See, e.g.*, *Raymat Materials, Inc. v. A & C Catalysts, Inc.*, No. C 13-00567 WHA, 2014 WL 1647529, at *6 (N.D. Cal. Apr. 22, 2014) (Alsup, J.) (denying motion to serve discovery requests after fact discovery closed because requests "could have been served well in advance" of deadline); *Le v. Huynh*, No. 23-CV-00914-SI, 2024 WL 1050998, at *2 (N.D. Cal. Feb. 16, 2024) (denying request to continue fact discovery deadline where moving party argued it needed additional discovery based on deposition testimony because parties had sufficient time to issue discovery requests before cut-off); *Lanier v. San Joaquin Valley Offs. Ass'n*, No. 1:14-CV-01938-EPG, 2016 WL 4764678, at *2 (E.D. Cal. Sept. 13, 2016) ("Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied").

Contrary to Defendants' contention that "preventing this financial information from being unearthed and explored by way of subpoena would greatly prejudice Defendants," (Dkt. No. 99 at 3), Defendants will not suffer any prejudice if the Court denies their request to re-open fact discovery. Jason Gates, Compology's former CEO, testified during his deposition to "Compology's financial information, what any of it meant, how any of it was derived . . . ." *Id.*;

---

[1] In order to comply with the Court's exhibit page limits, RoadRunner has appended only the relevant pages of each exhibit.



The Honorable William H. Alsup
September 10, 2024
Page 3

s*ee, e.g.*, Ex. C at 124:11–133:18 (giving a cell-by-cell description of each value contained in the spreadsheet titled "Compology's historical and forecasted financials"), 158:20–159:21 (testifying to income statement and Compology's R&D spend). The excerpted testimony Defendants cite in their letter brief concerns just a few cells in a multi-tab spreadsheet covering multiple years of financial information. Further, Mr. Krebs testified regarding RoadRunner's review of Compology's financials and determinations regarding value during the acquisition. Defs' Ltr. Brief, Ex. A at 133:3–15.[2] Therefore, denying Defendants' request to re-open fact discovery would not prejudice Defendants because, to the extent they sought such information from RoadRunner, RoadRunner's witnesses sufficiently answered Defendants' questions.

RoadRunner, on the other hand, will suffer prejudice if the Court grants Defendants' request to re-open fact discovery to execute a subpoena on Launch Finance. If Launch Finance produces documents and testifies in this case, the parties' experts will likely have to amend their opening reports, oppositions, and replies to include information from Launch Finance, causing delays in the current schedule. *See Lanier v. San Joaquin Valley Offs. Ass'n*, No. 1:14-CV-01938-EPG, 2016 WL 4764678, at *2 (E.D. Cal. Sept. 13, 2016) ("The purpose of setting a time limit on discovery 'is to assure both sides an opportunity immediately before trial to engage in orderly, final trial preparation'"). The close of expert discovery is less than one month away. By the time Launch Finance responds to the subpoena, produces documents, and sits for a deposition, the expert discovery cut-off will be closed or nearly closed. Permitting Defendants to execute the out-of-time subpoena to Launch Finance is thus likely to require a continuance of the expert discovery cut-off and other pretrial deadlines.

Finally, Defendants' subpoena to Launch Finance did not comply with Fed. R. Civ. P. 45. Pursuant to Fed. R. Civ. P. 45(a)(4), a notice and copy of any subpoena demanding the production of documents must be served on each party *before* it is served on the third-party recipient. Defendants did not provide RoadRunner with a notice or copy of the subpoena until after it was served on Launch Finance, in direct violation of Rule 45(a)(4). Further, RoadRunner did not receive notice of Laina Payne's deposition, demanded in the subpoena, until *after* the noticed time and date of the deposition. *See* Ex. B. For the foregoing reasons, RoadRunner respectfully requests that the Court deny Defendants' request to re-open fact discovery for the purpose of executing a subpoena to Launch Finance.

---

[2] Defendants' assertion that "each witness stated that Launch Finance . . . w[as] the best source[] for obtaining" the information Defendants purportedly seek, (Dkt. No. 99 at 3) is unfounded. Mr. Gates merely testified that Compology temporarily "supplemented" its day-to-day accounting with help from Launch Finance, *see* Defs' Ltr. Brief, Ex. B at 107:8–15, and Mr. Krebs testified that Launch Finance "helped [Compology] do bookkeeping," and "it's not likely [Launch Finance] could even speak to a lot of the legacy stuff," *see* Defs' Ltr. Brief, Ex. A at 142:6–15.



The Honorable William H. Alsup
September 10, 2024
Page 4

        Respectfully submitted,

        */s/ Stanley M. Gibson*
        Stanley M. Gibson
        James M. Neudecker
        JEFFER MANGELS BUTLER & MITCHELL LLP
        Two Embarcadero Center, 5th Floor
        San Francisco, California 94111-3813
        Telephone: (415) 398-8080
        sgibson@jmbm.com
        jneudecker@jmbm.com

        Joseph J. Mellema
        JEFFER MANGELS BUTLER & MITCHELL LLP
        3 Park Plaza, Suite 1100
        Irvine, California 92614-2592
        Telephone: (949) 623-7200
        jmellema@jmbm.com

        Lena Streisand
        JEFFER MANGELS BUTLER & MITCHELL LLP
        1900 Avenue of the Stars, 7th Floor
        Los Angeles, California 90067-4308
        Telephone: (310) 203-8080
        lstreisand@jmbm.com

        *Counsel for Plaintiff RoadRunner Recycling, Inc.*

Attachments: Exhibits A–C



72570708v2