Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:  310-586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
mcnewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
smcasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241
Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.,<br><br>Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY BY MESSRS. ARMSTRONG AND LONGSON**<br><br>Hon. William H. Alsup<br><br>Hearing<br><br>Date:     October 10, 2024<br>Time:     8:00 a.m.<br>Location:     450 Golden Gate Avenue<br>     Courtroom 12, 19th Floor<br>     San Francisco, CA 94102<br><br>Complaint Filed:     August 4, 2023<br>Trial Date:     December 9, 2024 |

1
2

# TABLE OF CONTENTS

<u>Page</u>

STATEMENT OF RELIEF SOUGHT ........................................................................1

STATEMENT OF ISSUES TO BE DECIDED ..........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................2

SUMMARY OF THE RELEVANT FACTS ..............................................................3

LEGAL STANDARD .................................................................................................5

ARGUMENT ..............................................................................................................7

I.    PLAINTIFF'S DISCLOSURES FOR ARMSTRONG AND LONGSON
      DO NOT SATISFY RULE 26(A)(2)(C) .......................................................8

II.   ARMSTRONG AND LONGSON SHOULD BE EXCLUDED AS
      UNQUALIFIED DAUBERT .......................................................................10

CONCLUSION ........................................................................................................12

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Castaneda v. City of Bakersfield*,
5
No. 1:23-cv-00068-KES-CDB, 2024 U.S. Dist. LEXIS 85269 (E.D. Cal. May 10,
2024) ..................................................................................................................6, 7, 8
6

*Daubert v. Merrell Dow Pharms., Inc.*,
7
509 U.S. 579 (1993)...........................................................................................4, 5, 9

8

*Elosu v. Middlefork Ranch Inc.*,
9
26 F.4th 1017 (9th Cir. 2022) ...............................................................................5, 10

10

*Pineda v. City & County of San Francisco*,
280 F.R.D. 517 (N.D. Cal. 2012).................................................................................6
11

*Smith v. Pac. Bell Tel. Co.*,
12
662 F. Supp. 2d 1199 (E.D. Cal. 2009)......................................................................11

13

*Torrez v. D. Las Vegas, Inc.*,
773 F. App'x 950 (9th Cir. 2019) .........................................................................6, 8
14

*United States v. Holguin*,
15
51 F.4th 841 (9th Cir. 2022) ...............................................................................5, 10

16

**California Statutes**

17

California Code of Civil Procedure 2019.210 ...................................................................8
18

**Other State Statutes**

19

CCP
20
§ 425.10.............................................................................................................................8

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO EXCLUDE ARMSTRONG AND LONGSON
Case No. 3:23-cv-04804-WHA

**NOTICE OF MOTION AND MOTION TO EXCLUDE OPINION TESTIMONY BY JUSTIN ARMSTRONG AND TIMOTHY LONGSON**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 10, 2024, at 8:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, the Honorable William Alsup presiding, located at the San Francisco Courthouse, Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions, Inc. ("Defendants") will hereby and do move this Court to exclude opinion testimony that may be offered by Mr. Justin Armstrong ("Armstrong") and Dr. Timothy Longson ("Longson").

This motion is made on the following grounds:

Plaintiff RoadRunner Recycling, Inc. ("Plaintiff"), Armstrong, and Longson have collectively failed to meet the requirements of Rule 26(a)(2) setting forth disclosure obligations for witnesses who may provide opinion or expert testimony, and their testimony should be excluded under Rule 37(c)(1).

Armstrong and Longson also do not meet the requirements of Rule 702, as they lack the requisite "scientific, technical, or other specialized knowledge" and thus will not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Mathew Galica, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

**STATEMENT OF RELIEF SOUGHT**

Defendants respectfully seek an order precluding Mr. Armstrong and Mr. Longson from presenting expert testimony.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiff's disclosure of experts failed to sufficiently disclose a summary of the facts and opinions to which the witness is expected to testify as required by Federal Rule of Civil Procedure 26.

2.      Whether  Mr. Armstrong and Mr. Longson lack the required  scientific or specialized knowledge to provide reliable testimony capable of assisting a trier of fact in accordance with Federal Rule of Evidence 702.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff asserts that its trade secrets have been misappropriated, yet has repeatedly been unwilling or unable to identify those trade secrets. This problem persists even now after fact discovery has closed, and is only being amplified by Plaintiff's improper attempts to have its own employees testify under the guise of being expert witnesses, without providing the required disclosures or having the required qualifications.

On the last day of fact discovery, Plaintiff amended its identification of experts to for the first time disclose Armstrong and Longson as "unretained percipient expert[s]," and persons expected to provide testimony on various subjects "including the nature and identity of Compology's trade secrets." Ex. 6. However, Plaintiff provided insufficient disclosures for both Armstrong and Longson, and as both witnesses testified mere days before Plaintiff's amended disclosure, neither has percipient knowledge that would help the trier of fact.

For example, neither Armstrong nor Longson provided a written report under Rule 26(a)(2)(B), and Plaintiff's disclosures for both provide no "summary of the facts and opinions to which the witness is expected to testify" as required under Rule 25(a)(2)(C). Rather, as courts have routinely held insufficient, Plaintiff's disclosure merely provides generalized subject matters about which each may testify, but does not provide a summary of any opinions, let alone the factual bases for those opinions.

Additionally, both Armstrong and Longson were deposed in this case, each personally and as corporate representatives under Rules 30(b)(1) and 30(b)(6)—including as designees for a topic relating to the "nature and identity of the alleged trade secrets"—yet both disclaimed percipient knowledge as required under Rule 702. For example, Armstrong testified that questions about the alleged trade secrets were of the type that "a lawyer should answer," and Longson testified that he is "not trained as a lawyer" when asked what the "scope or boundary of the trade secret identified" in

Plaintiff's identification of trade secrets were. Ex. 5 (Armstrong Tr.) at 112:16-21; Ex. 3 (Longson Tr.) at 106:7-107:3.

As such, Armstrong and Longson should be precluded under FRCP 37(c)(1) from providing expert or opinion testimony regarding the nature and identity of the alleged trade secrets as both in violation of FRCP 26(a)(2) and FRE 702.

The parties met and conferred on September 6, 2024 regarding this motion, during which Plaintiff indicated it would oppose this motion.

## SUMMARY OF THE RELEVANT FACTS

Following removal of this action to this District in September 2023, Plaintiff's trade secrets claims were dismissed in December 2023 because Plaintiff failed to show possession of trade secrets. Dkt. 43 at 2-3. Plaintiff had failed to "identify the trade secrets and carry the burden of showing they exist" as required under the relevant statutory frameworks, and had failed to "describe the subject matter of the trade secret with *sufficient particularity*." Dkt. 43 at 2-3 (emphasis supplied). This Court held that Plaintiff's disclosures effectively merely asserted that Plaintiff's "trade secrets are included in confidential information that includes trade secrets." Dkt. 43 at 4. Plaintiff filed a motion for leave to file a second amended complaint, Dkt. 45, and a document identified as an "Identification of Trade Secrets," ("ITC") which purported to identify numerous trade secrets, including six "at issue in this suit." Dkt. 47 at 4. Plaintiff's motion was granted "out of an abundance of caution" and "subject to paring down these amended allegations during discovery and subsequent motion practice with the benefit of a better record." Dkt. 71 at 2.

During discovery, Defendants propounded numerous requests seeking identification of the asserted trade secrets. For example, Defendants served requests for production of documents detailing the trade secrets, interrogatories seeking identification of the trade secrets, and deposition notices seeking corporate testimony on topics related to the trade secrets. *See* Galica decl. filed concurrently herewith at ¶ 3. One such deposition topic related to "[t]he identification and nature of each alleged trade secret claimed by RoadRunner in this litigation, including but not limited to each purported trade secret identified in the Complaint and/or Plaintiff's Identification of Trade Secrets."

Ex. 1 (deposition notice). In response, Plaintiff designated both Armstrong and Longson on this topic. Ex. 2 (July 22 email).

During his deposition on August 15, and when presented with Plaintiff's ITC, Longson testified that his "focus is on the hardware system, so I have more knowledge around the hardware than, say, at [sic] the algorithms." Ex. 3 (Longson Tr.) 88:5-9. When asked about trade secret No. 1, Mr. Longson could not identify what made that a trade secret, stating that it is "all of the elements that go into make our product valuable to our customers." Ex. 3 (Longson Tr.) at 89:16-91:10. When pressed, he proposed that could include "probably hundreds" of things such as "all of the information needed to create the system," and the choice of "an appropriate antenna with sky visibility," and "the design choices" like those that make it "able to withstand the harsh environments of a trash container," as well as "the geometry of the housing." Ex. 3 (Longson Tr.) 92:9-96:8. Longson also testified that he is "not trained as a lawyer" when asked what the "scope or boundary of the trade secret identified" in Plaintiff's identification of trade secrets were. Ex. 3 (Longson Tr.) at 106:7-107:3.

Plaintiff confirmed in a letter following Longson's deposition that he is a lay witness, asserting that "[a]ny issue in Mr. Longson's testimony was due to counsel's questions, which sought legal conclusions and expert opinions from a lay witness." Ex. 4 (Aug 27 letter at 2).

Similarly, during his deposition on August 22, Armstrong was unable to identify any trade secrets. Instead, Armstrong merely provided the conclusory statement that "I think pretty much everything I've worked on at Compology that hasn't been made public could be considered trade secrets." Ex. 5 (Armstrong Tr.) at 74:23-25; *see also, e.g.,* 77:4-8. When presented with Plaintiff's ITC that purported to identify six enumerated trade secrets at issue in this case, Armstrong testified that he could only speak to two of the six, Nos. 5 and 6. *See* Ex. 5 (Armstrong Tr.) at 85:6-86:12. For example, he explained that he could not "claim to know much about 2 or 3 or 4," and his knowledge regarding No. 1 is nothing beyond what he knows about Nos. 5 and 6. 84:16-85:23. He confirmed that he does not have "any knowledge relating to No. 4" which "is not part of [his] wheelhouse." Ex. 5 (Armstrong Tr.) at 83:11-17. Indeed, Armstrong testified that questions about

the alleged trade secrets were of the type that "a lawyer should answer." Ex. 5 (Armstrong Tr.) at 112:16-21.

Following these depositions and at the close of discovery, Plaintiff served an amended disclosure of experts on August 30, listing both Armstrong and Longson as "unretained percipient expert[s]," and persons expected to provide testimony on various subjects "including the nature and identity of Compology's trade secrets." Ex. 6 (expert disclosure). Plaintiff's disclosure expressly identified both "[p]ursuant to Fed. R. Civ. P. 26(a)(2)(B)," but no expert reports were served in accordance with the Case Management Order. Ex. 6 (expert disclosure); Dkt. 42. Plaintiff's disclosures provided the educational backgrounds of each of Armstrong and Longson in a single sentence, and stated the following:

> Mr. Armstrong is expected to offer expert testimony in his field of software and machine learning/artificial intelligence, particularly as it relates to his opinions on the Compology software, machine learning, artificial intelligence system, algorithms and processes, and research and development of Compology's software and artificial intelligence architecture, including the nature and identity of Compology's trade secrets embodied in the aforementioned items.
>
> …
>
> Mr. Longson is expected to offer expert testimony in his field of electrical engineering and electronics, particularly as it relates to his opinions on the Compology electronic design, mechanical design, firmware design, and research and development of Compology's R-series of products, including the nature and identity of Compology's trade secrets embodied in the aforementioned items.

Ex. 6 (expert disclosure).

## LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence tasks a district court judge with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786, 2799 (1993). Under Rule 702, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise," but only if "the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b)

the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable

principles and methods; and (d) the expert's opinion reflects a reliable application of the principles

and methods to the facts of the case." "Consistent with the court's gatekeeping function, Rule 702

instructs a district court judge to determine whether an expert had sufficient factual grounds on

which to draw conclusions." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022).

An expert's testimony must be based on "more  than subjective belief or unsupported speculation."

*Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 590, 113 S. Ct. 2786, 2795 (1993). "For some

experts, the relevant reliability concerns may focus upon personal knowledge or experience. In such

cases, the inquiry may cover whether the expert's experience supports the expert's conclusions;

whether the expert's reasoning is circular, speculative, or otherwise flawed; or whether the expert's

reasoning is adequately explained." *United States v. Holguin*, 51 F.4th 841, 855 (9th Cir. 2022)

(citations omitted). Additionally, concerning admissibility of expert testimony from fact witnesses,

courts have explained that "an agent's status as an expert could lend him unmerited credibility when

testifying as a percipient witness, cross-examination might be inhibited, jurors could be confused

and the agent might be more likely to stray from reliable methodology and rely on hearsay." *United

States v. Holguin*, 51 F.4th 841, 862 (9th Cir. 2022).

Under Federal Rule of Civil Procedure 26(a)(2), "a party must disclose to the other parties

the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence

702, 703, or 705."  Rule 26 provides two avenues for making such disclosures: under 26(a)(2)(B)

through a written report "prepared and signed by the witness" if the witness is one retained or

specially employed to provide expert testimony, or under 26(a)(2)(C) otherwise. Under both

26(a)(2)(B) and (C), the Rules set forth substantive requirements for the content of the report or

disclosure. For example, under 26(a)(2)(C), "this disclosure must state: (i) the subject matter on

which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705;

and (ii) a summary of the facts and opinions to which the witness is expected to testify."

Even under the lesser disclosure obligations of 26(a)(2)(C), courts have held that "the

disclosures 'must be enough information for the opposing party to identify whether it needs a

DEFENDANTS' MOTION TO EXCLUDE ARMSTRONG AND LONGSON
Case No. 3:23-cv-04804-WHA

1  responsive witness and the information that such responsive witness would need to address.'"

2  *Castaneda v. City of Bakersfield*, No. 1:23-cv-00068-KES-CDB, 2024 U.S. Dist. LEXIS 85269, at

3  *6 (E.D. Cal. May 10, 2024). Disclosures that "broadly notice[] anticipated opinion testimony on

4  [identified] subjects … without summarizing the facts or further elaborating the nature of the

5  anticipated opinions" have been held insufficient under subsection (C). *Id.; see also Pineda v. City

6  & County of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (excluding ten of plaintiff's

7  thirteen unretained experts because "disclosure fails to include any facts on which [they] will rely,

8  nor does it state the opinions to which they are expected to testify"). Failure to satisfy the disclosure

9  obligations can result in preclusion of that witness from testifying at a trial unless the failure was

10  substantially justified or is harmless. *See* Rule 37(c)(1); *Torrez v. D. Las Vegas, Inc*., 773 F. App'x

11  950, 951 (9th Cir. 2019) (affirming summary judgment after exclusion of witnesses insufficiently

12  disclosed under 26(a)(2)(C)).

13  ## **ARGUMENT**

14  Armstrong and Longson should be precluded from testifying as experts because Plaintiff

15  failed to disclose the facts on which they will rely or the opinions to which they are expected to

16  testify, and because each is unqualified to provide scientific, technical, or other specialized

17  knowledge that will help the trier of fact.

18  ### Armstrong and Longson Did Not Prepare a Written Report as Required by Rule 26(a)(2)(B)

19  Plaintiff expressly identified Armstrong and Longson as experts "[p]ursuant to Fed. R. Civ.

20  P. 26(a)(2)(B)." Ex. 6 (expert disclosure). Under that Rule, Plaintiff was required to disclose written

21  reports prepared and signed by each disclosing, *inter alia,* a complete statement of all opinions the

22  witness will express and the basis and reasons for them. *See* FRCP 26(a)(2)(B). Yet, no reports were

23  prepared or served for either Armstrong or Longson. The Rule provides exception to the written

24  report requirement only if "otherwise stipulated or ordered by the Court," neither of which applies

25  to Armstrong or Longson. Both should therefore be precluded from presenting evidence under

26  Federal Rule of Evidence 702, 703, or 705. *See* FRCP 26(a)(2)(A); FRCP 37(c)(1).

27

28

To the extent that Plaintiff argues Armstrong or Longson are experts not required to provide written reports under Rule 26(a)(2)(B), but rather are subject to the disclosure requirements of subsection (C) instead, Plaintiff should be held to the substance of its mandatory disclosures. Plaintiff cannot now, after the close of discovery and after the time for disclosing experts set forth in the Case Management Order, change its position to disclose Armstrong and Longson as experts under a different Rule.

## I.   PLAINTIFF'S DISCLOSURES FOR ARMSTRONG AND LONGSON DO NOT SATISFY RULE 26(A)(2)(C)

Even under Rule 26(a)(2)(C), Plaintiff's disclosure is deficient because it fails to disclose "a summary of the facts and opinions to which the witness is expected to testify" as required. *See* FRCP 26(a)(2)(C)(ii). The broad and conclusory statements contained in Plaintiff's disclosures for each of Armstrong and Longson at most suggest the subject matter about which each will testify, but do not provide a summary of the facts and opinions to which the witness is expected to testify. For example, the disclosure for Armstrong identifies the subject matter, i.e., "his field of software and machine learning/artificial intelligence," but does not summarize what his opinions are as required by subsection (C)(ii). Rather, the disclosure merely states that *he has opinions*, not *a summary of them or the facts to which he will testify*. As courts have held, "the disclosures 'must be enough information for the opposing party to identify whether it needs a responsive witness and the information that such responsive witness would need to address.'" *Castaneda v. City of Bakersfield*, No. 1:23-cv-00068-KES-CDB, 2024 U.S. Dist. LEXIS 85269, at *6 (E.D. Cal. May 10, 2024). Disclosing that Armstrong has "opinions on the Compology software, machine learning, artificial intelligence system, …, including the nature and identity of Compology's trade secrets" does not summarize what they are. Ex. 6 (expert disclosure). Similarly, Plaintiff's disclosure for Longson is equally deficient. Although the identified subject matter is "his field of electrical engineering and electronics," Plaintiff's disclosure for Longson also does not summarize what his opinions are, and instead states that he has "opinions on the Compology electronic design, mechanical design, firmware design, and research and development of Compology's R-series of products, including the nature and identity of Compology's trade secrets embodied in the

DEFENDANTS' MOTION TO EXCLUDE ARMSTRONG AND LONGSON
Case No. 3:23-cv-04804-WHA

aforementioned items." Ex. 6 (Disclosure); *See* FRCP 26(a)(2)(C)(ii). This is the very type of disclosure that has been held insufficient. For example, disclosures that "broadly notice[] anticipated opinion testimony on [identified] subjects … without summarizing the facts or further elaborating the nature of the anticipated opinions" have been held insufficient under subsection (C). *Castaneda* (citing *Pineda v. City and Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012)).

For example, Plaintiff's disclosures do not summarize what Armstrong's or Longson's opinions are, such as whether the software or hardware are innovative, non-public, or derive value from being non-public. Indeed, Plaintiff's disclosures do not even summarize whether Armstrong's or Longson's opinion is that Compology even has any trade secrets at all, let alone what the "nature and identity" thereof are, something particularly called into question given their deposition testimony on the topic related to the "nature and identity of the alleged trade secrets."

Here, as in *Torrez,* Plaintiff's "unhelpful disclosures were plainly designed to give as little useful information as possible," and should therefore warrant exclusion of the witnesses. *Torrez v. D. Las Vegas, Inc.*, 773 F. App'x 950, 951 (9th Cir. 2019) (affirming summary judgment after exclusion of witnesses insufficiently disclosed under 26(a)(2)(C) because failure was "at least willful"). Plaintiff's disclosures continue its pattern of obfuscation, and whether Plaintiff is unwilling or unable to identify the alleged trade secrets with particularity, it should not be allowed to continue to do so. Plaintiff has been obligated multiple times to clearly identify the alleged trade secrets and proclaim its case, and yet has repeatedly failed to do so. Plaintiff's disclosure obligations began with its initial complaint in the County of San Francisco, where it was required to identify the alleged trade secrets to state a claim for relief under California trade secrets law. *See* CCP § 425.10. Those obligations were renewed when filing its first amended complaint, in which federal trade secret misappropriation claims were added. *See* Fed. R. Civ. P. 8(a)(2). And prior to the commencement of discovery, California Code of Civil Procedure 2019.210 required an identification of trade secrets be made. This Court's order dismissing the trade secrets claims from the first amended complaint redoubled Plaintiff's disclosure obligations, holding that a motion for

DEFENDANTS' MOTION TO EXCLUDE ARMSTRONG AND LONGSON
Case No. 3:23-cv-04804-WHA

leave to file a second amended complaint would need to "demonstrate how the proposed complaint corrects the deficiencies identified in this order, as well as all other deficiencies raised in defendants' motion" to dismiss. Dkt. 43. And even after the order granting Plaintiff leave to amend identified continued deficiencies, Plaintiff failed to revise or supplement its lacking disclosures during discovery. *See* Dkt. 71 (noting the lack of clarity in the amended complaint and disclosure). For example, Plaintiff's corporate designees on the deposition topic related to the "nature and identity of the alleged trade secrets"—Armstrong and Longson—could not testify to either the nature or the identity of the trade secrets at issue. With the latest alleged "disclosure," Plaintiff continues its pattern of failing to sufficiently disclose or explain its positions, directly contradicting its explicit obligations.

In addition to being part of a bigger pattern of non-disclosure, Plaintiff's identifications of Armstrong and Longson were made on the heels of the depositions of these very witnesses, designated on the verbatim same issues (the "nature and identity" of the alleged trade secrets) during which they could not and did not provide explanations of their opinions regarding the trade secrets. Rather, both witnesses deflected, testifying that such issues should be left to attorneys, and that essentially everything was a trade secret (either "hundreds," or "everything I've worked on," respectively). Ex. 3 (Longson Tr.) 106:7-107:3, 92:9-96:8; Ex. 5 (Armstrong Tr.) at 112:16-21, 74:23-25. Indeed, even Plaintiff's counsel repeatedly objected to questioning regarding the nature and identification of the alleged trade secrets, asserting such topics "sought legal conclusions and ***expert opinions from a lay witness***." Ex. 4 (Aug 27 letter) at 2 (emphasis added). To then not only identify those very same "lay witness[es]" as experts, but to fail to provide a "summary of the facts and opinions to which the witness is expected to testify" as required by 26(a)(2)(C) so soon thereafter demonstrates willfulness, and warrants exclusion.

## II.   ARMSTRONG AND LONGSON SHOULD BE EXCLUDED AS UNQUALIFIED *DAUBERT*

In addition to having been insufficiently disclosed as expert witnesses, Armstrong and Longson cannot provide testimony having the requisite reliability. Both have been identified by Plaintiff as "expected to offer expert testimony … [regarding] the nature and identity of

Compology's trade secrets," yet both have testified that they lack knowledge about the "identification and nature of each alleged trade secret." *See* Ex. 6 (expert disclosure); Ex. 1 (Depo Notice) at Topic 4. Indeed, both have indicated that rather than themselves, "a lawyer should answer" questions about the alleged trade secrets. Ex. 5 (Armstrong Tr.) at 112:16-21; Ex. 3 (Longson Tr.) at 106:7-107:3.  In short, Plaintiff seeks an end-run around the Federal Rules to present to the jury mere attorney argument under the guise of expert testimony.

Neither Armstrong nor Longson has sufficient factual background regarding the alleged trade secrets to provide reliable testimony. For example, Armstrong explained that Plaintiff and its predecessor do (and did) not have processes for tracking what they believe to be trade secrets. Ex. 5 (Armstrong Tr.) at 77:7-22. Therefore, neither Longson nor Armstrong gained specialized knowledge regarding the "nature and identity of Compology's trade secrets" in the ordinary course of business.

Nor can either Armstrong or Longson even identify the alleged trade secrets, let alone contribute reliable testimony regarding their nature and substance to help the trier of fact. For example, Armstrong testified that he is not familiar with four of the six alleged trade secrets: he explained that he could not "claim to know much about 2 or 3 or 4," and his knowledge regarding No. 1, is nothing beyond what he knows about Nos. 5 and 6. Ex. 5 (Armstrong Tr.) at 84:16-85:23. And Longson testified that "all of the elements that go into make our product valuable to our customers" constitute trade secrets, regardless of whether they were public, which can include "probably hundreds" of things such as "all of the information needed to create the system." Ex. 3 (Longson Tr.) at 89:16-91:10. Here, Armstrong and Longson lack "sufficient factual grounds on which to draw conclusions." *See Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). Rule 702's reliability "inquiry may cover whether the expert's experience supports the expert's conclusions; whether the expert's reasoning is circular, speculative, or otherwise flawed; or whether the expert's reasoning is adequately explained." *United States v. Holguin*, 51 F.4th 841, 855 (9th Cir. 2022) (citations omitted). Here, neither Armstrong nor Longson has experience to support opinions regarding the nature and identity of alleged trade secrets, as each has testified to lacking

such knowledge. Courts have excluded expert testimony where the expert does not have a lack of "expertise or experience, per se, but a lack of expertise and experience with respect to the subject matter at issue." *Smith v. Pac. Bell Tel. Co.,* 662 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009). For example, regardless of their educational backgrounds and general experience related to software and hardware respectively, Armstrong and Longson lack expertise and experience with respect to the "nature and identity" of the alleged trade secrets.  For example, in *Smith,* the court excluded the testimony of a PhD in Applied Mathematics who "[i]t cannot be fairly disputed … is qualified, based upon his education and experience," because he "simply cannot address the[] critical issues based upon his expertise and experience." *Id.* Here too, regardless of their general qualifications, both Armstrong and Longson cannot address the critical nature and identity of the trade secrets at issue here. Therefore, both should be excluded entirely from providing expert testimony.

## **CONCLUSION**

Defendants have herein complied with Local Rules, including Rule 6-3. Defendants respectfully request that the Court grant its motion to preclude Plaintiff from presenting expert testimony from Armstrong or Longson.

DEFENDANTS' MOTION TO EXCLUDE ARMSTRONG AND LONGSON
Case No. 3:23-cv-04804-WHA

| | |
|---|---|
| 1 | Dated: September 10, 2024 |

*/s/ Matthew S. Galica*
Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:  310-586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
mcnewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
smcasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
One Financial Center
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:      (617) 542-6000
Facsimile:      (617) 542-2241

Attorneys for Defendants
**RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.**

DEFENDANTS' MOTION TO EXCLUDE ARMSTRONG AND LONGSON
Case No. 3:23-cv-04804-WHA