1   Arameh Zargham O'Boyle (SBN: 239495)
    AZOboyle@mintz.com
2   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
    2049 Century Park East, Suite 300
3   Los Angeles, CA 90067
    Telephone:    (310) 586-3200
4   Facsimile:    (310) 586-3202

5   James M. Wodarski *(Admitted Pro Hac Vice)*
    JWodarski@mintz.com
6   Michael C. Newman *(Admitted Pro Hac Vice)*
    MCNewman@mintz.com
7   Matthew S. Galica *(Admitted Pro Hac Vice)*
    MSGalica@mintz.com
8   James J. Thomson *(Admitted Pro Hac Vice)*
    JJThomson@mintz.com
9   Sean M. Casey *(Admitted Pro Hac Vice)*
    SMCasey@mintz.com
10  Tianyi Tan *(Admitted Pro Hac Vice)*
    TTan@mintz.com
11  Stephen Chen *(Admitted Pro Hac Vice)*
    SChen@mintz.com
12  Amy LoBue *(Admitted Pro Hac Vice)*
    ALoBue@mintz.com
13  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
    One Financial Center
14  Boston, MA 02111
    Telephone:    (617) 542-6000
15  Facsimile:    (617) 542-2241

16  Attorneys for Defendants
    RECYCLE TRACK SYSTEMS, INC., and
17  RECYCLESMART SOLUTIONS INC.

18              **UNITED STATES DISTRICT COURT**

19             **NORTHERN DISTRICT OF CALIFORNIA**

20  ROADRUNNER RECYCLING, INC.,                Case No. 3:23-cv-04804-WHA

21              Plaintiff,                     **DECLARATION OF MATTHEW S. GALICA
                                               IN SUPPORT OF DEFENDANTS' MOTION
22        v.                                   TO EXCLUDE EXPERT TESTIMONY FROM
                                               MESSRS. ARMSTRONG AND LONGSON**
    RECYCLE TRACK SYSTEMS, INC., and
23  RECYCLESMART SOLUTIONS INC.,
                                               Hon. William H. Alsup
24              Defendants.                    Hearing
                                               Date:          October 10, 2024
25                                             Time:          8:00 a.m.
                                               Location:      450 Golden Gate Avenue
26                                                            Courtroom 12, 19th Floor
                                                              San Francisco, CA 94102
27                                             Complaint Filed:   August 4, 2023
                                               Trial Date:        December 9, 2024
28

                                        1

I, Matthew S. Galica, hereby declare as follows:

1.     I am an attorney with the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc. ( "Defendants"). I have personal knowledge of the matters set forth in this declaration and could and would testify competently thereto.

2.     I submit this declaration in support of Defendants' Motion to Exclude Expert Testimony by Messrs. Armstrong and Longson filed concurrently herewith.

3.     During discovery, Defendants propounded discovery requests on Plaintiff RoadRunner Recycling, Inc. ("Plaintiff"), requesting information regarding the alleged trade secrets, including requests for production of documents detailing the trade secrets, interrogatories seeking identification of the trade secrets, and deposition notices seeking corporate testimony on topics related to the trade secrets.

4.     Attached hereto as **Exhibit 1** is a true and correct copy of Defendants' Notice of Deposition to Plaintiff served June 28, 2024.

5.     Attached hereto as **Exhibit 2** is a true and correct copy of an email from counsel for Plaintiff designating Messrs. Armstrong and Longson to testify as corporate representatives on various topics, including topic number four.

6.     Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of the August 15, 2024 deposition transcript of Mr. Longson in this matter.

7.     Attached hereto as **Exhibit 4** is a true and correct copy of correspondence sent on August 27 from counsel for Plaintiff (Lena Streisand) to counsel for Defendants (Matthew Galica) regarding the deposition of Mr. Longson.

8.     Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of the August 22, 2024 deposition transcript of Mr. Armstrong in this matter.

9.     Attached hereto as **Exhibit 6** is a true and correct copy of Plaintiff's August 30, 2024 disclosure of expert witnesses.

10.     I declare under penalty of perjury that the foregoing is true and correct.

DECLARATION OF MATTHEW S. GALICA IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY BY MESSRS. ARMSTRONG AND LONGSON (CASE NO. 3:23-CV-04804-WHA)

Executed this 10th day of September, 2024, in Boston, Massachusetts.

*/s/ Matthew S. Galica*
Matthew S. Galica

DECLARATION OF MATTHEW S. GALICA IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE EXPERT TESTIMONY BY MESSRS. ARMSTRONG AND LONGSON
(CASE NO. 3:23-CV-04804-WHA)

# EXHIBIT 1

1  Arameh Zargham O'Boyle (SBN: 239495)
   azoboyle@mintz.com
2  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
   2049 Century Park East, Suite 300
3  Los Angeles, CA 90067
   Telephone:  310-586-3200
4  Facsimile:  310-586-3202

5  James M. Wodarski (*Admitted Pro Hac Vice*)
   JWodarski@mintz.com
6  Andrew H. DeVoogd (*Admitted Pro Hac Vice*)
   AHDeVoogd@mintz.com
7  Nicholas W. Armington (*Admitted Pro Hac Vice*)
   Mathew S. Galica *(Admitted Pro Hac Vice)*
8  MSGalica@mintz.com
   NWArmington@mintz.com
9  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
   One Financial Center
10 Boston, MA 02111
   Telephone:    (617) 542-6000
11 Facsimile:    (617) 542-2241

12 Attorneys for Defendants
   RECYCLE TRACK SYSTEMS, INC., and
13 RECYCLESMART SOLUTIONS INC.

14                  **UNITED STATES DISTRICT COURT**

15                  **NORTHERN DISTRICT OF CALIFORNIA**

16 ROADRUNNER RECYCLING, INC.,            Case No. 3:23-cv-04804-WHA

17       Plaintiff,                        **DEFENDANTS RECYCLE TRACK
                                           SYSTEMS, INC. AND**
18       v.                                **RECYCLESMART SOLUTIONS,
                                           INC., NOTICE OF RULE 30(b)(6)**
19 RECYCLE TRACK SYSTEMS, INC., and       **DEPOSITION OF PLAINTIFF**
   RECYCLESMART SOLUTIONS INC.,           **ROADRUNNER RECYCLING, INC.**
20
         Defendants.                       *Assigned for All Purposes to:*
21                                         The Hon. William H. Alsup, Courtroom 12

22                                         Date: August 6, 2024
                                           Time: 9:00 AM
23                                         Place: Mintz Levin, Cohn, Ferris,
                                               Glovsky, and Popeo, P.C.
24                                             44 Montgomery Street, 36th Floor,
                                               San Francisco, California 94104
25
                                           Complaint Filed:     August 4, 2023
26                                         Trial Date:          December 9, 2024

27

28                                      1
   NOTICE OF RULE 30(b)(6) DEPOSITION OF PLAINTIFF ROADRUNNER RECYCLING INC.
                          Case No. 3:23-cv-04804-WHA

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants Recycle Track Systems, Inc., and Recyclesmart Solutions Inc., ("RTS" or "Defendants"), by and through its counsel, will take the deposition of Plaintiff Roadrunner Recycling, Inc. ("Roadrunner") on **August 6, 2024, beginning at 9:00 am,** at the offices of Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 44 Montgomery Street, 36th Floor, San Francisco, California 94104.

Within the limitations of Federal Rule of Civil Procedure 30, the deposition will continue day to day, including Saturdays, Sundays and holidays unless otherwise agreed to by the parties, until completed. The deposition will be taken before a Notary Public or other authorized officer and will be stenographically recorded and videotaped.

As required by Fed. R. Civ. P. 30(b)(6), Roadrunner shall designate one or more officers, directors, managing agents, or other person(s) who consent to testify on its behalf concerning the deposition topics set forth in Attachment B. The definitions in Attachment A apply to the deposition topics identified in Attachment B. RTS requests that Roadrunner identify, for each person designated, the deposition topic(s) on which that person will testify no later than: fourteen (14) days prior to the date of the deposition(s) in the event the designee is providing testimony within the United States.

RTS reserves the right to seek additional testimony on the topics listed in Attachment B in the event that additional facts or documents become available after the date of this Notice and/or after the conclusion of the deposition based on this Notice. RTS also reserves the right to serve additional Notices of Deposition on additional topics, including for the same reasons as above.

NOTICE OF RULE 30(b)(6) DEPOSITION OF PLAINTIFF ROADRUNNER RECYCLING INC.
Case No. 3:23-cv-04804-WHA

Dated: June 28, 2024

/s/ Nicholas W. Armington
Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:  310-586-3202

James M. Wodarski (*Admitted Pro Hac Vice*)
JWodarski@mintz.com
Andrew H. DeVoogd (*Admitted Pro Hac Vice*)
AHDeVoogd@mintz.com
Mathew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
Nicholas W. Armington (*Admitted Pro Hac
Vice*)
NWArmington@mintz.com
Tianyi Tan (*Admitted Pro Hac Vice*)
TTan@mintz.com
Stephen Chen (*Admitted Pro Hac Vice*)
SChen@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241

Attorneys for Defendants
**RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.**

3

1

## <u>ATTACHMENT A</u>

2

## <u>DEFINITIONS</u>

3

      1.      "RTS" means Defendant Recycle Track Systems, Inc. and Defendant RecycleSmart

4

Solutions, Inc, together, any of their affiliated entities, subsidiaries, agents, officers, employers, or

5

any other person working on behalf of RTS or RecycleSmart.

6

7

      2.      "RoadRunner" means Plaintiff RoadRunner Recycling, Inc. and any of its affiliated

8

entities, subsidiaries, agents, officers, employers, or any other person working on behalf of

9

RoadRunner.

10

      3.      "Compology" means Compology, Inc. and any of its affiliated entities, subsidiaries,

11

agents, officers, employers, or any other person working on behalf of COMPOLOGY.

12

13

      4.      "Third Party" or "Third Parties" means any Person or Entity other than Plaintiff and

14

Defendants.

15

      5.      "Entity" or "Entities" means any corporation, partnership, joint venture,

16

unincorporated association, trust, government Entity or any other Entity, and/or his, her or its

17

affiliates, joint ventures, agents, assigns, officers, directors, employees, representatives (including

18

advisors), partners, attorneys and all Persons acting or purporting to act on his, her or its behalf.

19

20

      6.      "Complaint" means the Second Amended Complaint filed by RoadRunner on

21

January 16, 2024, in the above-captioned action.

22

      7.      "Compology Devices" means Compology's R11, R12, and/or R13 devices, including

23

any prototypes, samples, and/or any prior or future iterations of such devices.

24

      8.      "Compology Terms & Conditions" means the document referenced in Paragraph 13

25

of the Complaint.

26

27

28

4

9.      "Confidential Information" means non-public business, financial, technical, legal, and/or personnel information, including for example and without limitation, product designs and data, source code, trade secrets, pricing, customer and supplier lists, network structure and addresses, designs, technical specifications, business plans, agreements, and any other non-public data whether written, verbal or visual.

10.     "Trade Secret(s)" is defined to be synonymous in meaning to the term as used in the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1(d) and the Defend Trade Secrets Act, 18 U.S.C. § 1839(3).

11.     "Alleged Trade Secrets" means the Trade Secret(s) identified in Your submission required by CCP 2019.210, and the Confidential Information identified as a Trade Secret in Your response to Defendants' Interrogatory No. 1.

12.     "Document(s)" has the same meaning that it has under Fed. R. Civ. P. 34, and includes electronically stored information as specified in Fed. R. Civ. P. 34. "Document(s)" also includes the files in which any such Document(s) is or are maintained. For the avoidance of doubt, "Document(s)" further includes, without limitation, any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including but not limited to letters, reports, other written communications, correspondence, telegrams, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, travel records or itineraries, forecasts, analyses, lab reports, lab notebooks, projections, work papers, photographs, tape records, models, graphs, statistical statements, notebooks, charts, plans, drawings, artwork, brochures, summaries of negotiations, press releases, intracompany or intercompany communications, routing slips or the like, promotional or advertising materials, marginal comments appearing on any Document, bills of material, supply contracts, invoices, shipping papers, labels, packaging, purchase

orders, contracts, printed publications, minutes or records of meetings, minutes or records of conferences, agendas, expressions or statements of policy, lists of Persons attending meetings or conferences, reports and summaries of investigations, opinions or reports of consultants, studies, evaluations, records, presentations, material data safety sheets, equipment reference manuals, manufacturing specifications, requirements specifications, initial sample inspection reports, initial process studies, process flow charts, quality assurance processes, quality control processes, stability studies, safety evaluations, sample inspection reports, qualified laboratory Documentation, product specifications, batch data, customer-specific requirements, engineering drawings, technical reference manuals, technical presentations, engineering presentations, marketing presentations, engineering specifications, requirements specifications, functional specifications, schematics, user guides, user manuals, manufacturing specifications, manufacturing work instructions, assembly specifications, assembly drawings, design records, authorized engineering change (note) Documents, engineering change orders, engineering approvals, process flow diagrams, control plans, records of material / performance tests, initial sample inspection reports, initial process studies, qualified laboratory Documentation, appearance approval reports, checking aids, customer-specific requirements, sound recordings, motion pictures, models, sketches, video tapes, proofs, photographs, films, computer input or output, recordings on disk or tape, archive records, whether recorded on volatile or nonvolatile media, hard disks, and floppy disks by magnetic or electronic impulse, or any other writing including drafts, revisions, foreign language versions or translations to English of any of the foregoing. Document(s) also includes Documents provided by and/or obtained from Third Parties within Your possession, custody or control, including Documents available to You upon request from Third Parties, including without limitation, Documents that You have access to through an FTP site, secure portal, or any other means provided by a Third Party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTACHMENT B

## TOPICS

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, RTS designates the following topics for examination:

1.     The procedure and steps taken by RoadRunner to locate and/or produce documents in response to RTS's discovery requests, including any steps taken to search for documents, communications, and/or things in response to RTS's discovery requests.

2.     The identity of each custodian, database, file, and system searched in connection with RoadRunner's production of documents in response to RTS's discovery requests.

3.     RoadRunner's policies, practices, and documents relating to the preservation, filing, storage, retention, or destruction of documents or other records.

4.     The identification and nature of each alleged trade secret claimed by RoadRunner in this litigation, including but not limited to each purported trade secret identified in the Complaint and/or Plaintiff's Identification of Trade Secrets.

5.     All Documents purporting to contain any RoadRunner trade secret.

6.     Any list or other accounting of trade secret assets maintained at any time by RoadRunner.

7.     All efforts and steps taken by RoadRunner to protect and maintain the alleged secrecy of the alleged trade secrets, on a trade secret by trade secret basis.

8.     The time and resources expended to develop each of the alleged trade secrets, on a trade secret by trade secret basis.

9.     The evidence supporting RoadRunner's contention that RTS had access to any of the alleged trade secrets, on a trade secret by trade secret basis, including without limitation the specific

7

1  "customer service" communications identified in Paragraphs 5, 39, 49, 52, 54, 60, 62, 74, and 86 of

2  the Complaint.

3       10.    The evidence supporting RoadRunner's contention that RTS misappropriated one or

4  more of the alleged trade secrets, on a trade secret by trade secret basis.

5       11.    RoadRunner's understanding of the value of each alleged trade secret claimed by

6  RoadRunner in this litigation, on a trade secret by trade secret basis, and all evidence informing and

7  supporting that understanding.

8       12.    RoadRunner's revenue, costs, margins, and profits related to the development,

9  manufacture, sale, license, and/or other monetization of Compology Device(s), including but not

10 limited to bills of materials ("BOMs") and costed bills of materials ("CBOM" or "C-BOM") for the

11 Compology Device(s).

12      13.    The actual prices paid, pricing strategies, and pricing policies relating to the

13 Compology Device(s), including the initial prices of the Compology Device(s) and any changes in

14 pricing from the date of first commercial sale to the present.

15      14.    RoadRunner's accounting practices related to the manufacture and sale of Compology

16 Device(s), including but not limited to, methods of accounting for revenues, cost

17      15.    s, profits, methods of depreciation, allocation of expenses, inventory measurements,

18 profit allocation, losses, and assignments of debt.

19      16.    Any non-covered products or services that RoadRunner may allege represent a

20 convoyed, collateral, or derivative sale, including their related revenues, costs, margins, and profits.

21      17.    RoadRunner's partners, distributors, resellers, and/or customers for the Compology

22 Device(s), as well as the annual revenue, profit, costs, and units associated with each partner, reseller,

23 and/or customer.

18.     RoadRunner's divisions, subsidiaries, parent, affiliated, related, successor or predecessor companies, or any of them from January 1, 2016 to the present.

19.     RoadRunner's officers, directors, employees, owners, managers, partners, consultants, representatives, attorneys, or agents that were involved with or played a role in the transaction resulting in RoadRunner's acquisition of Compology.

20.     Contracts entered into by and between Compology and RTS.

21.     RoadRunner's understanding of the Compology Terms & Conditions.

22.     RTS's access to and use of Compology's subscription services and system via an API (as defined in the Compology Terms and Conditions).

23.     The evidence, if any, supporting RoadRunner's contention that RTS ever disassembled and/or reverse engineered any Compology Device(s).

24.     Roadrunner's investigation into alleged similarities between the Pello system and Roadrunner's waste and recycling metering technology referenced in paragraph 57 of the Complaint.

25.     Current and prior iterations of hardware designed for and utilized by the Compology Device(s).

26.     Software components of the Compology Device(s), including but not limited to earlier components, whether or not the components are still utilized by Compology Device(s) today.

27.     Firmware components of the Compology Device(s), including but not limited to earlier components, whether or not the components are still utilized by Compology Device(s) today.

28.     RoadRunner's historical and current use of artificial intelligence ("AI") in connection with the Compology Device(s).

29.     RoadRunner's historical and current use of APIs in connection with the Compology device(s).

30.     Design and development of all Compology sensor system(s) and any earlier iterations, prototypes, or preliminary versions thereof.

31.     The Compology device(s) waste metering system and any historical changes thereto.

32.     Compology's overall waste and recycling metering system, smart camera apparatus, optical assembly and design, image preprocessing techniques, training data, and algorithms and processes.

33.     The process by which the Compology Device(s) are deployed by RoadRunner's customers.

34.     The process for purchasing the Compology Device(s).

35.     Alleged "smart" features of the Compology sensor system(s), including but not limited to contamination detection, image preprocessing, debayering, rightsizing, empty event detection, and any other features of the Compology device(s), including related algorithms.

36.     RoadRunner's disclosure of confidential information relating to the Compology Device(s) to any third party, including any manufacturer(s) of all Compology sensor system(s) and any earlier iterations, prototypes, or preliminary versions thereof.

37.     Any information related to the Compology Device(s) disclosed to the U.S. Federal Communications Commission.

38.     RoadRunner's development of its AI system used in connection with the Compology sensor system(s) and any earlier iterations, prototypes, or preliminary versions thereof.

39.     RoadRunner's development of the Compology sensor system(s) optical device and assembly.

40.     RoadRunner's development of the Compology sensor system's image preprocessing techniques.

41.     RoadRunner's development of any algorithms or processes configured to detect objects or contamination in a waste container, bin, and/or dumpster.

42.     RoadRunner's communications with Compology.

43.     RoadRunner's acquisition of Compology.

44.     RoadRunner's valuation(s), if any, of (a) Compology and (b) the Compology sensor systems prior to RoadRunner's acquisition of Compology.

45.     RoadRunner's analyses of competitors, including any information pertaining to the benefits, functionality, performance, and costs of competitive products relative to the Compology Device(s).

46.     RoadRunner's definition of the market(s) for Compology Device(s) and its share of those market(s).

47.      RoadRunner's marketing and financial plans, market studies, reports, forecasts, surveys, strategies, and projections for the sale, use, or monetization of the Compology Device(s).

48.     Any license agreements, technology transfer agreements, royalty agreements, sublicenses, assignments, cross-licenses, purchase agreements, releases, covenants, settlement agreements, or other intellectual property agreements relating to any technology, software, confidential information, know-how or trade secret(s) related to, similar to, or comparable to the trade secret(s) at issue, to which RoadRunner is or has been a party to, as well as any royalty payments related to the same.

49.     RoadRunner's intellectual property licensing policies, guidelines, processes, and procedures including any template license agreements, any internal guidance on territorial restrictions, and any internal guidance on exclusivity provisions.

50.     Any appraisals of value, opinions of value, calculations of value, or valuations (whether formal or informal, draft or final) of RoadRunner's entire company, any division, or any intellectual property assets (including patents, trade secrets, software, copyrights).

## CERTIFICATE OF SERVICE

**I am a resident of the Commonwealth of Massachusetts, over the age of eighteen years, and not a party to the within action.  My business address is One Financial Center, Boston, MA 02111.  On June 28, 2024, I served true and correct copies of the following documents:**

**DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS, INC., NOTICE OF RULE 30(b)(6) DEPOSITION OF PLAINTIFF ROADRUNNER RECYCLING, INC.**

| ☒ | **BY E-MAIL**:  By electronic mail transmission on June 28, 2024, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below. The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error. | |
|---|---|---|
| | Stanley M. Gibson<br>James Neudecker<br>**JEFFER MANGELS BUTLER &<br>MITCHELL LLP**<br>2 Embarcadero Center, 5th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 398-8080<br>Facsimile: (415) 398-5584<br>sgibson@jmbm.com<br>jneudecker@jmbm.com<br><br>*Attorneys for Plaintiff<br>ROADRUNNER RECYCLING, INC.* | Lena Streisand<br>**JEFFER MANGELS BUTLER &<br>MITCHELL LLP**<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067-4308<br>Telephone:(310) 203-8080<br>Facsimile: (310) 230-0567<br>lstreisand@jmbm.com<br><br>*Attorneys for Plaintiff<br>ROADRUNNER RECYCLING, INC.* |
| | Joseph J. Mellema<br>**JEFFER MANGELS BUTLER &<br>MITCHELL LLP**<br>3 Park Plaza, Suite 1100<br>Irvine, California 92614-2592<br>Telephone: (949) 623-7200<br>Facsimile: (949) 623-7202<br>jmellema@jmbm.com<br><br>*Attorneys for Plaintiff<br>ROADRUNNER RECYCLING, INC.* | |

NOTICE OF RULE 30(b)(6) DEPOSITION OF PLAINTIFF ROADRUNNER RECYCLING INC.
Case No. 3:23-cv-04804-WHA

518721667v.1

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 28, 2024, at Boston, MA.

*Stephanie Stutzmann*
STEPHANIE STUTZMANN

NOTICE OF RULE 30(b)(6) DEPOSITION OF PLAINTIFF ROADRUNNER RECYCLING INC.
Case No. 3:23-cv-04804-WHA

# EXHIBIT 2

| | |
|---|---|
| **From:** | Joseph Mellema <JMellema@jmbm.com> |
| **Sent:** | Monday, July 22, 2024 8:05 PM |
| **To:** | Armington, Nicholas |
| **Cc:** | RTS-Mintz; Stan M. Gibson; Lena Streisand; Itzi Munoz; Christina Lopez |
| **Subject:** | RoadRunner v. RTS et al. [JMBM-LA.82941.0001] |

Hi Nick,

Per our conversation last week Friday, please see below the witness availability for deposition, and 30(b)(6) topics. Please confirm these dates with us as soon as possible.

- Cason Male, 8/13, JMBM Los Angeles Offices, Topics: 1-3, 7, 33, 44-45
- Jay Longson, 8/15, JMBM San Francisco Offices, Topics: 1-2, 4-6, 8-11, 23-25, 27, 30-32, 36-37, 39-40, 45
- Angel Huang, 8/16, JMBM San Francisco Offices
- Justin Armstrong, 8/22, Pittsburgh, Pennsylvania, Topics: 4-6, 8-11, 22-24, 26, 28-29, 31-32, 35, 38, 41
- Steve Krebs, 8/23, Pittsburgh, Pennsylvania, Topics: 8, 11-21, 34, 42-49

Best,
Joe

**Joseph J. Mellema** | Partner
**Jeffer Mangels Butler & Mitchell LLP | JMBM**
3 Park Plaza #1100, Irvine, CA 92614
**D:** (949) 623-7232 | **E:** JMellema@jmbm.com
**VCARD** | **BIO** | **LINKEDIN**



This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments. For further information, please visit JMBM.com.

# EXHIBIT 3
# FILED UNDER SEAL

# EXHIBIT 4



Lena Streisand
Lstreisand@jmbm.com

1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
(310) 203-8080  (310) 203-0567 Fax
www.jmbm.com

August 27, 2024

**BY EMAIL**

Matthew S. Galica
Mintz
One Financial Center
Boston, MA 02111
E-Mail: msgalica@mintz.com

Re:     <u>Deposition of Timothy (Jay) Longson</u>

Dear Matt:

We write in response to your August 22, 2024 letter regarding the deposition of Jay Longson.

First, the document Mr. Longson put together regarding his investigation of Pello's FCC reports is protected from disclosure by the attorney work product doctrine as Mr. Longson created it at the direction of counsel in anticipation of litigation.  While RoadRunner disagrees that this document is responsive to any of Defendants' RFPs, RoadRunner will supplement its privilege log to include an entry for the document.

Second, as explained in my August 21 email, RoadRunner disagrees with your position regarding RoadRunner's August 14 document production.  As explained in our August 2 and again in our August 21 correspondence, Defendants' overly broad RFPs did not specifically seek these documents and Defendants failed to follow Judge Alsup's procedure for narrowing their document requests upon RoadRunner's timely objection as to the breadth of the RFPs.

Third, Mr. Longson was sufficiently prepared to testify to Defendants' 30(b)(6) topic nos. 4–6, 11, and 32, and as admitted in your letter, he is not the only 30(b)(6) witness designated on those topics.  Specifically:

- We disagree that Mr. Longson did not provide sufficient testimony on Topic Nos. 4–6 and 32.  As stated in your August 16 letter, "[a] Rule 30(b)(6) deposition is not a memory test."  Mr. Longson was not required to have committed to memory each trade secret.  Mr. Longson provided a number of examples of components that could be considered trade secrets.  *See, e.g.*, 85:4–15.  Mr. Longson also testified to his understanding of the trade secrets listed in RoadRunner's ITS. Further, counsel repeatedly asked Mr. Longson whether features of Compology

Matthew S. Galica
August 27, 2024
Page 2

devices are trade secrets.  As Mr. Longson stated during his deposition, he is not a lawyer and does not make determinations regarding what qualifies as a trade secret.  *See, e.g.*, 101:9–12; 217:1–5.  Even after Mr. Longson stated that he could not answer certain questions because he is not a lawyer, counsel chose not to rephrase his questions to clarify Mr. Longson's understanding.  Any issue in Mr. Longson's testimony was due to counsel's questions, which sought legal conclusions and expert opinions from a lay witness.  Regardless, Mr. Armstrong is also designated on these topics.  *See, e.g.*, 77:10–12 (identifying rightsizing algorithm as trade secret); 87:5–7 (identifying training data as trade secret).

- We disagree that Mr. Longson was unable to identify the value of RoadRunner's trade secrets.  *See, e.g.*, 221:7–9.  Further, Mr. Longson is not required to know the exact dollar amount of nano-coating.  Counsel's questions again seek expert testimony from a lay witness.  Finally, Mr. Krebs was also designated on and testified to this topic from a business perspective.  *See, e.g.*, 254:25–255:4 (pointing counsel to document showing how hardware plays into RoadRunner's projections).  Counsel's questions again sought legal conclusions regarding independent economic value and improper expert testimony.

Lastly, RoadRunner is willing to work on an agreement as to authenticity of the internal documents produced by both parties.  Please provide proposed terms for our review.

Regards,

LENA STREISAND for
Jeffer Mangels Butler & Mitchell LLP

LS:l2s



# EXHIBIT 5
# FILED UNDER SEAL

# EXHIBIT 6

1  JEFFER MANGELS BUTLER & MITCHELL LLP
   STANLEY M. GIBSON (Bar No. 162329)
2  *sgibson@jmbm.com*
   JAMES NEUDECKER (Bar No. 221657)
3  *JNeudecker@jmbm.com*
   2 Embarcadero Center, 5th Floor
4  San Francisco, CA 94111
   Telephone:  (415) 398-8080
5  Facsimile:   (415) 398-5584

6  JOSEPH J. MELLEMA (Bar No. 248118)
   *jmellema@jmbm.com*
7  3 Park Plaza, Suite 1100
   Irvine, California 92614-2592
8  Telephone:  (949) 623-7200
   Facsimile:   (949) 623-7202
9
   LENA STREISAND (Bar No. 339021)
10 *lstreisand@jmbm.com*
   1900 Avenue of the Stars, 7th Floor
11 Los Angeles, California 90067-4308
   Telephone:  (310) 203-8080
12 Facsimile:   (310) 203-0567

13 Attorneys for Plaintiff ROADRUNNER
   RECYCLING, INC.
14
            UNITED STATES DISTRICT COURT
15
           NORTHERN DISTRICT OF CALIFORNIA
16

17
   ROADRUNNER RECYCLING, INC.,          Case No. 3:23-cv-04804-WHA
18
            Plaintiff,                  **PLAINTIFF ROADRUNNER**
19                                      **RECYCLING, INC.'S FED. R. CIV.**
       v.                               **P. 26(a) EXPERT DISCLOSURES**
20
   RECYCLE TRACK SYSTEMS, INC.,
21 RECYCLESMART SOLUTIONS,
   INC.,
22                                      Complaint Filed:  August 4, 2023
            Defendants.                 Trial Date:        December 9, 2024
23

24

25

26

27

28

1   Pursuant to Fed. R. Civ. P. 26(a)(2)(B), Plaintiff RoadRunner Recycling, Inc.
2   submits the following expert disclosure.

3   1.   Forrest A. Vickery, ASA

4   Sanli Pastore & Hill

5   100 Howe Avenue, Suite 220N

6   Sacramento, California 95825

7   (916) 614-0530

8   Mr. Vickery will testify as to the matters and opinions set forth in his report.
9   A copy of Mr. Vickery's report and other information required under Fed. R. Civ. P.
10  26(a)(2)(B) is attached hereto as Exhibit 1.  RoadRunner reserves the right to
11  supplement Mr. Vickery's report and opinions based on additional discovery that
12  may become known.

13  2.   W. Leo Hoarty

14  WLH Consulting LLC

15  Morgan Hill, CA

16  (408) 500-9999

17  Mr. Hoarty will testify as to the matters and opinions set forth in his report. A
18  copy of Mr. Hoarty's report and other information required under Fed. R. Civ. P.
19  26(a)(2)(B) is attached hereto as Exhibit 2.  RoadRunner reserves the right to
20  supplement Mr. Hoarty's report and opinions based on additional discovery that
21  may become known.

22  3.   Justin Armstrong

23  c/o Jeffer Mangels Butler & Mitchell LLP

24  2 Embarcadero Center, 5th Floor

25  San Francisco, CA 94111

26  An unretained percipient expert, Mr. Armstrong is AI & Algorithms Lead at
27  RoadRunner. He earned a B.S., Mechanical Engineering degree from Tulane
28  University specializing in Robotics and related software, and has developed

JMBM | Jeffer Mangels Butler & Mitchell LLP

algorithms and worked in the machine learning software field since at least 2004. Mr. Armstrong is expected to offer expert testimony in his field of software and machine learning/artificial intelligence, particularly as it relates to his opinions on the Compology software, machine learning, artificial intelligence system, algorithms and processes, and research and development of Compology's software and artificial intelligence architecture, including the nature and identity of Compology's trade secrets embodied in the aforementioned items.

    4.       Timothy (Jay) Longson

            c/o Jeffer Mangels Butler & Mitchell LLP

            2 Embarcadero Center, 5th Floor

            San Francisco, CA 94111

An unretained percipient expert, Mr. Longson is Director Of Hardware at RoadRunner. He earned B.S., M.S., and Ph.D degrees in Electrical Engineering from the University of California, Santa Cruz, and has developed sophisticated electronics technology for his entire career since at least 2006. Mr. Longson is expected to offer expert testimony in his field of electrical engineering and electronics, particularly as it relates to his opinions on the Compology electronic design, mechanical design, firmware design, and research and development of Compology's R-series of products, including the nature and identity of Compology's trade secrets embodied in the aforementioned items.

DATED:  August 30, 2024

                   JEFFER MANGELS BUTLER &
                   MITCHELL LLP
                   JOSEPH J. MELLEMA

By: _____

          JOSEPH J. MELLEMA
       Attorneys for Plaintiff ROADRUNNER
       RECYCLING, INC.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 3 Park Plaza, Suite 1100, Irvine, CA 92614-2592.

On August 30, 2024, I served true copies of the following document(s) described as **PLAINTIFF ROADRUNNER RECYCLING, INC.'S FED. R. CIV. P. 26(a) EXPERT DISCLOSURES** as follows:

| | |
|---|---|
| Arameh Zargham O'Boyle<br>MINTZ, LEVIN, COHN, FERRIS,<br>GLOVSKY, AND POPEO, P.C.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Email:  AZOBoyle@mintz.com | Attorneys for Defendants Recycle<br>Track Systems, Inc. and<br>RecycleSmart Solutions, Inc. |

Amy LoBue
James J. Thomson
James M. Wodarski
Matthew S. Galica
Michael C. Newman
Stephen Huxton Chen
Tianyi Tan
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Emails: alobue@mintz.com
jjthomson@mintz.com
JWodarski@mintz.com
msgalica@mintz.com
mcnewman@mintz.com
schen@mintz.com
TTan@mintz.com

CC:      rts-mintz@mintz.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address CLopez@jmbm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 30, 2024, at Irvine, California.

_____
Christina Lopez

Case No. 3:23-cv-04804-WHA

PLAINTIFF ROADRUNNER RECYCLING, INC.'S RULE 26(a) EXPERT DISCLOSURES