Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:     (310) 586-3200
Facsimile:     (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff,<br>v.<br>RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.,<br>Defendants. | **DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 95)**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed:     August 4, 2023<br>Trial Date:          December 9, 2024 |

Pursuant to Civil Local Rule 79-5, Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions Inc. ("Defendants") hereby submits the following Statement in response to Plaintiff's Motion to Consider Whether Defendants' Material Should Be Sealed (Dkt. No. 95). Defendants respectfully request that the Court order the unredacted version of Plaintiff's September 5, 2024 Letter (Dkt. No. 95-4) and Exhibit C thereto (Dkt. No. 95-3) be sealed.

This Statement is accompanied by (1) the Declaration of Matthew S. Galica ("Galica Decl."); and (2) a Proposed Order.

## I.    LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material . . . ." *Id.* In the context of non-dispositive motions or documents, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)).

## II.    ARGUMENT

Defendants respectfully request that the Court seal in their entirety the unredacted version of Plaintiff's September 5, 2024 Letter (Dkt. No. 95-4) and Exhibit C thereto (Dkt. No. 95-3).

The highlighted portions of Plaintiff's September 5, 2024 Letter—provisionally redacted from the public version filed—directly reference and/or paraphrase the deposition testimony of Yahya Laraki, Defendants' 30(b)(6) witness. *See* Dkt. No. 95-4; Galica Decl. at ¶ 4. The corresponding testimony is excerpted in Exhibit C to Plaintiff's September 5, 2024 Letter. *See* Dkt. No. 95-3; Galica Decl. at ¶ 4.

On August 7, 2024, Defendants designated Mr. Laraki's deposition testimony as HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY. The protective order provides that information or items designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" contain "extremely

1  sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party

2  would create a substantial risk of serious harm that could not be avoided by less restrictive means."

3  Galica Decl. at ¶ 3.

4      The specific testimony of Mr. Laraki directly referenced and/or paraphrased in Plaintiff's

5  September 5, 2024 Letter and excerpted in Exhibit C thereto discusses and reflects the confidential

6  and proprietary information regarding Defendants' source code-level details of its Pello system, such

7  as the specific machine learning models related to and/or used in Pello's system. *Id.* at ¶ 4. Revealing

8  this information in the public record could cause Defendants substantial competitive harm as it would

9  provide insight into Defendants' proprietary Pello system as well as the development thereof. *Id.* at

10 ¶ 5. Defendants' confidentiality interests therefore overcome the right of public access to the record,

11 as a substantial probability exists that the Defendants' overriding confidentiality interests will be

12 prejudiced if the record is not sealed.

13     The proposed sealing as set forth in Plaintiff's Motion (Dkt. No. 95) is narrowly tailored, and

14 no less restrictive means exist to achieve Defendants' overriding confidentiality interest. Plaintiff has

15 already filed a public version of its September 5, 2024 Letter, redacting only the highlighted portions

16 that directly reference and/or paraphrase Mr. Laraki's confidential testimony. *Compare* Dkt. No. 94

17 *with* Dkt. No. 95-4. The proposed sealing of Exhibit C to Plaintiff's September 5, 2024 Letter in its

18 entirety is also warranted because Mr. Laraki's testimony excerpted therein exclusively discusses and

19 reflects the confidential and proprietary information regarding source code-level details of

20 Defendants' machine learning models as well as the development of its Pello system. *Id.* at ¶ 4.

21 Therefore, good cause exists to grant the narrowly tailored sealing as requested.

22 **III.    CONCLUSION**

23     Accordingly, Defendants respectfully request that the Court order the unredacted version of

24 Plaintiff's September 5, 2024 Letter (Dkt. No. 95-4) and Exhibit C thereto (Dkt. No. 95-3) be sealed.

25

26  Dated: September 12, 2024                     Respectfully Submitted,

27                                               /s/ Matthew S. Galica

28
                                          3

1

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com

2

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
  POPEO, P.C.

3

2049 Century Park East, Suite 300
Los Angeles, CA 90067

4

Telephone:      (310) 586-3200
Facsimile:      (310) 586-3202

5

6

James M. Wodarski (Admitted Pro Hac Vice)
JWodarski@mintz.com

7

Michael C. Newman (Admitted Pro Hac Vice)
MCNewman@mintz.com
Matthew S. Galica (Admitted Pro Hac Vice)

8

MSGalica@mintz.com
James J. Thomson (Admitted Pro Hac Vice)

9

JJThomson@mintz.com
Sean M. Casey (Admitted Pro Hac Vice)

10

SMCasey@mintz.com
Tianyi Tan (Admitted Pro Hac Vice)

11

TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)

12

SChen@mintz.com
Amy LoBue (Admitted Pro Hac Vice)

13

ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND

14

  POPEO, P.C.
One Financial Center

15

Boston, MA 02111
Telephone:      (617) 542-6000

16

Facsimile:      (617) 542-2241

17

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and

18

RECYCLESMART SOLUTIONS INC.

19

20

21

22

23

24

25

26

27

28

4