UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROADRUNNER RECYCLING, INC.,

    Plaintiff,

    v.

RECYCLE TRACK SYSTEMS, INC. and
RECYCLESMART SOLUTIONS, INC.,

    Defendants.

No. C 23-04804 WHA

**ORDER RE MOTIONS TO SEAL**

    This order addresses the motions to seal and supporting declarations (Dkt. Nos. 95, 98, 101, 105, 109, 110) that stem from the recent discovery dispute (Dkt. Nos. 94, 99–100, 102).

1.     THE LEGAL STANDARD.

    The public enjoys the right to know to whom the public courts provide relief (or not). *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Filings "more than tangentially related to the merits of a case" may be sealed only for "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.), *cert. denied*, 580 U.S. 815 (2016). That "standard applies to *most* judicial records," with a "good cause" standard applying otherwise. *Id.* at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010), *cert. denied sub nom. Experian Info. Sols., Inc. v. Pintos*, 562 U.S. 1134 (2011)). Parties seeking to seal filings in this district must also follow basic rules, Civil L.R. 79-5, about which parties here have been well-apprised (*see* Dkt. No. 93).

2. **MOTION TO SEAL STEMMING FROM PLAINTIFF'S DISCOVERY LETTER RE SPOLIATION.**

A. *PLAINTIFF'S LETTER.*

Plaintiff RoadRunner Recycling, Inc. filed a discovery letter on September 5, 2024 alleging spoliation (Dkt. No. 94). It moved to seal defendants' material within (Dkt. No. 95). Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc. timely filed a declaration supporting the sealing motion (Dkt. No. 109). This order rules as follows:

| Sealed (Pub.) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 95-4 (94) | Plaintiff's September 5, 2024 Discovery Letter | *Yellow highlights*, DENIED. | The passage proposed for redaction "paraphrase[s]" testimony respecting defendants' Pello technology (Dkt. No. 109-1 at ¶ 4). But that information was elsewhere disclosed (*e.g.*, Sept. 11, 2024 Tr. 3:21–4:2). |
| Dkt. No. 95-3 (94-3) | Exh. C, Yahya Laraki Deposition Transcript Excerpts | *Entirety*, DENIED. | The entirety proposed for sealing includes portions directly related to the discovery dispute, which ultimately contests the need for a jury instruction that could decide the merits. The compelling interests standard thus applies. *See Ctr. for Auto Safety*, 809 F.3d at 1098–1100. The rationale for redaction is that the testimony is subject to a protective order (Dkt. No. 109-1 at ¶ 3). But "[a] protective order [i]s not a guarantee of confidentiality" for court filings. *Kamakana*, 447 F.3d at 1183. And RoadRunner wholly failed to tailor redactions to plausibly sealable material, as required. *See* Civil L.R. 79-5(c), (f)(3). Beyond proposing to seal opening pleasantries, it proposes to redact passages that relate to the dispute, that do not disclose anything remotely warranting redaction, and that were retold in court, e.g.:<br><br>    Q. And when you say you didn't migrate them, what happened to — what happened to the — what happened to the data when it wasn't migrated?<br>    A. It was deleted.<br>    Q. It was?<br>    A. It was deleted, or non-migrated, to be more precise.<br><br>(Dkt. No. 95-3 at 65:12–19; *cf.* Sept. 11, 2024 Tr. 17:17–17:21). Facially overbroad redactions may be rejected facially: Were there anything more specific worth sealing, RoadRunner did not meet its burden to say so. |

B.  **DEFENDANT'S RESPONSE.**

Systems, Inc. and Solutions, Inc. responded to the spoliation letter (Dkt. No. 100). They also moved to seal their material within (Dkt. No. 101). This order rules as follows:

| Sealed (Pub.) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 101-3 (100) | Defendants' Response to Plaintiff's September 5, 2024 Discovery Letter | *Yellow highlights*, DENIED. | The proposed redaction obscures sky-high generalizations about basic case contentions. The brief in support provides only a boilerplate rationale for redactions (*see* Dkt. No. 101 at 3). And it is not backed up specifically by the sworn declaration (*see* Dkt. No. 101-1 at 2). The subject matter here was also aired in court. |
| Dkt. No. 101-4 (100-5) | Exhibit 4, Yahya Laraki Deposition Transcript Excerpts | *Entirety*, DENIED. | Proposed redactions are highlighted, yet defendants move to seal the entire document. The excerpts give a high-level account of how defendants purportedly developed their competing technology. As above, the brief in support provides only a boilerplate rationale, and was not backed up by the declaration. And the subject matter was aired in court. Also, defendants argue there are no trade secrets in the case respecting such technologies (*see, e.g.*, Sept. 11, 2024 Tr. 19:3–7). That argument undercuts their credibility in simultaneously asserting the purported secrecy and harm from disclosure of their technology development. |

3.  **MOTION TO SEAL STEMMING FROM DEFENDANT'S DISCOVERY LETTER RE DEPOSITION.**

A.  **DEFENDANTS' LETTER.**

Systems, Inc. and Solutions, Inc. in turn filed a discovery letter on September 6, 2024 seeking more time for a deposition (Dkt. No. 99). They also moved to seal plaintiff's material within (Dkt. No. 98). RoadRunner timely filed a document regarding the sealing motion (Dkt. No. 110). But that document declined to support redactions (*ibid.*). For avoidance of doubt, defendants' motion to seal plaintiff's material is therefore **DENIED.**

B.  **PLAINTIFF'S RESPONSE.**

RoadRunner responded to the deposition letter (Dkt. No. 102). It also moved to seal its material within its response (Dkt. No. 105). This order rules as follows:

| Sealed (Pub.) | Document | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 105-3 (102-1) | Exh. A., Email from Gates to Chehebar on March 13, 2022 at 12:49:54 P.M. | *Yellow highlights*, DENIED. | Proposed redactions cover parts of a two-and-a-half year-old, bullet-pointed operating plan. The purported rationale is that "it contains descriptions of product-specific financial accounting, business strategy, and financial strategy" (Dkt. No. 105-1 ¶ 4). If that sufficed to support redactions, most of this litigation would soon be sealed from the public. And as broad as that rationale is, some redactions go beyond it. Parties have been told to articulate a specific, factual basis for sealing and to tailor redactions to it. RoadRunner failed to do so. |
| Dkt. No. 105-4 (102-3) | Exh. C, Gates Deposition Transcript Excerpts | *Entirety*, DENIED. | Proposed redactions are highlighted, yet RoadRunner seeks to seal the entirety. It purports to do so for the reasons above, and because "[it] also discusses projections and the confidential methods in which Compology calculated its financial projections" (*ibid.*). Sealing this full filing is facially unreasonable. And the district court and its staff will not *sua sponte* review the excerpts line by line to come up with passages and reasons to seal more specific than those RoadRunner cared to give. "The judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana*, 447 F.3d at 1182. |

## CONCLUSION

The motions to seal (Dkt. Nos. 95, 98, 101, 105) are DENIED. All related filings must be re-filed publicly and without redactions by SEPTEMBER 20, 2024. Relatedly, the Court awaits RoadRunner's omnibus sealing motion, if any, respecting earlier filings (*see* Dkt. No. 93).

**IT IS SO ORDERED.**

Dated: September 13, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4