JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:     (415) 398-8080
Facsimile:     (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:     (949) 623-7200
Facsimile:     (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:     (310) 203-8080
Facsimile:     (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **PLAINTIFF ROADRUNNER RECYCLING, INC.'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | Complaint Filed:     August 4, 2023<br>Trial Date:            December 9, 2024 |

*JMBM | Jeffer Mangels Butler & Mitchell LLP*

1    Pursuant to the Court's Order re Motions to Seal (Dkt. No. 93), Plaintiff RoadRunner

2    Recycling, Inc. ("RoadRunner") submits the following Omnibus Administrative Motion to Seal

3    portions of its Trade Secrets Identification ("ITS") and exhibits thereto (Dkt. Nos. 46, 47);

4    Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively,

5    "Defendants") Opposition to RoadRunner's Motion for Leave to Amend the First Amended

6    Complaint ("Defendants' Opposition") (Dkt. No. 52); and RoadRunner's Reply in support of its

7    Motion for Leave to Amend ("RoadRunner's Reply") (Dkt. Nos. 57, 61).

8    Based on RoadRunner's review of the Court's prior orders denying its motions to seal,

9    RoadRunner has endeavored to succinctly and narrowly redact the above-referenced documents to

10   ensure that only highly sensitive trade secret is redacted.

## I.    <u>Legal Standard</u>

12   The Court has the inherent authority to seal documents to protect disclosure of a party's

13   trade secrets and other business information that may harm the party's competitive standing. *See*

14   *Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430,

15   1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020)

16   ("publication of materials that could result in infringement upon trade secrets has long been

17   considered a factor that would overcome th[e] strong presumption" of access to court filings)

18   (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S.

19   986 (2012)); *see also* 18 U.S.C. § 1835 (noting "the court shall enter such orders and take such

20   other action as may be necessary and appropriate to preserve the confidentiality of trade secrets").

21   Requests to seal information filed on the Court's public docket must be narrowly tailored

22   to account for the public's right of access to the Court's files and otherwise comply with the rules

23   set forth in Civil Local Rule 79-5.  *See* Civil L.R. 79-5.

## II.   <u>RoadRunner Will Suffer Irreparable Harm if the Court Does Not Adopt its Proposed Redactions and Request to Seal the ITS Exhibits in Their Entirety</u>

26   The Court should adopt RoadRunner's proposed redactions and seal the exhibits listed

27   herein because the information RoadRunner seeks to seal constitutes its trade secrets.  If the Court

28   rejects RoadRunner's proposed redactions and request to seal the ITS exhibits, RoadRunner will

JMBM | Jeffer Mangels Butler & Mitchell LLP

lose protection of its trade secrets. *See DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003) ("Trade secrets['] . . . only value consists in their being kept private.' . . . 'Once the data that constitute a trade secret are disclosed to others, . . . the holder of the trade secret has lost his property interest in the data.'"). Public disclosure of RoadRunner's trade secrets therefore constitutes irreparable injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023) (granting motion to seal trade secrets identification because disclosing plaintiffs' trade secrets would cause them "irreparable injury").

RoadRunner has carefully reviewed the documents submitted in connection with its omnibus motion to seal and has only redacted narrow portions of these documents in an effort to be mindful of the Court's guidance on sealing of records and information.

### A.   RoadRunner's ITS (Dkt. No. 46)

Attached hereto as Exhibit A is an unredacted version of RoadRunner's ITS with its proposed redactions highlighted in yellow.[1] RoadRunner seeks to redact only the highlighted language in the following passages. Per the Court's instruction (*see* Dkt. No. 93 at 6), for each of the following passages, RoadRunner identifies (a) the interest to be protected; (b) the injury that would result if the proposed redacted language is not redacted; (c) why a still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the result; and (d) citation to all docket numbers at which the same excerpt appears.

RoadRunner has endeavored to identify specific interests to be protected, specify the injury that would result if the proposed redacted language is not redacted, and has omitted from its proposed redactions portions of passages in an effort to ensure that only the narrowest portions of the passage, paragraph, or sentence, are protected from disclosure. For example, implementing the proposed redaction, Page 7, Lines 13 to 14 of RoadRunner's ITS now reads: "The smart camera apparatus includes a housing with an [redacted] coating that improves hardness and scratch resistance." Similarly, with RoadRunner's newly proposed redactions, Page 8, Lines 15 to 17 now read: "As one example, Compology learned that [redacted], preventing the capture of suitable

---

[1] A redacted version of RoadRunner's Identification of Trade Secrets is attached hereto as Exhibit A-R.

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   images."  Throughout each of the proposed redacted portions, RoadRunner has specifically

2   narrowed portions of each so that only confidential trade secret information is protected and thus

3   believes no narrower portions are possible without revealing RoadRunner's confidential trade

4   secret information without detriment to RoadRunner's competitive standing.

5           **1.**     **Page 3, Lines 21 to 27**

6        (a)     RoadRunner proposes redacting this description of how RoadRunner processes

7   images collected by its cameras, which is a trade secret. *See* Cal. Civ. Code § 3426.1(d) (defining

8   trade secrets as "information, including a formula, pattern, compilation, program, device, method,

9   technique, or *process*) (emphasis added); *Whyte v. Schlage Lock Co.*, 125 Cal. Rptr. 2d 277, 288

10   (Cal. Ct. App. 2002) (holding process technologies constitute technical know-how, which "is the

11   quintessential trade secret"). RoadRunner has extreme interest in preserving the secrecy of its

12   trade secret information, as it provides a competitive advantage, and has been kept secret and not

13   made publicly available.

14        (b)     If the Court declines RoadRunner's proposed redactions, RoadRunner will lose

15   trade secret protection of the information and thereby suffer irreparable injury.  *See DVD Copy*

16   *Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at

17   *4.  If the information is disclosed publicly, RoadRunner's competitors could use it to gain a cost-

18   saving and/or time-saving advantage in developing a competing product, which would harm

19   RoadRunner's competitive standing.

20        (c)     RoadRunner's proposed redactions are narrowly tailored to include only the

21   confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*,

22   (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise

23   surrounding its proposed redactions.

24        (d)     Dkt. No. 46 at 3.

25           **2.**     **Page 6, Lines 4 to 6**

26        (a)     The proposed redacted language in this passage concerns the results of testing

27   RoadRunner's smart camera apparatus, which are protected trade secrets. *See, e.g.*, *Alta Devices,*

28   *Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 883 (N.D. Cal. 2018) (holding plaintiff identified its

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    trade secrets, including testing and analysis, with reasonable particularity).

2          (b)      If the Court does not redact the highlighted portions of this passage, RoadRunner

3    will suffer irreparable injury because it will lose trade secret protection of the information.  *See*

4    *DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL

5    5959427, at *4.  Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-

6    saving advantage in developing a competing product, causing injury to RoadRunner's competitive

7    standing.

8          (c)      RoadRunner has only proposed redacting those portions of this passage that would

9    reveal testing results, appearing a few words at a time.  No narrower redaction is possible without

10   harming RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language

11   before, after, or otherwise surrounding its proposed redactions.

12         (d)       Dkt. No. 46 at 6.

13                **3.      Page 6, Lines 21 to 27**

14         (a)      The proposed redacted language in this passage constitutes RoadRunner's smart

15   camera apparatus know-how, which is a trade secret.  *See Alta Devices, Inc.*, 343 F. Supp. 3d at

16   883.  Specifically, the proposed redacted language describes choices Compology[2] made in

17   selecting hardware features of its camera and why it made those decisions, based on trial and error.

18         (b)      If the Court does not redact the highlighted portions of this passage, RoadRunner

19   will suffer irreparable injury because it will lose trade secret protection of the information.  *See*

20   *DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL

21   5959427, at *4.  Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-

22   saving advantage in developing a competing product, causing injury to RoadRunner's competitive

23   standing.

24         (c)      RoadRunner has only proposed redacting those portions of the sentences that would

25   reveal testing results, appearing a few words at a time.  No narrower redaction is possible.

26   RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its

27

---

28   [2] In 2022, RoadRunner acquired Compology and all of Compology's intellectual property,
     including its trade secrets.

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    proposed redactions.

2    (d)    Dkt. No. 46 at 6.

3    **4.    Page 7, Line 13**

4    (a)    The type of coating RoadRunner uses on its smart camera apparatus is a trade

5    secret subject to protection from public disclosure.

6    (b)    If the Court declines the proposed redaction, RoadRunner will lose trade secret

7    protection of the type of coating it uses on its smart camera apparatus, thereby suffering

8    irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL

9    5959427, at *4.  This coating was the subject of significant time spent on trial and error and

10   considerable expense.  The coating provides RoadRunner with the competitive advantage of a

11   camera with superior ruggedization that is able to withstand dumpster conditions better than

12   RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's

13   ability to compete in the market.

14   (c)    RoadRunner's proposed redaction is narrowly tailored because RoadRunner only

15   seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera

16   apparatus.  RoadRunner has not redacted non-confidential language before, after, or otherwise

17   surrounding its proposed redactions.

18   (d)    Dkt. No. 46 at 7.

19   **5.    Page 8, Line 8**

20   (a)    RoadRunner seeks to protect the field of view dimensions of its R12 and R13

21   camera lenses, which are trade secrets.

22   (b)    If the Court does not redact the highlighted portions of this passage, RoadRunner

23   will lose trade secret protection of the information, which constitutes irreparable injury.  *See DVD*

24   *Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4.

25   (c)    RoadRunner proposes redacting only the actual dimensions of the camera lenses.

26   Narrower redaction would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-

27   confidential language before, after, or otherwise surrounding its proposed redactions.

28   (d)    Dkt. No. 46 at 8.

JMBM | Jeffer Mangels Butler & Mitchell LLP

**6.**     Page 8, Lines 12 to 20

(a)     The proposed redactions in this passage protect RoadRunner's know-how and design choices regarding its camera lens.  Specifically, the proposed redacted language describes choices Compology made in selecting the lens for the R12 and R13 camera lenses and why it made those decisions, based on trial and error.  This know-how is a protectable trade secret.  *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret).

(b)     If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of its know-how, which constitutes irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.

(c)     RoadRunner has only proposed redacting those portions of the sentences that would reveal details of Compology's experimentation with different lenses, which RoadRunner's competitors could use to RoadRunner's detriment.  No narrower redaction is possible without causing harm to RoadRunner.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

(d)     Dkt. No. 46 at 8.

**7.**     Page 8, Line 28 to Page 9, Line 3

(a)     RoadRunner seeks to protect the language in this passage that reveals its know-how regarding ruggedization of the smart camera apparatus, which is a trade secret.  *See Self Directed Placement Corp.*, 908 F.2d at 467.  Specifically, the proposed redacted language describes why, after much experimentation, Compology chose to use certain hardware components and how those components protect the device from its environment.

(b)     If the Court declines RoadRunner's proposed redactions, RoadRunner will lose trade secret protection of the information and thereby suffer irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4.  Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving

1    advantage in developing a competing product.

2        (c)      RoadRunner has only proposed redacting those portions of the sentences that would

3    reveal details of Compology's reasoning for using certain ruggedized parts.  No narrower

4    redaction is possible.  RoadRunner has not redacted non-confidential language before, after, or

5    otherwise surrounding its proposed redactions.

6        (d)      Dkt. No. 46 at 8–9.

7            **8.      Page 9, Lines 10 to 17**

8        (a)      The proposed redacted language constitutes RoadRunner's know-how related to the

9    smart camera apparatus, including testing conducted in furtherance of ruggedizing the apparatus

10   that resulted in Compology's choices for hardware specifications of the smart camera apparatus.

11   This information is a trade secret. *See Alta Devices, Inc.*, 343 F. Supp. 3d at 883.

12       (b)      If the Court declines RoadRunner's proposed redactions, RoadRunner will lose

13   trade secret protection of the information and thereby suffer irreparable injury.  *See DVD Copy*

14   *Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at

15   *4.  Further, disclosing the information would give RoadRunner's a competitive advantage

16   because Compology expended significant time and money in testing and trying different methods

17   of ruggedizing the apparatus.

18       (c)      RoadRunner has only proposed redacting details of Compology's methods,

19   components, and testing.  Narrower redaction is not possible without inflicting harm on

20   RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before,

21   after, or otherwise surrounding its proposed redactions.

22       (d)      Dkt. No. 46 at 9.

23            **9.      Page 9, Lines 20 to 23**

24       (a)      The proposed redactions in this passage protect the location of components on the

25   smart camera apparatus and the know-how that led Compology to choose the placement of the

26   components, which are RoadRunner's trade secrets.

27       (b)      If the Court declines to redact this information, RoadRunner will lose trade secret

28   protection of the information, thereby suffering irreparable injury.  *See DVD Copy Control Assn.,*

JMBM | Jeffer Mangels Butler & Mitchell LLP

Case 3:23-cv-04804-WHA   Document 114   Filed 09/17/24   Page 9 of 25

*Inc.*, 75 P.3d at 13.  The proposed redacted information is the result of experimentation and trial and error that cost Compology significant money and on which Compology expended significant amounts of time.  Disclosing the proposed redacted language would give RoadRunner's competitors the advantage of this know-how without having to expend any time or money.

(c)     RoadRunner has narrowly tailored its redactions to include only specific details of its wireless communication module and related know-how.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

(d)     Dkt. No. 46 at 10.

**10.     <u>Page 10, Lines 10 to 26</u>**

(a)     The proposed redactions in this passage protect confidential details of when, how, and by what method RoadRunner's camera communicates with its server and related know-how, which are trade secrets.

(b)     If the Court declines to redact this information, RoadRunner will lose trade secret protection of the information, thereby suffering irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The proposed redacted information is key to the longevity of the smart camera apparatus and the functionality of RoadRunner's overall product offering.  Revealing the information publicly would give RoadRunner's competitors the advantage of this valuable information without the investment of time or money.

(c)     RoadRunner has narrowly tailored its redactions to include only specific details of its wireless communication module and related know-how.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

(d)     Dkt. No. 46 at 10.

**11.     <u>Page 11, Lines 7 to 10</u>**

(a)     RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly.  Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.

JMBM | Jeffer Mangels Butler & Mitchell LLP

(b)     If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The proposed redacted information is key to the longevity of the smart camera apparatus.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.

(c)     RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

(d)     Dkt. No. 46 at 11.

### 12.     Page 11, Lines 15 to 24

(a)     RoadRunner seeks to protect its image preprocessing techniques, including the techniques themselves, how they are used, and why they are used.  RoadRunner considers this information to be its trade secrets.

(b)     Compelling reasons exist for sealing the proposed redactions in this passage because RoadRunner's preprocessing techniques and related know-how is a key component in the success of RoadRunner's product offering.  RoadRunner's preprocessing techniques optimize its images for machine learning.  Without these techniques, RoadRunner cannot continue to train its machine learning models.  If disclosed to a competitor, the competitor could use the information to create a competing product without expending the significant time and money Compology spent developing this information.  If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to image preprocessing techniques as described in RoadRunner's ITS.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.

(c)     RoadRunner's proposed redactions are narrowly tailored and limited only to descriptions of the techniques themselves and related know-how.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

(d)     Dkt. No. 46 at 11.

1        **13.     Page 12, Lines 14 to 19**

2        (a)     RoadRunner seeks to protect the specific data used to train its machine learning

3   models, which RoadRunner considers to be trade secrets.

4        (b)     If the Court declines to redact the proposed language, RoadRunner will lose trade

5   secret protection of its trade secrets relating to machine learning training data.  *See DVD Copy*

6   *Control Assn., Inc.*, 75 P.3d at 13.  The data RoadRunner uses to train its machine learning model

7   gives it a competitive advantage and allows it to continue training its model, which is crucial to

8   providing services to RoadRunner customers.

9        (c)     RoadRunner's proposed redactions are narrowly tailored to protect only sensitive

10  information.  More narrow redactions are not possible.  RoadRunner has not redacted non-

11  confidential language before, after, or otherwise surrounding its proposed redactions.

12       (d)     Dkt. No. 46 at 12.

13       **14.     Page 15, Lines 16 to 28**

14       (a)     RoadRunner seeks redaction of information regarding its use of sub-par image

15  detection, including how it is used, where it is integrated, and how it operates.  RoadRunner

16  contends that its products' use, integration, and operation of sub-par image detection are

17  RoadRunner's trade secrets.

18       (b)     Sub-par image detection gives RoadRunner's products a competitive advantage.  If

19  the Court declines to redact the proposed language, RoadRunner will lose trade secret protection

20  of its sub-par image detection-related trade secrets.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at

21  13.

22       (c)     RoadRunner has endeavored to redact only the confidential information in this

23  passage.  RoadRunner has not redacted non-confidential language before, after, or otherwise

24  surrounding its proposed redactions.

25       (d)     Dkt. No. 46 at 15.

26       **15.     Page 16, Line 5 to Page 17, Line 17**

27       (a)     RoadRunner seeks redaction of the highlighted portion of this passage because it

28  describes, step-by-step, the process required for RoadRunner's product to generate a container

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  fullness analysis.

2      (b)    If the Court declines to redact this passage, RoadRunner will lose trade secret

3  protection of its container fullness analysis.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.

4  Public disclosure of the proposed redacted language would disadvantage RoadRunner by

5  disclosing to RoadRunner's competitors how to generate a container fullness analysis, which took

6  Compology significant time and money to develop.

7      (c)    RoadRunner's proposed redactions include only the language describing the

8  process RoadRunner's products use to generate a container fullness analysis.  RoadRunner has not

9  redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

10      (d)    Dkt. No. 46 at 16–17.

11        **16.**    **Page 17, Line 28 to Page 18, Line 1**

12      (a)    The proposed redacted language is the know-how underlying Compology's choice

13  to develop its camera apparatus to detect the types of contamination as a service listed on lines 25–

14  27, which is a trade secret.

15      (b)    RoadRunner will suffer irreparable injury if the Court declines to redact the

16  proposed redactions because it will lose trade secret protection of its know-how.  This know-how

17  is not only important to previous decisions to detect specific types of contamination but also drives

18  potential future development of RoadRunner's contamination detection/content identification

19  analysis service.

20      (d)    Dkt. No. 46 at 17–18.

21        **17.**    **Page 18, Lines 2 to 7**

22      (a)    RoadRunner seeks redaction of the highlighted portion of this passage because it

23  describes the operation, step-by-step, of RoadRunner's contamination detection/content

24  identification analysis service.

25      (b)    If the Court declines to redact this passage, RoadRunner will lose trade secret

26  protection of its contamination detection/content identification analysis service.  *See DVD Copy*

27  *Control Assn., Inc.*, 75 P.3d at 13.  Public disclosure of the proposed redacted language would

28  disadvantage RoadRunner by disclosing to RoadRunner's competitors how to operate the

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   contamination detection/content identification analysis service, which took Compology significant

2   time and money to develop.

3        (c)      RoadRunner's proposed redactions include only the language describing the

4   operation and implementation of the contamination detection/content identification analysis

5   service.  RoadRunner has not redacted non-confidential language before, after, or otherwise

6   surrounding its proposed redactions.

7        (d)      Dkt. No. 46 at 18.

8        **18.      Page 18, Line 14 to Page 19, Line 6**

9        (a)      The proposed redactions in this passage reveal metadata utilized by and know-how

10   that informs RoadRunner's empty event detection algorithm, which RoadRunner contends are

11   trade secrets.

12        (b)      If the Court declines to redact this information, RoadRunner will lose trade secret

13   protection of its empty event detection algorithm's input and implementation information.  *See*

14   *DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The proposed redacted information is key to the

15   successful development of RoadRunner's algorithm and took significant time and funding to

16   develop.  Revealing the information publicly would give RoadRunner's competitors the advantage

17   of the information without the investment of time or money.

18        (c)      RoadRunner has done its best to balance the public interest in disclosure with

19   RoadRunner's interest in maintaining the secrecy of its trade secrets and know-how.  The

20   proposed redactions in this passage aim to disclose more generalized information while still

21   protecting some statements that may not seem confidential but when read in context, explain

22   significant elements of learned experience that Compology developed in the process of refining its

23   products.  RoadRunner has not redacted non-confidential language before, after, or otherwise

24   surrounding its proposed redactions.

25        (d)      Dkt. No. 46 at 18–19.

26        **19.      Page 19, Lines 7 to 12**

27        (a)      The proposed redactions in this passage identify the inputs received by

28   RoadRunner's empty event detection algorithm, which RoadRunner contends are trade secrets.

JMBM | Jeffer Mangels<br>Butler & Mitchell LLP

(b)     If the Court declines to redact this information, RoadRunner will lose trade secret protection of its empty event detection algorithm's input and implementation information.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  This information makes the algorithm work. RoadRunner's competitors would gain a cost-saving and time-saving advantage if they had this information, which took significant time and expense to develop.

(c)     The proposed redactions are as narrow as possible.  RoadRunner seeks only to redact the algorithm input and implementation details.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

(d)     Dkt. No. 46 at 19.

### 20.     Page 19, Line 18 to Page 20, Line 5

(a)     RoadRunner's proposed redacted language reveals RoadRunner's rightsizing recommendation generation algorithm, which RoadRunner contends is a trade secret.  The proposed redacted language identifies the algorithm's inputs and step-by-step operation.

(b)     If the Court does not redact the highlighted portions of this passage, RoadRunner would lose trade secret protection of its rightsizing recommendation generation.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  RoadRunner would suffer a competitive disadvantage if this information was disclosed publicly, as a competitor could use it to copy and operate RoadRunner's algorithm, which gives its products a competitive advantage and was the subject of significant development time and funding.

(c)     RoadRunner has proposed the most narrow redactions possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

(d)     Dkt. No. 46 at 19–20.

### 21.     Page 20, Lines 10 to 20

(a)     RoadRunner seeks redaction of the highlighted portion of this passage because it describes the operation, step-by-step, of RoadRunner's post auto-balancing algorithm and associated know-how, which are RoadRunner's trade secrets.

(b)     If the Court declines to redact this passage, RoadRunner will lose trade secret

Jeffer Mangels
Butler & Mitchell LLP

JMBM

1   protection of its post auto-balancing algorithm.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.

2   Public disclosure of the proposed redacted language would disadvantage RoadRunner by

3   disclosing to RoadRunner's competitors how to operate the auto-balancing algorithm, which took

4   Compology significant time and money to develop.

5         (c)     RoadRunner's proposed redactions include only the language describing the

6   operation and implementation of the post auto-balancing algorithm.  RoadRunner has not redacted

7   non-confidential language before, after, or otherwise surrounding its proposed redactions.

8         (d)     Dkt. No. 46 at 20.

9         **22.**     **Page 20, Line 27 to Page 21, Line 17**

10         (a)     The proposed redacted language reveals how Compology learned, through

11   experimentation, of the for its location soft-locking technique (*i.e.,* know-how), describes what the

12   technique does, and explains the step-by-step operation of the technique, which RoadRunner

13   contends are trade secrets.  RoadRunner proposes these redactions to prevent disclosure of its

14   trade secrets.

15         (b)     If the Court does not redact the highlighted portions of this passage, RoadRunner

16   would lose trade secret protection of these trade secrets.  *See DVD Copy Control Assn., Inc.*, 75

17   P.3d at 13.  Compelling reasons exist to maintain this information under seal because if disclosed,

18   RoadRunner's competitors could use this information to implement and operate the soft-locking

19   technique in competing devices, which would disadvantage RoadRunner.

20         (c)     RoadRunner has proposed the most narrow redactions possible.  RoadRunner only

21   proposed redacting the words and sentences that reveal its trade secret information.  RoadRunner

22   has not redacted non-confidential language before, after, or otherwise surrounding its proposed

23   redactions.

24         (d)     Dkt. No. 46 at 20–21.

25         **B.**     **Exhibits to RoadRunner's ITS (Dkt. No. 47)**

26         RoadRunner seeks to seal the following exhibits attached to its ITS and/or portions thereof.

27   For each of the following exhibits, RoadRunner identifies (a) the interest to be protected; (b) the

28   injury that would result if the exhibit is not sealed; (c) why the exhibit cannot be redacted to

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  achieve the result; and (d) citation to all docket numbers at which the same exhibit appears.

2                  **1.**      **Exhibits 1 and 8**

3        (a)      Exhibits 1 and 8 are schematics showing the technical specifications of chassis

4  assembly for RoadRunner's R12 and R13 smart camera apparatuses.  RoadRunner contends these

5  technical specifications are trade secrets.

6        (b)      If the Court declines to seal Exhibits 1 and 8, RoadRunner will lose trade secret

7  protection of the contents therein.  RoadRunner would suffer harm if these exhibits were disclosed

8  to the public because their contents would allow RoadRunner's competitors to copy RoadRunner's

9  smart camera apparatus hardware.

10        (c)      RoadRunner recognizes that the Court disfavors sealing documents in their entirety

11  and has, with this submission, explored all reasonable alternatives to filing these exhibits under

12  seal in its entirety, but finds that there is no narrower option for protecting these exhibits.

13        (d)      Dkt Nos. and , respectively.  RoadRunner has not attached unredacted versions of

14  Exhibits 1 and 8 per the Court's instructions.  *See* Dkt. No. 93 at 6.

15                  **2.**      **Exhibits 2 and 10**

16        (a)      Exhibits 2 and 10 are schematics depicting the technical specifications of the

17  camera and flash utilized by RoadRunner's R12 and R13 camera apparatuses, respectively.

18  RoadRunner contends that the contents of Exhibits 2 and 10 are its protected trade secrets.

19        (b)      If the Court declines to seal Exhibits 2 and 10, RoadRunner will lose trade secret

20  protection of their contents, which have been developed over years and are the result of significant

21  expense.  RoadRunner will suffer harm if the contents of Exhibits 2 and 10 were disclosed to the

22  public because they would give RoadRunner's competitors the ability to recreate RoadRunner's

23  camera and flash.

24        (c)      Given that Exhibits 2 and 10 are schematics, they cannot be redacted to remove

25  sensitive elements.  RoadRunner recognizes that the Court disfavors sealing documents in their

26  entirety and has, with this submission, explored all reasonable alternatives to filing these exhibits

27  under seal in its entirety, but finds that there is no narrower option for protecting these exhibits.

28        (d)      Dkt Nos. 47-2 and 47-10, respectively.  RoadRunner has not attached unredacted

Jeffer Mangels
Butler & Mitchell LLP

JMBM

1    versions of Exhibits 2 and 10 per the Court's instructions.  *See* Dkt. No. 93 at 6.

2            **3.      Exhibits 3 and 9**

3        (a)      Exhibits 3 and 9 are schematics and block diagrams showing the technical

4    specifications of RoadRunner's R12 and R13 systems, including the hardware components

5    thereof, which RoadRunner contends are protected trade secrets.

6        (b)      If the Court denies to seal Exhibits 3 and 9, RoadRunner would lose trade secret

7    protection of their contents, which have been developed over years and are the result of significant

8    expense.  RoadRunner would suffer harm if Exhibits 3 and 9 were disclosed to the public because

9    they would give RoadRunner's competitors the ability to recreate the wiring, electrical, and other

10   components of the R12 and R13 systems.

11       (c)      Given that Exhibits 3 and 9 are schematics and block diagrams, they cannot be

12   redacted to remove sensitive elements. RoadRunner recognizes that the Court disfavors sealing

13   documents in their entirety and has, with this submission, explored all reasonable alternatives to

14   filing these exhibits under seal in its entirety, but finds that there is no narrower option for

15   protecting these exhibits.

16       (d)      Dkt. Nos. 47-3 and 47-9, respectively.  RoadRunner has not attached Exhibits 3 and

17   9 to this motion per the Court's instruction.  *See* Dkt. 93 at 6.

18           **4.      Exhibit 4**

19       (a)      Exhibit 4 shows the technical specifications of RoadRunner's camera module,

20   which RoadRunner contends are protected trade secrets.

21       (b)      If the Court denies to seal this document, RoadRunner would lose trade secret

22   protection of the information contained in this schematic that has been developed over years and is

23   the result of significant expense.  RoadRunner would suffer harm if this exhibit was disclosed to

24   the public because it would give RoadRunner's competitors the ability to copy RoadRunner's

25   camera module.

26       (c)      RoadRunner recognizes that the Court disfavors sealing documents in their entirety

27   and has, with this submission, explored all reasonable alternatives to filing this exhibit under seal

28   in its entirety, but finds that there is no narrower option for protecting this exhibit.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

(d)     Dkt. No. 47-4.  RoadRunner has not attached a copy of Exhibit 4 to this motion per the Court's instruction.  *See* Dkt. 93 at 6.

### 5.     Exhibits 5 and 12

(a)     Exhibits 5 and 12 are schematic drawings of RoadRunner's R12 and R13 cameras, respectively.  The schematic drawings contain details of the cameras' parts and assembly, which are RoadRunner's trade secrets.

(b)     If the Court denies to seal this document, RoadRunner would lose trade secret protection of the information contained in this schematic that has been developed over years and is the result of significant expense.  RoadRunner would suffer harm if these exhibits were disclosed to the public because it would give RoadRunner's competitors the ability to copy the assembly of RoadRunner's cameras.

(c)     RoadRunner recognizes that the Court disfavors sealing documents in their entirety and has, with this submission, explored all reasonable alternatives to filing this exhibit under seal in its entirety, but finds that there is no narrower option for protecting this exhibit because it contains sensitive drawings and confidential text.

(d)     Dkt. Nos. 47-5 and 47-12, respectively.  RoadRunner has not attached copies of Exhibit 5 or 12 to this motion per the Court's instruction.  *See* Dkt. 93 at 6.

### 6.     Exhibits 6 and 13

(a)     Exhibits 6 and 13 are schematic drawings of the battery housing in the R12 and R13 cameras.  The schematics contain drawings, parts numbers, and battery specifications, all of which are RoadRunner's trade secrets.

(b)     If the Court declines to seal Exhibits 6 and 13, RoadRunner will lose trade secret protection of the information therein, which has been developed over years and is the result of significant expense.  RoadRunner would suffer harm if these exhibits were disclosed to the public because they would give RoadRunner's competitors the battery pack assembly and design specifications that are critical to the longevity of the R12 and R13 cameras.

(c)     Given that Exhibits 6 and 13 consist of drawings and sensitive text, they cannot be redacted to remove sensitive elements. RoadRunner recognizes that the Court disfavors sealing

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  documents in their entirety and has, with this submission, explored all reasonable alternatives to

2  filing these exhibits under seal in its entirety, but finds that there is no narrower option for

3  protecting these exhibits.

4  (d)  Dkt Nos. 47-6 and 47-13, respectively.  RoadRunner has not attached unredacted

5  versions of Exhibits 6 and 13 per the Court's instructions.  *See* Dkt. No. 93 at 6.

### 7.  Exhibits 7, 14, and 16

7  (a)  Exhibits 7, 14, and 16 are technical specifications for the batteries used in

8  RoadRunner's smart camera apparatus.  While the specifications themselves are not confidential,

9  the details of the battery manufacturer, design, and assembly that the exhibits reveal is a

10 protectable trade secret as a part of RoadRunner's smart camera apparatus.  *See* Restatement

11 (Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of

12 the trade secret are well-known does not preclude protection for a secret combination,

13 compilation, or integration of the individual elements.").

14 (b)  Compology spent years in trial and error testing different batteries and battery

15 assemblies and its choice to settle on the battery manufacturer, design, and assembly currently

16 utilized by its cameras is the result of significant time and expense.  If the Court declines to seal

17 Exhibits 7, 14, and 16, RoadRunner will lose trade secret protection of this battery-related

18 information, which gives it a competitive advantage over competitors whose cameras have a

19 shorter battery life.

20 (c)  Given that the technical specifications include information about the manufacturer,

21 battery, and battery testing that could give RoadRunner's competitors an advantage, RoadRunner

22 requests to seal these exhibits in their entirety.  RoadRunner recognizes that the Court disfavors

23 sealing documents in their entirety and has, with this submission, explored all reasonable

24 alternatives to filing these exhibits under seal in its entirety, but finds that there is no narrower

25 option for protecting these exhibits.

26 (d)  Unredacted versions of Exhibits 7, 14, and 16 have been filed as Dkt. Nos. 47-7,

27 47-14, and 47-16, respectively.  RoadRunner has not attached unredacted versions of Exhibits 7,

28 14, and 16 per the Court's instructions.  *See* Dkt. No. 93 at 6.

Jeffer Mangels
Butler & Mitchell LLP
JMBM

1

        **8.**    **Exhibit 11**

2

    (a)    Exhibit 11 is a schematic showing the technical specifications and drawings of

3

RoadRunner's R13 sensor, which RoadRunner contends are protected trade secrets.

4

    (b)    If the Court denies to seal this document, RoadRunner will lose trade secret

5

protection of the information contained in this schematic that has been developed over years and is

6

the result of significant expense.  RoadRunner would suffer harm if this exhibit was disclosed to

7

the public because it would give RoadRunner's competitors the ability to copy RoadRunner's

8

sensor.

9

    (c)    Exhibit 11 is a schematic and therefore is incapable of being redacted to remove

10

only the sensitive information.  RoadRunner recognizes that the Court disfavors sealing

11

documents in their entirety and has, with this submission, explored all reasonable alternatives to

12

filing this exhibit under seal in its entirety, but finds that there is no narrower option for protecting

13

this exhibit.

14

    (d)    Dkt. No. 47-11.  RoadRunner has not attached a copy of Exhibit 11 to this motion

15

per the Court's instruction.  *See* Dkt. 93 at 6.

16

        **9.**    **Exhibit 15**

17

    (a)    Exhibit 15 is a technical datasheet for the coating RoadRunner uses on its camera

18

lenses.  While the specification is not itself confidential, the integration of the coating as an

19

element of RoadRunner's smart camera apparatus is protectable as a trade secret. *See* Restatement

20

(Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of

21

the trade secret are well-known does not preclude protection for a secret combination,

22

compilation, or integration of the individual elements.").

23

    (b)    Compology spent considerable time and money in trial and error before settling on

24

this coating. If the Court declines to redact Exhibit 15, RoadRunner will lose protection of its

25

coating trade secret.

26

    (c)    Given that the technical specification includes information about the manufacturer,

27

coating type, and coating specifications used on RoadRunner's cameras, RoadRunner requests to

28

seal this exhibit in its entirety.  RoadRunner recognizes that the Court disfavors sealing documents

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1   in their entirety and has, with this submission, explored all reasonable alternatives to filing these

2   exhibits under seal in its entirety, but finds that there is no narrower option for protecting this

3   exhibit.

4       (d)      Dkt. No. 47-15.

5           **10.     Exhibits 18 and 19**

6       (a)      Exhibits 18 and 19 are images taken from a Compology camera.  The images are

7   confidential trade secrets in the context of the ITS because they are referenced in the ITS as

8   examples of images tagged with certain metadata.

9       (b)      The metadata that RoadRunner tags its images with is a trade secret.  RoadRunner

10  would be irreparably injured if it lost trade secret protection over this information because it is

11  what Compology used to train and what RoadRunner uses to continue to train its ML model.  If

12  RoadRunner's competitors could access this information, they could create their own ML models

13  without incurring the expense or time spent building RoadRunner's ML model.

14      (c)      These exhibits are images and therefore cannot be redacted.

15      (d)      Dkt. Nos. 47-18 and 47-19, respectively.

16  **C.     Defendants' Opposition (Dkt. Nos. 52, 53)**

17          Per the Court's instruction (*see* Dkt. No. 93 at 6), for each of the following passages,

18  RoadRunner identifies (a) the interest to be protected; (b) the injury that would result if the

19  proposed redacted language is not redacted; (c) why a still-narrower portion of the passage,

20  paragraph, or sentence cannot be redacted to achieve the result; and (d) citation to all docket

21  numbers at which the same excerpt appears.  Attached as Exhibit B hereto is an unredacted

22  version of Defendants' Opposition with RoadRunner's previously proposed redactions underlined

23  in red, Defendants' previously counter-proposed redactions in a blue box, and RoadRunner's

24  newly narrowed redactions highlighted in yellow.[3]

25          **1.     Page 22, Lines 3 to 5**

26      (a)      The highlighted portions of this passage explain the steps in RoadRunner's sub-par

27

28  ---

[3] A redacted version of Defendants' Opposition is attached hereto as Exhibit B-R.

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    image detection algorithm, which is a trade secret.

2        (b)    Sub-par image detection gives RoadRunner's products a competitive advantage.  If

3    the Court declines to redact the proposed language, RoadRunner will lose trade secret protection

4    of its sub-par image detection-related trade secrets and suffer irreparable injury, including to its

5    competitive standing.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.

6        (c)    RoadRunner's proposed redactions are narrowly tailored to include only the

7    description of the steps in RoadRunner's sub-par image detection algorithm.  RoadRunner has not

8    redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

9        (d)    Dkt. No. 52-2 at 22.

10            **2.    Page 22, Lines 8 to 10**

11        (a)    RoadRunner seeks redaction of the highlighted portion of this passage because it

12    describes the process required for RoadRunner's product to generate a container fullness analysis,

13    which is a trade secret.

14        (b)    If the Court declines to redact this passage, RoadRunner could lose trade secret

15    protection of its container fullness analysis.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.

16    Public disclosure of the proposed redacted language would disadvantage RoadRunner by

17    disclosing to RoadRunner's competitors how to generate a container fullness analysis, which took

18    Compology significant time and money to develop.  This would irreparably harm RoadRunner's

19    property interests and competitive standing.

20        (c)    RoadRunner's proposed redactions include only the language describing the

21    process RoadRunner's products use to generate a container fullness analysis.  RoadRunner has not

22    redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

23        (d)    Dkt. No. 52-2 at 22.

24            **3.    Page 23, Line 5**

25        (a)    The highlighted portions of this passage reveal RoadRunner's trade secrets

26    concerning container tilt and dumpster metadata.  Specifically, the proposed redacted language

27    reveals how RoadRunner determines container tilt and identifies examples of dumpster metadata

28    that RoadRunner uses to train its AI/ML model.

(b)     RoadRunner will suffer irreparable injury if this information is not sealed because it could lose its property rights in these trade secrets.  Further, disclosing this information to the public gives RoadRunner's competitors details of how RoadRunner achieved successful container tilt and how RoadRunner employs a successful AI/ML model, which would harm RoadRunner's competitive standing.

(c)     RoadRunner seeks to redact only a few words of this passage that identify highly sensitive information in the context of the surrounding sentence.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

(d)     Dkt. No. 52-2 at 23.

**D.     RoadRunner's Reply (Dkt. Nos. 57, 61)**

Pursuant to the Court's instruction (*see* Dkt. No. 93 at 6), for each of the following passages, RoadRunner identifies (a) the interest to be protected; (b) the injury that would result if the proposed redacted language is not redacted; (c) why a still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the result; and (d) citation to all docket numbers at which the same excerpt appears.  RoadRunner seeks to redact only the highlighted language in each of the following passages.  Attached as Exhibit C hereto is an unredacted version of RoadRunner's Reply with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red.[4]

**1.     Page 10, Line 6**

(a)     The type of coating RoadRunner uses on its smart camera apparatus is a trade secret subject to protection from public disclosure.

(b)     If the Court declines the proposed redaction, RoadRunner will lose trade secret protection in the type of coating it uses on its smart camera apparatus, which was the subject of significant time in trial and error and considerable expense.  For that reason, public disclosure of a party's trade secrets is considered irreparable injury.  *See Auris Health, Inc.*, 2023 WL 5959427, at *4.  The coating provides RoadRunner with the competitive advantage of a camera with superior

---

[4] A redacted version of RoadRunner's Reply is attached hereto as Exhibit C-R.

1    ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor

2    cameras. Revealing the coating type would therefore disadvantage RoadRunner's ability to

3    compete in the market.

4        (c)    RoadRunner's proposed redaction is narrowly tailored because RoadRunner only

5    seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera

6    apparatus.  RoadRunner has not redacted non-confidential language before, after, or otherwise

7    surrounding its proposed redactions.

8        (d)    Dkt. No. 57-4 at 10.

9                **2.      Page 12, Line 28 to Page 13, Line 1**

10       (a)    RoadRunner seeks to protect its image preprocessing techniques, which are trade

11   secrets.

12       (b)    Compelling reasons exist for sealing the proposed redactions in this passage

13   because RoadRunner's preprocessing techniques and related know-how are key components in the

14   success of RoadRunner's product offering.  RoadRunner's preprocessing techniques optimize its

15   images for machine learning.  Without these techniques, RoadRunner cannot continue to train its

16   machine learning models.  If disclosed to a competitor, the competitor could use the information to

17   create a competing product without expending the significant time and money Compology spent

18   developing this information.  If the Court declines to redact this information, RoadRunner could

19   lose protection of its trade secrets.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.

20       (c)    RoadRunner's proposed redactions are narrowly tailored and limited only to

21   specific descriptions of the techniques.  RoadRunner has not redacted non-confidential language

22   before, after, or otherwise surrounding its proposed redactions.

23       (d)    Dkt. No. 57-4 at 12–13.

24                **3.      Page 16, Line 27 to Page 17, Line 1**

25       (a)    The highlighted portions of this passage explain process of RoadRunner's sub-par

26   image detection algorithm, which is a trade secret.

27       (b)    Sub-par image detection gives RoadRunner's products a competitive advantage.  If

28   the Court declines to redact the proposed language, RoadRunner will lose trade secret protection

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   of its sub-par image detection-related trade secrets and suffer irreparable injury, including to its

2   competitive standing.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.

3           (c)      RoadRunner's proposed redactions are narrowly tailored to include only the details

4   of RoadRunner's sub-par image detection process.  RoadRunner has not redacted non-confidential

5   language before, after, or otherwise surrounding its proposed redactions.

6           (d)      Dkt. No. 57-4 at 16–17.

7   **III.   <u>Conclusion</u>**

8           Per the Court's instruction (*see generally* Dkt. No. 93), RoadRunner significantly reduced

9   its proposed redactions and requests to seal the ITS exhibits.  As described herein, RoadRunner

10  has compelling reasons for redacting and/or sealing its filings and will suffer irreparable injury

11  should the Court deny its request.  Therefore, RoadRunner respectfully requests that the Court

12  adopt its proposed redactions and grant it leave to seal the ITS exhibits in their entirety.

13

14  DATED:  September 17, 2024          JEFFER MANGELS BUTLER & MITCHELL LLP
                                        STANLEY M. GIBSON
15                                      JAMES NEUDECKER
                                        JOSEPH J. MELLEMA
16                                      LENA STREISAND

17                                      By:   _____
                                                     */s/ Lena Streisand*
18                                                  LENA STREISAND
                                        Attorneys for Plaintiff ROADRUNNER
19                                      RECYCLING, INC.

20

21

22

23

24

25

26

27

28

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL