JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:     (415) 398-8080
Facsimile:     (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:     (949) 623-7200
Facsimile:     (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:     (310) 203-8080
Facsimile:     (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **PLAINTIFF ROADRUNNER RECYCLING, INC.'S RESPONSE TO DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 104)** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | |
| | Complaint Filed:   August 4, 2023<br>Trial Date:        December 9, 2024 |

Case No. 3:23-cv-04804-WHA

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this response to Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants") motion to consider whether another party's material should be sealed (Dkt. No. 104). RoadRunner seeks to redact certain portions of the transcripts filed under seal by Defendants (Dkt. Nos. 104-2, 104-3).

## I. Legal Standard

The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets and other business information that may harm the party's competitive standing. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S. 986 (2012)); *see also* 18 U.S.C. § 1835 (noting "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). Requests to seal information filed on the Court's public docket must be narrowly tailored to account for the public's right of access to the Court's files and otherwise comply with the rules set forth in Civil Local Rule 79-5. *See* Civil L.R. 79-5.

"Trade secrets['] . . . only value consists in their being kept private.' . . . 'Once the data that constitute a trade secret are disclosed to others, . . . the holder of the trade secret has lost his property interest in the data.'" *DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003). For that reason, public disclosure of trade secrets constitutes irreparable injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023) (granting motion to seal trade secrets identification because disclosing plaintiffs' trade secrets would cause them "irreparable injury").

## II. Portions of Messrs. Armstrong and Longson's Testimony Should Be Sealed

RoadRunner's proposed redactions are to passages that identify and describe its trade secrets. For each of the following passages, RoadRunner identifies (a) the interest to be protected;

(b) the injury that would result if the proposed redacted language is not redacted; and (c) why a still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the result. RoadRunner has endeavored to identify specific interests to be protected, specify the injury that would result if the proposed redacted language is not redacted, and has omitted from its proposed redactions portions of passages in an effort to ensure that only the narrowest portions of the testimony is protected from disclosure.

### A. Deposition of Timothy (Jay) Longson

A redacted version of Mr. Longson's transcript, which was filed in unredacted form as Dkt. No. 104-2, is attached hereto as Exhibit A.

| Page:Line(s) | Reason for Sealing |
|---|---|
| 94:25–95:6 | (a) In this passage, Mr. Longson describes the experimentation that Compology undertook and know-how that Compology implemented in its design of the camera system, including how they achieved good GPS reception for the camera system in a waste container. This information is protected from disclosure as RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 96:19; 97:12 | (a) These passages describe the material of the camera housing, which is a trade secret. This information is not public and is a product of Compology's experimentation with different materials. This information is protected from disclosure as RoadRunner's trade secrets. |

| | | |
|---|---|---|
| | | (b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 103:21–25 | (a) This passage describes components of the optical assembly and design trade secret.  This information is protected from disclosure as RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 108:22–24 | (a) This passage describes the components of the battery assembly that is a product of Compology's experimentation and design choices.  This information is protected from disclosure as RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the |

| | |
|---|---|
| | confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

### B.   Deposition of Justin Armstrong

A redacted version of Mr. Armstrong's transcript, which was filed in unredacted form as Dkt. No. 104-3, is attached hereto as Exhibit B.

| Page:Line(s) | Reason for Sealing |
|---|---|
| 74:21–75:2 | (a) This passage describes the methodology and steps Compology undertook to develop its machine learning models, which are trade secrets. <br> (b) RoadRunner would suffer a competitive disadvantage if this information was disclosed publicly because the information would give RoadRunner's competitors the knowledge of how to develop their machine learning models, which could be used to RoadRunner's detriment. <br> (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 81:19–20, 24 | (a) These passages describe the architecture of Compology's rightsizing algorithm and process, including its inputs, which are trade secrets. <br> (b) RoadRunner would suffer a competitive disadvantage if this information was disclosed publicly, as a competitor could use it to copy and operate RoadRunner's algorithm, which gives its products a competitive advantage and was the subject of significant development time and funding. <br> (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential |

| | | |
|---|---|---|
| 1 | | language before, after, or otherwise surrounding its proposed redactions. |
| 2 | 82:13–83:6 | (a) This passage describes RoadRunner's rightsizing algorithm steps and features, which are trade secrets.<br><br>(b) RoadRunner would suffer a competitive disadvantage if this information was disclosed publicly, as a competitor could use it to copy and operate RoadRunner's algorithm, which gives its products a competitive advantage and was the subject of significant development time and funding.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 12 | 83:13–19; 84:18 | (a) These passages describe the specific software code in which Compology implements its rightsizing algorithm, which is a trade secret.<br><br>(b) RoadRunner would suffer a competitive disadvantage if this information was disclosed publicly, as a competitor could use it to copy and operate RoadRunner's algorithm, which gives its products a competitive advantage and was the subject of significant development time and funding.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 22 | 86:17–20 | (a) This passage describes the specifics of Compology's image preprocessing techniques used to capture an image suitable for the machine learning training and AI system, which are trade secrets.<br><br>(b) RoadRunner's preprocessing techniques are a key component in the success of RoadRunner's product offering.  Without these techniques, RoadRunner cannot continue to train its machine learning models.  If disclosed to a |

| | | |
|---|---|---|
| | | competitor, the competitor could use the information to create a competing product without expending the significant time and money Compology spent developing this information.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 110:11 | (a) This passage describes the software file used to implement RoadRunner's sub-par image detection model, which is a trade secret.  The way that RoadRunner implements its sub-par image detection algorithm gives RoadRunner's products a competitive advantage.<br><br>(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 111:13, 19–20, 23–25; 114:13–15; 114:23–115:1; 115:1, 5, 21; 116:2, 9, 11–13, 21–25 | (a) These passages describes the feature and function of RoadRunner's sub-par image detection algorithm, which are trade secrets.  Sub-par image detection gives RoadRunner's products a competitive advantage.<br><br>(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the |

| |
|---|
| confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

For the foregoing reasons, RoadRunner respectfully requests that the Court accept its proposed redactions of the deposition transcripts of Jay Longson and Justin Armstrong.

DATED:  September 17, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND


By:     */s/ Lena Streisand*
          LENA STREISAND
Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.