

**Matthew S. Galica**
+1.617.348.4859
MSGalica@mintz.com

One Financial Center
Boston, MA  02111
617 542 6000
mintz.com

September 6, 2024

The Honorable William H. Alsup
Senior District Judge
U.S. District Court for the Northern District of California San Francisco Courthouse
Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   RoadRunner Recycling, Inc. v. Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.; Case No.:  3:23-cv-04804-WHA

To Judge Alsup:

Defendants Recycle Track Systems, Inc. ("RTS") and RecycleSmart Solutions Inc. ("RecycleSmart") (collectively "Defendants") respectfully request permission to file a discovery motion pursuant to Fed. R. Civ. P. 45 and Local Rules 6-1 and 6-3 seeking leave to serve a subpoena on Launch Finance via Laina Payne ("Launch Finance Subpoena"), out of time, and only to the extent necessary to effectuate this subpoena, reopen fact discovery.[1] The Parties' counsel met and conferred on September 5, 2024 where RoadRunner represented that it would oppose this motion, if allowed.

## Summary of the Relevant Facts

The Case Management Order in this case set the end of fact discovery as August 30, 2024 and the end of expert discovery as October 4, 2024. *See* Dkt. No. 42 at 1-2. There has been no change in these deadlines since they were set.

Defendants noticed RoadRunner on June 28, 2024 that it sought a 30(b)(6) witness to testify to the value of each alleged trade secret and the information underpinning said value. Information pointedly relevant to this topic includes Compology's (*i.e.,* RoadRunner's fully-owned subsidiary) historical financial data. RoadRunner designated a 30(b)(6) witness, Steven Krebs, to testify on these financial-related topics. But, on August 23, 2024, Mr. Krebs admitted that he had no knowledge or understanding of how Compology financials were computed and could not speak to Compology financials prior to RoadRunner's acquisition of Compology, which occurred in October 2022. Ex. A, Krebs Dep. 131:2-134:21. Mr. Krebs further testified that he had no knowledge of Compology's Chief Financial Officer pre-acquisition, and only a former Compology employee would be able to verify the accuracy and explain the meaning of

---

[1] Defendants served a non-redacted version of this Letter Brief and attachments with the Court electronically. Defendants also request to file a sealed version of this Letter Brief and attachments if the Court deems the information confidential.

**MINTZ**

Joseph J. Mellema
September 6, 2024
Page 2



the historic financial data. *Id.* at 142:6-20. Notably, Mr. Krebs identified that Launch Finance was involved in Compology financial data keeping. *Id.*

On August 26, 2024, Defendants deposed Mr. Jason Gates, Compology's co-founder and Chief Executive Office at the time of its acquisition by RoadRunner. Mr. Gates stated that Compology never had a Chief Financial Officer and that he was the person in charge of financial affairs. Ex. B, Gates Dep. 105:14-22. But when presented with historical financial statements for Compology, Mr. Gates—like Mr. Krebs—could not speak to how financial data was calculated or what it represented. *See, e.g., id.* at 138:9-139:11; 139:17-140:18. Instead, he named Launch Finance as the entity most likely to know about Compology's financial data. *See id.* at 140:19-141:8.

On August 28, 2024, Defendants' counsel diligently sent a letter to Plaintiff's counsel regarding the issues that arose during Mr. Krebs' and Mr. Gates' deposition, including that no RoadRunner witness or Third-Party witness represented by Plaintiff's counsel could speak to Compology's financial documents. Ex. C, 8/28 Letter to RoadRunner Counsel at 1-2. Defendants also notified Plaintiff that it intended to serve a subpoena on Launch Finance via Laina Payne that would seek documents that Launch Finance prepared for or on the behalf of Compology, testimony related to the same, and requested to meet and confer with Plaintiff on the issue. *See id.* On August 29, 2024, Defendants located a physical address for Ms. Payne and successfully served a subpoena on August 29, 2024, before the end of fact of fact discovery, which closed on August 30, 2024. Defendants sent proof of service and a copy of the subpoena to Plaintiff on the same day, August 29, 2024.

On September 3, 2024, Plaintiff responded for the first time to Defendants 8/28 Letter and complained of a procedural defect because Defendants did not provide a copy of the subpoena to Plaintiff before serving Launch Finance via Laina Payne—despite both occurring on the same day. Ex. D, 9/3 Letter to Defedants' Counsel at 1.

## Legal Standards for Requested Motion

Under Federal Rule of Civil Procedure ("FRCP") 16(b)(4), pretrial deadlines "may be modified only for good cause and with the judge's consent." Courts in the Northern District of California typically look to the following factors to determine if good cause exists:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that discovery will lead to relevant evidence.

*FDIC v. Bayone Real Estate Inv. Corp.*, No. 15-cv-02248-BLF, 2017 U.S. Dist. LEXIS 51555, at *3-4 (N.D. Cal. Apr. 4, 2017). Local Rules 6-1(b) and 6-3 govern motions that alter the discovery deadlines set by the court, which includes the request to re-open or extend discovery to

**MINTZ**

Joseph J. Mellema
September 6, 2024
Page 3



take serve a subpoena under Federal Rule of Civil Procedure 45 out of time. Under Local Rule 6-3, the moving party for a discovery request out of time must (i) set out the reasons for the request, (ii) describe the efforts that the party has taken to obtain a stipulation, (iii) identifies the substantial harm or prejudice that would occur if the Court did not grant the request, (iv) disclose all previous time modifications in the case, and (v) describe the effect that the request would have on the case schedule.

## Argument

No witness designated by RoadRunner or affiliated with Compology could testify knowledgably regarding Compology's financial information, what any of it meant, how any of it was derived, or how any of it related to, *inter alia*, the independent economic value of any of RoadRunner's alleged trade secrets. Instead, each witness stated that Launch Finance and, specifically, Ms. Payne were the best sources for obtaining that understanding. Accordingly, reopening fact discovery for the limited purpose of pursuing this information will help shed light on how Compology's historical financial information relates to the independent economic value (if any) of RoadRunner's alleged trade secrets.

Plaintiff has not identified any prejudice that it would suffer if fact discovery was reopened for the limited purpose of executing this Launch Finance Subpoena. Indeed, the only issue Plaintiff has raised relates to the procedural service of the subpoena. Specifically, Plaintiff takes issue with the subpoena being served on Launch Finance before receiving a copy—despite both taking place on the same day. In an attempt to avoid seeking relief from the Court on this issue, Defendants asked if Plaintiff would acquiesce to the subpoena if Defendants withdrew the served subpoena, provided Plaintiff with a new subpoena, and then re-served the subpoena. Plaintiff stated it would still oppose the relief Defendants seek.

Though there is no discernible prejudice to Plaintiff, preventing this financial information from being unearthed and explored by way of subpoena would greatly prejudice Defendants. Defendants are entitled to understand and explore the basic financial information underpinning the independent economic value of each of RoadRunner's alleged trade secrets, and all relevant witnesses from RoadRunner and Compology testified that Launch Finance is the best source of this information. Beyond not being able to provide a knowledgeable witness on the topic, Launch Finance is the only source for this information. As soon as Defendants came to this understanding, they diligently pursued discovery from Launch Finance.

Finally, Defendants do not anticipate this request would have any meaningful or detrimental effect on the case schedule. And, to date, neither Party has sought a modification to the procedural schedule.

For the reasons above, Defendants respectfully request that the Court reopen fact discovery for the limited purposed of allowing Defendants to pursue, via subpoena, discovery from Launch Finance via Ms. Payne.

**MINTZ** 

Joseph J. Mellema
September 6, 2024
Page 4

Respectfully Submitted,

*/s/ Matthew S. Galica*
Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:  310-586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
mcnewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
smcasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
One Financial Center
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241

Attorneys for Defendants
**RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.**

MSG

Attachments: Exhibits A-D