Matthew S. Galica
+1.617.348.4859
MSGalica@mintz.com



MINTZ

One Financial Center
Boston, MA 02111
617 542 6000
mintz.com

September 10, 2024

The Honorable William H. Alsup
Senior District Judge
U.S. District Court for the Northern District of California
Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *RoadRunner Recycling, Inc. v. Recycle Track Systems, Inc. et al.*, Case No. 3:23-cv-04804-WHA

Dear Judge Alsup:

Defendants Recycle Track Systems, Inc. ("RTS") and RecycleSmart Solutions Inc. ("RecycleSmart") (collectively "Defendants") respectfully request that the Court deny Plaintiff RoadRunner Recycling, Inc.'s ("RoadRunner" or "Plaintiff") request to file a discovery motion seeking sanctions against Defendants for alleged spoliation of evidence and its requested sanctions.

Plaintiff's purported recount of "the facts" conspicuously omits correspondence that directly undermines Plaintiff's characterization of this issue. As early as the first correspondence between the Parties, Defendants have repeatedly asked for a basic identification of the specific trade secrets that Plaintiff alleges are misappropriated. Specifically, on January 27, 2023, Defendants responded to Plaintiff's January 13, 2023 letter and pointed out, *inter alia*, Plaintiff's failure to identify "any trade secrets (or confidential information)" or any source thereof. *See* Ex. 1. On January 31, 2023, Plaintiff responded with nothing more than vague, conclusory, and unsupported allegations. *See* Ltr. Ex. B. For example, Plaintiff pointed Defendants to RecycleSmart's downloading of allegedly "atypical and aged tagged and labeled images." *Id.* at 1. But, pursuant to the Terms and Conditions between Compology and RecycleSmart, such images undisputedly belong to RecycleSmart as "Device Data." *See* Dkt. No. 29-1, Weinger Decl., Ex. B at § 5.2 ("Customer owns all rights and title to any Device Data and Derivative Data."); *see also id.*, Ex. B at § 1.9 ("'Device Data' means any data collected by Compology through the operation of a Device, including, but not limited to, data relating to GPS location, container movement, and images."). Accordingly, Plaintiff failed to raise any plausible claims. On February 6, 2023, the Parties met and conferred, at which point Defendants again "asked [Plaintiff] to describe the alleged … trade secrets … allegedly misappropriated." *See* Ex. 2 at 1. Plaintiff failed to do so. *Id.* Defendants noted that Plaintiff's vague assertions could not suffice to "bring the claims threatened." *Id.* In subsequent emails, Defendants reiterated its request that Plaintiff provide some explanation of the alleged trade secrets at issue so that they could adequately investigate. *See* Ex. 3. Plaintiff never provided Defendants with this information. Instead, Plaintiff filed its state court complaint on August 4, 2023. At that point, Defendants promptly issued a litigation hold to preserve electronically stored information.

However, even after thirteen months of ensuing litigation, Plaintiff has yet to identify, with

**MINTZ**



The Honorable William H. Alsup
September 10, 2024
Page 2

any particularity, confidential or proprietary information that is conceivably a trade secret. Indeed, the Court has already thrice alerted Plaintiff of its yet unfulfilled obligation to identify with reasonable particularity the trade secrets at issue. *See* Dkt. Nos. 43, 71, 93. The upshot is that as early as January 2023 and as late as the Court's August 28, 2024 Order (Dkt. No. 93), Plaintiff has remarkably failed to identify with reasonable particularity any confidential or proprietary information that could objectively be considered a trade secret. Plaintiff now resorts to an end run with its request for sanctions based on alleged spoliation. Plaintiff should not be rewarded for such improper litigation tactics.

**I.  Defendants Were Under No Duty to Preserve Until Filing of the Complaint Because Litigation Was Not Reasonably Foreseeable**

Since litigation was not reasonably foreseeable as of March or April 2023, Defendants were under no duty to preserve when Mr. Laraki's laptop was reformatted as part of the company-wide data migration. "A general concern over litigation does not trigger a duty to preserve evidence." *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, 264 F.R.D. 517, 526 (N.D. Cal. 2009). Here, Plaintiff's January 31, 2023 letter expressly invites Defendants to explore non-litigation options. *See* Ltr. Ex. B at 2; *see also, e.g.*, *Stevenson v. City & Cnty. of San Francisco*, No. C-11-4950 MMC, 2015 WL 6177363, at *4 (N.D. Cal. Oct. 21, 2015) ("Communications that identify a dispute but seek a resolution thereof by means other than by litigation have been held insufficient to reasonably place the receiver on notice of future litigation."). Plaintiff mischaracterized the only case it cites, *RG Abrams Ins. V. L. Offs. of C.R. Abrams*, when the court there holds instead that the issuance of a cease-and-desist letter triggers the ***issuing parties'*** duty to preserve, not the recipient's. *See* 342 F.R.D. 461, 503-504 (C.D. Cal. 2022).

In addition, despite Defendants' repeated requests that Plaintiff provide some explanation of its exceedingly vague trade secrets misappropriation allegations in its letters, Plaintiff failed to, if not affirmatively refused to, provide any specifics. The only specific example Plaintiff pointed to—Defendants' downloading and use of images taken by Compology sensors in RecycleSmart's containers—presents no plausible trade secrets as such images plainly belong to RecycleSmart. *See* Dkt. No. 29-1, Weinger Decl., Ex. B at §§ 1.9, 5.2.

By an objective standard, therefore, Defendants would not have reasonably foreseen litigation given Plaintiff's vague and meritless allegations in January and February 2023, its invitation to explore non-litigation resolutions, and its subsequent, six-month silence before the filing of the state court complaint on August 4, 2023.

**II.  Plaintiff Has Failed to Articulate the Relevance of What Was Allegedly Spoliated, or Any Prejudice Resulting from the Alleged Spoliation**

To the extent discernible, what Plaintiff alleges was spoliated seems to be (1) Defendants' images captured by Compology sensors installed in RecycleSmart's containers, which Compology has in its own possession; and (2) certain ML models that may have been trained using the said images, which were based on open-source ML models readily obtainable from the Internet, as Mr. Laraki testified. *See* Ltr. at 2-3; Ex. 4 at 74:18-75:3, 150:4-12, 153:9-15, 175:3-19; *see also, e.g.*,

**MINTZ**



The Honorable William H. Alsup
September 10, 2024
Page 3

*Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 288 (N.D. Cal. 2015) ("courts often decline to impose sanctions for spoliation where the documents withheld are unlikely to material affect the outcome of the case, insofar as other evidence exists to provide the same information").

The allegedly spoliated images and ML models are irrelevant, because Plaintiff is alleging that Defendants misappropriated RoadRunner's trade secrets by using **Defendants' own** data to train **Defendants' own** ML model. *See* Dkt. No. 29-1, Weinger Decl., Ex. B at §§ 1,9, 5.2; *cf.* Ltr. at 3. Plaintiff's own admission indicates the lack of any possible prejudice, for it purportedly "has evidence of Defendants' misappropriation in the form of deposition admissions, documents produced in discovery, and source code." Ltr. at 3; *see also*, *e.g.*, *Hamilton v. Signature Flight Support Corp.*, No. C 05-0490 CW (MEJ), 2005 WL 3481423, at *8. (N.D. Cal. Dec. 20, 2005) (denying sanctions for destruction of surveillance video where witness statements were available). Plaintiff does not show that the allegedly spoliated images or ML models could constitute "a link in the chain" or "key evidence of misappropriation" in any non-cumulative way. *See* Ltr. at 3. Critically, Plaintiff does not even attempt to particularize how it could use the allegedly spoliated images or ML models to compare, determine, or illustrate any "direct link" between such ML models and Pello's existing ML models.

### III.   The Sanctions Sought by Plaintiff Are Neither Available nor Proper under Rule 37

Pursuant to Rule 37, jury instructions for adverse inference—as Plaintiff requests—are permissible "only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). Therefore, Plaintiff's request violates the express limitation to curative measures under Rule 37(e)(1), *i.e.*, that such measures "do not have the effect of measures that are permitted under [Rule 37(e)(2)]." Fed. R. Civ. P. 37(e), Advisory Committee Notes to 2015 Amendment; *see also, e.g.*, *Waymo LLC v. Uber Techs., Inc.*, No. 17-CV-939-WHA, 2018 WL 646701, at *14 (N.D. Cal. Jan. 30, 2018) (holding that the court's inherent authority does not apply). Plaintiff undisputedly did not allege any "intent to deprive," let alone prove one to justify the sanctions sought.

The specific jury instructions that Plaintiff seeks would also contradict by the evidence that *is* in the record. Plaintiffs asks the Court (and the jury) to accept as proven—in direct contradiction to Mr. Laraki's deposition testimony—that "Defendants used what they learned from the models trained on Compology images to train their current ML models." Ltr. at 3; *but see, e.g.*, Ex. 4 at 125:2-13, 221:17-222:25. Plaintiff's impermissible and unjustified request demonstrates that plaintiff is simply trying to cure through a jury instruction its unmitigated failure to marshal any fact to support its wholly unsubstantiated allegation. Plaintiff lacked any facts to support the allegation when it filed this lawsuit, and it is in the exact same position now despite expansive fact discovery on the subject. As this court has noted, no sanction is warranted where, as is the case here, the request is based on "the recurring problem that [plaintiff] seems unwilling or unable to prove its case at trial with qualified witnesses and evidence and seeks to have the Court fill in the gaps with adverse inferences instead." *Waymo*, 2018 WL 646701, at *18.

For these reasons, Defendants respectfully request that the Court deny Plaintiff's letter brief in its entirety, including the request for sanctions.

**MINTZ**

The Honorable William H. Alsup
September 10, 2024
Page 4



Respectfully Submitted,

*/s/ Matthew S. Galica*

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
  POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:    (310) 586-3200
Facsimile:    (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
  POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Counsel for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.