# EXHIBIT 2

**Daniel B. Weinger**
617 348 1629
dbweinger@mintz.com



MINTZ

One Financial Center
Boston, MA 02111
617 542 6000
mintz.com

February 10, 2023

**VIA EMAIL**

Stanley M. Gibson (**SGibson@jmbm.com**)
Jeffer Mangels Butler & Mitchell LLP
1900 Avenue of the Stars
7th Floor
Los Angeles, CA 90067

Re:   Response to Compology Cease and Desist Correspondence

Dear Mr. Gibson:

     I write to respond to Mr. Neudecker's January 31, 2023 letter and to follow up on our meet and confer of February 6, 2023. During that meet and confer we asked you to describe the alleged RoadRunner Recycling, Inc. ("RoadRunner") and/or Compology LLC ("Compology") trade secrets that your client believes Recycle Track Systems, Inc. ("RTS") and/or RecycleSmart Solutions, Inc. ("RecycleSmart") allegedly misappropriated. You were unable to do so, and instead provided the exceedingly vague assertion that RTS and/or RecycleSmart were using some manner of Compology's "artificial intelligence." Despite our explanation that this vague description was insufficient under both California and federal trade secret law to bring the claims threatened in Mr. Neudecker's letter, you were unable to further elaborate on the nature of, or any specifics concerning, the alleged trade secrets that are the subject of your client's allegations.

     As we explained on the call, the Pello Sensor ("Pello") was independently developed. Additionally, it is RTS's and RecycleSmart's understanding that Pello and Compology's sensors operate differently. Specifically, and as we also explained on the call, Pello uses multi-zone ultrasonic sensors while Compology's sensor uses object identification technology. Despite our further inquiries on this point of distinction during the call, you were unable to provide further information concerning the manner in which your client's device operates nor were you able to articulate how Pello's operation compared or related in any way to that of the Compology sensor.

     You were also unable to articulate how the other allegations of Mr. Neudecker's letter supported your client's claims. For example, while the letter asserts that "machine learning tools require years to be properly trained and developed . . ." you conceded on the call that the Pello system did in fact take years to develop, based on the information you gathered on Pello's website. You were further unable to provide any additional explanation concerning how the alleged presence of a Pello within in a container that also contained a Compology sensor constituted trade secret misappropriation. You also explained that you did not conduct an investigation into the cause of the alleged 2021 "download[] spike," described in Mr. Neudecker's letter. We have conducted a further investigation and learned that any change in download frequency was as a result of a change **Compology** made to its API that changed the manner in which data was transmitted from its sensors.

BOSTON   LONDON   LOS ANGELES   NEW YORK   SAN DIEGO   SAN FRANCISCO   WASHINGTON

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

**MINTZ**

Stanley M. Gibson
February 10, 2023
Page 2



      To reiterate, RTS and RecycleSmart continue to deny the allegations made in Mr. Neudecker's January 31, 2023 letter and also in his January 13, 2023 letter to RecycleSmart's CEO Rob Duthie for at least the reasons explained during our February 6, 2023 meet and confer and those explained herein. That said, we welcome a call to discuss this matter further so that we may determine if there is any other information we can provide that will allay your client's concerns.

                      Regards,

                      */s/ Daniel B. Weinger*
                      Daniel B. Weinger

                      Member

Cc:    Nicholas W. Armington
         James Neudecker