

Stanley M. Gibson
James M. Neudecker
Joseph J. Mellema
Lena Streisand

Two Embarcadero Center, 5th Floor
San Francisco, California 94111-3813
(415) 398-8080 | (415) 398-5584 Fax
www.jmbm.com

September 5, 2024

**UNREDACTED VERSION SUBMITTED BY ECF AND U.S. MAIL**

The Honorable William Alsup
Senior District Judge
U.S. District Court for the Northern District of California
San Francisco Courthouse
Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

        Re:    *RoadRunner Recycling, Inc. v. Recycle Track Systems, Inc. et al.* (Case No. 3:23-cv-04804-WHA)

To Judge Alsup:

    Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") respectfully requests permission to file a discovery motion seeking sanctions against Defendants Recycle Track Systems, Inc. ("RTS") and RecycleSmart Solutions, Inc. ("RecycleSmart") (collectively, "Defendants") for spoliation of evidence pursuant to Fed. R. Civ. P. 37(e)(1) in the form of a jury instruction and an award of attorneys' fees and costs.[1]  Here are the facts:

    On January 13, 2023, counsel for RoadRunner sent a letter to Rob Duthie, the Chief Executive Officer of RecycleSmart.  *See* Ex. A.  The letter notified Mr. Duthie that "Compology [RoadRunner's predecessor] hereby asserts an ownership interest in and to the intellectual property associated with the Pello Technology." *Id.* at 1.  The letter requested that Defendants "take all affirmative steps to identify and preserve, and cease any operations that would result in the destruction of, information or documents that may pertain to the Pello Technology, including, but not limited to, your development, training, design and marketing thereof." *Id.* at 2.  On January 27, 2023, counsel responded to the letter on Defendants' behalf.  On January 31, 2023, counsel for RoadRunner sent another letter to Defendants' counsel, specifically alleging that Defendants' Pello machine learning ("ML") technology misappropriated RoadRunner's technology and suggesting that the parties explore "pre-litigation resolution."  *See* Ex. B at 2. Counsel for the parties met and conferred on February 6, 2023, when they further discussed RoadRunner's allegations against Defendants, but failed to reach a resolution.

---

[1] On August 29, 2024, counsel for both parties met and conferred telephonically regarding RoadRunner's intent to file a motion for spoliation sanctions.

The Honorable William Alsup
September 5, 2024
Page 2

During his deposition on August 7, 2024, Yahya Laraki, the Senior ML Developer for Defendants, testified that he trained Pello's ML model using Compology images, *see* Ex. C at 136:4–18, but could not access that model, the Compology images he used to train the model, or the data associated with the model because his work laptop was erased, *see id.* at 215:5–9. Mr. Laraki testified that he trained approximately 20 to 50 ML models, all of which were stored locally on his work computer until his data was selectively migrated and his computer was reformatted as a result of RTS acquiring RecycleSmart. *Id.* at 64:14–65:3, 227:14–20. Defendants' counsel later confirmed that Mr. Laraki's computer was reformatted during a company-wide data migration that occurred between March and April of 2023. *See* Ex. D.

Fed. R. Civ. P. 37(e)(1) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice.

<u>Anticipation of Litigation</u>.  The anticipation of litigation standard is an objective one, "asking not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2018 WL 646701, at *14 (N.D. Cal. Jan. 30, 2018) (Alsup, J.). A cease and desist letter outlining a party's allegations against the recipient is sufficient to put a party on notice of potential litigation. *See RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 503 (C.D. Cal. 2022). Here, a reasonable party in the same factual circumstances as Defendants would have reasonably foreseen litigation. By March or April 2023, when Mr. Laraki's work computer was erased, Defendants had already received correspondence from RoadRunner's lawyers notifying Defendants that they were in breach of the parties' contracts, *see* Ex. A at 2, alleging that the Pello technology misappropriated RoadRunner's trade secrets, *see id.*, including ML training data, *see* Ex. B at 2, requesting that Defendants preserve relevant evidence, *see* Ex. A at 2, and suggesting an avenue for *pre-litigation* resolution, *see* Ex. B at 2. Following the parties' unsuccessful meet and confer on February 6, a reasonable party in Defendants' position would have anticipated litigation involving, among other things, Defendants' ML models. *See id.* Defendants recklessly disregarded their obligation to preserve relevant evidence when the contents of Mr. Laraki's laptop were erased.

<u>Relevance</u>.  In the spoliation context, evidence is relevant if "a reasonable trier of fact could find that it would support [the moving party's] claim or defense." *Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1236 (N.D. Cal. 2022). "Proving that lost evidence is relevant can be a difficult task, however, because the evidence no longer exists. . . . Thus, a party need only 'come forward with plausible, concrete suggestions as to what [the destroyed]



72555245v3

The Honorable William Alsup
September 5, 2024
Page 3

evidence might have been.'" *RG Abrams Ins.*, 342 F.R.D. at 507; *Waymo LLC*, 2018 WL 646701, at *17 (finding evidence was relevant because it "could have been a link in the chain showing" trade secret misappropriation). Here, RoadRunner alleges, among other things, that Defendants misappropriated RoadRunner's trade secrets by using Compology's data to train Defendants' own ML model. RoadRunner has evidence of Defendants' misappropriation in the form of deposition admissions, documents produced in discovery, and source code. But RoadRunner's inability to inspect Mr. Laraki's laptop and/or its contents precludes RoadRunner at least from corroborating that evidence. For example, RoadRunner is precluded from confirming the extent of Defendants' use of Compology image data to train their earlier ML models, confirming the amount of images and data used to train Defendants' model(s), and comparing the earlier ML models to the current ML model to determine what the current model learned from the training of earlier ML models. Without the contents of Mr. Laraki's laptop, which are indisputably irrecoverable, RoadRunner is missing "a link in the chain" showing the extent of Defendants' misappropriation.

<u>Prejudice</u>. The prejudice inquiry "looks to whether the [spoiling party's] actions impaired [the non-spoiling party's] ability to go to trial or threatened to interfere with the rightful decision of the case," by, for example, forcing the non-spoiling party "to rely on incomplete and spotty evidence" at trial. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959–60 (9th Cir. 2006). Failing to preserve the Pello ML models trained on Compology images deprives RoadRunner of the opportunity to show the jury key documentary evidence of misappropriation. The deleted evidence would provide a direct link between the ML models trained on Compology images and those allegedly trained on Pello images, of which RoadRunner has only circumstantial evidence.

For the foregoing reasons, RoadRunner respectfully requests that the Court issue sanctions against Defendants. "[T]rial courts have the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior so long as the party responsible had simple notice of potential relevance to the litigation, with no requirement to prove bad faith." *Meta Platforms, Inc.*, 605 F. Supp. 3d at 1237 (internal quotations omitted). Specifically, RoadRunner requests that the Court instruct the jury that Defendants had a duty to and failed to preserve evidence and that inspection of the laptop or its contents would reveal (1) that Defendants used Compology images and image data to train their ML models, and (2) that Defendants used what they learned from the models trained on Compology images to train their current ML models. Many courts have determined that spoliation under Fed. R. Civ. P. 37(e)(1) warrants as sanctions a jury instruction and fees and costs. *See, e.g., id.* at 1240; *Phan v. Costco Wholesale Corp.*, No. 19-CV-05713-YGR, 2020 WL 5074349, at *4 (N.D. Cal. Aug. 24, 2020); *Porter v. City & Cnty. of San Francisco*, No. 16-CV-03771-CW(DMR), 2018 WL 4215602, at *4 (N.D. Cal. Sept. 5, 2018).



The Honorable William Alsup
September 5, 2024
Page 4

        Respectfully submitted,

        */s/ Stanley M. Gibson*
        Stanley M. Gibson
        James M. Neudecker
        JEFFER MANGELS BUTLER & MITCHELL LLP
        Two Embarcadero Center, 5th Floor
        San Francisco, California 94111-3813
        Telephone: (415) 398-8080
        sgibson@jmbm.com
        jneudecker@jmbm.com

        Joseph J. Mellema
        JEFFER MANGELS BUTLER & MITCHELL LLP
        3 Park Plaza, Suite 1100
        Irvine, California 92614-2592
        Telephone: (949) 623-7200
        jmellema@jmbm.com

        Lena Streisand
        JEFFER MANGELS BUTLER & MITCHELL LLP
        1900 Avenue of the Stars, 7th Floor
        Los Angeles, California 90067-4308
        Telephone: (310) 203-8080
        lstreisand@jmbm.com

        *Counsel for Plaintiff RoadRunner Recycling, Inc.*

Attachments: Exhibits A–D



72555245v3