JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:   (415) 398-8080
Facsimile:    (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:   (949) 623-7200
Facsimile:    (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **PLAINTIFF ROADRUNNER RECYCLING, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY BY MESSRS. ARMSTRONG AND LONGSON** <br><br> Date:   October 24, 2024 <br> Time:  8:00 a.m. <br> Crtrm.: 12 <br><br><br> Complaint Filed:  August 4, 2023 <br> Trial Date:          December 9, 2024 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................... 1

II. STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 2

III. STATEMENT OF RELEVANT FACTS .............................................................................. 2

IV. LEGAL STANDARD ............................................................................................................ 4

V. ROADRUNNER PROPERLY DESIGNATED AND DISCLOSED MESSRS. LONGSON AND ARMSTRONG AS PERCIPIENT EXPERT WITNESSES ..................... 5

    A. Messrs. Longson and Armstrong are Qualified to Testify as Unretained Percipient Expert Witnesses ........................................................................................ 6

    B. RoadRunner's Expert Disclosure Satisfies Rules 26(a)(2)(C) ................................... 9

    C. Defendants Have Not Established Prejudice Warranting Exclusion ....................... 10

VI. CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Angelo v. Thomson Int'l Inc.*,
No. 121CV01609JLTCDB, 2023 WL 7388547 (E.D. Cal. Nov. 8, 2023) .............................. 10

*BJB Elec. LP v. Bridgelux, Inc.*,
No. 22-CV-01886-RS, 2023 WL 4849764 (N.D. Cal. July 28, 2023) ............................ 4, 5, 10

*Castaneda v. City of Bakersfield*,
1:23-cv-00068-KES-CDB (E.D. Cal. May. 10, 2024) ............................................................ 9, 10

*Chamberlin v. Hartog, Baer & Hand, APC*,
No. 19-CV-08243-JCS, 2024 WL 736734 (N.D. Cal. Feb. 22, 2024) ..................................... 11

*Copart, Inc. v. Sparta Consulting, Inc.*,
No. 214CV00046KJMCKD, 2018 WL 1871414 (E.D. Cal. Apr. 19, 2018) .......................... 6, 7

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) .................................................................................................................. 8

*Elosu v. Middlefork Ranch Inc.*,
26 F.4th 1017 (9th Cir. 2022) .................................................................................................... 9

*Farrell v. Home Depot U.S.A., Inc. et al.*,
No. 2:19-CV-01402 TLN AC, 2022 WL 2818649 (E.D. Cal. July 19, 2022) ........................... 5

*In re Glumetza Antitrust Litig.*,
No. C 19-05822 WHA, 2021 WL 1817092 (N.D. Cal. May 6, 2021) ....................................... 5

*Goodman v. Staples The Off. Superstore, LLC*,
644 F.3d 817 (9th Cir. 2011) ..................................................................................................... 5

*Gorrell v. Sneath*,
No. 1:12-CV-0554-JLT, 2013 WL 4517902 (E.D. Cal. Aug. 26, 2013) ................................. 11

*Masimo Corp. v. Apple Inc.*,
No. SACV2000048JVSJDEX, 2022 WL 18285029 (C.D. Cal. Nov. 22, 2022) ............... 4, 8, 9

*Nat. Res. Def. Couns., Inc. v. Rodgers*,
No. CIVS881658LKKGGH, 2005 WL 2648027 (E.D. Cal. Oct. 17, 2005) .............................. 4

*Pineda v. City and Cnty. of San Francisco*,
280 F.R.D. 517 (N.D. Cal. 2012) ............................................................................................ 10

*Smith v. Pac. Bell Tel. Co.*,
662 F. Supp. 2d 1199 (E.D. Cal. 2009) ..................................................................................... 9

ii   Case No. 3:23-cv-04804-WHA
ROADRUNNER'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY BY MESSRS. ARMSTRONG AND LONGSON

*United States v. Holguin*,
    51 F.4th 841 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 2509 (2023) ............................................7

*Wiley v. Unum Life Ins. Co. of Am.*,
    No. 3:19-CV-02756-WHO, 2022 WL 1500552 (N.D. Cal. May 12, 2022) ...............................5

**Statutes**

Cal. Civ. Code § 2019.210 .................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 26(a) ..........................................................................................................................3

Fed. R. Civ. P. 26(a)(2)(B) ............................................................................................................5, 10

Fed. R. Civ. P. 26(a)(2)(C) ........................................................................................................ *passim*

Fed. R. Civ. P. 26(a)(2)(D) ................................................................................................................5

Fed. R. Evid. 701 ...............................................................................................................................4

Fed. R. Evid. 701(a), (c) ....................................................................................................................4

Fed. R. Evid. 702 ....................................................................................................................... *passim*

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits the following opposition to Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants") motion to exclude expert testimony by Messrs. Longson and Armstrong.

## I.  INTRODUCTION

On August 30, 2024, the deadline for expert disclosure, RoadRunner disclosed Timothy (Jay) Longson, Director of Hardware, and Justin Armstrong, the AI and Algorithms Lead Engineer, as unretained percipient experts. RoadRunner disclosed these two current employees as unretained percipient experts because their technical and specialized roles at RoadRunner's predecessor, Compology, entitles them to provide testimony under Fed. R. Evid. 702. Indeed, Messrs. Longson and Armstrong qualify as percipient expert witnesses because they have detailed historical knowledge of the development and deployment of Compology's technology and hardware, which led to the creation of many of the trade secrets at issue in this case.

Defendants' primary argument for excluding Messrs. Longson and Armstrong from providing expert testimony is that they did not draw legal conclusions regarding the scope and definition of RoadRunner's trade secrets. Defendants' argument is misplaced because Messrs. Longson and Armstrong do not need to be legally trained to identify what constitutes a trade secret in order to provide percipient expert testimony regarding the know-how and skill required to develop the specific technology and hardware created by Compology.

Defendants' second argument, that the disclosure was insufficient, is likewise misplaced. RoadRunner's expert disclosure of Messrs. Longson and Armstrong meets the requirements of Fed. R. Civ. P. 26(a)(2)(C) as RoadRunner identified the subject matter to which each witness was expected to testify and provided a short summary of each witness' opinions. There is no requirement that non-retained experts submit expert reports. Indeed, the law is to the contrary. Finally, Defendants have not identified any harm they have or will suffer as a result of RoadRunner's disclosure.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Messrs. Longson and Armstrong have historical knowledge of the topics for which they are designated as unretained percipient experts; and

2. Whether RoadRunner's disclosure of Messrs. Longson and Armstrong satisfies Fed. R. Civ. P. 26(a)(2)(C).

## III. STATEMENT OF RELEVANT FACTS

Following removal from state court, this Court ordered RoadRunner to file a trade secret disclosure pursuant to Cal. Civ. Code § 2019.210 and dismissed RoadRunner's trade secret claims without prejudice so RoadRunner could plead its claims with reference to the trade secret disclosure. *See* Dkt. No. 43; Dec. 19, 2023 Tr. 7:4–9:20. On January 16, 2024, RoadRunner filed a motion for leave to amend its first amended complaint (Dkt. No. 45) and an identification of trade secrets ("ITS") pursuant to Cal. Civ. Code § 2019.210 (Dkt. No. 46). The parties appeared before the Court for a hearing on RoadRunner's motion to amend on February 29, 2024. During that hearing, Counsel for RoadRunner explained that RoadRunner expected to find during discovery evidence that Defendants reverse-engineered RoadRunner's products in violation of the terms and conditions of the parties' contracts and that Defendants used Compology-generated labeled and tagged images to train their own model. *See* Feb. 29, 2024 Tr. 27:15–19. That same day, the Court issued an order granting RoadRunner leave to amend after finding that the ITS provides "a very detailed explanation of these alleged trade secrets," Dkt. No. 71 at 1, and that RoadRunner plausibly pleaded "material qualifying for trade secret protection" and "plausibly pleaded that the reverse engineering at issue may have been done by way of improper means, not fair and honest ones, such that trade secrets were misappropriated," *id.* at 2.

As expected, during fact discovery, RoadRunner has discovered evidence that Defendants disassembled Compology devices, including photographs of the disassembled devices and internal communications regarding components of the disassembled devices. RoadRunner also discovered evidence that Defendants trained their machine learning models on Compology-generated labeled and tagged images, including deposition testimony and internal communications admitting as

much.  RoadRunner anticipates that the Compology hardware and machine learning models will be at the forefront of this case at trial.  The two RoadRunner witnesses at issue in this motion, Messrs. Longson and Armstrong, have first-hand knowledge of Compology's hardware and machine learning models.

Mr. Longson was Compology's Director of Electrical Engineering and later its Director of Hardware.  On August 15, 2024, Defendants deposed Mr. Longson in his individual capacity and as RoadRunner's corporate representative on topics including Compology's hardware (Topic No. 25), Compology's firmware (Topic No. 27), and the design and development of Compology's sensor system (Topic Nos. 30, 39), among others.  *See* Dkt. No. 103-1 at 11–16, 19; *see also, e.g.*, Ex. A at 122:17–126:18 (discussing elements of Compology sensor system); 82:6–22 (discussing how Compology kept its hardware secret from the public during development); 149:7–18 (discussing firmware code).

Mr. Armstrong was the AI and Algorithms Lead at Compology.  On August 22, 2024, Defendants deposed Mr. Armstrong in his individual capacity and as RoadRunner's corporate representative on topics including Compology's software (Topic No. 26), the development and historical use of AI (Topic Nos. 28, 38), and Compology's algorithms and the development thereof (Topic Nos. 35, 41).  *See* Dkt. No. 103-1 at 11–16, 19; *see also, e.g.*, Ex. B at 83:11–24 (discussing Compology software code); 94:16–100:7 (discussing sub-par image detection model); 100:8–18, 102:11–24 (discussing container fullness detection); 156:25–157:16 (discussing Compology algorithms).

Pursuant to the Court's Case Management Order (Dkt. No. 42 ¶ 5), on August 30, 2024, RoadRunner timely served its expert witness disclosure.  *See* Dkt. No. 103-1 at 25.[1]  Specifically, RoadRunner's disclosure provides that:

> Mr. Armstrong is expected to offer expert testimony in his field of software and machine learning/artificial intelligence, particularly as it relates to his opinions on the Compology software, machine

---

[1] Defendants' incorrectly state that "Plaintiff served an amended disclosure of experts on August 30." Dkt. No. 103 at 8. On August 30, 2024, RoadRunner served its expert disclosure pursuant to the deadline set by this Court.  *See* Dkt. No. 42 ¶ 5.  There was no amended disclosure under Fed. R. Civ. P. 26(a).

> learning, artificial intelligence system, algorithms and processes, and research and development of Compology's software and artificial intelligence architecture, including the nature and identity of Compology's trade secrets embodied in the aforementioned items. . . .
>
> Mr. Longson is expected to offer expert testimony in his field of electrical engineering and electronics, particularly as it relates to his opinions on the Compology electronic design, mechanical design, firmware design, and research and development of Compology's R-series of products, including the nature and identity of Compology's trade secrets embodied in the aforementioned items.

Dkt. No. 103-1 at 27–28. RoadRunner included in its expert disclosure Messrs. Longson and Armstrong as "unretained percipient expert[s]." *Id.* Fed. R. Evid. 701 permits opinions based on a lay witness's perception unless the opinion is based on specialized knowledge. *See* Fed. R. Evid. 701(a), (c). Messrs. Longson and Armstrong's knowledge of the facts underlying this litigation is technical and specialized by definition. RoadRunner disclosed these witnesses as unretained percipient experts so that, to the extent their testimony falls outside the realm of Fed. R. Evid. 701 and within the realm of Fed. R. Evid. 702, Defendants have had an opportunity to explore the testimony. As described below, this is a common practice recognized by numerous courts. RoadRunner's expert disclosure of these two witnesses as unretained percipient expert witnesses also meets the requirements of Fed. R. Civ. P. 26(a)(2)(C).

### IV.    LEGAL STANDARD

Percipient experts are unretained witnesses who provide "expert opinions rendered in the normal course of their work duties." *BJB Elec. LP v. Bridgelux, Inc.*, No. 22-CV-01886-RS, 2023 WL 4849764, at *6 (N.D. Cal. July 28, 2023) (quoting *Masimo Corp. v. Apple Inc.*, No. SACV2000048JVSJDEX, 2022 WL 18285029, at *3 (C.D. Cal. Nov. 22, 2022)). Unlike the opinions of retained experts, which are prepared for the purpose of litigation, "[o]pinions of percipient experts are often referred to as 'historical opinions,' i.e., what they already know from their job." *Masimo Corp.*, 2022 WL 18285029, at *3; *Nat. Res. Def. Couns., Inc. v. Rodgers*, No. CIVS881658LKKGGH, 2005 WL 2648027, at *2 (E.D. Cal. Oct. 17, 2005) ("A percipient expert can testify to the whys and wherefores of previously expressed opinions."). Percipient witnesses

do not opine on the record present before the court. *See In re Glumetza Antitrust Litig.*, No. C 19-05822 WHA, 2021 WL 1817092, at *11 (N.D. Cal. May 6, 2021) (Alsup, J.). Percipient experts are "not subject to the written report requirement" of Fed. R. Civ. P. 26(a)(2)(B) because their opinions are based on material reviewed in the course of their normal work duties. *BJB Elec. LP*, 2023 WL 4849764, at *6 (citing *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011)). Whereas a retained expert provides opinions solicited from him solely for the purposes of the litigation, *see Goodman*, 644 F.3d at 819, an unretained percipient expert has prior personal knowledge of the facts giving rise to the litigation, *see Wiley v. Unum Life Ins. Co. of Am.*, No. 3:19-CV-02756-WHO, 2022 WL 1500552, at *2 (N.D. Cal. May 12, 2022).

A party must disclose any unretained percipient expert pursuant to Fed. R. Civ. P. 26(a)(2)(C) on the date of expert disclosure set by the Court. Fed. R. Civ. P. 26(a)(2)(D) ("A party must make these disclosures at the times and in the sequence that the court orders."). The disclosure must include a summary of "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "The summaries of non-retained experts' testimony are designed to be 'considerably less extensive' than those required under Rule 26(a)(2)(B), and courts 'must take care against requiring undue detail.'" *Farrell v. Home Depot U.S.A., Inc. et al.*, No. 2:19-CV-01402 TLN AC, 2022 WL 2818649, at *3 (E.D. Cal. July 19, 2022) (quoting Adv. Comm. Notes to 2010 Amendments).

### V. ROADRUNNER PROPERLY DESIGNATED AND DISCLOSED MESSRS. LONGSON AND ARMSTRONG AS PERCIPIENT EXPERT WITNESSES

Messrs. Longson and Armstrong have percipient knowledge of Compology's technology and hardware, respectively, and RoadRunner sufficiently disclosed them as unretained percipient expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2)(C).[2] The Court should deny

---

[2] Defendants incorrectly claim that RoadRunner designated Messrs. Longson and Armstrong pursuant to Fed. R. Civ. P. 26(a)(2)(B). While the introductory sentence of RoadRunner's disclosure states that RoadRunner makes the disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B),

Defendants' motion for the following reasons.

### A. Messrs. Longson and Armstrong are Qualified to Testify as Unretained Percipient Expert Witnesses

Messrs. Longson and Armstrong are qualified to testify as percipient expert witnesses because both witnesses (1) are percipient to the facts underlying this case, and (2) have specialized and technical experience to support Fed. R. Evid. 702 testimony in their respective fields.

#### 1. Messrs. Longson and Armstrong are Percipient to the Facts Underlying this Case

RoadRunner designated Mr. Longson to testify to his percipient knowledge of "Compology electronic design, mechanical design, firmware design, and research and development of Compology's R-series of products." *Id.* Mr. Longson has first-hand knowledge of each of these topics. Mr. Longson was the Director of Electrical Engineering and later the Director of Hardware at Compology, the predecessor to RoadRunner. *See* Ex. A at 26:23–27:1. Mr. Longson was responsible for building the hardware for Compology's waste metering products, including the camera, which were "in their infancy" when he started at the company. *See id.* at 27:6–12. Mr. Longson also led Compology's firmware development efforts. *Id.* at 78:5–8. RoadRunner's trade secrets include, among other things, the hardware and firmware for its R-series of products. Mr. Longson is percipient to these topics and therefore capable of testifying to them and his historical opinions of them. *See Copart, Inc. v. Sparta Consulting, Inc.*, No. 214CV00046KJMCKD, 2018 WL 1871414, at *20 (E.D. Cal. Apr. 19, 2018) (denying motion to exclude percipient expert testimony from plaintiff's employees because employees could testify to historical opinions and reasons for past opinions).

RoadRunner designated Mr. Armstrong to testify to his percipient knowledge of "Compology software, machine learning, artificial intelligence system, algorithms and processes, and research and development of Compology's software and artificial intelligence architecture."

---

Messrs. Longson and Armstrong are both expressly identified as "unretained percipient witnesses," signifying their designation under Fed. R. Civ. P. 26(a)(2)(C), which applies to unretained experts.

1  Mr. Armstrong has first-hand knowledge of each of these topics.  Mr. Armstrong was one of the
2  software engineers who designed the underlying structure for Compology's relational database.
3  *See* Ex. B at 18:5–19:1.  He was "the person setting the strategy for machine learning at
4  Compology." *Id.* at 50:8–10.  Mr. Armstrong trained Compology's machine learning models. *See*
5  *id.* at 75:18.  Mr. Armstrong was the AI and Algorithms Lead at Compology.  *See* Ex. C.  He
6  "[d]esigned and implemented the AI core of Compology's Waste Metering platform." *Id.*  Mr.
7  Armstrong developed and worked on multiple Compology algorithms.  *See, e.g.*, Ex. B at 80:11–
8  12, 141:3–6, 151:10–20.  He was also responsible for developing numerous AI/machine learning
9  models and algorithms at Compology, a number of which did not exist before he worked at
10 Compology.  *See, e.g.*, *id.* at 106:14–109:7.  RoadRunner's trade secrets include, among other
11 things, its algorithms, machine learning/AI models, software, and related know-how.  Mr.
12 Armstrong is percipient to this technology and therefore capable of testifying to the technology
13 and his historical opinions of the technology.  *See Copart, Inc.*, 2018 WL 1871414, at *20.

### 2. **Messrs. Longson and Armstrong are Qualified to Give Fed. R. Evid. 702 Testimony**

16  Messrs. Longson and Armstrong are qualified to testify to their historical opinions
17 regarding the technical and specialized knowledge the witnesses acquired in their respective roles
18 at Compology.  As the Ninth Circuit recognized in *United States v. Holguin*, 51 F.4th 841 (9th Cir.
19 2022), *cert. denied*, 143 S. Ct. 2509 (2023), which Defendants cite on pages 9 and 14 of their
20 motion,  "[a]n expert may base an opinion on facts or data in the case that the expert has . . .
21 personally observed." *Id.* at 857 (quoting Fed. R. Evid. 703) (alteration in original) (holding law
22 enforcement officer's ten years investigating gang crimes gave him requisite experience to testify
23 pursuant to Fed. R. Evid. 702 to gang structure and organization generally and in relation to
24 investigation of crime at issue).
25  Mr. Longson holds a B.S., M.S., and Ph.D in Electrical Engineering.  *See* Ex. D.  He
26 worked in high-level electrical engineering and hardware positions at Compology for nearly ten
27 years before Compology was acquired by RoadRunner.  *Id.*  Prior to joining Compology, Mr.
28 Longson held multiple jobs as a developer and research scientist, including at NASA.  *Id.*

Mr. Armstrong holds a B.S. in Engineering.  *See* Ex. C.  He worked as the AI and Algorithms Lead Engineer at Compology for over six years before it was acquired by RoadRunner.  *Id.*  Prior to joining Compology, Mr. Armstrong held jobs as a software developer and a software engineer at numerous companies including Yelp and Experian.  *Id.*

Defendants' argument that Messrs. Armstrong and Longson should be excluded from testifying as percipient experts pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), is nearly identical to the argument in *Masimo Corp. v. Apple Inc.*, 2022 WL 18285029, at *1, which the Court rejected.  Like the defendant in *Masimo*, who sought to exclude percipient expert testimony from the plaintiff's employee because the employee could not identify what constituted a trade secret during his deposition, *see id.* at *5, Defendants here claim that Messrs. Longson and Armstrong are unqualified to testify as percipient experts because they could not provide legal conclusions when asked about the "scope or boundary of the trade secret identified," *see* Dkt. No. 103 at 5.  The *Masimo* court rejected this argument:

> That Kiani is not legally trained to identify what constitutes a trade secret does not mean he lacks percipient understanding of Plaintiffs' technology and whether Plaintiffs consider that technology valuable. ***Lacking percipient knowledge of litigation-developed definitions and materials is not the same thing as lacking percipient knowledge about a specific technology or technique***.  Thus, Apple's arguments concerning Kiani's deposition responses do not undermine the percipient nature of Kiani's disclosure.

2022 WL 18285029, at *5 (emphasis added).  Here, the Court should similarly deny Defendants' motion, which is based almost entirely on the incorrect argument that Messrs. Longson and Armstrong's failure to provide a legal conclusion in their depositions precludes them from testifying as percipient experts.[3]  Further, Defendants' argument that Messrs. Longson and

---

[3] Contrary to Defendants' argument, *see* Dkt. No. 103 at 13, RoadRunner's letters noting that Defendants' questioning sought expert testimony are not inconsistent with RoadRunner identifying Messrs. Longson and Armstrong as percipient expert witnesses.  Messrs. Longson and Armstrong have been designated as percipient witnesses to give Defendants a chance to explore any opinions they have to the extent those opinions are subject to Fed. R. Evid. 702.  They will testify to their *personal knowledge* as witnesses percipient to Compology's technology and hardware.  Defendants' questions sought legal conclusions such as whether that technology and hardware qualified as trade secrets.

Armstrong are not qualified to testify to "trade secrets" that they could not identify during their depositions ignores that the disclosure expressly limits each witness' testimony to "the nature and identity of Compology's trade secrets *embodied in the aforementioned items*." Dkt. No. 103-1 at 28 (emphasis added). Messrs. Longson and Armstrong should be permitted to testify as to the percipient knowledge of the technology that they developed and created in their roles at Compology.

Moreover, contrary to Defendants' argument that permitting Messrs. Longson and Armstrong to testify as percipient experts will confuse the jury, *see* Dkt. No. 103 at 9, courts have found that fact witnesses testifying as percipient experts do not trigger such a concern when they testify to their historical knowledge and opinions, *see, e.g.*, *Masimo Corp. v. Apple Inc.*, 2022 WL 18285029, at *5. Messrs. Longson and Armstrong have been designated to testify specifically to the topics set forth in RoadRunner's disclosure as they pertain to *Compology*. See Dkt. No. 103-1 at 27–28. By definition, this testimony will concern Messrs. Longson and Armstrong's historical knowledge because Compology was acquired by RoadRunner.[4]

For the foregoing reasons, the Court should deny Defendants' motion to exclude Messrs. Longson and Armstrong from testifying as percipient expert witnesses.

### B.   RoadRunner's Expert Disclosure Satisfies Rules 26(a)(2)(C)

RoadRunner's expert disclosure of Messrs. Longson and Armstrong as percipient experts satisfies Fed. R. Civ. P. 26(a)(2)(C) because it provides (1) the subject matter of each witness' expected testimony and (2) a summary of his opinions, *see* Fed. R. Civ. P. 26(a)(2)(C), sufficient for Defendants "to identify whether it needs a responsive witness and the information that such responsive witness would need to address," *Castaneda v. City of Bakersfield*, 1:23-cv-00068-KES-CDB, at *4 (E.D. Cal. May. 10, 2024).

First, RoadRunner's disclosure expressly provides that Mr. Armstrong is expected to

---

[4] Defendants' cited authority is inapposite. Both *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1020 (9th Cir. 2022) and *Smith v. Pac. Bell Tel. Co.*, 662 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009), assess the expertise of retained experts with no percipient knowledge of the facts to which they were designated to testify.

1  testify on the subject "of software and machine learning/artificial intelligence," and that Mr.
2  Longson is expected to testify on the subject of "electrical engineering and electronics."  Dkt. No.
3  103-1 at 27–28.  Second, RoadRunner disclosed Mr. Longson's opinions as including "the
4  Compology electronic design, mechanical design, firmware design, and research and development
5  of Compology's R-series of products, including the nature and identity of Compology's trade
6  secrets embodied in the aforementioned items," and Mr. Armstrong's opinions as including
7  "Compology software, machine learning, artificial intelligence system, algorithms and processes,
8  and research and development of Compology's software and artificial intelligence architecture,
9  including the nature and identity of Compology's trade secrets embodied in the aforementioned
10 items."  *Id.*  RoadRunner's disclosures are not generalized statements of testimony like those in
11 the cases Defendants cite in their motion, in which parties merely disclosed broad descriptions of
12 anticipated opinions as "causation, prognosis, [and] diagnosis," *see Pineda v. City and Cnty. of
13 San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012), or merely stated that an expert would opine
14 on the nature and extent of the plaintiff's injuries, *see Castaneda*, 2024 U.S. Dist. LEXIS 85269,
15 at *6.
16        Finally, percipient experts are "not subject to the written report requirement" of Fed. R.
17 Civ. P. 26(a)(2)(B) because their opinions are based on material reviewed in the course of their
18 normal work duties.  *BJB Elec. LP*, 2023 WL 4849764, at *6 (citing *Goodman*, 644 F.3d at 826).
19 As described above, the topics on which both Messrs. Longson and Armstrong have been
20 designated to testify are within their respective work duties, *see supra,* § V(A), so Messrs.
21 Longson and Armstrong are not required to provide expert reports.
22        **C.     Defendants Have Not Established Prejudice Warranting Exclusion**
23        Finally, Defendants have not identified any cognizable harm that they have or will suffer
24 by RoadRunner's expert disclosure.  To the extent the Court disagrees that RoadRunner's expert
25 disclosure is sufficient, any deficiency can be cured and any effect on Defendants is harmless.  *See
26 Angelo v. Thomson Int'l Inc.*, No. 121CV01609JLTCDB, 2023 WL 7388547, at *2 (E.D. Cal.
27 Nov. 8, 2023) (declining to exclude percipient expert testimony where Rule 26(a)(2)(C) disclosure
28 was insufficient because expert discovery was ongoing and deficiencies could be cured without

"significant adjustment of case management dates"). To determine whether a purported disclosure deficiency is harmless, courts consider whether the alleged deficiency "has impaired the [party's] ability to conduct effective discovery and what information the [party] has in their position related to the opinions the expert will offer." *Chamberlin v. Hartog, Baer & Hand, APC*, No. 19-CV-08243-JCS, 2024 WL 736734, at *6 (N.D. Cal. Feb. 22, 2024) (citing *Pineda*, 280 F.R.D. at 523). Defendants wrongly claim that "Plaintiff cannot now, after the close of discovery and after the time for disclosing experts set forth in the Case Management Order, change its position to disclose Longson and Armstrong as experts." Dkt. No. 103 at 11. But expert discovery is ongoing and RoadRunner disclosed its retained and unretained experts on August 30, 2024, the deadline set by this Court. *See* Dkt. Nos. 42 ¶ 5, 103-1 at 29. Further, Defendants have information in their possession regarding the facts within Messrs. Longson and Armstrong's respective personal knowledge and any alleged deficiency in RoadRunner's disclosure is harmless. *See Gorrell v. Sneath*, No. 1:12-CV-0554-JLT, 2013 WL 4517902, at *4 (E.D. Cal. Aug. 26, 2013) (holding deficient disclosure harmless because party's interrogatory responses explained percipient experts participated in testing urine sample at issue).

## VI. CONCLUSION

Messrs. Longson and Armstrong are percipient expert witnesses who have technical and specialized knowledge of the facts of this case by way of their employment in lead technical roles at Compology. As is a common practice in technical cases, RoadRunner disclosed them as percipient experts so, to the extent they have any opinions within the bounds of Fed. R. Evid. 702, Defendants would have an opportunity to explore those opinions. RoadRunner provided the subject of each witness' anticipated testimony and a summary of his expected opinions. Therefore, the Court should deny Defendants' motion.

1  DATED:  September 24, 2024           JEFFER MANGELS BUTLER & MITCHELL LLP
                                        STANLEY M. GIBSON
2                                       JAMES NEUDECKER
                                        JOSEPH J. MELLEMA
3                                       LENA STREISAND


                                        By:    */s/ Stanley M. Gibson*
                                                   STANLEY M. GIBSON
                                        Attorneys for Plaintiff ROADRUNNER
                                        RECYCLING, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Itzi Munoz
Itzi Munoz
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
imunoz@jmbm.com