JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 398-8080
Facsimile:     (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:    (949) 623-7200
Facsimile:     (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080
Facsimile:     (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **PLAINTIFF ROADRUNNER RECYCLING, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> *Filed Concurrently with Declaration of Lena Streisand; [Proposed] Order* <br><br> Complaint Filed:    August 4, 2023 <br> Trial Date:             December 9, 2024 |

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this Administrative Motion to File Under Seal portions of the deposition transcripts of Timothy (Jay) Longson and Justin Armstrong filed in support of RoadRunner's Opposition to Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants") Motion to Exclude Expert Testimony by Messrs. Armstrong and Longson ("Opposition").

## I.  Legal Standard

The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets and other business information that may harm the party's competitive standing. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S. 986 (2012)); *see also* 18 U.S.C. § 1835 (noting "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). Requests to seal information filed on the Court's public docket must be narrowly tailored to account for the public's right of access to the Court's files and otherwise comply with the rules set forth in Civil Local Rule 79-5.  *See* Civil L.R. 79-5.

"Trade secrets['] . . . only value consists in their being kept private.' . . . 'Once the data that constitute a trade secret are disclosed to others, . . . the holder of the trade secret has lost his property interest in the data.'" *DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003).  For that reason, public disclosure of trade secrets constitutes irreparable injury.  *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023) (granting motion to seal trade secrets identification because disclosing plaintiffs' trade secrets would cause them "irreparable injury").

II. **The Court Should Seal Portions of Messrs. Longson and Armstrong's Testimony to Protect RoadRunner's Trade Secrets**

RoadRunner's proposed redactions to Messrs. Longson and Armstrong's deposition testimony are narrowly tailored to include only passages that identify and describe RoadRunner's trade secrets. Accordingly, RoadRunner seeks to file unredacted versions of the transcripts under seal. For each passage RoadRunner seeks to redact, as indicated below, RoadRunner identifies (a) the interest to be protected; (b) the injury that would result if the proposed redacted language is not redacted; and (c) why a still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the result. RoadRunner has endeavored to identify specific interests to be protected, specify the injury that would result if the proposed redacted language is not redacted, and has omitted from its proposed redactions portions of passages in an effort to ensure that only the narrowest portions of the testimony are protected from disclosure.

A. **Deposition of Timothy (Jay) Longson**

Attached hereto as Exhibit A is an unredacted copy of excerpts from Mr. Longson's deposition. RoadRunner's proposed redactions are highlighted in yellow. RoadRunner attached a redacted copy of this exhibit to its Opposition as Exhibit A (Dkt. No. 119-2).

| Page:Line(s) | Grounds for Filing Under Seal |
|---|---|
| 122:21–22 | (a) In this passage, Mr. Longson describes the techniques Compology used to optimize captured images for the R11 camera system. This information is protected from disclosure as RoadRunner's trade secrets.<br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how in optimizing captured images and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm |

| | |
|---|---|
| | RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 123:2, 8–11, 13, 21–24; 124:2–7, 9–13, 16–17, 20, 23; 125:6–10 | (a) In this passage, Mr. Longson describes the purpose and nature of the R11 cameras and their functions as well as the experimentation and design choices concerning those functions of the R11 cameras. This information is protected from disclosure as RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving its R11 cameras, their functions, and Compology's design choices relating to the R11 camera. In so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 125:19, 21–22; 126:2–7, 10 | (a) In this passage, Mr. Longson describes a particular technique Compology used to optimize captured images for the R11 camera system. This information is protected from disclosure as RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving the particular technique used to optimize captured images and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential |

| | | |
|---|---|---|
| | | language before, after, or otherwise surrounding its proposed redactions. |
| | 126:20, 24–25 | (a) In this passage, Mr. Longson describes features and functions of its camera lens and design choices involving the camera lens. This information is protected from disclosure as RoadRunner's trade secrets. |
| | | (b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving those features and functions of its camera lens and design choices and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing. |
| | | (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 146:1–10, 17–25; 149:1–5, 11–13, 16, 19, 22, 25 | (a) In this passage, Mr. Longson describes features and functions of Compology's image preprocessing techniques, including identification of specific components used to achieve these techniques. This information is protected from disclosure as RoadRunner's trade secrets. |
| | | (b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving its image preprocessing techniques and the specific components used to achieve those techniques and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing. |
| | | (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

B. **Deposition of Justin Armstrong**

Attached hereto as Exhibit B is an unredacted copy of excerpts from Mr. Armstrong's deposition. RoadRunner's proposed redactions are highlighted in yellow. RoadRunner attached a redacted copy of this exhibit to its Opposition as Exhibit B (Dkt. No. 119-3).

| Page:Line(s) | Grounds for Filing Under Seal |
|---|---|
| 18:7–10, 12, 14<br>19:2, 6, 8–13 | (a) In this passage, Mr. Armstrong describes the method in which Compology stored and RoadRunner stores its raw data and the type of database RoadRunner uses. Mr. Armstrong also describes how Compology stored images on its servers and how RoadRunner continues to store images on its servers. This information is protected from disclosure as RoadRunner's trade secrets.<br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving its raw data, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 50:1–7, 10–11, 15–18, 20, 23–25 | (a) This passage describes the methodology and steps RoadRunner follows for classifying images. This information is RoadRunner's trade secrets.<br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving its image classification trade secrets, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the |

|  |  |
|---|---|
|  | confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 75:1–2 | (a) This passage describes the methodology and steps Compology undertook to develop its machine learning models, which are trade secrets.<br>(b) RoadRunner would suffer a competitive disadvantage if this information was disclosed publicly because the information would give RoadRunner's competitors the knowledge of how to develop their machine learning models, which could be used to RoadRunner's detriment.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 83:1–6 | (a) This passage describes RoadRunner's rightsizing algorithm steps and features, which are trade secrets.<br>(b) RoadRunner would suffer a competitive disadvantage if this information was disclosed publicly, as a competitor could use it to copy and operate RoadRunner's algorithm, which gives its products a competitive advantage and was the subject of significant development time and funding.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 83:13–19 | (a) These passages describe the specific software code in which Compology implements its rightsizing algorithm, which is a trade secret.<br>(b) RoadRunner would suffer a competitive disadvantage if this information was disclosed publicly, as a competitor could use it to copy and operate |

| | | |
|---|---|---|
| | | RoadRunner's algorithm, which gives its products a competitive advantage and was the subject of significant development time and funding.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 95:1–12, 19–20 | (a) In this passage, Mr. Armstrong explains the process for determining accuracy of RoadRunner's sub-par image detection model.<br><br>(b) Sub-par image detection gives RoadRunner's products a competitive advantage. If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its sub-par image detection-related trade secrets and harm RoadRunner's competitive standing.<br><br>(c) RoadRunner has endeavored to redact only the confidential information in this passage. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 96:4–12, 19 | (a) In this passage, Mr. Armstrong is explaining how RoadRunner determines the effective accuracy rate of its contamination detection model. This information and know-how are RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving the processes and methods behind its contamination detection model, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

| | | |
|---|---|---|
| 97:4–12 | (a) In this passage, Mr. Armstrong is explaining how RoadRunner determines the effective accuracy rate of its post auto-balancing model.  This information and know-how are RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection of its know-how involving the way RoadRunner balances its server, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. | |
| 98:4, 12–17, 25;<br>99:2, 4–7, 9–10, 12–18, 21–25<br>100:1, 3–7, 12–16, 24–25<br>101:1–3, 6–12, 19, 22–24<br>102:4, 10 | (a) In this passage, Mr. Armstrong is explaining how RoadRunner trains its machine learning models, including describing in detail the number and type of images RoadRunner uses to train its models.  This information and know-how are RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection of its know-how involving its machine learning models, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. | |
| 102:13–17, 20, 23–25 | (a) In this passage, Mr. Armstrong is explaining how RoadRunner trains its empty event detection model.  This information and know-how are | |

| | | |
|---|---|---|
| | | RoadRunner's trade secrets. |
| | | (b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection of its know-how involving its empty event detection model, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing. |
| | | (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 106:18–107:24; 108:10–11 | (a) In this passage, Mr. Armstrong explains the process of developing RoadRunner's sub-par image detection model.  This know-how is RoadRunner's trade secret. |
| | | (b) Sub-par image detection gives RoadRunner's products a competitive advantage.  If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its sub-par image detection-related trade secrets and harm RoadRunner's competitive standing. |
| | | (c) RoadRunner has endeavored to redact only the confidential information in this passage.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 141:1–2, 7; 151:1–6, 9 | (a) In this passage, Mr. Armstrong describes the type of machine learning model RoadRunner is using.  This information and know-how are RoadRunner's trade secrets. |
| | | (b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection of its know-how involving its machine learning models, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating |

> RoadRunner's competitive standing.
>
> (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

DATED: September 24, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND


By:    */s/ Lena Streisand*
          LENA STREISAND
Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.