Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
mcnewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
smcasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.,<br><br>    Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY BY MESSRS. ARMSTRONG AND LONGSON**<br><br>Hon. William H. Alsup<br><br>Hearing<br>Date:            October 10, 2024<br>Time:           8:00 a.m.<br>Location:     450 Golden Gate Avenue<br>                    Courtroom 12, 19th Floor<br>                    San Francisco, CA 94102<br>Complaint Filed:   August 4, 2023<br>Trial Date:            December 9, 2024 |

DEFENDANTS' REPLY FOR MOTION TO EXCLUDE ARMSTRONG AND LONGSON
Case No. 3:23-cv-04804-WHA

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

I.   ARMSTRONG AND LONGSON DID NOT PREPARE A WRITTEN REPORT
     AS REQUIRED BY RULE 26(A)(2)(B)..................................................................2

II.  PLAINTIFF'S DISCLOSURES FOR ARMSTRONG AND LONGSON DO
     NOT SATISFY RULE 26(A)(2)(C) .........................................................................2

III. ARMSTRONG AND LONGSON SHOULD BE EXCLUDED UNDER
     *DAUBERT*................................................................................................................4

IV.  PLAINTIFF'S OBFUSCATION AND DESIGNATION OF ARMSTRONG
     AND LONGSON AS "EXPERTS" WILL PREJUDICE DEFENDANTS ........................5

CONCLUSION.......................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alfaro v. D. Las Vegas, Inc.*,
   No. 2:15-cv-02190-MMD-PAL, 2016 U.S. Dist. LEXIS 113949 (D. Nev. Aug. 24, 2016) ..................................................................................................................4

*Cantu v. United States*,
   2015 U.S. Dist. LEXIS 191395 (C.D. Cal. Apr. 6, 2015) .........................................................7

*Castaneda v. City of Bakersfield*,
   No. 1:23-cv-00068-KES-CDB, 2024 U.S. Dist. LEXIS 85269 (E.D. Cal. May 10, 2024) ..................................................................................................................4

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ..................................................................................................................4

*Elosu v. Middlefork Ranch Inc.*,
   26 F.4th 1017 (9th Cir. 2022) ...................................................................................................5

*Green v. Qatar Airways Co.*,
   No. 2:19-cv-07950-SVW-MAA, 2020 U.S. Dist. LEXIS 254977 (C.D. Cal. Nov. 13, 2020) ..................................................................................................................3, 4

*Gryglak v. HSBC Bank USA, N.A.*,
   2023 U.S. App. LEXIS 10946 (9th Cir. May 4, 2023) ..............................................................6

*Masimo Corp. v. Apple, Inc.*,
   2022 WL 18285029 (C.D. Cal. Nov. 22, 2022) ....................................................................4, 5

*Pineda v. City & County of San Francisco*,
   280 F.R.D. 517 (N.D. Cal. 2012) ..............................................................................................3

*Est. of Saunders v. Comm'r*,
   745 F.3d 953 (9th Cir. 2014) ....................................................................................................2

*United States v. Jimenez-Chaidez*,
   96 F.4th 1257 (9th Cir. 2024) ...................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(C)      2, 3, 4, 5

Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions, Inc. ("Defendants") submit this Reply in support of their motion to exclude expert testimony by Messrs. Armstrong and Longson ("Motion," Dkt. 103) and in response to Plaintiff RoadRunner Recycling, Inc.'s ("Plaintiff") opposition to the same ("Opposition," Dkt. 119).

## INTRODUCTION

Plaintiff's Opposition does not dispute the facts and fails to remedy the infirmities of the disclosures for Messrs. Armstrong and Longson. For example, Plaintiff's Opposition does not dispute (1) the substance of the disclosures for Messrs. Armstrong and Longson, or (2) that both lack knowledge about the "nature and identity of Compology's trade secrets." Both of these admissions are fatal to their ability to provide expert testimony in this case.

With respect to the deficient disclosures, Plaintiff's Opposition includes them in their entirety, underscoring their brevity and infirmities. When given a chance to refine or better explain its disclosures in its Opposition, Plaintiff failed to do so. Instead, Plaintiff argues that the disclosures' mere identification of subject areas of expected testimony satisfies the requirement of providing "a summary of the facts and opinions to which the witness is expected to testify" as under FRCP 26(a)(2)(C)(ii). The Rule and caselaw state the opposite.

Plaintiff's Opposition also misses the mark in highlighting that Messrs. Armstrong and Longson have technical experience and advanced degrees. The critical issue is that both admitted they lack knowledge about the very things they have been disclosed to testify to: the "nature and identity" of the trade secrets.

Finally, Plaintiff suggests that its continued pattern of obfuscation and failure to identify the scope and boundaries of its alleged trade secrets is "harmless." But this undermines its obligations under the Federal Rules and California and Federal trade secrets law. As set forth in Defendants' Motion, Plaintiff's pattern of obfuscation has existed from the filing of the initial complaint in the County of San Francisco, and demonstrates willfulness. Defendants will be prejudiced if Plaintiff is permitted to add the surprise testimony of Messrs. Armstrong and Longson masquerading as "expert" testimony at trial.

## I. ARMSTRONG AND LONGSON DID NOT PREPARE A WRITTEN REPORT AS REQUIRED BY RULE 26(A)(2)(B)

Plaintiff's Opposition admits that "RoadRunner's disclosure states that RoadRunner makes the disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B)," and recognizes that neither submitted an expert report. *See* Dkt. 119 at 5 n.2. This alone is fatal to their ability to provide expert testimony at trial. *See* FRCP 26(a)(2)(A); FRCP 37(c)(1). Plaintiff instead argues—only in a footnote—that both are "identified as 'unretained percipient witnesses'" allegedly "signifying their designation under Fed. R. Civ. P. 26(a)(2)(C)." Dkt. 119 at 5 n. 2. First, this argument need not be considered: "[a]rguments raised only in footnotes… are generally deemed waived." *Est. of Saunders v. Comm'r,* 745 F.3d 953, 962 n.8 (9th Cir. 2014). Second, Plaintiff provides no authority supporting its position that express invocation of a Rule should be ignored in favor of a statement implicitly "signifying" otherwise. Such a system would logically end in the breakdown of the Rules: express invocations of Rules would serve only to confuse and obfuscate, and later justifications about "signaling" would need to be litigated to determine whether they control.

## II. PLAINTIFF'S DISCLOSURES FOR ARMSTRONG AND LONGSON DO NOT SATISFY RULE 26(A)(2)(C)

Even under Rule 26(a)(2)(C), Plaintiff's disclosure is deficient because it fails to disclose "a summary of the facts and opinions to which the witness is expected to testify" as required. *See* FRCP 26(a)(2)(C)(ii). Plaintiff's Opposition largely addresses a red herring, arguing that "[t]here is no requirement that non-retained experts submit expert reports " and "[p]ercipient experts are not subject to the written report requirement." Dkt. 119 at 1:23-24, 10:16-17; *see* Fed. R. Civ. P. 26(a)(2)(C)(ii). This is beside the point. Plaintiff's Opposition neither identifies any opinions summarized in its disclosures, nor remedies the disclosures with underlying facts. Instead, Plaintiff's Opposition confirms that the disclosures insufficiently identifiy only the "subject" area about which each Messrs. Armstrong and Longson will testify, not the "opinions" they will testify to. *See* Dkt. 119 at 9:24-10:2. This fails to satisfy FRCP 26(a)(2)(C)(ii).

By way of example, Plaintiff asserts that "RoadRunner disclosed Mr. Longson's opinions as including 'the Compology electronic design, mechanical design, firmware design, and research and

development of Compology's R-series of products, including the nature and identity of Compology's trade secrets embodied in the aforementioned items,'" Dkt. 119 at 10:3-6. But these are ***subject matter areas, not a summary of opinions***. *See Pineda v. City & County of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (excluding unretained experts because the "disclosure fails to include any facts on which [they] will rely, nor does it state the opinions to which they are expected to testify"). Though this disclosure is required by the first subsection of Rule 26(a)(2)(C), Plaintiff fails to satisfy the second subsection of the Rule. Plaintiff's disclosures for Mr. Longson amount to an identification four subject matter areas, but no summary of facts or opinions: (1) electronic design, (2) mechanical design, (3) firmware design, and (4) research and development.

      Plaintiff's disclosure of Mr. Armstrong's alleged opinions fares no better. Plaintiff's Opposition asserts that "RoadRunner disclosed … Mr. Armstrong's opinions as including "Compology software, machine learning, artificial intelligence system, algorithms and processes, and research and development of Compology's software and artificial intelligence architecture, including the nature and identity of Compology's trade secrets embodied in the aforementioned items." Dkt. 119 at 10:3-10. Again, these are ***subject matter areas, not a summary of opinions***. Plaintiff's "disclosures" for Mr. Armstrong and Mr. Longson fail to provide any "summary of the facts and opinions" as required. Fed. R. Civ. P. 26(a)(2)(C)(ii).

      Caselaw directly supports Defendants' argument. Plaintiff acknowledges that courts have found disclosures insufficient where "parties merely disclosed broad descriptions of anticipated opinions as 'causation, prognosis, [and] diagnosis.'" Dkt. 119 at 10:11-13 (citing *Pineda v. City and Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012)). But this is exactly the level of detail Plaintiff's disclosures provide for Messrs. Armstrong and Longson. Further, in *Green,* the disclosures stated that the experts would testify as to the "causation, extent of damages, therapy, and the necessity to have further medical treatment," which provide a better identification of anticipated opinions than Plaintiff's disclosures, but were still excluded. *Green v. Qatar Airways Co.,* No. 2:19-cv-07950-SVW-MAA, 2020 U.S. Dist. LEXIS 254977, at *5 (C.D. Cal. Nov. 13, 2020). Even

lengthy disclosures have been found insufficient when they have been mere identifications of subject matter areas, like here. *Alfaro v. D. Las Vegas, Inc.,* No. 2:15-cv-02190-MMD-PAL, 2016 U.S. Dist. LEXIS 113949, at *40 and 41 (D. Nev. Aug. 24, 2016) (excluding opinions because they "include broad subject matter areas," rather than the required "summary of the facts and opinions," and "are so generic, unhelpful, and boilerplate they could apply to any virtually any case.").

As to Plaintiff's catchall disclosure of "nature and identity of Compology's trade secrets" for both Messrs. Longson and Armstrong, this is no more a disclosure of opinions than the subject matter areas identified. Indeed, the "nature and identity of Compology's trade secrets" is merely a restatement of the preceding subject matter areas, which, as explained above, are insufficient. It says nothing of what trade secrets are or why they are entitled to trade secret protection. And, both Messrs. Longson and Armstrong **have testified in this case that they cannot explain the nature or identity of the trade secrets**. Ex. 5 (Armstrong Tr.) at 84:16-85:23; Ex. 3 (Longson Tr.) at 89:16-91:10. Ultimately, Plaintiff's disclosure is similar to the disclosure in *Castenada,* where the court precluded testimony by experts whose disclosures identified the "nature and extent" of injuries. *Castaneda v. City of Bakersfield,* No. 1:23-cv-00068-KES-CDB, 2024 U.S. Dist. LEXIS 85269, at *3 (E.D. Cal. May 10, 2024). Both types of disclosures provide no summary or explanation of opinions or relevant facts, and thus violate Rule 26(a)(2)(C) for the same reason.

### III.  ARMSTRONG AND LONGSON SHOULD BE EXCLUDED UNDER *DAUBERT*

Mr. Armstrong and Mr. Longson cannot provide reliable testimony. Plaintiff relies heavily on the distinguishable *Masimo v. Apple* case in an attempt to rebut this point, but is incorrect in asserting that Defendants' argument "pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), is nearly identical to the argument in *Masimo Corp. v. Apple Inc.*" Dkt. 119 at 8. Indeed, *Masimo* states the opposite and expressly clarifies that its rulings "resolve the present Rule 26 dispute only and **do not purport to consider admissibility under other standards such as Rule 702 and Daubert.**" *Masimo Corp. v. Apple, Inc.,* No. SACV2000048JVSJDEX, 2022 WL 18285029 (C.D. Cal. Nov. 22, 2022) at n. 1 (emphasis added). *Masimo* queried whether the witnesses had been required to serve expert reports. *Id.* at *5-6. This is a different inquiry than

whether witnesses can provide reliable opinion testimony, which depends on whether the witnesses have "sufficient factual grounds on which to draw conclusions." *See Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1026 (9th Cir. 2022).

Ultimately, *Masimo* found the expert at issue Kiani was "not subject to the written-report requirement of Rule 26(a)(2)(B) because he limits his observations to that of a percipient expert, i.e., his testimony is restricted to expert opinions that arise from the normal course of [his] work duties." *Masimo Corp.*, 2022 WL 18285029 *5-6 (internal quotation and citation omitted). However, in reasoning that Kiani's testimony would be reliable based on percipient knowledge, *Masimo* first makes clear that Kiani's disclosure identified and summarized *with particularity* his opinions regarding the trade secrets[1], and then, because he was the "founder, Chairman, and CEO of Ma[s]imo," he had percipient knowledge of the trade secrets: *Id.* at *4-5 ("Kiani has decades of percipient experience that inform his understanding of Plaintiffs' technological developments and that ***keeping certain aspects of them secret provides value to Plaintiffs***.") (emphasis added). Here, by contrast, Armstrong and Longson have testified that they do not have percipient (or any) knowledge of the trade secrets. Ex. 5 (Armstrong Tr.) at 77:7-22; Ex. 3 (Longson Tr.) at 89:16-91:10; 106:16-107:3 (same); Dkt. 119 at 8.

### IV. PLAINTIFF'S OBFUSCATION AND DESIGNATION OF ARMSTRONG AND LONGSON AS "EXPERTS" WILL PREJUDICE DEFENDANTS

Plaintiff has not demonstrated that its failure to disclose was justified or harmless. "The disclosure requirements in Rule 26(a) are enforced by applying the sanction provision in Rule 37(c)(1) [under which]… the party is not allowed to use that information or witness to supply

---

[1] With respect to disclosure, the *Masimo* Court exemplifies the level of detail Plaintiff's disclosure should have included for Messrs. Longson and Armstrong to comply with Rule 26(a)(2)(C). Specifically, the *Masimo* Court was able to identify with particularity Kiani's opinions, which is in stark contrast to the broad subject matter statements Plaintiff provided here: "Kiani's disclosure discusses Masimo's development of techniques to noninvasively measure physiological parameters from optical signals. Kiani opines that another company recreating Masimo's trade secrets would not be feasible given the years of extensive research, experimentation, testing, and hundreds of millions of dollars expended. Relatedly, Kiani opines that Masimo's trade secrets, including its [TEXT REDACTED BY THE COURT]." *Id.*

1   evidence on a motion, at a hearing, or at a trial, [and whose] … ***exclusion provision is generally***
2   ***self-executing and automatic***." *Gryglak v. HSBC Bank USA, N.A*., 2023 U.S. App. LEXIS 10946,
3   *4 (9th Cir. May 4, 2023) (emphasis added). The only exception to the self-executing exclusion is if
4   the party seeking to introduce the undisclosed evidence demonstrates that the failure was justified or
5   harmless. *Id.* Plaintiff has done neither. Dkt. 119 at 11:10-12.

6       "There are several factors [courts] consider in determining whether a discovery violation is
7   harmless, including: (1) prejudice or surprise to the party against whom the evidence is offered; (2)
8   the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad
9   faith or willfulness involved in not timely disclosing the evidence." *Gryglak* 2023 U.S. App. LEXIS
10  10946, at *5. As to the first factor (prejudice or surprise), both demonstrate Plaintiff's failures were
11  not harmless. Here, Mr. Armstrong and Mr. Longson have already been deposed in this case and
12  both were designated to testify on the topic of the "nature and identity" of the alleged trade secrets,
13  but neither could (or would). Dkt. 103 at 10:11-18 (citing Longson Tr. 106:7-107:3, 92:9-96:8;
14  Armstrong Tr.at 112:16-21, 74:23-25). Plaintiff's Opposition acknowledges that "courts consider
15  whether the alleged deficiency has impaired the party's ability to conduct effective discovery and
16  what information the party has in their position related to the opinions the expert will offer." Dkt.
17  119 at 11:2-4 (quotations omitted). The prejudice on this issue is significant because the "nature and
18  identity" of the trade secrets is understandably one of the most important issues in a trade secrets
19  misappropriation case. Precisely what Plaintiff will assert are the trade secrets is vital to
20  determining whether they merit protection and whether they have been misappropriated. To the
21  extent their opinions differ from Plaintiff's retained technical expert, allowing Mr. Armstrong and
22  Mr. Longson to hide these opinions until trial would constitute trial-by-ambush and would be
23  extremely prejudicial to Defendants.

24      The second and fourth factors also demonstrate that Plaintiff's failures were not harmless.
25  For example, Mr. Armstrong and Mr. Longson have already testified that they lack knowledge
26  regarding the subject matters (*e.g.,* "nature and identity" of trade secrets) for which they will offer
27  testimony at trial. Dkt. 103 at 10:25-11:23; *see also id.* at 10:11-23. And, the continued pattern of
28

obfuscation by Plaintiff demonstrates willfulness in the failing to summarize Mr. Armstrong's and Mr. Longson's opinions about the "nature and identity" of the trade secrets. Dkt. 103 at 9:13-10:10. Plaintiff's continued attempts to hide-the-ball when it comes to identifying the alleged trade secrets at issue in this case has, and continues, to prejudice Defendants.

Further, unfair prejudice will result if Mr. Armstrong and Mr. Longson are permitted to present opinions that are duplicative of other evidence at trial. In particular, Plaintiff's retained technical expert, Mr. Hoarty has already attempted to address the nature and identity of the alleged trade secrets in this case. If Mr. Armstrong and Mr. Longson provide the same testimony as Mr. Hoarty, the jury will lend undue weight to his testimony. "[U]nnecessarily similar and cumulative expert testimony may create the risk that a jury will resolve differences in expert opinion by 'counting heads' instead of by giving fair consideration to the quality and credibility of each expert's opinions and thus weighs in favor of exclusion of cumulative evidence under Rule 403." *Cantu v. United States*, 2015 U.S. Dist. LEXIS 191395, *26 (C.D. Cal. Apr. 6, 2015). This will be amplified when the duplicative testimony comes from three separate individuals identified as "experts." *United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1272 (9th Cir. 2024) (the 9th Circuit "has recognized that the distinction between lay and expert testimony and the proper application of the Federal Rules of Evidence are vital to ensuring a fair trial because expert testimony has a 'powerful nature' with 'potential to mislead the jury.'"); *Id.* (quoting *United States v. Gadson*, 763 F.3d 1189, 1212 (9th Cir. 2014)) ( "[W]itnesses who testify as an expert may receive 'unmerited credibility' for their lay testimony, because expert testimony is 'likely to carry special weight with the jury'").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to preclude Plaintiff from presenting expert testimony from Mr. Armstrong or Mr. Longson.

| | |
|---|---|
| Dated: October 1, 2024 | */s/ Matthew S. Galica*<br>Arameh Zargham O'Boyle (SBN: 239495)<br>azoboyle@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Telephone:  310-586-3200<br>Facsimile:  310-586-3202<br><br>James M. Wodarski *(Admitted Pro Hac Vice)*<br>JWodarski@mintz.com<br>Michael C. Newman *(Admitted Pro Hac Vice)*<br>mcnewman@mintz.com<br>Matthew S. Galica *(Admitted Pro Hac Vice)*<br>MSGalica@mintz.com<br>James J. Thomson *(Admitted Pro Hac Vice)*<br>JJThomson@mintz.com<br>Sean M. Casey *(Admitted Pro Hac Vice)*<br>smcasey@mintz.com<br>Tianyi Tan *(Admitted Pro Hac Vice)*<br>TTan@mintz.com<br>Stephen Chen *(Admitted Pro Hac Vice)*<br>SChen@mintz.com<br>Amy LoBue *(Admitted Pro Hac Vice)*<br>ALoBue@mintz.com<br>One Financial Center<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>One Financial Center<br>Boston, MA 02111<br>Telephone:     (617) 542-6000<br>Facsimile:      (617) 542-2241<br><br>Attorneys for Defendants<br>**RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.** |