JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone: (949) 623-7200
Facsimile: (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

JMBM Jeffer Mangels Butler & Mitchell LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC.,<br><br>Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**PLAINTIFF ROADRUNNER RECYCLING, INC.'S RESPONSE TO DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 123)**<br><br>Complaint Filed: August 4, 2023<br>Trial Date: December 9, 2024 |

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this response to Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants") motion to consider whether another party's material should be sealed (Dkt. No. 123) in connection with Defendants' opposition to RoadRunner's omnibus administrative motion to file under seal (the "Opposition"). As described in detail below, RoadRunner seeks to redact certain portions of the transcripts filed under seal by Defendants.

## I. <u>Legal Standard</u>

The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets and other business information that may harm the party's competitive standing. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S. 986 (2012)); *see also* 18 U.S.C. § 1835(a) (noting "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). Requests to seal information filed on the Court's public docket must be narrowly tailored to account for the public's right of access to the Court's files and otherwise comply with the rules set forth in Civil Local Rule 79-5. *See* Civil L.R. 79-5.

"Trade secrets['] . . . only value consists in their being kept private.' . . . 'Once the data that constitute a trade secret are disclosed to others, . . . the holder of the trade secret has lost his property interest in the data.'" *DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003). For that reason, public disclosure of trade secrets constitutes irreparable injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023) (granting motion to seal trade secrets identification because disclosing plaintiffs' trade secrets would cause them "irreparable injury").



JMBM Jeffer Mangels Butler & Mitchell LLP

## II. The Court Should Seal Portions of Timothy (Jay) Longson and W. Leo Hoarty's Deposition Transcripts

RoadRunner's proposed redactions are to passages that identify and describe its trade secrets. For each of the following passages, RoadRunner identifies (a) the interest to be protected; (b) the injury that would result if the proposed redacted language is not redacted; and (c) why a still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the result. RoadRunner has endeavored to identify specific interests to be protected, specify the injury that would result if the proposed redacted language is not redacted, and has omitted from its proposed redactions portions of passages in an effort to ensure that only the narrowest portions of the testimony is protected from disclosure.

### A. Deposition of Timothy (Jay) Longson

An unredacted version of excerpts from Mr. Longson's deposition transcript was attached to Defendants' Motion (Dkt. No. 123) as provisionally-sealed Exhibit 15. A redacted version of the excerpts is attached hereto as Exhibit A. The grounds for RoadRunner's proposed redactions are as follows:

| Page:Line(s) | Reason for Sealing |
| --- | --- |
| 145:20–146:10; 146:17–147:4; 147:24; 148:3, 5–6, 8, 11–12; 148:20–149:5; 149:11–13, 16, 19, 22, 25; 150:1, 3–4, 6–7, 10; 152:23–25 | (a) In these passages, Mr. Longson describes the features and functions of Compology's image preprocessing techniques and identifies specific components used to achieve these techniques. Defendants incorrectly characterize these passages as a list of "common image preprocessing techniques." *See* Dkt. No. 121 at 15. To the contrary, these passages describe how RoadRunner executes its image preprocessing techniques. Further, Defendants omit Mr. Longson's testimony that "we do string [the image preprocessing techniques] together in a way that is unique." *Id.* at 27; Longson Tr. 150:11–12. The features and function of Compology's image preprocessing techniques and related know-how, which took Compology years to develop, are protected from disclosure as RoadRunner's trade |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | secrets. *See, e.g.*, 18 U.S.C. § 1835(a); *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret). (b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose trade secret protection of the process by which it executes its image preprocessing techniques, the specific components used to achieve those techniques, and related know-how. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. Image preprocessing optimizes images for digestion by a machine learning ("ML") model. RoadRunner's ability to generate images optimized for its ML models is a contributing factor to the overall success of its products in the marketplace. Disclosure of this information would give RoadRunner's competitors an edge as they could develop the same image preprocessing techniques in a fraction of the time at a fraction of the cost that it took for Compology to develop these techniques, thereby causing RoadRunner to suffer diminution of its competitive standing. (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in these passages. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 147:11–12, 18; 148:16 | (a) In these passages, Mr. Longson describes the types of images used in Compology's image preprocessing techniques. Defendants incorrectly characterize these passages as a list of "common image preprocessing techniques." *See* Dkt. No. 121 at 15. To the contrary, these passages describe specific components that make the image preprocessing techniques work. This information is protected from disclosure because it is a trade secret. *See, e.g.*, 18 U.S.C. § 1835(a). |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | (b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose trade secret protection of an important feature of its image preprocessing techniques. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. RoadRunner's use of specific image types contributes to the success of its image preprocessing techniques and thereby (as described above), the overall success of RoadRunner's products in the marketplace. Disclosure of this information would give RoadRunner's competitors an edge as they could improve their competing products in a fraction of the time at a fraction of the cost that it took for Compology to refine its image preprocessing techniques, which would cause RoadRunner to suffer diminution of its competitive standing.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in these passages. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 151:19–23;<br>152:4–6 | (a) In these passages, Mr. Longson describes how Compology used training data for ingestion by Compology's ML models. The specific tasks used to train Compology's ML models as described in these passages have not been disclosed to the public and warrant sealing because they are RoadRunner's trade secrets. *See, e.g.*, 18 U.S.C. § 1835(a).<br>(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose trade secret protection of the process by which it trains RoadRunner's ML models. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. Compology's use of its training data is directly correlated to the success of Compology's ML models. Disclosure of this information would give RoadRunner's competitors an edge as competitors would learn to train their ML models successfully without investing the time or expense that |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | Compology invested in trying out training techniques, thereby causing RoadRunner to suffer diminution of its competitive standing.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only portions describing specific tasks used to train RoadRunner's ML models. No narrower redaction is possible without disclosing RoadRunner's trade secrets. *See supra*, (b). |

**B. <u>Deposition of W. Leo Hoarty</u>**

An unredacted version of excerpts from Mr. Hoarty's deposition transcript was filed as provisionally-sealed Exhibit 8 to Defendants' Motion (Dkt. No. 123). A redacted version of the excerpts is attached hereto as Exhibit B. The grounds for RoadRunner's proposed redactions are as follows:

| Page:Line(s) | Reason for Sealing |
|---|---|
| 109:10;<br>110:2, 20, 24–25;<br>111:3, 5–7 | (a) In these passages, Mr. Hoarty describes the material RoadRunner uses for part of its camera assembly. Contrary to Defendants' argument on page 11 of its Opposition (Dkt. No. 121)—which wrongly conflates Mr. Hoarty's description of camera lenses in general (*see* Hoarty Tr. 111:3–6), with Mr. Hoarty's description of RoadRunner's camera assembly material, which Mr. Hoarty described as "not common," especially "[f]or embedded devices like [RoadRunner's camera apparatus]," (see id. at 111:7–10)—the material RoadRunner uses as part of its camera assembly is a trade secret.<br>(b) RoadRunner will suffer irreparable injury if the Court does not accept RoadRunner's proposed redactions because RoadRunner will lose trade secret protection of its camera assembly material. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. Disclosure of RoadRunner's camera assembly material will further cause RoadRunner to suffer a competitive disadvantage, which entitles RoadRunner to file this information under seal. *See Nixon*, 435 |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | US at 597–98. The material used for RoadRunner's camera assembly directly affects the quality of the images captured by RoadRunner's devices. RoadRunner's ability to capture quality images is a contributing factor to the success of RoadRunner's machine learning models and therefore the overall success of its products. As Mr. Hoarty confirms, the material of RoadRunner's camera assembly was one of the "valuable insights" Defendants learned when they disassembled RoadRunner's R12 camera system because knowledge of the camera assembly material "allow[ed] [Defendants] to build their product in far less time and [with] far less research." Hoarty Tr. at 109:11–14.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the few words in each passage that reveal the material of RoadRunner's camera lens. No narrower redaction is possible without disclosing RoadRunner's trade secrets. *See supra*, (b). |
| 112:19, 22 | (a) In this passage, Mr. Hoarty identifies the manufacturer and pixel size of RoadRunner's image sensor. While the manufacturer is prominent in the image sensor market, the specific pixel size and use of this manufacturer's sensor *in RoadRunner's camera system* is a trade secret. *See* Cal. Civ. Code § 3246.1(d) (including device or compilation); 1 Milgrim on Trade Secrets § 1.01 (2020) ("A secret combination of known elements is eligible for trade secret protection."); Restatement (Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements."). The two words that RoadRunner proposes redacting in this passage therefore warrant sealing. *See, e.g.*, 18 U.S.C. § 1835(a).<br>(b) If the Court does not seal this information, RoadRunner will lose its |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | property rights in the identity and size of its image sensor, which constitutes irreparable injury. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. As described above, the quality of RoadRunner's image capture contributes to the success of its products overall. Disclosing the image sensor it uses therefore could give RoadRunner's competitors who suffer from lesser image quality an advantage that Compology only gained after devoting considerable time and expense in R&D. If RoadRunner's competitors gain knowledge of this information, RoadRunner's competitive standing will therefore suffer.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the two words that identify the manufacturer and pixel size of RoadRunner's image sensor. No narrower redaction is possible without disclosing RoadRunner's trade secrets. *See supra*, (b). |
| 161:3–8 | (a) In this passage, Mr. Hoarty describes the specific choices Compology made in choosing its lens configuration. As Mr. Hoarty describes, these choices were made after much research and these choices, along with other parts, are the elements leading to Compology's "successful optical system." Hoarty Tr. 161:8–11. The choices Compology made and why Compology made these choices are protected know-how related to Compology's optical system. *See* Cal. Civ. Code § 3246.1(d); *Self Directed Placement Corp.*, 908 F.2d at 467. The Court should seal the proposed language because it is know-how protected from disclosure as RoadRunner's trade secret.<br>(b) If the Court does not seal this information, RoadRunner will lose its trade secret protection of this important know-how, which took Compology years and considerable expense to develop. *See* 18 U.S.C. § 1835(a); *Self Directed Placement Corp.*, 908 F.2d at 467. If disclosed publicly, RoadRunner's competitors could use this know-how to increase their competitive standing, thereby decreasing RoadRunner's competitive standing in the marketplace. |

| | |
|---|---|
| 161:14–15 | (a) In this passage, Defendants' counsel identifies the exact field of view parameters of RoadRunner's camera. These dimensions are RoadRunner's trade secrets that warrant sealing. *See, e.g.*, 18 U.S.C. § 1835(a). Defendants in their Opposition seek to adjudicate whether these dimensions are trade secrets. *See* Dkt. No. 121 at 10. A motion to seal is not the proper place to decide issues on the merits. This information has not been publicly disclosed (and Defendants do not argue otherwise) and qualifies as RoadRunner's trade secrets.<br>(b) RoadRunner will suffer irreparable injury if the Court does not accept its proposed redactions because it will lose protection of the information. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. Further, the exact dimensions of the field-of-view of RoadRunner's camera allow RoadRunner to accurately capture images, which, as described above, directly affect the success of its products. Publicly disclosing this information would therefore give RoadRunner's competitors an advantage in that competing companies could develop a successful camera apparatus without enduring the cost and time that Compology invested in creating its camera systems.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in these passages. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 162:17–163:6; 163:21–25 | (a) In these passages, Mr. Hoarty describes how Compology's ML model assigns fullness levels to images. The description of how this AI works is a protected trade secret that has not been disclosed to the public and therefore warrants sealing. *See* 18 U.S.C. § 1835(a).<br>(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose trade secret protection of the ML |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | process it developed to detect bin fullness. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. Bin fullness is a key feature of RoadRunner's product offering and disclosing RoadRunner's method for executing bin fullness detection would allow RoadRunner's competitors to copy RoadRunner's model. This would harm RoadRunner's competitive standing.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in these passages. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in these passages. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

For the foregoing reasons, RoadRunner respectfully requests that the Court accept its proposed redactions of the deposition transcripts of Messrs. Longson and Hoarty and direct the Clerk to keep the unredacted versions of these transcripts under seal.

DATED: October 2, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND

By: */s/ Lena Streisand*
LENA STREISAND
Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.



JMBM Jeffer Mangels Butler & Mitchell LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Itzi Munoz*

Itzi Munoz
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
imunoz@jmbm.com

JMBM Jeffer Mangels Butler & Mitchell LLP