# EXHIBIT 8

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:    (949) 623-7200
Facsimile:    (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
|---|---|
| Plaintiff, | **PLAINTIFF ROADRUNNER RECYCLING, INC.'S RESPONSE TO FOURTH SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT RECYCLE TRACK SYSTEMS, INC.** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | Complaint Filed:   August 4, 2023<br>Trial Date:        December 9, 2024 |

PROPOUNDING PARTY:     Defendant RECYCLE TRACK SYSTEMS, INC.

RESPONDING PARTY:      Plaintiff ROADRUNNER RECYCLING, INC.

SET NO.:               Four

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff ROADRUNNER RECYCLING, INC. ("Responding Party") hereby submits these objections and responses to the Fourth Set of Interrogatories propounded by Defendant RECYCLE TRACK SYSTEMS, INC.

1 ("Propounding Party").

**PRELIMINARY STATEMENT**

Responding Party has not completed its investigation of the facts relating to this case, its discovery or its preparation for trial. All responses and objections contained herein are based only upon information that is presently available to and specifically known by Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein.

These responses, while based on diligent inquiry and investigation by Responding Party, reflect only the current state of Responding Party's knowledge, understanding, and belief, based upon the information reasonably available to it at this time. As this action proceeds, and further investigation and discovery are conducted, additional or different facts and information could be revealed to Responding Party. Moreover, Responding Party anticipates that Propounding Party may make legal or factual contentions presently unknown to and unforeseen by Responding Party which may require Responding Party to adduce further facts in rebuttal to such contentions. Consequently, Responding Party may not yet have knowledge and may not fully understand the significance of information potentially pertinent to these responses. Accordingly, these responses are provided without prejudice to Responding Party's right to rely upon and use any information that it subsequently discovers, or that was omitted from these responses as a result of mistake, inadvertence, surprise, or excusable neglect. Without in any way obligating itself to do so, Responding Party reserves the right to modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, in light of the information that Responding Party may subsequently obtain or discover.

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's interrogatories.

Each of the following responses is made solely for the purpose of this action. Each response

1  is subject to all objections as to relevance, materiality, and admissibility, and to any and all
2  objections on any ground that would require exclusion of any response if it were introduced in
3  court.  All objections and grounds are expressly reserved and may be interposed at the time of trial,
4  hearing, or otherwise.  Furthermore, each of the objections contained herein is incorporated by
5  reference as though fully set forth in each response.
6       The following objections and responses are made without prejudice to Responding Party's
7  right to produce at trial, or otherwise, evidence regarding any subsequently discovered information.
8  Responding Party accordingly reserves the right to modify and amend any and all responses herein
9  as research is completed and contentions are made.
10       Nothing contained herein is to be construed as a waiver of any attorney-client privilege,
11 work product doctrine, or any other applicable privilege or doctrine.  To the extent any
12 interrogatory may be construed as calling for disclosure of information protected from discovery by
13 the attorney-client privilege, the work product doctrine, or any other privilege or protection, a
14 continuing objection to each and every such interrogatory is hereby interposed.

## **RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 21:**

For each RoadRunner device You contend includes, encapsulates, or otherwise embodies Trade Secrets, on a Trade-Secret by Trade-Secret basis, identify all of the hardware, software, and/or firmware components (e.g., hardware circuitry, chipsets, and/or components, printed circuit board ("PCB") traces, configurations, routings, and/or placements, firmware files and lines of code, and software files and lines of code) that You contend encapsulate, embody, describe, or otherwise define the scope of each Trade Secret identified in Your submission pursuant to California Code of Civil Procedure § 2019.210.

**RESPONSE TO INTERROGATORY NO. 21:**

Responding Party objects to this interrogatory on the ground that it is compound and contains impermissible subparts that constitute an impermissible effort to circumvent the 25 interrogatory limit set by Rule 33 of the Federal Rules of Civil Procedure.  Responding Party further objects to this interrogatory to the extent that it seeks premature disclosure of an expert opinion.  Responding

Party further objects to this interrogatory on the ground that it is overbroad and unduly burdensome in that it seeks "all of the hardware, software, and/or firmware components" of each of Responding Party's trade secrets.  Responding Party further objects to this interrogatory on the ground that it is vague and ambiguous as to the meaning of "that You contend encapsulate, embody, describe, or otherwise define the scope of each Trade Secret identified in Your submission pursuant to California Code of Civil Procedure § 2019.210."

**INTERROGATORY NO. 22:**

Describe in detail how You contend RTS accessed and misappropriated the components identified in Your response to Interrogatory No. 21, which You contend define the scope of each Trade Secret identified in Your submission pursuant to California Code of Civil Procedure § 2019.210.

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Party objects to this interrogatory on the ground that it is compound and contains impermissible subparts that constitute an impermissible effort to circumvent the 25 interrogatory limit set by Rule 33 of the Federal Rules of Civil Procedure.  Responding Party further objects to this interrogatory on the ground that it is vague and ambiguous as to the meaning of "which You contend define the scope of each Trade Secret identified in Your submission pursuant to California Code of Civil Procedure § 2019.210."  Responding Party further objects to this interrogatory on the ground that it is intended to solicit a legal opinion as to misappropriation.  Responding Party further objects to this interrogatory on the ground that it is duplicative of at least Defendants' Interrogatory No. 5.

**INTERROGATORY NO. 23:**

Describe in detail the steps You contend RoadRunner has taken to protect the confidentiality and secrecy of the components identified in Your response to Interrogatory No. 21, which You contend define the scope of each Trade Secret identified in Your submission pursuant to California Code of Civil Procedure § 2019.210.

/ / /

/ / /

**RESPONSE TO INTERROGATORY NO. 23:**

Responding Party objects to this interrogatory on the ground that it is compound and contains impermissible subparts that constitute an impermissible effort to circumvent the 25 interrogatory limit set by Rule 33 of the Federal Rules of Civil Procedure. Responding Party further objects to this interrogatory on the ground that it is vague and ambiguous as to the meaning of "which You contend define the scope of each Trade Secret identified in Your submission pursuant to California Code of Civil Procedure § 2019.210." Responding Party further objects to this interrogatory on the ground that it is duplicative of at least Defendants' Interrogatory Nos. 6 and 7.

**INTERROGATORY NO. 24:**

For each RoadRunner device You contend includes, encapsulates, or otherwise embodies Trade Secrets, describe in detail the independent economic value derived from or contributed by each of the components identified in Your response to Interrogatory No. 21, which you contend define the scope of each Trade Secret identified in Your submission pursuant to California Code of Civil Procedure § 2019.210.

**RESPONSE TO INTERROGATORY NO. 24:**

Responding Party objects to this interrogatory on the ground that it is compound and contains impermissible subparts that constitute an impermissible effort to circumvent the 25 interrogatory limit set by Rule 33 of the Federal Rules of Civil Procedure. Responding Party further objects to this interrogatory to the extent that it seeks premature disclosure of an expert opinion. Responding Party further objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney work product doctrine and/or any other applicable privilege or immunity. Responding Party further objects to this interrogatory on the ground that it is vague and ambiguous as to the meaning of "which You contend define the scope of each Trade Secret identified in Your submission pursuant to California Code of Civil Procedure § 2019.210." Responding Party further objects to this interrogatory on the ground that it is intended to solicit a legal opinion as to independent economic value. Responding Party further objects to this interrogatory on the ground that it is duplicative of at least Defendants' Interrogatory Nos. 2 and 3.

1 **INTERROGATORY NO. 25:**

2 Identify all the hardware, software, and/or firmware components in RTS' devices (e.g.,
3 hardware circuitry, chipsets, and/or components, PCB traces, configurations, routings, and/or
4 placements, firmware files and lines of code, and software files and lines of code) that You contend
5 encapsulate, incorporate, or include RoadRunner's Trade Secrets identified in Your submission
6 pursuant to California Code of Civil Procedure § 2019.210.

7 **RESPONSE TO INTERROGATORY NO. 25:**

8 Responding Party objects to this interrogatory on the ground that it is compound and contains
9 impermissible subparts that constitute an impermissible effort to circumvent the 25 interrogatory
10 limit set by Rule 33 of the Federal Rules of Civil Procedure. Responding Party further objects to
11 this interrogatory to the extent that it seeks premature disclosure of an expert opinion. Responding
12 Party further objects to this interrogatory to the extent that it seeks information protected from
13 disclosure by the attorney work product doctrine and/or any other applicable privilege or immunity.
14 Responding Party further objects to this interrogatory on the ground that it is vague and ambiguous
15 as to the meaning of "that You contend encapsulate, embody, describe, or otherwise define the scope
16 of each Trade Secret identified in Your submission pursuant to California Code of Civil Procedure §
17 2019.210." Responding Party further objects to this interrogatory on the ground that it is overbroad
18 and unduly burdensome in that it seeks identification of "all of the hardware, software, and/or
19 firmware components in RTS' devices."

20 DATED: August 26, 2024            JEFFER MANGELS BUTLER & MITCHELL LLP
                                    STANLEY M. GIBSON
21                                  JAMES NEUDECKER
                                    JOSEPH J. MELLEMA
22                                  LENA STREISAND

23

24
                                    By: _____
25                                          JOSEPH J. MELLEMA
                                        Attorneys for Plaintiff ROADRUNNER
26                                      RECYCLING, INC.

27

28

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 3 Park Plaza, Suite 1100, Irvine, CA 92614-2592.

On August 26, 2024, I served true copies of the following document(s) described as **PLAINTIFF ROADRUNNER RECYCLING, INC.'S RESPONSE TO FOURTH SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT RECYCLE TRACK SYSTEMS, INC.** as follows:

| | |
|---|---|
| Arameh Zargham O'Boyle<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>310-226-7846<br>Fax: 310-586-3202<br>Email: azoboyle@mintz.com | Attorneys for Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc. |

Amy LoBue
James J. Thomson
Matthew S. Galica
Michael C. Newman
Sean Michael Casey
Stephen Huxton Chen
Tianyi Tan
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Emails: alobue@mintz.com
jjthomson@mintz.com
JWodarski@mintz.com
msgalica@mintz.com
mcnewman@mintz.com
SMCasey@mintz.com
schen@mintz.com
TTan@mintz.com
CC: rts-mintz@mintz.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address CLopez@jmbm.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on August 26, 2024, at Irvine, California.

*/s/ Christina Lopez*
Christina Lopez

Case No. 3:23-cv-04804-WHA

PLAINTIFF ROADRUNNER RECYCLING, INC.'S RESPONSE TO DEFENDANT RECYCLE TRACK SYSTEMS, INC.'S FOURTH SET OF INTERROGATORIES