Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:     (310) 586-3200
Facsimile:     (310) 586-3202

James M. Wodarski (Admitted *Pro Hac Vice*)
JWodarski@mintz.com
Michael C. Newman (Admitted *Pro Hac Vice*)
MCNewman@mintz.com
Matthew S. Galica (Admitted *Pro Hac Vice*)
MSGalica@mintz.com
James J. Thomson (Admitted *Pro Hac Vice*)
JJThomson@mintz.com
Sean M. Casey (Admitted *Pro Hac Vice*)
SMCasey@mintz.com
Tianyi Tan (Admitted *Pro Hac Vice*)
TTan@mintz.com
Stephen Chen (Admitted *Pro Hac Vice*)
SChen@mintz.com
Amy LoBue (Admitted *Pro Hac Vice*)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S AMENDED ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., | |
| Defendants. | Case Assigned to Honorable William H. Alsup Courtroom 12 |
| | Complaint Filed:     August 4, 2023 |
| | Trial Date:     December 9, 2024 |

## I.      INTRODUCTION

Pursuant to Civil Local Rule 79-5(f), Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions Inc. ("Defendants") hereby respectfully submit this Amended Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery and the accompanying Declaration of Matthew S. Galica ("Galica Decl.") in support of the same.[1] Specifically, Defendants seek to file under seal the information and/or document(s) listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Unredacted version of Defendants' Memorandum in Support of their Motion to Exclude Expert Testimony by Forest A. Vickery | Entirety, pending Plaintiff's statement pursuant to Civil Local Rule 79-5(c) and the Court's Order thereon | Plaintiff Roadrunner Recycling, Inc. |
| **Exhibit 1** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.*, the Opening Expert Report of Plaintiff's damages expert, Forrest A. Vickery, served on August 30, 2024 | Entirety, pending Plaintiff's statement pursuant to Civil Local Rule 79-5(c) and the Court's Order thereon | Plaintiff Roadrunner Recycling, Inc. |
| **Exhibit 2** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.*, the September 20, 2024 Expert Witness Disclosure of Forest A. Vickery. | Entirety, pending Plaintiff's statement pursuant to Civil Local Rule 79-5(c) and the Court's Order thereon | Plaintiff Roadrunner Recycling, Inc. |
| **Exhibit 3** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.*, the October 2, 2024 deposition transcript of Forest A. Vickery | Entirety, pending Plaintiff's statement pursuant to Civil Local Rule 79-5(c) and the Court's Order thereon | Plaintiff Roadrunner Recycling, Inc. |

---

[1] On October 10, 2024, Defendants filed their original Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 131). The present Amended Motion solely removes Exhibit 7 to the Galica Decl. from the scope of this Amended Motion.

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| **Exhibit 4** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.*, October 4, 2024 Expert Witness Disclosure of Forest A. Vickery. | Entirety, pending Plaintiff's statement pursuant to Civil Local Rule 79-5(c) and the Court's Order thereon | Plaintiff Roadrunner Recycling, Inc. |
| **Exhibit 6** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, i.e., excerpts of the August 23, 2024 deposition transcript of Steven Krebs. | Entirety, pending Plaintiff's statement pursuant to Civil Local Rule 79-5(c) and the Court's Order thereon | Plaintiff Roadrunner Recycling, Inc. |
| **Exhibit 8** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.*, excerpts of the October 7, 2024 deposition transcript of W. Leo Hoarty. | Entirety, pending Plaintiff's statement pursuant to Civil Local Rule 79-5(c) and the Court's Order thereon | Plaintiff Roadrunner Recycling, Inc. |
| **Exhibit 9** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.*, excerpts of the August 15, 2024 deposition transcript of Timothy Jay Longson. | Entirety, pending Plaintiff's statement pursuant to Civil Local Rule 79-5(c) and the Court's Order thereon | Plaintiff Roadrunner Recycling, Inc. |

## II.   LEGAL STANDARD

Materials and documents may be provisionally filed under seal pursuant to Civil Local Rule 79–5(f) when the document, or portions thereof, "has been designated as confidential by another party or non-party." *See* Civil L.R. 79–5(f).

## III.   PLAINTIFF'S CONFIDENTIALITY DESIGNATION

The provisionally redacted portions of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery and one or more of the exhibits to the accompanying Galica Decl., which Plaintiff has designated as Confidential or Highly Confidential - Attorney's Eyes Only. Defendants' provisional redactions are out of an abundance of caution only. For at least the same reasons discussed in Dkt. No. 121, Defendants oppose redacting any of such ITS portions as reproduced in Motion and

3

DEFENDANTS' AMENDED ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (CASE NO. 3:23-CV-04804-WHA)

1  Exhibits. At this point, Defendants do not take a position on the merits of sealing the other

2  provisionally redacted portions of their Motion to Exclude Expert Testimony by Forest A. Vickery

3  and reserve the right to oppose if Plaintiff shall seek the sealing thereof.

4  Defendants' Memorandum in Support of their Motion to Exclude Expert Testimony by Forest

5  A. Vickery, as well as exhibits 1-4, 6, and 8-9 to the Galica Decl. are or reference, deposition transcript

6  excerpts of Plaintiff's technical expert and 30(b)(6) designee, and excerpts of Plaintiff's and

7  Defendants' expert reports. Plaintiff has designated such exhibits or the information referenced

8  therein as Confidential or Highly Confidential - Attorney's Eyes Only. Where possible, Defendants

9  have excerpted such exhibits to only the relevant portions that are discussed in their Motion to

10  Exclude Expert Testimony by Forest A. Vickery. Defendants request that these exhibits be

11  preliminarily filed under seal as a precaution only. For at least the reasons discussed in Defendants'

12  prior filings including Dkt. Nos. 121 and 129, Defendants believe that much of the information within

13  these exhibits is in fact not confidential. Therefore, Defendants reserve the right to oppose if Plaintiff

14  shall seek to seal any portion(s) of these exhibits.

15  Out of an abundance of caution, Defendants respectfully request that the Court provisionally

16  seal in their entirety Defendants' Memorandum in Support of their Motion to Exclude Expert

17  Testimony by Forest A. Vickery and the aforementioned exhibits. Defendants also respectfully

18  request that the Court order that Plaintiff file a statement pursuant to Civil Local Rule 79-5(c) and

19  identify any proposed redactions thereto, which should include adequate, particularized support for

20  each of its proposed redactions.

21

22  Dated: October 17, 2024                          Respectfully Submitted,

23                                                  /s/ Matthew S. Galica

24                                                  Arameh Zargham O'Boyle (SBN: 239495)
                                                    AZOboyle@mintz.com
25                                                  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
                                                       POPEO, P.C.
26                                                  2049 Century Park East, Suite 300
                                                    Los Angeles, CA 90067
27                                                  Telephone:    (310) 586-3200
                                                    Facsimile:    (310) 586-3202
28

James M. Wodarski (Admitted *Pro Hac Vice*)
JWodarski@mintz.com
Michael C. Newman (Admitted *Pro Hac Vice*)
MCNewman@mintz.com
Matthew S. Galica (Admitted *Pro Hac Vice*)
MSGalica@mintz.com
James J. Thomson (Admitted *Pro Hac Vice*)
JJThomson@mintz.com
Sean M. Casey (Admitted *Pro Hac Vice*)
SMCasey@mintz.com
Tianyi Tan (Admitted *Pro Hac Vice*)
TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)
SChen@mintz.com
Amy LoBue (Admitted *Pro Hac Vice*)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
    POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

DEFENDANTS' AMENDED ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED (CASE NO. 3:23-CV-04804-WHA)