JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:     (415) 398-8080
Facsimile:      (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:     (949) 623-7200
Facsimile:      (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:     (310) 203-8080
Facsimile:      (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>RECYCLE TRACK SYSTEMS, INC.,<br>RECYCLESMART SOLUTIONS, INC.,<br><br>          Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**PLAINTIFF ROADRUNNER RECYCLING, INC.'S RESPONSE TO DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 135)**<br><br>Complaint Filed:     August 4, 2023<br>Trial Date:              December 9, 2024 |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

1   Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this response to Defendants

2   Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants")

3   motion to consider whether another party's material should be sealed (Dkt. No. 135[1]) in

4   connection with Defendants' motion to exclude the expert testimony of Forrest A. Vickery (the

5   "Motion").

6   RoadRunner notes that Defendants' failure to follow this Court's prior orders and the

7   Local Rules places an undue burden on RoadRunner.  For example, Defendants filed the

8   memorandum of points and authorities in support of their Motion entirely under seal, despite the

9   Motion containing public information, like the legal standard.  Defendants also filed under seal

10  Mr. Vickery's entire deposition transcript, despite their Motion only referring to portions of Mr.

11  Vickery's testimony.  Defendants also filed under seal pages 133–136 of Mr. Krebs' deposition

12  transcript, which RoadRunner has already filed publicly on the docket in unredacted form.  *See*

13  ECF No. 110.  Defendants similarly filed under seal pages 26–27, 97–104, 123–26, and 229–32 of

14  Mr. Longson's deposition transcript, which RoadRunner has already filed publicly on the docket

15  in unredacted and/or redacted form.  *See* ECF Nos. 115, 120.  To alleviate the burden on the Court

16  of reviewing duplicative material, where applicable below, RoadRunner cites the arguments it has

17  already made in support of sealing the passages that are already pending before the Court.

18  Given the large number of documents that Defendants filed under seal, to aid the Court in

19  digesting RoadRunner's request to seal certain material, RoadRunner first provides a response

20  indicating how it seeks to handle to each of the documents that Defendants filed, then provides

21  grounds for redactions, passage by passage, below.

22

23

24

25

26

27

28

---

[1] Defendants initially filed their motion as ECF No. 131.  On October 17, 2024, Defendants filed an amended motion as ECF No. 135.

**I.**   **Documents Defendants Filed Under Seal and RoadRunner's Response**

| Document | Portion(s) Filed Under Seal | RoadRunner's Position on Sealing |
|---|---|---|
| Unredacted version of Defendants' Memorandum in Support of their Motion to Exclude Expert Testimony by Forest A. Vickery | Defendants filed this document under seal in its entirety | RoadRunner does not seek to seal this document. Defendants may file this document publicly. |
| **Exhibit 1** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.,* the Opening Expert Report of Plaintiff's damages expert, Forrest A. Vickery, served on August 30, 2024 | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described in § III(A) below. |
| **Exhibit 2** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.,* the September 20, 2024 Expert Witness Disclosure of Forest A. Vickery | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described in § III(B) below. |
| **Exhibit 3** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.,* the October 2, 2024 deposition transcript of Forest A. Vickery | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described in § III(C) below. |
| **Exhibit 4** to Declaration of Matthew | Defendants filed this | RoadRunner seeks to maintain |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

| S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.,* October 4, 2024 Expert Witness Disclosure of Forest A. Vickery | document under seal in its entirety | the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described in § III(D) below. |
| --- | --- | --- |
| **Exhibit 6** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.*, excerpts of the August 23, 2024 deposition transcript of Steven Krebs | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described in § III(E) below. |
| **Exhibit 8** to Declaration of Matthew S. Galica in Support of Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.,* excerpts of the October 7, 2024 deposition transcript of W. Leo Hoarty. | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described in § III(F) below. |
| **Exhibit 9** to Declaration of Matthew S. Galica in Support of Defendants' Defendants' Motion to Exclude Expert Testimony by Forest A. Vickery, *i.e.,* excerpts of the August 15, 2024 deposition transcript of Timothy Jay Longson | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described in § III(G) below. |

## II.   <u>Legal Standard</u>

The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets and other business information that may harm the party's competitive standing. *See*

1   *Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430,

2   1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020)

3   ("publication of materials that could result in infringement upon trade secrets has long been

4   considered a factor that would overcome th[e] strong presumption" of access to court filings)

5   (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S.

6   986 (2012)); *see also* 18 U.S.C. § 1835(a) (noting "the court shall enter such orders and take such

7   other action as may be necessary and appropriate to preserve the confidentiality of trade secrets").

8   Requests to seal information filed on the Court's public docket must be narrowly tailored to

9   account for the public's right of access to the Court's files and otherwise comply with the rules set

10  forth in Civil Local Rule 79-5.  *See* Civil L.R. 79-5.

11      "Trade secrets['] . . . only value consists in their being kept private.' . . . 'Once the data that

12  constitute a trade secret are disclosed to others, . . . the holder of the trade secret has lost his

13  property interest in the data.'" *DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003),

14  as modified (Oct. 15, 2003).  For that reason, public disclosure of trade secrets constitutes

15  irreparable injury.  *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D.

16  Cal. Sept. 12, 2023) (granting motion to seal trade secrets identification because disclosing

17  plaintiffs' trade secrets would cause them "irreparable injury").

18  **III.**   **The Court Should Seal Portions of Defendants' Exhibits 1, 2, 3, 4, 6, 8, and 9**

19      RoadRunner's proposed redactions are to passages that identify and describe its trade

20  secrets.  For each of the following passages, RoadRunner identifies (a) the interest to be protected;

21  (b) the injury that would result if the proposed redacted language is not redacted; and (c) why a

22  still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the

23  result.  RoadRunner has endeavored to identify specific interests to be protected, specify the injury

24  that would result if the proposed redacted language is not redacted, and has omitted from its

25  proposed redactions portions of passages in an effort to ensure that only the narrowest portions of

26  the testimony is protected from disclosure.

27      **A.**   **Opening Expert Report of Forrest A. Vickery (Defendants' Exhibit 1)**

28      An unredacted version of Mr. Vickery's Opening Expert Report with highlights showing

JMBM | Jeffer Mangels Butler & Mitchell LLP

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

RoadRunner's proposed redactions has been lodged with the Court.  A redacted version is attached hereto as Exhibit 1.  The grounds for RoadRunner's proposed redactions are as follows:

| Page(s) | Grounds for Sealing |
|---------|---------------------|
| 23 | (a) RoadRunner seeks to redact the amount of profit it anticipates realizing from its trade secrets for the years 2024–2026.  Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections). <br><br>(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage. <br><br>(c) RoadRunner only proposes redacting the amount of anticipated profit.  The surrounding portions of Mr. Vickery's analysis will remain visible to the public. |
| 24 | (a) RoadRunner seeks to redact its income, profit margin, and certain costs for the years 2022–2024, which constitutes confidential financial information protected from public disclosure. <br><br>(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage.  For example, as the Federal Circuit recognized in *Apple Inc. v.* |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | *Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225.  Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored.  RoadRunner seeks only to seal current financial information.  RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case. |
| 27–32 | (a) RoadRunner seeks to redact sensitive financial information, including its revenue, gross income, gross profits, costs, and expenses for the years 2022–2024.  The information RoadRunner seeks to protect is detailed and specific as it shows RoadRunner's financial information broken down by line item.<br><br>(b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage.  For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225.  The portions of Mr. Vickery's report that RoadRunner seeks to seal reveal RoadRunner's revenue and costs by line item.  Disclosing this information would cause RoadRunner |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | |
|---|---|
| | to suffer tangible harm to its competitive standing. |
| | (c) RoadRunner's proposed redactions are narrowly tailored. RoadRunner seeks only to seal current and future projected financial information. RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case. The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total. Thus, RoadRunner has tailored its redactions specifically to include only the information most sensitive to RoadRunner's business and least relevant to the public interest. |
| 45 | (a) RoadRunner seeks to redact the names of entities three entities that sought to acquire Compology. These entities are third parties that are not involved in this litigation and their identities are irrelevant to the merits of this case. (b) Identifying a third-party entity by name in association with that entity's acquisition offer could harm the competitive standing of the third-party entity. (c) RoadRunner has narrowly tailored its sealing request to include only the names of the entities and not the amount they offered to acquire Compology, so as not to affect the public's understanding of Mr. Vickery's damages analysis. |
| 47–56 | (a) These schedules reveal RoadRunner's confidential and proprietary financial projections for the years 2024–2026. Detailed financial projections are considered the type of confidential business information that warrants sealing. *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections). (b) This Court has granted motions to seal information that includes "detailed |

| 1 | | financial information, the disclosure of which . . . could place [the movant] at |
| 2 | | a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12- |
| 3 | | 04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). |
| 4 | | Failing to seal this information would put RoadRunner at a competitive |
| 5 | | disadvantage. |
| 6 | | (c) RoadRunner seeks only to seal future projected financial information. |
| 7 | | RoadRunner has left unredacted Compology's historical financial |
| 8 | | information, which constitutes the majority of the damages RoadRunner |
| 9 | | seeks to recover in this case.  The time period of the information that |
| 10 | | RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost |
| 11 | | total.  Thus, RoadRunner has tailored its redactions specifically to include |
| 12 | | only the information most sensitive to RoadRunner's business and least |
| 13 | | relevant to the public interest. |

**B.     Reply Expert Report of Forrest A. Vickery (Defendants' Exhibit 2)**

An unredacted version of Mr. Vickery's Reply Expert Report with highlights showing RoadRunner's proposed redactions has been lodged with the Court.  A redacted version is attached hereto as Exhibit 2.  The grounds for RoadRunner's proposed redactions are as follows:

| Page(s) | Grounds for Sealing |
|---|---|
| 13–18 | (a) RoadRunner seeks to redact sensitive financial information, including its revenue, gross income, gross profits, costs, and expenses for the years 2022–2024.  The information RoadRunner seeks to protect is detailed and specific as it shows RoadRunner's financial information broken down by line item. (b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 |

JMBM | Jeffer Mangels Butler & Mitchell LLP

(N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage.  For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225.  The portions of Mr. Vickery's report that RoadRunner seeks to seal reveal RoadRunner's revenue and costs by line item.  Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing.

(c) RoadRunner's proposed redactions are narrowly tailored.  RoadRunner seeks only to seal current and future projected financial information. RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case.  The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total.  Thus, RoadRunner has tailored its redactions specifically to include only the information most sensitive to RoadRunner's business and least relevant to the public interest.

| 33 | (a) RoadRunner seeks to redact the names of entities three entities that sought to acquire Compology.  These entities are third parties that are not involved in this litigation and their identities are irrelevant to the merits of this case. |
| | (b) Identifying a third-party entity by name in association with that entity's acquisition offer could harm the competitive standing of the third-party entity. |
| | (c) RoadRunner has narrowly tailored its sealing request to include only the names of the entities and not the amount they offered to acquire Compology, |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

| | |
|---|---|
| | so as not to affect the public's understanding of Mr. Vickery's damages analysis. |
| 35–44 | (a) These schedules reveal RoadRunner's confidential and proprietary financial projections for the years 2024–2026.  Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections). <br><br> (b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage. <br><br> (c) RoadRunner seeks only to seal future projected financial information. RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case.  The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total.  Thus, RoadRunner has tailored its redactions specifically to include only the information most sensitive to RoadRunner's business and least relevant to the public interest. |

C.      **Deposition of Forrest A. Vickery (Defendants' Exhibit 3)**

An unredacted version of Mr. Vickery's deposition transcript with highlights showing RoadRunner's proposed redactions has been lodged with the Court.  A redacted version is attached hereto as Exhibit 3.  The grounds for RoadRunner's proposed redactions are as follows:

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 190:12, 16–19 | (a) In this passage, Mr. Vickery discusses the details of RoadRunner's financial position at the time it acquired Compology and the financial details of the acquisition. <br><br> (b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage because it provides insight into why RoadRunner structured the acquisition deal as it did. <br><br> (c) RoadRunner's proposed redactions are narrowly tailored to include only the financial details described above. |
| 191:14–192:12; 193:15 | (a) In this passage, Mr. Vickery is describing the detailed results of a financial audit that occurred shortly after RoadRunner acquired Compology. This information is protected as confidential business information. <br><br> (b) RoadRunner would suffer injury to its competitive standing if this information was disclosed to the public because it values RoadRunner's assets.  Competitors could use this information to undervalue RoadRunner's assets. <br><br> (c) RoadRunner's proposed redactions are narrowly tailored to include only the financial details described above. |
| 193:8, 10–11, 13, 16–18; 193:25–194:5 | (a) In this passage, Mr. Vickery describes the details of a Compology employee's stock sale and the details of how employee shares were allocated during RoadRunner's acquisition of Compology. <br><br> (b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

| | |
|---|---|
| | which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would give RoadRunner's competitors an advantage.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the financial details described above. |
| 206:17–18 | (a) In this passage, Mr. Vickery is describing how RoadRunner models its financial projections.  Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections).<br><br>(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage.<br><br>(c) RoadRunner only proposes redacting the portions of Mr. Vickery's testimony that directly describe how RoadRunner models its financial projects.  The surrounding portions of Mr. Vickery's testimony will remain visible to the public. |
| 208:2; 211:2, 4, 6–7, 9, 15–18; 212:21 | (a) In these passages, Mr. Vickery is discussing the amount of RoadRunner's projected revenue per month and/or year.  Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

2024) (granting motion to seal entity's five-year financial projections).

(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage.  For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225.  Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing.

(c) RoadRunner only proposes redacting the dollar amounts of anticipated revenue.

---

209:4–210:3

(a) In this passage, Mr. Vickery describes how RoadRunner modeled its projected profits from Compology's technology at the time of acquisition. Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections).

(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

| | |
|---|---|
| | disadvantage.<br><br>(c) RoadRunner only proposes redacting the portions of Mr. Vickery's testimony that directly describe how RoadRunner modeled its financial projects.  The surrounding portions of Mr. Vickery's testimony will remain visible to the public. |
| 214:15–16 | (a) In this passage, Mr. Vickery describes RoadRunner's gross margins.<br><br>(b) RoadRunner would suffer competitive injury if this information was disclosed.  For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components."  *Id.* at 1225.  Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the actual dollar and margin amount. |

**D.**  **Supplemental Expert Report of Forrest A. Vickery (Defendants' Exhibit 4)**

An unredacted version of Mr. Vickery's Opening Expert Report with highlights showing RoadRunner's proposed redactions has been lodged with the Court.  A redacted version is attached here as Exhibit 4.  The grounds for RoadRunner's proposed redactions are as follows:

| Page(s) | Grounds for Sealing |
|---|---|
| 20–25 | (a) RoadRunner seeks to redact sensitive financial information, including its revenue, gross income, gross profits, costs, and expenses for the years 2022–2024.  The information RoadRunner seeks to protect is detailed and specific as it shows RoadRunner's financial information broken down by line item.<br>(b) This Court has granted motions to seal documents in their entirety where |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage.  For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225.  The portions of Mr. Vickery's report that RoadRunner seeks to seal reveal RoadRunner's revenue and costs by line item.  Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing.

(c) RoadRunner's proposed redactions are narrowly tailored.  RoadRunner seeks only to seal current and future projected financial information.  RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case.  The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total.  Thus, RoadRunner has tailored its redactions specifically to include only the information most sensitive to RoadRunner's business and least relevant to the public interest.

| 40 | (a) RoadRunner seeks to redact the names of entities three entities that sought to acquire Compology.  These entities are third parties that are not involved in this litigation and their identities are irrelevant to the merits of this case.

(b) Identifying a third-party entity by name in association with that entity's acquisition offer could harm the competitive standing of the third-party |

| | | |
|---|---|---|
| | | entity. |
| | | (c) RoadRunner has narrowly tailored its sealing request to include only the names of the entities and not the amount they offered to acquire Compology, so as not to affect the public's understanding of Mr. Vickery's damages analysis. |
| | 42; 44–47; 49–53 | (a) These schedules reveal RoadRunner's confidential and proprietary financial projections for the years 2024–2026.  Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections). (b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage. (c) RoadRunner seeks only to seal future projected financial information.  RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case.  The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total.  Thus, RoadRunner has tailored its redactions specifically to include only the information most sensitive to RoadRunner's business and least relevant to the public interest. |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

E.     **Deposition of Steve Krebs (Defendants' Exhibit 6)**

An unredacted version of excerpts from Mr. Krebs' deposition transcript with highlights
showing RoadRunner's proposed redactions has been lodged with the Court.  A redacted version
of the excerpts is attached hereto as Exhibit 6.  The grounds for RoadRunner's proposed
redactions are as follows:

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 99:11–13, 15–16, 22–24 | (a) In this passage, Mr. Krebs discusses the details of RoadRunner's financial position at the time it acquired Compology and the financial details of the acquisition. |
| | (b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage because it provides insight into why RoadRunner structured the acquisition deal as it did. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to include only the financial details described above. |

F.     **Deposition of W. Leo Hoarty, Vol. II (Defendants' Exhibit 8)**

An unredacted version of excerpts from Mr. Hoarty's deposition transcript with highlights
showing RoadRunner's proposed redactions has been lodged with the Court.  A redacted version
of the excerpts is attached hereto as Exhibit 8.  The grounds for RoadRunner's proposed
redactions are as follows:

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 291:8–11, 17–19; | (a)     RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly, as described in these passages of Mr. |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

| 292:1–5;<br>293:9–18, 23–<br>24 | Hoarty's testimony.  Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br><br>(b)      If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The proposed redacted information is key to the longevity of the smart camera apparatus.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.<br><br>(c)      RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

### G.      Deposition of Timothy (Jay) Longson (Defendants' Exhibit 9)

An unredacted version of excerpts from Mr. Longson's deposition transcript with highlights showing RoadRunner's proposed redactions has been lodged with the Court.  A redacted version of the excerpts is attached hereto as Exhibit 9.  The grounds for RoadRunner's proposed redactions are as follows:

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 94:25–95:6 | *See* ECF No. 115 at 3. |
| 96:19; 97:12 | *See* ECF No. 115 at 3–4. |
| 103:21–25 | *See* ECF No. 115 at 4. |
| 123:2, 8–11, 13, 21–24; 124:2–7, 9–13, 16–17, | *See* ECF No. 120 at 3. |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| 20, 23; 125:6–10 | |
|---|---|
| 125:19, 21–22; 126:2–7, 10 | *See* ECF No. 120 at 4–5. |
| 126:20, 24–25; 128:6 | *See* ECF No. 120 at 5. |
| 127:9 | (a) The proposed redaction is to the name of RoadRunner's camera module vendor, which is protected as a component of RoadRunner's overall camera apparatus trade secret. *See* Restatement (Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements."). <br><br> (b) Publicly disclosing this information would give RoadRunner's competitors the ability to utilize RoadRunner's camera module without enduring the years and costs Compology spent in R&D before finding this particular vendor. <br><br> (c) RoadRunner only seeks to redact the name of the vendor. |
| 128:12, 18, 21–22 | (a) In this passage, Mr. Longson identifies the exact focal length for RoadRunner's R11 camera, which is a trade secret. <br><br> (b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4. <br><br> (c) RoadRunner proposes redacting only the actual dimensions of the camera lenses. Narrower redaction would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

JMBM | Jeffer Mangels<br>Butler & Mitchell LLP

| 137:1, 3, 6–7, 10–11 | (a) The type of coating RoadRunner uses on its smart camera apparatus is a trade secret subject to protection from public disclosure. |
| | (b) If the Court declines the proposed redaction, RoadRunner will lose trade secret protection of the type of coating it uses on its smart camera apparatus, thereby suffering irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4.  This coating was the subject of significant time spent on trial and error and considerable expense.  The coating provides RoadRunner with the competitive advantage of a camera with superior ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's ability to compete in the market. |
| | (c) RoadRunner's proposed redaction is narrowly tailored because RoadRunner only seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera apparatus.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 140:16–25 | (a) The proposed redactions in this passage protect RoadRunner's know-how and design choices regarding its camera system.  Specifically, the proposed redacted language describes components that shape the performance of RoadRunner's camera system. |
| | (b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of its know-how, which constitutes irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.  *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

| | |
|---|---|
| | 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret). <br><br> (c) RoadRunner has only proposed redacting those portions of the sentences that would reveal details of Compology's design choices.  No narrower redaction is possible without causing harm to RoadRunner.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

For the foregoing reasons, RoadRunner respectfully requests that the Court accept its proposed redactions to the exhibits identified above.

DATED:  October 17, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND


By:       */s/ Lena Streisand*
LENA STREISAND
Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<div style="margin-left: 40%;">

*/s/ Itzi Munoz*
Itzi Munoz
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
imunoz@jmbm.com

</div>

Case No. 3:23-cv-04804-WHA
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED