1   JEFFER MANGELS BUTLER & MITCHELL LLP
    STANLEY M. GIBSON (Bar No. 162329)
2   *sgibson@jmbm.com*
    JAMES NEUDECKER (Bar No. 221657)
3   *JNeudecker@jmbm.com*
    2 Embarcadero Center, 5th Floor
4   San Francisco, CA 94111
    Telephone:      (415) 398-8080
5   Facsimile:      (415) 398-5584

6   JOSEPH J. MELLEMA (Bar No. 248118)
    *jmellema@jmbm.com*
7   3 Park Plaza, Suite 1100
    Irvine, California 92614-2592
8   Telephone:      (949) 623-7200
    Facsimile:      (949) 623-7202

9
    LENA STREISAND (Bar No. 339021)
10  *lstreisand@jmbm.com*
    1900 Avenue of the Stars, 7th Floor
11  Los Angeles, California 90067-4308
    Telephone:      (310) 203-8080
12  Facsimile:      (310) 203-0567

13  Attorneys for Plaintiff ROADRUNNER
    RECYCLING, INC.

14
                    UNITED STATES DISTRICT COURT

15
                  NORTHERN DISTRICT OF CALIFORNIA

16

17

18  ROADRUNNER RECYCLING, INC.,              Case No. 3:23-cv-04804-WHA

19              Plaintiff,                    **PLAINTIFF ROADRUNNER
                                             RECYCLING, INC.'S RESPONSE TO
20        v.                                 DEFENDANTS RECYCLE TRACK
                                             SYSTEMS, INC. AND RECYCLESMART
21  RECYCLE TRACK SYSTEMS, INC.,             SOLUTIONS INC.'S ADMINISTRATIVE
    RECYCLESMART SOLUTIONS, INC.,            MOTION TO CONSIDER WHETHER
22                                           ANOTHER PARTY'S MATERIAL
            Defendants.                      SHOULD BE SEALED (DKT. NO. 133)**

23

24

25                                           Complaint Filed:   August 4, 2023
                                             Trial Date:        December 9, 2024

26

27

28

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this response to Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants") motion to consider whether another party's material should be sealed (Dkt. No. 133) in connection with Defendants' motion for summary judgment ("MSJ").

RoadRunner notes that Defendants' failure to follow this Court's prior orders and the Local Rules places an undue burden on RoadRunner.  For example, Defendants filed under seal numerous excerpts of deposition transcripts that have already been filed publicly on the docket in redacted and/or unredacted form.  For example, Defendants filed under seal pages 1–8, 89–108, 121–28, 137–40, and 229–32 of Timothy (Jay) Longson's deposition, which have already been filed publicly on the docket in redacted and/or unredacted form.  Defendants similarly re-filed under seal excerpts from Vols. I and II of W. Leo Hoarty's deposition and Justin Armstrong's deposition that were already filed publicly on the docket in unredacted and/or redacted form.  To alleviate the burden on the Court of reviewing duplicative material, where applicable below, RoadRunner cites the arguments it has already made in support of sealing the passages that are already pending before the Court.

Given the large number of documents that Defendants filed under seal, to aid the Court in digesting RoadRunner's request to seal certain material, RoadRunner first provides a response indicating how it seeks to handle to each of the documents that Defendants filed, then provides grounds for redactions, passage by passage, below.

**I.      Documents Defendants Filed Under Seal and RoadRunner's Response**

| Document | Portion(s) Filed Under Seal | RoadRunner's Position on Sealing |
|---|---|---|
| Defendants' Memorandum of Points and Authorities in Support of Motion for Summary Judgment | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | | to this document below. |
|---|---|---|
| **Exhibit 1** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, Plaintiff's First Supplemental Responses to Defendants' First Set of Interrogatories, served on May 31, 2024 | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions to this document below. |
| **Exhibit 2** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, the compilation of Defendants' formal correspondences to Plaintiff sent during fact discovery | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions to this document below. |
| **Exhibit 3** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, the excerpted Opening Expert Report of Plaintiff's technical expert, Mr. William Leo Hoarty, served on August 30, 2024 | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions to this document below. |
| **Exhibit 4** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, the excerpted transcript of the September 12, 2024 deposition of Plaintiff's technical expert, Mr. | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions to this document below. |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

| William Leo Hoarty | | |
|---|---|---|
| **Exhibit 5** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, the excerpted transcript of the October 7, 2024 deposition of Plaintiff's technical expert, Mr. William Leo Hoarty | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions to this document below. |
| **Exhibit 6** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, Compology Terms and Conditions (Last Modified on April 4, 2017) | Defendants filed this document under seal in its entirety | RoadRunner does not seek to seal this document. Defendants may file this document publicly. |
| **Exhibit 9** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, the excerpted transcript of the August 15, 2024 deposition of Plaintiff's 30(b)(6) witness, Mr. Timothy (Jay) Longson | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described in § III(B) below. |
| **Exhibit 10** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, the excerpted Rebuttal Expert Report of Defendants' technical expert, Dr. Philip Greenspun, served on September 13, | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described in § III(C) below. |

| 2024 | | |
|---|---|---|
| **Exhibit 11** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, the excerpted Rebuttal Expert Report of Defendants' technical expert, Dr. R. Jacob Baker, served on September 13, 2024 | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described below. |
| **Exhibit 12** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, the excerpted transcript of the August 15, 2024 deposition of Plaintiff's 30(b)(6) witness, Mr. Justin Armstrong | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions as described in §  below. |
| **Exhibit 13** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, the excerpted Reply Expert Report of Plaintiff's technical expert, Mr. William Leo Hoarty, served on September 20, 2024 | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions to this document below. |
| **Exhibit 14** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, *i.e.*, the excerpted Opening Expert Report of Plaintiff's damages | Defendants filed this document under seal in its entirety | RoadRunner seeks to maintain the unredacted version of this document under seal. RoadRunner has proposed narrowly tailored redactions |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

| expert, Mr. Forrest A. Vickery, served on August 30, 2024 | | to this document below. |
|---|---|---|
| **Exhibit 15** to Declaration of Matthew S. Galica in Support of Defendants' Motion for Summary Judgment, i.e., the excerpted transcript of the October 2, 2024 deposition of Forrest A. Vickery[1] | Defendants filed this document under seal in its entirety | RoadRunner does not seek to seal this document. Defendants may file this document publicly. |

## II.    <u>Legal Standard</u>

The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets and other business information that may harm the party's competitive standing. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S. 986 (2012)); *see also* 18 U.S.C. § 1835(a) (noting "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). Requests to seal information filed on the Court's public docket must be narrowly tailored to account for the public's right of access to the Court's files and otherwise comply with the rules set forth in Civil Local Rule 79-5.  *See* Civil L.R. 79-5.

"Trade secrets['] . . . only value consists in their being kept private.' . . . 'Once the data that constitute a trade secret are disclosed to others, . . . the holder of the trade secret has lost his property interest in the data.'" *DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003),

---

[1] Defendants' motion incorrectly describes Exhibit 15 as the transcript of W. Leo Hoarty's deposition.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

1   as modified (Oct. 15, 2003).  For that reason, public disclosure of trade secrets constitutes

2   irreparable injury.  *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D.

3   Cal. Sept. 12, 2023) (granting motion to seal trade secrets identification because disclosing

4   plaintiffs' trade secrets would cause them "irreparable injury").

5   **III.      The Court Should Seal Portions of Defendants' Motion for Summary Judgment and**

6   **Exhibits 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, and 14**

7          RoadRunner's proposed redactions are to passages that identify and describe its trade

8   secrets.  For each of the following passages, RoadRunner identifies (a) the interest to be protected;

9   (b) the injury that would result if the proposed redacted language is not redacted; and (c) why a

10  still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the

11  result.  RoadRunner has endeavored to identify specific interests to be protected, specify the injury

12  that would result if the proposed redacted language is not redacted, and has omitted from its

13  proposed redactions portions of passages in an effort to ensure that only the narrowest portions of

14  the testimony is protected from disclosure.

15  **A.      Defendants' MSJ**

16         RoadRunner proposes the following redactions to Defendants' MSJ:

| Page(s) | Grounds for Sealing |
|---------|---------------------|
| 12 | (a) The proposed redactions on page 12 reveal the purpose and nature of the R11 cameras and their functions as well as the experimentation and design choices concerning those functions of the R11 cameras. This information is protected from disclosure as RoadRunner's trade secrets. |
| | (b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving its R11 cameras, their functions, and Compology's design choices relating to the R11 camera. In so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing. |

| | | |
|---|---|---|
| | | (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 14–15; 20 | | (a) The type of coating RoadRunner uses on its smart camera apparatus is a trade secret subject to protection from public disclosure. <br><br> (b) If the Court declines the proposed redaction, RoadRunner will lose trade secret protection of the type of coating it uses on its smart camera apparatus, thereby suffering irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at \*4. This coating was the subject of significant time spent on trial and error and considerable expense. The coating provides RoadRunner with the competitive advantage of a camera with superior ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's ability to compete in the market. <br><br> (c) RoadRunner's proposed redaction is narrowly tailored because RoadRunner only seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera apparatus. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 16 | | (a) RoadRunner seeks redaction of information regarding its use of sub-par image detection, including how it is used, where it is integrated, and how it operates. RoadRunner contends that its products' use, integration, and operation of sub-par image detection are RoadRunner's trade secrets. <br><br> (b) Sub-par image detection gives RoadRunner's products a competitive advantage. If the Court declines to redact the proposed language, |

| | |
|---|---|
| | RoadRunner will lose trade secret protection of its sub-par image detection-related trade secrets.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.<br><br>(c) RoadRunner has endeavored to redact only the confidential information in this passage.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 18–19 | (a) RoadRunner seeks redaction of the highlighted portion of this passage because it describes RoadRunner's contamination detection/content identification analysis service.<br><br>(b) If the Court declines to redact this passage, RoadRunner will lose trade secret protection of its contamination detection/content identification analysis service.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to operate the contamination detection/content identification analysis service, which took Compology significant time and money to develop.<br><br>(c) RoadRunner's proposed redactions include only the language describing the operation and implementation of the contamination detection/content identification analysis service.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 19:13–18 | (a) RoadRunner seeks redaction of the highlighted portion of this passage because it describes aspects of the process required for RoadRunner's product to generate a container fullness analysis, which is a trade secret.<br><br>(b) If the Court declines to redact this passage, RoadRunner could lose trade secret protection of its container fullness analysis.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | |
|---|---|
| | competitors how to generate a container fullness analysis, which took Compology significant time and money to develop.  This would irreparably harm RoadRunner's property interests and competitive standing. |
| | (c) RoadRunner's proposed redactions include only the language describing aspects of the process RoadRunner's products use to generate a container fullness analysis.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**B.    RoadRunner's Interrogatory Responses (Exhibit 1)**

| Rog. Response No. | Grounds for Sealing |
|---|---|
| 10:19-20, 10:22-11:2 | (a)  These portions describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret, as well as its image preprocessing techniques. <br><br> (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and its image preprocessing techniques.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing. <br><br> (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 11:8-13 | (a)      RoadRunner seeks to protect the specific data used to train its |

machine learning models, which RoadRunner considers to be trade secrets.

(b)     If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to machine learning training data.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The data RoadRunner uses to train its machine learning model gives it a competitive advantage and allows it to continue training its model, which is crucial to providing services to RoadRunner customers.

(c)     RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

| 13:23-28 | (a)     RoadRunner seeks to protect the nature, identity, and details of its contract manufacturing agreement. <br><br> (b)     If the Court declines to redact the proposed language, RoadRunner will lose its protection to the identity, nature, and details of its contract manufacturing agreement.. <br><br> (c)     RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
|---|---|
| 29:4-7 | (a)     RoadRunner seeks to protect the specific data used to train its machine learning models, which RoadRunner considers to be trade secrets. <br><br> (b)     If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to machine learning training data.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The data RoadRunner uses to train its machine learning model gives it a competitive advantage and allows it to continue training its model, which is |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

crucial to providing services to RoadRunner customers.

(c)      RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

## C.   Defendants' Correspondence (Exhibit 2)

RoadRunner's proposed redactions are as follows:

| Ltr. Date/Page | Grounds for Sealing |
|---|---|
| Aug. 22, 2024 at 2 | (a) The type of coating RoadRunner uses on its smart camera apparatus is a trade secret subject to protection from public disclosure.<br><br>(b) If the Court declines the proposed redaction, RoadRunner will lose trade secret protection of the type of coating it uses on its smart camera apparatus, thereby suffering irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4.  This coating was the subject of significant time spent on trial and error and considerable expense.  The coating provides RoadRunner with the competitive advantage of a camera with superior ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's ability to compete in the market.<br><br>(c) RoadRunner's proposed redaction is narrowly tailored because RoadRunner only seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera apparatus.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

### D.      Opening Report of W. Leo Hoarty (Exhibit 3)

RoadRunner's proposed redactions are as follows:

| Page(s) | Grounds for Sealing |
| --- | --- |
| ¶¶ 36–39, 42–49, 51–59, 133; Pages 28, 29, 30, 68 (images) | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret, such as the battery components and technical specifications showing the smart camera apparatus and its parts.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ¶ 65 | (a)      RoadRunner seeks to protect the field of view dimensions of its R12 and R13 camera lenses, which are trade secrets.<br><br>(b)      If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4.<br><br>(c)      RoadRunner proposes redacting only the actual dimensions of the camera lenses.  Narrower redaction would harm RoadRunner.  *See supra*, (b). |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ¶¶ 66–75; Page 33 (image) | (a) These passages describe the confidential, non-public components of RoadRunner's optical assembly and design know-how trade secrets. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its optical assembly and related know-how. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate its trade secrets, to the detriment of RoadRunner's competitive standing. |
| | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ¶¶ 78–79, 81–82 | (a)      RoadRunner seeks to protect the specific data used to train its machine learning models, which RoadRunner considers to be trade secrets. |
| | (b)      If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to machine learning training data. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The data RoadRunner uses to train its machine learning model gives it a competitive advantage and allows it to continue training its model, which is crucial to providing services to RoadRunner customers. |
| | (c)      RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

| ¶¶ 93–98 | (a)    RoadRunner seeks redaction of information regarding its use of sub-par image detection, including how it is used, where it is integrated, and how it operates.  RoadRunner contends that its products' use, integration, and operation of sub-par image detection are RoadRunner's trade secrets. |
| | (b)    Sub-par image detection gives RoadRunner's products a competitive advantage.  If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its sub-par image detection-related trade secrets.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. |
| | (c)    RoadRunner has endeavored to redact only the confidential information in this passage.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ¶¶ 99–102, 104 | (a)    RoadRunner seeks redaction of the highlighted portion of this passage because it describes the operation, step-by-step, of RoadRunner's contamination detection/content identification analysis service. |
| | (b)    If the Court declines to redact this passage, RoadRunner will lose trade secret protection of its contamination detection/content identification analysis service.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to operate the contamination detection/content identification analysis service, which took Compology significant time and money to develop. |
| | (c)    RoadRunner's proposed redactions include only the language describing the operation and implementation of the contamination detection/content identification analysis service.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ¶¶ 105–10; | (a)    RoadRunner seeks redaction of the highlighted portion of this passage |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| Page 52 (images) | because it describes the process required for RoadRunner's product to generate a container fullness analysis, which is a trade secret. |
|---|---|
| | (b)    If the Court declines to redact this passage, RoadRunner could lose trade secret protection of its container fullness analysis.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to generate a container fullness analysis, which took Compology significant time and money to develop.  This would irreparably harm RoadRunner's property interests and competitive standing. |
| | (c)    RoadRunner's proposed redactions include only the language describing the process RoadRunner's products use to generate a container fullness analysis.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

## E.    Deposition of W. Leo Hoarty, Vol. I (Exhibit 4)

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 161:3–8; 14–15 | (a) These passages describe the confidential, non-public components of RoadRunner's optical assembly and design know-how trade secrets. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its optical assembly and related know-how.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate its trade secrets, to the detriment of RoadRunner's competitive standing. |
| | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 162–63 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret, such as the battery components and technical specifications showing the smart camera apparatus and its parts.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 166–68 | (a)     RoadRunner seeks to protect the specific data used to train its machine learning models, which RoadRunner considers to be trade secrets.<br><br>(b)     If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to machine learning training data. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The data RoadRunner uses to train its machine learning model gives it a competitive advantage and allows it to continue training its model, which is crucial to providing services to RoadRunner customers.<br><br>(c)     RoadRunner's proposed redactions are narrowly tailored to protect |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | only sensitive information.  More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**F.       Deposition of W. Leo Hoarty, Vol. II (Exhibit 5)**

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 427:1–4; 427:23–428:1; 429:13–15 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret, such as the battery components and technical specifications showing the smart camera apparatus and its parts. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing. |
| | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**G.       Deposition of Timothy (Jay) Longson (Exhibit 9)**

An unredacted version of excerpts from Mr. Longson's deposition transcript was attached to Defendants' Motion .  A redacted version of the excerpts is attached hereto as Exhibit .  The grounds for RoadRunner's proposed redactions are as follows:

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 94:25–95:6 | *See* ECF No. 115 at 3. |
| 96:19; 97:12 | *See* ECF No. 115 at 3–4. |
| 103:21–25 | *See* ECF No. 115 at 4. |
| 123:2, 8–11, 13, 21–24; 124:2–7, 9–13, 16–17, 20, 23; 125:6–10 | *See* ECF No. 120 at 3. |
| 125:19, 21–22; 126:2–7, 10 | *See* ECF No. 120 at 4–5. |
| 126:20, 24–25 | *See* ECF No. 120 at 5. |
| 130–132 | (a)      The proposed redactions in this passage protect RoadRunner's know-how and design choices regarding its camera lens.  Specifically, the proposed redacted language describes choices Compology made in selecting the lens for the R12 and R13 camera lenses and why it made those decisions, based on trial and error.  This know-how is a protectable trade secret.  *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret).  (b)      If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of its know-how, which constitutes irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.  (c)      RoadRunner has only proposed redacting those portions of the sentences that would reveal details of Compology's experimentation with |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | |
|---|---|
| | different lenses, which RoadRunner's competitors could use to RoadRunner's detriment.  No narrower redaction is possible without causing harm to RoadRunner.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 133, 135, 136 | (a) These passages describe the confidential, non-public components of RoadRunner's optical assembly and design know-how trade secrets.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its optical assembly and related know-how.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate its trade secrets, to the detriment of RoadRunner's competitive standing.<br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

## H.      Expert Report of Philip Greenspun (Exhibit 10)

| Page(s) | Grounds for Sealing |
|---|---|
| ¶¶ 51, 53, 98; Ex. 1 at 2, 5–6, 8, 10–12, 15, 23–26, 29–31, 33–38, 40, 42–50 | (a) RoadRunner seeks redaction of information regarding its use of sub-par image detection, including how it is used, where it is integrated, and how it operates.  RoadRunner contends that its products' use, integration, and operation of sub-par image detection are RoadRunner's trade secrets.<br>(b) Sub-par image detection gives RoadRunner's products a competitive advantage.  If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its sub-par image detection- |

| | |
|---|---|
| | related trade secrets.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.<br><br>(c) RoadRunner has endeavored to redact only the confidential information in this passage.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ¶¶ 57–58;<br>Ex. 1 at 15 | (a) RoadRunner seeks redaction of the highlighted portion of this passage because it describes RoadRunner's contamination detection/content identification analysis service.<br><br>(b) If the Court declines to redact this passage, RoadRunner will lose trade secret protection of its contamination detection/content identification analysis service.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to operate the contamination detection/content identification analysis service, which took Compology significant time and money to develop.<br><br>(c) RoadRunner's proposed redactions include only the language describing the operation and implementation of the contamination detection/content identification analysis service.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ¶¶ 62–65 | (a) RoadRunner seeks redaction of the highlighted portion of this passage because it describes aspects of the process required for RoadRunner's product to generate a container fullness analysis, which is a trade secret.<br><br>(b) If the Court declines to redact this passage, RoadRunner could lose trade secret protection of its container fullness analysis.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to generate a container fullness analysis, which took |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | |
|---|---|
| Compology significant time and money to develop. This would irreparably harm RoadRunner's property interests and competitive standing. (c) RoadRunner's proposed redactions include only the language describing aspects of the process RoadRunner's products use to generate a container fullness analysis. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. | |

I.      **Expert Report of R. Jacob Baker (Exhibit 11)**

| Page:Line(s) | Grounds for Sealing |
|---|---|
| ¶ 31, 33–34, 37, 40, 42–45, 60–61, 69, 72, 74; Page 31 (image) | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret, such as the battery components and technical specifications showing the smart camera apparatus and its parts.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ¶ 51; Pages 20–21 | (a) These passages describe the confidential, non-public components of RoadRunner's optical assembly and design know-how trade secrets. |

| (images) | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its optical assembly and related know-how.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate its trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| --- | --- |

### J.    Deposition of Justin Armstrong (Exhibit 12)

RoadRunner proposes the following redactions:

| Page:Line(s) | Grounds for Sealing |
| --- | --- |
| 110:11 | *See* ECF No. 115 at 7. |
| 111:13, 19–20, 23–25; 114:13–15; 114:23–115:1; 115:1, 5, 21; 116:2, 9, 11–13, 21–25 | *See* ECF No. 115 at 7–8. |
| 141:1–2, 7 | *See* ECF No. 120 at 10–11. |

### K.    Reply Report of W. Leo Hoarty (Exhibit 13)

| Page(s) | Grounds for Sealing |
| --- | --- |
| 9 | (a)    RoadRunner seeks to protect its trade secrets regarding power |

23

Case No. 3:23-cv-04804-WHA
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

JMBM | Jeffer Mangels Butler & Mitchell LLP

consumption and battery assembly, as described in these passages of Mr. Hoarty's testimony.  Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.

(b)      If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The proposed redacted information is key to the longevity of the smart camera apparatus.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.

(c)      RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

**L.      Opening Expert Report of Forrest A. Vickery (Defendants' Exhibit 14)**

Exhibit 14 to Defendants' MSJ is the same document as Exhibit 1 to Defendants' Motion to Exclude Mr. Vickery.  Therefore, RoadRunner incorporates here its proposed redactions as set forth in ECF No. 136, § III(A).  A redacted copy of this exhibit has already been filed on the docket as ECF No. 136-3.

For the foregoing reasons, RoadRunner respectfully requests that the Court accept its proposed redactions to the exhibits identified above.

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   DATED:  October 17, 2024          JEFFER MANGELS BUTLER & MITCHELL LLP
                                      STANLEY M. GIBSON
2                                     JAMES NEUDECKER
                                      JOSEPH J. MELLEMA
3                                     LENA STREISAND

4

5
                                      By:      /s/ Lena Streisand
6                                              LENA STREISAND
                                            Attorneys for Plaintiff ROADRUNNER
7                                           RECYCLING, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Itzi Munoz*
Itzi Munoz
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
imunoz@jmbm.com

Case No. 3:23-cv-04804-WHA

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED