# EXHIBIT 5

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
Transcript of William Leo Hoarty, Volume 2
Conducted on October 7, 2024

1 (242 to 245)

---

**242**

```
               UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA

ROADRUNNER RECYCLING, INC.,)
                           )
        Plaintiff,         )
                           )
VS                         ) Civil Action No.
                           ) 3:23-cv-04804-WHA
RECYCLE TRACK SYSTEMS,     )
INC., AND RECYCLESMART     )
SOLUTIONS, INC.,           )
                           )
        Defendants.        )
***********************************************
              REMOTE VIDEOTAPED DEPOSITION OF
                   WILLIAM LEO HOARTY
                Volume 2 - October 7, 2024
          HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
***********************************************
```

Job No. 555646
Pages 242 - 493
Stenographically Reported by:
Susan S. Klinger, RMR-CRR, CSR

---

**243**

October 7, 2024

REMOTE VIDEOTAPED DEPOSITION OF WILLIAM LEO HOARTY, produced as a witness at the instance of the Defendants, and duly sworn, was taken in the above-styled and numbered cause on the 7th of October, 2024, from 12:03 to 8:37, before Susan S. Klinger, RMR-CRR, CSR in and for the States of Texas and California, reported by stenographic method pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

---

**244**

A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFF:
  Joseph J. Mellema, Esquire
  JEFFER MANGELS BUTLER AND MITCHELL LLP
  3 Park Plaza, Suite 1100
  Irvine, California 92614
  949.623.7200

ON BEHALF OF THE DEFENDANTS:
  Matthew S. Galica, Esquire
  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY &
  POPEO, P.C.
  One Financial Center
  Boston, Massachusetts 02111
  617.542.6000

Also Present:
  Charlie McGrath, videographer
  Mike Martinez, remote tech

---

**245**

I N D E X

| WITNESS | PAGE |
|---|---|
| WILLIAM LEO HOARTY | |
| EXAMINATION BY MR. GALICA | 246 |

E X H I B I T S

| No. | Description | |
|---|---|---|
| Exhibit 422 | Opposition Report | 251 |
| Exhibit 423 | Email, RTS_00339710 | 320 |
| Exhibit 424 | Picture, RTS_00318118 | 326 |
| Exhibit 425 | FCC Filing, RTS_00333850 | 365 |
| Exhibit 426 | Picture, RTS_00318119 | 436 |
| Exhibit 427 | Photograph, RTS_00318120 | 447 |
| Exhibit 428 | R12 User Manual, RTS_00333865 | 449 |
| Exhibit 429 | Photograph, Hoarty Reply Report | 466 |
| Exhibit 430 | RTS_00318121 | 474 |
| Exhibit 431 | External Photographs | 475 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
Transcript of William Leo Hoarty, Volume 2
Conducted on October 7, 2024

2 (246 to 249)

---

Page 246

```
 1            P R O C E E D I N G S
 2        VIDEOGRAPHER:  Here begins Day Number 2 in
 3   the videotaped deposition of William Leo Hoarty in
 4   the matter of RoadRunner Recycling, Incorporated
 5   versus Recycle Track Systems, Incorporated, et al
 6   in the United States District Court, Northern
 7   District of California, Case Number
 8   3:23-cv-04804-WHA.
 9        Today's date is October 7th, 2024.  The
10   time on the video monitor is 12:03 p.m.  The
11   remote videographer is Charlie McGrath
12   representing Planet Depos.  All parties of this
13   video deposition are attending remotely.
14        Would counsel please voice-identify
15   themselves and state whom they represent?
16        MR. GALICA:  Matthew Galica from Mintz on
17   behalf of defendants.
18        MR. MELLEMA:  Joe Mellema of Jeffer
19   Mangels Butler & Mitchell on behalf of plaintiff.
20        VIDEOGRAPHER:  The court reporter today is
21   Susan Klinger representing Planet Depos.
22        The witness will now be sworn.
23              WILLIAM L. HOARTY,
24   having been first duly sworn testified as follows:
25              EXAMINATION
```

Page 247

```
 1   BY MR. GALICA:
 2      Q  Good morning, Mr. Hoarty.  How are you?
 3      A  I'm fine.  Good morning again.
 4      Q  It is good to see you again.
 5        We have been through this once, but I want
 6   to walk through a couple of ground rules before we
 7   get going today.  Is that all right?
 8      A  Of course.
 9      Q  Okay.  So as you know, your testimony
10   today is under oath as if it were being taken
11   before a judge or jury, who will preside and
12   observe over this proceeding.  Do you understand
13   that?
14      A  I do.
15      Q  Okay.  And your testimony may, in fact, be
16   presented before a judge or jury as part of this
17   proceeding.  Do you understand that?
18      A  I do.
19      Q  And because of that, it is important that
20   you testify truthfully and to the best of your
21   ability.  Do you understand that?
22      A  I do.
23      Q  So throughout the day I'll be asking
24   questions.  If you do not understand the question,
25   can you please ask me to clarify it?
```

Page 248

```
 1      A  I will do that.
 2      Q  Okay.  If you do answer the question, I
 3   will assume that you understood my question; is
 4   that fair?
 5      A  Yes, it is.
 6      Q  Okay.  If you need to take a break at any
 7   time, just let me know, but if I have a question
 8   pending, I'd ask that we wrap that up before we
 9   take the break.  Is that okay?
10      A  Yes, it is.
11      Q  Okay.  And you are doing a great job so
12   far, but in the world of Zoom depositions, it gets
13   tough when people start talking over each other or
14   don't answer verbally, so I would first ask that
15   all your answers are provided verbally.  Is that
16   okay?
17      A  Yes.
18      Q  So no hand gestures or head nods, okay?
19      A  Understood.
20      Q  And then so we avoid talking over each
21   other, I would just ask that you please let me
22   finish my entire question before you begin
23   answering.  Is that okay?
24      A  Yes, it is.
25      Q  And then I'll do my best to let you answer
```

Page 249

```
 1   fully before I ask my next question.  Is that
 2   okay?
 3      A  Yes.
 4      Q  Okay.  Also your attorney may object from
 5   time to time today, but you're still obligated to
 6   answer the question unless you are specifically
 7   instructed by counsel not to answer.  Do you
 8   understand that?
 9      A  Yes, I do.
10      Q  Okay.  Is there any reason you can't
11   testify fully and truthfully today?
12      A  No reason.
13      Q  Okay.  Did you do anything to prepare for
14   today's deposition?
15      A  Yes, I did.  I reviewed my opposition
16   report and my rebuttal -- and my reply report.
17      Q  Okay.  Did you read any other documents?
18      A  Not -- no, not for -- not in preparation
19   for this.
20      Q  Okay.  How else did you prepare for this
21   beyond reading your opposition and reply reports?
22      A  I had a discussion with counsel just to --
23   in general on what I -- what I am to expect, and
24   it was -- I think we had two calls last week, both
25   fairly brief.
```

426
1  employed are -- are the work of a lot of years of
2  R&D on the part of Compology, and the same parts
3  show up in their competitor's product.  And it's
4  been my answer.  It's a system, and a lot of
5  elements of the system are close or near
6  identical, and some are absolutely identical, and
7  it just points to misappropriation.
8      Q  How long did it take to -- for Compology
9  to design its visible flash LED?
10         MR. MELLEMA:  Objection, form.
11     A  I don't -- I don't know.  I don't have
12 that answer.
13     Q  How much did it cost Compology to develop
14 its visible flash LED?
15         MR. MELLEMA:  Objection, form.
16     A  I don't have that answer.
17     Q  Okay.  What's the economic value of
18 Compology's visible flash LED?
19         MR. MELLEMA:  Objection, form.
20     A  I haven't been asked to render an opinion
21 on that, so I don't have one.
22     Q  Okay.  I'm going to go to paragraph 56.
23     A  I'm there.
24     Q  In the last sentence you say:  Both
25 RecycleSmart's Pello and Compology's R12 device

427
1  include ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5      Do you see that?
6      A  I do.
7      Q  Okay.  Are all of these components part of
8  the overall trade secret you've been talking
9  about?
10         MR. MELLEMA:  Objection, form.
11     A  These components form a system that --
12 form the system of the camera sensor of Compology
13 that is a trade secret, and these are the -- these
14 elements are part of the system that forms a
15 successful product for taking pictures inside of a
16 waste container for up to five years and moving
17 those pictures to a server system that can further
18 process them and do useful work on them.
19     They were the first to -- they, Compology,
20 was the first to do this, and these are the
21 components that they brought together that made
22 that possible.
23     Q  Is the combination of a ▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

428
1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ one of
2  Compology's trade secrets?
3         MR. MELLEMA:  Object to form, beyond the
4  scope.
5      A  I discuss that fairly -- in a fair amount
6  of detail in my -- my initial expert declaration,
7  and I don't have anything further to add.  It's --
8  this enumerates the parts that come together to
9  make a Compology system.  But to the -- again,
10 it's -- I don't have my document in front of me.
11 I just have my rebuttal and reply.  So I would ask
12 to refer to my original writing to further explain
13 that.
14     Q  Well, so are -- you're a technical expert
15 offering opinions on what the trade secrets are in
16 this case, correct?
17        MR. MELLEMA:  Objection, form, beyond the
18 scope.
19     A  I was asked to -- I was asked to analyze
20 the trade secrets that were presented to me and to
21 compare products and then offer my opinion of what
22 I found.
23     Q  But you didn't identify the trade secrets
24 in the first instance, correct?
25        MR. MELLEMA:  Objection, form, beyond the

429
1  scope.
2      A  I explained my starting point in my
3  initial declaration, what I was given, what I was
4  asked to do, and it was, I think, fairly
5  clearly -- fairly clearly written in my -- in my
6  expert declaration.
7      Q  Okay.
8      A  And there's some here.  There's -- you
9  know, there's -- a little bit of it is in this
10 document.
11     Q  As a -- as a technical expert being
12 offered in this case, can you tell me whether the
13 R12's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ comprise a trade
16 secret?
17        MR. MELLEMA:  Objection, same objections
18 as before.
19     A  These are components of the camera system
20 that Compology invented and developed over many
21 years.  And I have explained in my expert
22 declaration the -- how the trade secrets --
23 anyway, I've explained in my expert declaration
24 the value of those components and how they form
25 the product that Compology innovated.

---

490

1  A  I was referring to the ability to operate
2  a camera in a harsh environment, obtain images and
3  identify the images uses artificial intelligence.
4  The overall -- overall system, primary -- primary
5  functions to get images out of dumpsters, identify
6  various aspects of the state of the dumpster and
7  that is the -- a description of the Compology
8  system.
9      Q  Is that a description of the Compology
10 system trade secret?
11         MR. MELLEMA:  Objection, form, beyond the
12 scope.
13     A  I define that well in my initial report
14 what the trade secrets are, and including the --
15 including the artificial intelligence elements.
16 And I don't really have anything further to add to
17 my report without being able to cite specifics in
18 the report.
19     Q  So when you just provided an answer and
20 said the Compology system trade secret, you didn't
21 quite know what you were referring to, correct?
22         MR. MELLEMA:  Objection, form.
23     A  I knew what I was referring to.  I
24 probably did not state it in a proper frame, but I
25 think I described what I meant.

---

491

1      Q  Okay.
2      A  The ability to acquire images from a
3  hostile environment in difficult circumstances and
4  to identify the images and provide useful
5  information.  How they did all of those steps is
6  certainly part of their collection of trade
7  secrets.
8      Q  Okay.  Is that a proper description of the
9  Compology system trade secret?
10         MR. MELLEMA:  Objection, form, beyond the
11 scope.
12     A  In the -- as I don't have the document in
13 front of me that I wrote, I can't do anything
14 further than just make summaries of my impression
15 of their overall business, but to be succinct I
16 would ask that I could refer to my document.
17     Q  Let me just -- is it true that when you
18 just provided an answer in reference to Compology
19 system trade secret, you can't define what that
20 Compology system trade secret is, correct?
21         MR. MELLEMA:  Objection, form, beyond the
22 scope.
23     A  Sorry, that is not correct.
24     Q  So you can provide or you can define the
25 Compology system trade secret that you referred to

---

492

1  in your previous answer?
2         MR. MELLEMA:  Objection, form, beyond the
3  scope.
4      A  Beyond my generalization I don't have
5  anything further to add to that.
6         MR. GALICA:  I don't have any further
7  questions right now.
8         MR. MELLEMA:  Nothing further from --
9  nothing, no questions from me.
10        VIDEOGRAPHER:  All right.  This marks the
11 end of the deposition of William Leo Hoarty.  We
12 are going off the record at 8:36.
13        (Recess, 8:36 to 8:37 p.m.)
14        VIDEOGRAPHER:  We are back on the record
15 at 8:37.
16        MR. GALICA:  I'd like to make sure to
17 designate the entirety of the transcript Highly
18 Confidential, Attorneys' Eyes Only.
19        And with that, I have nothing further.
20        VIDEOGRAPHER:  All right.  We are going
21 off the record at 8:37.
22        (Deposition adjourned at 8:37 p.m.)

---

493

CERTIFICATE OF SHORTHAND REPORTER

I, Susan S. Klinger, the officer before
whom the foregoing deposition was taken, do hereby
certify that the foregoing transcript is a true
and correct record of the testimony given; that
said testimony was taken by me stenographically
and thereafter reduced to typewriting under my
direction; that reading and signing was not
discussed; and that I am neither counsel for,
related to, nor employed by any of the parties to
this case and have no interest, financial or
otherwise in its outcome.

IN WITNESS WHEREOF, I have hereunto set my
hand on the 9th of October, 2024.

_____
Susan S. Klinger, RMR-CRR, CSR
Texas CSR 6531, Exp: 10/23/25
California CSR 14487, Exp: 11/30/24