Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:    (310) 586-3200
Facsimile:    (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>         Plaintiff,<br>    v.<br><br>RECYCLE TRACK SYSTEMS, INC., and<br>RECYCLESMART SOLUTIONS INC.,<br><br>         Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 136)**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed:    August 4, 2023<br>Trial Date:             December 9, 2024 |

Pursuant to Civil L.R. 79–5(f)(4), Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions Inc. ("Defendants") hereby respond to Plaintiff's Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 136).

Plaintiff's proposed redactions as set forth in Dkt. No. 136 with respect to Galica Decl. Exs. 8-9 (*i.e.*, the deposition transcripts of its fact and technical expert witnesses) are, at best, overbroad and cover non-trade-secret information, including information that Plaintiff admits being public. Plaintiff's approach to redactions is similar to its attempt to identify any trade secret information in this case: inconsistent, ambiguous, and self-contradictory. *See, e.g.*, Dkt. No. 136 at 18-19 (asking the Court to redact the fact that its products use a "thionyl chloride lithium battery"); *cf.* Dkt. No. 114-4 at 11 (Plaintiff's publicly filed Identification of Trade Secrets "ITS" that specifically discloses that its products use a "Lithium Thionyl Chloride" battery). Plaintiff's proposed redactions of knowingly public information does not qualify for sealing. Ultimately, Plaintiff's repeated attempts to have the Court seal clearly public information amplifies its continued inability to identify any trade secret in this case. And, just like all of its prior sealing requests, Plaintiff rehashes the identical, boilerplate assertions of harm for each of its proposed redactions—the credibility of which is simply untenable given the various public disclosures of the same information at issue. *Compare, e.g.*, Dkt. Nos. 114, 115, 120, 128, and 137 *with* Dkt. No. 136; *but see, e.g.*, Dkt. Nos. 121 and 129.

Plaintiff's alleged "undue burden" of having to justify its sealing requests is unfounded.[1] The reality is that, to date, Plaintiff has imposed undue burden on both the Court and Defendants with its repeated attempts to redact demonstrably public "trade secrets." Now, as before, all Plaintiff's support for its voluminous requests to seal Galica Decl. Exs. 8-9 amounts to boilerplate and conclusory statements against Defendants' unrebutted evidence of numerous public disclosures of its alleged trade secrets. This Court, Defendants, and the public should not continue to be burdened and prejudiced by Plaintiff's inability to adequately identify its alleged trade secrets in this case and to

---

[1] Plaintiff baselessly alleges that Defendants failed to "follow this Court's prior orders and the Local Rules" yet intriguingly does not cite a single applicable order or rule. Plaintiff specifically complains that Defendants filed Mr. Vickery's entire deposition transcript. However, Defendants' approach is appropriate given the specific context of their motion to exclude expert testimony by Mr. Vickery, as the Court and the parties will likely need to refer to the full context of Mr. Vickery's opinions (as in his reports and testimony) regarding Defendants' substantive motion to exclude at issue.

1 properly support any of its proposed redactions. All of Plaintiff's proposed redactions as to Galica Decl. Exs. 8-9 should be rejected.

## I.  LEGAL STANDARD

Courts have long recognized the public's right of access to judicial proceedings. Sealing is only proper upon a showing of **compelling reasons** or a **particularized good cause**. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); Fed. R. Civ. P. 26(c). Sealing orders "may issue only upon a request that establishes that the [information] is privileged or protectable as trade secret or otherwise entitled to protection under the law." Civil L.R. 79–5(b). All requests to seal ***must be "narrowly tailored,"*** such that ***only sealable information*** is sought to be redacted from public access. *Id.* (emphases added). "'[V]ague boilerplate language or nebulous assertions of potential harm' will not suffice to support redaction." Dkt. No. 93 at 2 (citation omitted). "[O]verly broad requests to seal may result in the denial of the motion." Civil L.R. 79–5(f)(6).

## II.  ARGUMENT

As with all its prior sealing requests, Plaintiff asserts that its proposed redactions as to Galica Decl. Exs. 8-9 identify and describe its trade secrets, which is the only ground provided in support of sealing. *See* Dkt. No. 136 at 18-22. As before, this assertion is simply untrue. Many, if not all, of Plaintiff's proposed redactions cover common or known information, which the testimony at issue clearly admits. There can be no reasonable justification—let alone any particularized good cause or compelling reason—for Plaintiff to request such redactions. Yet Plaintiff evades addressing such facially improper redactions by grouping its proposed redactions together in broad categories. As just one example, Plaintiff requests that the Court redact Mr. Hoarty's reference to the publicly known Lithium Thionyl Chloride battery, as used in Plaintiff's cameras, for which there can be no plausible justification of sealing. *See id.* at 18-19 (asking to redact Galica Decl. Ex. 8 at 291:17-18, among its other proposed redactions); *cf.*, *e.g.*, Dkt. No. 144-4 at 11 (Plaintiff's publicly filed ITS that specifically discloses its use of "Lithium Thionyl Chloride" battery).

Plaintiff has long known and has been repeatedly reminded—at least by Defendants' prior briefing—of the public nature of much of the information it still seeks to request. As an example,

2
DEFENDANTS' RESPONSE TO DKT. NO. 136 (CASE NO. 3:23-CV-04804-WHA)

1  Plaintiff insists on redacting the type of coating used on its cameras from Galica Decl. Ex. 9 (*i.e.*, Mr.
2  Longson's deposition transcript), even though RoadRunner's own website has publicly promoted the
3  use of nanocoating on its cameras. *See* Dkt. No. 126 at 21 (seeking to redact Galica Decl. Ex. 9 at
4  137:1, 3, 6-7, 10-11); *cf.* Dkt. No. 121 at 9 (citing Dkt. No. 121-13, RoadRunner's public webpage,
5  stating that "Grime-resistant lens nanocoating keeps the camera clean"). There can be no plausible
6  excuse for Plaintiff's failure to exclude such public information from it proposed redactions, let alone
7  any excuse for its affirmative attempts to keep such information from the public. For these reasons,
8  and the details below, all of Plaintiff's proposed redactions should be rejected.

9       Moreover, just as it fails to specify any legitimate trade secrets, Plaintiff again fails to specify
10 any potential injury. *See* Dkt. No. 136. Plaintiff repeats the same formulaic assertions of purported
11 interest and potential injury." *See, e.g.*, *id.* at 18-22. Plaintiff provides no support for such boilerplate
12 and nebulous assertions, which the Court has already warned is insufficient. *See, e.g.*, Dkt. No. 93 at
13 2. Plaintiff's declaration accompanying Dkt. No. 136 fares no better: it has recycled exactly the same
14 template used in all of its prior declarations related to its sealing requests. *Compare* Dkt. Nos. 114-1,
15 115-1, 120-1, and 128-1 *with* Dkt. No. 136-1. Plaintiff's formulaic assertions cannot and do not
16 provide any "evidentiary support" for its proposed redactions. *See* Dkt. No. 93 at 2.

17     **A.**    **Plaintiff's Proposed Redactions to Galica Decl. Ex. 8, *i.e.*, Mr. Hoarty's October 7, 2024 Deposition Transcript, Are Not Justified**

18      Plaintiff characterizes its proposed redactions to Galica Decl. Ex. 8 as information covering
19 "the battery type, features, and customization required to meet the power needs and limitations of its
20 smart camera apparatus." Dkt. No. 136 at 19. This is simply not consistent with the actual information
21 Plaintiff seeks to redact. For instance, Plaintiff seeks to redact 291:8-11 that discusses the percentage
22 of cost that Plaintiff has allegedly saved by using its specific battery compared to alternatives. This,
23 to begin with, is beyond the scope of what Plaintiff claims to seek redactions for and what Plaintiff
24 has provided some purported support for the sealing thereof. In addition, the same information is also
25 readily apparent a few lines down at 291:20-23, noting that Compology saved three-fourths in cost.
26      Moreover, 291:8-11 is but one of the multiple examples where Plaintiff seeks to redact mere
27 market generalizations that cannot qualify for trade secret protection, beyond which Plaintiff has not
28

3
DEFENDANTS' RESPONSE TO DKT. NO. 136 (CASE NO. 3:23-CV-04804-WHA)

provided any ground for sealing. In a similar vein, Plaintiff seeks to redact generic phrases such as "it has a specific reason for being there" at 293:16. As the Court has previously warned, such extremely generic phrases do not warrant sealing. *See, e.g.*, Dkt. No. 93.

Furthermore, as noted above, Plaintiff's purported trade secret "relating to power consumption and battery assembly" has been publicly disclosed, including its use of "Lithium Thionyl Chloride" battery. *See, e.g.*, Dkt. No. 114-4 at 11. As specifically discussed by Defendants in Dkt. No. 121, none of Plaintiff's ITS disclosure regarding its battery is confidential. As a further example, it is known that a capacitor can be used to address the disadvantages associated with "Lithium Thionyl Chloride" batteries. *See* Dkt. No. 121 at 11-12 (citing public evidence); *see also* Galica Decl. Ex. 8 at 293:20 (Mr. Hoarty himself testifying that he would have done the same "after [he] researched it"). Plaintiff has thus failed to demonstrate that the information it seeks to seal warrants trade secret protection.

Therefore, the Court should reject all of Plaintiff's proposed redactions to Galica Decl. Ex. 8, which all cover generic and/or public information not qualified for trade secret protection. Plaintiff has offered no other justifying grounds for sealing.

**B.      Plaintiff's Proposed Redactions to Galica Decl. Ex. 8,** *i.e.***, Mr. Longson's August 15, 2024 Deposition Transcript, Are Not Justified**

As a preliminary matter, Plaintiff inexplicably includes multiple portions of Mr. Longson's deposition transcript not at issue in Galica Decl. Ex. 9, *e.g.*, 94:25-95:6, 96:19. At the same time, Dkt. No. 136-9 includes redactions not listed in Dkt. No. 136, *e.g.*, 122:21-22, for which Plaintiff has failed to provide any justification and should be rejected. Again, it is Plaintiff—not Defendants—who fails to comply with the Court's guidance (*e.g.*, in Dkt. No. 93) and Civil L.R. 95 to provide proper support for its proposed redactions. This shows Plaintiff's clear lack of diligence in proposing redactions.

Plaintiff fares no better as to its specific proposed redactions actually at issue. ***First***, as noted above with the nanocoating example, Plaintiff seeks to redact from Galica Decl. Ex. 9 generic and/or public information not qualified for trade secret protection even when it knows—and has been repeatedly reminded of the clear public nature of such information. Examples of Plaintiff's requests go beyond its attempt to redact "nanocoating," which it currently advertises on its public website. For instance, as to 97:12, it is publicly known that Plaintiff's cameras use polycarbonate. *See, e.g.*, Dkt.

No. 121 at 8-9 (citing Dkt. No. 121-12, Compology's public slides disclosing the use of "Steel + Polycarbonate construction"). As another example, for 103:21-25, multiple public sources have disclosed the components listed here, including the public portions of Plaintiff's own ITS. *See, e.g.*, Dkt. No. 114-4 at 7. As yet another example, it is also public knowledge that Plaintiff's cameras, specifically the R11 model, employs stereovision, despite Plaintiff's proposed redactions at to 123:7-11, 13, 16, 19, 21-22; 124:2-7, 9-13, 16-17, 20, and 23; and 125:6-11. Dkt. No. 126 at 19-20; *cf.* Dkt. No. 121 at 5 (discussing in detail evidence of public disclosures of Plaintiff's use of stereovision for R11). As one last example, Plaintiff contradicts its own position by seeking to redact 126:20 and 128:6 when they are direct quotations of the public portion of ITS. *See* Dkt. No. 126 at 20; *cf.* Dkt. No. 114-4 at 8. These proposed redactions are emblematic of Plaintiff's attempt to identify its trade secrets: Plaintiff simply cannot keep its story straight as to what it believes is (or is not) a trade secret. Compounding the issue is the fact that Defendants have shown—time and time again—that what Plaintiff seeks to redact is clearly public. Plaintiff's clear inability to keep straight what it considers to be a trade secret and what it concedes to be public continues to burden the Court and prejudice Defendants. It should not continue to be tolerated. ***Second***, Plaintiff's proposed redactions cover high-level generalizations, *e.g.*, of design goals, that cannot plausibly qualify as trade secrets to merit sealing. For instance, 122:21-22 covers generic discussion that the lens assembly ought to have adequate performance in various basic aspects that anyone designing a camera would know to think about, without giving any specific metrics. Similarly, 126:24-25 is a basic explanation of the known concept of a "fixed focus lens" which cannot possibly be a trade secret. Plaintiff's proposed redaction of 140:24-25 is the epitome of extremely generic statement. Plaintiff does not and cannot articulate any other tenable basis for its proposed redactions.

Therefore, none of Plaintiff's proposed redactions to Galica Decl. Ex. 9 is warranted, for they all cover generic and/or public information not qualified for trade secret protection. Plaintiff has offered no other justifying grounds. The Court should thus reject all proposed redactions.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny all of Plaintiff's proposed redactions as to Galica Decl. Exs. 8-9 as set forth in Dkt. No. 136.

| | |
|---|---|
| Dated: October 21, 2024 | Respectfully Submitted, |
| | /s/ Matthew S. Galica |
| | Arameh Zargham O'Boyle (SBN: 239495)<br>AZOboyle@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Telephone:    (310) 586-3200<br>Facsimile:     (310) 586-3202 |
| | James M. Wodarski (Admitted Pro Hac Vice)<br>JWodarski@mintz.com<br>Michael C. Newman (Admitted Pro Hac Vice)<br>MCNewman@mintz.com<br>Matthew S. Galica (Admitted Pro Hac Vice)<br>MSGalica@mintz.com<br>James J. Thomson (Admitted Pro Hac Vice)<br>JJThomson@mintz.com<br>Sean M. Casey (Admitted Pro Hac Vice)<br>SMCasey@mintz.com<br>Tianyi Tan (Admitted Pro Hac Vice)<br>TTan@mintz.com<br>Stephen Chen (Admitted Pro Hac Vice)<br>SChen@mintz.com<br>Amy LoBue (Admitted Pro Hac Vice)<br>ALoBue@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>One Financial Center<br>Boston, MA 02111<br>Telephone:    (617) 542-6000<br>Facsimile:     (617) 542-2241 |
| | Attorneys for Defendants<br>RECYCLE TRACK SYSTEMS, INC., and<br>RECYCLESMART SOLUTIONS INC. |