1  Arameh Zargham O'Boyle (SBN: 239495)
   AZOboyle@mintz.com
2  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
   2049 Century Park East, Suite 300
3  Los Angeles, CA 90067
   Telephone:    (310) 586-3200
4  Facsimile:    (310) 586-3202

5  James M. Wodarski *(Admitted Pro Hac Vice)*
   JWodarski@mintz.com
6  Michael C. Newman *(Admitted Pro Hac Vice)*
   MCNewman@mintz.com
7  Matthew S. Galica *(Admitted Pro Hac Vice)*
   MSGalica@mintz.com
8  James J. Thomson *(Admitted Pro Hac Vice)*
   JJThomson@mintz.com
9  Sean M. Casey *(Admitted Pro Hac Vice)*
   SMCasey@mintz.com
10 Tianyi Tan *(Admitted Pro Hac Vice)*
   TTan@mintz.com
11 Stephen Chen *(Admitted Pro Hac Vice)*
   SChen@mintz.com
12 Amy LoBue *(Admitted Pro Hac Vice)*
   ALoBue@mintz.com
13 MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
   One Financial Center
14 Boston, MA 02111
   Telephone:    (617) 542-6000
15 Facsimile:    (617) 542-2241

16 Attorneys for Defendants
   RECYCLE TRACK SYSTEMS, INC., and
17 RECYCLESMART SOLUTIONS INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>Plaintiff,<br>v.<br><br>RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.,<br><br>Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 137)**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed:    August 4, 2023<br>Trial Date:    December 9, 2024 |

DEFENDANTS' RESPONSE TO DKT. NO. 137 (CASE NO. 3:23-CV-04804-WHA)

1    Pursuant to Civil L.R. 79–5(f)(4), Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions Inc. ("Defendants") hereby respond to Plaintiff's Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 137).

Plaintiff's proposed redactions as set forth in Dkt. No. 137 are, at best, overbroad and cover non-trade-secret information, including information that Plaintiff knows to be public. *See, e.g.*, Dkt. No. 137 at 8 (asking that the Court redact the type of coating it uses and publicly advertises); *cf.* Dkt. No. 121 at 9 (noting Plaintiff's public disclosure that it employs nanocoating for its cameras). None of these proposed redactions qualifies for sealing. Worse, as explained numerous times before, Plaintiff's repeated requests that the Court seal such clearly public information only amplifies its continued inability to identify any trade secret in this case. And, as with all of its prior sealing requests, Plaintiff rehashes the identical, boilerplate assertions of harm for each of its proposed redactions— which is legally improper and factually untenable. *Compare, e.g.*, Dkt. Nos. 114, 128, and 136 *with* Dkt. No. 137; *but see, e.g.*, Dkt. Nos. 121 and 129.

Plaintiff's alleged "undue burden" of having to justify its sealing requests is unfounded.[1] The reality is that, to date, Plaintiff has imposed undue burden on both the Court and Defendants with its repeated attempts to redact demonstrably public "trade secrets." Indeed, as with the "coating" example above, all of Plaintiff's support for its voluminous requests to seal amounts to boilerplate and conclusory statements against Defendants' unrebutted evidence of its various public disclosures of Plaintiff's alleged trade secrets. This Court, Defendants, and the public should not continue to be burdened and prejudiced by Plaintiff's (1) inability to adequately identify its alleged trade secrets in this case, (2) failure to properly support any of its proposed redactions, or (3) repeated attempts to redact alleged trade secrets (*e.g.*, nanocoating) that have inarguably been shown to be publicly known. All of Plaintiff's proposed redactions should be rejected.

---

[1] Plaintiff baselessly alleges that Defendants failed to "follow this Court's prior orders and the Local Rules" yet intriguingly does not cite a single applicable order or rule. Defendants have excerpted the exhibits, where possible, to only the portions discussed or referenced by its briefing. Defendants have also cited existing filings on the docket, instead of filing duplicative exhibits, if possible. The number of exhibits Defendants still had to file in support of its motion for summary judgment is a direct result of Plaintiff's ongoing failure, if not outright refusal, to specify and narrow its trade secret allegations.

## I. LEGAL STANDARD

Courts have long recognized the public's right of access to judicial proceedings. For motions and their attachments that are "more than tangentially related to the merits of a case," sealing is only proper upon a showing of **compelling reasons**. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Even when filings only tangentially relate to the merits, the party seeking to maintain the secrecy thereof must still show a **particularized good cause** to justify sealing. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); Fed. R. Civ. P. 26(c).

Sealing orders "may issue only upon a request that establishes that the [information] is privileged or protectable as trade secret or otherwise entitled to protection under the law." Civil L.R. 79–5(b). All requests to seal **must be "narrowly tailored,"** such that **only sealable information** is sought to be redacted from public access. *Id.* (emphases added). "'[V]ague boilerplate language or nebulous assertions of potential harm' will not suffice to support redaction." Dkt. No. 93 at 2 (citing *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019)). "[O]verly broad requests to seal may result in the denial of the motion." Civil L.R. 79–5(f)(6).

## II. ARGUMENT

As with all its prior sealing requests, Plaintiff asserts that its proposed redactions "identify and describe" its trade secrets, which is the only ground provided in support of sealing. Dkt. No. 137. Also as with all its prior sealing requests, this assertion is untrue. Just as it fails to specify any legitimate trade secrets, Plaintiff again fails to specify any potential injury. *See id.* In fact, Plaintiff's assertion of "harm" is recycled, almost verbatim, from its prior declarations. *Compare* Dkt. Nos. 114-1, 128-1, and 136-1 *with* Dkt. No. 138. Plaintiff's formulaic declarations cannot and do not provide any "evidentiary support" for its proposed redactions. *See* Dkt. No. 93 at 2 ("[Sealing motions] must provide evidentiary support where necessary, such as by sworn declaration.").

However, Plaintiff's latest regurgitation of its unfounded sealing requests is extra egregious because Plaintiff has long known and has been repeatedly shown—at least by Defendants' prior briefing—of the public nature of much of the information it still seeks to redact. There can be no plausible excuse for Plaintiff's failure to exclude such public information from it proposed redactions, let alone any excuse for its affirmative attempts to keep such information from the public. For these

reasons, and the details below, all of Plaintiff's proposed redactions should be rejected.

### A. Plaintiff's Proposed Redactions to Defendants' Memorandum in Support of Motion for Summary Judgment and Galica Decl. Exs. 1-2 Are Not Justified

First, Plaintiff seeks to redact passages from Defendants' Memorandum and Galica Decl. Exs. 1-2 (*i.e.*, Plaintiff's interrogatory responses and Defendants' formal discovery correspondence), each of which references Plaintiff's Identification of Trade Secret ("ITS"), its fact and expert deposition transcripts, and/or the parties' expert reports. Plaintiff's interrogatory responses even repeats verbatim its ITS in the portions at issue. *Compare, e.g.*, Dkt. No. 133-2 at 10 *with* Dkt. No. 47 (Ex. A) at 7-8, 11. For the reasons in Defendants' prior oppositions to Plaintiff's sealing requests (Dkt. Nos. 121 and 129) and the details in Section II.B *infra*, none of these underlying materials qualifies for redactions. Therefore, Defendants' Memorandum and Galica Decl. Exs. 1-2 referencing or repeating the same do not and cannot independently qualify for redactions.

Second, Plaintiff's proposed redactions to Defendants' Memorandum and Galica Decl. Exs. 1-2 lack the requisite evidentiary support, even if examined on their own. Indeed, the evidentiary record shows that such proposed redactions cover generic and/or public information, a fact that Plaintiff is or should be aware of given, at least, Defendants' prior filings in this case. As an example, Plaintiff's proposed redaction to page 12 of Defendants' Memorandum is plainly unwarranted, for it is public knowledge that its R11 camera employs stereovision, and that its R12 and R13 cameras do not employ stereovision, as Defendants have previously pointed out. *See* Dkt. No. 137 at 7-8; *cf.* Dkt. No. 121 at 5. As just another example, Plaintiff's insistence on sealing the type of coating used on its cameras is doomed by the public advertising of its use of nanocoating on its own website. *See, e.g.*, Dkt. No. 137 at 8, 10, 12; *cf.* Dkt. No. 121 at 9 (citing Dkt. No. 121-13, RoadRunner's public webpage, stating "Grime-resistant lens nanocoating keeps the camera clean").

Third, Plaintiff's proposed redactions to Defendants' Memorandum and Galica Decl. Exs. 1-2 also appear self-contradictory. For instance, Plaintiff twice seeks to redact the phrase that it "trained its ML models associated with its fullness level" on page 19 of Defendants' Memorandum, when the exact same phrase on the exact same page just two or four lines above is not redacted (and emphasized in bold italic font). *See* Dkt. No. 137 at 9-10; Dkt. No. 132-1 at 19. At best, Plaintiff shows a clear

lack of diligence when proposing its redactions.

The Court should reject all of Plaintiff's proposed redactions to Defendants' Memorandum or Galica Decl. Exs. 1-2, for they all cover generic and/or public information unqualified for trade secret protection. Plaintiff has offered no other justifying grounds for sealing.

### B.  Plaintiff's Proposed Redactions to the Fact and Expert Deposition Transcripts as Well as Expert Reports (*i.e.*, Galica Decl. Exs. 3-5 and 9-14) Are Not Justified

First, Plaintiff seeks to redact passages from Galica Decl. Ex. 3, *i.e.*, the opening expert report of its technical expert, Mr. Hoarty, which repeats verbatim its ITS (including its public portions). Contrary to Plaintiff's representation, it has not narrowly tailored its proposed redactions; it has done just the opposite. For example, paragraph 43 of Mr. Hoarty's opening report is a verbatim copy-and-paste of page 6, lines 3-8 of the ITS. Yet Plaintiff's proposed redactions to the former is much broader than those to the latter. *Compare* Dkt. No. 114-3 (ITS with proposed redactions) *with* Dkt. No. 138-4. As another example, paragraph 44 of Mr. Hoarty's opening report is a verbatim copy-and-paste of page 6, lines 9-16 of the ITS. Plaintiff proposes no redactions at all to the latter (*i.e.*, ITS at 9) but now seeks to redact a considerable portion of the former (*i.e.*, Hoarty Opening Rpt. ¶ 44). Plaintiff's inability to keep straight what it considers to be a trade secret and what it has conceded to be public demonstrates its continued failure, if not refusal, to meet its basic obligation to identify its alleged trade secrets clearly and specifically in this case. The Court has already told Plaintiff to have a firm grasp of its trade secrets, but Plaintiff's attempts to redact what it has already conceded is public confirms it does not.

Second, Plaintiff seeks to redact passages from Galica Decl. Exs. 3-5 and 9-14 that encompass general and/or admittedly non-trade-secret information, including information that its own fact and expert witnesses have already conceded are "common" or "known." For instance, Plaintiff seeks to redact "the field of view dimensions of its R12 and R13 camera lenses" as alleged trade secrets (Dkt. No. 137 at 13-14), but its technical expert Mr. Hoarty has unequivocally disavowed any exact dimension to be a trade secret. *See, e.g.*, Dkt. No. 133-5 (Hoarty Depo. Tr.) at 161:12-17; *id.* at 162:5-6 ("You don't have to be precise with any parameter to make something work."). Accordingly, Mr. Hoarty has also refuted Plaintiff's boilerplate assertion that the public disclosure of such dimensions

would cause any harm such that the information should remain confidential.

Third, Plaintiff seeks to redact public information from Galica Decl. Exs. 3-5 and 9-14. Instead of rebutting Defendants' showing of public disclosures in their prior filings, Plaintiff simply relies on its *ipse dixit* for its proposed redactions. The lack of diligence and the lack of justification could not be clearer. As just one example, Plaintiffs asks that the Court redact paragraphs 106-108 of Mr. Hoarty's opening report, copied verbatim from ITS page 16, line 4 through page 17, line 16. As Defendants have discussed in detail in Dkt. No. 121, the information herein has been publicly disclosed through multiple sources including the unredacted portions of the ITS itself, Compology's U.S. Patent No. 10,943,356, and the public presentations given by Compology's own employees. *See* Dkt. No. 121 at 4-5, 13-15. Similarly, Plaintiff seeks to redact its publicly known use of polycarbonate from pages 96-97 of Mr. Longson's deposition. *See* Dkt. No. 137 at 19; Dkt. No. 121 at 8-9. All of Plaintiff's proposed redactions should be rejected.

Fourth, Plaintiff's proposed redactions appear self-contradictory. For instance, Plaintiff asks that the Court redact *inter alia* the phrase "fulness analysis" from paragraph 110 of Mr. Hoarty's opening report, alleging specifically that such portions "describe[] the process required for RoadRunner's product to generate a container ***fullness analysis***." Dkt. No. 137 at 15-16. No plausible justifications can thus exist for Plaintiff's sealing requests.

Fifth, Plaintiff plainly fails to provide any justification for some of its proposed redaction, an omission that should doom its sealing requests as facially inadequate. For example, Plaintiff redacted multiple portions of pages 124-125 and 157-160 of Mr. Hoarty's Sept. 12, 2024 deposition transcript (Galica Decl. Ex. 4). However, Plaintiff's briefing (Dkt. No. 137) and declaration (Dkt. No. 138) do not even mention any of these proposed redactions, let alone provide any justification thereof.

Thus, none of Plaintiff's proposed redactions to Galica Decl. Exs. 3-5 and 9-14 is warranted, for they all cover generic and/or public information not qualified for trade secret protection. Plaintiff has offered no other justifying grounds. The Court should thus reject all proposed redactions.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny all of Plaintiff's proposed redactions as set forth in Dkt. No. 137.

| | |
|---|---|
| Dated: October 21, 2024 | Respectfully Submitted, |
| | /s/ Matthew S. Galica |
| | Arameh Zargham O'Boyle (SBN: 239495)<br>AZOboyle@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Telephone:   (310) 586-3200<br>Facsimile:    (310) 586-3202 |
| | James M. Wodarski (Admitted Pro Hac Vice)<br>JWodarski@mintz.com<br>Michael C. Newman (Admitted Pro Hac Vice)<br>MCNewman@mintz.com<br>Matthew S. Galica (Admitted Pro Hac Vice)<br>MSGalica@mintz.com<br>James J. Thomson (Admitted Pro Hac Vice)<br>JJThomson@mintz.com<br>Sean M. Casey (Admitted Pro Hac Vice)<br>SMCasey@mintz.com<br>Tianyi Tan (Admitted Pro Hac Vice)<br>TTan@mintz.com<br>Stephen Chen (Admitted Pro Hac Vice)<br>SChen@mintz.com<br>Amy LoBue (Admitted Pro Hac Vice)<br>ALoBue@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>One Financial Center<br>Boston, MA 02111<br>Telephone:   (617) 542-6000<br>Facsimile:    (617) 542-2241 |
| | Attorneys for Defendants<br>RECYCLE TRACK SYSTEMS, INC., and<br>RECYCLESMART SOLUTIONS INC. |