# EXHIBIT 39

```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3   ----------------------------------------------X
 4   ROADRUNNER RECYCLING, INC.,
 5                    Plaintiff,
 6                    CASE.: 3:23-cv-04804-WHA
 7         -against-
 8
 9   RECYCLE TRACK SYSTEMS, INC., and
     RECYCLESMART SOLUTIONS, INC.,
10
                     Defendants.
11   ----------------------------------------------X
12       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
13              VIDEOTAPED DEPOSITION OF
14                 FORREST A. VICKERY
15                 NEW YORK, NEW YORK
16                  October 2, 2024
17
18   REPORTED BY:  KIARA MILLER
19   FILE NO.:  554078
20
21
22
23
24
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Transcript of Forrest A. Vickery

Conducted on October 2, 2024                                    6

| | | |
|---|---|---|
| 1 | COURT REPORTER:  Please state your | |
| 2 | name and address for the record. | |
| 3 | THE WITNESS:  Forrest Vickery. | 11:08:27 |
| 4 | Business address is 100 Howe Avenue, | 11:08:30 |
| 5 | Suite 220N, Sacramento, California, | 11:08:33 |
| 6 | 95825. | 11:08:38 |
| 7 | EXAMINATION BY | 11:08:41 |
| 8 | MR. THOMSON: | 11:08:41 |
| 9 | Q    Good morning, Mr. Vickery.  We just went | 11:08:48 |
| 10 | over -- could you please state and spell your | 11:08:50 |
| 11 | name for the record? | 11:08:53 |
| 12 | A    Yeah, Forrest, F-O-R-R-E-S-T, Vickery, | 11:08:54 |
| 13 | V-I-C-K-E-R-Y. | 11:08:58 |
| 14 | Q    And what is you current address? | 11:09:02 |
| 15 | A    My work address is 100 Howe Avenue, | 11:09:04 |
| 16 | Suite 220N, Sacramento, California 95825. | 11:09:07 |
| 17 | Q    Okay.  So I take it you've been deposed | 11:09:15 |
| 18 | before; is that accurate? | 11:09:23 |
| 19 | A    Yes. | 11:09:24 |
| 20 | Q    Approximately how many times? | 11:09:25 |
| 21 | A    I think about 60 or more than 60. | 11:09:26 |
| 22 | Q    Do you have a copy of your -- the | 11:09:29 |
| 23 | reports that you issued in this matter in | 11:09:30 |
| 24 | front of you? | 11:09:32 |
| 25 | A    Yes, I do. I have copies of them here. | 11:09:33 |

| | | |
|---|---|---|
| 1 | correct? | 01:13:49 |
| 2 | A    I did not assign a dollar amount to | 01:13:49 |
| 3 | them.  I know that Mr. Hoarty, the technical | 01:13:51 |
| 4 | expert, testified that each of these has | 01:13:55 |
| 5 | independent economic value, and that each of | 01:13:58 |
| 6 | them on their own plays a role in the ability | 01:14:03 |
| 7 | of the business to facilitate products and | 01:14:06 |
| 8 | sales and then generate profit. | 01:14:09 |
| 9 | Q    Okay.  Further down the page, you state | 01:14:14 |
| 10 | that: | 01:14:17 |
| 11 | "Effectively, all of the trade | 01:14:17 |
| 12 | secrets in tandem work together as a | 01:14:20 |
| 13 | cohesive system to create outcomes that | 01:14:22 |
| 14 | have economic value." | 01:14:26 |
| 15 | You didn't put a dollar figure on the | 01:14:27 |
| 16 | outcomes derived from the system, correct? | 01:14:30 |
| 17 | A    I did not assign a dollar to that | 01:14:33 |
| 18 | economic value.  What I'm getting at there is | 01:14:35 |
| 19 | that, there is an economic benefit to the use | 01:14:40 |
| 20 | of the trade secrets.  Individually, they | 01:14:43 |
| 21 | have their own independent economic value, | 01:14:46 |
| 22 | and then together they create the system, | 01:14:49 |
| 23 | which is then deployed in business. | 01:14:52 |
| 24 | Q    Okay. So without discerning what the | 01:14:55 |
| 25 | dollar value is, what's the basis for saying | 01:15:02 |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
Transcript of Forrest A. Vickery
Conducted on October 2, 2024

93

| | | |
|---|---|---|
| 1 | that they have economic value? | 01:15:05 |
| 2 | A   Well, one basis of them having economic | 01:15:08 |
| 3 | value is that Roadrunner purchased -- | 01:15:11 |
| 4 | purchased them, and my understanding is that | 01:15:13 |
| 5 | the primary driver behind that was getting | 01:15:16 |
| 6 | the trade secrets, and that was the principle | 01:15:22 |
| 7 | aspect of it. | 01:15:23 |
| 8 | Q   You don't put a dollar value on the | 01:15:27 |
| 9 | waste metering system itself, correct? | 01:15:30 |
| 10 | A   I did not appraise or value the system | 01:15:34 |
| 11 | itself.  Rather, it was just looking at the | 01:15:38 |
| 12 | avoided cost. | 01:15:43 |
| 13 | Q   You didn't calculate the value of any | 01:15:48 |
| 14 | particular trade secret within the waste | 01:15:50 |
| 15 | metering system, correct? | 01:15:52 |
| 16 | A   I didn't do valuations of any of the | 01:15:55 |
| 17 | individual trade secrets. | 01:15:56 |
| 18 | Q   You didn't analyze the relative value of | 01:15:58 |
| 19 | any particular trade secrets within the | 01:16:01 |
| 20 | overall waste metering recycling system, | 01:16:03 |
| 21 | correct? | 01:16:06 |
| 22 | MR. GIBSON:  Objection, form. | 01:16:08 |
| 23 | A   I didn't perform any valuations.  So, | 01:16:09 |
| 24 | therefore, I didn't assign any relative | 01:16:11 |
| 25 | value.  Rather, I looked at the total | 01:16:13 |

```
1              C E R T I F I C A T E
2
3    I, KIARA MILLER,
4    a Shorthand Reporter and Notary Public of the
5    State of New York, do hereby certify:
6
7    That the witness whose examination is
8    hereinbefore set forth, was duly sworn or
9    affirmed by me, and the foregoing transcript is
10   a true record of the testimony given by such
11   witness.
12
13   I further certify that I am not related to any
14   of the parties to this action by blood or
15   marriage, and that I am in no way interested in
16   the outcome of this matter.
17
18                    *Kiara Miller*
19              _____
20                    KIARA MILLER
21
22
23
24
25
```