Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:     (310) 586-3200
Facsimile:     (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>                    Plaintiff,<br><br>         v.<br><br>RECYCLE TRACK SYSTEMS, INC., and<br>RECYCLESMART SOLUTIONS INC.,<br><br>                    Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 146)**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed:      August 4, 2023<br>Trial Date:             December 9, 2024 |

1        Per Civil L.R. 7-11(b), Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions

2  Inc. ("Defendants") oppose Plaintiff's Administrative Motion to File Under Seal (Dkt. No. 146).

3        Plaintiff's latest request to seal fails to meet the substantive or procedural requirements as set

4  forth respectively in Civil L.R. 79-5 and 7-11(a), as detailed below. Plaintiff's proposed redactions in

5  Dkt. No. 146 once again shows Plaintiff's lack of diligence—let alone any substantive good cause or

6  compelling reason—when it asks the Court to redact non-trade-secret information known to be public,

7  and when its proposed redactions conflict with its own public filings. *See, e.g.*, Dkt. No. 146 at 3

8  (seeking to redact Dkt. No. 146-3 at 6, 13-15, *i.e.*, references to "sub-par image detection"); *cf. id.* at

9  9 (publicly disclosing the same as being used in Plaintiff's products). As Defendants have already

10  explained numerous times before, with supporting evidence, Plaintiff's repeated requests that the

11  Court seal clearly public information amplifies its continued inability to identify any trade secret in

12  this case. *See, e.g.*, Dkt. No. 121, 129, 139, and 140. Plaintiff's apparent inconsistencies when

13  proposing redactions within a single document shows its perfunctory approach even further.

14  Moreover, as with all of its prior sealing requests, Plaintiff rehashes for at least the sixth time in this

15  case the same boilerplate assertions of harm for each of its proposed redactions—which is legally

16  improper and factually untenable. *See, e.g.*, Dkt. Nos. 114, 128, 136, 137, and 143.

17        This Court, Defendants, and the public should not continue to be burdened and prejudiced by

18  Plaintiff's (1) inability to adequately identify its alleged trade secrets in this case, (2) failure to propose

19  consistent redactions as to what it alleges is or is not confidential, (3) failure to properly support any

20  of its proposed redactions, or (4) repeated attempts to redact alleged trade secrets shown to be publicly

21  known without rebuttal. All of Plaintiff's proposed redactions should be rejected.

## I.    LEGAL STANDARD

23        Courts have long recognized the public's right of access to judicial proceedings. Sealing is

24  only proper upon a showing of ***compelling reasons*** or a ***particularized good cause***. *Ctr. For Auto*

25  *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016); *Kamakana v. City & Cty. of*

26  *Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); Fed. R. Civ. P. 26(c). Sealing orders "may issue only

27  upon a request that establishes that the [information] is privileged or protectable as trade secret or

28  otherwise entitled to protection under the law." Civil L.R. 79–5(b). All requests to seal ***must be***

*"narrowly tailored,"* such that **only sealable information** is sought to be redacted from public access. *Id.* (emphases added). "'[V]ague boilerplate language or nebulous assertions of potential harm' will not suffice to support redaction." Dkt. No. 93 at 2 (citation omitted). "[O]verly broad requests to seal may result in the denial of the motion." Civil L.R. 79-5(f)(6).

## II.    ARGUMENT

As with all its prior sealing requests, Plaintiff asserts that the information it seeks to redact all "constitutes RoadRunner's trade secrets," which is the only ground provided to support sealing. Dkt. No. 146 at 2. Also as with all its prior sealing requests, this assertion is untrue. In addition, just as it fails to specify any legitimate trade secrets, Plaintiff once again fails to specify any potential injury. *See id.* In fact, Plaintiff's assertion of "harm" is again recycled verbatim from its prior declarations. *Compare* Dkt. Nos. 114-1, 128-1, 136-1, 138, 143-1 *with* Dkt. No. 146. Such formulaic declarations cannot and do not provide any "evidentiary support" for sealing. *See* Dkt. No. 93 at 2.

Plaintiff's latest regurgitation of its unfounded sealing requests continues its pattern of asking the Court to redact information that it has long known and has been repeatedly shown—at least by all of Defendants' prior briefing—to be public. Similarly, Plaintiff continues to fail to propose redactions that could consistently reflect what it considers confidential or not, even within a single document. There can be no plausible excuse for Plaintiff's repeated and continued failures to properly propose, let alone adequately support, its redactions when Plaintiff has filed no fewer than five motions and/or statements seeking redactions of dozens of documents, including under the Court's detailed guidance.

Adding to its deficiencies is Plaintiff's failure to comply with Civil L.R. 7-11(a) that requires it to include a stipulation or an explanation for inability to reach a stipulation on its request. For these reasons and as further detailed below, all of Plaintiff's proposed redactions should be rejected.

### A.    Plaintiff's Proposed Redactions to Its MSJ Opposition Are Not Justified

Plaintiff seeks to redact passages from its Opposition to Defendants' Motion for Summary Judgment, each of which references the accompanying exhibits that Plaintiff also seeks to redact. *See* Dkt. Nos. 146 and 146-3. As detailed in Sections II.B through II.D *supra*, none of such underlying exhibits qualifies for redactions. Therefore, Plaintiff's Opposition referencing or repeating the same do not and cannot independently qualify for any redaction.

1    Moreover, Plaintiff's proposed redactions to its MSJ Opposition lack the requisite evidentiary

2    support, even if examined on their own. The evidentiary record shows that such proposed redactions

3    cover generic and/or public information, a fact that Plaintiff is or should be aware of given, at least,

4    Defendants' prior filings in this case. As just one example, Plaintiff's proposed redactions as to the

5    "type of coating" used on its cameras on pages 7 and 20 are plainly unwarranted, for it is public

6    knowledge that, *e.g.*, Plaintiff uses nanocoating on its cameras, as Defendants have repeatedly pointed

7    out before. *See, e.g.*, Dkt. No. 146 at 3-4; *cf.* Dkt. No. 121 at 9 (citing RoadRunner's public webpage

8    that states "Grime-resistant lens nanocoating keeps the camera clean"); Dkt. No. 140 at 3 (same). As

9    another example, Plaintiff even seeks to redact the fact that its waste camera sensors have a lens and

10   an image sensor, alleging that such components are "confidential, non-public." It could not be more

11   apparent to anyone with common sense that cameras would include a lens and an image sensor, not

12   to mention that Plaintiff has publicly disclosed such components on various occasions, including in

13   the publicly filed portions of its Identification of Trade Secrets ("ITS"). *See* Dkt. No. 114-4 at 6-9.

14   As yet another example, Plaintiff seeks to redact the mere phrase "sub-par image detection" and the

15   abbreviation "SPID," when even its own motion to seal (Dkt. No. 146) publicly discloses "sub-par

16   image detection" as being used in its products. *See* Dkt. No. 146-3 at 6, 13-15; *cf.* Dkt. No. 146 at 9.

17   The Court should reject all of Plaintiff's proposed redactions to its MSJ Opposition, for they

18   cover generic and/or public information unqualified for trade secret protection. Plaintiff has offered

19   no other justifying grounds for sealing.

20   **B.    Plaintiff's Proposed Redactions to the Hoarty Reports Are Not Justified**

21   Plaintiff seeks to redact various portions of the three expert reports submitted by its technical

22   expert, Mr. Hoarty, invariably relying on its *ipse dixit* that the proposed redactions cover trade secrets.

23   *See* Dkt. No. 146 at 5-16. Not so. To begin with, as observed in Defendants' previous filings including

24   MSJ, most of Mr. Hoarty's opening report repeats verbatim Plaintiff's ITS, which does not warrant

25   redactions in the first place. *See, e.g.*, Dkt. No. 133-1 at 9-10; Dkt. No. 140 at 4. Worse still, Plaintiff

26   again seeks to redact passages in Mr. Hoarty's opening report—copied and pasted from the ITS—

27   that are not redacted at all or have much narrower proposed redactions in the ITS. *Compare, e.g.*, Dkt.

28   No. 146-28 at ¶ 44 *with* Dkt. No. 114-3 at 9 (ITS with no proposed redactions to the same passage).

1   Moreover, Plaintiff's proposed redactions to Mr. Hoarty's opposition report are not justified

2   because they cover public and/or generic information. Plaintiff's representation that its has proposed

3   the narrowest redactions possible is demonstrably false, when it seeks to redaction, *e.g.*, information

4   made public at least by the public filing of the redacted ITS such as its cameras' purported ability to

5   "communicate with the server" at low-power consumption. *Compare* Dkt. No. 146-29 at ¶ 63 *with*

6   Dkt. No. 114-4 at 9-10 (public ITS disclosing the same information).

7   Furthermore, for Mr. Hoarty's reply report (Dkt. No. 146-30, Hoarty Decl. Ex. C), Plaintiff

8   did not even comply with Civil L.R. 79-5(d), requiring that it "highlight the portions for which sealing

9   is sought." The copy Plaintiff provided has no highlighting at all, and the Court and Defendants should

10   not be burdened with guessing which portions Plaintiff seeks to redact. Plaintiff's generic statements

11   in its motion certainly do not help identify its proposed reactions. *See* Dkt. No. 146 at 15-16.

12   The Court should reject all of Plaintiff's proposed redactions to Mr. Hoarty's reports, for they

13   cover generic and/or public information unqualified for trade secret protection. Plaintiff has offered

14   no other justifying grounds for sealing.

15   **C.   Plaintiff's Proposed Redactions to Exhibits 1-19 Are Not Justified**

16   Plaintiffs seeks to seal, each in their entirety, Exhibits 1-19 to the Streisand Declaration.[1] Each

17   of these exhibits correspond to the same-numbered exhibit attached to its ITS.[2] The corresponding

18   portions of Dkt. No. 146 are copied and pasted verbatim from Plaintiff's previous motion seeking to

19   seal the ITS and its exhibits. *Compare* Dkt. No. 146 at 16-22 *with* Dkt. No. 114 at 16-21. For at least

20   the same reasons explained in Defendants' opposition to Dkt. No. 114, none of these exhibits should

21   be sealed. *See* Dkt. No. 121 at 19-22. Plaintiff merely contends that such exhibits are trade secrets

22   with no support at all, when they include clearly public information, *e.g.*, photos of waste containers

23   out in the public with no label, tag, or metadata whatsoever. *See* Dkt. No. 146-21 and 146-22 (Exhibits

24   18-19). The Court should decline redacting any of Exhibits 1-19, for Plaintiff clearly fails to justify

---

26   [1] Plaintiff's Administrative Motion (Dkt. No. 146) refers to a certain "Mellema Declaration," but no
such declaration has been filed in support of the said motion. Defendants assume this is a typo for the
27   Streisand Declaration (Dkt. No. 146-1) actually filed.
[2] Defendants note that Plaintiff seeks to impose an undue burden on the Court and Defendants by
28   filing, again entirely under seal, these nineteen ITS exhibits that it has already filed on the docket,
and which Plaintiff has already sought to seal (albeit improperly). *See* Dkt. Nos. 47 and 114.

4

with any specificity the requested sealing thereof and because they cover public information.

###    D.    Plaintiff's Proposed Redactions to the Deposition Transcripts Are Not Justified

Plaintiff seeks redact portions of the deposition transcripts of fact and expert witnesses, *i.e.*, Exhibits 23, 32, 35, 38, and 40 to the Streisand Declaration. However, even at a glance, such proposed redactions are not justified. For example, Plaintiff again seeks to redact the generic statements that its cameras have "a lens" and "an image sensor" and that it needs to test its cameras from Mr. Longson's deposition transcript. Dkt. No. 146-23 at 95:3, 103:21. Plaintiff also seeks to redact generic statement that it tags container images—indisputably a publicly known fact—from Mr. Hoarty's deposition transcript. Dkt. No. 146-24 at 166. Plaintiff even seeks to redact references to "UUID" and the "S3" database from page 19 of Mr. Armstrong's deposition transcript when the very next page refers to "UUID" at least ten times and "S3" database at least once. Dkt. No. 146-25 at 19-20. As yet another example, Plaintiff insists on redacting the publicly disclosed "type of coating" and lithium thionyl chloride battery it uses from the deposition transcript of Mr. Baker, Defendants' technical expert. Dkt. No. 146 at 28; Dkt. No. 146-27 at 101:16, 101:20; *cf.* Dkt. No. 121 at 9, 11.

Therefore, none of Plaintiff's proposed redactions to the deposition transcripts is warranted, for they all cover generic and/or public information not qualified for trade secret protection. Plaintiff has offered no other justifying grounds. The Court should thus reject all proposed redactions.

###    E.    Plaintiff's Administrative Motion Violates Civil L.R. 7-11(a)

An administrative motion to file under seal "must be accompanied . . . by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Civil L.R. 7-11(a). Plaintiff's Administrative Motion is accompanied by neither. In fact, Plaintiff never met and conferred with Defendants such that a stipulation can be discussed. For this additional reason, the Court should deny Plaintiff's Administrative Motion. *See, e.g.*, *McBain v. Behr Paint Corp.*, No. 16-cv-07036-MEJ, 2017 U.S. Dist. LEXIS 107219, at *8 n.1 (N.D. Cal. July 11, 2017) (denying motion to seal where, among other reasons, plaintiff failed to comply with Civil L.R. 7-11(a)).

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny in its entirety Plaintiff's Administrative Motion to File Under Seal (Dkt. No. 146).

1    Dated: October 28, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

/s/ Matthew S. Galica

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
    POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:     (310) 586-3200
Facsimile:     (310) 586-3202

James M. Wodarski (Admitted Pro Hac Vice)
JWodarski@mintz.com
Michael C. Newman (Admitted Pro Hac Vice)
MCNewman@mintz.com
Matthew S. Galica (Admitted Pro Hac Vice)
MSGalica@mintz.com
James J. Thomson (Admitted Pro Hac Vice)
JJThomson@mintz.com
Sean M. Casey (Admitted Pro Hac Vice)
SMCasey@mintz.com
Tianyi Tan (Admitted Pro Hac Vice)
TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)
SChen@mintz.com
Amy LoBue (Admitted Pro Hac Vice)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
    POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.