JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:    (949) 623-7200
Facsimile:    (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **CORRECTED DECLARATION OF LENA STREISAND IN SUPPORT OF PLAINTIFF ROADRUNNER RECYCLING, INC.'S RESPONSE TO DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 133)** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | |
| | Complaint Filed:   August 4, 2023<br>Trial Date:             December 9, 2024 |

## DECLARATION OF LENA STREISAND

I, Lena Streisand, hereby declare as follows:

1. I am an attorney at law licensed to practice before all courts in the State of California. I am an associate with the law firm of Jeffer Mangels Butler & Mitchell, LLP, counsel of record for Plaintiff RoadRunner Recycling, Inc. ("RoadRunner"). If called as a witness, I could and would competently testify to the following of my own personal knowledge. I make this declaration to correct my previously-filed declaration, Dkt. No. 138.

2. Attached hereto as Exhibit A is a true and correct copy of the redacted version of Defendants' Motion for Summary Judgment.

3. Attached hereto as Exhibit 1 is a true and correct copy of the corrected redacted version of RoadRunner's First Supplemental Responses to Defendants' First Set of Interrogatories, dated May 31, 2024.

4. Attached hereto as Exhibit 2 is a true and correct copy of the redacted version of Defendants' correspondence to RoadRunner (in the format it was attached as Exhibit 2 to Defendants' motion for summary judgment).

5. Attached hereto as Exhibit 3 is a true and correct copy of the redacted version of the opening expert report of W. Leo Hoarty.

6. Attached hereto as Exhibit 4 is a true and correct copy of the corrected redacted version of excerpts from the deposition of W. Leo Hoarty, Volume I.

7. Attached hereto as Exhibit 5 is a true and correct copy of the redacted version of excerpts from the deposition of W. Leo Hoarty, Volume II.

8. Attached hereto as Exhibit 9 is a true and correct copy of the redacted version of excerpts from the deposition of Timothy (Jay) Longson.

9. Attached hereto as Exhibit 10 is a true and correct copy of the corrected redacted version of the rebuttal expert report of Dr. Philip Greenspun.

10. Attached hereto as Exhibit 11 is a true and correct copy of the corrected redacted version of the rebuttal expert report of R. Jacob Baker.

11.     Attached hereto as Exhibit 12 is a true and correct copy of the corrected redacted version of excerpts from the deposition of Justin Armstrong.

12.     Attached hereto as Exhibit 13 is a true and correct copy of the redacted version of the reply expert report of W. Leo Hoarty.

13.     I am informed and believe that the contents of the proposed redactions disclose RoadRunner's trade secrets, including confidential financial information, such that the publication of its contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade secrets. I am informed and believe that the proposed redacted language contains confidential and proprietary trade secret information because they describe technical information about RoadRunner's products and services in its waste metering system, including its smart camera apparatus, optical assembly and design, image preprocessing techniques, machine learning training data, and algorithms and processes; RoadRunner has taken reasonable measures to keep such information secret; and RoadRunner derives independent economic value from this information not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

14.     In an effort to comply with L.R. 79-5(e), RoadRunner has only redacted the portions of the testimony that discuss or disclose RoadRunner's trade secrets.

15.     RoadRunner operates in a competitive market, and therefore, disclosure of RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information and trade secrets to further their competing products and thereby gain an unfair advantage from RoadRunner's years of research, development, and other experience in the industry.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 29th day of October, 2024, in Los Angeles, CA.

*/s/ Lena Streisand*
LENA STREISAND
