# EXHIBIT 5

### Page 242

```
          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA

ROADRUNNER RECYCLING, INC.,)
                           )
        Plaintiff,         )
                           )
VS                         ) Civil Action No.
                           ) 3:23-cv-04804-WHA
RECYCLE TRACK SYSTEMS,     )
INC., AND RECYCLESMART     )
SOLUTIONS, INC.,           )
                           )
        Defendants.        )
***********************************************
           REMOTE VIDEOTAPED DEPOSITION OF
                 WILLIAM LEO HOARTY
             Volume 2 - October 7, 2024
       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
***********************************************

Job No. 555646
Pages 242 - 493
Stenographically Reported by:
Susan S. Klinger, RMR-CRR, CSR
```

### Page 243

                    October 7, 2024

    REMOTE VIDEOTAPED DEPOSITION OF WILLIAM LEO
HOARTY, produced as a witness at the instance of
the Defendants, and duly sworn, was taken in the
above-styled and numbered cause on the 7th of
October, 2024, from 12:03 to 8:37, before Susan S.
Klinger, RMR-CRR, CSR in and for the States of
Texas and California, reported by stenographic
method pursuant to the Federal Rules of Civil
Procedure and the provisions stated on the record
or attached hereto.

### Page 244

A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFF:
    Joseph J. Mellema, Esquire
    JEFFER MANGELS BUTLER AND MITCHELL LLP
    3 Park Plaza, Suite 1100
    Irvine, California  92614
    949.623.7200

ON BEHALF OF THE DEFENDANTS:
    Matthew S. Galica, Esquire
    MINTZ, LEVIN, COHN, FERRIS, GLOVSKY &
    POPEO, P.C.
    One Financial Center
    Boston, Massachusetts  02111
    617.542.6000

Also Present:
    Charlie McGrath, videographer
    Mike Martinez, remote tech

### Page 245

                    I N D E X

WITNESS                                        PAGE
WILLIAM LEO HOARTY
EXAMINATION BY MR. GALICA                       246

                   E X H I B I T S

No.            Description
Exhibit 422  Opposition Report                  251
Exhibit 423  Email, RTS_00339710                320
Exhibit 424  Picture, RTS_00318118              326
Exhibit 425  FCC Filing, RTS_00333850           365
Exhibit 426  Picture, RTS_00318119              436
Exhibit 427  Photograph, RTS_00318120           447
Exhibit 428  R12 User Manual, RTS_00333865      449
Exhibit 429  Photograph, Hoarty Reply Report    466
Exhibit 430  RTS_00318121                       474
Exhibit 431  External Photographs               475

Case 3:23-cv-04804-WHA   Document 153-6   Filed 10/29/24   Page 3 of 5

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
Transcript of William Leo Hoarty, Volume 2
Conducted on October 7, 2024
2 (246 to 249)

**Page 246**

PROCEEDINGS

VIDEOGRAPHER: Here begins Day Number 2 in the videotaped deposition of William Leo Hoarty in the matter of RoadRunner Recycling, Incorporated versus Recycle Track Systems, Incorporated, et al in the United States District Court, Northern District of California, Case Number 3:23-cv-04804-WHA.

Today's date is October 7th, 2024. The time on the video monitor is 12:03 p.m. The remote videographer is Charlie McGrath representing Planet Depos. All parties of this video deposition are attending remotely.

Would counsel please voice-identify themselves and state whom they represent?

MR. GALICA: Matthew Galica from Mintz on behalf of defendants.

MR. MELLEMA: Joe Mellema of Jeffer Mangels Butler & Mitchell on behalf of plaintiff.

VIDEOGRAPHER: The court reporter today is Susan Klinger representing Planet Depos.

The witness will now be sworn.

WILLIAM L. HOARTY, having been first duly sworn testified as follows:

EXAMINATION

**Page 247**

BY MR. GALICA:

Q Good morning, Mr. Hoarty. How are you?
A I'm fine. Good morning again.
Q It is good to see you again.
   We have been through this once, but I want to walk through a couple of ground rules before we get going today. Is that all right?
A Of course.
Q Okay. So as you know, your testimony today is under oath as if it were being taken before a judge or jury, who will preside and observe over this proceeding. Do you understand that?
A I do.
Q Okay. And your testimony may, in fact, be presented before a judge or jury as part of this proceeding. Do you understand that?
A I do.
Q And because of that, it is important that you testify truthfully and to the best of your ability. Do you understand that?
A I do.
Q So throughout the day I'll be asking questions. If you do not understand the question, can you please ask me to clarify it?

**Page 248**

A I will do that.
Q Okay. If you do answer the question, I will assume that you understood my question; is that fair?
A Yes, it is.
Q Okay. If you need to take a break at any time, just let me know, but if I have a question pending, I'd ask that we wrap that up before we take the break. Is that okay?
A Yes, it is.
Q Okay. And you are doing a great job so far, but in the world of Zoom depositions, it gets tough when people start talking over each other or don't answer verbally, so I would first ask that all your answers are provided verbally. Is that okay?
A Yes.
Q So no hand gestures or head nods, okay?
A Understood.
Q And then so we avoid talking over each other, I would just ask that you please let me finish my entire question before you begin answering. Is that okay?
A Yes, it is.
Q And then I'll do my best to let you answer

**Page 249**

fully before I ask my next question. Is that okay?
A Yes.
Q Okay. Also your attorney may object from time to time today, but you're still obligated to answer the question unless you are specifically instructed by counsel not to answer. Do you understand that?
A Yes, I do.
Q Okay. Is there any reason you can't testify fully and truthfully today?
A No reason.
Q Okay. Did you do anything to prepare for today's deposition?
A Yes, I did. I reviewed my opposition report and my rebuttal -- and my reply report.
Q Okay. Did you read any other documents?
A Not -- no, not for -- not in preparation for this.
Q Okay. How else did you prepare for this beyond reading your opposition and reply reports?
A I had a discussion with counsel just to -- in general on what I -- what I am to expect, and it was -- I think we had two calls last week, both fairly brief.

---

426

1  employed are -- are the work of a lot of years of
2  R&D on the part of Compology, and the same parts
3  show up in their competitor's product. And it's
4  been my answer. It's a system, and a lot of
5  elements of the system are close or near
6  identical, and some are absolutely identical, and
7  it just points to misappropriation.
8      Q  How long did it take to -- for Compology
9  to design its visible flash LED?
10     MR. MELLEMA:  Objection, form.
11     A  I don't -- I don't know.  I don't have
12  that answer.
13     Q  How much did it cost Compology to develop
14  its visible flash LED?
15     MR. MELLEMA:  Objection, form.
16     A  I don't have that answer.
17     Q  Okay.  What's the economic value of
18  Compology's visible flash LED?
19     MR. MELLEMA:  Objection, form.
20     A  I haven't been asked to render an opinion
21  on that, so I don't have one.
22     Q  Okay.  I'm going to go to paragraph 56.
23     A  I'm there.
24     Q  In the last sentence you say:  Both
25  RecycleSmart's Pello and Compology's R12 device

---

427

1  include [REDACTED]
2  [REDACTED]
3  [REDACTED]
4  [REDACTED]
5      Do you see that?
6      A  I do.
7      Q  Okay.  Are all of these components part of
8  the overall trade secret you've been talking
9  about?
10     MR. MELLEMA:  Objection, form.
11     A  These components form a system that --
12  form the system of the camera sensor of Compology
13  that is a trade secret, and these are the -- these
14  elements are part of the system that forms a
15  successful product for taking pictures inside of a
16  waste container for up to five years and moving
17  those pictures to a server system that can further
18  process them and do useful work on them.
19     They were the first to -- they, Compology,
20  was the first to do this, and these are the
21  components that they brought together that made
22  that possible.
23     Q  Is the combination of a [REDACTED]
24  [REDACTED]
25  [REDACTED]

---

428

1  [REDACTED] one of
2  Compology's trade secrets?
3      MR. MELLEMA:  Object to form, beyond the
4  scope.
5      A  I discuss that fairly -- in a fair amount
6  of detail in my -- my initial expert declaration,
7  and I don't have anything further to add.  It's --
8  this enumerates the parts that come together to
9  make a Compology system.  But to the -- again,
10 it's -- I don't have my document in front of me.
11 I just have my rebuttal and reply.  So I would ask
12 to refer to my original writing to further explain
13 that.
14     Q  Well, so are -- you're a technical expert
15 offering opinions on what the trade secrets are in
16 this case, correct?
17     MR. MELLEMA:  Objection, form, beyond the
18 scope.
19     A  I was asked to -- I was asked to analyze
20 the trade secrets that were presented to me and to
21 compare products and then offer my opinion of what
22 I found.
23     Q  But you didn't identify the trade secrets
24 in the first instance, correct?
25     MR. MELLEMA:  Objection, form, beyond the

---

429

1  scope.
2      A  I explained my starting point in my
3  initial declaration, what I was given, what I was
4  asked to do, and it was, I think, fairly
5  clearly -- fairly clearly written in my -- in my
6  expert declaration.
7      Q  Okay.
8      A  And there's some here.  There's -- you
9  know, there's -- a little bit of it is in this
10 document.
11     Q  As a -- as a technical expert being
12 offered in this case, can you tell me whether the
13 R12's [REDACTED]
14 [REDACTED]
15 [REDACTED] comprise a trade
16 secret?
17     MR. MELLEMA:  Objection, same objections
18 as before.
19     A  These are components of the camera system
20 that Compology invented and developed over many
21 years.  And I have explained in my expert
22 declaration the -- how the trade secrets --
23 anyway, I've explained in my expert declaration
24 the value of those components and how they form
25 the product that Compology innovated.

Case 3:23-cv-04804-WHA   Document 153-6   Filed 10/29/24   Page 5 of 5

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
Transcript of William Leo Hoarty, Volume 2
Conducted on October 7, 2024
63 (490 to 493)

490

1 A I was referring to the ability to operate
2 a camera in a harsh environment, obtain images and
3 identify the images uses artificial intelligence.
4 The overall -- overall system, primary -- primary
5 functions to get images out of dumpsters, identify
6 various aspects of the state of the dumpster and
7 that is the -- a description of the Compology
8 system.
9 Q Is that a description of the Compology
10 system trade secret?
11     MR. MELLEMA: Objection, form, beyond the
12 scope.
13 A I define that well in my initial report
14 what the trade secrets are, and including the --
15 including the artificial intelligence elements.
16 And I don't really have anything further to add to
17 my report without being able to cite specifics in
18 the report.
19 Q So when you just provided an answer and
20 said the Compology system trade secret, you didn't
21 quite know what you were referring to, correct?
22     MR. MELLEMA: Objection, form.
23 A I knew what I was referring to. I
24 probably did not state it in a proper frame, but I
25 think I described what I meant.

491

1 Q Okay.
2 A The ability to acquire images from a
3 hostile environment in difficult circumstances and
4 to identify the images and provide useful
5 information. How they did all of those steps is
6 certainly part of their collection of trade
7 secrets.
8 Q Okay. Is that a proper description of the
9 Compology system trade secret?
10     MR. MELLEMA: Objection, form, beyond the
11 scope.
12 A In the -- as I don't have the document in
13 front of me that I wrote, I can't do anything
14 further than just make summaries of my impression
15 of their overall business, but to be succinct I
16 would ask that I could refer to my document.
17 Q Let me just -- is it true that when you
18 just provided an answer in reference to Compology
19 system trade secret, you can't define what that
20 Compology system trade secret is, correct?
21     MR. MELLEMA: Objection, form, beyond the
22 scope.
23 A Sorry, that is not correct.
24 Q So you can provide or you can define the
25 Compology system trade secret that you referred to

492

1 in your previous answer?
2     MR. MELLEMA: Objection, form, beyond the
3 scope.
4 A Beyond my generalization I don't have
5 anything further to add to that.
6     MR. GALICA: I don't have any further
7 questions right now.
8     MR. MELLEMA: Nothing further from --
9 nothing, no questions from me.
10     VIDEOGRAPHER: All right. This marks the
11 end of the deposition of William Leo Hoarty. We
12 are going off the record at 8:36.
13     (Recess, 8:36 to 8:37 p.m.)
14     VIDEOGRAPHER: We are back on the record
15 at 8:37.
16     MR. GALICA: I'd like to make sure to
17 designate the entirety of the transcript Highly
18 Confidential, Attorneys' Eyes Only.
19     And with that, I have nothing further.
20     VIDEOGRAPHER: All right. We are going
21 off the record at 8:37.
22     (Deposition adjourned at 8:37 p.m.)
23
24
25

493

1     CERTIFICATE OF SHORTHAND REPORTER
2
3     I, Susan S. Klinger, the officer before
4 whom the foregoing deposition was taken, do hereby
5 certify that the foregoing transcript is a true
6 and correct record of the testimony given; that
7 said testimony was taken by me stenographically
8 and thereafter reduced to typewriting under my
9 direction; that reading and signing was not
10 discussed; and that I am neither counsel for,
11 related to, nor employed by any of the parties to
12 this case and have no interest, financial or
13 otherwise in its outcome.
14     IN WITNESS WHEREOF, I have hereunto set my
15 hand on the 9th of October, 2024.
16
17
18 _____
19 Susan S. Klinger, RMR-CRR, CSR
20 Texas CSR 6531, Exp: 10/23/25
21 California CSR 14487, Exp: 11/30/24
22
23
24
25