Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:    (310) 586-3200
Facsimile:    (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>RECYCLE TRACK SYSTEMS, INC., and<br>RECYCLESMART SOLUTIONS INC.,<br><br>          Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed:   August 4, 2023<br>Trial Date:           December 9, 2024 |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5, Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions Inc. (collectively, "Defendants") hereby respectfully submit this Administrative Motion to File Under Seal ("Administrative Motion") the unredacted version of Exhibit 16 to the Declaration of Matthew S. Galica in Support of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, *i.e.*, Compology Order Form executed on June 30, 2021, produced by Defendants at RTS_00348100 – RTS_00348105, which references Defendants' confidential information. Specifically, Defendants seek to file under seal Exhibit 16 as below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Unredacted Version of **Exhibit 16** to the Declaration of Matthew S. Galica in Support of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, *i.e.*, Compology Order Form executed on June 30, 2021, produced by Defendants at RTS_00348100 – RTS_00348105 | Entirety | Defendants |

## II. LEGAL STANDARD

"Filing a motion to seal permits the party to provisionally file the document under seal, pending the Court's ruling on the motion to seal." *See* Civil L.R. 79-5(b).

Although there is a presumptive right of public access to court records based on common law and first amendment grounds, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The compelling reasons standard applies here. And Courts routinely seal documents "when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d at 1178).

The Ninth Circuit has long recognized that documents with confidential and/or proprietary business information that could "harm a litigant's competitive standing" are generally protectable from public disclosure. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing" (quoting

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

The courts in this district have also routinely found that confidential financial information is a proper subject of sealing. *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motions to seal "information discussing Safeway's pricing strategy, business decision making, and financial records"); *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) ("Compelling reasons exist to seal information that may cause [defendant] competitive harm if disclosed, such as information about [its] business strategies and internal decision making, product formulations, and confidential finances (*i.e.*, information about [its] costs)."); *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-00923-BLF, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing highly confidential information related to Cisco's financial information and internal development strategies).

### III. DEFENDANTS' CONFIDENTIAL INFORMATION

Defendants request that the court seal in its entirety the unredacted version of Exhibit 16, which identifies Defendants' proposed redactions in yellow highlight. A redacted version of the same, with Defendants' proposed redactions applied, has been concurrently filed on the public docket.

Defendants' proposed redactions to **Exhibit 16** are narrowly tailored to cover only the specific phrases and numeric figures identifying the exact units, unit prices, total payments, payment terms, and the contract duration, and nothing further. Galica Decl. at ¶ 3. Defendants have taken reasonable measures to keep such information secret, including by designating **Exhibit 16** as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the protective order. *Id.*

Revealing such information in the public record could cause Defendants competitive harm as it would reveal Defendants' sensitive business information relating to its prior contract with Plaintiff. *Id.* at ¶ 4. For instance, if Defendants' competitors or suppliers gain access to the specific costs and numbers of sensors Defendants have employed under their prior contract with Plaintiff, they would gain a competitive advantage in contract negotiations with Defendants. *Id.* This would put Defendants at a competitive disadvantage compared to their current position. *Id.*

Defendants' confidentiality interests thus overcome the right of public access to the record, as

a substantial probability exists that Defendants' overriding confidentiality interests will be prejudiced if the record is not sealed. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x at 569; *Rodman*, 2014 WL 12787874, at *2; *Hadley v*, 2018 WL 7814785, at *2; *Arista Networks*, 2018 WL 2010622, at *2-3.

To balance the right of public access with Defendants' competing confidentiality concerns, Defendants have narrowly tailored its proposed redactions and have filed a redacted version of Exhibit 16 on the public docket with their proposed redactions applied.

## IV. CONCLUSION

Accordingly, Defendants respectfully request that the Court seal in its entirety the unredacted version of Exhibit 16 to the Declaration of Matthew S. Galica in Support of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

Dated: October 31, 2024

Respectfully Submitted,

/s/ Matthew S. Galica

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 586-3200
Facsimile:    (310) 586-3202

James M. Wodarski (Admitted Pro Hac Vice)
JWodarski@mintz.com
Michael C. Newman (Admitted Pro Hac Vice)
MCNewman@mintz.com
Matthew S. Galica (Admitted Pro Hac Vice)
MSGalica@mintz.com
James J. Thomson (Admitted Pro Hac Vice)
JJThomson@mintz.com
Sean M. Casey (Admitted Pro Hac Vice)
SMCasey@mintz.com
Tianyi Tan (Admitted Pro Hac Vice)
TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)
SChen@mintz.com
Amy LoBue (Admitted Pro Hac Vice)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111

Telephone:  (617) 542-6000
Facsimile:  (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
(CASE NO. 3:23-CV-04804-WHA)