Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:    (310) 586-3200
Facsimile:    (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 144)** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., | |
| Defendants. | *Assigned for All Purposes to:* The Hon. William H. Alsup, Courtroom 12 |
| | Complaint Filed:    August 4, 2023 Trial Date:    December 9, 2024 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions Inc. (collectively, "Defendants") hereby submits the following statement in response to Plaintiff's Motion to Consider Whether Defendants' Material Should Be Sealed (Dkt. No. 144). Defendants respectfully request that the Court seal in their entirety the unredacted versions of Exhibits G and H to the Declaration of Lena Streisand (Dkt. No. 144-1), *i.e.*, Dkt. Nos. 144-4 and 144-5. This Statement is accompanied by (1) the Declaration of Matthew S. Galica in support of this Statement ("Galica Decl."); and (2) a Proposed Order.

For the reasons detailed below and in the accompanying Galica Declaration, Defendants seek to maintain under seal the information and/or document(s) listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Streisand Decl. Ex. G, *i.e.*, RTS_00175337 | Entirety | Defendants |
| Streisand Decl. Ex. H, *i.e.*, RTS_00193327 | Entirety | Defendants |

Defendants do not seek any redaction to Exhibit C to the Streisand Declaration.

## I. LEGAL STANDARD

Civil L.R. 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material . . . ." *Id.* In the context of non-dispositive motions or documents, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). "Filing a motion to seal permits the party to provisionally file

1    the document under seal, pending the Court's ruling on the motion to seal." *See* Civil L.R. 79-5(b).

2         The courts in this district have routinely acknowledged that confidential financial information

3    is a proper subject of sealing. *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL

4    12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motions to seal "information discussing

5    Safeway's pricing strategy, business decision making, and financial records"); *Hadley v. Kellogg*

6    *Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) ("Compelling

7    reasons exist to seal information that may cause [defendant] competitive harm if disclosed, such as

8    information about [its] business strategies and internal decision making, product formulations, and

9    confidential finances (*i.e.*, information about [its] costs)."); *Arista Networks, Inc. v. Cisco Sys., Inc.*,

10   No. 16-cv-00923-BLF, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing highly

11   confidential information related to Cisco's financial information and internal development strategies).

12   **II.    ARGUMENT**

13        Defendants respectfully request that the Court seal in their entirety the unredacted versions of

14   Exhibits G and H to the Declaration of Lena Streisand (Dkt. No. 144-1), *i.e.*, Dkt. Nos. 144-4 and

15   144-5 (hereinafter "Exhibits G and H").

16        Defendants produced Exhibits G and H at RTS_00175337 and RTS_00193327, respectively,

17   which are designated as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" pursuant to

18   the protective order. Galica Decl. at ¶ 4. The protective order provides that information or items

19   designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" contain "extremely

20   sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party

21   would create a substantial risk of serious harm that could not be avoided by less restrictive means."

22        Exhibits G and H reflect or discuss in detail Defendants' confidential and proprietary business

23   information. *Id.* Specifically, Exhibit G contains very detailed monthly budgets for Defendants' IoT

24   operations, including sensors, for the fiscal years 2021 and 2022, respectively, including various

25   granular line items providing insight into Defendants' costs of sales, profits and profit margins,

26   payroll costs and benefits, operation costs, and other expenses. *Id.*; *see also* Dkt. No. 144-4. Similarly,

27   Exhibit H contains detailed financial information on Pello, including various granular line items

28

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER
DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 144)
(CASE NO. 3:23-CV-04804-WHA)

1  providing insight into, *inter alia*, (1) Defendants' monthly actual and/or projected revenues, costs of

2  sales, profits and profit margins, payroll costs and benefits (including individual-specific wage and

3  salary on a monthly basis from 2022 to 2025), operation costs, and other expenses for 2024;

4  (2) Defendants' build forecast for Pello; and (3) Defendants' proposed structural changes in relation

5  to Pello, including specific timeline and detailed strategic explanations for the same. Galica Decl. at

6  ¶ 4; *see also* Dkt. No. 144-5.

7      Revealing the extremely detailed financial and strategic information in Exhibits G and H in

8  the public record could cause Defendants substantial and irreparable competitive harm as it would

9  provide very granular insight into Defendants' highly sensitive financial and operation information

10  regarding Defendants' products including Pello. Galica Decl. at ¶ 5. As one example, if Defendants'

11  competitors or suppliers gain access to the specific costs, budgets, and/or profit margins of Pello—as

12  set forth in various granular line items in Exhibits G and H—they would gain a competitive advantage

13  in contract negotiations and/or development of competing products or services. *Id.* This would put

14  Defendants at a clear and significant competitive disadvantage compared to their current position.

15      Defendants' confidentiality interests thus overcome the right of public access to the record, as

16  a substantial probability exists that the Defendants' confidentiality interests will be prejudiced if the

17  record is not sealed. Defendants request sealing in their entirety Exhibits G and H, *i.e.*, multi-tab

18  spreadsheets with various line items and entries, each of which reflects Defendants' confidential and

19  proprietary business information and cannot be adequately redacted in a narrower form. *Id.* at ¶ 4. No

20  less restrictive means exist to achieve this overriding interest.

21  **III.    CONCLUSION**

22      For the foregoing reasons, Defendants respectfully request that the Court seal in their entirety

23  the unredacted versions of Exhibits G and H to the Declaration of Lena Streisand (Dkt. No. 144-1),

24  *i.e.*, Dkt. Nos. 144-4 and 144-5.

25

26   Dated: October 31, 2024                    Respectfully Submitted,

27                                              /s/ Matthew S. Galica

28

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
    POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:     (310) 586-3200
Facsimile:     (310) 586-3202

James M. Wodarski (Admitted Pro Hac Vice)
JWodarski@mintz.com
Michael C. Newman (Admitted Pro Hac Vice)
MCNewman@mintz.com
Matthew S. Galica (Admitted Pro Hac Vice)
MSGalica@mintz.com
James J. Thomson (Admitted Pro Hac Vice)
JJThomson@mintz.com
Sean M. Casey (Admitted Pro Hac Vice)
SMCasey@mintz.com
Tianyi Tan (Admitted Pro Hac Vice)
TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)
SChen@mintz.com
Amy LoBue (Admitted Pro Hac Vice)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
    POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER
DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 144)
(CASE NO. 3:23-CV-04804-WHA)