Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 586-3200
Facsimile:    (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **DECLARATION OF MATTHEW S. GALICA IN SUPPORT OF DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 144)** <br><br> *Assigned for All Purposes to:* <br> The Hon. William H. Alsup, Courtroom 12 <br><br> Complaint Filed:   August 4, 2023 <br> Trial Date:          December 9, 2024 |

1

I, Matthew S. Galica, hereby declare as follows:

1. I am an attorney with the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc. (together, "Defendants"). I have personal knowledge of the matters set forth in this declaration and could and would testify competently thereto.

2. I submit this declaration in support of Defendants' Statement in Response to Plaintiff's Motion to Consider Whether Defendants' Material Should Be Sealed (Dkt. No. 144).

3. Defendants respectfully request sealing Exhibits G and H to the Declaration of Lena Streisand (Dkt. No. 144-1) in their entirety. Plaintiff has provisionally filed under seal the unredacted versions of these two exhibits (Dkt. No. 144-4 and Dkt. No. 144-5).

4. Exhibits G and H to the Declaration of Lena Streisand (Dkt. No. 144-1) reflect or discuss in detail Defendants' confidential and proprietary business information. Exhibit G contains detailed monthly budgets for Defendants' IoT operations, including sensors, for the fiscal years 2021 and 2022, respectively, including various granular line items providing insight into Defendants' costs of sales, profits and profit margins, payroll costs and benefits, operation costs, and other expenses. Similarly, Exhibit H contains detailed financial information on Pello, including various granular line items providing insight into, *inter alia*, (1) Defendants' monthly actual and/or projected revenues, costs of sales, profits and profit margins, payroll costs and benefits (including individual-specific wage and salary on a monthly basis from 2022 to 2025), operation costs, and other expenses for 2024; (2) Defendants' build forecast for Pello; and (3) Defendants' proposed structural changes in relation to Pello, including specific timeline and detailed strategic explanations for the same. Defendants have taken reasonable measures to keep such information secret, including by designating Exhibits G and H as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. Defendants request sealing in their entirety Exhibits G and H, *i.e.*, multi-tab spreadsheets with various line items and entries that each reflects Defendants' confidential and proprietary business information and cannot be adequately redacted in a narrower form.

5. Revealing the extremely detailed financial and strategic information in Streisand Decl. Exhibits G and H in the public record could cause Defendants substantial and irreparable competitive harm as it would provide granular insight into Defendants' highly sensitive financial and operation information regarding Defendants' products including Pello. For instance, if Defendants' competitors or suppliers gain access to the specific costs, budgets, and/or profit margins of Pello—as set forth in various granular line items in Exhibits G and H—they would gain a competitive advantage in contract negotiations and/or development of competing products or services. This would put Defendants at a clear and significant competitive disadvantage compared to their current position.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of October, 2024, in Boston, Massachusetts.

*/s/ Matthew S. Galica*
Matthew S. Galica