Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ROADRUNNER RECYCLING, INC.,

Plaintiff,

v.

RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.,

Defendants.

Case No. 3:23-cv-04804-WHA

**DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 147)**

*Assigned for All Purposes to:*
The Hon. William H. Alsup, Courtroom 12

Complaint Filed: August 4, 2023
Trial Date: December 9, 2024

Pursuant to Civil Local Rule 79-5(f)(3), Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions Inc. (collectively, "Defendants") hereby submits the following statement in response to Plaintiff's Motion to Consider Whether Defendants' Material Should Be Sealed (Dkt. No. 147). This Statement is accompanied by (1) the Declaration of Matthew S. Galica in support of this Statement ("Galica Decl."); and (2) a Proposed Order.

For the reasons detailed below and in the accompanying Galica Declaration, Defendants seek to maintain under seal the information and/or document(s) listed below:

| **DOCUMENT** | **PORTIONS TO BE SEALED** | **DESIGNATING PARTY** |
|---|---|---|
| Streisand Decl.[1] Ex. 25, *i.e.*, RTS_00175337 | Entirety | Defendants |
| Streisand Decl. Ex. 30, *i.e.*, RTS_00001064 to RTS_00001099 | Entirety | Defendants |
| Unredacted version of Streisand Decl. Ex. 37, *i.e.*, excerpts of the Rebuttal Expert Report of Stephen A. Holzen | Entirety | Defendants |
| Unredacted version of Hoarty Decl. Ex. A, *i.e.*, Opening Expert Report of W. Leo Hoarty | Yellow Highlights, *i.e.*, Defendants' Proposed Redactions | Defendants |
| Unredacted version of Hoarty Decl. Ex. B, *i.e.*, Opposition Expert Report of W. Leo Hoarty | Yellow Highlights, *i.e.*, Defendants' Proposed Redactions | Defendants |
| Unredacted version of Hoarty Decl. Ex. C, *i.e.*, Reply Expert Report of W. Leo Hoarty | Yellow Highlights, *i.e.*, Defendants' Proposed Redactions | Defendants |

Defendants do not seek redaction to Streisand Decl. Exs. 20, 22, 24, 26-29, 31, or 42.

[1] Declaration of Lena Streisand (Dkt. No. 147-1).

## I. LEGAL STANDARD

"Filing a motion to seal permits the party to provisionally file the document under seal, pending the Court's ruling on the motion to seal." *See* Civil L.R. 79-5(b).

Although there is a presumptive right of public access to court records based on common law and first amendment grounds, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The compelling reasons standard applies here. And Courts routinely seal documents "when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d at 1178).

The Ninth Circuit has long recognized that documents with confidential and/or proprietary business information that could "harm a litigant's competitive standing" are generally protectable from public disclosure. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Information subject to confidentiality agreements may [] meet the 'compelling reasons' standard when accompanied by a particularized factual showing." *In re Qualcomm Litig.*, Case No. 17-cv-00108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017). Fed. R. Civ. P. 26(c)(1)(G) specifically notes that "trade secret or other confidential research, development, or commercial information" may remain subject to protection.

"Confidential source code clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012); *Skillz Platform Inc. v. AviaGames, Inc.*, No. 21-cv-02436, 2023 WL 7648924, at *2 (N.D. Cal. Nov. 13, 2023) (same).

The courts in this district have repeatedly found the confidential business plans qualify for sealing, including in their entirety. *See, e.g.*, *Skillz Platform*, 2023 WL 7648924, at *2-3 (N.D. Cal. Nov. 13, 2023) (granting defendant's request to seal its "business plan, structure, and strategy" in its entirety as "containing confidential business information, the release of which would cause a party

competitive harm"); *Wells Fargo and Co. v. ABD Ins. And Financial Servs.*, Case No. C-12-3857 PJH, 2013 WL 897914, at *3 (N.D. Cal. Mar. 8, 2013) (granting defendants' request to seal, in its entirety, document that "relates to [defendants'] business plan").

The courts in this district have also routinely found that confidential financial information is a proper subject of sealing. *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motions to seal "information discussing Safeway's pricing strategy, business decision making, and financial records"); *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) ("Compelling reasons exist to seal information that may cause [defendant] competitive harm if disclosed, such as information about [its] business strategies and internal decision making, product formulations, and confidential finances (*i.e.*, information about [its] costs)."); *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-cv-00923-BLF, 2018 WL 2010622, at *2-3 (N.D. Cal. Apr. 30, 2018) (sealing highly confidential information related to Cisco's financial information and internal development strategies).

## II.   ARGUMENT

Defendants respectfully request that the Court seal Exhibits 25, 30, 37, and A-C to the Streisand Declaration as specified in the table above. The unredacted versions of Exhibits 37 and A-C, with yellow highlights showing Defendants' proposed redactions, have been lodged with the Court. Concurrently with the filing of this Statement, Defendants have publicly filed Exhibits 37 and A-C[2] with Defendants' proposed redactions applied, as Exhibits 37-R, A-R, B-R, and C-R, respectively. Defendants respectfully seek sealing of Exhibits 25 and 30 in their entirety, for the reasons detailed below and in the accompanying declaration.

---

[2] Plaintiff has proposed redactions to Exhibits A-C through its Administrative Motion to File Under Seal (Dkt. No. 146). For at least the reasons set forth in Defendants' Opposition thereto (Dkt. No. 151), Defendants do not believe any of Plaintiff's proposed redactions is justified. Moreover, as noted in Defendants' Opposition, Plaintiff failed to highlight any specific portions in Exhibit C as its proposed redactions. However, as the Court has not yet ruled on Plaintiff's proposed redactions, Defendants have also applied Plaintiff's proposed redactions in the Exhibits A-R and B-R filed on the public docket solely out of an abundance of caution. Similarly, Defendants have applied full-page redactions—to the pages of Exhibit C identified in Dkt. No. 146—in the Exhibit C-R filed on the public docket solely out of an abundance of caution.

4

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 147)
(CASE NO. 3:23-CV-04804-WHA)

**A. Exhibit 25**

Exhibit 25 is Defendants' financial spreadsheet produced at RTS_00175337. Exhibit 25 reflects or discusses in detail Defendants' confidential and proprietary business information. Galica Decl. at ¶ 3. More specifically, Exhibit 25 contains detailed monthly budgets for Defendants' IoT operations, including sensors, for the fiscal years 2021 and 2022, respectively, including various granular line items providing insight into Defendants' costs of sales, profits and profit margins, payroll costs and benefits, operation costs, and other expenses. *Id.* Defendants request sealing in its entirety Exhibit 25, a multi-tab spreadsheet with various line items and entries that each reflects Defendants' confidential and proprietary business information and thus cannot be adequately redacted in a narrower form. *Id.*; Dkt. No. 147-6 (Exhibit 25 under seal). Defendants have taken reasonable measures to keep such information secret, including by designating Exhibit 25 as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the protective order. Galica Decl. at ¶ 3.

Revealing the extremely detailed financial information in Exhibit 25 in the public record could cause Defendants substantial and irreparable competitive harm as it would provide granular insight into Defendants' highly sensitive financial and operation information regarding Defendants' products including Pello. *Id.* For instance, if Defendants' competitors or suppliers gain access to the specific costs, budgets, and/or profit margins of Pello—as set forth in various granular line items in Exhibit 25—they would gain a competitive advantage in contract negotiations and/or development of competing products or services. *Id.* This would put Defendants at a clear and significant competitive disadvantage compared to their current position. *Id.*

Therefore, compelling reasons exist to grant Defendants' requested sealing of Exhibit 25 in its entirety. *See, e.g.*, *Rodman*, 2014 WL 12787874, at *2; *Hadley v*, 2018 WL 7814785, at *2; *Arista Networks*, 2018 WL 2010622, at *2-3.

**B. Exhibit 30**

Exhibit 30 is Defendants' confidential project report submitted to Sustainable Development Technology Canada (SDTC) for its financial grant, produced at RTS_00001064 to RTS_00001099. Exhibit 30 reflects or discusses in considerable detail Defendants' confidential and proprietary

5

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 147)
(CASE NO. 3:23-CV-04804-WHA)

business information. Galica Decl. at ¶ 4. Specifically, Exhibit 30 contains at least (1) Defendants' specific know-how on the research and development of their proprietary Pello products and the associated machine learning model(s), including the specific testing mechanisms and parameters utilized for the same, (2) Defendants' highly sensitive financial data regarding the same, and (3) Defendants' detailed business plans, strategies, and decisions for the development, deployment, and promotion of their proprietary Pello products and services. *Id.* Defendants request sealing in its entirety Exhibit 30, which is confidential project report submitted to Sustainable Development Technology Canada (SDTC) for its financial grant, because the entire report consists of detailed confidential and proprietary business information and no meaningfully narrower redactions would be adequate to protect such information. *Id.*; Dkt. No. 147-11 (Exhibit 30 under seal). Defendants have taken reasonable measures to keep such information secret, including by designating Exhibit 30 as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. *Id.*

Revealing such information in the public record could cause Defendants substantial and irreparable competitive harm as it would reveal, in essence, Defendants' complete business plan and roadmap for developing, deploying, and promoting Pello products and services. Galica Decl. at ¶ 4. As just one example, if Defendants' competitors or suppliers gain access to the specific costs and/or budgets for Pello research and development—as set forth in considerable granularity in Exhibit 30, including by detailed numeric figures (*e.g.*, at RTS_00001074)—they would gain a competitive advantage in contract negotiations and/or development of competing products or services. *Id.* As another example, if Defendants' competitors gain access to Defendants' extremely detailed business plan for developing, deploying, and promoting Pello products and services, including a detailed account of the specific challenges faced and concrete milestones, they would gain a considerable competitive advantage in the development of products or services in competition with Pello in both technical and business aspects. *Id.* This would put Defendants at a clear and significant competitive disadvantage compared to their current position. *Id.*

Therefore, compelling reasons exist to grant Defendants' requested sealing of Exhibit 30 in its entirety. *See, e.g.*, *Skillz Platform*, 2023 WL 7648924, at *2-3; *Wells Fargo*, 2013 WL 897914, at

*3; *Hadley v*, 2018 WL 7814785, at *2; *Arista Networks*, 2018 WL 2010622, at *2-3.

**C. Exhibit 37**

Exhibit 37 is excerpts of the Rebuttal Expert Report of Stephen A. Holzen, *i.e.*, Defendants' damages expert. Defendants' proposed redactions to Exhibit 37 cover the specific numbers of sensors to be provided by Plaintiff under the parties' prior agreements and the specific per-unit prices Defendants agreed to pay. Galica Decl. at ¶ 5. The proposed redactions are narrowly tailored to cover only the specific numeric figures and nothing further. *Id.* Defendants have taken reasonable measures to keep such information secret, including by designating each of the three Defendants-produced documents underlying such numeric figures cited in Exhibit 37 as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. *Id.*

Such specific contractual terms cited in Exhibit 37, if revealed on the public docket, could cause Defendants competitive harm. *Id.* For instance, if Defendants' competitors or suppliers gain access to the specific costs and numbers of sensors Defendants have employed, they would gain a competitive advantage in contract negotiations. *Id.* This would put Defendants at a clear competitive disadvantage compared to their current position. *Id.*

Therefore, compelling reasons exist to grant Defendants' requested sealing of Exhibit 37 in its entirety. *See, e.g.*, *Rodman*, 2014 WL 12787874, at *2; *Hadley v*, 2018 WL 7814785, at *2; *Arista Networks*, 2018 WL 2010622, at *2-3; *In re Qualcomm Litig.*, 2017 WL 5176922, at *2.

**D. Exhibit A**

Exhibit A is the Opening Expert Report of W. Leo Hoarty, *i.e.*, Plaintiff's technical expert. Defendants' proposed redactions to Exhibit A cover Defendants' proprietary, non-public components and features of Defendants' Pello products (¶¶ 129-130, 135, 137-138, 143, and 147-149); Defendants' specific know-how on the training of its proprietary machine learning model(s) for Pello, including the exact volume and types of images used for such training and the accuracy rates resulting from such training (¶¶ 180-182); and unique identifiers and substantive characterizations of the machine learning models, software, and source code used in connection with Defendants' proprietary machine learning model(s) for Pello (¶¶ 158-163, 183-186, 195-196, 208, and 210). Galica Decl. at

¶ 6. The proposed redactions are narrowly tailored to cover only the specific numeric figures and detailed descriptions identifying the said confidential and proprietary information, and nothing further. *Id.* Defendants have taken reasonable measures to keep such information secret, including by designating the documents and deposition transcripts underlying such information in Exhibit A as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. *Id.*

Revealing such information in the public record could cause Defendants substantial and irreparable competitive harm as it would provide detailed insight into Defendants' specific know-how on, *inter alia*, the suitable components and the training of their proprietary machine learning model(s) for Pello. *Id.* For example, if Defendants' competitors gain access to the confidential and proprietary information covered by Defendants' proposed redactions, they would gain a competitive advantage in the development of products or services in competition with Pello. *Id.* This would put Defendants at a clear competitive disadvantage compared to their current position. *Id.*

Therefore, compelling reasons exist to grant Defendants' proposed redaction to Exhibit A. *See, e.g.*, *Ctr. for Auto Safety*, 809 F.3d at 1096-97; *In re Elec. Arts*, 298 F. App'x at 569; *see also* Fed. R. Civ. P. 26(c)(1)(G). Notably, "confidential source code"—as substantively characterized in Exhibit A—"clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See, e.g.*, *Apple*, 2012 WL 6115623, at *2; *Skillz Platform*, 2023 WL 7648924, at *2.

**E. Exhibit B**

Exhibit B is the Opposition Expert Report of W. Leo Hoarty, *i.e.*, Plaintiff's technical expert. Defendants' proposed redactions to Exhibit B cover Defendants' proprietary, non-public components and features of Defendants' Pello products (¶¶ 39 and 53); Defendants' specific know-how on the training of its proprietary machine learning model(s) for Pello (¶ 32); the costs saved from replacing Compology sensors with Pello products (¶ 35); and identifiers of the exact machine learning models, software, and source code used in connection with Defendants' proprietary machine learning model(s) for Pello (¶¶ 85 and 89). Galica Decl. at ¶ 7. The proposed redactions are narrowly tailored to cover only the specific numeric figures and detailed descriptions identifying the said confidential and proprietary information, and nothing further. *Id.* Defendants have taken reasonable measures to

keep such information secret, including by designating the documents and deposition transcripts underlying such information in Exhibit B as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. *Id.*

Revealing such information in the public record could cause Defendants substantial and irreparable competitive harm as it would provide insight into Defendants' specific, proprietary know-how on, *inter alia*, the suitable components and the training of their proprietary machine learning model(s) for Pello, as well as Defendants' sensitive business information as to costs associated with Defendants' products. *Id.* For example, if Defendants' competitors gain access to the confidential and proprietary information covered by Defendants' proposed redactions, they would gain a competitive advantage in the development of products or services in competition with Pello. *Id.* This would put Defendants at a competitive disadvantage compared to their current position. *Id.*

Therefore, compelling reasons exist to grant Defendants' proposed redaction to Exhibit B. *See, e.g.*, *Ctr. for Auto Safety*, 809 F.3d at 1096-97; *In re Elec. Arts*, 298 F. App'x at 569; *see also* Fed. R. Civ. P. 26(c)(1)(G). Notably, "confidential source code"—as discussed in Exhibit B—"clearly meets the definition of a trade secret," and it thus meets the compelling reasons standard. *See, e.g.*, *Apple*, 2012 WL 6115623, at *2; *Skillz Platform*, 2023 WL 7648924, at *2.

**F. Exhibit C**

Exhibit C is the Reply Expert Report of W. Leo Hoarty, *i.e.*, Plaintiff's technical expert. Defendants' proposed redactions to Exhibit C cover the specific model of image sensor Defendants use for its Pello products (¶¶ 35, 37-38 and 40-41) and the specific model used for training their proprietary machine learning model(s) for Pello (¶ 47). Galica Decl. at ¶ 8. The proposed redactions are narrowly tailored to cover only the specific numeric figures and detailed descriptions identifying the said confidential and proprietary information, and nothing further. *Id.* Defendants have taken reasonable measures to keep such information secret, including by designating the documents and deposition transcripts underlying such information in Exhibit C as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. *Id.*

Revealing such information in the public record could cause Defendants substantial and

irreparable competitive harm as it would provide insight into Defendants' specific know-how on the suitable image sensor and the training of their proprietary machine learning model(s) for Pello. *Id.* For example, if Defendants' competitors gain access to the confidential and proprietary information covered by Defendants' proposed redactions, they would gain a competitive advantage in the development of products or services in competition with Pello. *Id.* This would put Defendants at a clear competitive disadvantage compared to their current position. *Id.*

Therefore, compelling reasons exist to grant Defendants' proposed redaction to Exhibit C. *See, e.g.*, *Ctr. for Auto Safety*, 809 F.3d at 1096-97; *In re Elec. Arts*, 298 F. App'x at 569; *see also* Fed. R. Civ. P. 26(c)(1)(G).

## III. CONCLUSION

Accordingly, Defendants respectfully request that the Court seal Exhibits 25, 30, 37, and A-C to the Streisand Declaration as specified in the table above.

Dated: October 31, 2024

Respectfully Submitted,

/s/ Matthew S. Galica

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

James M. Wodarski (Admitted Pro Hac Vice)
JWodarski@mintz.com
Michael C. Newman (Admitted Pro Hac Vice)
MCNewman@mintz.com
Matthew S. Galica (Admitted Pro Hac Vice)
MSGalica@mintz.com
James J. Thomson (Admitted Pro Hac Vice)
JJThomson@mintz.com
Sean M. Casey (Admitted Pro Hac Vice)
SMCasey@mintz.com
Tianyi Tan (Admitted Pro Hac Vice)
TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)
SChen@mintz.com
Amy LoBue (Admitted Pro Hac Vice)

10

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 147)
(CASE NO. 3:23-CV-04804-WHA)

ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

11

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 147)
(CASE NO. 3:23-CV-04804-WHA)