1  Arameh Zargham O'Boyle (SBN: 239495)
   AZOboyle@mintz.com
2  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
   2049 Century Park East, Suite 300
3  Los Angeles, CA 90067
   Telephone:    (310) 586-3200
4  Facsimile:    (310) 586-3202

5  James M. Wodarski *(Admitted Pro Hac Vice)*
   JWodarski@mintz.com
6  Michael C. Newman *(Admitted Pro Hac Vice)*
   MCNewman@mintz.com
7  Matthew S. Galica *(Admitted Pro Hac Vice)*
   MSGalica@mintz.com
8  James J. Thomson *(Admitted Pro Hac Vice)*
   JJThomson@mintz.com
9  Sean M. Casey *(Admitted Pro Hac Vice)*
   SMCasey@mintz.com
10 Tianyi Tan *(Admitted Pro Hac Vice)*
   TTan@mintz.com
11 Stephen Chen *(Admitted Pro Hac Vice)*
   SChen@mintz.com
12 Amy LoBue *(Admitted Pro Hac Vice)*
   ALoBue@mintz.com
13 MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
   One Financial Center
14 Boston, MA 02111
   Telephone:    (617) 542-6000
15 Facsimile:    (617) 542-2241

16 Attorneys for Defendants
   RECYCLE TRACK SYSTEMS, INC., and
   RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.,<br><br>Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DECLARATION OF MATTHEW S. GALICA IN SUPPORT OF DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 147)**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed:   August 4, 2023<br>Trial Date:             December 9, 2024 |

1

I, Matthew S. Galica, hereby declare as follows:

1. I am an attorney with the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc. (together, "Defendants"). I have personal knowledge of the matters set forth in this declaration and could and would testify competently thereto.

2. I submit this declaration in support of Defendants' Statement in Response to Plaintiff's Motion to Consider Whether Defendants' Material Should Be Sealed (Dkt. No. 147).

3. Defendants respectfully request sealing Exhibit 25 to the Streisand Declaration, *i.e.*, Dkt. No. 147-6, in its entirety. Plaintiff has provisionally filed under seal the unredacted versions of Exhibit 25 (Dkt. No. 147-6). Exhibit 25 reflects or discusses in detail Defendants' confidential and proprietary business information. More specifically, Exhibit 25 contains detailed monthly budgets for Defendants' IoT operations, including sensors, for the fiscal years 2021 and 2022, respectively, including various granular line items providing insight into Defendants' costs of sales, profits and profit margins, payroll costs and benefits, operation costs, and other expenses. Defendants request sealing in its entirety Exhibit 25, which is a multi-tab spreadsheet with various line items and entries that each reflects Defendants' confidential and proprietary business information and thus cannot be adequately redacted in a narrower form. Defendants have taken reasonable measures to keep such information secret, including by designating Exhibit 25 as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. Revealing the extremely detailed financial information in Exhibit 25 in the public record could cause Defendants substantial and irreparable competitive harm as it would provide granular insight into Defendants' highly sensitive financial and operation information regarding Defendants' products including Pello. For instance, if Defendants' competitors or suppliers gain access to the specific costs, budgets, and/or profit margins of Pello—as set forth in various granular line items in Exhibit 25—they would gain a competitive advantage in contract negotiations and/or development of competing products or services. This would put Defendants at a clear and significant competitive disadvantage compared to their current position.

2
DECLARATION OF MATTHEW S. GALICA IN SUPPORT OF DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 147)
(CASE NO. 3:23-CV-04804-WHA)

4.      Defendants respectfully request sealing Exhibit 30 to the Streisand Declaration, *i.e.*, Dkt. No. 147-11, in its entirety. Plaintiff has provisionally filed under seal the unredacted versions of Exhibit 30 (Dkt. No. 147-11). Exhibit 30 reflects or discusses in detail Defendants' confidential and proprietary business information. Specifically, Exhibit 30 contains at least (1) Defendants' specific know-how on the research and development of their proprietary Pello products and the associated machine learning model(s), including the specific testing mechanisms and parameters utilized for the same, (2) Defendants' highly sensitive financial data regarding the same, and (3) Defendants' detailed business plans, strategies, and decisions for the development, deployment, and promotion of their proprietary Pello products and services. Defendants request sealing in its entirety Exhibit 30, which is confidential project report submitted to Sustainable Development Technology Canada (SDTC) for its financial grant, because the entire report consists of extremely detailed confidential and proprietary business information and no meaningfully narrower redactions would be adequate to protect such information. Defendants have taken reasonable measures to keep such information secret, including by designating Exhibit 30 as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. Revealing such information in the public record could cause Defendants substantial and irreparable competitive harm as it would reveal, in essence, Defendants' complete business plan and roadmap for developing, deploying, and promoting Pello products and services. As one example, if Defendants' competitors or suppliers gain access to the specific costs and/or budgets for Pello research and development—as set forth in considerable granularity in Exhibit 30, including by detailed numeric figures (*e.g.*, at RTS_00001074)—they would gain a competitive advantage in contract negotiations and/or development of competing products or services. As another example, if Defendants' competitors gain access to Defendants' extremely detailed business plan for developing, deploying, and promoting Pello products and services, including specific challenges experienced and concrete milestones, they would gain a considerable competitive advantage in the development of products or services in competition with Pello in both the technical and business aspects. This would put Defendants at a clear and significant competitive disadvantage compared to their current position.

5. Attached hereto as **Exhibit 37-R** is a true and correct copy of Exhibit 37 to the Streisand Declaration, *i.e.*, Dkt. No. 147-13, with Defendants' proposed redactions applied, which is filed on the public docket concurrently herewith. The unredacted version of **Exhibit 37**, with yellow highlights showing Defendants' proposed redactions, has been lodged with the Court. Defendants' proposed redactions to **Exhibit 37** cover the specific numbers of sensors to be provided by Plaintiff under the parties' prior agreements and the specific per-unit prices Defendants agreed to pay. The proposed redactions are narrowly tailored to cover only the specific numeric figures and nothing further. Defendants have taken reasonable measures to keep such information secret, including by designating each of the three produced documents underlying such numeric figures cited in **Exhibit 37** as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. Such specific contractual terms, if revealed publicly, could cause Defendants competitive harm. For example, if Defendants' competitors or suppliers gain access to the specific costs and numbers of sensors Defendants have employed, they would gain a competitive advantage in contract negotiations. This would put Defendants at a clear competitive disadvantage compared to their current position.

6. Attached hereto as **Exhibit A-R** is a true and correct copy of Exhibit A to the Streisand Declaration, *i.e.*, Dkt. No. 147-15, with both Plaintiff's proposed redactions[1] and Defendants' proposed redactions applied, which is filed on the public docket concurrently herewith. The unredacted version of **Exhibit A**, with yellow highlights showing Defendants' proposed redactions, has been lodged with the Court. Defendants' proposed redactions to Exhibit A cover Defendants' proprietary, non-public components and features of Defendants' Pello products (¶¶ 129-130, 135, 137-138, 143, and 147-149); Defendants' specific know-how on the training of its proprietary machine learning model(s) for Pello, including the exact volume and types of images used for such training and the accuracy rates resulting from such training (¶¶ 180-182); and unique identifiers and

---

[1] Plaintiff has proposed redactions to Exhibit A through its Administrative Motion to File Under Seal (Dkt. No. 146). For at least the reasons set forth in Defendants' Opposition thereto (Dkt. No. 151), Defendants do not believe any of Plaintiff's proposed redactions is justified. However, as the Court has not yet ruled on Plaintiff's proposed redactions, Defendants have also applied Plaintiff's proposed redactions in the Exhibit A-R filed on the public docket solely out of an abundance of caution.

substantive characterizations of the machine learning models, software, and source code used in connection with Defendants' proprietary machine learning model(s) for Pello (¶¶ 158-163, 183-186, 195-196, 208, and 210). The proposed redactions are narrowly tailored to cover only the specific numeric figures and detailed descriptions identifying the said confidential and proprietary information, and nothing further. Defendants have taken reasonable measures to keep such information secret, including by designating the documents and deposition transcripts underlying such information in **Exhibit A** as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. Revealing such information in the public record could cause Defendants substantial and irreparable competitive harm as it would provide detailed insight into Defendants' specific know-how on, *inter alia*, the suitable components and the training of their proprietary machine learning model(s) for Pello. For example, if Defendants' competitors gain access to the confidential and proprietary information covered by the proposed redactions, they would gain a competitive advantage in their development of competing products or services. This would put Defendants at a clear and significant competitive disadvantage compared to their current position.

7. Attached hereto as **Exhibit B-R** is a true and correct copy of Exhibit B to the Streisand Declaration, *i.e.*, Dkt. No. 147-16, with both Plaintiff's proposed redactions[2] and Defendants' proposed redactions applied, which is filed on the public docket concurrently herewith. The unredacted version of **Exhibit B**, with yellow highlights showing Defendants' proposed redactions, has been lodged with the Court. Defendants' proposed redactions to **Exhibit B** cover Defendants' proprietary, non-public components and features of Defendants' Pello products (¶¶ 39 and 53); Defendants' specific know-how on the training of its proprietary machine learning model(s) for Pello (¶ 32); the costs saved from replacing Compology sensors with Pello products (¶ 35); and identifiers of the exact machine learning models, software, and source code used in connection with Defendants'

---

[2] Plaintiff has proposed redactions to Exhibit B through its Administrative Motion to File Under Seal (Dkt. No. 146). For at least the reasons set forth in Defendants' Opposition thereto (Dkt. No. 151), Defendants do not believe any of Plaintiff's proposed redactions is justified. However, as the Court has not yet ruled on Plaintiff's proposed redactions, Defendants have also applied Plaintiff's proposed redactions in the Exhibit B-R filed on the public docket solely out of an abundance of caution.

proprietary machine learning model(s) for Pello (¶¶ 85 and 89). The proposed redactions are narrowly tailored to cover only the specific numeric figures and detailed descriptions identifying the said confidential and proprietary information, and nothing further. Defendants have taken reasonable measures to keep such information secret, including by designating the documents and deposition transcripts underlying such information in **Exhibit B** as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. Revealing such information in the public record could cause Defendants substantial and irreparable competitive harm as it would provide insight into Defendants' specific, proprietary know-how on, *inter alia*, the suitable components and the training of their proprietary machine learning model(s) for Pello, as well as Defendants' sensitive business information as to costs associated with Defendants' products. For example, if Defendants' competitors gain access to the confidential and proprietary information covered by Defendants' proposed redactions, they would gain a competitive advantage in the development of products or services in competition with Pello. This would put Defendants at a clear competitive disadvantage compared to their current position.

8. Attached hereto as **Exhibit C-R** is a true and correct copy of Exhibit C to the Streisand Declaration, *i.e.*, Dkt. No. 147-17, with both Plaintiff's proposed redactions[3] and Defendants' proposed redactions applied, which is filed on the public docket concurrently herewith. The unredacted version of **Exhibit C**, with yellow highlights showing Defendants' proposed redactions, has been lodged with the Court. Defendants' proposed redactions to Exhibit C cover the specific model of image sensor Defendants use for its Pello products (¶¶ 35, 37-38 and 40-41) and the specific model used for training their proprietary machine learning model(s) for Pello (¶ 47). The proposed redactions are narrowly tailored to cover only the specific numeric figures and detailed descriptions

---

[3] Plaintiff has proposed redactions to Exhibit C through its Administrative Motion to File Under Seal (Dkt. No. 146). For at least the reasons set forth in Defendants' Opposition thereto (Dkt. No. 151), Defendants do not believe any of Plaintiff's proposed redactions is justified. Moreover, as noted in Defendants' Opposition, Plaintiff failed to highlight any specific portions in Exhibit C as its proposed redactions. However, as the Court has not yet ruled on Plaintiff's proposed redactions, Defendants have applied full-page redactions—to the pages of Exhibit C identified in Dkt. No. 146—in the Exhibit C-R filed on the public docket solely out of an abundance of caution.

identifying the said confidential and proprietary information, and nothing further. Defendants have taken reasonable measures to keep such information secret, including by designating the documents and deposition transcripts underlying such information in **Exhibit C** as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. Revealing such information in the public record could cause Defendants substantial and irreparable competitive harm as it would provide insight into Defendants' specific know-how on the suitable image sensor and the training of their proprietary machine learning model(s) for Pello. For example, if Defendants' competitors gain access to the confidential and proprietary information covered by Defendants' proposed redactions, they would gain a competitive advantage in developing products or services in competition with Pello. This would put Defendants at a clear competitive disadvantage compared to their current position.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of October, 2024, in Boston, Massachusetts.

*/s/ Matthew S. Galica*
Matthew S. Galica