Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 586-3200
Facsimile:   (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:   (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>                Plaintiff,<br>     v.<br><br>RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.,<br><br>                Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S RESPONSE TO PLAINTIFF'S CORRECTED RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 152)**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed:   August 4, 2023<br>Trial Date:           December 9, 2024 |

Pursuant to Civil L.R. 79–5(f)(4), Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions Inc. (together, "Defendants") respond to Plaintiff's "Corrected" Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 152), which purportedly "corrects" Plaintiff's previously filed response (Dkt. No. 137).

First, Plaintiff's "corrected" response Dkt. No. 152 is a facially improper attempt to propose, out of time and without any justification, dozens of additional redactions to half of the subject exhibits almost two weeks past its deadline to do so.[1] Similarly, Plaintiff added boilerplate justifications for dozens of proposed redactions previously marked in the exhibits filed alongside Dkt. No. 137.[2] No inadvertence or clerical error can explain such pervasive omissions of proposed redactions and purported justifications. It is conspicuous that Plaintiff chooses not to provide a single excuse, let alone proper justifications, for its extended delay and extensive omissions. *See* Dkt. Nos. 152-154. For this reason alone, Plaintiff's brand-new, out-of-time redactions and related "justifications" should be summarily rejected.

Second, even if Plaintiff's out-of-time redactions were to be considered, they are not justified and should be rejected. As detailed below, Plaintiff's newly proposed redactions are facially overbroad and cover non-trade-secret information, including what Plaintiff knows to be public and/or has chosen to make public. *See, e.g.*, Dkt. No. 152 at 11 (seeking redaction of Ex. 1 at 29:7 "nanocoating"); *cf.* Dkt. No. 121 at 9 (citing Dkt. No. 121-13, RoadRunner's public webpage, showcasing that for its product, "[g]rime-resistant lens nanocoating keeps the camera clean"). Therefore, none of Plaintiff's proposed redactions qualifies for sealing.[3] In the same perfunctory

---

[1] *See, e.g.*, Dkt. No. 152 at 11, 17-24, 31-33 (belatedly proposing redactions to five of the thirteen exhibits at issue, including **Ex. 1** at 10:9, 29:7; **Ex. 4** at 55:8; 91:7-8; 99:11-13; 115:13-14; 116:7-8; 122:5-6; 171:18-19; 172:4-20, 23-24; 173:1-2, 12-14; 179:10-14, 20-22; 229:11-17; 230:6-10; 231:14; 234:20-21; 238:20; 239:13; **Ex. 12** at 119:4, 7-8, 13-16, 19-21, 23; 120:4-7, 14-16, 19-21, 23; 121:16-17; 127:16-19, 22-23; 128:11-13; 130:12, 16-17; 130:25-131:3; 132:21, 24-25; 139:9-13, 16; 140:10-19; 142:14-15; 144:18, 25); *cf.* Dkt. No. 137 at 10-12, 16-18, 23.

[2] *See, e.g.*, Dkt. No. 152 at 19-23, 26-27, 31-33 (belatedly providing boilerplate justifications for **Ex. 4** at 124:20; 124:24-125:2; 157:14, 23-25; 158:4-13; 159:25-160:2; 160:6, 16; 182:9-183:1; 184:21-185:3; 189:2-8; 231:17-25; 283:9-18, 21; 239::9-10, 14; **Ex. 9** at 131:1, 3, 6-7, 10-11; 140:16-25; **Ex. 12** at 121:1; 123:19-23; 124:1-10, 21-25; 125:1-3, 19-25; 138:14-18; 139:2-7; 142:16-22; 144:10-17, 20-24) ; *cf.* Dkt. No. 137 at 16-20, 23 (providing no justifications for the said proposed redactions).

[3] For at least the reasons stated in Dkt. No. 140, *i.e.*, Defendants' response to Dkt. No. 137, Plaintiff's previously proposed redactions set forth in Dkt. No. 137 are also unjustified and should not be sealed.

manner as before, Plaintiff's "corrected" response and declaration once again rehashes the identical, boilerplate assertions of harm for each of its belatedly proposed redactions—which is legally deficient and factually untenable. *Compare, e.g.*, Dkt. Nos. 114, 128, 136, 137, and 146 *with* Dkt. No. 152; *but see, e.g.*, Dkt. Nos. 121, 129, 139, 140, and 151.

Third, Plaintiff's stale assertions of harm are belied by its inexplicable failure to include its newly proposed redactions in Dkt. No. 137 by the deadline. Such failure amplifies Plaintiff's continued inability to identify any trade secret and also shows, at the very least, Plaintiff's own carelessness about what it alleges is confidential. The Court and Defendants need not, and should not, care more than Plaintiff does for its own "trade secret" information. *See, e.g.* Dkt. No. 112 at 4.

To date, Plaintiff has imposed undue burden on both the Court and Defendants with its endless attempts to redact demonstrably public information, despite Defendants' diligent explanation each time in response that no sealing is warranted. Plaintiff compounds the undue burden it has imposed by revisiting and revising its proposed redactions—almost two weeks out of time—for no justifiable reasons under the guise of a "corrected" response. This Court, Defendants, and the public should not continue to be burdened and prejudiced by Plaintiff's (1) ongoing inability to adequately identify its alleged trade secrets, (2) failure to timely propose redactions, (3) failure to properly support its proposed redactions, and (4) repeated attempts to redact alleged trade secrets inarguably shown to be publicly known. All of Plaintiff's proposed redactions should be rejected.

## I.   LEGAL STANDARD

Courts have long recognized the public's right of access to judicial proceedings. Sealing is only proper upon a showing of **compelling reasons** or a **particularized good cause**. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); Fed. R. Civ. P. 26(c). Sealing orders "may issue only upon a request that establishes that the [information] is privileged or protectable as trade secret or otherwise entitled to protection under the law." Civil L.R. 79–5(b). All requests to seal ***must be "narrowly tailored,"*** such that ***only sealable information*** is sought to be redacted from public access. *Id.* (emphases added). "'[V]ague boilerplate language or nebulous assertions of potential harm' will not suffice to support redaction." Dkt. No. 93 at 2 (citation omitted). "[O]verly broad requests to seal

may result in the denial of the motion." Civil L.R. 79–5(f)(6).

## II. ARGUMENT

Plaintiff asserts that its belatedly proposed redactions "identify and describe" its trade secrets, which is the only ground provided in support of sealing. *See generally* Dkt. No. 152. As with all its prior sealing requests, this assertion is untrue. Just as it fails to specify any legitimate trade secrets, Plaintiff again fails to specify any potential injury. *See id.* Plaintiff's assertion of "harm" is again recycled, almost verbatim, from its prior declarations. *Compare* Dkt. Nos. 114-1, 128-1, 136-1, 138, 146-1 *with* Dkt. No. 153. Plaintiff's nebulous and formulaic declarations cannot and do not provide any "evidentiary support" for its proposed redactions. *See* Dkt. No. 93 at 2. Plaintiff's belated sealing requests are additionally egregious because it has long known and has been repeatedly shown—at least by Defendants' previous briefing—of the public nature of the information it still seeks to redact.

In addition to proposing redactions two weeks past the deadline, Plaintiff seeks to provide belated, boilerplate justifications for proposed redactions previously marked in the exhibits filed concurrently with Dkt. No. 137. Such belated justifications should not be considered and the related proposed redactions should be summarily rejected: Civil L.R. 79-5(f)(3) and 79-5(c) require Plaintiff to provide such justifications two weeks earlier in Dkt. No. 137, and it did not. *See, e.g.*, Civil L.R. 79-5(f)(3) ("A failure to file a statement or declaration [as described in subsection (c)] may result in the unsealing of the provisionally sealed document without further notice to the Designating Party.").

### A. Plaintiff's Belatedly Proposed Redactions to Ex. 1 Are Not Justified

Ex. 1 is Plaintiff's interrogatory responses. Plaintiff's newly added redactions to Ex. 1 at 10:9[4] and 29:7 indicates "[t]he type of coating" it uses on its camera lens. As Defendants have explained numerous times already, even Plaintiff itself has publicly disclosed and promoted such information. *See, e.g.*, Dkt. No. 121 at 6, 9 (citing evidence of public disclosures of the type of coating Plaintiff uses). Therefore, the Court should reject Plaintiff's belatedly proposed redactions to Ex. 1.

### B. Plaintiff's Belatedly Proposed Redaction to Ex. 4 Are Not Justified

Ex. 4 excerpts the transcript of the Sept. 12, 2024 deposition of Plaintiff's technical expert, W. Leo Hoarty. Plaintiff's unwarranted second shot at proposing redactions to Ex. 4 fares no better

---

[4] Plaintiff incorrectly refers to 11:6 in Dkt. No. 152.

1  than its first, as it still insists on redacting generic and/or publicly known information. For example,
2  Plaintiff proposes sweeping redactions to 172:7-173:2 and 229:11-17 that cover generalized bluster
3  for which the Court has expressly warned Plaintiff not to seek redactions, such as the generic phrase
4  of "a particularly hard problem" (229:13). *See* Dkt. No. 93 at 3. Yet Plaintiff incredibly asserts that
5  its sweeping redactions—proposed after yet another two weeks after the deadline—cover "only the
6  confidential information" or "only sensitive information." *See, e.g.* Dkt. No. 152 at 22-23.

7        Moreover, despite self-granting another two weeks for proposing redactions, Plaintiff remains
8  unable to keep straight what it considers public and what it considers confidential. Various redactions
9  Plaintiff now proposes cover the same information it has already chosen to reveal on the public docket
10 through Dkt. No. 153-5. For example, Plaintiff asks that the Court redact multiple references to its
11 SPID ML model (*e.g.*, at 171:19; 179:10-11, 22; 231:14; 238:20; 239:13), when this very exhibit
12 refers verbatim in the unredacted, public portion to a "SPID machine learning model"—just three
13 lines down from Plaintiff's nearest proposed redaction. *See* Dkt. No. 153-5 at 179:17-18. By way of
14 at least unrebutted expert testimony, Defendants have already demonstrated in detail that Plaintiff's
15 ML models are publicly disclosed in its own patents, including every feature of its SPID model. *E.g.*
16 Dkt. No. 132-1 at 22 (citing Greenspun Rebuttal Rpt. Ex. 1). Acknowledging this, Plaintiff's recent
17 Opposition to Defendants' Motion for Summary Judgment confirms that it does not allege *any* of its
18 machine learning models are trade secrets. *See* Dkt. No. 156 at 7-8. Put another way, Plaintiff is
19 seeking to redact the *name* of a machine learning model when (1) it does not allege the machine
20 learning model, itself, is a trade secret, (2) Defendants have shown that the machine learning model
21 is publicly disclosed in its patents, and (3) Plaintiff, in the same submission seeking redaction of the
22 name, does *not* redact the *name* of the machine learning model elsewhere.

23       All of Plaintiff's newly proposed redactions to Ex. 4 should be rejected.

24       **C.**    **Plaintiff's Belatedly Proposed Redaction to Exs. 10-11 Are Not Justified**

25       Ex. 10-11 excerpt the rebuttal expert reports of Defendants' technical experts. As for Ex. 10,
26 Plaintiff now seeks to redact the extremely generalized two-word characterization regarding its use
27 of the "subpar image detection (SPID)." *Compare* Dkt. No. 138-8 at ¶ 51 *with* Dkt. No. 153-8 at ¶ 51.
28 Yet Plaintiff does not redact, from Ex. 3 it (re-)filed publicly, that Compology uses an "ML model

for SPID." Dkt. No. 153-4 at ¶ 82. Regardless, as explained above, everything about Plaintiff's machine learning model—including its name—is publicly known. *See* Section II.B, *supra.* As for Ex. 11, Plaintiff seeks to redact highly generalized comment regarding a commercially available Tardiran battery from ¶ 72, and common knowledge about battery operations from ¶ 73. Indeed, in the exact same paragraph, Defendants' expert unequivocally notes that the proposed redaction covers "common knowledge." *See* Dkt. No. 153-9 at ¶ 73. No plausible justification exists for redacting such information, let alone Plaintiff's boilerplate assertions.

All of Plaintiff's proposed redactions to Exs. 10-11 should be rejected.

### D.     Plaintiff's Belatedly Proposed Redactions to Ex. 12 Are Not Justified

Ex. 12 excerpts the transcript of the Aug. 22, 2024 deposition of Plaintiff's 30(b)(6) witness, Justin Armstrong. Much like Plaintiff's perfunctory approach to Ex. 4, Plaintiff's newly added redactions to Ex. 12 are facially improper. For example, Plaintiff once again asks the Court to redact various references to the SPID ML model (*e.g.*, at 119:7-8, 19-23), when Ex. 12 refers to the same throughout the unredacted portion published on the docket—including just one line above Plaintiff's proposed redaction. *See* Dkt. No. 153-10 at 119:18; *see also id.* at 111:4, 8, 10, 25; 119:10; 120:8; 121:15; 128:13. Further, as explained above, everything about Plaintiff's machine learning model—including its name—is publicly known. *See* Section II.B, *supra.*

In addition, Plaintiff's other belatedly proposed redactions cover generic and/or publicly known information. For example, Plaintiff seeks to conceal the fact that it uses human reviewers for images, when its own employees have disclosed such information at public presentations. *See* Dkt. No. 152 at 32 (seeking to redact 131:2-3); *cf., e.g.*, Dkt. No. 121 at 4 (detailing public disclosures). As another example, Plaintiff seeks to redact generic marketing puffery that the Court has expressly warned it not to seek redactions of, such as the assertion that Plaintiff would aim not give customers bad data. *See* Dkt. No. 152 at 31 (seeking to redact Ex. 12 at 121:16-17); *but see* Dkt. No. 93 at 3.

All of Plaintiff's proposed redactions to Ex. 12 should be rejected.

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny all of Plaintiff's proposed redactions as set forth in Dkt. No. 152.

| | |
|---|---|
| Dated: November 4, 2024 | Respectfully Submitted, |
| | /s/ Matthew S. Galica |

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 586-3200
Facsimile:   (310) 586-3202

James M. Wodarski (Admitted Pro Hac Vice)
JWodarski@mintz.com
Michael C. Newman (Admitted Pro Hac Vice)
MCNewman@mintz.com
Matthew S. Galica (Admitted Pro Hac Vice)
MSGalica@mintz.com
James J. Thomson (Admitted Pro Hac Vice)
JJThomson@mintz.com
Sean M. Casey (Admitted Pro Hac Vice)
SMCasey@mintz.com
Tianyi Tan (Admitted Pro Hac Vice)
TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)
SChen@mintz.com
Amy LoBue (Admitted Pro Hac Vice)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:   (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.