JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:      (415) 398-8080
Facsimile:      (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:      (949) 623-7200
Facsimile:      (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:      (310) 203-8080
Facsimile:      (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **PLAINTIFF ROADRUNNER RECYCLING, INC.'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 158)** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | |
| | Complaint Filed:    August 4, 2023 |
| | Trial Date:    December 9, 2024 |

Pursuant to L.R. 79-5(f)(3), Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits the following response to Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants") motion to consider whether another party's material should be sealed (Dkt. No. 158).

RoadRunner seeks to maintain under seal certain of the documents that Defendants filed provisionally under seal pursuant to L.R. 79-5(f), as described below:

| Document | RoadRunner's Response |
|---|---|
| Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Defendants' Reply") | On the grounds described below, RoadRunner seeks to maintain its proposed redacted portions of the Reply under seal. |
| Exhibit 18 to Declaration of Matthew S. Galica in Support of Defendants' Reply, i.e., the transcript excerpt of the October 7, 2024 deposition of Plaintiff's technical expert W. Leo Hoarty | On the grounds described below, RoadRunner seeks to maintain its proposed redacted portions of Exhibit 18 under seal. |
| Exhibit 19 to Declaration of Matthew S. Galica in Support of Defendants' Reply, i.e., the transcript excerpt of the September 12, 2024 deposition of Plaintiff's technical expert W. Leo Hoarty | RoadRunner previously filed these pages of Mr. Hoarty's deposition on the public docket as Dkt. No. 153-5. Therefore, RoadRunner does not seek to maintain Exhibit 19, or any portion thereof, under seal. |
| Exhibit 20 to Declaration of Matthew S. Galica in Support of Defendants' Reply, i.e., the transcript excerpt of the September 27, 2024 deposition of Defendants' technical expert Jacob Baker | On the grounds described below, RoadRunner seeks to maintain its proposed redacted portions of Exhibit 20 under seal. |

JMBM | Jeffer Mangels Butler & Mitchell LLP

# I.   LEGAL STANDARD

The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets and other business information that may harm the party's competitive standing. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S. 986 (2012)); *see also* 18 U.S.C. § 1835(a) (noting "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). Requests to seal information filed on the Court's public docket must be narrowly tailored to account for the public's right of access to the Court's files and otherwise comply with the rules set forth in Civil Local Rule 79-5.  *See* Civil L.R. 79-5.

"Trade secrets['] . . . only value consists in their being kept private.' . . . 'Once the data that constitute a trade secret are disclosed to others, . . . the holder of the trade secret has lost his property interest in the data.'" *DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003).  For that reason, public disclosure of trade secrets constitutes irreparable injury.  *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023) (granting motion to seal trade secrets identification because disclosing plaintiffs' trade secrets would cause them "irreparable injury").

# II.   THE COURT SHOULD MAINTAIN UNDER SEAL PORTIONS OF DEFENDANTS' REPLY AND EXHIBITS 18 AND 20 THERETO

RoadRunner proposes redacting passages of the afore-mentioned documents that identify and describe RoadRunner's trade secrets.  For each of the following passages, RoadRunner identifies (a) the interest to be protected; (b) the injury that would result if the proposed redacted language is not redacted; and (c) why a still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the result.  RoadRunner has endeavored to identify specific interests to be protected, specify the injury that would result if the proposed redacted language is

Case No. 3:23-cv-04804-WHA

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

not redacted, and has omitted from its proposed redactions portions of passages in an effort to ensure that only the narrowest portions of the testimony is protected from disclosure.

### A.    Defendants' Reply

As described below, compelling reasons exist for sealing RoadRunner's proposed redactions to Defendants' Reply:

| Page:Line(s) | Grounds for Maintaining Yellow Highlights Under Seal |
|---|---|
| 3:4, 5, 8; 7:27; 8:3, 5; 10:18, 21–22 | (a) The proposed redactions in this passage protect specific details of RoadRunner's algorithms and processes, which are RoadRunner's trade secrets. In the context of the surrounding discussion, details of RoadRunner's algorithms and processes, and redacting the terms as proposed is the most narrow method of protecting RoadRunner's trade secrets. <br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of the information.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The proposed redacted information is key to the successful development of RoadRunner's algorithms and took significant time and funding to develop. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money. <br><br>(c) RoadRunner has done its best to balance the public interest in disclosure with RoadRunner's interest in maintaining the secrecy of its trade secrets and know-how.  The proposed redactions in this passage aim to disclose information that, when read in context, explain significant elements of learned experience that Compology developed in the process of refining its products.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 4:26; 6:25 | (a) These passages describe Compology's experimentation and know-how that Compology implemented in its camera system design, such as the location and use of coating. This information is protected from disclosure as RoadRunner's |

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | | |
|---|---|---|
| | | trade secrets. |
| | | (b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner because RoadRunner's coating contributes to the commercial success of its camera system.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. |
| | | (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 6:11–16 | (a) This passage describes the confidential, non-public components of RoadRunner's battery pack. |
| | | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of the information RoadRunner seeks to protect.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing. Compology spent years in trial and error testing different batteries and battery assemblies and its choice to settle on the battery assembly currently utilized by its cameras is the result of significant time and expense. |
| | | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

| 6:22–24 | (a) This passage describes a confidential, non-public component of RoadRunner's smart camera apparatus trade secret.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
|---------|---|
| 6:27 | (a) The proposed redactions in this passage protect RoadRunner's design choices regarding its camera lens. Specifically, the proposed redacted language describes specific details of the R12 and R13 camera lenses.<br><br>(b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.<br><br>(c) RoadRunner only proposes redacting those portions of the sentences that would reveal details of Compology's experimentation with different lenses, which RoadRunner's competitors could use to RoadRunner's detriment. No narrower redaction is possible without causing harm to RoadRunner. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

| 6:28 | (a) The proposed redaction in this passage protects the name of the manufacturer of RoadRunner's image sensor.  The choice to use this manufacturer's sensor was the result of trial, error, and expense.  This know-how is a protectable trade secret.  *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret). (b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product. (c) RoadRunner only proposes redacting the name of its manufacturer and no other surrounding information.  This is the most narrow redaction possible that still protects the identity of RoadRunner's know-how. |
|------|-----------------------------------------------------------------------------|

**B.**     **Deposition of W. Leo Hoarty, Vol. II (Defendants' Reply, Exhibit 18)**

As described below, compelling reasons exist for sealing RoadRunner's proposed redactions to Defendants' Reply, Exhibit 18:

| Page:Line(s) | Grounds for Maintaining Yellow Highlights Under Seal |
|--------------|------------------------------------------------------|
| 477:24 | (a) The proposed redaction in this passage protects the name of the manufacturer of RoadRunner's image sensor.  The choice to use this manufacturer's sensor was the result of trial, error, and expense.  This know-how is a protectable trade secret.  *See Self Directed Placement Corp.*, 908 F.2d at 467. (b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED

| | time-saving advantage in developing a competing product. |
|---|---|
| | (c) RoadRunner only proposes redacting the name of its manufacturer and no other surrounding information.  This is the most narrow redaction possible that still protects the identity of RoadRunner's know-how. |

## C.    Deposition of R. Jacob Baker (Defendants' Reply, Exhibit 20)

As described below, compelling reasons exist for sealing RoadRunner's proposed redactions to Defendants' Reply, Exhibit 20:

| Page:Line(s) | Grounds for Maintaining Yellow Highlights Under Seal |
|---|---|
| 88:10, 13, 16 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 88:23, 25 | (a) The proposed redaction in this passage protects the name of the manufacturer of RoadRunner's image sensor.  The choice to use this manufacturer's sensor was the result of trial, error, and expense.  This know-how is a protectable trade secret.  *See Self Directed Placement Corp.*, 908 F.2d at 467.<br><br>(b) If the Court does not redact the highlighted portions of this passage, |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

JMBM | Jeffer Mangels Butler & Mitchell LLP

RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.

(c) RoadRunner only proposes redacting the name of its manufacturer and no other surrounding information. This is the most narrow redaction possible that still protects the identity of RoadRunner's know-how.

III.    CONCLUSION

For the foregoing reasons, RoadRunner requests that the Court maintain under seal RoadRunner's proposed redactions to Defendants' Reply and Exhibits 18 and 20 thereto.

DATED: November 7, 2024            JEFFER MANGELS BUTLER & MITCHELL LLP
                                   STANLEY M. GIBSON
                                   JAMES NEUDECKER
                                   JOSEPH J. MELLEMA
                                   LENA STREISAND


                                   By:    _/s/ Lena Streisand_
                                              LENA STREISAND
                                   Attorneys for Plaintiff ROADRUNNER
                                   RECYCLING, INC.

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

1

## <u>CERTIFICATE OF SERVICE</u>

2      I certify that on November 7, 2024, I electronically filed the foregoing document(s) and

3  that they are available for viewing and downloading from the Court's CM/ECF system, and that

4  all participants in the case are registered CM/ECF users and that service will be accomplished by

5  the CM/ECF system.

6                                    */s/ Itzi Munoz*_____
                                     JEFFER MANGELS BUTLER & MITCHELL LLP
7                                    1900 Avenue of the Stars, 7th Floor
                                     Los Angeles, CA 90067
8                                    Phone: (310) 203-8080
9                                    Email: imunoz@jmbm.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:23-cv-04804-WHA

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED