1  Arameh Zargham O'Boyle (SBN: 239495)
   AZOboyle@mintz.com
2  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
   2049 Century Park East, Suite 300
3  Los Angeles, CA 90067
   Telephone:    (310) 586-3200
4  Facsimile:    (310) 586-3202

5  James M. Wodarski *(Admitted Pro Hac Vice)*
   JWodarski@mintz.com
6  Michael C. Newman *(Admitted Pro Hac Vice)*
   MCNewman@mintz.com
7  Matthew S. Galica *(Admitted Pro Hac Vice)*
   MSGalica@mintz.com
8  James J. Thomson *(Admitted Pro Hac Vice)*
   JJThomson@mintz.com
9  Sean M. Casey *(Admitted Pro Hac Vice)*
   SMCasey@mintz.com
10 Tianyi Tan *(Admitted Pro Hac Vice)*
   TTan@mintz.com
11 Stephen Chen *(Admitted Pro Hac Vice)*
   SChen@mintz.com
12 Amy LoBue *(Admitted Pro Hac Vice)*
   ALoBue@mintz.com
13 MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
   One Financial Center
14 Boston, MA 02111
   Telephone:    (617) 542-6000
15 Facsimile:    (617) 542-2241

16 Attorneys for Defendants
   RECYCLE TRACK SYSTEMS, INC., and
17 RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 164)** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., | |
| Defendants. | |
| | *Assigned for All Purposes to:* The Hon. William H. Alsup, Courtroom 12 |
| | Complaint Filed:  August 4, 2023<br>Trial Date:       December 9, 2024 |

Pursuant to Civil L.R. 79–5(f)(4), Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions Inc. (collectively, "Defendants") hereby respond to Plaintiff RoadRunner Recycling, Inc.'s Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 164).

As detailed below, Plaintiff's proposed redactions are facially unwarranted and cover non-trade-secret information, including what Plaintiff knows to be public and/or has affirmatively chosen to make public. *See, e.g.*, Dkt. No. 164 at 4-5 (seeking redaction of Ex. A at 6 "nanocoating"); *cf.* Dkt. No. 121 at 9 (citing Dkt. No. 121-13, RoadRunner's public webpage, showcasing that for its product, "[g]rime-resistant lens nanocoating keeps the camera clean"). Therefore, none of Plaintiff's proposed redactions qualify for sealing. Worse, as explained numerous times before, Plaintiff's repeated requests that the Court seal such clearly public information underscores its continued inability to identify any trade secret in this case. In the same perfunctory manner as before, Plaintiff's response and declaration rehashes the identical, boilerplate assertions of harm for each of its belatedly proposed redactions—merely with paragraph breaks at different locations—which is legally deficient and factually untenable. *Compare, e.g.*, Dkt. Nos. 114, 128, 136, 137, 146, 152 *with* Dkt. No. 164; *but see, e.g.*, Dkt. Nos. 121, 129, 139, 140, 151, 162.

To date, Plaintiff has imposed undue burden on both the Court and Defendants with its endless attempts to redact demonstrably public information, despite Defendants' diligent explanation each time in response that no sealing is warranted. Indeed, as with the "coating" example above, all of Plaintiff's support for its requests to seal amounts to boilerplate and conclusory statements against Defendants' unrebutted evidence of its various public disclosures of Plaintiff's alleged trade secrets.

This Court, Defendants, and the public should not continue to be burdened and prejudiced by Plaintiff's (1) ongoing inability to adequately identify its alleged trade secrets, (2) failure to properly support its proposed redactions, and (3) repeated attempts to redact alleged trade secrets inarguably shown to be publicly known. All of Plaintiff's proposed redactions should be rejected.

## I.   LEGAL STANDARD

Courts have long recognized the public's right of access to judicial proceedings. For motions and their attachments that are "more than tangentially related to the merits of a case," sealing is only

1  proper upon a showing of *compelling reasons*. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d
2  1092, 1101-02 (9th Cir. 2016). Even when filings only tangentially relate to the merits, the party
3  seeking to maintain the secrecy thereof must still show a *particularized good cause* to justify sealing.
4  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); Fed. R. Civ. P. 26(c).

Sealing orders "may issue only upon a request that establishes that the [information] is privileged or protectable as trade secret or otherwise entitled to protection under the law." Civil L.R. 79–5(b). All requests to seal *must be "narrowly tailored,"* such that *only sealable information* is sought to be redacted from public access. *Id.* (emphases added). "'[V]ague boilerplate language or nebulous assertions of potential harm' will not suffice to support redaction." Dkt. No. 93 at 2 (citing *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019)). "[O]verly broad requests to seal may result in the denial of the motion." Civil L.R. 79–5(f)(6).

## II.    ARGUMENT

Plaintiff asserts that its proposed redactions "identify and describe" its trade secrets, which is the only ground provided in support of sealing. *See generally* Dkt. No. 164. As with all its prior sealing requests, this assertion is untrue. Just as it fails to specify any legitimate trade secrets, Plaintiff again fails to specify any potential injury. *See id.* Indeed, Plaintiff continues to recycle virtually the same assertion of "harm" from its prior declarations. *Compare* Dkt. Nos. 114-1, 128-1, 136-1, 138, 146-1, 153 *with* Dkt. No. 164-1. Plaintiff's nebulous and formulaic declarations cannot and do not provide any "evidentiary support" for its proposed redactions. *See, e.g.*, Dkt. No. 93 at 2 ("'[V]ague boilerplate language or nebulous assertions of potential harm' will not suffice to support redaction.").

Plaintiff's latest regurgitation of its unfounded sealing requests is extra egregious because Plaintiff has long known and has been repeatedly shown—at least by Defendants' prior briefing—of the public nature of much of the information it still seeks to redact. There can be no plausible excuse for Plaintiff's failure to exclude such public information from it proposed redactions, let alone any excuse for its affirmative attempts to keep such information from the public. For these reasons, and the details below, all of Plaintiff's proposed redactions should be rejected.

### A.    Plaintiff's Proposed Redaction to Defendants' MSJ Reply Are Not Justified

Ex. A to Dkt. No. 164 is Defendants' Reply to Plaintiff's Opposition to Defendants' Motion

for Summary Judgment ("MSJ Reply"). Plaintiff proposes various redactions that are not only facially public but also cover the identical information that Defendants have repeatedly noted, with evidence, is publicly known, including most recently in Dkt. No. 162, filed just three days before Plaintiff again baselessly request the sealing thereof in Dkt. No. 164. Therefore, Plaintiff's unfounded requests for sealing as set forth in Dkt. No. 164 evidence, at the very least, its utter lack of diligence when asking the Court to redact filings in this case.

For example, Plaintiff seeks to redact the references to "SPID." *See* Ex. A at 3, 7, 8, and 10. Most such references merely note that Plaintiff has disclosed, in its Identification of Trade Secrets ("ITS"), "Subpar Image Detection (SPID)" as one of its "Software Algorithms and Processes" trade secrets—an almost verbatim quotation of the unredacted, publicly filed portion of the ITS. *Compare id. with, e.g.*, Dkt. No. 114-4 at 15 (public filing of the ITS with Plaintiff's redactions). There can be no plausible excuse for Plaintiff to propose such redactions, much less any rational justification for asking for the sealing thereof. Relatedly, Plaintiff asks that the Court also redact the extremely generalized characterization of SPID as a machine learning model, when at least in its "corrected" sealing requests filed as Dkt. No. 152 approximately a week before Dkt. No. 164, Plaintiff affirmatively left in the public portion a verbatim reference to a "SPID machine learning model." *See* Dkt. No. 153-5 at 179:17-18. Yet Plaintiff does not shy away from asserting that such redactions cover "***specific details*** of RoadRunner's algorithms and processes," which is simply not credible given its demonstrably public disclosure. *See* Dkt. No. 164 at 4 (emphasis added). Ironically, Plaintiff's supporting declaration states, verbatim, that "the proposed redacted language … describes … Sub-Par Image Detection (SPID)." Dkt. No. 164-1 at ¶ 6.

As another example, Plaintiff seeks to redact references to its use of lithium thionyl chloride batteries when this is indisputably made public at least by Plaintiff itself. The unredacted, publicly filed portion of the ITS itself discloses that Plaintiff has specifically chosen "Lithium Thionyl Chloride" to meet its "strict requirements." *See* Dkt. No. 114-4 at 11 (public filing of the ITS with Plaintiff's redactions); *see also, e.g.*, Dkt. No. 121 at 11 (noting this public disclosure as well as multiple other public disclosures of Plaintiff's use of lithium thionyl chloride batteries). Therefore, it is again clear that Plaintiff cannot keep straight what it has publicly disclosed and what it considers,

or can legitimately assert, as confidential. No redactions are warranted.

As yet another example, Plaintiff asks the Court to redact generic references to several other components in its camera, as well as the name of the manufacturer of its image sensor, that Plaintiff asserts is confidential and non-public without any evidentiary support. *See, e.g.*, Dkt. No. 164 at 4-7 (seeking to redact generic discussions of components in Ex. A at 6). As already discussed at length in at least Dkt. No. 121, none of such proposed redactions is warranted in view of the various public disclosures thereof and/or the extreme generalization of the specific wording Plaintiff seeks to seal. *Compare* Ex. A at 6 *with, e.g.*, Dkt. No. 121. Indeed, the exact context in which Plaintiff's baseless proposed redactions reside shows that none of these redactions are warranted: the components at issue are publicly or generally known. *See* Ex. A at 6.

All of Plaintiff's newly proposed redactions to Defendants' MSJ Reply should be rejected.

**B.    Plaintiff's Proposed Redaction to Exs. 18 and 20 Are Not Justified**

Exs. 18 and 20 excerpt, respectively, the transcripts of the depositions of Plaintiff's technical expert Mr. Hoarty and Defendants' technical expert Mr. Baker.

For both Exs. 18 and 20, Plaintiff seeks to redact the name of the manufacturer of its image sensor. *See* Ex. 18 at 24; Ex. 20 at 88:23, 25. For the same reasons discussed above, such proposed redactions should be denied. *See* Section 0 *supra*.

Additionally for Ex. 20, Plaintiff seeks to redact the generic description of certain allegedly "confidential, non-public component" of its camera. *See* Ex. 20 at 88:10, 13, and 16. For the reasons discussed above and as is evident from Ex. 20 itself, such redactions are unfounded, for they merely cover a generic component that is commonly used in electronic devices. *See* Section 0 *supra*; Ex. 20 at 88:12-13 ("Electronic devices often have [proposed redaction]."). None of the proposed redactions disclose, *e.g.*, any distinct, confidential feature of the component used in Plaintiff's camera or even the specific model, to provide any plausible sealing justification. Therefore, such proposed redactions should be denied.

**III.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny all of Plaintiff's proposed redactions as set forth in Dkt. No. 164.

| | |
|---|---|
| Dated: November 11, 2024 | Respectfully Submitted, |
| | /s/ Matthew S. Galica |

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 586-3200
Facsimile:   (310) 586-3202

James M. Wodarski (Admitted Pro Hac Vice)
JWodarski@mintz.com
Michael C. Newman (Admitted Pro Hac Vice)
MCNewman@mintz.com
Matthew S. Galica (Admitted Pro Hac Vice)
MSGalica@mintz.com
James J. Thomson (Admitted Pro Hac Vice)
JJThomson@mintz.com
Sean M. Casey (Admitted Pro Hac Vice)
SMCasey@mintz.com
Tianyi Tan (Admitted Pro Hac Vice)
TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)
SChen@mintz.com
Amy LoBue (Admitted Pro Hac Vice)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:   (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.