Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 586-3200
Facsimile:   (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:   (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S OMNIBUS RESPONSE TO PLAINTIFF'S SEALING REQUESTS (DKT. NOS. 177 AND 178)** <br><br> *Assigned for All Purposes to:* <br> The Hon. William H. Alsup, Courtroom 12 <br><br> Complaint Filed:   August 4, 2023 <br> Trial Date:   December 9, 2024 |

Pursuant to Civil L.R. 7–11(b) and 79–5(f)(4), Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions Inc. (collectively, "Defendants") hereby submits this omnibus response to (1) Plaintiff RoadRunner Recycling, Inc.'s ("Plaintiff's") Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 177) and (2) Plaintiff's Administrative Motion to File Portions of Dkt. No. 167 Under Seal (Dkt. No. 178).

As detailed below, Plaintiff's proposed redactions to Defendants' Exhibit List—as set forth in both Dkt. No. 177 and 178—are unwarranted and cover non-trade-secret, if not outright public, information, including what Plaintiff knows to be public and/or has affirmatively chosen to make public. *See, e.g.*, Dkt. No. 178 at 3-4 (seeking to redact "Lithium Thionyl Chloride (Li-SOCl2)" from Entry #296); *cf.* Dkt. No. 114-4 at 11 (Plaintiff's publicly-filed Identification of Trade Secrets ("ITS") disclosing that "[a]n exotic battery chemistry (Lithium Thionyl Chloride—LiSoCl2) was selected for Compology's smart camera apparatus"). Thus, none of Plaintiff's proposed redactions to Defendants' Exhibit List qualify for sealing. Worse, Plaintiff improperly seeks to redact the model numbers and/or generic description of third-party components—including from exhibits produced *by Defendants*, which are public documents downloaded from the internet. Put another way, Plaintiff is taking the absurd position that a third party's component—that anyone can buy—and related, publicly-downloadable specifications are somehow Plaintiff's trade secret. Moreover, as already explained numerous times before, Plaintiff's repeated requests that the Court seal clearly public information underscores its continued inability to identify any trade secret in this case. Furthermore, in the same perfunctory manner as before, Plaintiff's requests and accompanying declarations rehash the identical, boilerplate assertions of harm for its proposed redactions to Defendants' Exhibit List, which is legally deficient and factually untenable. *Compare, e.g.*, Dkt. Nos. 114, 128, 136, 137, 146, 152, and 164 *with* Dkt. Nos. 177-1 and 178-1; *but see, e.g.*, Dkt. Nos. 121, 129, 139, 140, 151, 162, and 170.

This Court, Defendants, and the public should not continue to be burdened and prejudiced by Plaintiff's (1) ongoing inability to adequately identify its alleged trade secrets, (2) failure to properly support its proposed redactions, (3) repeated attempts to redact alleged trade secrets inarguably shown

to be publicly known, and (4) repeated attempts to designate third-party information as its own trade secrets. All of Plaintiff's proposed redactions to Defendants' Exhibit List should be rejected.

For clarity, Defendants do not oppose Plaintiff's proposed redactions to Defendants' Witness List which covers certain witnesses' address information. *See* Dkt. No. 177 at 9.

## I. LEGAL STANDARD

Courts have long recognized the public's right of access to judicial proceedings. For motions and their attachments that are "more than tangentially related to the merits of a case," sealing is only proper upon a showing of **compelling reasons**. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Even when filings only tangentially relate to the merits, the party seeking to maintain the secrecy thereof must still show a **particularized good cause** to justify sealing. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); Fed. R. Civ. P. 26(c).

Sealing orders "may issue only upon a request that establishes that the [information] is privileged or protectable as trade secret or otherwise entitled to protection under the law." Civil L.R. 79–5(b). All requests to seal **must be "narrowly tailored,"** such that **only sealable information** is sought to be redacted from public access. *Id.* (emphases added). "'[V]ague boilerplate language or nebulous assertions of potential harm' will not suffice to support redaction." Dkt. No. 93 at 2 (citing *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019)). "[O]verly broad requests to seal may result in the denial of the motion." Civil L.R. 79–5(f)(6).

## II. ARGUMENT

Plaintiff asserts that its proposed redactions reveal or constitute its trade secrets, which is the only ground provided in support of sealing. *See generally* Dkt. Nos. 177 and 178. As with all its prior sealing requests, this assertion is facially untrue. Plaintiff asks that this Court seal nineteen entries from Defendants' Exhibit List, of which all but one (Entry #9) are produced *by Defendants*, further of which eight are produced as public documents (*i.e.*, Entries #190, 191, 196, 296, 1003, 1019, 1020, and 1047). Plaintiff would have no plausible excuse for seeking to redact any of such documents, let alone seeking to redact the mere description thereof. Moreover, all nineteen entries that Plaintiff seeks to redact merely include the model numbers, manufacturer names, and/or highly generic description

of third-party components—and nothing more—which Plaintiff incredibly asserts is its trade secrets.

Just as Plaintiff fails to specify any legitimate trade secrets, Plaintiff again fails to specify any potential injury. *See id.* Plaintiff continues to recycle the same assertion of "harm" from its prior declarations. *Compare* Dkt. Nos. 114-1, 128-1, 136-1, 138, 146-1, 153, 164-1 *with* Dkt. Nos. 177-1 and 178-1. Plaintiff's nebulous and formulaic declarations fail to provide any "evidentiary support" for its proposed redactions. *See, e.g.*, Dkt. No. 93 at 2 ("'[V]ague boilerplate language or nebulous assertions of potential harm' will not suffice to support redaction.").

For these reasons and the details below, all of Plaintiff's proposed redactions to Defendants' Exhibit List should be rejected.

### A. Plaintiff's Proposed Redaction to Entry #9 as Set Forth in Dkt. No. 177 Is Not Justified and Should Be Rejected

For Entry #9, Plaintiff seeks to redact the specific model number of "image sensor utilized by RoadRunner's smart camera apparatus," alleged "a trade secret." Dkt. No. 177 at 2. Not so. Plaintiff's own technical expert has explicitly testified that the specific model number is not significant and thus cannot merit trade secret protection. *See, e.g.*, Dkt. No. 158-3 (Hoarty 10/7 Depo. Tr.) at 477:3-20. In addition, Plaintiff should not be allowed to improperly claim third-party, off-the-self components as its own trade secrets. Furthermore, the mere description on Defendants' Exhibit List of a component specification provides no information as to whether and in which products it may be used, if at all.

Plaintiff's proposed redaction to Entry #9 should be rejected.

### B. Plaintiff's Proposed Redaction to Entries #190, 191, 196, 272, 296, 605, 894, 1003, 1019, 1020, 1047, 1490, 1491, 1527, 1661, 1724, 1728, and 1732[1] as Set Forth in Dkt. No. 178 Are Not Justified and Should Be Rejected

As a threshold issue, Plaintiff has no legitimate ground on which it may seek redactions to the entries describing *Defendants*-produced documents. Moreover, for Entries #190, 191, 196, 296, 1003, 1019, 1020, and 1047, which *Defendants* produced as *public* documents pulled from the internet, there can be no reasonable ground for sealing them. It is particularly egregious for Plaintiff to seek any redaction to Entries #1019, 1020, and 1047, which are *public* URLs that anyone can access.

---

[1] Plaintiff fails to list Entry #1732 in Dkt. No. 177 or 178 and has thus failed to provide any support for its requested sealing thereof. Since Plaintiff has marked as redacted part of Entry #1732 in Dkt. No. 178-4, Defendants hereby responds to such proposed redaction out of an abundance of caution.

Furthermore, as to Entries #272, 605, 894, 1490, 1491, 1527, 1661, 1724, 1728, and 1732, which *Defendants* produced and have designated as Highly Confidential - Attorney's Eyes Only, including Defendants' internal emails, *Defendants*, *not Plaintiff*, are the designating party and they have decided not to seal the mere description of such documents.

Plaintiff asserts that its proposed redactions to these *Defendants-produced* documents reveal its alleged trade secrets because the model numbers, manufacturer names, and/or generic descriptions of third-party components in the descriptions of these documents reveal certain components utilized by its cameras. *See* Dkt. No. 178 at 3-5. First, the mere description of the underlying exhibits by these entries—and the inclusion thereof on Defendants' Exhibit List—says nothing about whether and in which products such third-party components may have been used. Plaintiff's assertion in Dkt. No. 178 to the contrary is facially untrue. *See generally* Dkt. No. 178-3 (unredacted version of Defendants' Exhibit List). Second and regardless, for at least the same reasons discussed in Section II.A above, none of such third-party information qualifies for trade secret protection to justify sealing. It is plainly improper for Plaintiff to claim third party's publicly marketed products as its own trade secrets. Third, Plaintiff's proposed redactions also sweep in knowingly and/or admittedly public information, such as the references to "Lithium Thionyl Chloride" batteries in Entries #296, 1724, and 1728 and the reference to "SPID Model" in Entry #1661. *See* Dkt. No. 178 at 3-5 (seeking to seal these entries); *cf.* Dkt. No. 114-4 at 11 (Plaintiff's publicly-filed Identification of Trade Secrets ("ITS") disclosing that "[a]n exotic battery chemistry (Lithium Thionyl Chloride—LiSoCl2) was selected for Compology's smart camera apparatus"); *id.* at 15 (disclosing "Subpar Image Detection (SPID)"); *see also, e.g.*, Dkt. No. 170 at 4 (detailing Plaintiff's various public references to a "SPID machine learning model").

In short, Plaintiff has no standing to seek any redaction to the entries describing *Defendants-produced* exhibits. Even if Plaintiff's proposed redactions were considered on the merits, none merits redaction as detailed above. Plaintiff's proposed redaction to Entries #190, 191, 196, 272, 296, 605, 894, 1003, 1019, 1020, 1047, 1490, 1491, 1527, 1661, 1724, 1728, and 1732 should be rejected.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny all Plaintiff's

proposed redactions to Defendants' Exhibit List as set forth in Dkt. Nos. 177 and 178.

Dated: November 19, 2024

Respectfully Submitted,

/s/ Matthew S. Galica

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 586-3200
Facsimile:   (310) 586-3202

James M. Wodarski (Admitted Pro Hac Vice)
JWodarski@mintz.com
Michael C. Newman (Admitted Pro Hac Vice)
MCNewman@mintz.com
Matthew S. Galica (Admitted Pro Hac Vice)
MSGalica@mintz.com
James J. Thomson (Admitted Pro Hac Vice)
JJThomson@mintz.com
Sean M. Casey (Admitted Pro Hac Vice)
SMCasey@mintz.com
Tianyi Tan (Admitted Pro Hac Vice)
TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)
SChen@mintz.com
Amy LoBue (Admitted Pro Hac Vice)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:   (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.