| | | |
|---|---|---|
| 1 | JEFFER MANGELS BUTLER & MITCHELL LLP | Arameh Zargham O'Boyle (SBN: 239495) azoboyle@mintz.com |
| 2 | STANLEY M. GIBSON (Bar No. 162329) *sgibson@jmbm.com* | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C. |
| 3 | JAMES NEUDECKER (Bar No. 221657) *JNeudecker@jmbm.com* | 2049 Century Park East, Suite 300 Los Angeles, CA 90067 |
| 4 | 2 Embarcadero Center, 5th Floor San Francisco, CA 94111 | Telephone: 310-586-3200 Facsimile: 310-586-3202 |
| 5 | Telephone:    (415) 398-8080 Facsimile:    (415) 398-5584 | James M. Wodarski (Admitted *Pro Hac Vice*) |
| 6 | | JWodarski@mintz.com |
| 7 | JOSEPH J. MELLEMA (Bar No. 248118) *jmellema@jmbm.com* | Michael C. Newman (Admitted *Pro Hac Vice*) mcnewman@mintz.com |
| 8 | 3 Park Plaza, Suite 1100 Irvine, California 92614-2592 | Matthew S. Galica (Admitted *Pro Hac Vice*) MSGalica@mintz.com |
| 9 | Telephone:    (949) 623-7200 Facsimile:    (949) 623-7202 | James J. Thomson (Admitted *Pro Hac Vice*) JJThomson@mintz.com |
| 10 | LENA STREISAND (Bar No. 339021) *lstreisand@jmbm.com* | Sean M. Casey (Admitted *Pro Hac Vice*) smcasey@mintz.com Tianyi Tan (Admitted *Pro Hac Vice*) |
| 11 | 1900 Avenue of the Stars, 7th Floor Los Angeles, California 90067-4308 | TTan@mintz.com Stephen Chen (Admitted *Pro Hac Vice*) |
| 12 | Telephone:    (310) 203-8080 Facsimile:    (310) 203-0567 | SChen@mintz.com Amy LoBue (Admitted *Pro Hac Vice*) |
| 13 | Attorneys for Plaintiff ROADRUNNER RECYCLING, INC. | ALoBue@mintz.com MINTZ, LEVIN, COHN, FERRIS, |
| 14 | | GLOVSKY, AND POPEO, P.C. One Financial Center |
| 15 | | Boston, MA 02111 Telephone:    (617) 542-6000 |
| 16 | | Facsimile:    (617) 542-2241 |
| 17 | | Attorneys for Defendants RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART |
| 18 | | SOLUTIONS INC. |

19  UNITED STATES DISTRICT COURT

20  NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 21 | ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| 22 | Plaintiff, | **JOINT PROPOSED JURY INSTRUCTIONS AND SPECIAL** |
| 23 | v. | **VERDICT FORM** |
| 24 | RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | **Final Pretrial Conference** Date:    November 26, 2024 |
| 25 | Defendants. | Time:    9:30 a.m. Crtrm.:    San Francisco Courthouse, |
| 26 | | Courtroom 12 – 19th Floor, 450 Golden Gate Avenue, San Francisco, |
| 27 | | CA 94102 Complaint Filed:    August 4, 2023 |
| 28 | | Trial Date:    December 9, 2024 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JMBM | Jeffer Mangels Butler & Mitchell LLP

## TABLE OF CONTENTS

Stipulated Instruction No. 1 Re Claims and Defenses .................................................... 3

Stipulated Instruction No. 2 Re Party Having Power to Produce Better Evidence .......................... 4

Stipulated Instruction No. 3 Re Willful Suppression of Evidence .................................................. 5

Disputed Instruction No. 4 Re Duty to Preserve Evidence Offered by RoadRunner ..................... 6

Disputed Instruction No. 4 Re Duty to Preserve Evidence, Offered by Defendants ..................... 7

Stipulated Instruction No. 5 Re Failure to Explain or Deny Evidence ........................................... 8

Stipulated Instruction No. 6 Re Stipulations of Fact .................................................................. 9

Stipulated Instruction No. 7 Re Introduction to Misappropriation of Trade Secrets ..................... 10

Stipulated Instruction No. 8 Re "Trade Secret" Defined ............................................................ 11

Stipulated Instruction No. 9 Re Trade Secrets—Secrecy Requirement ........................................ 12

Stipulated Instruction No. 10 Re Trade Secrets—Components .................................................... 14

Disputed Instruction No. 11 Re Improper Means of Acquiring a Trade Secret Offered by
    RoadRunner ........................................................................................................... 15

Disputed Instruction No. 11 Re Improper Means of Acquiring a Trade Secret, Offered by
    Defendants ............................................................................................................. 17

Stipulated Instruction No. 12 Re Affirmative Defense – Information Was Readily
    Ascertainable by Proper Means ................................................................................. 18

Stipulated Instruction No. 13 Re Trade Secrets—Independent Economic Value .......................... 19

Stipulated Instruction No. 14 Re Misappropriation of Trade Secrets—Essential Factual
    Elements Offered by RoadRunner ............................................................................. 20

Disputed Instruction No. 15 Re Introduction to Breach of Contract Offered by RoadRunner ....... 21

Disputed Instruction No. 15 Re Introduction to Breach of Contract Offered by Defendants ......... 22

Stipulated Instruction No. 16 Re Breach of Contract—Essential Factual Elements Offered
    by RoadRunner ...................................................................................................... 23

Stipulated Instruction No. 17 Re Damages—Proof .................................................................. 24

Stipulated Instruction No. 18 Re Remedies for Misappropriation of Trade Secrets ..................... 25

Disputed Instruction No. 19 Re Damages for Willful and Malicious Misappropriation of
    Trade Secrets Offered by RoadRunner ...................................................................... 26

Disputed Instruction No. 19 Re Damages for Willful and Malicious Misappropriation of
    Trade Secrets Offered by Defendants ........................................................................ 28

Stipulated Instruction No. 20 Re Introduction to Contract Damages ............................................. 29

Stipulated Instruction No. 21 Re Loss of Profits ................................................................. 30

Stipulated Instruction No. 22 Re Unjust Enrichment Damages ...................................... 31

Joint Proposed Special Verdict Form .......................................................................... 32

JOINT PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

## Stipulated Instruction No. 1 Re Claims and Defenses[1]

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

RoadRunner asserts that Defendants misappropriated RoadRunner's trade secrets and breached Defendants' contracts with Compology. RoadRunner asserts that Defendants improperly acquired and/or used RoadRunner's trade secrets by accessing and using RoadRunner's confidential information in a manner that violated the contracts' terms and conditions.

RoadRunner asserts that Defendants breached the contracts' terms and conditions by modifying or creating derivative works based upon RoadRunner's camera system; reverse engineering or disassembling RoadRunner's camera system; accessing RoadRunner's camera system in order to build a similar or competitive product; using RoadRunner's camera system and/or components thereof for a purpose beyond the scope of the license granted to Defendants in the terms and conditions; and/or recreating or reverse-engineering derivative data that was generated by RoadRunner's software.

RoadRunner has the burden of proving these claims.

Defendants deny RoadRunner's claims and also assert that (1) Compology did not possess any protectable trade secrets because the information was readily ascertainable, (2) Defendants independently developed the accused Pello system and related technology.

---

[1] Ninth Cir. Manual of Model Civil Jury Instructions No. 1.5:

*To help you follow the evidence, I will give you a brief summary of the positions of the parties:*

*The plaintiff asserts that [plaintiff's claims]. The plaintiff has the burden of proving these claims.*

*The defendant denies those claims [and also contends that [defendant's counterclaims and/or affirmative defenses]]. [The defendant has the burden of proof on these [counterclaims and/or affirmative defenses.]]*

*[The plaintiff denies [defendant's counterclaims and/or affirmative defenses].]*

**<u>Stipulated Instruction No. 2 Re Party Having Power to Produce Better Evidence</u>**[2]

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

---

[2] CACI 203: *No changes.*

JOINT PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

1

**<u>Stipulated Instruction No. 3 Re Willful Suppression of Evidence</u>**[3]

2          You may consider whether one party intentionally concealed or destroyed evidence. If you

3 decide that a party did so, you may decide that the evidence would have been unfavorable to that

4 party.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[3] CACI 204: *No changes.  See also Phan v. Costco Wholesale Corp.*, No. 19-CV-05713-YGR, 2020 WL 5074349, at *4 (N.D. Cal. Aug. 24, 2020) (approving use of CACI 204).

1

**<u>Disputed Instruction No. 4 Re Duty to Preserve Evidence Offered by RoadRunner</u>**[4]

Defendants had a duty to preserve evidence of the images and machine learning models stored locally on Yahya Laraki's laptop.  Defendants failed to preserve evidence of the images and machine learning models on Mr. Laraki's laptop.  Thus, you may assume that inspection of Mr. Laraki's laptop and/or its contents would reveal:

(1) that Defendants used Compology-generated labeled and tagged images to train their machine learning models, and

(2) that Defendants used what they learned from the models trained on Compology-generated labeled and tagged images to train their current machine learning models.

---

[4] *Accord Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1240 (N.D. Cal. 2022) ("Rule 37(e) provides that '[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery,' a court that finds prejudice to another party as a result may 'order measures no greater than necessary to cure the prejudice,' and a court that finds 'that the party acted with the intent to deprive another party of the information's use in the litigation may' presume that the information was unfavorable, instruct the jury that it may or must so presume, or enter judgment against the culpable party.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 4 Re Duty to Preserve Evidence, Offered by Defendants**

Both parties had a duty to preserve evidence.

1

**Stipulated Instruction No. 5 Re Failure to Explain or Deny Evidence**[5]

2          In determining what inferences to draw from evidence you may consider, among other

3  things, a party's failure to explain or deny such evidence.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[5] Notice of Final Charge to the Jury (Phase One) and Special Verdict Form, *Oracle America, Inc. v. Google Inc.*, 3:10-cv-03561-WHA, Dkt. No. 1928 ¶ 9 (May 20, 2016): *No changes.*

## Stipulated Instruction No. 6 Re Stipulations of Fact [6]

The parties have agreed to the following facts. You must therefore treat these facts as having been proved:

1.   RoadRunner is a Delaware corporation, with its principal place of business in Pittsburgh, Pennsylvania.

2.   RTS is a New York corporation, with its principal place of business in New York, New York.

3.   RecycleSmart is a British Columbia corporation, with its principal place of business in Richmond, British Columbia.

4.   When RoadRunner acquired Compology, RoadRunner acquired 100% of Compology's stock.

5.   When RoadRunner acquired Compology, RoadRunner acquired ownership of Compology's information.

6.   In March 2023, RTS acquired RecycleSmart.

7.   RTS terminated the June 23, 2021 renewal contract with Compology on May 31, 2023, effective June 30, 2023.

8.   RTS paid all monies owed under the contracts with Compology prior to termination.

9.   RecycleSmart is RTS' wholly-owned subsidiary.

10.  Defendants use their Pello devices and system in interstate commerce.

---

[6] Ninth Cir. Manual of Model Civil Jury Instructions No. 2.2:
   *The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You must therefore treat these facts as having been proved.*

**<u>Stipulated Instruction No. 7 Re Introduction to Misappropriation of Trade Secrets</u>**[7]

RoadRunner claims that it is the owner of trade secrets that fall into the following categories:

1. Overall waste metering and recycling system;

2. Smart camera apparatus;

3. Optical assembly and design;

4. Compology-generated labeled and tagged images;

5. Sub-Par Image Detection (SPID);

6. Contamination Detection/Content Identification Service; and

7. Container Fullness Analysis

RoadRunner claims that the information in these categories are trade secrets and that Defendants misappropriated them. "Misappropriation" means the improper acquisition, use, and/or disclosure of the trade secrets.

RoadRunner also claims that Defendants' misappropriation caused Defendants to be unjustly enriched.

RoadRunner brought claims against Defendants for trade secret misappropriation under the California Uniform Trade Secrets Act (called "CUTSA"), which is governed by California law, and the Defend Trade Secrets Act (called "DTSA"), which is governed by Federal law.

---

[7] CACI 4400:

*[Name of plaintiff] claims that [he/she/nonbinary pronoun/it] [is/was] the [owner/licensee] of [insert general description of alleged trade secret[s]]. [Name of plaintiff] claims that [this/these] [select short term to describe, e.g., information] [is/are] [a] trade secret[s] and that [name of defendant] misappropriated [it/them]. "Misappropriation" means the improper [acquisition/use/ [or] disclosure] of the trade secret[s]. [Name of plaintiff] also claims that [name of defendant]'s misappropriation caused [[him/her/nonbinary pronoun/it] harm/ [or] [name of defendant] to be unjustly enriched]. [Name of defendant] denies [insert denial of any of the above claims]. [[Name of defendant] also claims [insert affirmative defenses].]*

**<u>Stipulated Instruction No. 8 Re "Trade Secret" Defined</u>**[8]

To prove that the information was a trade secret, RoadRunner must prove all of the following:

1. That the information was secret;

2. That the information had actual or potential independent economic value because it was secret; and

3. That RoadRunner made reasonable efforts to keep the information secret.

---

[8] CACI 4402:

*To prove that the [select short term to describe, e.g., information] [was/ were] [a] trade secret[s], [name of plaintiff] must prove all of the following: 1. That the [e.g., information] [was/were] secret; 2. That the [e.g., information] had actual or potential independent economic value because [it was/they were] secret; and 3. That [name of plaintiff] made reasonable efforts to keep the [e.g., information] secret.*

18 U.S.C. § 1839(3):

*[T]he term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if--*

    *(A) the owner thereof has taken reasonable measures to keep such information secret; and*

    *(B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information*

**Stipulated Instruction No. 9 Re Trade Secrets—Secrecy Requirement**[9]

The secrecy required to prove that information is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. It may be disclosed to employees involved in RoadRunner's use of the trade secret as long as they are instructed to keep the information secret. It may also be disclosed to nonemployees if they are obligated to keep the information secret. However, it must not have been generally known to the public or to people

---

[9] CACI 4403:

*The secrecy required to prove that something is a trade secret does not have to be absolute in the sense that no one else in the world possesses the information. It may be disclosed to employees involved in [name of plaintiff]'s use of the trade secret as long as they are instructed to keep the information secret. It may also be disclosed to nonemployees if they are obligated to keep the information secret. However, it must not have been generally known to the public or to people who could obtain value from knowing it.*

CACI 4404:

*To establish that the [select short term to describe, e.g., information] [is/ are] [a] trade secret[s], [name of plaintiff] must prove that [he/she/nonbinary pronoun/it] made reasonable efforts under the circumstances to keep it secret. "Reasonable efforts" are the efforts that would be made by a reasonable [person/business] in the same situation and having the same knowledge and resources as [name of plaintiff], exercising due care to protect important information of the same kind. [This requirement applies separately to each item that [name of plaintiff] claims to be a trade secret.]*

*In determining whether or not [name of plaintiff] made reasonable efforts to keep the [e.g., information] secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:*

*[a. Whether documents or computer files containing the [e.g., information] were marked with confidentiality warnings;]*

*[b. Whether [name of plaintiff] instructed [his/her/nonbinary pronoun/ its] employees to treat the [e.g., information] as confidential;]*

*[c. Whether [name of plaintiff] restricted access to the [e.g., information] to persons who had a business reason to know the information;]*

*[d. Whether [name of plaintiff] kept the [e.g., information] in a restricted or secured area;]*

*[e. Whether [name of plaintiff] required employees or others with access to the [e.g., information] to sign confidentiality or nondisclosure agreements;]*

*[f. Whether [name of plaintiff] took any action to protect the specific [e.g., information], or whether it relied on general measures taken to protect its business information or assets;]*

*[g. The extent to which any general measures taken by [name of plaintiff] would prevent the unauthorized disclosure of the [e.g., information];]*

*[h. Whether there were other reasonable measures available to [name of plaintiff] that [he/she/nonbinary pronoun/it] did not take;] [i. Specify other factor(s).]*

*The presence or absence of any one or more of these factors is not necessarily determinative.*

who could obtain value from knowing it.

To establish that the information is a trade secret, RoadRunner must prove that it made reasonable efforts under the circumstances to keep it secret.

"Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as RoadRunner, exercising due care to protect important information of the same kind. This requirement applies separately to each item that RoadRunner claims to be a trade secret.

In determining whether or not RoadRunner made reasonable efforts to keep the information secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

a. Whether hardware, documents, or computer files containing the information were marked with confidentiality warnings;

b. Whether RoadRunner instructed its employees to treat the information as confidential;

c. Whether RoadRunner restricted access to the information to persons who had a business reason to know the information;

d. Whether RoadRunner kept the information in a restricted or secured area; and/or

e. Whether RoadRunner required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

f. Whether RoadRunner took any action to protect the specific information, or whether it relied on general measures taken to protect its business information or assets;

g. Whether there were other reasonable measures available to RoadRunner that it did not take.

The presence or absence of any one or more of these factors is not necessarily determinative.

1

**Stipulated Instruction No. 10 Re Trade Secrets—Components**[10]

2      The fact that some or all of the components of a trade secret are well-known does not

3 preclude protection for a secret combination, compilation, or integration of the individual

4 elements.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

[10] Restatement (Third) of Unfair Competition § 39 cmt. f (1995):

27     *"The fact that some or all of the components of the trade secret are well-known does not*

28 *preclude protection for a secret combination, compilation, or integration of the individual*
*elements."*

**Disputed Instruction No. 11 Re Improper Means of Acquiring a Trade Secret Offered by RoadRunner**[11]

Improper means of acquiring a trade secret or knowledge of a trade secret includes, but is not limited to, breach or inducing a breach of a duty to maintain secrecy.

However, it is not improper to acquire a trade secret or knowledge of the trade secret by any of the following:

1. Independent efforts to invent, derive, or discover the information;

2. Reverse engineering; that is, examining or testing a product to determine how it works, by a person who has a right to possess the product;

3. Obtaining the information as a result of a license agreement with the owner of the information;

---

[11] CACI 4408:

*Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, [theft/bribery/misrepresentation/ breach or inducing a breach of a duty to maintain secrecy/ [or] wiretapping, electronic eavesdropping, [or] [insert other means of espionage]].*

*[However, it is not improper to acquire a trade secret or knowledge of the trade secret by [any of the following]:*

*[1. Independent efforts to invent or discover the information;]*

*[2. Reverse engineering; that is, examining or testing a product to determine how it works, by a person who has a right to possess the product;]*

*[3. Obtaining the information as a result of a license agreement with the owner of the information;]*

*[4. Observing the information in public use or on public display;] [or]*

*[5. Obtaining the information from published literature, such as trade journals, reference books, the Internet, or other publicly available sources.]]*

18 U.S.C. § 1839(6):

*the term "improper means"—*

*(A)includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means; and*

*(B)does not include reverse engineering, independent derivation, or any other lawful means of acquisition*

*See also Khoros, LLC v. Lenovo (United States), Inc.*, No. 3:20-CV-03399-WHO, 2020 WL 12655516, at *9 (N.D. Cal. Oct. 5, 2020) ("Reverse-engineering the database model from the data inside it when the MSA specifically prohibits that act is, by itself, a plausible allegation of knowing acquisition through improper means."); Feb. 29, 2024 Tr. 11:2–7 ("On the other hand, if you had access by -- to confidential stuff by contract, if you had access, and then you misuse that access by taking the equipment apart and figuring out how it worked and then went out and built your own, that would be a violation all day long. And you would go to jail for that actually.")

---

Case No. 3:23-cv-04804-WHA

1        4. Observing the information in public use or on public display; or

2        5. Obtaining the information from published literature, such as trade journals, reference

3 books, the Internet, or other publicly available sources.

4        If you find by a preponderance of the evidence that Defendants acquired RoadRunner's

5 trade secrets by committing an act that was prohibited by the contract, then you must find that

6 Defendants acquired RoadRunner's trade secrets by improper means.

JOINT PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

1    **Disputed Instruction No. 11 Re Improper Means of Acquiring a Trade Secret, Offered by**
2    **Defendants**

3        Improper means of acquiring a trade secret or knowledge of a trade secret includes, but is
4    not limited to, breach or inducing a breach of a duty to maintain secrecy.

5        However, it is not improper to acquire a trade secret or knowledge of the trade secret by
6    any of the following:

7        1. Independent efforts to invent, derive, or discover the information;

8        2. Reverse engineering; that is, examining or testing a product to determine how it works,
9    by a person who has a right to possess the product;

10        3. Obtaining the information as a result of a license agreement with the owner of the
11    information;

12        4. Observing the information in public use or on public display; or

13        5. Obtaining the information from published literature, such as trade journals, reference
14    books, the Internet, or other publicly available sources.

1
2

**<u>Stipulated Instruction No. 12 Re Affirmative Defense – Information Was Readily
Ascertainable by Proper Means</u>**[12]

3    Defendants did not misappropriate RoadRunner's trade secrets if Defendants prove that the

4    information was readily ascertainable by proper means at the time of the alleged acquisition or

5    use.

6    There is no fixed standard for determining what is "readily ascertainable by proper means."

7    In general, information is readily ascertainable if it can be obtained, discovered, developed, or

8    compiled without significant difficulty, effort, or expense. For example, information is readily

9    ascertainable if it is available in trade journals, reference books, or published materials. On the

10    other hand, the more difficult information is to obtain, and the more time and resources that must

11    be expended ingathering it, the less likely it is that the information is readily ascertainable by

12    proper means.

13

14

15

16

17

18

19

20

21

22

---

23    [12] CACI No. 4420. *[Name of defendant] did not misappropriate [name of plaintiff]'s trade*

24    *secret[s] if [name of defendant] proves that the [select short term to describe, e.g., information]*
     *[was/were] readily ascertainable by proper means at the time of the alleged [acquisition/use/ [or]*

25    *disclosure].There is no fixed standard for determining what is "readily ascertainable by proper*
     *means." In general, information is readily ascertainable if it can be obtained, discovered,*

26    *developed, or compiled without significant difficulty, effort, or expense. For example, information*
     *is readily ascertainable if it is available in trade journals, reference books, or published materials.*

27    *On the other hand, the more difficult information is to obtain, and the more time and resources*
     *that must be expended ingathering it, the less likely it is that the information is readily*

28    *ascertainable by proper means.*

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1

**<u>Stipulated Instruction No. 13 Re Trade Secrets—Independent Economic Value</u>**[13]

2       Information has independent economic value if it gives the owner an actual or potential

3   business advantage over others who do not know the information and who could obtain economic

4   value from its disclosure or use.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

---

22   [13] CACI 4412:

23       *[Select short term to describe, e.g., Information] has independent economic value if it gives the owner an actual or potential business advantage over others who do not know the [e.g.,*

24   *information] and who could obtain economic value from its disclosure or use. In determining whether [e.g., information] had actual or potential independent economic value because it was*

25   *secret, you may consider the following: (a) The extent to which [name of plaintiff] obtained or could obtain economic value from the [e.g., information] in keeping [it/them] secret; (b) The*

26   *extent to which others could obtain economic value from the [e.g., information] if [it were/they were] not secret; (c) The amount of time, money, or labor that [name of plaintiff] expended in*

27   *developing the [e.g., information]; (d) The amount of time, money, or labor that [would be/was] saved by a competitor who used the [e.g., information]; [(e) [Insert other applicable factors].]*

28   *The presence or absence of any one or more of these factors is not necessarily determinative.*

**Stipulated Instruction No. 14 Re Misappropriation of Trade Secrets—Essential Factual Elements Offered by RoadRunner**[14]

To succeed on its claim for misappropriation of trade secrets under California law, RoadRunner must prove all of the following:

1.  That RoadRunner owned the information;

2.  That the information was a trade secret at the time of the misappropriation;

2.  That Defendants improperly acquired and/or used the trade secrets;

3.  That Defendants were unjustly enriched; and

4.  That Defendants' acquisition and/or use was a substantial factor in causing Defendants to be unjustly enriched.

---

[14] CACI 4401:

*[Name of plaintiff] claims that [name of defendant] has misappropriated a trade secret. To succeed on this claim, [name of plaintiff] must prove all of the following: 1. That [name of plaintiff] [owned/was a licensee of] [the following:][describe each item claimed to be a trade secret that is subject to the misappropriation claim]; 2. That [this/these] [select short term to describe, e.g., information] [was/were] [a] trade secret[s] at the time of the misappropriation; 3. That [name of defendant] improperly [acquired/used/ [or] disclosed] the trade secret[s]; 4. That [[name of plaintiff] was harmed/ [or] [name of defendant] was unjustly enriched]; and 5. That [name of defendant]'s [acquisition/use/ [or] disclosure] was a substantial factor in causing [[name of plaintiff]'s harm/ [or] [name of defendant] to be unjustly enriched].*

JMBM | Jeffer Mangels Butler & Mitchell LLP

**Disputed Instruction No. 15 Re Introduction to Breach of Contract Offered by**

**RoadRunner**[15]

RoadRunner claims that RoadRunner and Defendants entered into contracts with Compology that were governed by Compology's Terms and Conditions by doing one or more of the following, which was expressly prohibited by the Terms and Conditions:

1. modifying or creating derivative works based upon RoadRunner's camera system;

2. reverse engineering or disassembling RoadRunner's camera system;

3. accessing RoadRunner's camera system in order to build a similar or competitive product;

4. using RoadRunner's camera system and/or components thereof for a purpose beyond the scope of the license granted to Defendants in the terms and conditions; and/or

5. recreating or reverse-engineering derivative data from device data.

RoadRunner also claims that Defendants' breach of the Terms and Conditions caused harm to RoadRunner for which Defendants should pay and that Defendants' breach of the Terms and Conditions caused Defendants to be unjustly enriched.

---

[15] CACI 300:

*[Name of plaintiff] claims that [he/she/nonbinary pronoun/it] and [name of defendant] entered into a contract for [insert brief summary of alleged contract]. [Name of plaintiff] claims that [name of defendant] breached this contract by [briefly state the alleged breach]. [Name of plaintiff] also claims that [name of defendant]'s breach of this contract caused harm to [name of plaintiff] for which [name of defendant] should pay. [Name of defendant] denies [insert denial of any of the above claims]. [Name of defendant] also claims [insert affirmative defense].*

**Disputed Instruction No. 15 Re Introduction to Breach of Contract Offered by Defendants**

RoadRunner claims that RoadRunner and Defendants entered into contracts that were governed by Terms and Conditions. RoadRunner claims that Defendants breached this contract by:

1. disassembling and/or reverse engineering Compology's camera systems to develop a competing product;

2. copying, adapting, modifying, and/or creating derivative works from Compology's software system; and

3. manipulating and/or processing device data for the purposes of deriving derivative data.

RoadRunner also claims that Defendants' breach caused harm to RoadRunner for which Defendants should pay and that Defendants' breach of the Terms and Conditions caused Defendants to be unjustly enriched.

Defendants deny all these allegations. Defendants claim that:

1. Defendants did not reverse engineer Compology's camera systems to develop their own;

2. Defendants did not create any derivative works of Compology's Software, but rather used images that Defendants owned to create their own software.

3. Defendants did not use Compology's Software to reverse-engineer any Derivative Data, but rather used their own software.

1

**<u>Stipulated Instruction No. 16 Re Breach of Contract—Essential Factual Elements Offered</u>**

2

**<u>by RoadRunner</u>**[16]

3      RoadRunner asserts that Defendants breached Compology's terms and conditions.  To

4  recover damages from Defendants for breach of contract, RoadRunner must prove all of the

5  following:

6      1.  That RoadRunner and Defendants entered into a contract;

7      2.  That RoadRunner did all, or substantially all, of the significant things that the contract

8          required it to do;

9      3.  That Defendants did something that the contract prohibited them from doing; and

10     4.  As a result of Defendants' breach:

11         a.  RoadRunner was harmed and Defendants' breach of contract was a substantial

12             factor in causing RoadRunner's harm; and/or

13         b.  Defendants were unjustly enriched.

14

15

16

17

18

19

20

21  _____

[16] CACI 303:

22      *To recover damages from [name of defendant] for breach of contract, [name of plaintiff]*
*must prove all of the following: 1. That [name of plaintiff] and [name of defendant] entered into a*
23  *contract; [2. That [name of plaintiff] did all, or substantially all, of the significant things that the*
*contract required [him/her/nonbinary pronoun/it] to do;] [2. [or] [2. That [name of plaintiff] was*
24  *excused from having to [specify things that plaintiff did not do, e.g., obtain a guarantor on the*
*contract];] [3. [specify occurrence of all conditions required by the contract for [name of*
25  *defendant]'s performance, e.g., the property was rezoned for residential use];] [3. [or] [3. That*
*[specify condition(s) that did not occur] [was/were] [waived/ excused];] [4. That [name of*
26  *defendant] failed to do something that the contract required [him/her/nonbinary pronoun/it] to*
*do;] [4. [or] [4. That [name of defendant] did something that the contract prohibited*
27  *[him/her/nonbinary pronoun/it] from doing;] 5. That [name of plaintiff] was harmed; and 6. That*
*[name of defendant]'s breach of contract was a substantial factor in causing [name of plaintiff]'s*
28  *harm.*

## Stipulated Instruction No. 17 Re Damages—Proof[17]

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for RoadRunner on its claims for misappropriation of trade secrets and/or breach of contract, you must determine RoadRunner's damages. RoadRunner has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate RoadRunner for any injury you find was caused by Defendants.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

---

[17] Ninth Cir. Manual of Model Civil Jury Instructions No. 5.1:

*It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.*

*If you find for the plaintiff [on the plaintiff's [specify type of claim] claim], you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:*

*[Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)]*
*It is for you to determine what damages, if any, have been proved.*
*Your award must be based upon evidence and not upon speculation, guesswork or conjecture.*

JOINT PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

1

**Stipulated Instruction No. 18 Re Remedies for Misappropriation of Trade Secrets**[18]

2      If RoadRunner proves that Defendants misappropriated its trade secrets, then RoadRunner

3  is entitled to recover damages if the misappropriation caused Defendants to be unjustly enriched.

4      Defendants were unjustly enriched if their misappropriation of RoadRunner's trade secrets

5  caused Defendants to receive a benefit that Defendants otherwise would not have achieved. To

6  decide the amount of any unjust enrichment, first determine the value of Defendants' benefit that

7  would not have been achieved except for their misappropriation. Then subtract from that amount

8  Defendants' reasonable expenses.

9

10

11

12

13

14

15

16

17

18

---

19  [18] CACI 4409:

20      *If [name of plaintiff] proves that [name of defendant] misappropriated [his/her/nonbinary pronoun/its] trade secret[s], then [name of plaintiff] is entitled to recover damages if the*

21  *misappropriation caused [[name of plaintiff] to suffer an actual loss/ [or] [name of defendant] to be unjustly enriched].[If [name of defendant]'s misappropriation did not cause [[name of*

22  *plaintiff] to suffer an actual loss/ [or] [name of defendant] to be unjustly enriched], [name of plaintiff] may still be entitled to a reasonable royalty for no longer than the period of time the use could have been prohibited. However, I will calculate the amount of any royalty.]*

23  CACI 4410:

24      *[Name of defendant] was unjustly enriched if [his/her/nonbinary pronoun/its] misappropriation of [name of plaintiff]'s trade secret[s] caused [name of defendant] to receive a*

25  *benefit that [he/she/nonbinary pronoun/it]otherwise would not have achieved. To decide the amount of any unjust enrichment, first determine the valueof [name of defendant]'s benefit that*

26  *would not have been achieved except for [his/her/nonbinary pronoun/its] misappropriation. Then subtract from that amount [name of defendant]'s reasonable expenses[, including the value of the [specify categories of expenses in evidence, such as labor, materials, rents, interest on invested*

27  *capital]]. [In calculating the amount of any unjust enrichment, do not take into account any*

28  *amount that you included in determining any amount of damages for [name of plaintiff]'s actual loss.]*

1

2

**Disputed Instruction No. 19 Re Damages for Willful and Malicious Misappropriation of Trade Secrets Offered by RoadRunner**[19]

3    If you decide that Defendants have misappropriated one or more of RoadRunner's trade

4    secrets under either California or Federal law, you will be asked on your verdict form to indicate

5    whether such misappropriation was willful and malicious. you must decide whether that conduct

6    justifies an award of punitive damages. The purposes of punitive damages are to punish a

7

------------------------------------

8    [19] 18 U.S.C. § 1836(3)(C):

       *(C) if the trade secret is willfully and maliciously misappropriated, award exemplary*

9    *damages in an amount not more than 2 times the amount of the damages awarded under*
     *subparagraph (B)*

10   CACI 4411:

11      *If you decide that [name of defendant]'s misappropriation caused [name of plaintiff]*
     *harm, you must decide whether that conduct justifies an award of punitive damages. The*

12   *purposes of punitive damages are to punish a wrongdoer for the conduct that harmed*
     *[name of plaintiff] and to discourage similar conduct in the future.*

13      *In order to recover punitive damages, [name of plaintiff] must prove [by clear and*

14   *convincing evidence] that [name of defendant] acted willfully and maliciously. You must*
     *determine whether [name of defendant] acted willfully and maliciously, but you will not be*

15   *asked to determine the amount of any punitive damages. I will calculate the amount later.*

16      *"Willfully" means that [name of defendant] acted with a purpose or willingness to commit*
     *the act or engage in the conduct in question, and the conduct was not reasonable under the*

17   *circumstances at the time and was not undertaken in good faith.*

        *"Maliciously" means that [name of defendant] acted with an intent to cause injury, or that*

18   *[name of defendant]'s conduct was despicable and was done with a willful and knowing*
     *disregard for the rights of others.*

19      *"Despicable conduct" is conduct so vile, base, or wretched that it would be looked down*

20   *on and despised by ordinary decent people. [Name of defendant] acted with knowing disregard*
     *if [he/she/it] was aware of the probable consequences of [his/her/its] conduct and*

21   *deliberately failed to avoid those consequences.*

     *Palantir Techs. Inc. v. Abramowitz*, 639 F. Supp. 3d 981, 993 (N.D. Cal. 2022):

22      Although the statute reserves for "the court" the option of awarding exemplary

23      damages, courts have repeatedly held that the Seventh Amendment guarantees
        litigants in federal court the right to a jury determination of exemplary damages.

24      *See Trandes Corp., v. Guy F. Atkinson Co.*, 996 F.2d 655, 666 (4th Cir. 1993)
        (affirming district court's submission of punitive damages to jury, even though

25      state's trade secrets statute reserved punitive damages award for the court); *see also*
        *Cap. Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 695 F. Supp. 2d 1149,

26      1154 (D. Kan. 2010) ("[A]n award of punitive damages, including the amount of
        the award, has traditionally been a task for the jury; thus, under the required Seventh

27      Amendment historical analysis, the right to a jury attaches not only to the issue of
        a plaintiff's entitlement to punitive damages, but also to the amount of such

28      damages.")

1  wrongdoer for the conduct that harmed RoadRunner and to discourage similar conduct in the

2  future.

3      In order to recover punitive damages, RoadRunner must prove by clear and convincing

4  evidence that Defendants acted willfully and maliciously. You must determine whether

5  Defendants acted willfully and maliciously.

6      "Willfully" means that Defendants acted with a purpose or willingness to commit the act

7  or engage in the conduct in question, and the conduct was not reasonable under the circumstances

8  at the time and was not undertaken in good faith.

9      "Maliciously" means that Defendants acted with an intent to cause injury, or that

10  Defendants' conduct was despicable and was done with a willful and knowing disregard for the

11  rights of others.

12      "Despicable conduct" is conduct so vile, base, or wretched that it would be looked down

13  on and despised by ordinary decent people.

14      If you determine that Defendants acted willfully and maliciously, you must determine what

15  amount of exemplary damages to award to RoadRunner.  You can award RoadRunner exemplary

16  damages not more than two times the amount of RoadRunner's unjust enrichment damages.

Case No. 3:23-cv-04804-WHA
JOINT PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

**Disputed Instruction No. 19 Re Damages for Willful and Malicious Misappropriation of Trade Secrets Offered by Defendants**

If you decide that Defendants have misappropriated one or more of RoadRunner's trade secrets under either California or Federal law, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed RoadRunner and to discourage similar conduct in the future.

In order to recover punitive damages, RoadRunner must prove by clear and convincing evidence that Defendants acted willfully and maliciously. You must determine whether Defendants acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages. I will calculate the amount later.

"Willfully" means that Defendants acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that Defendants acted with an intent to cause injury, or that Defendants' conduct was despicable and was done with a willful and knowing disregard for the rights of others.

"Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people.

**Stipulated Instruction No. 20 Re Introduction to Contract Damages**[20]

If you decide that RoadRunner has proved its claim against Defendants for breach of contract, you also must decide how much money will reasonably compensate RoadRunner for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put RoadRunner in as good a position as it would have been if Defendants had performed as promised.

To recover damages for any harm, RoadRunner must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as a result of the breach of the contract.

RoadRunner also must prove the amount of its damages according to the following instructions, but RoadRunner does not have to prove the exact amount of damages.

You must not speculate or guess in awarding damages.

RoadRunner seeks to recover lost profits and disgorgement damages for Defendants' breaches of the parties' contracts.

---

[20] CACI 350:

*If you decide that [name of plaintiff] has proved [his/her/nonbinary pronoun/its] claim against [name of defendant] for breach of contract, you also must decide how much money will reasonably compensate [name of plaintiff] for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put [name of plaintiff] in as good a position as [he/she/nonbinary pronoun/it] would have been if[name of defendant] had performed as promised. To recover damages for any harm, [name of plaintiff] must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.[Name of plaintiff] also must prove the amount of [his/her/nonbinary pronoun/its] damages according to the following instructions. [He/She/Nonbinary pronoun/It] does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.[Name of plaintiff] claims damages for [identify general damages claimed]*

**Stipulated Instruction No. 21 Re Loss of Profits**[21]

To recover damages for lost profits, RoadRunner must prove that it is reasonably certain it would have earned profits but for Defendants' breach of the contract. To decide the amount of damages for lost profits, you must determine the gross, or total, amount RoadRunner would have received if the contract had been performed and then subtract from that amount the costs RoadRunner would have had if the contract had been performed. You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

---

[21] CACI 352:

*To recover damages for lost profits, [name of plaintiff] must prove that it is reasonably certain [he/she/nonbinary pronoun/it] would have earned profits but for [name of defendant]'s breach of the contract. To decide the amount of damages for lost profits, you must determine the gross, or total, amount [name of plaintiff] would have received if the contract had been performed and then subtract from that amount the costs [including the value of the labor/materials/rents/expenses/interest on loans invested in the business]] [name of plaintiff] would have had if the contract had been performed. You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.*

1

**<u>Stipulated Instruction No. 22 Re Unjust Enrichment Damages</u>** [22]

2      RoadRunner also claims that it is entitled to recover Defendants' profits that resulted from

3   Defendants breaching the parties' contracts because Defendants reduced their costs by using Pello

4   and were unjustly enriched as a result.

5      RoadRunner is entitled to recover unjust enrichment damages if Defendants' breaches of

6   the parties' contracts resulted in gains to Defendants greater than Defendants would have realized

7   from performance of the contracts.

8      RoadRunner has the burden of proving Defendants' gross revenue by a preponderance of

9   the evidence.

10      Defendants have the burden of proving their deductions or expenses and the portion of the

11   profits attributable to factors other than cost savings from using the Pello device.

12

13

14

15

16

17

18

19

20

21

22

23

24

25   _____

[22] Restatement (Third) of the Law of Unjust Enrichment § 39(3):

26      *(3) Breach of contract is profitable when it results in gains to the defendant (net of*

*potential liability in damages) greater than the defendant would have realized from performance*

27   *of the contract. Profits from breach include saved expenditure and consequential gains that the*

*defendant would not have realized but for the breach, as measured by the rules that apply in other*

28   *cases of disgorgement (§ 51(5)).*

1

**Joint Proposed Special Verdict Form**

2

We answer the questions submitted to us as follows:

3

**Claim 1. Misappropriation of Trade Secrets**[23]

4

We answer the questions submitted to us as follows:

5
6

    1.    Do you find it more likely than not that RoadRunner was the owner of information in the following categories?

7

    a.  Overall waste metering and recycling system

8

    ____Yes   ____No

9

    b.  Smart camera apparatus

10

    ____Yes   ____No

11

    c.  Optical assembly and design

12

    ____Yes   ____No

13

    d.  Compology-generated labeled and tagged images

14

    ____Yes   ____No

15

    e.  Sub-Par Image Detection (SPID)

16

    ____Yes   ____No

17
18

    f.  Contamination Detection/Content Identification Service

    ____Yes   ____No

19
20

    g.  Container Fullness Analysis

21

    ____Yes   ____No

22
23
24

    2.    For the categories of information listed in 1(a)–(g) to which you answered yes, do you find it more likely than not that the information in that category was secret at the time of the alleged misappropriation?

25

    ____Yes   ____No

26
27

———————————

28

[23] CACI VF-4400.

3.    For the categories of information listed in 1(a)–(g) to which you answered yes, do you find it more likely than not that RoadRunner made reasonable efforts under the circumstances to keep the information in that category secret?

____Yes    ____No

4.    For the categories of information listed in 1(a)–(g) to which you answered yes, do you find it more likely than not that the information in that category had value because it was secret?

____Yes    ____No

5.    For the categories of information listed in 1(a)–(g) to which you answered yes, do you find it more likely than not that Defendants acquired some or all of the information by improper means?

____Yes    ____No

6.    For the categories of information listed in 1(a)–(g) to which you answered yes, do you find it more likely than not that Defendants improperly used some or all of the trade secrets in those categories?

____Yes    ____No

7.    For the categories of information listed in 1(a)–(g) to which you answered yes, do you find it more likely than not that Defendants' acquisition and/or use of some or all of the trade secrets in those categories caused Defendants to be unjustly enriched?

____ Yes ____ No

8.    What are RoadRunner's unjust enrichment damages for misappropriation of trade secrets?

$_____

9.  Do you find, after review of all the evidence, you firmly believe it is highly probable that Defendants acted with willfulness and malice in misappropriating one or more of RoadRunner's trade secrets?

_____ Yes  _____ No

If you answered yes, answer question 10. If you answered no, copy your answer from question 8 into the box titled "TOTAL" below.

10. What are RoadRunner's exemplary damages? [24]

$_____

11. What are RoadRunner's total damages?

*Damages (question 8)*    $_____

+

*Exemplary damages (question 10)*    $_____

TOTAL    =    $_____

---

[24] Defendants disagree that the Jury should determine an amount of exemplary damages. The parties' disputes on this issue are brought out in their dispute on Instruction No. 19 and addressed in their memoranda of law on the same.

**Claim 2.  Breach of Contract**[25]

1.  Did RoadRunner and Defendants enter into a contract?

    ____Yes    ____No

2.  Did Defendants do something that the contract prohibited them from doing?

    ____Yes    ____No

3.  Was RoadRunner harmed by Defendants' breach of contract?

    ____Yes    ____No

4.  Were Defendants unjustly enriched as a result of breaching the contract?

    ____Yes    ____No

5.  What are RoadRunner's damages?

    a.    Lost profits:                          $_____

    b.    Unjust enrichment damages:        $_____

                                   TOTAL  $_____

Signed: _____
                  Presiding Juror

Dated: _____

After this verdict form has been signed, notify the courtroom clerk.

---

[25] CACI VF-300.

1    DATED:  November 19, 2024      JEFFER MANGELS BUTLER & MITCHELL LLP
                                            STANLEY M. GIBSON

2                                             JAMES NEUDECKER

3                                             JOSEPH J. MELLEMA
                                            LENA STREISAND

4                                             By:        _/s/ Stanley M. Gibson_

5                                                     STANLEY M. GIBSON
                                            Attorneys for Plaintiff ROADRUNNER
                                            RECYCLING, INC.

6

7    DATED:  November 19, 2024      MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND
                                            POPEO, P.C.

8                                             ARAMEH ZARGHAM O'BOYLE
                                            JAMES M. WODARSKI

9                                             MICHAEL C. NEWMAN
                                            MATTHEW S. GALICA

10                                            JAMES J. THOMSON
                                           SEAN M. CASEY

11                                            TIANYI TAN
                                           STEPHEN CHEN

12                                            AMY LOBUE

13                                            By:        _/s/ Matthew S. Galica_

14                                                     MATTHEW S. GALICA
                                            Attorneys for Defendants RECYCLE TRACK

15                                            SYSTEMS, INC. and RECYCLESMART
                                           SOLUTIONS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28