Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202

James M. Wodarski (Admitted *Pro Hac Vice*)
JWodarski@mintz.com
Michael C. Newman (Admitted *Pro Hac Vice*)
mcnewman@mintz.com
Matthew S. Galica (Admitted *Pro Hac Vice*)
MSGalica@mintz.com
James J. Thomson (Admitted *Pro Hac Vice*)
JJThomson@mintz.com
Sean M. Casey (Admitted *Pro Hac Vice*)
smcasey@mintz.com
Tianyi Tan (Admitted *Pro Hac Vice*)
TTan@mintz.com
Stephen Chen (Admitted *Pro Hac Vice*)
SChen@mintz.com
Amy LoBue (Admitted *Pro Hac Vice*)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE REGARDING COMPOLOGY'S HISTORIC FINANCIALS AND CONTRACTS** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., | |
| Defendants. | Judge: Hon. William H. Alsup |
| | Pretrial Conf.:  December 4, 2024 |
| | Time:  12:00 pm |
| | Location:  450 Golden Gate Avenue |
| | Courtroom 12, 19th Floor |
| | San Francisco, CA 94102 |
| | Trial Date:  December 9, 2024 |

1    Pursuant to Rules 1006 and 602—as well as this Court's Supplemental Standing Order—

2    Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions Inc. (together, "Defendants")

3    hereby respectfully move this Court to exclude evidence and argument attempting to summarize

4    Compology's alleged trade secret development costs, financials, or its customer contracts. The basis

5    for this motion is that Plaintiff has not produced (and cannot produce) a document or other evidence

6    that summarizes the development costs associated with its alleged trade secrets that would admissible,

7    under Rule 1006, and none of Plaintiff's witnesses has the requisite personal knowledge, under Rule

8    602, to testify about the underlying information. Because of these deficiencies, Plaintiff cannot now

9    attempt to summarize the alleged development costs at trial.  Additionally, due to its own strategic

10   decisions, Plaintiff cannot produce a witness with personal knowledge of the contracts at issue.

11                                           **DISCUSSION**

12   **I.    Rule 1006 Prohibits Plaintiff from Attempting to Summarize Development Costs of the
             Alleged Trade Secrets**

13           Rule 1006 states, in relevant part, that a "proponent may use a summary, chart, or calculation

14   to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently

15   examined in court." Fed. R. Evid. 602. "A proponent of summary evidence must establish that the

16   underlying materials upon which the summary is based (1) are admissible in evidence and (2) were

17   made available to the opposing party for inspection."  *United States v. Rizk*, 660 F.3d 1125, 1130 (9th

18   Cir. 2011) "A party offering summary evidence must also, however, establish that the summary is

19   ***accurate*** and nonprejudicial ***and can be properly introduced through the testimony of a witness who***

20   ***supervised its preparation***." *UPS Store, Inc. v. Hagan*, No. 14CV1210, 2017 WL 3309721, at *5

21   (S.D.N.Y. Aug. 2, 2017) (internal quotation and citation) (emphasis added). Plaintiff must concede

22   that it did not produce any document or documents, voluminous or otherwise, that detail the

23   development costs of the alleged trade secrets. Additionally, the high-level financials produced by

24   Plaintiff were not prepared by any of its witnesses nor could a summary of them be.  Further, none of

25   Plaintiff's witnesses can testify as to the accuracy of Compology's financials. Therefore, any attempt

26   by Plaintiff to summarize development costs of the alleged trade secrets (via Compology's financial

27   statements or otherwise) would be improper under Rule 1006.

28

## II.  Rule 602 Prohibits Plaintiff from Offering Testimony on Compology's Financials or Contracts

Rule 602 states that, "[a] witness may testify to a matter ***only*** if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed R. Evid. 602 (emphasis added). Plaintiff RoadRunner Recycling Inc. ("RoadRunner") acquired Compology (the company who developed the alleged trade secrets) and filed this suit shortly thereafter. As a strategic decision, however, Plaintiff has offered no corporate witness that has personal knowledge of Compology's financials or its agreements with customers (including the agreements at issue in this case). Plaintiff's designated 30(b)(6) witness on topics related to Compology's financials and contracts (Mr. Krebs) is an employee of RoadRunner who never worked at Compology and has no personal knowledge of its business prior to RoadRunner's acquisition. Indeed, when questioned about Compology's financials, its customer contracts, and the circumstances surrounding them, Mr. Krebs repeatedly disavowed personal knowledge of these subjects and testified that he was ***not around*** during the relevant period. Ex. A (Krebs Depo. Tr.) at 292:23-293:4, 296:17-297:25. Plaintiff, therefore, played a shell game by designating Mr. Krebs on these topics knowing that he was not prepared to answer questions about them and should not be permitted to ambush Defendants at trial with new testimony.

## III.  Plaintiff Stonewalled Discovery on Compology's Financials and Customer Contracts

This Court's supplemental standing order requires that, "[i]f an organization cannot reasonably locate a witness to testify based on personal knowledge, there is no requirement under FRCP 30(b)(6) for the organization to 'woodshed' or to 'educate' an individual to testify on the subject. ***If the organization does not produce any such deponent, however, the organization may not present case-in-chief evidence at trial or on summary judgment on that topic from any witness it could have so designated.***" Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases before Judge William Alsup, *revised August 27, 2024* ("Suppl. CMC Order") at ¶ 33, (available at: https://cand.uscourts.gov/wp-content/uploads/2023/03/WHA-Supp-Order-to-ICMC-Template-as-of-8.27.24.pdf) (emphasis added). Designating a witness without any knowledge on the subject, or one who claims privilege over the information, is the same as not producing a witness on a topic. By doing so, Plaintiff has "stonewalled" Defendants and obfuscated

2

fair discovery on these issues. *See, e.g., Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA, 2014 WL 691193, at *6 (N.D. Cal. Feb. 21, 2014) (Alsup, J.). ("This order notes that a companion order addresses the limitations to Mr. Napper's testimony regarding the Primax offer. The short of that ruling is that, he may not reference the alleged 'veto provision' because Plantronics stonewalled in discovery by abusing its privilege assertions.").

Defendants propounded at least four deposition topics on Plaintiff, listed below, that sought evidence regarding Compology's historic finances and customer contracts (including those with Defendants).

> **Topic 8**: The time and resources expended to develop each of the alleged trade secrets, on a trade secret by trade secret basis.
>
> **Topic 12**: RoadRunner's revenue, costs, margins, and profits related to the development, manufacture, sale, license, and/or other monetization of Compology Device(s), including but not limited to bills of materials ("BOMs") and costed bills of materials ("CBOM" or "C-BOM") for the Compology Device(s).
>
> **Topic 20**: Contracts entered into between Compology and RTS.
>
> **Topic 21**: RoadRunner's understanding of the Compology Terms & Conditions

Ex. B (30(b)(6) Notice to Mr. Krebs (following Plaintiff's designation)).

Plaintiff primarily designated RoadRunner's CFO, Mr. Krebs, on these topics. Ex. C (correspondence between counsel for parties designating Mr. Krebs on topics 8, 11-21, 34, 42-49, as well as other individuals on topic number 8). Indeed, Mr. Krebs was the only witness designated on topics 12 (regarding revenue, profits, and costs of the Compology Devices), 20 (on contracts between the parties), and 21 (regarding Compology's terms and conditions). Plaintiff designated Mr. Krebs on these topics despite knowing he had no personal or institutional knowledge to be to testify about them.

### A. Plaintiff Cannot Provide a Witness with Personal Knowledge of Compology's Financials

Defendants' 30(b)(6) Topics 8 and 12 sought testimony on Compology's financials, including the "resources expended to develop each of the trade secrets" and revenue and costs related to the Compology Devices. Mr. Krebs was designated on both of these topics and was questioned about Compology's related financial documents. At his deposition, however, Mr. Krebs testified that he never worked at Compology, had no first-hand knowledge its financials and that only someone from Compology could verify them. Dkt. No. 131-7 (Krebs Depo. Tr.) at 96:17-97:9, 134:12-135:12. Mr.

3

Krebs further testified that the annual valuations of Compology, done by third parties, were not of interest because these types of valuations are "poetry" and "not science." Ex. A (Krebs Depo. Tr.) at 208:5-209:13. The more likely source of information on these subjects, Compology's CEO and co-founder (Jason Gates), testified that he was removed from day-to-day book-keeping and that it was instead done by a Mr. Oncama and then supplemented by a third-party, Launch Finance; further kicking the can on discovery into Compology's finances. Ex. D (Gates Depo. Tr.) at 107:1-17. Neither Mr. Oncama nor anyone from Launch Finance, however, was designated by Plaintiff on these important topics.

Based on Plaintiff's exhibit list, Plaintiff will seek to introduce numerous exhibits that relate to Compology's historic financials and valuations, despite not providing a witness with the requisite personal knowledge to speak to them. These exhibits include: 141, 142, 143, 144, 145, 154, 155, 158, 159, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 395, and 396. Exhibits 374-377 and 395 include both Compology's historic costs and revenues, as well as forecasted financials. At least the portions related to Compology's financials should be excluded. Based on the lack of personal knowledge of any Plaintiff's witness as to these topics or documents, Plaintiff should be precluded from offering evidence or testimony related to them. Additionally, for the reasons stated above, none of these documents provide information that would allow alone to assess, with a reasonable degree of certainty, the cost associated with developing the alleged trade secrets.

**B.    Plaintiff Cannot Provide a Witness with Personal Knowledge of Compology's Contracts**

Plaintiff also designated Mr. Krebs on Defendants' 30(b)(6) topics 20 (contracts entered into between Compology and RTS) and 21 (RoadRunner's understanding of the Compology Terms & Conditions). When questioned about Compology's contracts with Defendants—specifically exhibits 390 and 391—Mr. Krebs admitted that he did not have an understanding of the "specifics" of what went into Compology's terms and conditions. Ex. A (Krebs Depo. Tr.) at 291:16-19. When asked if the parties ever discussed the terms and conditions, Mr. Krebs stated: "***I wasn't around at that time. I have no idea.***" *Id.* at 292:23-293:4 (emphasis added). When asked about the parties supposed meeting of the minds, Mr. Krebs testified: "I know generally -- the specifics of the conversation and

4

the document, no, *I wasn't there*[]" and clarified that his answers regarding his interpretation of the contract were "speaking generally out of a business perspective." *Id.* at 296:17-297:25 (emphasis added). When asked who at RoadRunner might be better suited to testify about Compology's terms and conditions, Mr. Krebs pointed to RoadRunner's general counsel and then claimed the information might be privileged. *Id.* at 309:1-21. Indeed, Mr. Krebs was not involved in the contracts between the parties and made no effort to gain knowledge of them, despite being designated to testify about them on behalf of Plaintiff.

Mr. Krebs was the only witness designated on topics related to Compology's customer contracts and terms and conditions and, in doing so, Plaintiff stonewalled Defendants fair discovery of them. Based on Plaintiff's designation of Mr. Krebs on these topics and Mr. Krebs admitted lack of personal knowledge on these topics, Plaintiff should not be permitted to "present case-in-chief evidence at trial" on these subjects or the related exhibits. Suppl. CMC Order at ¶ 33. Plaintiff, therefore, should be precluded from advancing evidence or argument about these contracts at trial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant this motion *in limine* and exclude evidence or testimony regarding Compology's historic financials or contracts.

Dated: November 14, 2024

/s/ Matthew S. Galica
Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202

James M. Wodarski (Admitted *Pro Hac Vice*)
JWodarski@mintz.com
Michael C. Newman (Admitted *Pro Hac Vice*)
mcnewman@mintz.com
Matthew S. Galica (Admitted *Pro Hac Vice*)
MSGalica@mintz.com
James J. Thomson (Admitted *Pro Hac Vice*)
JJThomson@mintz.com
Sean M. Casey (Admitted *Pro Hac Vice*)
smcasey@mintz.com

5

Tianyi Tan (Admitted *Pro Hac Vice*)
TTan@mintz.com
Stephen Chen (Admitted *Pro Hac Vice*)
SChen@mintz.com
Amy LoBue (Admitted *Pro Hac Vice*)
ALoBue@mintz.com
One Financial Center
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
**RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.**

DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE REGARDING COMPOLOGY'S HISTORIC FINANCIALS
AND CONTRACTS (CASE NO. 3:23-cv-04804-WHA)

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:      (415) 398-8080
Facsimile:      (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:      (949) 623-7200
Facsimile:      (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:      (310) 203-8080
Facsimile:      (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **PLAINTIFF ROADRUNNER RECYCLING, INC.'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE REGARDING COMPOLOGY'S HISTORIC FINANCIALS AND CONTRACTS** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | **Final Pretrial Conference** |
| | Date:      November 26, 2024 |
| | Time:      9:30 a.m. |
| | Crtrm.:    San Francisco Courthouse, Courtroom 12 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 |
| | Complaint Filed:    August 4, 2023 |
| | Trial Date:         December 9, 2024 |

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") hereby submits the following opposition to Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants") motion *in limine* no. 1.

## I.    INTRODUCTION

The Court should permit RoadRunner to elicit testimony regarding Compology's historic financials and contracts with Defendants.  First, Compology's historic financials are admissible business records under Fed. R. Evid. 803(6), they are not summaries subject to Fed. R. Evid. 1006. Second, Jason Gates, Compology's former CEO and interim acting CFO, has personal knowledge of Compology's historic financials and Compology's contracts with Defendants.  In RoadRunner's initial disclosures, RoadRunner identified Mr. Gates as a witness with knowledge of, among other things, "Compology contract and negotiation."  Declaration of L. Streisand ("Streisand Decl."), Ex. 1 at 3.  RoadRunner also made Mr. Gates, who is not a party to this lawsuit, available for deposition.  During his deposition, Mr. Gates testified for over two hours regarding Compology's financials, answering Defendants' counsel's specific questions regarding Compology's development expenditures.  Defendants also questioned Mr. Gates regarding his review of Compology's contracts with Defendants.  For these reasons and for those discussed more fully below, the Court should deny Defendants' motion and permit testimony regarding Compology's historic financials and contracts with Defendants.

## II.    THE COURT SHOULD DENY DEFENDANTS' MOTION

### A.    *COMPOLOGY'S HISTORICAL FINANCIALS ARE ADMISSIBLE BUSINESS RECORDS PURSUANT TO FED. R. EVID. 803(6)*

Fed. R. Evid. 803(6) provides an exception to the rule against hearsay for records "made at or near the time by . . . someone with knowledge," that were "kept in the course of a regularly conducted activity of a business," and were "a regular practice of that activity," as "shown by the testimony of the custodian or another qualified witness."  The advisory committee notes on Fed. R. Evid. 803 clarify that "the scope of the phrase 'person with knowledge' is meant to be coterminous with the custodian of the evidence or other qualified witness."  A witness who supervises, oversees, or reviews the work of other employees has personal knowledge of that

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    work.  *See Joshua David Mellberg LLC v. Will*, 386 F. Supp. 3d 1098, 1102 (D. Ariz. 2019)

2    (holding employee had personal knowledge of financial records prepared by other employees

3    because he was familiar with and reviewed financial records due to his employment).

4        Defendants do not dispute that Compology's financial records were made "at or near the

5    time" by people with knowledge of Compology's finances, *i.e.*, Compology's accounting

6    employees, or that maintaining financial records was a regular Compology business practice.  *See*

7    *also* Streisand Decl., Ex. 2 (Gates Dep.) at 53:16–19, 54:15–20.  Mr. Gates is a "qualified witness"

8    to testify to Compology's financial documents.  Mr. Gates acted as Compology's interim CFO,

9    supervised Compology's accounting department, and testified extensively regarding Compology's

10   financial documents.  *See, e.g., id.* at 125:11–132:1 (discussing document showing Compology

11   historical and forecasted financials), 156:10–166:11 (discussing Compology balance sheet and

12   income statement).  Therefore, Compology's historic financials are business records admissible

13   under Fed. R. Evid. 803(6).

14       Contrary to Defendants' contention, *see* Mot. at 1, Fed. R. Evid. 1006 does not apply here

15   because financial documents are not summaries within the meaning of the rule.  *See United States*

16   *v. Catabran*, 836 F.2d 453, 456 (9th Cir. 1988) (rejecting defendant's argument that computer

17   printouts of plaintiff's inventory, payroll, and other accounting data were summaries subject to

18   Fed. R. Evid. 1006 and affirming their admissibility pursuant to Fed. R. Evid. 803(6)).

19       **B.**    ***M*R. *G*ATES *H*AS *P*ERSONAL *K*NOWLEDGE OF *C*OMPOLOGY'S *H*ISTORIC**

20               ***F*INANCIALS AND *C*USTOMER *C*ONTRACTS**

21       Fed. R. Evid. 602 provides that a witness may only testify to matters within his personal

22   knowledge.  On December 12, 2023, RoadRunner served on Defendants RoadRunner's initial

23   disclosures.  *See* Streisand Decl., Ex. 1.  In its initial disclosures, RoadRunner identified Mr.

24   Gates, Compology's former CEO, as the person with knowledge of, among other things,

25   "Compology contract and negotiation."  *See id.* at 3.  Mr. Gates' personal knowledge of

26   Compology's contracts with RecycleSmart, including Compology's Terms & Conditions, is

27   undisputed.  In addition to signing Compology's contracts with RecycleSmart, Mr. Gates testified

28   during his deposition that he contemporaneously reviewed the contracts.  *See id.*, Ex. 2 (Gates

Dep.) at 55:3–4. Mr. Gates also testified to his personal knowledge of Compology's financial documents. *See, e.g.*, *id.* at 105:17–22 (stating he was responsible for Compology's financial affairs), 109:21–110:3 (stating his responsibilities included "financial modeling and analysis, to reporting, to investor relations, or creditor relations"). Therefore, Mr. Gates' testimony as to Compology's contracts and financials is admissible pursuant to Fed. R. Evid. 602.

**C.    *Defendants Deposed Mr. Gates Regarding Compology's Historic Financials and the Parties' Contracts***

During Mr. Gates' deposition, Defendants questioned Mr. Gates regarding Compology's historic financials and customer contracts. Mr. Gates provided over two hours of testimony on specific Compology financial documents. *See, e.g., id.* (Gates Dep.) at 124:11–137:25, 138:7–141:8, 141:18–170:19. During this time, counsel asked Mr. Gates specific questions relating to, among other things, Compology's research and development expenses. For example, Defendants asked Mr. Gates, "How, generally, did Compology track its / R&D expenses?" *id.* at 141:22–23, "Did Compology track the money that was / spent to develop these software modules that you've / listed today?" *id.* at 120:17–19, "Were you aware that research expenses were / being tracked in income statements at Compology?" *id.* at 159:1–2, and "Q. Why did Compology make the decision to / halt its research expenses?" *id.* at 169:21–22. Mr. Gates answered all of counsel's questions. *See id.* at 141:24–142:2, 120:20–121:5, 159:3–10, 169:23–24.

Counsel also questioned Mr. Gates on Compology's contracts with Defendants. For example, counsel asked Mr. Gates, "Did you review RecycleSmart's contracts?" *id.* at 55:3, "Did you review RTS contracts?" *id.* at 55:5, "Did you review RecycleSmart contracts / because they were over a certain dollar value?" *id.* at 56:7–8, "What was discussed about how a renewal of / the RecycleSmart or RTS contract might look like?" *id.* at 24:20–21, "Do you know about when [RecycleSmart's] contract [with Compology] / terminated?" *id.* at 23:8–9, and so on. Mr. Gates also answered all of counsel's questions regarding the parties' contracts. *See id.* at 55:4, 55:6, 56:9, 24:22–23, 23:10.

The Court should therefore deny Defendants' motion. RoadRunner disclosed Mr. Gates in its initial disclosures as a knowledgeable witness and Defendants questioned Mr. Gates on

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  Compology's historic financials and contracts with Defendants' during his deposition.

2  **D.   _DEFENDANTS' ARGUMENTS AGAINST THE ADMISSIBILITY OF COMPOLOGY'S_**

3  **_HISTORIC FINANCIALS AND COMPOLOGY'S CONTRACTS WITH DEFENDANTS ALL_**

4  **_FAIL_**

5  Defendants' other arguments for excluding Compology's financials and contracts with

6  Defendants are unpersuasive.  Contrary to Defendants' contention, _see_ Mot. at 3, Mr. Krebs was

7  not designated to testify to Compology's historic financials.  Topic 8 calls for testimony on "The

8  time and resources expended to develop each of the alleged trade secrets, on a trade secret by trade

9  secret basis," and Topic 12 calls for testimony on "RoadRunner's revenue, costs, margins, and

10  profits related to the development, manufacture, sale, license, and/or other monetization of

11  Compology Device(s), including but not limited to bills of materials ("BOMs") and costed bills of

12  materials ("CBOM" or "C-BOM") for the Compology Device(s)."  Defendants' argument is

13  especially misplaced considering RoadRunner does not intend to call Mr. Krebs as a witness

14  unless the need for his testimony arises.  Further, as shown above, RoadRunner did not

15  "stonewall" Defendants' discovery of Compology's financials or information regarding the

16  parties' contracts.  Mr. Gates testified to both during his deposition and he will testify consistent

17  with his deposition testimony at trial.

18  **III.   CONCLUSION**

19  Therefore, for the foregoing reasons, RoadRunner respectively requests that the Court deny

20  Defendants' motion _in limine_ no. 1.

21  DATED:  November 19, 2024          JEFFER MANGELS BUTLER & MITCHELL LLP
                                      STANLEY M. GIBSON
22                                    JAMES NEUDECKER
                                      JOSEPH J. MELLEMA
23                                    LENA STREISAND

24                                    By:   _____/s/ Stanley M. Gibson_____
25                                                STANLEY M. GIBSON
                                            Attorneys for Plaintiff ROADRUNNER
26                                          RECYCLING, INC.

27

28

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:     (415) 398-8080
Facsimile:     (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:     (949) 623-7200
Facsimile:     (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:     (310) 203-8080
Facsimile:     (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **DECLARATION OF LENA STREISAND IN SUPPORT OF PLAINTIFF ROADRUNNER RECYCLING, INC.'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE REGARDING COMPOLOGY'S HISTORIC FINANCIALS AND CONTRACTS** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | |
| | Complaint Filed:    August 4, 2023 |
| | Trial Date:            December 9, 2024 |

## DECLARATION OF LENA STREISAND

I, Lena Streisand, hereby declare as follows:

1.      I am an attorney at law licensed to practice before all courts in the State of California.  I am an associate with the law firm of Jeffer Mangels Butler & Mitchell, LLP, counsel of record for Plaintiff RoadRunner Recycling, Inc. ("RoadRunner").  If called as a witness, I could and would competently testify to the following of my own personal knowledge.

2.      Attached hereto as Exhibit 1 is a true and genuine copy of RoadRunner's Initial Disclosures served on Defendants' counsel on December 12, 2023.

3.      Attached hereto as Exhibit 2 is a true and genuine copy of excerpts from the Deposition of Jason Gates.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 19th day of November, 2024, in Los Angeles, California.

*/s/ Lena Streisand*
LENA STREISAND

# EXHIBIT 1

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*jneudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:    (949) 623-7200
Facsimile:    (949) 623-7202

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **PLAINTIFF ROADRUNNER RECYCLING, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | Complaint Filed:    August 4, 2023 |
| | Trial Date:    Not Yet Set |

JMBM | Jeffer Mangels Butler & Mitchell LLP

71796048v2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Roadrunner Recycling, Inc. ("RoadRunner") hereby makes the following Initial Disclosures. These Initial Disclosures are based on information reasonably available to RoadRunner as of the date hereof. RoadRunner reserves the right to modify or supplement these Initial Disclosures as discovery progresses (either through express supplements to these Initial Disclosures or through responses to formal discovery).

These Initial Disclosures identify information and documents that RoadRunner may use to support its claims or defenses in this action. These Initial Disclosures are made without in any way waiving:  (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper ground to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these Initial Disclosures. RoadRunner reserves the right to supplement, amend, or modify its disclosures and to rely on the testimony of any person it subsequently identifies as having knowledge relevant to this dispute. RoadRunner also reserves all claims of privilege, work product immunity, and other protections from discovery and makes these disclosures without waiver of any privilege, immunity, or protection.

## I.    DISCLOSURES

### A.    Rule 26(a)(1)(A)(i): Individuals Likely to Have Discoverable Information

RoadRunner has not completed its investigation with respect to this action, and therefore may identify additional witnesses after this disclosure, including through discovery or further investigation.  Further, RoadRunner will seek information in discovery, which has not yet begun, which may reveal the identity of additional witnesses.  Subject to the foregoing and all of RoadRunner's other rights to supplement its disclosures:

| Name | Contact Information | Subject Matter |
|---|---|---|
| Rob Duthie, former CEO of RecycleSmart and COO of Recyle Track | Recycle Track Systems | Contract and related documents; Pello product; acquisition of RecycleSmart; Pello sales and marketing |
| Jason Gates, former CEO of Compology, SVP of RoadRunner | Through RoadRunner's counsel | Formation of Compology; Compology contract and negotiation; trade secret identity and protection; acquisition of Compology |
| Benjamin Chehebar, former CPO of Compology, VP of RoadRunner | Through RoadRunner's counsel | Formation of Compology; Compology contract and negotiation; trade secret identity and protection; acquisition of Compology |
| Justin Armstrong, Employee of RoadRunner | Through RoadRunner's counsel | Compology technology; trade secret identity and protection |
| Jay Longson, Director of RoadRunner | Through RoadRunner's counsel | Compology technology; trade secret identity and protection |
| RoadRunner Employees (to rebut Defendants' contentions) | Through RoadRunner's counsel | Compology technology; trade secret identity and protection; sales and marketing; product development |
| Experts (to be disclosed) | Through RoadRunner's counsel | Compology technology; trade secret identity and protection; damages; waste metering and recycling technology; Pello system and product; comparison of Pello and Compology technology |
| RecycleSmart and/or Recycle Track Employees | | Pello product and system development and features, including hardware and software; sales and marketing; future business plans |

**B.      Rule 26(A)(1)(A)(ii): DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS**

RoadRunner has not completed its investigation of this action, and therefore may identify additional documents after this disclosure, including through discovery or further investigation. Further, RoadRunner will seek information in discovery, which has not yet begun. Subject to the

foregoing and all of RoadRunner's other rights to supplement its disclosures, RoadRunner hereby identifies the following categories of documents, electronically stored information, and tangible things that they may use to support their claims or defenses, unless the use would be solely for impeachment:

1.      Documents reflecting or evidencing RoadRunner's trade secrets, including hardware and product design specifications, source code, object code, and database of labeled and tagged images;

2.      Documents reflecting or evidencing RoadRunner's products and services sold in connection with RoadRunner's trade secrets;

3.      Documents reflecting or evidencing RoadRunner's efforts, expenditures, and time spent in developing and protecting its trade secrets;

4.      Documents reflecting or evidencing the Terms and related contractual documents and correspondence;

5.      Photographs and other information reflecting or evidencing RoadRunner's investigation of the Pello system, products, and services;

6.      Copies of cease and desist correspondence between RoadRunner and Defendants;

7.      Correspondence between RoadRunner (or its predecessor, Compology) and Defendants;

8.      The documents referred to in the First Amended Complaint; and

9.      RoadRunner's forthcoming expert reports, exhibits and attachments thereto, and demonstrative exhibits related thereto.

After agreement upon and entry of a suitable protective order, at a time and place mutually agreed upon between the parties, RoadRunner will make responsive, non-privileged documents falling within the foregoing categories available for inspection or copying to the extent that such documents exist and are located after a reasonably diligent search.

**C.      Rule 26(A)(1)(A)(iii): Damages**

RoadRunner's damages in its case are yet to be determined, but will be disclosed in due course in this case during discovery. RoadRunner may be seeking disgorgement of Defendants'

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1   profits, its lost profits, restitution, the value of RoadRunner's trade secrets, breach of contract

2   damages, and/or any other applicable damages recoverable on RoadRunner's claims. In addition to

3   damages, RoadRunner seeks exemplary and/or punitive damages, attorneys' fees, expenses, and

4   costs incurred by RoadRunner in connection with this action as well as pre-judgment and post-

5   judgment interest.

6       RoadRunner also seeks preliminary and permanent injunctive relief, including (a) from

7   manufacturing, making, distributing, marketing, offering to sell or selling products that utilize,

8   embody, or were developed using RoadRunner's Waste and Recycling Metering Confidential

9   Information and RoadRunner's Confidential Information; (b) from disclosing or using anywhere

10  RoadRunner's Waste and Recycling Metering Confidential Information and RoadRunner's

11  Confidential Information; (c) from disclosing or using anywhere any RoadRunner trade secret or

12  other proprietary or confidential information or information derived therefrom; (d) from offering

13  to sell or selling to anyone, anywhere, any products that use any RoadRunner trade secret or other

14  proprietary or confidential information, specifically including RoadRunner's Waste and Recycling

15  Metering Confidential Information and RoadRunner's Confidential Information; (e) immediately

16  preserving and returning to RoadRunner (i) all copies of all RoadRunner's documents and

17  proprietary or confidential information, including without limitation RoadRunner's Waste and

18  Recycling Metering Confidential Information and RoadRunner's Confidential Information, and

19  any trade secret and other confidential or proprietary information acquired directly or indirectly

20  from RoadRunner; (ii) all copies of all materials (in paper, electronic, or any other form)

21  containing any, or derived from any, RoadRunner's trade secrets or other confidential or

22  proprietary information; and (iii) all physical materials, including all prototypes, designs, modules,

23  parts, electronics, or otherwise in Defendants' possession relating to the Pello product; and (f)

24  turning over to the Court any proceeds that Defendants have received from their misappropriation

25  of RoadRunner's trade secrets and proprietary and confidential information and other unlawful

26  conduct, including all proceeds received in connection with the Pello product, such proceeds to be

27  held in constructive trust until the conclusion of this litigation.

28       RoadRunner reserves the right to provide information and to identify and produce

documents concerning its damages computation after further discovery and investigation.

**D.**     **Rule 26(A)(1)(A)(iv): Insurance**

No insurance agreement applies to cover the claims asserted by RoadRunner in this action.

DATED:  December 12, 2023

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA

By: _____
JOSEPH J. MELLEMA
Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

PLAINTIFF ROADRUNNER RECYCLING, INC.'S INITIAL DISCLOSURES

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 3 Park Plaza, Suite 1100, Irvine, CA 92614-2592.

On December 12, 2023, I served true copies of the following document(s) described as **PLAINTIFF ROADRUNNER RECYCLING, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)** as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address jmellema@jmbm.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 12, 2023, at Irvine, California.

Joseph J. Mellema

71796048v2

Case No. 3:23-cv-04804-WHA

PLAINTIFF ROADRUNNER RECYCLING, INC.'S INITIAL DISCLOSURES

# SERVICE LIST

| | |
|---|---|
| Arameh Zargham O'Boyle<br>AZOBoyle@mintz.com<br><br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Telephone: 310-586-3200<br>Fax: 310-586-3202<br><br>James M. Wodarski<br>JWodarski@mintz.com<br>Daniel B. Weinger<br>DBWeinger@mintz.com<br>Andrew H. Devoogd<br>AHDeVoogd@mintz.com<br>Nicholas W. Armington<br>NWArmington@mintz.com<br><br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>One Financial Center<br>Boston, MA 02111<br>Telephone: 617-542-6000<br>Fax: 617-542-2241 | Attorneys for Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc. |

Filed Under Seal Pursuant to L.R. 79-5(f)

# EXHIBIT 2