Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202

James M. Wodarski (Admitted *Pro Hac Vice*)
JWodarski@mintz.com
Michael C. Newman (Admitted *Pro Hac Vice*)
mcnewman@mintz.com
Matthew S. Galica (Admitted *Pro Hac Vice*)
MSGalica@mintz.com
James J. Thomson (Admitted *Pro Hac Vice*)
JJThomson@mintz.com
Sean M. Casey (Admitted *Pro Hac Vice*)
smcasey@mintz.com
Tianyi Tan (Admitted *Pro Hac Vice*)
TTan@mintz.com
Stephen Chen (Admitted *Pro Hac Vice*)
SChen@mintz.com
Amy LoBue (Admitted *Pro Hac Vice*)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:      (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br>  Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE EXPERT OPINION OR TESTIMONY NOT DISCLOSED BY EXPERT REPORTS** <br><br> Judge: Hon. William H. Alsup <br> Pretrial Conf.: December 4, 2024 <br> Time: 12:00 pm <br> Location: 450 Golden Gate Avenue <br> Courtroom 12, 19th Floor <br> San Francisco, CA 94102 <br> Trial Date: December 9, 2024 |

Pursuant to Federal Rules of Civil Procedure 26 and 37, Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions Inc. (together, "Defendants") hereby respectfully move this Court to preclude Plaintiff RoadRunner Recycling, Inc.'s technical expert, W. Leo Hoarty, from offering any reference, evidence, opinion, or testimony not disclosed by his expert reports.

## I. FACTUAL BACKGROUND

Plaintiff disclosed Mr. Hoarty as its only technical expert. On August 30, 2024, Plaintiff served the Opening Expert Report of W. Leo Hoarty. *See* Dkt. No. 146-28. On September 13, 2024, Plaintiff served the Opposition Expert Report of W. Leo Hoarty. *See* Dkt. No. 146-29. On September 20, 2024, Plaintiff served the Reply Expert Report of W. Leo Hoarty. *See* Dkt. No. 146-30.

Mr. Hoarty was deposed on September 12, 2024 and October 7, 2024.

Beyond the above-mentioned three expert reports and the two depositions, Mr. Hoarty has not provided any supplemental opinions in any form.

Regarding Mr. Hoarty's substance of testimony, Plaintiff's Rule 26(a)(3) disclosures state:

> Mr. Hoarty is expected to provide expert testimony consistent with his expert reports regarding RoadRunner's trade secrets, the misappropriation of those trade secrets by Defendants, specifically including forensic analysis of the camera system and Defendants' Pello camera system, including the hardware, software, artificial intelligence, and machine learning components of each, and the independent economic value of RoadRunner's trade secrets.

Plaintiff's Rule 26(a)(3) Disclosures[1] at Ex. 1 (Plaintiff's Witness List) at 2.

As detailed below, Mr. Hoarty should not be allowed to offer any testimony beyond what has been disclosed in his expert disclosures. For example, in none of his expert reports did Mr. Hoarty ever specifically cite, or discuss in any detail, any particular bill of materials ("BOM") relating to Defendants' Pello products. Nor did Mr. Hoarty discuss such BOMs at either of his depositions. Similarly, Plaintiff's Rule 26(a)(3) pretrial disclosures do not list any such BOM in its exhibit list. *See* Plaintiff's Rule 26(a)(3) Disclosures at Ex. 2 (Plaintiff's Exhibit List). Therefore, Mr. Hoarty should not be allowed, at trial, to reference any Pello BOM, such as to identify any components or configurations of Pello.

---

[1] Pursuant to Paragraph 2 of the Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable William Alsup, a copy of Plaintiff's 26(a)(3) Disclosures as served on November 8, 2024 will be filed concurrently with this motion. To avoid duplication, Defendants do not separately attach Plaintiff's Rules 26(a)(3) Disclosures as an exhibit.

## II. LEGAL STANDARD

FRCP 26(a)(2)(B) requires disclosure of **all** opinions, bases, reasons, and other information considered by an expert in the expert's written report(s). *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi); *see also* Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable William Alsup ("Guidelines") at ¶ 15 (emphasizing the same); Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup ("Suppl. CMC Order") at ¶ 32 (same); Dkt. No. 42 (Case Management Order) at ¶ 5 (same). Under FRCP 37(c), untimely-disclosed materials may not be used at trial unless the delay in disclosure is "harmless" or unless "substantial justification" for the delay is shown. Fed. R. Civ. P. 37(c); *see also* Guidelines at ¶ 15 (emphasizing the same); Suppl. CMC Order at ¶ 36 (same).

As noted in the Guidelines, the Court "regularly enforces" FRCP 26(a)(2) and FRCP 37(c) to "limit experts to the opinions and bases contained in their timely reports." Guidelines at ¶ 15. Indeed, exclusion of even the untimely-disclosed evidence, let alone non-disclosed evidence, is automatic unless the non-compliant party meets its burden to show that the untimely disclosure was substantially justified or harmless. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213-14 (9th Cir. 2008); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *see also, e.g.*, *Tokai Corp. v. Easton Enters., Inc.*, 632 F.3d 1358, 1365 (Fed. Cir. 2011) ("Conclusory expert reports, eleventh hour disclosures, and attempts to proffer expert testimony without compliance with Rule 26 violate both the rules and principles of discovery, and the obligations lawyers have to the court. Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process." (citation omitted)). This Court has routinely precluded experts from testifying to opinions and evidence not disclosed in their written report. *See, e.g.*, *Ramirez v. City of Gilroy*, Case No. 17-cv-00625-VKD, 2020 WL 1492704, at *6 (N.D. Cal. Mar. 27, 2020).

Further, evidence should be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

## III. ARGUMENT

Pursuant to FRCP 26(a)(2) and FRCP 37(c), Mr. Hoarty should be precluded from offering any testimony not outside of his expert disclosures.

For example, Mr. Hoarty should not be allowed to discuss any Pello BOM, such as in relation to his anticipated testimony on "the hardware … components" of "Defendants' Pello camera system." Plaintiff's Rule 26(a)(3) Disclosures at Ex. 1 (Plaintiff's Witness List) at 2. Pursuant to the Federal Rules and this Court's orders, experts are not allowed to rely on untimely-disclosed materials absent a showing of harmlessness or substantial justification—let alone rely on materials **never** disclosed in expert discovery or Plaintiff's pretrial disclosures. *See* Fed. R. Civ. P. 26(a)(2) and 37(c); Guidelines at ¶ 15; Suppl. CMC Order at ¶ 36; Dkt. No. 42 (Case Management Order) at ¶ 5; *cf.* Plaintiff's Rule 26(a)(3) Disclosures at Ex. 2 (Plaintiff's Exhibit List); Dkt. No. 146-28, 146-29, and 146-30.

Mr. Hoarty has not identified or substantively discussed any specific Pello BOMs. Instead, he generically asserted that he "compared the Bill of Materials for both the Pello camera system and the Compology R12 camera systems." *See* Dkt. No. 146-28 at ¶ 133; *see also id.* at ¶ 27. Missing from Mr. Hoarty's disclosures, however, is any substantive discussion of any particular Pello BOM or reference thereto.

In addition, Plaintiff's Rule 26(a)(3) pretrial disclosure does not list a single BOM relating to Pello. *See* Plaintiff's Rule 26(a)(3) Disclosures at Ex. 2 (Plaintiff's Exhibit List). It is Plaintiff's burden to prove trade secrets misappropriation, including, *e.g.*, by specifying the hardware components and configurations of the accused products. *Language Line Servs. v. Language Servs. Assocs.*, 944 F. Supp. 2d 775, 779 (N.D. Cal. 2013). Plaintiff chose not to have its expert analyze any specific BOM nor include a single Pello BOM in its trial exhibit list. Therefore, any attempt by Plaintiff to reference these documents—or to try to elicit testimony from its own witnesses about them at trial—would be by ambush.

Plaintiff's failure to disclose their potential use of such documents is not harmless or with any substantial justification. *See, e.g.*, *Yeti*, 259 F.3d at 1107 (holding that "the burden is on the party facing sanctions to prove harmlessness [or substantial justification]" (citation omitted)). No later than May 24, 2024—more than three months before the opening expert reports were due on August 30, 2024—Defendants produced at least 54 BOMs in relation to their Pello products. Mr. Hoarty, however, did not cite or discuss in detail any BOM in any of his three reports, *e.g.*, in the context of discussing the components or configurations of Pello. *See generally* Dkt. No. 146-28, 146-29, and

146-30. The prejudice to Defendants here is clear: Pello's specific components and configurations relate directly to the core issue of alleged misappropriation and Defendants are entitled to a fair disclosure of Plaintiff's experts' opinions and the documents they relied upon. Therefore, Mr. Hoarty should not be permitted to offer any testimony, on evidence or opinions, not disclosed in his expert reports. *E.g.*, *Torres*, 548 F.3d at 1213-14; *Yeti*, 259 F.3d at 1107; *Ramirez*, 2020 WL 1492704, at *6.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant this motion *in limine* and preclude Mr. Hoarty from offering any testimony, on evidence or opinions, not disclosed by his expert reports.

Dated: November 14, 2024

/s/ Matthew S. Galica
Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202

James M. Wodarski (Admitted *Pro Hac Vice*)
JWodarski@mintz.com
Michael C. Newman (Admitted *Pro Hac Vice*)
mcnewman@mintz.com
Matthew S. Galica (Admitted *Pro Hac Vice*)
MSGalica@mintz.com
James J. Thomson (Admitted *Pro Hac Vice*)
JJThomson@mintz.com
Sean M. Casey (Admitted *Pro Hac Vice*)
smcasey@mintz.com
Tianyi Tan (Admitted *Pro Hac Vice*)
TTan@mintz.com
Stephen Chen (Admitted *Pro Hac Vice*)
SChen@mintz.com
Amy LoBue (Admitted *Pro Hac Vice*)
ALoBue@mintz.com
One Financial Center
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
**RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.**

1  JEFFER MANGELS BUTLER & MITCHELL LLP
   STANLEY M. GIBSON (Bar No. 162329)
2  *sgibson@jmbm.com*
   JAMES NEUDECKER (Bar No. 221657)
3  *JNeudecker@jmbm.com*
   2 Embarcadero Center, 5th Floor
4  San Francisco, CA 94111
   Telephone:    (415) 398-8080
5  Facsimile:    (415) 398-5584

6  JOSEPH J. MELLEMA (Bar No. 248118)
   *jmellema@jmbm.com*
7  3 Park Plaza, Suite 1100
   Irvine, California 92614-2592
8  Telephone:    (949) 623-7200
   Facsimile:    (949) 623-7202
9
   LENA STREISAND (Bar No. 339021)
10 *lstreisand@jmbm.com*
   1900 Avenue of the Stars, 7th Floor
11 Los Angeles, California 90067-4308
   Telephone:    (310) 203-8080
12 Facsimile:    (310) 203-0567

13 Attorneys for Plaintiff ROADRUNNER
   RECYCLING, INC.
14

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
|---|---|
| Plaintiff, | **PLAINTIFF ROADRUNNER RECYCLING, INC.'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO PRECLUDE EXPERT OPINION OR TESTIMONY NOT DISCLOSED BY EXPERT REPORTS** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | **Final Pretrial Conference** <br> Date:    December 4, 2024 <br> Time:    12:00 p.m. <br> Crtrm.:  San Francisco Courthouse, Courtroom 12 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 <br><br> Complaint Filed:   August 4, 2023 <br> Trial Date:        December 9, 2024 |

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") respectfully submits the following opposition to Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants") motion *in limine* no. 2.

## I.   INTRODUCTION

Defendants seek to exclude Plaintiff's technical expert, Mr. Leo Hoarty, "from offering any reference, evidence, opinion, or testimony not disclosed by his expert reports." Mot. at 1. Specifically, Defendants seek exclusion of any testimony concerning Pello (Defendants' sensor system) bills of material ("BOMs").

None of the expert witnesses should be permitted to offer undisclosed testimony—that goes for both sides. But here, as shown in detail below, where Mr. Hoarty has referred to and disclosed Pello BOMs in his expert report, he should be permitted to offer testimony consistent with his expert reports. Specifically, Mr. Hoarty (1) compared Compology and Pello BOMs as specified in his expert report, (2) included multiple Pello BOMs in his "Materials Considered" by bates number, and (3) discussed and referenced the BOMs several times during deposition. After having been given the opportunity to present BOMs before Mr. Hoarty during his deposition and ask questions about them, Defendants chose not to, even when Mr. Hoarty specifically referenced them being part of his expert analysis and report.

Defendants' motion should be denied. *First*, Defendants' motion to exclude *any* undisclosed testimony is misleading and unsupported by the record. Mr. Hoarty did refer to and disclose Pello BOMs in his expert report, despite Defendants' suggestions that he did not do so. *Second*, Defendants' motion is overreaching and premature. Beyond the Pello BOMs, Defendants articulate no specifics on what they believe is included—or not—in Mr. Hoarty's expert reports, and Defendants' motion should be denied in its entirety. Any testimony that goes beyond the expert reports should be made by objection at trial.

## II.   THE COURT SHOULD DENY DEFENDANTS' MOTION

### A.   *DEFENDANTS' REQUEST TO EXCLUDE TESTIMONY ABOUT PELLO BOMS IS UNSUPPORTED*

As part of its motion, Defendants seek to preclude Mr. Hoarty from testifying about Pello

1  BOMs. This request should be denied. Defendants cherry-picked a single sentence of Mr. Hoarty's

2  expert report to insinuate that Mr. Hoarty did not disclose or discuss them in his expert report or

3  testimony. This is incorrect.

4      First, Mr. Hoarty specified precisely how he used the Pello BOMs in comparing the

5  Compology devices and the Pello device when explaining the methodology he employed to

6  conduct his expert analysis. *See* Dkt. 146-28 (Hoarty Rpt.), ¶ 27 (emphasis added):

> I visually inspected the physical devices and documentation of the hardware of Pello prototypes and devices as part of my comparison of the hardware. I also compared the bills of materials (BOMs) for each device. **A comparison of the BOMs reveals that the majority of all components identified on the Pello BOM are the same part or exhibit substantially the same function as used to build the R12 device. Most of the critical chips and their functions are substantively the same between the two products.** I found that parts of the Compology camera system design, particularly the R12 camera system, were either identically replicated, or were derived from it, including the battery pack assembly design, camera subsystem, and mainboard system architecture.

13      Mr. Hoarty, later in his report, states "As part of my analysis, I compared the Bill of

14  Materials ("BOM") for both the Pello camera system and the Compology R12 camera system and

15  confirmed my findings." *Id.*, ¶ 133. Mr. Hoarty also included specific bates references to the

16  BOMs of both Compology and Pello devices that he reviewed in connection with his expert

17  analysis. *Id.* (Hoarty Rpt.) (Attachment C: ROADRUNNER000043283 (R11 BOM);

18  ROADRUNNER 000043285 (R12 BOM); ROADRUNNER000063606 (R13 BOM);

19  RTS_00066189 (Pello BOM v2.0); RTS_00105953 (DDW Multisensor BOMv1); RTS_00121802

20  (RecycleSmart - Consolidated BoM)). It is untrue that Mr. Hoarty did not "ever specifically cite,

21  or discuss in any detail, any particular bill of materials ("BOM") relating to Defendants' Pello

22  products," as Defendants state in their motion. Mot. at 1:20-21.

23      Further, Mr. Hoarty referenced the Pello BOMs multiple times during his deposition. *See*

24  Declaration of L. Streisand ("Streisand Decl."), Ex. 1 (Hoarty Dep.) at 57:18-22 (referencing "bill

25  of materials"); 102:15-103:15 (referencing Pello BOM as identifying specific image sensor);

26  202:12-25 (referencing BOM in making comparison between Compology and Pello devices); ("I

27  looked at schematic diagrams and I looked at the bill of materials" in methodology "to determine

28  whether differences between the Compology camera system and the Pello camera system were

material."). It is therefore untrue that Mr. Hoarty did not "discuss such BOMs at either of his depositions," as Defendants state in their motion. Mot. at 1:21.

Despite Mr. Hoarty indicating that the Pello BOMs were exhibits to his report, Defendants chose not to present any Pello BOMs to Mr. Hoarty during his deposition or ask any questions about them. *See, e.g.*, Streisand Decl., Ex. 1 (Hoarty Dep.) at 102:15-103:15 ("I'm relying on the fact they're in my exhibits, and I can point to that."); 202:12-25 ("If I were to pull their BOM out, I'm sure I could find power supplies, 3.3-volt regulators and the like are the same."). Thus, Defendants' protestations of prejudice are unwarranted and unsupported.

### B.  *DEFENDANTS' MOTION OVERREACHES AND IS PREMATURE*

Defendants seek to exclude *any* reference, evidence, opinion, and testimony not disclosed by Mr. Hoarty's expert reports. Defendants' motion is devoid of any specifics, except as to the Pello BOMs, which were referenced and disclosed by Mr. Hoarty's reports and in deposition as shown below. Defendants' motion is overreaching and should be denied. *See* Fed. R. Civ. P. 7(b)(1)(B) ("state with particularity the grounds for seeking the order"); *see also Actuate Corp. v. Aon Corp.*, No. C 10-05750 WHA, 2012 WL 2285187, at *4 (N.D. Cal. June 18, 2012) (motion to "preclude evidence not properly disclosed during discovery . . . is far too broad and must be made on an item-by-item basis at trial.").

## III.  CONCLUSION

Based on the foregoing, the Court should deny Defendants' motion *in limine* no. 2 in its entirety, including as to the Pello BOMs.

DATED:  November 19, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND

By:  */s/ Joseph J. Mellema*
JOSEPH J. MELLEMA
Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:    (949) 623-7200
Facsimile:    (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br>Plaintiff, <br><br>v. <br><br>RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., <br><br>Defendants. | Case No. 3:23-cv-04804-WHA <br><br>**DECLARATION OF LENA STREISAND IN SUPPORT OF PLAINTIFF ROADRUNNER RECYCLING, INC.'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO PRECLUDE EXPERT OPINION OR TESTIMONY NOT DISCLOSED BY EXPERT REPORTS** <br><br>Complaint Filed:   August 4, 2023 <br>Trial Date:   December 9, 2024 |

**DECLARATION OF LENA STREISAND**

I, Lena Streisand, hereby declare as follows:

1. I am an attorney at law licensed to practice before all courts in the State of California. I am an associate with the law firm of Jeffer Mangels Butler & Mitchell, LLP, counsel of record for Plaintiff RoadRunner Recycling, Inc. ("RoadRunner"). If called as a witness, I could and would competently testify to the following of my own personal knowledge.

2. Attached hereto as Exhibit 1 is a true and genuine copy of excerpts from the Deposition of W. Leo Hoarty.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 19th day of November, 2024, in Los Angeles, California.

*/s/ Lena Streisand*
LENA STREISAND

Filed Provisionally Under Seal Pursuant to Civil L.R. 79-5(f)

# EXHIBIT 1