# EXHIBIT B

| | |
|---|---|
| 1 | Arameh Zargham O'Boyle (SBN: 239495) |
| | azoboyle@mintz.com |
| 2 | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C. |
| | 2049 Century Park East, Suite 300 |
| 3 | Los Angeles, CA 90067 |
| | Telephone:  310-586-3200 |
| 4 | Facsimile:  310-586-3202 |

James M. Wodarski (*Admitted Pro Hac Vice*)
JWodarski@mintz.com
Nicholas W. Armington (*Admitted Pro Hac Vice*)
NWArmington@mintz.com
Mathew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
Tianyi Tan (*Admitted Pro Hac Vice*)
TTan@mintz.com
James J. Thomson (*Admitted Pro Hac Vice*)
JJThomson@mintz.com
Stephen Chen (*Admitted Pro Hac Vice*)
SChen@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **DEFENDANTS' 30(b)(6) NOTICE OF DEPOSITION OF STEVE KREBS** |
| v. | *Assigned for All Purposes to:* The Hon. William H. Alsup, Courtroom 12 |
| RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., | Date: August 23, 2024 Time: 9:30 AM |
| Defendants. | Place: Hilton Garden Inn Pittsburgh University Place 3454 Forbes Avenue Pittsburgh, PA  15213 |
| | Complaint Filed:      August 4, 2023 Trial Date:                December 9, 2024 |

1
DEFENDANTS' 30(b)(6) NOTICE OF DEPOSITION OF STEVE KREBS
Case No. 3:23-cv-04804-WHA

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants Recycle Track Systems, Inc., and Recyclesmart Solutions Inc., ("RTS" or "Defendants"), by and through their undersigned counsel, will take the deposition upon oral examination of Steve Krebs on **August 23, 2024, beginning at 9:30 am,** at the Hilton Garden Inn Pittsburgh, University Place, 3454 Forbes Avenue, Pittsburgh, Pennsylvania 15213.

Within the limitations of Federal Rule of Civil Procedure 30, the deposition will continue day to day, including Saturdays, Sundays and holidays unless otherwise agreed to by the parties, until completed. The deposition will be taken before a Notary Public or other authorized officer and will be stenographically recorded and videotaped. Defendants reserve the right to use the videotape of the deposition at the time of trial.

Plaintiff has designated Steve Krebs to testify on its behalf to the topics set forth in Attachment B.

| | |
|---|---|
| Dated: August 7, 2024 | */s/ Matthew S. Galica*<br>Arameh Zargham O'Boyle (SBN: 239495)<br>azoboyle@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Telephone:  310-586-3200<br>Facsimile:  310-586-3202<br><br>James M. Wodarski (*Admitted Pro Hac Vice*)<br>JWodarski@mintz.com<br>Mathew S. Galica *(Admitted Pro Hac Vice)*<br>MSGalica@mintz.com<br>Nicholas W. Armington (*Admitted Pro Hac Vice*)<br>NWArmington@mintz.com<br>Tianyi Tan (*Admitted Pro Hac Vice*)<br>TTan@mintz.com<br>James J. Thomson (*Admitted Pro Hac Vice*)<br>JJThomson@mintz<br>Stephen Chen (*Admitted Pro Hac Vice*)<br>SChen@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>One Financial Center<br>Boston, MA 02111<br>Telephone:     (617) 542-6000<br>Facsimile:      (617) 542-2241<br><br>Attorneys for Defendants<br>**RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.** |

# ATTACHMENT A

**DEFINITIONS**

1. "RTS" means Defendant Recycle Track Systems, Inc. and Defendant RecycleSmart Solutions, Inc, together, any of their affiliated entities, subsidiaries, agents, officers, employers, or any other person working on behalf of RTS or RecycleSmart.

2. "RoadRunner" means Plaintiff RoadRunner Recycling, Inc. and any of its affiliated entities, subsidiaries, agents, officers, employers, or any other person working on behalf of RoadRunner.

3. "Compology" means Compology, Inc. and any of its affiliated entities, subsidiaries, agents, officers, employers, or any other person working on behalf of COMPOLOGY.

4. "Third Party" or "Third Parties" means any Person or Entity other than Plaintiff and Defendants.

5. "Entity" or "Entities" means any corporation, partnership, joint venture, unincorporated association, trust, government Entity or any other Entity, and/or his, her or its affiliates, joint ventures, agents, assigns, officers, directors, employees, representatives (including advisors), partners, attorneys and all Persons acting or purporting to act on his, her or its behalf.

6. "Complaint" means the Second Amended Complaint filed by RoadRunner on January 16, 2024, in the above-captioned action.

7. "Compology Devices" means Compology's R11, R12, and/or R13 devices, including any prototypes, samples, and/or any prior or future iterations of such devices.

8. "Compology Terms & Conditions" means the document referenced in Paragraph 13 of the Complaint.

9. "Confidential Information" means non-public business, financial, technical, legal, and/or personnel information, including for example and without limitation, product designs and

data, source code, trade secrets, pricing, customer and supplier lists, network structure and addresses, designs, technical specifications, business plans, agreements, and any other non-public data whether written, verbal or visual.

10. "Trade Secret(s)" is defined to be synonymous in meaning to the term as used in the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1(d) and the Defend Trade Secrets Act, 18 U.S.C. § 1839(3).

11. "Alleged Trade Secrets" means the Trade Secret(s) identified in Your submission required by CCP 2019.210, and the Confidential Information identified as a Trade Secret in Your response to Defendants' Interrogatory No. 1.

12. "Document(s)" has the same meaning that it has under Fed. R. Civ. P. 34, and includes electronically stored information as specified in Fed. R. Civ. P. 34. "Document(s)" also includes the files in which any such Document(s) is or are maintained. For the avoidance of doubt, "Document(s)" further includes, without limitation, any writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including but not limited to letters, reports, other written communications, correspondence, telegrams, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, travel records or itineraries, forecasts, analyses, lab reports, lab notebooks, projections, work papers, photographs, tape records, models, graphs, statistical statements, notebooks, charts, plans, drawings, artwork, brochures, summaries of negotiations, press releases, intracompany or intercompany communications, routing slips or the like, promotional or advertising materials, marginal comments appearing on any Document, bills of material, supply contracts, invoices, shipping papers, labels, packaging, purchase orders, contracts, printed publications, minutes or records of meetings, minutes or records of conferences, agendas, expressions or statements of policy, lists of Persons attending meetings or conferences, reports and summaries of investigations,

opinions or reports of consultants, studies, evaluations, records, presentations, material data safety sheets, equipment reference manuals, manufacturing specifications, requirements specifications, initial sample inspection reports, initial process studies, process flow charts, quality assurance processes, quality control processes, stability studies, safety evaluations, sample inspection reports, qualified laboratory Documentation, product specifications, batch data, customer-specific requirements, engineering drawings, technical reference manuals, technical presentations, engineering presentations, marketing presentations, engineering specifications, requirements specifications, functional specifications, schematics, user guides, user manuals, manufacturing specifications, manufacturing work instructions, assembly specifications, assembly drawings, design records, authorized engineering change (note) Documents, engineering change orders, engineering approvals, process flow diagrams, control plans, records of material / performance tests, initial sample inspection reports, initial process studies, qualified laboratory Documentation, appearance approval reports, checking aids, customer-specific requirements, sound recordings, motion pictures, models, sketches, video tapes, proofs, photographs, films, computer input or output, recordings on disk or tape, archive records, whether recorded on volatile or nonvolatile media, hard disks, and floppy disks by magnetic or electronic impulse, or any other writing including drafts, revisions, foreign language versions or translations to English of any of the foregoing. Document(s) also includes Documents provided by and/or obtained from Third Parties within Your possession, custody or control, including Documents available to You upon request from Third Parties, including without limitation, Documents that You have access to through an FTP site, secure portal, or any other means provided by a Third Party.

# ATTACHMENT B

**TOPICS**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, RTS designates the following topics for examination:

8. The time and resources expended to develop each of the alleged trade secrets, on a trade secret by trade secret basis.

11. RoadRunner's understanding of the value of each alleged trade secret claimed by RoadRunner in this litigation, on a trade secret by trade secret basis, and all evidence informing and supporting that understanding.

12. RoadRunner's revenue, costs, margins, and profits related to the development, manufacture, sale, license, and/or other monetization of Compology Device(s), including but not limited to bills of materials ("BOMs") and costed bills of materials ("CBOM" or "C-BOM") for the Compology Device(s).

13. The actual prices paid, pricing strategies, and pricing policies relating to the Compology Device(s), including the initial prices of the Compology Device(s) and any changes in pricing from the date of first commercial sale to the present.

14. RoadRunner's accounting practices related to the manufacture and sale of Compology Device(s), including but not limited to, methods of accounting for revenues, costs, profits, methods of depreciation, allocation of expenses, inventory measurements, profit allocation, losses, and assignments of debt.

16. Any non-covered products or services that RoadRunner may allege represent a convoyed, collateral, or derivative sale, including their related revenues, costs, margins, and profits.

17. RoadRunner's partners, distributors, resellers, and/or customers for the Compology Device(s), as well as the annual revenue, profit, costs, and units associated with each partner, reseller, and/or customer.

18. RoadRunner's divisions, subsidiaries, parent, affiliated, related, successor or predecessor companies, or any of them from January 1, 2016 to the present.

19. RoadRunner's officers, directors, employees, owners, managers, partners, consultants, representatives, attorneys, or agents that were involved with or played a role in the transaction resulting in RoadRunner's acquisition of Compology.

20. Contracts entered into by and between Compology and RTS.

21. RoadRunner's understanding of the Compology Terms & Conditions.

34. The process for purchasing the Compology Device(s).

42. RoadRunner's communications with Compology.

43. RoadRunner's acquisition of Compology.

44. RoadRunner's valuation(s), if any, of (a) Compology and (b) the Compology sensor systems prior to RoadRunner's acquisition of Compology.

45. RoadRunner's analyses of competitors, including any information pertaining to the benefits, functionality, performance, and costs of competitive products relative to the Compology Device(s).

46. RoadRunner's definition of the market(s) for Compology Device(s) and its share of those market(s).

47. RoadRunner's marketing and financial plans, market studies, reports, forecasts, surveys, strategies, and projections for the sale, use, or monetization of the Compology Device(s).

48. Any license agreements, technology transfer agreements, royalty agreements, sublicenses, assignments, cross-licenses, purchase agreements, releases, covenants, settlement

agreements, or other intellectual property agreements relating to any technology, software, confidential information, know-how or trade secret(s) related to, similar to, or comparable to the trade secret(s) at issue, to which RoadRunner is or has been a party to, as well as any royalty payments related to the same.

49. RoadRunner's intellectual property licensing policies, guidelines, processes, and procedures including any template license agreements, any internal guidance on territorial restrictions, and any internal guidance on exclusivity provisions.

50. Any appraisals of value, opinions of value, calculations of value, or valuations (whether formal or informal, draft or final) of RoadRunner's entire company, any division, or any intellectual property assets (including patents, trade secrets, software, copyrights).

# CERTIFICATE OF SERVICE

I am a resident of the Commonwealth of Massachusetts, over the age of eighteen years, and not a party to the within action. My business address is One Financial Center, Boston, MA 02111. On August 7, 2024, I served true and correct copies of the following documents:

**DEFENDANTS' 30(b)(6) NOTICE OF DEPOSITION OF STEVE KREBS**

| | | |
|---|---|---|
| ☒ | **BY E-MAIL**: By electronic mail transmission on August 7, 2024, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below. The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error. | |
| | Stanley M. Gibson<br>James Neudecker<br>**JEFFER MANGELS BUTLER & MITCHELL LLP**<br>2 Embarcadero Center, 5th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 398-8080<br>Facsimile: (415) 398-5584<br>sgibson@jmbm.com<br>jneudecker@jmbm.com<br><br>*Attorneys for Plaintiff*<br>*ROADRUNNER RECYCLING, INC.* | Lena Streisand<br>Shavon Henry<br>**JEFFER MANGELS BUTLER & MITCHELL LLP**<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067-4308<br>Telephone:(310) 203-8080<br>Facsimile: (310) 230-0567<br>lstreisand@jmbm.com<br>shenry@jmbm.com<br><br>*Attorneys for Plaintiff*<br>*ROADRUNNER RECYCLING, INC.* |
| | Joseph J. Mellema<br>**JEFFER MANGELS BUTLER & MITCHELL LLP**<br>3 Park Plaza, Suite 1100<br>Irvine, California 92614-2592<br>Telephone: (949) 623-7200<br>Facsimile: (949) 623-7202<br>jmellema@jmbm.com<br><br>*Attorneys for Plaintiff*<br>*ROADRUNNER RECYCLING, INC.* | |

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 7, 2024, at Boston, MA.

*Stephanie Stutzmann*
STEPHANIE STUTZMANN