JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:   (415) 398-8080
Facsimile:    (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:   (949) 623-7200
Facsimile:    (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **PLAINTIFF ROADRUNNER RECYCLING, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE TESTIMONY REGARDING ROADRUNNER'S TERMINATION OF BENJAMIN CHEHEBAR'S EMPLOYMENT** <br><br> **<u>Final Pretrial Conference</u>** <br> Date:    December 4, 2024 <br> Time:    12:00 p.m. <br> Crtrm.:   San Francisco Courthouse, Courtroom 12 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 <br><br> Complaint Filed:   August 4, 2023 <br> Trial Date:           December 9, 2024 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** December 4, 2024 at 12:00 p.m., in Courtroom 12 of the above-captioned Court, located on the 19th floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") will and hereby does move this Court *in limine* for an order excluding testimony, argument on, and/or reference to RoadRunner's termination of Benjamin Chehebar's employment.

RoadRunner brings this motion pursuant to Fed. R. Evid. 401 and 403 on the grounds that (1) the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment are irrelevant to any issue in connection with the above-titled action, and (2) testimony, argument on, and/or reference to such evidence would be unfairly prejudicial to RoadRunner.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the concurrently-filed declaration of Joseph J. Mellema in support, the records and files in this action, and any further evidence and argument the Court will receive on this motion.

DATED:  November 14, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND

By:  */s/ Joseph J. Mellema*
JOSEPH J. MELLEMA
Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") hereby moves *in limine* to preclude any testimony, argument on, and/or reference to RoadRunner's termination of Benjamin Chehebar's employment.

## I. INTRODUCTION

Benjamin Chehebar was a co-founder of Compology and employed by RoadRunner post-acquisition of Compology until his employment was terminated. At the deposition of Cason Male, RoadRunner's CTO, Defendants asked about the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. Mr. Male's testimony indicated that ▌ ▌ ▌ Defendants did not seek any testimony concerning these issues from Mr. Chehebar or Mr. Gates during their depositions.

The relevant portion of Mr. Male's deposition testimony (set forth below) shows that the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment has nothing to do with this case, and is therefore inadmissible as irrelevant evidence under Fed. R. Evid. 401 and 402. The ▌ do not evidence any public disclosure of trade secrets, much less anything else that would constitute evidence for or against any claim or defense in this case. Further, the probative value of this evidence (precisely, zero), is substantially outweighed by a danger of unfair prejudice to RoadRunner. Such evidence, if allowed to be presented to the jury, would tend to malign Mr. Chehebar and Mr. Gates' character or suggest they are unethical in a matter entirely unrelated to the instant dispute, and thus, is inadmissible as unfairly prejudicial under Fed. R. Evid. 403.

The Court should grant RoadRunner's motion *in limine*.

1  **II.    THE COURT SHOULD PRECLUDE ALL TESTIMONY, ARGUMENT, AND/OR REFERENCE TO**

2  **ROADRUNNER'S TERMINATION OF MR. CHEHEBAR**

This Court has authority to grant a motion in limine, in advance of trial, which excludes inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to the inadmissible evidence. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Rule 401 defines "relevant evidence" as evidence that "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible, while irrelevant evidence is generally inadmissible. Fed. R. Evid. 402. Relevant evidence may be inadmissible when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . . ." Fed. R. Evid. 403.

Motions in limine "are useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (quoting *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986)).

During the deposition of Cason Male, Defendants asked Mr. Male about the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. *See* Declaration of Joseph J. Mellema ("Mellema Decl."), Ex. 1 (Male Dep.) at 181:10-183:9 (emphasis added):

> Q. At 07 of the video do you recognize this gentleman?
> A. Yes.
> Q. Who is he?
> A. Ben Chehebar.
> Q. And what relation does Ben Chehebar have to RoadRunner?
> A. Well, he was a co-founder of Compology and he came on board in the acquisition. His title was VP of hardware as it suggests and he reported to me.
> Q. Does he still report to you?
> A. No.
> Q. Does he still work for the company?
> A. No.
> Q. Do you know why he left the company?
> A. Yes.
> Q. Why?
> A. [REDACTED]



1
2
3
4
5
6
7
8
9  **t that point to forward Jason some documents**.
10 Q. Do you know what Mr. Chehebar and
11 Mr. Gates are doing today?
   A. I do not.
12 Q. **Did ███████ contain trade secrets**?
   A. I don't know
13 Q. Do you still have access to ███████
   A. I don't know ███████
14 ███████ but yes, I would have access to them if they could be identified to me.
15 Yeah.

16     Defendants did not ask Mr. Chehebar or Mr. Gates about the nature or circumstances of

17 RoadRunner's termination of Mr. Chehebar's employment. *See* Mellema Decl. ¶ 3.

18     Any testimony, argument, and/or reference to RoadRunner's termination of Mr. Chehebar

19 should be precluded. *First*, such evidence is irrelevant to prove or disprove any issue of fact or law

20 in the above-titled case. That RoadRunner terminated Mr. Chehebar ███████

21 ███████ has nothing to do with

22 Defendants' breach of contract or trade secret misappropriation, or any defense Defendants may

23 seek to proffer in this case. Any conclusions to be drawn from RoadRunner's termination of Mr.

24 Chehebar's employment is speculative, at best, in suggesting that RoadRunner had somehow

25 disclosed trade secrets ███████ *See*

26 *Munoz v. PHH Corp.*, 2013 WL 684388, at *3 (E.D. Cal. Feb. 22, 2013) ("If the inference to be

27 drawn from the evidence is the result of speculation or conjecture, the underlying evidence is not

28 relevant.") (citing *Engstrand v. Pioneer Hi–Bred Int'l*, 946 F. Supp. 1390, 1396 (S.D. Iowa 1996),

1  *aff'd* 112 F.3d 513 (8th Cir. 1997)). Indeed, "the standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the theory that it might conceivably become so." *Munoz*, 2013 WL 684388, at *3 (quoting *Food Lion v. United Food & Comm'l Workers Union*, 103 F.3d 1007, 1012–1013 (D.C. Cir. 1997)).

*Second*, if Defendants proffer evidence that Mr. Chehebar was terminated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ RoadRunner would be unfairly prejudiced because it would suggest that Mr. Chehebar and Mr. Gates are allegedly unethical in connection with a matter entirely unrelated to any issue of fact or law in the above-titled case. *See* Fed. R. Evid. 403; *see also Nanometrics, Inc. v. Optical Sols., Inc.*, No. 18-CV-00417-BLF, 2023 WL 7169549, at *4-5 (N.D. Cal. Oct. 30, 2023) (excluding evidence of purchase of company not relevant to breach of contract claim because any relevance is substantially outweighed by the danger of unfair prejudice). As shown above, such evidence is not probative, but merely speculative. Such speculation is substantially outweighed by the unfair prejudice that would occur to malign Mr. Chehebar and Mr. Gates' character.

### III.   CONCLUSION

The Court should grant RoadRunner's motion *in limine* to preclude testimony, argument, and/or reference to RoadRunner's termination of Mr. Chehebar's employment.

DATED:  November 14, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND

By:   */s/ Joseph J. Mellema*
JOSEPH J. MELLEMA
Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:   (949) 623-7200
Facsimile:   (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **DECLARATION OF JOSEPH J. MELLEMA IN SUPPORT OF PLAINTIFF ROADRUNNER RECYCLING, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE TESTIMONY REGARDING ROADRUNNER'S TERMINATION OF BENJAMIN CHEHEBAR'S EMPLOYMENT** <br><br> **Final Pretrial Conference** <br> Date:   December 4, 2024 <br> Time:   12:00 p.m. <br> Crtrm.:   San Francisco Courthouse, Courtroom 12 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 <br><br> Complaint Filed:   August 4, 2023 <br> Trial Date:   December 9, 2024 |

Case No. 3:23-cv-04804-WHA

DECLARATION OF JOSEPH J. MELLEMA IN SUPPORT OF PLAINTIFF ROADRUNNER RECYCLING, INC.'S MOTION *IN LIMINE* NO. 1

I, Joseph J. Mellema, hereby declare as follows:

1. I am an attorney at law licensed to practice before all courts in the State of California. I am a partner with the law firm of Jeffer Mangels Butler & Mitchell, LLP, counsel of record for Plaintiff RoadRunner Recycling, Inc. ("RoadRunner"). If called as a witness, I could and would competently testify to the following of my own personal knowledge.

2. Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the deposition of Cason Male.

3. I have reviewed the transcripts from the depositions of Benjamin Chehebar and Jason Gates. From my review of the transcripts, Defendants did not ask Mr. Chehebar or Mr. Gates about the nature or circumstances of RoadRunner's termination of Mr. Chehebar's employment.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 14th day of November, 2024, in Los Angeles, California.

By:     */s/ Joseph J. Mellema*
         JOSEPH J. MELLEMA
    Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

# EXHIBIT 1

```
1                  UNITED STATES DISTRICT COURT
2                NORTHERN DISTRICT OF CALIFORNIA
3
4   ROADRUNNER RECYCLING, INC.,    )
                                   )
5                  Plaintiff,      )
                                   )
6         vs.                      )No 3:23-cv-04804-WHA
                                   )
7   RECYCLE TRACK SYSTEMS, INC.,   )
    AND RECYCLESMART SOLUTIONS,    )
8   INC.,                          )
                                   )
9                  Defendants.     )
                                   )
10
11                  HIGHLY CONFIDENTIAL
12                  ATTORNEY'S EYES ONLY
13
14      DEPOSITION OF ROADRUNNER RECYCLING, INC.,
15     By and through its Designated Representative,
16                      CASON MALE,
17            and in his Individual Capacity
18              TUESDAY, AUGUST 13, 2024
19              LOS ANGELES, CALIFORNIA
20
21
22
23
24  REPORTED BY:  JEANINE CURCIONE
                  CSR NO. 10223, RPR
25  FILE NO.: 549113
```

FILED PROVISIONALLY UNDER SEAL
HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY
Transcript of Cason Male, Corporate Designee & Individually
Conducted on August 13, 2024

181

| | | |
|---|---|---|
| 1 | 0033355. | 04:29:05 |
| 2 | (Exhibit 320 was marked for identification | 04:29:14 |
| 3 | by the Reporter.) | 04:29:14 |
| 4 | MR. NEWMAN: And if we could just start | 04:29:29 |
| 5 | the video from the beginning here. | 04:29:32 |
| 6 | (Video transcribed.) | 04:29:34 |
| 7 | "Okay, so yes, this is great. This is | 04:29:40 |
| 8 | Eric's slide as well" -- | 04:29:44 |
| 9 | MR. NEWMAN: Can you pause it here. | 04:29:47 |
| 10 | Q. At 07 of the video do you recognize this | 04:29:48 |
| 11 | gentleman? | 04:29:52 |
| 12 | A. Yes. | 04:29:54 |
| 13 | Q. Who is he? | 04:29:55 |
| 14 | A. Ben Chehebar. | 04:29:57 |
| 15 | Q. And what relation does Ben Chehebar have | 04:30:00 |
| 16 | to RoadRunner? | 04:30:08 |
| 17 | A. Well, he was a co-founder of Compology and | 04:30:08 |
| 18 | he came on board in the acquisition. His title was | 04:30:11 |
| 19 | VP of hardware as it suggests and he reported to me. | 04:30:15 |
| 20 | Q. Does he still report to you? | 04:30:21 |
| 21 | A. No. | 04:30:23 |
| 22 | Q. Does he still work for the company? | 04:30:23 |
| 23 | A. No. | 04:30:25 |
| 24 | Q. Do you know why he left the company? | 04:30:26 |
| 25 | A. Yes. | 04:30:27 |

Case 3:23-cv-04804-WHA   Document 200   Filed 11/20/24   Page 12 of 18

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY
Transcript of Cason Male, Corporate Designee & Individually
Conducted on August 13, 2024
182

| | |
|---|---|
| 1   Q.   Why? | 04:30:28 |
| 2   ▪▪▪ ████████████████████ | 04:30:32 |
| 3   ████████████████████████ | 04:30:43 |
| 4   ███████████████████████ | 04:30:48 |
| 5   ████████████████████████ | 04:30:57 |
| 6   ████████████████████████ | 04:31:01 |
| 7   ██████████████████████ | 04:31:09 |
| 8   ████████████████████████ | 04:31:15 |
| 9   ████████████████████████ | 04:31:19 |
| 10  ██████████████ | 04:31:22 |
| 11  ███████████████████ | 04:31:24 |
| 12  █████████████████ | 04:31:31 |
| 13  ████████████████████████ | 04:31:35 |
| 14  ██████████████████████ | 04:31:38 |
| 15  ███████████████████████ | 04:31:42 |
| 16  ████████████████████████ | 04:31:45 |
| 17  ▪▪  ████████████████████ | 04:31:49 |
| 18  ████████████████████████ | 04:31:55 |
| 19  ▪▪  ████████████████████ | 04:31:59 |
| 20  ████████████████████ | 04:32:01 |
| 21  ██████████████████ | 04:32:07 |
| 22  █████████████████████ | 04:32:11 |
| 23  █████ | 04:32:14 |
| 24      Q.   Do you know what Mr. Chehebar and | 04:32:17 |
| 25  Mr. Gates are doing today? | 04:32:20 |

Case 3:23-cv-04804-WHA   Document 200   Filed 11/20/24   Page 13 of 18

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY
Transcript of Cason Male, Corporate Designee & Individually
Conducted on August 13, 2024

183

| | | |
|---|---|---|
| 1 | A. I do not. | 04:32:22 |
| 2 | Q. Did the ▓▓▓▓▓ contain trade secrets? | 04:32:24 |
| 3 | A. I don't know ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | 04:32:27 |
| 4 | Q. Do you still have access to ▓▓▓▓▓▓▓ | 04:32:31 |
| 5 | ▓▓▓▓▓▓▓▓▓▓▓▓▓ | 04:32:38 |
| 6 | A. I don't know the e-mail that was or | 04:32:39 |
| 7 | e-mails that were forwarded but yes, I would have | 04:32:41 |
| 8 | access to them if they could be identified to me. | 04:32:44 |
| 9 | Yeah. | 04:32:49 |
| 10 | Q. Do you know if those ▓▓▓▓▓▓▓▓▓▓ | 04:32:50 |
| 11 | ▓▓▓▓▓ in this case? | 04:32:52 |
| 12 | A. I do not know that. | 04:32:54 |
| 13 | Q. Well, I wasn't expecting to hear that. | 04:32:55 |
| 14 | It's not a very happy story. Anyway, Ben Chehebar | 04:32:59 |
| 15 | was with Compology as VP of hardware at some point; | 04:33:06 |
| 16 | right? | 04:33:13 |
| 17 | A. Yes. He was with RoadRunner as VP of | 04:33:13 |
| 18 | hardware. | 04:33:17 |
| 19 | Q. And do you remember him giving this | 04:33:18 |
| 20 | presentation at EHour as a RoadRunner employee? | 04:33:22 |
| 21 | A. No. I was not aware of that. | 04:33:27 |
| 22 | Q. Do you know if RoadRunner would have | 04:33:32 |
| 23 | allowed this to happen if it had known about it? | 04:33:33 |
| 24 | A. It depends on the content of the | 04:33:37 |
| 25 | presentation. | 04:33:40 |

Case 3:23-cv-04804-WHA   Document 200   Filed 11/20/24   Page 14 of 18

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY
FILED PROVISIONALLY UNDER SEAL
Transcript of Cason Male, Corporate Designee & Individually
Conducted on August 13, 2024                               203

| | |
|---|---|
| 1 | REPORTER'S CERTIFICATE |
| 2 | |
| 3 | I, JEANINE CURCIONE, C.S.R. NO. 10223, |
| 4 | RPR, in and for the State of California, do hereby |
| 5 | certify: |
| 6 | That prior to being examined, the witness |
| 7 | named in the foregoing deposition was by me duly |
| 8 | sworn to testify the truth, the whole truth and |
| 9 | nothing but the truth and that the witness reserved |
| 10 | the right of signature; |
| 11 | That said deposition was taken down by me |
| 12 | in shorthand at the time and place therein named, |
| 13 | and thereafter reduced to typewriting under my |
| 14 | direction, and the same is a true, correct and |
| 15 | complete transcript of said proceedings. |
| 16 | I further certify that I am not interested |
| 17 | in the event of the action. |
| 18 | Witness my hand this 17th day of August, |
| 19 | 2024. |
| 20 | |
| 21 | _____ |
| 22 | Certified Shorthand Reporter for the |
| 23 | State of California |
| 24 | |
| 25 | |

| | |
|---|---|
| 1 | Arameh Zargham O'Boyle (SBN: 239495) |
| | azoboyle@mintz.com |
| 2 | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C. |
| | 2049 Century Park East, Suite 300 |
| 3 | Los Angeles, CA 90067 |
| | Telephone: 310-586-3200 |
| 4 | Facsimile: 310-586-3202 |

5  James M. Wodarski (Admitted *Pro Hac Vice*)
   JWodarski@mintz.com
6  Michael C. Newman (Admitted *Pro Hac Vice*)
   mcnewman@mintz.com
7  Matthew S. Galica (Admitted *Pro Hac Vice*)
   MSGalica@mintz.com
8  James J. Thomson (Admitted *Pro Hac Vice*)
   JJThomson@mintz.com
9  Sean M. Casey (Admitted *Pro Hac Vice*)
   smcasey@mintz.com
10 Tianyi Tan (Admitted *Pro Hac Vice*)
   TTan@mintz.com
11 Stephen Chen (Admitted *Pro Hac Vice*)
   SChen@mintz.com
12 Amy LoBue (Admitted *Pro Hac Vice*)
   ALoBue@mintz.com
13 MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
   One Financial Center
14 Boston, MA 02111
   Telephone:   (617) 542-6000
15 Facsimile:   (617) 542-2241

16 Attorneys for Defendants
   RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF ROADRUNNER RECYCLING, INC.'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE TESTIMONY REGARDING ROADRUNNER'S TERMINATION OF BENJAMIN CHEHEBAR'S EMPLOYMENT** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., | |
| Defendants. | Judge: Hon. William H. Alsup |
| | Pretrial Conf.: November 26, 2024 |
| | Time: 9:30 am |
| | Location: 450 Golden Gate Avenue |
| | Courtroom 12, 19th Floor |
| | San Francisco, CA 94102 |
| | Complaint Filed: August 4, 2023 |
| | Trial Date: December 9, 2024 |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE TESTIMONY RE: TERMINATION OF BENJAMIN CHEHEBAR'S EMPLOYMENT (CASE NO. 3:23-cv-04804-WHA)

## I.  ARGUMENT

Plaintiff's Motion *in Limine* ("MIL") No. 1—seeking broad prohibition of prospective testimony about Plaintiff's termination of its own witness (Mr. Chehebar)—should be denied for two reasons. First, the motion is factually inaccurate, as Mr. Chehebar was questioned about his termination at this deposition. Second, the testimony Plaintiff seeks to exclude is relevant to Plaintiff's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—as well as Mr. Chehebar's credibility, at least. For these reasons, Plaintiff's MIL No. 1 should be denied.

First, Plaintiff's assertion that "Defendants *did not ask Mr. Chehebar* or Mr. Gates *about the nature or circumstances of RoadRunner's termination of Mr. Chehebar's employment*" is flagrantly false. MIL No. 1 at 5; Mellema Decl. at ¶ 3 (emphasis added). During his deposition, Mr. Chehebar was questioned, at length, about his termination:

> Q. And why did you leave RoadRunner?
> A. I was let go.
>
> Q. Okay. And why were you let go?
> A. I was let go ▓▓▓▓▓▓▓▓▓▓ that happened.
>
> Q. Okay. And when you say let go, do you mean terminated or fired?
> A. Okay. ▓▓▓▓▓▓▓▓▓▓▓.
>
> Q. Okay. And what was ▓▓▓▓▓▓▓▓▓▓▓?
> A. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
>
> Q. Okay. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
> A. ▓▓▓▓▓▓▓▓.
>
> Q. Okay. And you ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓?
> A. ▓▓▓▓▓.
>
> Q. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓?
> A. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
>
> Q. Okay. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓?
> A. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Ex. G, August 28, 2024 Deposition of Benjamin Chehebar Tr. ("Chehebar Tr.") at 66:21-67:24.

Therefore, Plaintiff's first argument that "Defendants *did not seek any testimony concerning these issues from Mr. Chehebar* or Mr. Gates during their depositions" is completely inaccurate. MIL No. 1 at 3 (emphasis added). For this reason alone, Plaintiff's MIL No. 1 should be denied.

Second, the prospective testimony regarding Mr. Chehebar's unauthorized access of information and related termination are relevant to Plaintiff's policies, procedures, and systems to maintain confidential information, as well as Mr. Chehebar's his credibility, at least. *See, e.g.*, *Smilovits v. First Solar, Inc.*, No. CV12-0555-PHX-DGC, 2019 WL 6698199, at *14 (D. Ariz. Dec. 9, 2019) ("For example, if a witness was terminated because she objected to the nondisclosures at issue in this case, the termination clearly would be relevant. While Plaintiffs have not identified any such witness, the Court cannot conclude that other reasons for departing are not relevant to issues in the case, including witness credibility."). As Plaintiff's MIL No. 1 admits, Mr. Chehebar ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. MIL No. 1 at 4-5. Interestingly, Mr. Chehebar testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. G, Chehebar Tr. 67:9-11), while Plaintiff's MIL ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. MIL No. 1 at 3 ("Mr. Chehebar … ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); *id.* at 3 ("The ▮▮▮▮▮▮▮▮▮…"); *id.* at 6 ("… Mr. Chehebar ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.") (emphasis added). In either event, Plaintiff found Mr. Chehebar's actions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Defendants should be permitted to probe Mr. Chehebar's termination, as well as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ because these subjects are relevant to his credibility, at least.

Therefore, Plaintiff's MIL No. 1 should be denied because it is based on both false facts and pretenses.

## II.    CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court deny RoadRunner's motion *in limine* to preclude testimony, argument, and/or reference to RoadRunner's termination of Mr. Chehebar's employment.

| | |
|---|---|
| Dated: November 19, 2024 | Respectfully Submitted, |
| | */s/ Matthew S. Galica* |
| | Arameh Zargham O'Boyle (SBN: 239495)<br>azoboyle@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS,<br>    GLOVSKY, AND POPEO, P.C.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Telephone: 310-586-3200<br>Facsimile: 310-586-3202 |
| | James M. Wodarski (Admitted *Pro Hac Vice*)<br>JWodarski@mintz.com<br>Michael C. Newman (Admitted *Pro Hac Vice*)<br>mcnewman@mintz.com<br>Matthew S. Galica (Admitted *Pro Hac Vice*)<br>MSGalica@mintz.com<br>James J. Thomson (Admitted *Pro Hac Vice*)<br>JJThomson@mintz.com<br>Sean M. Casey (Admitted *Pro Hac Vice*)<br>smcasey@mintz.com<br>Tianyi Tan (Admitted *Pro Hac Vice*)<br>TTan@mintz.com<br>Stephen Chen (Admitted *Pro Hac Vice*)<br>SChen@mintz.com<br>Amy LoBue (Admitted *Pro Hac Vice*)<br>ALoBue@mintz.com<br>One Financial Center<br>MINTZ, LEVIN, COHN, FERRIS,<br>    GLOVSKY, AND POPEO, P.C.<br>One Financial Center<br>Boston, MA 02111<br>Telephone:   (617) 542-6000<br>Facsimile:   (617) 542-2241 |
| | Attorneys for Defendants<br>**RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.** |