JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:  (415) 398-8080
Facsimile:  (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:  (949) 623-7200
Facsimile:  (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:  (310) 203-0567

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **PLAINTIFF ROADRUNNER RECYCLING, INC.'S MOTION IN LIMINE NO. 2 TO LIMIT EXPERT TESTIMONY OF PHILIP GREENSPUN** <br><br> **Final Pretrial Conference** <br> Date:   December 4, 2024 <br> Time:   12:00 p.m. <br> Crtrm.:  San Francisco Courthouse, Courtroom 12 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 <br><br> Complaint Filed:   August 4, 2023 <br> Trial Date:   December 9, 2024 |

Filed Under Seal
Pursuant to LR 79-5(f)

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:   (949) 623-7200
Facsimile:   (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **DECLARATION OF STANLEY M. GIBSON IN SUPPORT OF PLAINTIFF ROADRUNNER RECYCLING, INC.'S MOTION IN LIMINE NO. 2 TO LIMIT EXPERT TESTIMONY OF PHILIP GREENSPUN** <br><br> **Final Pretrial Conference** <br> Date:   December 4, 2024 <br> Time:   12:00 p.m. <br> Crtrm.:  San Francisco Courthouse, Courtroom 12 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 <br><br> Complaint Filed:   August 4, 2023 <br> Trial Date:   December 9, 2024 |

I, Stanley M. Gibson, hereby declare as follows:

1. I am an attorney at law licensed to practice before all courts in the State of California. I am a partner with the law firm of Jeffer Mangels Butler & Mitchell, LLP, counsel of record for Plaintiff RoadRunner Recycling, Inc. ("RoadRunner"). If called as a witness, I could and would competently testify to the following of my own personal knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of excerpts from the deposition of Philip Greenspun.

3. Attached hereto as Exhibit B is a true and correct copy of an email thread between my colleague, Lena Streisand, and counsel for Defendants, Matthew Galica.

4. Attached hereto as Exhibit C is a true and correct copy of excerpts from the Opening Expert Report of R. Jacob Baker.

5. Attached hereto as Exhibit D is a true and correct copy of excerpts from Mr. Baker's Rebuttal Expert Report.

6. Attached hereto as Exhibit E is a true and correct copy of excerpts from Mr. Baker's Reply Expert Report.

7. Attached hereto as Exhibit F is a true and correct copy of excerpts from the Opening Expert Report of Philip Greenspun.

8. Attached hereto as Exhibit G is a true and correct copy of excerpts from Mr. Greenspun's Rebuttal Expert Report.

9. Attached hereto as Exhibit H is a true and correct copy of excerpts from Mr. Greenspun's Reply Expert Report.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 14th day of November, 2024, in Los Angeles, California.

By: */s/ Stanley M. Gibson*
 STANLEY M. GIBSON
 Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

# Exhibit A

Filed Under Seal Pursuant to LR 79-5(f)

# EXHIBIT B

**Archived:** Tuesday, November 12, 2024 7:59:20 AM
**From:** Galica, Matthew
**Sent:** Wed, 30 Oct 2024 21:14:54
**To:** Lena Streisand RTS-Mintz
**Cc:** Stan M. Gibson Joseph Mellema
**Subject:** RE: RoadRunner Recycling, Inc. v. Recycle Track Systems, Inc. - Experts [JMBM-LA.82941.0001]
**Importance:** Normal
**Sensitivity:** None

---

Lena – our experts' reports provided a summary of their opinions and bases for them pursuant to Rule 26. We plan to have them testify as to the full scope of their disclosures.

Best,
Matt

---

**From:** Lena Streisand <LStreisand@jmbm.com>
**Sent:** Wednesday, October 30, 2024 11:05 AM
**To:** RTS-Mintz <RTS-Mintz@mintz.com>
**Cc:** Stan M. Gibson <SMG@JMBM.com>; Joseph Mellema <JMellema@jmbm.com>
**Subject:** RE: RoadRunner Recycling, Inc. v. Recycle Track Systems, Inc. - Experts [JMBM-LA.82941.0001]

Counsel,

Following up here. Please identify which expert, Dr. Greenspun or Dr. Baker, you intend to have testify regarding RoadRunner's trade secrets related to the smart camera apparatus and optical assembly and design at trial.

**Lena Streisand** | Associate
**Jeffer Mangels Butler & Mitchell LLP | JMBM**
1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067
**D:** (310) 785-5398  **| F:** (310) 203-0567  **| E:** LStreisand@JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments. For further information, please visit JMBM.com.

---

**From:** Lena Streisand
**Sent:** Wednesday, October 9, 2024 3:01 PM
**To:** RTS Mintz <rts-mintz@mintz.com>
**Cc:** Stan M. Gibson <SMG@JMBM.com>; Joseph Mellema <JMellema@jmbm.com>
**Subject:** RoadRunner Recycling, Inc. v. Recycle Track Systems, Inc. - Experts

Counsel,

Dr. Baker and Dr. Greenspun provide duplicative analyses in their expert reports of RoadRunner's trade secrets related to the smart camera apparatus and optical assembly and design. Please identify which expert you intend to have testify to the smart camera apparatus and optical assembly and design at trial.

Thanks,
Lena
**Lena Streisand** | Associate
**Jeffer Mangels Butler & Mitchell LLP | JMBM**
1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067
**D:** (310) 785-5398  **| F:** (310) 203-0567  **| E:** LStreisand@JMBM.com

This e-mail message and any attachments are confidential and may be attorney-client privileged. Dissemination, distribution or copying of this message or attachments without proper authorization is strictly prohibited. If you are not the intended recipient, please notify JMBM immediately by telephone or by e-mail, and permanently delete the original, and destroy all copies, of this message and all attachments. For further information, please visit JMBM.com.

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments.

# Exhibit C

# Filed Under Seal Pursuant to LR 79-5(f)

# Exhibit D

Filed Under Seal Pursuant to LR 79-5(f)

# Exhibit E

# Filed Under Seal Pursuant to LR 79-5(f)

# Exhibit F

Filed Under Seal Pursuant to LR 79-5(f)

# Exhibit G

Filed Under Seal Pursuant to LR 79-5(f)

# Exhibit H

Filed Under Seal
Pursuant to LR 79-5(f)

Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202

James M. Wodarski (Admitted *Pro Hac Vice*)
JWodarski@mintz.com
Michael C. Newman (Admitted *Pro Hac Vice*)
mcnewman@mintz.com
Matthew S. Galica (Admitted *Pro Hac Vice*)
MSGalica@mintz.com
James J. Thomson (Admitted *Pro Hac Vice*)
JJThomson@mintz.com
Sean M. Casey (Admitted *Pro Hac Vice*)
smcasey@mintz.com
Tianyi Tan (Admitted *Pro Hac Vice*)
TTan@mintz.com
Stephen Chen (Admitted *Pro Hac Vice*)
SChen@mintz.com
Amy LoBue (Admitted *Pro Hac Vice*)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.,<br><br>    Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF ROADRUNNER RECYCLING, INC.'S MOTION *IN LIMINE* NO. 2 TO LIMIT EXPERT TESTIMONY OF PHILIP GREENSPUN**<br><br>Judge: Hon. William H. Alsup<br>Pretrial Conf.:    November 26, 2024<br>Time:              9:30 a.m.<br>Location:          450 Golden Gate Avenue<br>                   Courtroom 12, 19th Floor<br>                   San Francisco, CA 94102<br><br>Complaint Filed:   August 4, 2023<br>Trial Date:        December 9, 2024 |

I.  ARGUMENT

Plaintiff's motion *in limine* ("MIL") No. 2—seeking to narrowly limit Dr. Greenspun's testimony to his opinions on the at-issue software should be denied for at least two reasons which are both related.  First, Dr. Greenspun has been designated to opine and offer testimony on Plaintiff's sweeping alleged trade secret no. 1, the "Overall Waste and Recycling Metering System," that encompasses everything including hardware, firmware, and software.  Second, Dr. Greenspun's opinions are not needlessly cumulative of Dr. Baker's opinions.  Instead, Plaintiff's broad alleged trade secret no. 1 is cumulative of all Plaintiff's trade secrets.

First, it cannot be disputed that Dr. Greenspun has been designated to opine and offer testimony on Plaintiff's alleged "Overall Waste and Recycling Metering System," that includes both hardware and software.  Indeed, the table of contents in Dr. Greenspun's rebuttal report clearly indicates that Dr. Greenspun has been designated to opine and offer testimony regarding Plaintiff's alleged "Overall Waste and Recycling Metering System" trade secret.  Ex. H (Greenspun Rebuttal Rpt. TOC).  Because Plaintiff's alleged "Overall Waste and Recycling Metering System" trade secret includes hardware, firmware, and software, it requires an expert with experience in all fields, and Dr. Greenspun qualifies to opine and offer testimony on each of these subjects.  Ex. I (Greenspun Resume).  Dr. Baker, a renowned expert in the field of *hardware*, has not analyzed the *firmware* or *software* at issue, and is not offering an opinion on the alleged "Overall Waste and Recycling Metering System" trade secret.  Therefore, any attempt to Dr. Greenspun's testimony to only software is an attempt to preclude Defendants from offering testimony regarding Plaintiff's alleged "Overall Waste and Metering System" trade secret.

Second, Dr. Greenspun's opinions are not needlessly cumulative of Dr. Baker's opinions.  For example, a comparison of the table of contents, and the ensuing sections, between Dr. Greenspun's and Dr. Baker's rebuttal reports clearly demonstrates that Dr. Greenspun has been designated to opine and offer testimony regarding alleged trade secret nos. 1 and 4-7, while Dr. Baker has been designated to opine and offer testimony regarding alleged trade secret nos. 2 and 3.  *Compare* Ex. H (Greenspun Rebuttal Rpt. TOC) *with* Ex. J (Baker Rebuttal Rpt. TOC).  To the extent that Dr. Greenspun and Dr. Baker have any overlapping opinions, it is born from the fact that the alleged "Overall Waste and

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO
LIMIT DR. GREENSPUN'S TESTIMONY (CASE NO. 3:23-cv-04804-WHA)

Recycling Metering System" is cumulative of all the other alleged trade secrets.

Instead of acknowledging that Dr. Greenspun and Dr. Baker have been clearly designated to opine and offer testimony on discrete trade secrets, Plaintiff ignores this evidence, and claims that Dr. Greenspun has only been designated as Defendants' software expert. *See* MIL No. 2 at 4. To bolster this false argument, Plaintiff then highlights parts of Dr. Baker's reports and compares them with excerpts of Dr. Greenspun's reports and erroneously claims that Dr. Greenspun's opinions on hardware are cumulative with Dr. Baker's opinions on hardware. A closer examination of the reports, however, shows that Dr. Greenspun has clearly been designated to opine on the alleged "Overall Waste Recycling and Metering System" trade secret.

### A.     The Opening Reports

In his Opening Expert Report, Dr. Greenspun included a section where he described his teardowns of the RoadRunner and RTS devices. Over the course of forty-seven paragraphs, Dr. Greenspun described the components in each of the devices, whether there were any measures taken to obscure the component model numbers, and any differences between the RoadRunner and RTS devices. *See* Ex. K (Greenspun Opening Rpt.) at § VIII. And as the expert designated to opine and offer testimony with respect to Plaintiff's alleged "Overall Waste and Recycling Metering System" trade secret, which includes all the hardware, firmware, and software, it was entirely appropriate for Dr. Greenspun to undergo this exercise and document his findings.

In his Opening Expert Report, Dr. Baker also includes a section where he described his own teardowns of the RoadRunner and RTS devices as part of his analysis, under a different lens. As the expert designated to opine and offer testimony with respect to Plaintiff's alleged trade secret nos. 2 and 3 (the Smart Camera Apparatus and the Optical Assembly and Design), Dr. Baker described his teardowns of the devices and then performed a comparison of each of the elements of these two alleged trade secrets. Dr. Baker's analysis, therefore, is not duplicative of Dr. Geenspun's or vice versa.

Armed with the plain knowledge that Dr. Greenspun and Dr. Baker are designated to opine and offer testimony on different alleged trade secrets that both include hardware, Plaintiff's MIL No. 2 ignores this fact. Instead, Plaintiff's MIL No. 2 dismisses Dr. Greenspun's thirty-seven paragraphs

describing his teardown of the devices and claims that "Dr. Greenspun, on the other hand, offers a *single-paragraph* opinion on hardware that regurgitates Dr. Baker's opinions." MIL No. 2 at 5 (emphasis added). This is simply not true. Further, MIL No. 2 concludes that because Dr. Greenspun reached similar, independent conclusions that the hardware in RTS' Pello device is substantially different than the hardware in the RoadRunner devices, Dr. Greenspun's hardware analysis and opinion are needlessly cumulative of Dr. Baker's analysis and opinions. MIL No. 2 at 6. But because Dr. Greenspun and Dr. Baker are designated to opine and offer testimony on discrete alleged trade secrets that require hardware analysis, Dr. Greenspun's hardware analysis and opinions are not needlessly cumulative of Dr. Baker's hardware analysis and opinions.

### B.   The Rebuttal and Reply Reports

Next, Plaintiff's MIL No. 2. claims that Dr. Greenspun's Rebuttal and Reply Reports are cumulative of Dr. Baker's Rebuttal and Reply Reports. MIL No. 2 at 6-7. But instead of acknowledging that the table of contents of Dr. Greenspun's and Dr. Baker's Rebuttal Reports demonstrate that they are designated to opine and offer testimony on discrete trade secrets, and therefore not cumulative, Plaintiff's MIL No. 2 highlights a section from both reports regarding a public teardown of a RoadRunner device. MIL No. 2 at 6.

Dr. Greenspun and Dr. Baker were both shown a publicly available YouTube video where Ben Chehebar, one of the founders of RoadRunner's predecessor (Compology), performs a public teardown of an R11 device. Mr. Chehebar's teardown reveals the hardware components inside the R11 that are alleged to be part of RoadRunner's trade secrets. Because both Dr. Greenspun and Dr. Baker performed teardowns of the RoadRunner devices, and because they are both designated to opine and offer testimony with regards to alleged hardware trade secrets, it was appropriate for each of them to review and comment on the teardown video. To the extent that any language is similar in either expert' description of the Mr. Chehebar's teardown, this is because each expert is using the language that Mr. Chehebar used to describe the teardown.

Finally, Plaintiff's MIL No. 2 alleges that the hardware opinions in Dr. Greenspun's Reply are cumulative with Dr. Baker's hardware opinions. MIL No. 2 at 7. This is not true. Again, Plaintiff's MIL No. 2 focuses on the fact that both Dr. Greenspun and Dr. Baker raise the Chehebar

video to demonstrate that Plaintiff's alleged trade secrets are in the public domain. Because Dr. Greenspun is designated to opine and offer testimony as to the alleged "Overall Waste and Metering System" trade secret, and Dr. Baker is designated to opine and offer testimony as the alleged "Smart Camera Apparatus" and "Optical Assembly and Design" trade secrets, it is entirely appropriate for each of them to opine on aspects of the hardware at issue in this case.

Therefore, Plaintiff's MIL No. 2 should be denied because it ignores the fact that Dr. Greenspun is designated to opine and offer testimony regarding Plaintiff's alleged "Overall Waste and Recycling Metering System," trade secret which requires an analysis of the hardware at issue in the case.

## II.   CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court deny RoadRunner's motion *in limine* to limit the testimony of Dr. Greenspun.

Dated: November 19, 2024

Respectfully Submitted,

*/s/ Matthew S. Galica*

Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202

James M. Wodarski (Admitted *Pro Hac Vice*)
JWodarski@mintz.com
Michael C. Newman (Admitted *Pro Hac Vice*)
mcnewman@mintz.com
Matthew S. Galica (Admitted *Pro Hac Vice*)
MSGalica@mintz.com
James J. Thomson (Admitted *Pro Hac Vice*)
JJThomson@mintz.com
Sean M. Casey (Admitted *Pro Hac Vice*)
smcasey@mintz.com
Tianyi Tan (Admitted *Pro Hac Vice*)
TTan@mintz.com
Stephen Chen (Admitted *Pro Hac Vice*)
SChen@mintz.com
Amy LoBue (Admitted *Pro Hac Vice*)
ALoBue@mintz.com
One Financial Center

|   |   |
|---|---|
| 1 | MINTZ, LEVIN, COHN, FERRIS, |
| 2 |   GLOVSKY, AND POPEO, P.C. |

MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:   (617) 542-2241

Attorneys for Defendants
**RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.**