1   JEFFER MANGELS BUTLER & MITCHELL LLP
    STANLEY M. GIBSON (Bar No. 162329)
2   *sgibson@jmbm.com*
    JAMES NEUDECKER (Bar No. 221657)
3   *JNeudecker@jmbm.com*
    2 Embarcadero Center, 5th Floor
4   San Francisco, CA 94111
    Telephone:    (415) 398-8080
5   Facsimile:    (415) 398-5584

6   JOSEPH J. MELLEMA (Bar No. 248118)
    *jmellema@jmbm.com*
7   3 Park Plaza, Suite 1100
    Irvine, California 92614-2592
8   Telephone:    (949) 623-7200
    Facsimile:    (949) 623-7202

9
    LENA STREISAND (Bar No. 339021)
10  *lstreisand@jmbm.com*
    1900 Avenue of the Stars, 7th Floor
11  Los Angeles, California 90067-4308
    Telephone:    (310) 203-8080
12  Facsimile:    (310) 203-0567

13  Attorneys for Plaintiff ROADRUNNER
    RECYCLING, INC.

14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16

17

18  ROADRUNNER RECYCLING, INC.,              Case No. 3:23-cv-04804-WHA

19          Plaintiff,                       **PLAINTIFF ROADRUNNER
                                             RECYCLING, INC.'S MOTION IN
            v.                               LIMINE NO. 3 TO EXCLUDE THIRD-
20                                           PARTY LISTINGS FOR SALE OF
                                             COMPOLOGY CAMERAS**
20  RECYCLE TRACK SYSTEMS, INC.,
21  RECYCLESMART SOLUTIONS, INC.,            **Final Pretrial Conference**
                                             Date:  December 4, 2024
22          Defendants.                      Time:  12:00 p.m.
                                             Place:  San Francisco Courthouse, Courtroom
23                                           12 – 19th Floor, 450 Golden Gate Avenue, San
                                             Francisco, CA 94102
24

25
                                             Complaint Filed:    August 4, 2023
26                                           Trial Date:         December 9, 2024

27

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 4, 2024 at 12:00 p.m., in Courtroom 12 of the above-captioned Court, located on the 19th Floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") will and hereby does move this Court *in limine* for an order precluding Defendants Recycle Track Systems, Inc. and RecycleSmart, Inc. (collectively, "Defendants") from entering into evidence third-party internet listings for the sale of RoadRunner's cameras.

RoadRunner brings this motion on the grounds that Defendants intend to use the listings for the improper purpose of establishing that the listings constitute disclosures of RoadRunner's trade secrets when, in fact, the documents are illegal listings that do not constitute disclosures of RoadRunner's trade secrets, and were removed from the internet as soon as RoadRunner discovered them.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the concurrently-filed declaration of Stanley M. Gibson in support, the records and files in this action, and any further evidence and argument the Court will receive on this motion.

DATED:  November 14, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND

By:  */s/ Stanley M. Gibson*
STANLEY M. GIBSON
Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this motion *in limine* for an order precluding Defendants Recycle Track Systems, Inc. and RecycleSmart, Inc.'s (collectively, "Defendants") from entering into evidence, eliciting testimony, and/or presenting argument on illegal third-party internet listings offering Compology cameras for sale.

## I.  INTRODUCTION

The Court should preclude Defendants from arguing that illegal third-party listings offering Compology devices for sale are public disclosures of RoadRunner's trade secrets. Individuals who posted these illegal listings on third-party websites were bound by and thereby breached their contracts with RoadRunner or stole the cameras from garbage bins. The Court should preclude Defendants from entering the listings into evidence, eliciting testimony on the listings, and/or presenting argument on the listings because they are not probative and risk severe prejudice to RoadRunner. On their face, the illegal listings do not disclose RoadRunner's trade secrets. Defendants did not purchase a device from one of these illegal listings, nor do they have any evidence that anyone else purchased a device from one of these illegal listings. Further, upon discovering the illegal listings, RoadRunner timely sought to and successfully did have them removed from the host website. The illegal listings are an avenue for Defendants to misconstrue the law and mislead the jury. The Court should preclude Defendants from doing so.

## II.  THE COURT SHOULD PRECLUDE DEFENDANTS FROM ARGUING THAT ILLEGAL THIRD-PARTY LISTINGS CONSTITUTE DISCLOSURES OF ROADRUNNER'S TRADE SECRETS

During discovery, Defendants produced unauthenticated printouts of illegal listings from third-party resale websites like eBay showing unauthorized attempts to sell Compology devices. *See, e.g.*, Ex. A. As Cason Male, RoadRunner's CTO, testified, resale of R-series devices violated RoadRunner's terms and conditions and breached the parties' contracts with RoadRunner. *See* Ex. B (Male Dep.) 118:20–21. Defendants intend to argue that these illegal listings constitute public disclosure of RoadRunner's trade secrets that disqualifies RoadRunner's smart camera apparatus

1    from trade secret protection.  *See, e.g.*, Ex. C (Baker Rpt.) ¶ 80.  The Court should preclude

2    Defendants from entering evidence on, eliciting testimony to, or otherwise arguing that the illegal

3    listings constitute disclosure for three primary reasons.

4         First, the illegal listings do not reveal any information that RoadRunner claims to be a

5    trade secret.  The images posted on the illegal listings merely show the outer packaging of

6    RoadRunner's device.  *See, e.g.*, Ex. A.  It is undisputed that the outer packaging is not a trade

7    secret.  Therefore, the illegal listings themselves do not disclose trade secret information.

8         Second, Defendants did not purchase one of the devices available for resale, nor have

9    Defendants produced any evidence that another person purchased any of the devices available for

10   resale via an illegal third-party listing.  During discovery, Defendants used these illegal listings in

11   an attempt to build the unsubstantiated narrative that the illegal listings serve as evidence that

12   someone purchased and reverse-engineered the device, and thereby discovered RoadRunner's

13   trade secrets.  *See, e.g.*, Ex. B (Male Dep.) 94:3–20.  Permitting Defendants to make this

14   inaccurate and unsubstantiated argument at trial would severely prejudice RoadRunner because it

15   misconstrues the law and will mislead the jury.

16        Finally, permitting Defendants to enter into evidence, elicit testimony on, and/or present

17   argument regarding the illegal listings would prejudice RoadRunner because RoadRunner took

18   immediate steps to remove the illicit listings as soon as RoadRunner discovered the listings.  Upon

19   discovering the illegal listings, RoadRunner contacted eBay and notified eBay that the "sales were

20   fraudulent" and violated RoadRunner's contracts with their customers and technicians, and

21   demanded that eBay remove the illegal listings, which eBay did.  Ex. B (Male Dep.) 117:11–17.

22   RoadRunner also contacted the sellers demanding that they remove the illegal listings.  *See id.*

23

24   III.   <u>CONCLUSION</u>

25        The Court should preclude Defendants from entering evidence of, eliciting testimony on,

26   or arguing that illegal third-party listings constitute disclosure of RoadRunner's trade secrets.  The

27   illegal listings, which do not themselves disclose RoadRunner's trade secrets and have since been

28   removed, have no probative value but pose a serious risk of prejudice to RoadRunner.  Therefore,

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1  the Court should preclude Defendants from entering the listings into evidence at trial.

2  DATED:  November 14, 2024              JEFFER MANGELS BUTLER & MITCHELL LLP
                                         STANLEY M. GIBSON
3                                        JAMES NEUDECKER
                                         JOSEPH J. MELLEMA
4                                        LENA STREISAND

5                                        By:      _/s/ Stanley M. Gibson_____
6                                                  STANLEY M. GIBSON
                                         Attorneys for Plaintiff ROADRUNNER
7                                        RECYCLING, INC.

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:     (415) 398-8080
Facsimile:     (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:     (949) 623-7200
Facsimile:     (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:     (310) 203-8080
Facsimile:     (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **DECLARATION OF STANLEY M. GIBSON IN SUPPORT OF PLAINTIFF ROADRUNNER RECYCLING, INC.'S MOTION IN LIMINE NO. 3 TO EXCLUDE THIRD-PARTY LISTINGS FOR SALE OF COMPOLOGY CAMERAS** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | **Final Pretrial Conference**<br>Date:      December 4, 2024<br>Time:      12:00 p.m.<br>Crtrm.:    San Francisco Courthouse,<br>            Courtroom 12 - 19th Floor, 450<br>            Golden Gate Avenue, San Francisco,<br>            CA 94102 |
| | Complaint Filed:    August 4, 2023<br>Trial Date:          December 9, 2024 |

1    I, Stanley M. Gibson, hereby declare as follows:

2    1.    I am an attorney at law licensed to practice before all courts in the State of

3  California.  I am a partner with the law firm of Jeffer Mangels Butler & Mitchell, LLP, counsel of

4  record for Plaintiff RoadRunner Recycling, Inc. ("RoadRunner").  If called as a witness, I could

5  and would competently testify to the following of my own personal knowledge.

6    2.    Attached hereto as Exhibit A is a true and correct copy of the document that

7  Defendants produced bearing Bates labels RTS_00333374–78.

8    3.    Attached hereto as Exhibit B is a true and correct copy of excerpts from the

9  deposition of Cason Male.

10    4.    Attached hereto as Exhibit C is a true and correct copy of excerpts from the

11  Opening Expert Report of R. Jacob Baker.

12    I declare under the penalty of perjury of the laws of the United States that the foregoing is

13  true and correct.  Executed this 14th day of November, 2024, in Los Angeles, California.

14

15    By:    _/s/ Stanley M. Gibson_

16        STANLEY M. GIBSON
        Attorneys for Plaintiff ROADRUNNER
        RECYCLING, INC.

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



Hi! **Sign in** or **register**     Daily Deals    Brand Outlet    Gift Cards    Help & Contact          Sell    Watchlist    My eBay

Shop by category     Search for anything     All Categories     **Search**

Back to home page  >  Business & Industrial  >  Facility Maintenance & Safe...  >  Surveillance & Alarm Equip...  >  Other Facility Surveillance

Share    Add to Watchlist

## People who viewed this item also viewed

Vigilant Solutions VVR-10-975 Far View License Plate Recognition LPR Camera
**$288.00**
Free shipping
Sponsored

Vigilant Solutions VSR-20-975 License Plate Recognition LPR Camera 2A
**$109.99**
+ $12.99 shipping
Sponsored

🏷️ **SAVE UP TO 10% WHEN YOU BUY MORE**



2

# Compology R13 Dumpster Monitoring Waste Metering Wireless Camera With Hardware

**centralautorecyclers-2009** (2732)
100% positive    Seller's other items    Contact seller

## US $99.94 /ea

No Interest if paid in full in 6 mo on $99+ with **PayPal Credit***

**Condition:**  New – Open box

"New Untested Open Box - Sold as is"

**Quantity:**  1        More than 10 available    2 sold

**Bulk savings:**

| Buy 1 $99.94/ea | Buy 2 $94.94/ea | Buy 3 $91.94/ea | 4 or more for $89.95/ |

**Buy It Now**

**Add to cart**

♡ **Add to watchlist**

**Shipping:**     **Free 2-4 day shipping**
Get it between **Fri, Aug 9** and **Mon, Aug 12** to 02111. See details
Located in: Concord, New Hampshire, United States

**Returns:**     Seller does not accept returns. See details

**Payments:**

Have one to sell?  **Sell now**

## Similar Items
Sponsored

Feedback on our suggestions    |    See all

ENDING SOON

RTS_00333374

Vigilant Solutions VVR-10-975 Far View License Plate Recognition LPR Camera Pre-owned

**$288.00**

Free shipping

Seller with 99% positive feedback

Vigilant Solutions VSR-20-975 License Plate Recognition LPR Camera 2A Pre-owned

**$109.99**

+ $12.99 shipping

Seller with 100% positive feedback

PENTAIR TYCO DigiTRACE RMM2-A /4x RMM2A RMM2JB-1086-A IN...

New (Other)

**$225.00**

0 bids

1d 20h

+ $25.00 shipping

Seller with 100% positive feedback

*No Interest if paid in full in 6 months on $99+. See terms and apply now

Earn up to 5x points when you use your eBay Mastercard®.

Learn more

### Shop with confidence

 eBay Money Back Guarantee
Get the item you ordered or your money back. Learn more

---

## Explore related items
Sponsored

Feedback on our suggestions  |  See all

Brivo ACS6000-DB Accessory Board

New (Other)

**$107.60**

$269.00 60% off

Free shipping

INTERLOGIX TRUPORTAL ACCESS CONTROL TP-ADD 2D

New (Other)

**$400.00**

+ $12.31 shipping

Seller with 100% positive feedback

Paradox Security Systems Genuine 4-Wireless Access Control Module ACM12

New

**$85.00**

Free shipping

Top Rated Plus

7 watchers

PELCO IME322-1ES 3 MEGAPIXEL NETWORK OUTDOOR DOME CAMER...

Pre-owned

**$175.00**

Free shipping

Seller with 100% positive feedback

Telguard TG-1 Express LTE-A Cellular Alarm Communicator

New (Other)

**$99.99**

Free shipping

Alar 2PS Doc New

**$97**

+ $2

---

| About this item | Shipping, returns, and payments |

Report this item

Seller assumes all responsibility for this listing.

Last updated on Jun 24, 2024 06:58:09 PDT   View all revisions

eBay item number: 276382592164

## Item specifics

| | |
|---|---|
| Condition | New – Open box ⓘ |
| Seller Notes | "New Untested Open Box - Sold as is" |
| Brand | COMPOLOGY |
| Model | R13 |
| MPN | R13 |
| Stock # | DD0052 |
| Country/Region of Manufacture | China |

## Item description from the seller

RTS_00333375

Compology R3 Dumpster Monitoring Waste Metering Wireless Camera Wittig Haw | eBay

The R30 camera from Compology is a military-grade wireless camera that was designed to be used in large dumpsters to take pictures of the contents. The images are sent back to an AI system, These images are used to identify the type of trash in the dumpster and how full the dumpster is. This allows pickup schedules to be more efficiently timed to when the dumpster is full. The AI system can also determine if you're putting cardboard boxes in a landfill container and send out a message to move the cardboard into recycling container. These cameras only work with a Compology system.



# centralautorecyclers-2009

**100%** positive feedback

**9.1K** items sold

📅 Joined May 2009

🕐 Usually responds within 24 hours

Visit store

Contact

♡ Save seller

RTS_00333376

## Detailed seller ratings

Average for the last 12 months

| | |
|---|---|
| Accurate description | 4.9 |
| Reasonable shipping cost | 5.0 |
| Shipping speed | 5.0 |
| Communication | 4.9 |

## Popular categories from this store

See all

ABS ASSEMBLIES     AIR INJECTION PUMPS     AXLES     CLIMATE/TEMPERATURE CON...     COILS     CYLINDER HEAD

DOOR MIRRORS     ENGINE CONTROL MODULE (E...     ENGINES

## Seller feedback (2,787)

⊕ d***t (166) • Past 6 months                                                                                   Verified purchase

Great Seller!! Got my item fast and packaged well!! Item in great shape and almost like new!!

Driver Side View Mirror Power Excluding Limited Fits 00-06 TUNDRA 237994 (#275709220831)

⊕ -***m (1) • Past 6 months                                                                                     Verified purchase

I received the item promptly and wrapped safely in a box. it also came with a receipt that with policy details.

Audio Equipment Radio Sedan 6 Speaker System Receiver Fits 16-18 YARIS 263555 (#276122287728)

⊕ h***a (956) • Past 6 months                                                                                   Verified purchase

Excellent seller, there was an issue and they handled it very well. Thank you for help in this situation to come up with a solution for our mutual customer.

Audio Equipment Radio Display And Receiver ID 86140-10010 Fits 19 C-HR 337744 (#276485301506)

See all feedback

RTS_00333377

Isopropyl IPA Dumpster Monitoring Waste Metering Wireless Camera Vintage Label | eBay

Back to home page                                                                                                        Return to top

More to explore :   Monitor Electrical Usage Meters,   Wireless HVAC Refrigerant Scales & Meters,   Monitor Other Industrial Electrical Test Meters & Detectors,
Commercial Waste Disposal,   Commercial Waste Pulpers & Extractors,   Capacitance Meters & ESR Meters,   Coriolis Flow Meter Flow Meters,
Electromagnetic Flow Meter Flow Meters,   Flow Meters,   Electrical Usage Meters

About eBay      Announcements      Community      Security Center      Seller Center      Policies      Affiliates      Help & Contact      Site Map

Copyright © 1995-2024 eBay Inc. All Rights Reserved. Accessibility, User Agreement, Privacy, Consumer Health Data, Payments Terms of Use, Cookies, CA Privacy Notice, Your Privacy Choices      and
AdChoice

RTS_00333378

# EXHIBIT B

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3

4   ROADRUNNER RECYCLING, INC.,      )
                                     )
5                    Plaintiff,      )
                                     )
6         vs.                        )No 3:23-cv-04804-WHA
                                     )
7   RECYCLE TRACK SYSTEMS, INC.,     )
    AND RECYCLESMART SOLUTIONS,      )
8   INC.,                            )
                                     )
9                    Defendants.     )
                                     )
10

11               HIGHLY CONFIDENTIAL

12               ATTORNEY'S EYES ONLY

13

14      DEPOSITION OF ROADRUNNER RECYCLING, INC.,

15     By and through its Designated Representative,

16                   CASON MALE,

17          and in his Individual Capacity

18            TUESDAY, AUGUST 13, 2024

19            LOS ANGELES, CALIFORNIA

20

21

22

23

24  REPORTED BY:  JEANINE CURCIONE
                  CSR NO. 10223, RPR
25  FILE NO.: 549113

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY
Transcript of Cason Male, Corporate Designee & Individually
Conducted on August 13, 2024                    94

| | | |
|---|---|---|
| 1 | able to recreate the machine learning.  They would | 01:34:17 |
| 2 | not. | 01:34:22 |
| 3 | ██  ██████████████████████ | 01:34:30 |
| 4 | ███████████████████ | 01:34:33 |
| 5 | ████████████████ | 01:34:36 |
| 6 | ████████████████████ | 01:34:41 |
| 7 | ████████████████████████ | 01:34:43 |
| 8 | ███████████████████████ | 01:34:47 |
| 9 | ██████████ | 01:34:55 |
| 10 | ██  ████████████████ | 01:34:55 |
| 11 | ████ | 01:34:59 |
| 12 | ██  ████ | 01:34:59 |
| 13 | ██  █████████████████████ | 01:35:02 |
| 14 | ██████████████████████ | 01:35:04 |
| 15 | ████████████████████████ | 01:35:09 |
| 16 | ██████████████ | 01:35:14 |
| 17 | ████████████████████ | 01:35:16 |
| 18 | ████████████████████████ | 01:35:19 |
| 19 | ██████████████████████ | 01:35:24 |
| 20 | █████████ | 01:35:30 |
| 21 | BY MR. NEWMAN: | 01:35:33 |
| 22 | Q.   Understood.  So I'd like to sort of change | 01:35:33 |
| 23 | directions.  We'll still be talking about trade | 01:35:38 |
| 24 | secrets but I want to get an understanding of what | 01:35:41 |
| 25 | RoadRunner, Compology considered to be confidential, | 01:35:45 |

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY
Transcript of Cason Male, Corporate Designee & Individually
Conducted on August 13, 2024                    117

| | | |
|---|---|---|
| 1 | THE WITNESS:  The -- yeah, I guess the | 02:23:23 |
| 2 | incident I'm -- just to be clear on incident there | 02:23:26 |
| 3 | was sort of one instance where I was made aware -- I | 02:23:31 |
| 4 | was part of the group that was looking into this and | 02:23:35 |
| 5 | that had been one time from my perspective that I | 02:23:41 |
| 6 | was made aware of it. | 02:23:47 |
| 7 | BY MR. NEWMAN: | 02:23:48 |
| 8 | Q.   And when was that? | 02:23:49 |
| 9 | A.   I don't recall specifically when. | 02:23:54 |
| 10 | Sometime -- sometime this year. | 02:24:01 |
| 11 | ██   ████████████████████████ | 02:24:05 |
| 12 | ██   █████████████████████████ | 02:24:11 |
| 13 | ███████████████████████████ | 02:24:17 |
| 14 | ████████████████████████████ | 02:24:24 |
| 15 | █████████████████████████████ | 02:24:27 |
| 16 | ███████████████████████ | 02:24:31 |
| 17 | ███████ | 02:24:38 |
| 18 | Q.   Which technicians? | 02:24:39 |
| 19 | A.   I don't recall which ones.  But the point | 02:24:41 |
| 20 | being whoever was responsible for attempting to | 02:24:45 |
| 21 | resell the cameras. | 02:24:53 |
| 22 | Q.   That's who you contacted was the person | 02:24:57 |
| 23 | selling? | 02:24:59 |
| 24 | A.   To be -- | 02:25:00 |
| 25 | MR. MELLEMA:  Objection.  Form. | 02:25:01 |

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY
Transcript of Cason Male, Corporate Designee & Individually
Conducted on August 13, 2024                                118

| | | |
|---|---|---|
| 1 | THE WITNESS:  I did not contact them | 02:25:03 |
| 2 | myself. | 02:25:05 |
| 3 | BY MR. NEWMAN: | 02:25:06 |
| 4 | Q.   RoadRunner did? | 02:25:06 |
| 5 | A.   RoadRunner did. | 02:25:08 |
| 6 | Q.   How often does RoadRunner check to see if | 02:25:09 |
| 7 | Compology devices are for sale on eBay? | 02:25:12 |
| 8 | A.   I'm -- I couldn't answer that.  I'm not | 02:25:21 |
| 9 | sure. | 02:25:23 |
| 10 | Q.   Has RoadRunner subsequently checked to see | 02:25:26 |
| 11 | if there were any devices for sale on eBay?  And by | 02:25:31 |
| 12 | devices I mean R cameras. | 02:25:35 |
| 13 | A.   I couldn't say for sure.  I know that | 02:25:38 |
| 14 | there are other members of leadership that were made | 02:25:44 |
| 15 | aware and had been checking as well as.  I don't | 02:25:48 |
| 16 | know if -- what the status is or if they continued | 02:25:52 |
| 17 | that process. | 02:25:55 |
| 18 | Q.   Why do you say these are illicit sales? | 02:25:57 |
| 19 | MR. MELLEMA:  Objection.  Form. | 02:26:03 |
| 20 | ██████████████████████████ | 02:26:08 |
| 21 | ████████████ | 02:26:11 |
| 22 | BY MR. NEWMAN: | 02:26:14 |
| 23 | Q.   So the contracts expressly say you can't | 02:26:14 |
| 24 | sell these once you bought them? | 02:26:18 |
| 25 | MR. MELLEMA:  Objection.  Form. | 02:26:21 |

HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY
Transcript of Cason Male, Corporate Designee & Individually
Conducted on August 13, 2024                          203

```
1                    REPORTER'S CERTIFICATE

2

3           I, JEANINE CURCIONE, C.S.R. NO. 10223,

4     RPR, in and for the State of California, do hereby

5     certify:

6           That prior to being examined, the witness

7     named in the foregoing deposition was by me duly

8     sworn to testify the truth, the whole truth and

9     nothing but the truth and that the witness reserved

10    the right of signature;

11          That said deposition was taken down by me

12    in shorthand at the time and place therein named,

13    and thereafter reduced to typewriting under my

14    direction, and the same is a true, correct and

15    complete transcript of said proceedings.

16          I further certify that I am not interested

17    in the event of the action.

18          Witness my hand this 17th day of August,

19    2024.

20

21    _____

22    Certified Shorthand
      Reporter for the
23    State of California

24

25
```

FILED PROVISIONALLY UNDER SEAL

# EXHIBIT C

FILED PROVISIONALLY UNDER SEAL
HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | |
| Plaintiff, | Case No. 3:23-cv-04804-WHA |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., | |
| Defendants. | |

**<u>OPENING EXPERT REPORT OF R. JACOB BAKER, PH.D., P.E.</u>**

██████ which is also for cellular communications. Further ████████████████████████

████████████████████████████████████████████

78.    When I ████████████████████████████████████████

████████████████████████████████████████████████████████

██████████. *See* RTS_00341783.



*See* RTS_00339932 (PXL_20240828_161804564.jpg).

79.    Like the R11 unit, all these hardware components are typical of an IoT-like device that needs to communicate via the cellular network.

**C.    R13 Devices**

80.    Next, I turned to the physical samples of RoadRunner's R13 devices. I understand the R13 device is in the public domain as its available for purchase by anyone on the eBay website. *See* RTS_00333374; RTS_00335970; RTS_00335992.

81.    I have three R13 devices in my possession: two that appear to have a slightly different camera mounted on it that protrudes out of the housing, and an R13S device that is in a more compact packaging with a recessed camera. I tore these down in succession. The main distinction between these devices appears to be the camera module – the board seems to be identical for each device. I understand Mr. Jay Longson confirmed this in his deposition when he

FILED PROVISIONALLY UNDER SEAL
HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

Pello device and the RoadRunner devices, it is my opinion that RTS independently developed

the Pello multi-sensor.

Dated: August 30, 2024

_____

R. Jacob Baker, Ph.D.

Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202

James M. Wodarski (Admitted *Pro Hac Vice*)
JWodarski@mintz.com
Michael C. Newman (Admitted *Pro Hac Vice*)
mcnewman@mintz.com
Matthew S. Galica (Admitted *Pro Hac Vice*)
MSGalica@mintz.com
James J. Thomson (Admitted *Pro Hac Vice*)
JJThomson@mintz.com
Sean M. Casey (Admitted *Pro Hac Vice*)
smcasey@mintz.com
Tianyi Tan (Admitted *Pro Hac Vice*)
TTan@mintz.com
Stephen Chen (Admitted *Pro Hac Vice*)
SChen@mintz.com
Amy LoBue (Admitted *Pro Hac Vice*)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF ROADRUNNER RECYCLING, INC.'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE THIRD-PARTY LISTINGS FOR SALE OF COMPOLOGY CAMERAS** <br><br> Judge: Hon. William H. Alsup <br> Pretrial Conf.:     November 26, 2024 <br> Time:     9:30 a.m. <br> Location:     450 Golden Gate Avenue <br> Courtroom 12, 19th Floor <br> San Francisco, CA 94102 <br><br> Complaint Filed:     August 4, 2023 <br> Trial Date:     December 9, 2024 |

Pursuant to Federal Rules of Evidence 402 and 403, Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions Inc. (collectively, "Defendants") hereby opposes Plaintiff RoadRunner Recycling, Inc.'s ("Plaintiff") Motion in Limine No. 3 to Exclude Third-Party Listings for Sale of Compology Cameras ("MIL No. 3"). The public listings at issue—including their very existence—are germane to, at least, two core issues: (1) whether Plaintiff's alleged trade secrets such as "smart camera apparatus" are generally known or readily ascertainable; and (2) whether Plaintiff has taken reasonable measures to keep its alleged trade secrets confidential. Yet Plaintiff fails to credibly argue that any of the Rule 403 dangers *substantially outweighs* the probative value of such public listings. Further, Plaintiff's MIL No. 3 is a belated motion for summary judgment disguised as a motion *in limine*. Plaintiff asserts—and thus asks the Court to determine—that the listings at issue are illegal and that they do not disclose any of Plaintiff's alleged trade secrets. The deadline to raise such substantive issues was more than a month ago—not the eve of trial. Therefore, the Court should deny Plaintiff's MIL No. 3 in its entirety.

## I.     FACTUAL BACKGROUND

On January 13, 2023, Plaintiff first contacted Defendants, alleging that Defendants potentially "misappropriate[d] and infringe[d] upon Compology's intellectual property." Dkt. No. 94-1 (Cease and Desist Letter). The parties exchanged further correspondence through February 2023. *See* Dkt. No. 100 at 1 (summarizing the parties' pre-suit communications). Plaintiff seemed to have taken no further actions until August 4, 2023, when it first filed this case in California state court. *Id.*

Plaintiff alleges that Defendants have misappropriated, *inter alia*, its smart camera apparatus trade secret. No later than January 30, 2024, however, Defendants noted that Plaintiff's cameras were sold publicly on eBay and OfferUp. *See* Dkt. No. 52-2 at 2, 9-10; Dkt. No. 53-1 (attaching six exemplary public listings of Compology cameras on eBay and OfferUp captured on January 17, 2024). Based on WatchCount.com, which tracks eBay listings, the exemplary public listings Defendants located by simple internet searches date back to as early as May 30, 2022. *See* Ex. L at RTS_00333392 (noting that the eBay listing 275331948516 has a start time of "Monday, 30-May-22"); *see also generally id.* (noting that the other five exemplary eBay listings have start times throughout 2023). The data from WatchCount.com corroborates the corresponding eBay listings and

shows that as of January 17, 2024, at least four Compology R13 cameras have been sold. *See id.* at RTS_00333381 and RTS_00333392; Dkt. No. 53-1 at Exs. 2 and 4. In fact, even on August 7, 2024—months after Defendants first noted that Plaintiff's cameras were publicly available for purchase, live eBay listings were still in place and open for anyone to purchase. *E.g.*, Ex. M (eBay listing 276382592164 captured on August 7, 2024).

Plaintiff apparently did nothing about such public listings prior to suing Defendants or for at least a year after it brought this case. As Cason Male, Plaintiff's 30(b)(6) witness, testified, Plaintiff only looked into such public listings "sometime this year [*i.e.*, 2024]." MIL No. 3 Ex. B (Male Depo. Tr.) at 117:8-10 (testifying on August 13, 2024). Moreover, Mr. Male testified that he could not confirm if Plaintiff has since continued monitoring the public sales of its cameras. *Id.* at 118:10-17. Plaintiff seemingly only became aware of these public listings, or began to care about them, once Defendants showed how they publicly disclosed the alleged trade secrets.

## II.    LEGAL STANDARD

Relevant evidence is presumptively admissible. Fed. R. Evid. 402. "Evidence is relevant if (a) it has a tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

The court *may* exclude relevant evidence if its probative value is *substantially outweighed* by one or more dangers enumerated by Rule 403, including unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403.

## III.    ARGUMENT

Plaintiff clearly understands the force of the evidence at issue. The sheer number of public listings for sale that Defendants were able to identify by simple internet searches—as early as January 17, 2024—suggest that Plaintiff simply did not care enough about its alleged trade secrets to monitor and request takedown of what it now alleges is the "illegal" resale of its cameras. *See* Dkt. No. 53-1 (attaching as exhibits six exemplary public listings of Compology cameras captured on January 17, 2024); *cf.* MIL No. 3 Ex. B (Male Depo. Tr.) at 117:8-10 (testifying on August 13, 2024 that only "sometime this year" did Plaintiff look into the public listings for sale of Compology cameras). Now Plaintiff's MIL No. 3 seeks to exclude this highly probative evidence without support. Indeed, none

of Plaintiff's arguments in MIL No. 3 warrant exclusion of the public listings at issue and depriving Defendants the ability to defend against Plaintiff's allegations of trade secret misappropriation. Plaintiff also fails to cite a single authority or applicable rule to support its unfounded request to exclude this evidence because Defendant alleges they are illegal.

Therefore, Plaintiff's MIL No. 3 should be denied in its entirety.

### A.    The Public Listings at Issue Are Clearly Relevant and Admissible

Plaintiff asserts that the public listings at issue are "not probative." MIL No. 3 at 3. Not so. The fact that such listings have existed since as early as 2022 and as late as August 7, 2024 makes them highly probative on at least the issue of whether Plaintiff has taken reasonable measures to keep its alleged trade secrets confidential. *See* Section I *supra*. And the extended existence of these listings suggests that Plaintiff does not exercise reasonable diligence to protect its alleged trade secrets. Moreover, such listings are also probative on the issue of whether Plaintiff's alleged trade secrets have been publicly disclosed. As Defendants have previously explained, even the photos included for such listings suffice to disclose Plaintiff's alleged trade secret elements including the "'double-shot' rear housing with TPE overmolding," the "front housing with recessed sensors for debris shielding," "optical windows," the "white LED lens flash," and the camera lens. Dkt. No. 52-2 at 9-10; *see also* Dkt. No. 53-1 at Exs. 1-6. Plaintiff's attempt to downplay such disclosures as only showing "the outer packaging" of its cameras is belied by the listings themselves. *See* MIL No. 3 at 4. Further, as shown by such listings, at least four Compology R13 cameras have been purchased from the public listings at issue, which Plaintiff fails to address in its MIL No. 3. *See* MIL No. 3 at 3 (falsely asserting that Defendants have no "evidence that anyone else purchased a device from one of these illegal listings"); *cf.* Dkt. No. 53-1 at Exs. 2 and 4; Ex. L.

Plaintiff's argument that such listings are "unauthenticated printouts" is hollow: Plaintiff's own motion—and their purported efforts to remove the listings—shows that they are genuine. Additionally, as Defendants have previously explained, such public listings are proper subjects of judicial notice of at least the public availability of such information. *See* Dkt. No. 54 (requesting judicial notice).

As such, the public listings at issue are clearly germane to multiple issues and are thus

3

presumptively admissible. Fed. R. Evid. 402 ("Relevant evidence is admissible.").

**B.    Plaintiff Fails to Demonstrate that Any Rule 403 Danger Exists and Substantially Outweighs the Probative Value of the Public Listings at Issue**

To exclude relevant evidence, such as the public listings at issue, Plaintiff must show that its probative value is *substantially outweighed* by the danger of admission. It fails to do so. Plaintiff speculates that allowing Defendants to present the public listings at issue *may* impose "prejudice" or "mislead the jury." *See generally* MIL No. 3.

However, Plaintiff fails to articulate a single ground on which any prejudice plausibly exists. It is undisputed that various public listings of Plaintiff's cameras have been available for anyone to purchase. *See* Section I *supra*; *see* MIL No. 3. Whether such listings are illegal and whether Plaintiff took them down are separate questions for the jury to consider. Therefore, Plaintiff's assertion of illegality and its alleged subsequent takedown does not show "severe prejudice" were the listings at issue to be introduced at trial.

Similarly, Plaintiff alleges—with no credible explanation—that Defendants will mislead the jury with the public listings at issue. Plaintiff merely speculates that Defendants would seek to "build the unsubstantiated narrative that the illegal listings serve as evidence that someone purchased and reverse-engineered the device, and thereby discovered RoadRunner's trade secrets." MIL No. 3 at 4. Yet the evidence Plaintiff cites does not support such speculation: Mr. Male was asked whether one may access and recreate Plaintiff's firmware from the camera, and the answer was no. *See* MIL No. 3 Ex. B (Male Depo. Tr.) at 94:3-20. Defendants' questions to Mr. Male thus sought and indeed obtained support for the defense that they could not have accessed and misappropriated Plaintiff's firmware merely by having the cameras. Regardless, Plaintiff's speculation that Defendants may use the public listings to build an "unsubstantiated" narrative does not warrant the categorical exclusion of such evidence.

By contrast, Defendants would suffer severe prejudice if the highly probative public listings of Plaintiff's cameras were excluded. The jury should be allowed to hear about the public listings for sale of Plaintiff's cameras and their extended existence from at least May 2022 to August 2024—to consider against Plaintiff's assertion that its "smart camera apparatus" is among its closely held trade

secrets.

**C.    Plaintiff's MIL No. 3 Is an Improper Attempt to Seek Summary Judgment**

Plaintiff's assertions of prejudice and confusion rest on two unsupported presumptions: (1) the public listings at issue are exclusively illegal; (2) none of the public listings at issue disclose Plaintiff's alleged trade secrets to any extent. Neither assertion raises proper evidentiary issues and both are without any support. For example, Plaintiff alleges that such listings are illegal due to breach of contract but fails to explain the source of the illegal listings or the contracts they were subject to. *See generally* MIL No. 3. As another example, Plaintiff argues that the public listings at issue only show the non-trade-secret "outer packaging" of its cameras, which is belied by Plaintiff's claim that all of the hardware is part of its "overall waste and metering system" trade secret and its "smart camera apparatus" trade secret. Moreover, as Defendants have previously explained, even the photos included in the listings show various allegedly trade secret elements ranging from the housing to the camera lens and flash. *See* Dkt. No. 52-2 at 9-10; *see also* Dkt. No. 53-1 at Exs. 1-6. Therefore, Plaintiff's assertions about the listings are unsupported.

Further, Plaintiff should not be allowed to seek summary judgment out of time, under the guise of a motion *in limine*. *See, e.g.*, *Miranda v. United States Sec. Assocs., Inc.*, No. 18-CV-00734-LHK, 2019 WL 2929966, at *5 (N.D. Cal. July 8, 2019) ("a 'motion *in limine* is not a substitute for summary judgment and is not the appropriate venue to determine whether [the defendant] has sufficient evidence to succeed on its defense.' … 'courts must be careful not to use them to resolve factual disputes or to weigh evidence.'" (citation omitted)); *Finjan, Inc. v. Sophos, Inc.*, Case No. 14-cv-01197-WHO, 2016 WL 4560071, at *11 (N.D. Cal. Aug 22, 2016) (denying motion *in limine* as an improper attempt for summary judgment because "'[i]f defendant has no evidence that the [prior art] references were publicly available,' then [plaintiff] should have sought partial summary judgment on the issue"). The deadline for any dispositive motion in this case was October 10, 2024—more than a month before Plaintiff served its MIL No. 3. Dkt. No. 42 (Case Management Order) at ¶ 10. Plaintiff did not seek summary judgment related to its MIL No. 3 presumptions or any other issue. Motions *in limine*, however, are not the proper mechanism for seeking summary judgment. Therefore, Plaintiff's MIL No. 3 should be denied.

1  **IV.     CONCLUSION**

2          For the foregoing reasons, Defendants respectfully requests that the Court deny in its entirety

3  Plaintiff's motion *in limine* to exclude third-party listing for sale of Compology cameras.

4

5   Dated: November 19, 2024                     Respectfully Submitted,

6                                                */s/ Matthew S. Galica*

7                                                Arameh Zargham O'Boyle (SBN: 239495)
                                                 azoboyle@mintz.com
8                                                MINTZ, LEVIN, COHN, FERRIS,
                                                   GLOVSKY, AND POPEO, P.C.
9                                                2049 Century Park East, Suite 300
                                                 Los Angeles, CA 90067
10                                               Telephone: 310-586-3200
                                                 Facsimile: 310-586-3202
11
                                                 James M. Wodarski (Admitted *Pro Hac Vice*)
12                                               JWodarski@mintz.com
                                                 Michael C. Newman (Admitted *Pro Hac Vice*)
13                                               mcnewman@mintz.com
                                                 Matthew S. Galica (Admitted *Pro Hac Vice*)
14                                               MSGalica@mintz.com
                                                 James J. Thomson (Admitted *Pro Hac Vice*)
15                                               JJThomson@mintz.com
                                                 Sean M. Casey (Admitted *Pro Hac Vice*)
16                                               smcasey@mintz.com
                                                 Tianyi Tan (Admitted *Pro Hac Vice*)
17                                               TTan@mintz.com
                                                 Stephen Chen (Admitted *Pro Hac Vice*)
18                                               SChen@mintz.com
                                                 Amy LoBue (Admitted *Pro Hac Vice*)
19                                               ALoBue@mintz.com
                                                 One Financial Center
20                                               MINTZ, LEVIN, COHN, FERRIS,
                                                   GLOVSKY, AND POPEO, P.C.
21                                               One Financial Center
                                                 Boston, MA 02111
22                                               Telephone:     (617) 542-6000
                                                 Facsimile:     (617) 542-2241
23
                                                 Attorneys for Defendants
24                                               **RECYCLE TRACK SYSTEMS, INC., and
                                                 RECYCLESMART SOLUTIONS INC.**

25

26

27

28