JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 398-8080
Facsimile:     (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:    (949) 623-7200
Facsimile:     (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080
Facsimile:     (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **PLAINTIFF ROADRUNNER RECYCLING, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | |
| Defendants. | Complaint Filed:    August 4, 2023<br>Trial Date:             December 9, 2024 |

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this administrative motion to file under seal in connection with its motion *in limine* nos. 1, 2, and 3.

## I. LEGAL STANDARD

The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets and other business information that may harm the party's competitive standing. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S. 986 (2012)); *see also* 18 U.S.C. § 1835(a) (noting "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). Requests to seal information filed on the Court's public docket must be narrowly tailored to account for the public's right of access to the Court's files and otherwise comply with the rules set forth in Civil Local Rule 79-5. *See* Civil L.R. 79-5.

"Trade secrets['] . . . only value consists in their being kept private.' . . . 'Once the data that constitute a trade secret are disclosed to others, . . . the holder of the trade secret has lost his property interest in the data.'" *DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003). For that reason, public disclosure of trade secrets constitutes irreparable injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023) (granting motion to seal trade secrets identification because disclosing plaintiffs' trade secrets would cause them "irreparable injury").

## II. ROADRUNNER'S MOTION *IN LIMINE* NO. 1 (EX. 1)

As to Motion in Limine No. 1, RoadRunner seeks to redact sensitive business information concerning the nature and circumstances of RoadRunner's termination of Benjamin Chehebar's employment. As to Motion in Limine No. 3, RoadRunner seeks to redact information that constitutes RoadRunner's trade secrets. For each of the following passages, RoadRunner identifies (a) the interest to be protected; (b) the injury that would result if the proposed redacted

1 language is not redacted; and (c) why a still-narrower portion of the passage, paragraph, or
2 sentence cannot be redacted to achieve the result. RoadRunner has endeavored to identify specific
3 interests to be protected, specify the injury that would result if the proposed redacted language is
4 not redacted, and has omitted from its proposed redactions portions of passages in an effort to
5 ensure that only the narrowest portions of the testimony is protected from disclosure.

| Page(s) | Grounds |
|---|---|
| 3-6 | (a) RoadRunner seeks to redact sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. Such sensitive and private information of third parties, such as Mr. Chehebar, is a type of information that warrants sealing. *See Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) ("The sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)). <br> (b) If the Court declines to redact this information, sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment would be disclosed, allowing such information to be publicly available. <br> (c) RoadRunner seeks only to seal specific details concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. RoadRunner has not redacted non-sensitive language before, after, or otherwise surrounding its proposed redactions. |

A.  **EXHIBIT 1: DEPOSITION OF CASON MALE (EX. 1-1)**

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of excerpts from the Deposition Transcript of Cason Male:

| Page(s) | Grounds |
|---|---|
| 182:2-23; 183:2-7, 10-11 | (a) RoadRunner seeks to redact sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. Such sensitive and private information of third parties, such as Mr. Chehebar, is a type of information that warrants sealing. *See Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) ("The sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)). (b) If the Court declines to redact this information, sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment would be disclosed, allowing such information to be publicly available. (c) RoadRunner seeks only to seal specific details concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. RoadRunner has not redacted non-sensitive language before, after, or otherwise surrounding its proposed redactions. |

III.  **DEFENDANTS' OPPOSITION TO ROADRUNNER'S MOTION *IN LIMINE* NO. 1 (EX. O)**

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of Defendants' Opposition:

| Page(s) | Grounds |
|---|---|
| 1-2 | (a) RoadRunner seeks to redact sensitive employee information concerning |

| | |
|---|---|
| | the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. Such sensitive and private information of third parties, such as Mr. Chehebar, is a type of information that warrants sealing. *See Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) ("The sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*,331 F.3d 1122, 1137 (9th Cir. 2003)).<br>(b) If the Court declines to redact this information, sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment would be disclosed, allowing such information to be publicly available.<br>(c) RoadRunner seeks only to seal specific details concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. RoadRunner has not redacted non-sensitive language before, after, or otherwise surrounding its proposed redactions. |

A.   **EXHIBIT G: DEPOSITION OF BENJAMIN CHEHEBAR (EX. O-G)**

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of Exhibit G to the Galica Declaration, which is excerpts from the Deposition of Benjamin Chehebar:

| Page(s) | Grounds |
|---|---|
| 66:24-25; 67:3-24 | (a) RoadRunner seeks to redact sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. Such sensitive and private information of third parties, such as Mr. Chehebar, is a type of information that warrants sealing. *See Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 5340697, at *2 |

| | |
|---|---|
| | (N.D. Cal. Sept. 24, 2013) ("The sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)). <br> (b) If the Court declines to redact this information, sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment would be disclosed, allowing such information to be publicly available. <br> (c) RoadRunner seeks only to seal specific details concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. RoadRunner has not redacted non-sensitive language before, after, or otherwise surrounding its proposed redactions. |

### IV.  ROADRUNNER'S MOTION *IN LIMINE* NO. 2

In an effort to best comply with the protective order in this case, RoadRunner is filing Exhibits C-D, and F-H under seal in their entirety because these exhibits, Defendants' expert reports, were requested to be filed under LR 79-5(f) so that Defendants could provide their own redactions to these documents. RoadRunner does not seek to maintain these documents under seal in their entirety but files them entirely under seal here to give Defendants the opportunity to respond and seek redaction of information they believe warrants sealing. RoadRunner has proposed its own redactions to each exhibit, which are highlighted in yellow and described below.

A.   **EXHIBIT C: OPENING EXPERT REPORT OF R. JACOB BAKER (EX. 2-C)**

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of the Opening Expert Report of R. Jacob Baker:

| Page(s) | Grounds |
|---|---|
| 35, 76 ¶ 126 | (a) These pages of Dr. Baker's report describe specific components of RoadRunner's container fullness analysis, which are trade secrets. |

| | | |
|---|---|---|
| | | (b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secret information.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors from copying RoadRunner's container fullness analysis, which is crucial to providing services to RoadRunner customers.<br>(c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 38, 42, 43 (image) | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly. Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the longevity of the smart camera apparatus. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.<br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 39-40, 43–46, 60-63, 71 ¶ 116, | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus and optical assembly and design trade |

| | | |
|---|---|---|
| 75, 76 ¶ 127, 77 ¶ 128 | secrets, such as the identity of component parts and their specifications.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. | |
| 67–70, 71 ¶ 117 | (a) These passages describe specific components of the optical assembly and design of RoadRunner's camera system, which are RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secret information. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors from using their camera system design, which is crucial to providing services to RoadRunner customers.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information. More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. | |

B.  *Exhibit D: Rebuttal Expert Report of R. Jacob Baker (Ex. 2-D)*

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of the Rebuttal Expert Report of R. Jacob Baker:

| Page(s) | Grounds |
|---|---|
| 12, 23–24 ¶ 60 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus and optical assembly and design trade secrets, such as the identity of component parts and their specifications.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 20 (images) | (a) These are images of RoadRunner's disassembled camera system, which reveals RoadRunner's overall camera system trade secrets and components thereof.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give |

| | | |
|---|---|---|
| | | RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to redact only the images that would reveal RoadRunner's trade secrets. |
| | 24–25 ¶ 61, 28–29 | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly. Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the longevity of the smart camera apparatus. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

C.   **EXHIBIT F: OPENING EXPERT REPORT OF PHILIP GREENSPUN (EX. 2-F)**

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of the Opening Expert Report of Phillip Greenspun:

| Page(s) | Grounds |
|---|---|
| 51 ¶ 115, 55–57, 58 ¶ 122, 61 ¶ 123, 65 ¶ 128–30, 67 ¶ 132, 68–69 ¶ 134, 75 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus and optical assembly and design trade secrets, such as the identity of component parts and their specifications.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 51–52 ¶ 116, 53–54, 58 ¶ 121, 62–63, 71 | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly. Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the longevity of the smart camera apparatus. Revealing the information publicly would give RoadRunner's competitors the advantage of the information |

|   |   |
|---|---|
|   | without the investment of time or money.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 59–61, 64, 67, 68 (images) | (a) These are images of RoadRunner's disassembled camera system, which reveals RoadRunner's overall camera system trade secrets and components thereof.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to redact only the images that would reveal RoadRunner's trade secrets. |

D.   **EXHIBIT G: REBUTTAL EXPERT REPORT OF PHILIP GREENSPUN (EX. 2-G)**

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of the Rebuttal Expert Report of Phillip Greenspun:

| Page(s) | Grounds |
|---|---|
| 23–24 (images) | (a) These are images of RoadRunner's disassembled camera system, which reveals RoadRunner's overall camera system trade secrets and components thereof. |

| | | |
|---|---|---|
| | | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br>(c) RoadRunner's redactions are narrowly tailored to redact only the images that would reveal RoadRunner's trade secrets. |
| 31 | | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus and optical assembly and design trade secrets, such as the identity of component parts and their specifications.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 11 | 39 | (a) RoadRunner seeks redaction of information regarding its use of sub-par image detection, including how it is used, where it is integrated, and how it operates. RoadRunner contends that its products 'use, integration, and operation of sub-par image detection are RoadRunner's trade secrets.<br>(b) Sub-par image detection gives RoadRunner's products a competitive advantage. If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its sub-par image detection-related trade secrets. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13.<br>(c) RoadRunner has endeavored to redact only the confidential information in this passage. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 12 13 14 15 16 17 18 19 20 21 | 40 ¶ 93 | (a) RoadRunner seeks to protect the field of view dimensions of its camera lenses, which are trade secrets.<br>(b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13; *Auris Health, Inc.,* 2023 WL 5959427, at *4.<br>(c) RoadRunner proposes redacting only the actual dimensions of the camera lenses. Narrower redaction would harm RoadRunner. *See supra,* (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 22 23 24 25 26 27 | 40 ¶ 94 | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly. Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and |

| | |
|---|---|
| | battery assembly as described in RoadRunner's ITS. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the longevity of the smart camera apparatus. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money. |
| | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

E. **EXHIBIT H: REPLY EXPERT REPORT OF PHILIP GREENSPUN (EX. 2-H)**

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of the Opening Expert Report of Phillip Greenspun:

| Page(s) | ** |
|---|---|
| 4, 11-13, 18 | (a) These pages of Dr. Greenspun's report describe specific components of the Compology smart camera assembly, Compology's software systems, and the iterative design choices leading to their development, and how they are used in connection with other parts of the camera system, including their purpose, as well as the know-how relating to their design choice in the overall camera system. |
| | (b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secret information. See DVD Copy Control Assn., Inc., 75 P.3d at 13. This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors from using their camera system design and software systems, which is crucial to providing services to RoadRunner customers. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to protect only |

| | |
|---|---|
| | sensitive information. More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

## V. ROADRUNNER'S MOTION IN LIMINE NO. 3

### A. EXHIBIT B: DEPOSITION OF CASON MALE (EX. 3-B)

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of Exhibit B to the Gibson Declaration, which is excerpts from the Deposition of Cason Male:

| Page(s) | Grounds |
|---|---|
| 94:3-20 | (a) RoadRunner seeks to redact sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. Such sensitive and private information of third parties, such as Mr. Chehebar, is a type of information that warrants sealing. *See Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) ("The sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*,331 F.3d 1122, 1137 (9th Cir. 2003)). <br> (b) If the Court declines to redact this information, sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment would be disclosed, allowing such information to be publicly available. <br> (c) RoadRunner seeks only to seal specific details concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. RoadRunner has not redacted non-sensitive language before, after, or otherwise surrounding its proposed redactions. |

B.  **E**XHIBIT **C: O**PENING **R**EPORT OF **R. J**ACOB **B**AKER **(E**X**. 3-C)**

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of Exhibit C to the Gibson Declaration, excerpts from the opening expert report of R. Jacob Baker:

| Page(s) | Grounds |
|---|---|
| 44 | a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus and optical assembly and design trade secrets, such as the identity of component parts and their specifications.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

VI.  C**ONCLUSION**

For the foregoing reasons, RoadRunner respectfully requests that the Court accept its proposed redactions as outlined herein

| | | |
|---|---|---|
| DATED:  November 21, 2024 | | JEFFER MANGELS BUTLER & MITCHELL LLP<br>STANLEY M. GIBSON<br>JAMES NEUDECKER<br>JOSEPH J. MELLEMA<br>LENA STREISAND |
| | By: | _/s/ Joseph J. Mellema_<br>JOSEPH J. MELLEMA<br>Attorneys for Plaintiff ROADRUNNER RECYCLING, INC. |