JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:    (949) 623-7200
Facsimile:    (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:    (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC.,<br><br>Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**PLAINTIFF ROADRUNNER RECYCLING, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Complaint Filed:    August 4, 2023<br>Trial Date:    December 9, 2024 |

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this administrative motion to file portions of the parties' joint corrected exhibit list (Dkt. No. 208) under seal.

## I.   LEGAL STANDARD

The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets and other business information that may harm the party's competitive standing. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S. 986 (2012)); *see also* 18 U.S.C. § 1835(a) (noting "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). Requests to seal information filed on the Court's public docket must be narrowly tailored to account for the public's right of access to the Court's files and otherwise comply with the rules set forth in Civil Local Rule 79-5. *See* Civil L.R. 79-5.

"Trade secrets['] . . . only value consists in their being kept private.' . . . 'Once the data that constitute a trade secret are disclosed to others, . . . the holder of the trade secret has lost his property interest in the data.'" *DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003). For that reason, public disclosure of trade secrets constitutes irreparable injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023) (granting motion to seal trade secrets identification because disclosing plaintiffs' trade secrets would cause them "irreparable injury").

Finally, as a non-dispositive pleading, Defendants' exhibit list is subject to the "good cause" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (unless a motion leads to "'final determination on some issue,' a party need show only good cause to keep attached documents under seal").

## II. THE COURT SHOULD SEAL CERTAIN ENTRIES ON THE PARTIES' JOINT CORRECTED EXHIBIT LIST

RoadRunner seeks to redact information that constitutes RoadRunner's trade secrets, as described below:

| Entry | Grounds for Sealing |
|---|---|
| 509 | RoadRunner seeks to maintain part of the description of exhibit list entry 9 under seal because it reveals the specific model of image sensor utilized by RoadRunner's smart camera apparatus, which is a trade secret. As a non-dispositive pleading, Defendants' exhibit list is subject to the "good cause" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016) (unless a motion leads to "'final determination on some issue,' a party need show only good cause to keep attached documents under seal"). The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets that may harm the party's competitive standing. *See Nixon v. Warner Comm., Inc.,* 435 US 589, 597–98 (1978); *Hagestad v. Tragesser,* 49 F3d 1430, 1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.,* 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings) (quoting *Apple Inc. v. Psystar Corp.,* 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S. 986 (2012)); *see also* 18 U.S.C. § 1835(a) (noting "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). If the Court fails to redact the name of the specific sensor model used by RoadRunner, RoadRunner will lose trade secret protection over this information, *see DVD Copy Control Assn., Inc. v. Bunner,* 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003), and RoadRunner's competitors will gain the advantage of copying RoadRunner's exact image sensor. For that reason, public disclosure of this trade secret information would constitute irreparable injury. |

| | | |
|---|---|---|
| | | *See Auris Health, Inc. v. Noah Med. Corp.,* 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023). RoadRunner's proposed redactions are narrowly tailored to include only the name of the specific image sensor model. |
| | 772, 1225 | RoadRunner seeks to maintain part of the description of these exhibits under seal because they reveal the manufacturer of the image sensor utilized by RoadRunner's smart camera apparatus, which is a protectable trade secret as a part of RoadRunner's smart camera apparatus. *See* Restatement (Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements."). Compology spent years in trial and error testing different image sensors and its choice to settle on the sensor manufacturer currently utilized by its cameras is the result of significant time and expense. If the Court fails to redact the name of the company that manufactures RoadRunner's image sensor, RoadRunner will lose trade secret protection over this information, *see DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003), and RoadRunner's competitors will gain the advantage of copying RoadRunner's exact image sensor. For that reason, public disclosure of this trade secret information would constitute irreparable injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023). RoadRunner's proposed redactions are narrowly tailored to include only the name of the manufacturer. |
| | 696, 796, 1821, 1822, 1858 | The proposed redacted language protects the technical specifications of RoadRunner's battery, which is a trade secret. Compology spent years in trial and error testing different batteries and battery assemblies and its choice to settle on the battery manufacturer, design, and assembly currently utilized by its cameras is the result of significant time and expense. If the Court declines to seal this language, RoadRunner will lose trade secret protection of this battery-related information, which gives it a |

| | | |
|---|---|---|
| | | competitive advantage over competitors whose cameras have a shorter battery life. RoadRunner's proposed redactions are narrowly tailored to protect only the words in the entry description that reveal RoadRunner's trade secret information. |
| | 690, 691, 936, 1334, 1350–51, 1378, 2055, 2059 | RoadRunner seeks to maintain part of the description of these exhibits under seal because they reveal the manufacturer and model of the image sensor utilized by RoadRunner's smart camera apparatus, which are protectable trade secrets as a part of RoadRunner's smart camera apparatus. *See* Restatement (Third) of Unfair Competition § 39 cmt. f. Compology spent years in trial and error testing different image sensors by different manufacturers and its choice to settle on the sensor manufacturer and model currently utilized by its cameras is the result of significant time and expense. If the Court fails to redact this information, RoadRunner will lose trade secret protection over this information, *see DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003), and RoadRunner's competitors will gain the advantage of copying RoadRunner's exact image sensor. For that reason, public disclosure of this trade secret information would constitute irreparable injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023). RoadRunner's proposed redactions are narrowly tailored to include only the name of the specific image sensor model and manufacturer. |
| | 1992 | The proposed redactions in this passage protect specific details of RoadRunner's algorithms and processes, which are RoadRunner's trade secrets. If the Court declines to redact this information, RoadRunner will lose trade secret protection of the information. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the successful development of RoadRunner's algorithms and took significant time and funding to develop. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money. The proposed redactions are narrowly tailored to protect only those words that reveal RoadRunner's trade secrets information. |

## III. CONCLUSION

For the foregoing reasons, RoadRunner respectfully requests that the Court accept its proposed redactions as outlined herein.

DATED: November 23, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND

By:  */s/ Lena Streisand*
     LENA STREISAND
Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.