Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:    (310) 586-3200
Facsimile:    (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>     Plaintiff,<br> v.<br><br>RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.,<br><br>     Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 206)**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed: August 4, 2023<br>Trial Date:    December 9, 2024 |

1    Per Civil L.R. 7-11(b), Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions Inc. ("Defendants") oppose Plaintiff's Administrative Motion to File Under Seal (Dkt. No. 206).

Plaintiff's latest request to seal fails to meet the substantive or procedural requirements as set forth respectively in Civil L.R. 79-5 and 7-11(a), as detailed below.

Plaintiff's proposed redactions as set forth in Dkt. No. 206 once again shows Plaintiff's lack of diligence—let alone any substantive good cause or compelling reason—when it asks the Court to redact non-trade-secret information known to be public, and when its proposed redactions conflict with its own public filings. *See, e.g.*, Dkt. No. 206 at 10 (seeking to redact Dkt. No. 206-7 (Exhibit 2-D) at 28-29, including the references to "lithium thionyl chloride battery"); *cf.* Dkt. No. 114-4 at 11 (publicly disclosing that "[a]n exotic battery chemistry (Lithium Thionyl Chloride—LiSoCl2) was selected for Compology's smart camera apparatus"). Moreover, as already explained numerous times before, Plaintiff's repeated requests that the Court redact clearly public information underscores its continued inability to identify any trade secret in this case, or even to keep consistent what it alleges to be its trade secrets. Furthermore, in the same perfunctory manner as before, Plaintiff's requests and accompanying declarations rehash the identical, boilerplate assertions of harm for its proposed redactions to Defendants' Exhibit List, which is legally deficient and factually untenable. *Compare, e.g.*, Dkt. Nos. 114, 128, 136, 137, 146, 152, 164, 177-1, 178-1 *with* Dkt. No. 206-1; *but see, e.g.*, Dkt. Nos. 121, 129, 139, 140, 151, 162, 170, and 183.

As the Court has found, Plaintiff's alleged trade secrets "shifted, kaleidoscopically expanded, or were improperly pleaded from the start." Dkt. No. 210 at 15. This Court, Defendants, and the public should not continue to be burdened and prejudiced by Plaintiff's (1) inability to adequately identify its alleged trade secrets in this case, (2) failure to propose consistent redactions as to what it alleges is or is not confidential, (3) failure to properly support any of its proposed redactions, or (4) repeated attempts to redact alleged trade secrets shown to be publicly known without rebuttal. All of Plaintiff's proposed redactions should be rejected.

**I.    LEGAL STANDARD**

Courts have long recognized the public's right of access to judicial proceedings. For motions and their attachments that are "more than tangentially related to the merits of a case," sealing is only

proper upon a showing of **compelling reasons**. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Even when filings only tangentially relate to the merits, the party seeking to maintain the secrecy thereof must still show a ***particularized good cause*** to justify sealing. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); Fed. R. Civ. P. 26(c).

Sealing orders "may issue only upon a request that establishes that the [information] is privileged or protectable as trade secret or otherwise entitled to protection under the law." Civil L.R. 79–5(b). All requests to seal ***must be "narrowly tailored,"*** such that ***only sealable information*** is sought to be redacted from public access. *Id.* (emphases added). "'[V]ague boilerplate language or nebulous assertions of potential harm' will not suffice to support redaction." Dkt. No. 93 at 2 (citing *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019)). "[O]verly broad requests to seal may result in the denial of the motion." Civil L.R. 79-5(f)(6).

## II.     ARGUMENT

Plaintiff asserts that its proposed redactions reveal or constitute either its "sensitive business information" or its trade secrets, which are the only grounds provided for its proposed redactions. *See generally* Dkt. No. 206. As with all its prior sealing requests, this assertion is untrue. *See, e.g.*, Dkt. No. 206 at 10 (seeking to redact Dkt. No. 206-7 (Exhibit 2-D) at 28-29, including the references to "lithium thionyl chloride battery"); *cf.* Dkt. No. 114-4 at 11 (publicly disclosing the same). As found in the Court's Order on Summary Judgment Motion (Dkt. No. 21), Plaintiff simply fails to specify any legitimate trade secrets in this case.

In addition, Plaintiff fails to specify any potential injury. *See* Dkt. No. 206 and Dkt. No. 206-1. Indeed, while alleging that certain sensitive business information is also at issue, Plaintiff fails to provide any support in its accompanying declaration as to the harm of disclosure thereof. *See id.* In fact, Plaintiff's assertion of "harm" is again recycled verbatim from its prior declarations. *Compare, e.g.*, Dkt. Nos. 114, 128, 136, 137, 146, 152, 164, 177-1, 178-1 *with* Dkt. No. 206-1. Such formulaic declarations cannot and do not provide any "evidentiary support" for sealing. *See* Dkt. No. 93 at 2.

Plaintiff's latest regurgitation of its unfounded sealing requests continues its pattern of asking the Court to redact information that it has long known and has been repeatedly shown—at least by all of Defendants' prior briefing—to be public. Similarly, Plaintiff continues to fail to propose redactions

1  that could consistently reflect what it considers confidential or not. There can be no plausible excuse
2  for Plaintiff's repeated and continued failures to properly propose, let alone adequately support, its
3  redactions when Plaintiff has filed no fewer than a dozen motions and/or statements seeking to seal
4  or redact dozens of documents, including under the Court's detailed guidance in Dkt. No. 93.

Adding to its deficiencies is Plaintiff's failure to comply with Civil L.R. 7-11(a) that requires
it to include a stipulation or an explanation for inability to reach a stipulation on its request. For these
reasons and as further detailed below, all of Plaintiff's proposed redactions should be rejected.

### A. Plaintiff's Proposed Redactions to Its MIL No. 1, Defendants' Opposition Thereto, and the Related Exhibits 1-1 and O-G Are Not Justified.

Plaintiff seeks to redact multiple portions of its MIL No. 1, Defendants' Opposition thereto, and the related Exhibits 1-1 and O-G. *See* Dkt. No. 206 at 2-6. Plaintiff asserts that these documents all cover "sensitive business information concerning the nature and circumstances of RoadRunner's termination of Benjamin Chehebar's employment." *Id.* As a preliminary matter, Plaintiff fails to limit its redaction to the narrowest scope possible when it asks the Court to redact generic phrases such as "terminated his employment" (Dkt. No. 206-2 (Ex. 1 at 3))—all while publicly discussing the same in its own Administrative Motion to File Under Seal (*i.e.*, Dkt. No. 206). Plaintiff also baselessly asks the Court to redact extremely generalized statement by Defendants, in their Opposition, that the MIL subject is relevant to Plaintiff's policies and procedures. *See* Dkt. No. 206 at 4-5 (seeking to redact Dkt. No. 206-4 (Exhibit O) at 1). Plaintiff should not be permitted to over-redact as such.

Moreover, Plaintiff fails to establish that the information at issue regarding Mr. Chehebar's termination merits sealing. The only case Plaintiff cites in fact supports the contrary, even where the documents at issue consist of and/or discuss performance records and potential disciplinary action: "[s]imply redacting the identifying information of third parties (*e.g.*, their names, addresses, telephone numbers, and social security numbers) from these records and disclosing the remaining information would not injure the third parties." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) (citation omitted). The third-party privacy right thus does not apply. Plaintiff fails to otherwise articulate how it, instead of any third party, could be harmed.

The Court should reject all of Plaintiff's proposed redactions to its MIL No. 1, Defendants'

1  opposition thereto, and the related exhibits.

2      **B.**    **Plaintiff's Proposed Redactions to Expert Reports Are Not Justified**

3      Plaintiff seeks to redact numerous passages from the expert reports of Defendants' technical experts attached as exhibits to its MIL Nos. 2 and 3, *i.e.*, Exhibits 2-C, 2-D, 2-F, 2-G, 2-H, and 3-C. *See* Dkt. No. 206 at 6-17. For each of the proposed redactions, Plaintiff asserts as its only ground that such redactions describe its alleged trade secrets. However, as the Court has already found, Plaintiff fails to identify any legitimate trade secret in this case. *See* Dkt. No. 210. Thus, Plaintiff's proposed redactions should be rejected on this ground alone.

    Moreover, even upon a close examination, Plaintiff's proposed redactions encompass various publicly known information—including information that Plaintiff itself has disclosed on the public docket in this case—and should thus be rejected. In addition to the "lithium thionyl chloride battery" example discussed above that permeates Exhibits 2-C, 2-D, 2-F, Plaintiff asks the Court to redact public information including its use of at least the following: accelerometer (*e.g.*, Dkt. No. 206-6 (Ex. 2-C) at 35)), stereo vision (*e.g.*, *id.* at 39), LED flash (*e.g.*, *id.* at 39; Dkt. No. 206-8 (Ex. 2-F) at 51; Dkt. No. 206-9 (Ex. 2-G) at 31), GPS (*e.g.*, Dkt. No. 206-8 (Ex. 2-F) at 55, 58; Dkt. No. 206-12 (Ex. 3-C) at 44), and SPID ML models (Dkt. No. 206-9 (Ex. 2-G) at 39, 41; Dkt. No. 206-10 (Ex. 2-H) at 12-13). As Defendants have already explained in detail before, each of such components and/or ML models has been publicly disclosed. *E.g.*, Dkt. No. 121 at 16 (accelerometer), 5 (stereo vision), 5-6 (LED flash), 11 (GPS), and 13 (SPID ML models); *see also, e.g.*, Dkt. No. 114-4 at 15 (publicly disclosing "Subpar Image Detection (SPID)"); Dkt. No. 170 at 4 (detailing Plaintiff's various public references to a "SPID machine learning model").

    The Court should reject all of Plaintiff's proposed redactions to the expert reports, for they all cover generic and/or public information unqualified for trade secret protection. Plaintiff has offered no other justifying grounds for sealing.

    **C.**    **Plaintiff's Proposed Redactions to Exhibit 3-B Are Not Justified**

    Plaintiff seeks to redact 94:3-20 from the deposition transcript of its 30(b)(6) witness, Cason Male, as set forth in Dkt. No. 206-11 (Exhibit 3-B), which generally discusses the firmware and code of Plaintiff's cameras. However, Plaintiff's motion asserts that this passage cover "sensitive employee

information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment." Dkt. No. 206 at 16. This is simply untrue. Plaintiff has provided no other justifications for its requested sealing, which should thus be rejected in its entirety.

Moreover, 94:3-20 merely covers an extremely generalized discussion of Plaintiff's alleged protection and the resulting (in-)accessibility of its firmware and code for its cameras, which does not reveal any trade secret or information otherwise protectable. *See* Dkt. No. 206 (Ex. 3-B) at 94:3-20.

Therefore, none of Plaintiff's proposed redactions to Dkt. No. 206-11 (*i.e.*, Exhibit 3-B) are warranted, for which Plaintiff fails to even offer any proper support. The proposed redactions also only cover generic information not qualified for trade secrets protection. The Court should thus reject all proposed redactions.

### D.     Plaintiff's Administrative Motion Violates Civil L.R. 7-11(a)

An administrative motion to file under seal "must be accompanied . . . by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Civil L.R. 7-11(a). Plaintiff's Administrative Motion is accompanied by neither. In fact, Plaintiff never met and conferred with Defendants such that a stipulation can be discussed. For this additional reason, the Court should deny Plaintiff's Administrative Motion. *See, e.g.*, *McBain v. Behr Paint Corp.*, No. 16-cv-07036-MEJ, 2017 U.S. Dist. LEXIS 107219, at *8 n.1 (N.D. Cal. July 11, 2017) (denying motion to seal where, among other reasons, plaintiff failed to comply with Civil L.R. 7-11(a)).

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny in its entirety Plaintiff's Administrative Motion to File Under Seal (Dkt. No. 206).

| | |
|---|---|
| Dated: November 25, 2024 | Respectfully Submitted, |
| | /s/ Matthew S. Galica |

Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:    (310) 586-3200
Facsimile:    (310) 586-3202

James M. Wodarski (Admitted Pro Hac Vice)
JWodarski@mintz.com
Michael C. Newman (Admitted Pro Hac Vice)
MCNewman@mintz.com
Matthew S. Galica (Admitted Pro Hac Vice)
MSGalica@mintz.com
James J. Thomson (Admitted Pro Hac Vice)
JJThomson@mintz.com
Sean M. Casey (Admitted Pro Hac Vice)
SMCasey@mintz.com
Tianyi Tan (Admitted Pro Hac Vice)
TTan@mintz.com
Stephen Chen (Admitted Pro Hac Vice)
SChen@mintz.com
Amy LoBue (Admitted Pro Hac Vice)
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:    (617) 542-6000
Facsimile:    (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.