JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone: (949) 623-7200
Facsimile: (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

JMBM Jeffer Mangels Butler & Mitchell LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROADRUNNER RECYCLING, INC.,

Plaintiff,

v.

RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC.,

Defendants.

Case No. 3:23-cv-04804-WHA

**PLAINTIFF ROADRUNNER RECYCLING, INC.'S CORRECTED RESPONSE TO DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

Complaint Filed: August 4, 2023
Trial Date: December 9, 2024

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this response to Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc.'s (collectively, "Defendants") motion to consider whether another party's material should be sealed (Dkt. No. 198).

## I. DOCUMENTS DEFENDANTS FILED UNDER SEAL AND ROADRUNNER'S RESPONSE

| Document | Portions RoadRunner Seeks to Seal, if Any |
|---|---|
| Exhibit A to Declaration of Matthew S. Galica in Support of Defendants' Motions in Limine, i.e., excerpted August 23, 2024 deposition transcript of Steven Krebs | None |
| Exhibit D to Declaration of Matthew S. Galica in Support of Defendants' Motions in Limine, i.e., excerpted August 26, 2024 deposition transcript of Jason Gates | None |
| Exhibit E to Declaration of Matthew S. Galica in Support of Defendants' Motions in Limine, i.e., excerpted August 22, 2024 deposition transcript of Justin Armstrong | None |
| Exhibit F to Declaration of Matthew S. Galica in Support of Defendants' Motions *in Limine, i.e.*, excerpted August 15, 2024 deposition transcript of Timothy (Jay) Longson | Yellow highlights, *see infra*, § III(A) |
| Exhibit 2 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s Opposition to Defendants' Motion *in Limine* No. 1 | None |
| Exhibit 1 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s Opposition to Defendants' Motion *in Limine* No. 2 | Yellow highlights, *see infra*, § III(B) |
| Plaintiff Roadrunner Recycling, Inc.'s Opposition to Defendants' Motion in Limine No. 3 | Yellow highlights, *see infra*, § III(C) |
| Exhibit 1 to Declaration of Lena Streisand in Support of Plaintiff | Yellow highlights, *see* |

| | |
|---|---|
| Roadrunner Recycling, Inc.'s Opposition to Defendants' Motion in Limine No. 3 | *infra*, § III(D) |
| Exhibit 2 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s Opposition to Defendants' Motion in Limine No. 3 | Yellow highlights, *see infra*, § III(E) |
| Exhibit 3 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s Opposition to Defendants' Motion in Limine No. 3 | Yellow highlights, *see infra*, § III(F) |

## II. LEGAL STANDARD

The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets and other business information that may harm the party's competitive standing. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S. 986 (2012)); *see also* 18 U.S.C. § 1835(a) (noting "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets"). Requests to seal information filed on the Court's public docket must be narrowly tailored to account for the public's right of access to the Court's files and otherwise comply with the rules set forth in Civil Local Rule 79-5. *See* Civil L.R. 79-5.

"Trade secrets['] . . . only value consists in their being kept private.' . . . 'Once the data that constitute a trade secret are disclosed to others, . . . the holder of the trade secret has lost his property interest in the data.'" *DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003). For that reason, public disclosure of trade secrets constitutes irreparable injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023) (granting motion to seal trade secrets identification because disclosing



JMBM Jeffer Mangels Butler & Mitchell LLP

plaintiffs' trade secrets would cause them "irreparable injury").

## III. COMPELLING REASONS EXIST FOR SEALING PORTIONS OF THE SUBJECT DOCUMENTS

RoadRunner's proposed redactions are to passages that identify and describe its trade secrets. For each of the following passages, RoadRunner identifies (a) the interest to be protected; (b) the injury that would result if the proposed redacted language is not redacted; and (c) why a still-narrower portion of the passage, paragraph, or sentence cannot be redacted to achieve the result. RoadRunner has endeavored to identify specific interests to be protected, specify the injury that would result if the proposed redacted language is not redacted, and has omitted from its proposed redactions portions of passages in an effort to ensure that only the narrowest portions of the testimony is protected from disclosure.

### A. *EXHIBIT F TO DECLARATION OF MATTHEW S. GALICA IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE*

RoadRunner proposes the following redactions:

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 221:12, 17, 20 | RoadRunner seeks to maintain under seal the names of manufacturers of parts utilized by RoadRunner's smart camera apparatus, which is a protectable trade secret as a part of RoadRunner's smart camera apparatus. *See* Restatement (Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements."). Compology spent years in trial and error testing different parts and its choice to settle on these manufacturers is the result of significant time and expense. If the Court fails to redact the names of the manufacturers, RoadRunner will lose trade secret protection over this information, *see DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003), and RoadRunner's competitors will gain the advantage of copying RoadRunner's exact camera parts. For that reason, public disclosure of this trade secret information would constitute irreparable |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023). RoadRunner's proposed redactions are narrowly tailored to include only the names of the manufacturers. |
|---|---|

**B. *EXHIBIT 1 TO DECLARATION OF LENA STREISAND IN SUPPORT OF ROADRUNNER'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2***

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 6:7–8 | RoadRunner seeks to maintain under seal W. Leo Hoarty's home address. Mr. Hoarty has a privacy interest in protecting his home address from public disclosure. *See, e.g., Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (recognizing identifying information, including addresses, as private and the proper subject of sealing). Disclosing Mr. Hoarty's home address could expose him to undue harassment and other harms. Further, the public has no interest in public disclosure of Mr. Hoarty's home address. Finally, RoadRunner's proposed redactions are narrowly tailored to exclude the city and state in which Mr. Hoarty resides. |
| 102:16–17 | RoadRunner seeks to maintain under seal the specific model of image sensor utilized by RoadRunner's smart camera apparatus, which is a trade secret. If the Court fails to redact the name of the specific sensor model used by RoadRunner, RoadRunner will lose trade secret protection over this information, *see DVD Copy Control Assn., Inc. v. Bunner,* 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003), and RoadRunner's competitors will gain the advantage of copying RoadRunner's exact image sensor. For that reason, public disclosure of this trade secret information would constitute irreparable injury. |
| 202:4–5 | (a) This passage describes RoadRunner's battery components, which are RoadRunner's trade secrets.<br>(b) If the Court declines to redact this information, RoadRunner will lose |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | trade secret protection of its trade secrets relating to its battery pack components. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, including components of RoadRunner's battery pack, to the detriment of RoadRunner's competitive standing. (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**C. *ROADRUNNER'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3***

RoadRunner's proposed redactions are as follows:

| Page | Grounds for Sealing |
|---|---|
| 3 | (a) RoadRunner seeks redaction of information regarding its use of sub-par image detection, including how it is used, where it is integrated, and how it operates. RoadRunner contends that its products' use, integration, and operation of sub-par image detection are RoadRunner's trade secrets. (b) Sub-par image detection gives RoadRunner's products a competitive advantage. If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its sub-par image detection-related trade secrets. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. (c) RoadRunner has endeavored to redact only the confidential information in this passage. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |



JMBM Jeffer Mangels Butler & Mitchell LLP

JMBM Jeffer Mangels Butler & Mitchell LLP

### D. *Exhibit 1 to Declaration of Lena Streisand in Support of RoadRunner's Opposition to Defendants' Motion in Limine No. 3*

RoadRunner proposes the following redactions:

| Page:Line(s) | Grounds for Sealing |
| --- | --- |
| 9:13–14, 17 | RoadRunner seeks to maintain under seal Mr. Armstrong's home address. Mr. Armstrong has a privacy interest in protecting his home address from public disclosure. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (recognizing identifying information, including addresses, as private and the proper subject of sealing). Disclosing Mr. Armstrong's home address could expose him to undue harassment and other harms. Further, the public has no interest in public disclosure of Mr. Armstrong's home address. Finally, RoadRunner's proposed redactions are narrowly tailored to exclude the city and state in which Mr. Armstrong resides. |
| 17:9–10, 14–15; 36:23–24; 37:4–6, 9, 11; 38:10–11, 14, 16; 105:11–12 | (a) RoadRunner seeks to protect the specific data used to train its machine learning models, which RoadRunner considers to be trade secrets.<br>(b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to machine learning training data. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The data RoadRunner uses to train its machine learning model gives it a competitive advantage and allows it to continue training its model, which is crucial to providing services to RoadRunner customers.<br>(c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information. More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 18:7–10, 12, 14<br>19:2, 6, 8–13 | *See* Dkt. No. 120 at 6. |

| | |
|---|---|
| 50:1–7, 10–11, 15–18, 20, 23–25 | *See* Dkt. No. 120 at 6–7. |
| 66:25–67:4; 67:15–17, 24–25; 69:11–18; 121:2–3, 15 | (a) These portions describe the confidential method in which RoadRunner optimizes its image classification pipeline, which is RoadRunner's trade secret information.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and its image classification method. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 81:19–20, 24 | *See* Dkt. No. 115 at 5–6. |
| 82:13–83:6 | *See* Dkt. No. 115 at 6. |
| 83:1–6 | *See* Dkt. No. 120 at 7. |
| 83:13–19 | *See* Dkt. No. 120 at 7–8. |
| 98:4, 12–17, 25; 99:2, 4–7, 9–10, 12–18, 21–25; 100:1, 3–7, 12–16, 24– | *See* Dkt. No. 120 at 9. |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| 25; 101:1–3, 6–12, 19, 22–24; 102:4, 10 | |
| 104:11–13, 16–18 | (a) This passage describes specific inputs RoadRunner uses in its machine-learning models, which are RoadRunner's trade secrets.<br>(b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to machine learning data. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The data RoadRunner uses to train and execute its machine learning models give RoadRunner a competitive advantage and allow RoadRunner to continue improving its model and services, which is crucial to customer retention.<br>(c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information. More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 106:18–107:24 | *See* Dkt. No. 120 at 10. |
| 110:11 | *See* Dkt. No. 115 at 7. |
| 111:13, 19–20, 23–25 | *See* Dkt. No. 115 at 7–8. |
| 124:2–10; 130:11–12, 17–19; 130:25–131:3 | (a) This passage describes specific inputs RoadRunner uses in its machine-learning models, which are RoadRunner's trade secrets.<br>(b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to machine learning data. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The data RoadRunner uses to train and execute its machine learning models give RoadRunner a competitive advantage and allow RoadRunner to continue improving its model and services, which is crucial to customer retention. |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | (c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information. More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**E. *EXHIBIT 2 TO DECLARATION OF LENA STREISAND IN SUPPORT OF ROADRUNNER'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3***

The grounds for RoadRunner's proposed redactions are as follows:

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 94:25–95:6 | *See* Dkt. No. 115 at 3. |
| 108:22–24 | *See* Dkt. No. 115 at 4–5. |
| 109:10–20; 220:11–14 | (a) This passage describes RoadRunner's battery components, which are RoadRunner's trade secrets. (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its battery pack components. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, including components of RoadRunner's battery pack, to the detriment of RoadRunner's competitive standing. (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 122:21–22 | *See* Dkt. No. 120 at 3. |
| 123:2, 8–11, 13, 21–24; 124:2–7, | *See* Dkt. No. 120 at 3. |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| 9–13, 16–17, 20, 23; 125:6–10 | |
| 125:19, 21–22; 126:2–7, 10 | *See* Dkt. No. 120 at 4–5. |
| 126:20, 24–25 | *See* Dkt. No. 120 at 5. |
| 127:9 | *See* Dkt. No. 136 at 20. |
| 128:6 | *See* Dkt. No. 120 at 5. |
| 128:12, 18, 21–22 | *See* Dkt. No. 136 at 20. |
| 132:6, 16, 19, 22 | (a) The proposed redactions in this passage protect RoadRunner's know-how and design choices regarding its camera lens. Specifically, the proposed redacted language describes choices Compology made in selecting the lens for the R12 and R13 camera lenses and why it made those decisions, based on trial and error. This know-how is a protectable trade secret. *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret).<br>(b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of its know-how, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.<br>(c) RoadRunner has only proposed redacting those portions of the sentences that would reveal details of Compology's experimentation with different lenses, which RoadRunner's competitors could use to RoadRunner's detriment. No narrower redaction is possible without causing harm to |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | RoadRunner. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 148:3, 5–6, 8, 11–12; 148:20–25 | *See* Dkt. No. 128 at 3–4. |
| 148:16 | *See* Dkt. No. 128 at 4–5. |
| 151:19–23 | *See* Dkt. No. 128 at 5–6. |

### F. *EXHIBIT 3 TO DECLARATION OF LENA STREISAND IN SUPPORT OF PLAINTIFF ROADRUNNER RECYCLING, INC.'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3*

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 6:7–8 | RoadRunner seeks to maintain under seal W. Leo Hoarty's home address. Mr. Hoarty has a privacy interest in protecting his home address from public disclosure. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (recognizing identifying information, including addresses, as private and the proper subject of sealing). Disclosing Mr. Hoarty's home address could expose him to undue harassment and other harms. Further, the public has no interest in public disclosure of Mr. Hoarty's home address. Finally, RoadRunner's proposed redactions are narrowly tailored to exclude the city and state in which Mr. Hoarty resides. |
| 156:1–5, 12–22; 157:1–2, 5–10, 14, 23–25; 158:5–13; 159:24 | (a) This passage describes RoadRunner's battery components and know-how, which are RoadRunner's trade secrets.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its battery pack components. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and |



JMBM Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, including components of RoadRunner's battery pack, to the detriment of RoadRunner's competitive standing.<br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 162:19–163:6; 163:21–25 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret, such as the battery components and technical specifications showing the smart camera apparatus and its parts.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

For the foregoing reasons, RoadRunner respectfully requests that the Court accept its proposed redactions to the exhibits identified above.

DATED: November 26, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND

By: */s/ Lena Streisand*
LENA STREISAND
Attorneys for Plaintiff ROADRUNNER RECYCLING, INC.

JMBM Jeffer Mangels Butler & Mitchell LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Itzi Munoz*
Itzi Munoz
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
imunoz@jmbm.com

JMBM Jeffer Mangels Butler & Mitchell LLP