Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 586-3200
Facsimile:   (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:   (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>        Plaintiff,<br>    v.<br><br>RECYCLE TRACK SYSTEMS, INC., and RECYCLESMART SOLUTIONS INC.,<br><br>        Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DEFENDANTS RECYCLE TRACK SYSTEMS, INC. AND RECYCLESMART SOLUTIONS INC.'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 204)**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed:    August 4, 2023<br>Trial Date:             December 9, 2024 |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants Recycle Track Systems, Inc., and RecycleSmart Solutions Inc. (collectively, "Defendants") hereby submits the following statement in response to Plaintiff's Motion to Consider Whether Defendants' Material Should Be Sealed (Dkt. No. 204). This Statement is accompanied by (1) the Declaration of Matthew S. Galica in support of this Statement ("Galica Decl."); and (2) a Proposed Order.

For the reasons detailed below and in the accompanying Galica Declaration, Defendants seek to maintain under seal the information and/or document(s) listed below:

| DOCUMENT | PORTIONS TO BE SEALED | DESIGNATING PARTY |
|---|---|---|
| Unredacted Version of Mellema Decl.[1] Ex. H, *i.e.*, excerpts of Reply Expert Report of Dr. Philip Greenspun | Yellow Highlights, *i.e.*, Defendants' Proposed Redactions | Defendants |

Defendants do not seek any redaction to Plaintiff's Motion *in Limine* No. 2 and Mellema Decl. Exs. A, C, D, E, F, G, and K. Concurrently with the filing of this Statement, Defendants have filed Plaintiff's Motion *in* Limine No. 2 and Mellema Decl. Exs. A and E publicly without redactions. Defendants have publicly filed Mellema Decl. Ex. H with Defendants' and Plaintiff's proposed redactions applied, as Exhibit H-R.[2] In addition, Defendants have publicly filed Mellema Decl. Exs. C, D, F, G, and K with Plaintiff's proposed redactions (which Defendants oppose as detailed in Dkt. No. 212) applied as Exhibits C-R, D-R, F-R, G-R, and K-R, out of an abundance of caution.[3][4]

---

[1] Declaration of Joseph Mellema (Dkt. No. 204-1).

[2] Plaintiff has separately proposed redactions to Mellema Decl. Exs. C, D, F, G, and H through its Administrative Motion to File Under Seal (Dkt. No. 206). For at least the reasons set forth in Defendants' Opposition thereto (Dkt. No. 212), Defendants do not believe any of Plaintiff's proposed redactions is justified. However, as the Court has not yet ruled on Plaintiff's proposed redactions, Defendants have applied Plaintiff's proposed redactions in the Exhibits C-R, D-R, F-R, G-R, and H-R filed on the public docket solely out of an abundance of caution.

[3] *See* n.2 *supra*.

[4] Mellema Decl. Ex. K is identical to Mellema Decl. Ex. F, except Ex. F additionally includes the signature page of the report. Defendants have applied Plaintiff's proposed redactions to Mellema Decl. Ex. F in the Exhibit K-R filed on the public docket solely out of an abundance of caution.

## I. LEGAL STANDARD

"Filing a motion to seal permits the party to provisionally file the document under seal, pending the Court's ruling on the motion to seal." *See* Civil L.R. 79-5(b).

Although there is a presumptive right of public access to court records based on common law and first amendment grounds, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The compelling reasons standard applies here. And Courts routinely seal documents "when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d at 1178).

The Ninth Circuit has long recognized that documents with confidential and/or proprietary business information that could "harm a litigant's competitive standing" are generally protectable from public disclosure. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Information subject to confidentiality agreements may [] meet the 'compelling reasons' standard when accompanied by a particularized factual showing." *In re Qualcomm Litig.*, Case No. 17-cv-00108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017). Fed. R. Civ. P. 26(c)(1)(G) specifically notes that "trade secret or other confidential research, development, or commercial information" may remain subject to protection.

The courts in this district have repeatedly found the confidential business plans qualify for sealing. *See, e.g.*, *Skillz Platform Inc. v. AviaGames, Inc.*, No. 21-cv-02436, 2023 WL 7648924, at *2-3 (N.D. Cal. Nov. 13, 2023) (granting defendant's request to seal its "business plan, structure, and strategy" in its entirety as "containing confidential business information, the release of which would cause a party competitive harm"); *Wells Fargo and Co. v. ABD Ins. And Financial Servs.*, Case No. C-12-3857 PJH, 2013 WL 897914, at *3 (N.D. Cal. Mar. 8, 2013) (granting defendants' request to seal, in its entirety, document that "relates to [defendants'] business plan").

## II. ARGUMENT

Defendants respectfully request that the Court seal the highlighted portions of Exhibit H to the Mellema Declaration (Dkt. No. 204-10) as specified in the table above.

Exhibit H excerpts the Reply Expert Report of W. Leo Hoarty, *i.e.*, Plaintiff's technical expert. Defendants' only proposed redaction to Exhibit H cover a screenshot from their proposal submitted to Sustainable Development Technology Canada (SDTC) for funding in relation to Pello. Galica Decl. at ¶ 10. This screenshot details Defendants' business plan and know-how about Pello, including the specific features, components, and configurations of Pello and the related system for analyzing data collected from Pello sensors, as well as how each of the foregoing interacts with one another to form the Pello ecosystem. The proposed redactions are narrowly tailored to cover only the said confidential and proprietary information, and nothing further. *Id.* Defendants have taken reasonable measures to keep such information secret, including by designating the underlying document as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. *Id.*

Revealing such information in the public record could cause Defendants substantial and irreparable competitive harm as it would provide insight into Defendants' specific business plan and know-how regarding Defendants' development of its proprietary Pello and related system. *Id.* For example, if Defendants' competitors gain access to such information, they would gain a competitive advantage in the development of products or services in competition with Pello in both technical and business aspects. *Id.* This would put Defendants at a clear and significant competitive disadvantage compared to their current position. *Id.*

Therefore, compelling reasons exist to grant Defendants' proposed redaction. *See, e.g.*, *Ctr. for Auto Safety*, 809 F.3d at 1096-97; *In re Elec. Arts*, 298 F. App'x at 569; *Skillz Platform*, 2023 WL 7648924, at *2-3; *Wells Fargo*, 2013 WL 897914, at *3; *see also* Fed. R. Civ. P. 26(c)(1)(G).

## III. CONCLUSION

Accordingly, Defendants respectfully request that the Court seal Exhibit H to the Mellema Declaration as specified in the table above.

| | |
|---|---|
| Dated: November 27, 2024 | Respectfully Submitted,<br><br>/s/ Matthew S. Galica<br><br>Arameh Zargham O'Boyle (SBN: 239495)<br>AZOboyle@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Telephone:   (310) 586-3200<br>Facsimile:    (310) 586-3202<br><br>James M. Wodarski (Admitted Pro Hac Vice)<br>JWodarski@mintz.com<br>Michael C. Newman (Admitted Pro Hac Vice)<br>MCNewman@mintz.com<br>Matthew S. Galica (Admitted Pro Hac Vice)<br>MSGalica@mintz.com<br>James J. Thomson (Admitted Pro Hac Vice)<br>JJThomson@mintz.com<br>Sean M. Casey (Admitted Pro Hac Vice)<br>SMCasey@mintz.com<br>Tianyi Tan (Admitted Pro Hac Vice)<br>TTan@mintz.com<br>Stephen Chen (Admitted Pro Hac Vice)<br>SChen@mintz.com<br>Amy LoBue (Admitted Pro Hac Vice)<br>ALoBue@mintz.com<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.<br>One Financial Center<br>Boston, MA 02111<br>Telephone:   (617) 542-6000<br>Facsimile:    (617) 542-2241<br><br>Attorneys for Defendants<br>RECYCLE TRACK SYSTEMS, INC., and<br>RECYCLESMART SOLUTIONS INC. |