Arameh Zargham O'Boyle (SBN: 239495)
AZOboyle@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 586-3200
Facsimile:   (310) 586-3202

James M. Wodarski *(Admitted Pro Hac Vice)*
JWodarski@mintz.com
Michael C. Newman *(Admitted Pro Hac Vice)*
MCNewman@mintz.com
Matthew S. Galica *(Admitted Pro Hac Vice)*
MSGalica@mintz.com
James J. Thomson *(Admitted Pro Hac Vice)*
JJThomson@mintz.com
Sean M. Casey *(Admitted Pro Hac Vice)*
SMCasey@mintz.com
Tianyi Tan *(Admitted Pro Hac Vice)*
TTan@mintz.com
Stephen Chen *(Admitted Pro Hac Vice)*
SChen@mintz.com
Amy LoBue *(Admitted Pro Hac Vice)*
ALoBue@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone:   (617) 542-6000
Facsimile:   (617) 542-2241

Attorneys for Defendants
RECYCLE TRACK SYSTEMS, INC., and
RECYCLESMART SOLUTIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROADRUNNER RECYCLING, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>RECYCLE TRACK SYSTEMS, INC., and<br>RECYCLESMART SOLUTIONS INC.,<br><br>        Defendants. | Case No. 3:23-cv-04804-WHA<br><br>**DECLARATION OF MATTHEW S. GALICA IN SUPPORT OF DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED (DKT. NO. 204)**<br><br>*Assigned for All Purposes to:*<br>The Hon. William H. Alsup, Courtroom 12<br><br>Complaint Filed:   August 4, 2023<br>Trial Date:           December 9, 2024 |

1

I, Matthew S. Galica, hereby declare as follows:

1. I am an attorney with the law firm of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., counsel for Defendants Recycle Track Systems, Inc. and RecycleSmart Solutions, Inc. (together, "Defendants"). I have personal knowledge of the matters set forth in this declaration and could and would testify competently thereto.

2. I submit this declaration in support of Defendants' Statement in Response to Plaintiff's Motion to Consider Whether Defendants' Material Should Be Sealed (Dkt. No. 204).

3. Attached hereto is a true and correct copy of Plaintiff's Motion *in Limine* No. 2, *i.e.*, Dkt. No. 204-3, which is filed on the public docket concurrently herewith without redactions.

4. Attached hereto as **Exhibit A** is a true and correct copy of Exhibit A to the Mellema Declaration, *i.e.*, Dkt. No. 204-4, which is filed on the public docket concurrently herewith without redactions.

5. Attached hereto as **Exhibit C-R** is a true and correct copy of Exhibit C to the Mellema Declaration, *i.e.*, Dkt. No. 204-5, which is filed on the public docket concurrently herewith with Plaintiff's proposed redactions applied.[1]

6. Attached hereto as **Exhibit D-R** is a true and correct copy of Exhibit D to the Mellema Declaration, *i.e.*, Dkt. No. 204-6, which is filed on the public docket concurrently herewith with Plaintiff's proposed redactions applied.

7. Attached hereto as **Exhibit E** is a true and correct copy of Exhibit E to the Mellema Declaration, *i.e.*, Dkt. No. 204-7, which is filed on the public docket concurrently herewith without redactions.

8. Attached hereto as **Exhibit F-R** is a true and correct copy of Exhibit F to the Mellema

---

[1] Plaintiff has separately proposed redactions to Mellema Decl. Exhibits C, D, F, G, and H through its Administrative Motion to File Under Seal (Dkt. No. 206). For at least the reasons set forth in Defendants' Opposition thereto (Dkt. No. 212), Defendants do not believe any of Plaintiff's proposed redactions is justified. However, as the Court has not yet ruled on Plaintiff's proposed redactions, Defendants have applied Plaintiff's proposed redactions in the Exhibits C-R, D-R, F-R, G-R, H-R, and K-R (*see* ¶ 11 *infra*) filed on the public docket solely out of an abundance of caution.

1  Declaration, *i.e.*, Dkt. No. 204-8, which is filed on the public docket concurrently herewith with
2  Plaintiff's proposed redactions applied.

3      9.    Attached hereto as **Exhibit G-R** is a true and correct copy of Exhibit G to the Mellema
4  Declaration, *i.e.*, Dkt. No. 204-9, which is filed on the public docket concurrently herewith with
5  Plaintiff's proposed redactions applied.

6      10.   Attached hereto as **Exhibit H-R** is a true and correct copy of Exhibit H to the Mellema
7  Declaration, *i.e.*, Dkt. No. 204-10, which is filed on the public docket concurrently herewith with
8  Defendants' and Plaintiff's proposed redactions applied. The unredacted version of Exhibit H, with
9  yellow highlights showing Defendants' proposed redactions, will be promptly lodged with the Court.
10 Exhibit H reflects or discusses Defendants' confidential and proprietary business information. More
11 specifically, Exhibit H excerpts the Reply Expert Report of W. Leo Hoarty, *i.e.*, Plaintiff's technical
12 expert. Defendants' only proposed redaction to Exhibit H cover a screenshot from their proposal
13 submitted to Sustainable Development Technology Canada (SDTC) for funding in relation to Pello.
14 This screenshot details Defendants' business plan and know-how about Pello, including the specific
15 features, components, and configurations of Pello and the related system for analyzing data collected
16 from Pello sensors, as well as how each of the foregoing interacts with one another to form the Pello
17 ecosystem. The proposed redactions are narrowly tailored to cover only the said confidential and
18 proprietary information, and nothing further. Defendants have taken reasonable measures to keep
19 such information secret, including by designating the underlying document as "HIGHLY
20 CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the protective order. Revealing such
21 information in the public record could cause Defendants substantial and irreparable competitive harm
22 as it would provide insight into Defendants' specific business plan and know-how regarding
23 Defendants' development of its proprietary Pello and related system. For example, if Defendants'
24 competitors gain access to such information, they would gain a competitive advantage in the
25 development of products or services in competition with Pello in both technical and business aspects.
26 This would put Defendants at a clear and significant competitive disadvantage compared to their

1 current position.

2     11.    Attached hereto as **Exhibit K-R** is a true and correct copy of Exhibit K to the Mellema Declaration, *i.e.*, Dkt. No. 204-11, which is filed on the public docket concurrently herewith with Plaintiff's proposed redactions to Exhibit F applied. Exhibits F and K to the Mellema Declaration are identical except that Exhibit F additionally includes the signature page of the report.

    12.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of November, 2024, in Boston, Massachusetts.

                                  */s/ Matthew S. Galica*
                                  Matthew S. Galica