JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JAMES NEUDECKER (Bar No. 221657)
*JNeudecker@jmbm.com*
2 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone:     (415) 398-8080
Facsimile:     (415) 398-5584

JOSEPH J. MELLEMA (Bar No. 248118)
*jmellema@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:     (949) 623-7200
Facsimile:     (949) 623-7202

LENA STREISAND (Bar No. 339021)
*lstreisand@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:     (310) 203-8080
Facsimile:     (310) 203-0567

Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., | Case No. 3:23-cv-04804-WHA |
| Plaintiff, | **PLAINTIFF ROADRUNNER RECYCLING, INC.'S MOTION IN LIMINE NO. 2 TO LIMIT EXPERT TESTIMONY OF PHILIP GREENSPUN** |
| v. | |
| RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., | **Final Pretrial Conference** |
| Defendants. | Date:     December 4, 2024 |
| | Time:     12:00 p.m. |
| | Crtrm.:   San Francisco Courthouse, Courtroom 12 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 |
| | Complaint Filed:     August 4, 2023 |
| | Trial Date:     December 9, 2024 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE THAT** on December 4, 2024 at 12:00 p.m., in Courtroom 12 of the above-captioned Court, located on the 19th floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") will and hereby does move this Court *in limine* for an order limiting the testimony of Defendants Recycle Track Systems, Inc. and RecycleSmart, Inc.'s (collectively, "Defendants") software expert, Dr. Philip Greenspun.

   RoadRunner brings this motion pursuant to Fed. R. Evid. 403 on the grounds that Dr. Greenspun's hardware-related opinions are needlessly cumulative of the opinions rendered by Defendants' hardware expert, R. Jacob Baker.

   This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the concurrently-filed declaration of Stanley M. Gibson in support, the records and files in this action, and any further evidence and argument the Court will receive on this motion.

DATED:  November 14, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND


By:    */s/ Stanley M. Gibson*
_____
         STANLEY M. GIBSON
Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

Plaintiff RoadRunner Recycling, Inc. ("RoadRunner") submits this motion *in limine* for an order limiting the testimony of Defendants Recycle Track Systems, Inc. and RecycleSmart, Inc.'s (collectively, "Defendants") expert, Philip Greenspun, and any argument based thereon.

## I.   INTRODUCTION

On August 30, 2024, Defendants disclosed two technical experts from whom they intend to elicit testimony at trial:  a hardware expert, R. Jacob Baker, and a software expert, Philip Greenspun.  Dr. Baker's reports contain detailed analysis, comparison, and opinions regarding the hardware components of each at-issue RoadRunner device and Defendants' Pello device.  Dr. Greenspun's reports contain his analysis and opinions regarding the software at issue in this case but also parrot some of Dr. Baker's hardware opinions.  The Court should preclude Dr. Greenspun from providing needlessly cumulative analysis and opinions on the hardware at issue in this case.

As detailed below, Dr. Greenspun's hardware opinions are nearly identical to those of Dr. Baker.  Further, during his deposition, Dr. Greenspun repeatedly acknowledged that Dr. Baker is Defendants' hardware expert and instructed counsel to defer to Dr. Baker's hardware opinions over his own.  *See, e.g.*, Ex. A (Greenspun Dep.) 25:17–18 ("you should probably / take [Dr. Baker's] word over mine . . ."), 25:20–25 ("I thought [Dr. Baker] has more experience. . . . / . . . I'll gladly defer to him."), 26:5–12 ("If he's the hardware expert, I assume he / knows more about hardware than I do. / . . . I / thought he was the person on the RTS side who was / primarily responsible for answering questions / regarding the hardware.").  Thus, the Court should limit Dr. Greenspun's testimony and any argument thereon to the software at issue in this case.[2]

---

[1] Nothing in this motion is meant to be construed as an approval of or concession to the substance of Dr. Baker's and/or Dr. Greenspun's analyses and opinions.

[2] RoadRunner raised the issue of Dr. Greenspun's cumulative hardware testimony with Defendants and Defendants confirmed their intent that Dr. Greenspun render hardware-related opinions at trial.  *See* Ex. B.

## II.    THE COURT SHOULD LIMIT DR. GREENSPUN'S TESTIMONY TO HIS OPINIONS ON THE AT-ISSUE SOFTWARE

The Court should preclude Dr. Greenspun, Defendants' software expert, from opining on the hardware at issue in this case.  Fed. R. Evid. 403 provides that a court may exclude relevant evidence if the evidence is needlessly cumulative.  *See* Fed. R. Evid. 403; *United States v. Marabelles*, 724 F.2d 1374, 1382 (9th Cir. 1984).  Evidence is cumulative if it "replicates" other evidence.  *United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979).  "The exclusion of relevant, but cumulative, evidence is within the sound exercise of the trial court's discretion."  *Marabelles*, 724 F.2d at 1382 (affirming district court's exclusion of cumulative expert testimony); *United States v. Alisal Water Corp.*, 431 F.3d 643, 648 (9th Cir. 2005) (same).  The Court should limit Dr. Greenspun's testimony to his software-related opinions because his discussion of and opinion on hardware is needlessly cumulative of Dr. Baker's opinions on the hardware at issue in this case.

### A.    DR. BAKER'S HARDWARE ANALYSIS

Dr. Baker conducted a detailed teardown of each RoadRunner device and the Pello device.  He disassembled each of the devices and examined each component thereof.  *See* Ex. C (Baker Rpt.) ¶¶ 71–75 (R11), 76–79 (R12), 80–82 (R13, R13S, R13L), 83–88 (Pello).  Dr. Baker then compared each component of Compology's devices to the component parts of the Pello device.  *See id.* ¶¶ 89–131.  For example, Dr. Baker compared the devices' the packaging, including the size, camera openings, and optical window, *id.* ¶¶ 92–100; the printed circuit board assembly ("PCBA") and features that reside on the PCBA, *id.* ¶¶ 101–05; the camera module, *id.* ¶¶ 106–07; the image sensors, including specifications and key features of each, *id.* ¶¶ 108–17; the flash board, *id.* ¶¶ 118–20; other sensors utilized by each device, *id.* ¶¶ 121–22; the microcontroller, *id.* ¶¶ 123–24; antennas, *id.* ¶ 125; the accelerometer, *id.* ¶ 126; the GPS/GNSS feature, ¶ 127; and the wireless communication module, *id.* ¶ 128, utilized by each device.  Dr. Baker then summarized his comparison of each device's components.  *See id.* ¶¶ 129–31.

Further, in his Rebuttal and Reply Reports, Dr. Baker responded to Mr. Hoarty's opinions as set forth in Mr. Hoarty's Opening and Opposition Reports.  *See, e.g.*, Ex. D (Baker Rebuttal Rpt.) ¶¶ 25, 59, 60, 61–62, 69; Ex. E (Baker Reply Rpt.) ¶¶ 17, 22, 28.

JMBM | Jeffer Mangels Butler & Mitchell LLP

**B.** _**DR. GREENSPUN'S HARDWARE OPINIONS ARE NEEDLESSLY CUMULATIVE OF DR. BAKER'S OPINIONS**_

**1.  DR. BAKER AND DR. GREENSPUN'S OPENING REPORTS**[3]

Following his analysis, Dr. Baker opines, for each component, that the component of RoadRunner's device(s) is dissimilar to that of the Pello device.  *See* Ex. C (Baker Rpt.) ¶¶ 100, 105, 107, 117, 120, 122, 124, 125, 126–28, 131.  Dr. Greenspun, on the other hand, offers a single-paragraph opinion on hardware that regurgitates Dr. Baker's opinions.  *See* Ex. F (Greenspun Rpt.) ¶ 147.  Dr. Greenspun does not consider any hardware components or features of any device that is not already analyzed by Dr. Baker.  *See, e.g.*, *supra*, § II(A); Ex. F (Greenspun Rpt.) ¶¶ 112–14, 119, 122, 124, 130, 136 (packaging); 116, 125–26, 131, 138 (battery); 116–17, 120, 122–23, 125, 127, 131–34, 139 (PCBA); 142–43 (camera module); 136–37, 139 (sensors); 118, 145 (microcontroller); 145–46 (antennas and GPS); 116, 128–29, 140, 145 (wireless communication module).

Further, Dr. Baker analyzes the components of each device in greater detail than Dr. Greenspun.  *Compare* Ex. C (Baker Rpt.) ¶¶ 70–131, *with* Ex. F (Greenspun Rpt.) ¶¶ 111–47.  Dr. Greenspun merely parrots Dr. Baker's opinions on a fraction of the components covered in Dr. Baker's analysis.  *See, e.g.*, Ex. C (Baker Rpt.) ¶¶ 70–131; Ex. F (Greenspun Rpt.) ¶¶ 111–46.  For example, Dr. Baker opines that "the Pello's unique packaging is unlike any of the RoadRunner devices' packaging," Ex. C (Baker Rpt.) ¶ 100; that "[t]he front of the packaging is highlighted by three recessed ultrasonic sensors in a unique configuration to sense in different zones within a waste container," *id.* ¶ 93; that "[t]he printed circuit board assemblies ("PCBAs") are different," *id.* ¶ 101; and that "the PCBA in the Pello device has a unique shape due to the incorporation of the three ultrasonic sensors . . . the cutouts in the corners on top are the result of the ultrasonic sensors," *see id.*  In a single sentence, Dr. Greenspun recapitulates Dr. Baker's opinions, stating, "the packaging of the devices and the cutouts of the main circuit board [] were both heavily

---

[3] Dr. Greenspun did not identify Dr. Baker's Opening Report as material considered in preparation of Dr. Greenspun's own reports, but Dr. Greenspun testified that he reviewed a version of Dr. Baker's Opening Report.  *See* Ex. A (Greenspun Dep.) 28:1–2 ("I think I might have seen [Dr. Baker's] first / report, now that I think about it . . .").

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   influenced by the inclusion of the ultrasonic sensors." Ex. F (Greenspun Rpt.) ¶ 147.

2        Ultimately, Dr. Greenspun's conclusion on the at-issue hardware is identical to that of Dr.

3   Baker. Dr. Baker opines that "[a]fter performing this comparison of the major components

4   between the Pello device and the RoadRunner devices, the hardware components are substantially

5   different than that of the RoadRunner devices." Ex. C (Baker Rpt.) ¶ 129. In nearly identical

6   terms, Dr. Greenspun opines that "[t]he hardware components in the Pello device are substantially

7   different than the hardware components used in the RoadRunner devices." Ex. F (Greenspun

8   Rpt.) ¶ 147. Dr. Greenspun's hardware analysis and opinion are needlessly cumulative of Dr.

9   Baker's detailed hardware analysis and opinions. The Court should therefore limit Dr. Greenspun

10  to testifying to the software at issue in this case.

**2.    DR. BAKER AND DR. GREENSPUN'S REBUTTAL AND REPLY REPORTS**

12       Dr. Greenspun's hardware-related opinions in his Rebuttal and Reply reports are also

13  needlessly cumulative of the opinions in Dr. Baker's Rebuttal and Reply Reports. *Compare* Ex. D

14  (Baker Rebuttal Rpt.) ¶¶ 25, 46, 54, 59–65, 69 (responding to Hoarty Rpt. ¶¶ 24, 36–75, 120, 124–

15  51), *with* Ex. G (Greenspun Rebuttal Rpt.) ¶¶ 40–42, 67–68, 78–85, 87–88, 92–96 (responding to

16  Hoarty Rpt. ¶¶ 24, 45–46, 120). For example, in his Rebuttal Report, Dr. Baker states:

> In a video entitled, "December 2016 Embedded Vision Alliance Member Meeting Presentation: Compology," available on YouTube, Mr. Ben Chehebar, one of Compology's founders passed around an R11 device to the crowd so everyone could examine it and then showed a "tearaway" of the device revealing all the components in RoadRunner's alleged smart camera apparatus and the optical assembly and design trade secrets.

21  Ex. D (Baker Rebuttal Rpt.) ¶ 59. Directly following this statement, Dr. Baker embeds an image

22  of the R11. *See id.* In nearly identical language, Dr. Greenspun states in his Rebuttal Report:

> During a talk at the "December 2016 Embedded Vision Alliance Member Meeting Presentation: Compology," available on YouTube in the public domain, Mr. Ben Chehebar, one of Compology's founders handed a sensor to be passed around the crowd so others could examine it and then did a "tearaway" of the device revealing the key components in RoadRunner's alleged smart camera apparatus trade secret.

27  Ex. G (Greenspun Rebuttal Rpt.) ¶ 78. Following this statement, Dr. Greenspun embeds the exact

28  same image of the R11 that appears in paragraph 59 of Dr. Baker's Rebuttal Report. *See id.*

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    The hardware opinions in Dr. Greenspun's Reply Report are similarly cumulative of Dr.

2  Baker's opinions.  *See, e.g.*, Ex. E (Baker Reply Rpt.) ¶¶ 17 (citing Hoarty Opp'n ¶¶ 29–40), 22

3  (citing Hoarty Opp'n ¶¶ 43–49), 28 (citing Hoarty Opp'n ¶¶ 50–63), 44 (citing Hoarty Opp'n

4  ¶¶ 64–81); Ex. H (Greenspun Reply Rpt.) ¶¶ 18 (citing Hoarty Opp'n ¶¶ 29–40), 25 (citing Hoarty

5  Opp'n ¶¶ 43–46), 29 (citing Hoarty Opp'n ¶¶ 64–81), 33 (citing Hoarty Opp'n ¶ 60).  For

6  example, in his Reply Report, Dr. Baker rebuts Mr. Hoarty's opinion that Pello was derived from

7  RoadRunner's R12 camera by referencing the aforementioned video of Mr. Chehebar regarding

8  Compology's R11 device.  *See* Ex. E (Baker Reply Rpt.) ¶ 24 ("the hardware components and the

9  configuration of those components are in the public domain and cannot be a trade secret" because

10  "Mr. Chehebar performed a teardown of an R11 device"). Once again, Dr. Greenspun echoes Dr.

11  Baker's opinion, relying on the same video of Mr. Chehebar in an attempt to rebut Mr. Hoarty's

12  conclusion that Pello is derived from RoadRunner's R12 device.  *See* Ex. H (Greenspun Reply

13  Rpt.) ¶ 27 ("Ben Chehebar revealed the combination of components used in the R11 device in a

14  publicly available video, so neither RoadRunner nor Mr. Hoarty can credibly claim it is a trade

15  secret.").  The Court should preclude Dr. Greenspun from providing these needlessly cumulative

16  hardware opinions at trial.

17

18  **III.   CONCLUSION**

19    The Court should limit Dr. Greenspun, Defendants' software expert, to opining on the

20  software at issue in this case.  The Court should specifically preclude testimony to and argument

21  on the analyses and opinions in paragraphs 111–47, 200, 206 ("[a]s described above, RTS' overall

22  multi-sensor is fundamentally different than the RoadRunner sensors" only) of Dr. Greenspun's

23  Opening Report (Exhibit F); paragraphs 40–42, 67–68, 78–85, 87–88, 92–96 of his Rebuttal

24  Report (Exhibit G); and paragraphs 8–15, 22–28, 43 ("hardware components and the configuration

25  of those components in the Pello and Compology systems" only) of his Reply Report (Exhibit H).

26

27

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    DATED:  November 14, 2024         JEFFER MANGELS BUTLER & MITCHELL LLP
                                        STANLEY M. GIBSON
2                                       JAMES NEUDECKER
                                        JOSEPH J. MELLEMA
3                                       LENA STREISAND

4                                       By:        */s/ Stanley M. Gibson*
5                                                   STANLEY M. GIBSON
                                              Attorneys for Plaintiff ROADRUNNER
6                                             RECYCLING, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28