1  JEFFER MANGELS BUTLER & MITCHELL LLP
   STANLEY M. GIBSON (Bar No. 162329)
2  *sgibson@jmbm.com*
   JAMES NEUDECKER (Bar No. 221657)
3  *JNeudecker@jmbm.com*
   2 Embarcadero Center, 5th Floor
4  San Francisco, CA 94111
   Telephone:     (415) 398-8080
5  Facsimile:     (415) 398-5584

6  JOSEPH J. MELLEMA (Bar No. 248118)
   *jmellema@jmbm.com*
7  3 Park Plaza, Suite 1100
   Irvine, California 92614-2592
8  Telephone:     (949) 623-7200
   Facsimile:     (949) 623-7202

9
   LENA STREISAND (Bar No. 339021)
10 *lstreisand@jmbm.com*
   1900 Avenue of the Stars, 7th Floor
11 Los Angeles, California 90067-4308
   Telephone:     (310) 203-8080
12 Facsimile:     (310) 203-0567

13 Attorneys for Plaintiff ROADRUNNER
   RECYCLING, INC.

14
                  UNITED STATES DISTRICT COURT
15
                NORTHERN DISTRICT OF CALIFORNIA
16

17
   ROADRUNNER RECYCLING, INC.,          Case No. 3:23-cv-04804-WHA
18
                 Plaintiff,             **PLAINTIFF ROADRUNNER
19                                       RECYCLING, INC.'S OMNIBUS
           v.                            ADMINISTRATIVE MOTION TO SEAL**
20
   RECYCLE TRACK SYSTEMS, INC.,
21 RECYCLESMART SOLUTIONS, INC.,

22               Defendants.            Complaint Filed:   August 4, 2023
                                        Trial Date:        N/A
23

24

25

26

27

28

JMBM | Jeffer Mangels
Butler & Mitchell LLP

# TABLE OF CONTENTS

**Page**

I.     LEGAL STANDARD ................................................................................................1

II.    ROADRUNNER WILL SUFFER IRREPARABLE HARM IF THE COURT DOES NOT ADOPT ITS PROPOSED REDACTIONS AND REQUEST TO SEAL .....................................................................................................................1

III.   DKT. NO. 114 .......................................................................................................3

    A.    RoadRunner's ITS (Dkt. No. 114-3, Ex. A) ...........................................3

        1.    Page 6, Lines 21 to 27 .................................................................3

        2.    Page 7, Line 13 ...........................................................................4

        3.    Page 8, Line 8 .............................................................................4

        4.    Page 8, Lines 12 to 19 .................................................................5

        5.    Page 8, Line 28 to Page 9, Line 3 ...............................................5

        6.    Page 9, Lines 10 to 16 .................................................................6

        7.    Page 9, Line 20 ...........................................................................7

        8.    Page 10, Lines 10 to 16 ...............................................................7

        9.    Page 11, Lines 7 to 10 .................................................................8

        10.   Page 11, Lines 15 to 24 ...............................................................8

        11.   Page 19, Line 23 to Page 20, Line 4 ...........................................9

        12.   Page 20, Lines 10 to 20 .............................................................10

    B.    Exhibits to RoadRunner's ITS (Dkt. No. 47) .......................................10

        1.    Exhibits 1 and 8 ........................................................................10

        2.    Exhibits 2 and 10 ......................................................................11

        3.    Exhibits 3 and 9 ........................................................................11

        4.    Exhibit 4 ...................................................................................12

        5.    Exhibits 5 and 12 ......................................................................12

        6.    Exhibits 6 and 13 ......................................................................13

        7.    Exhibits 7, 14, and 16 ...............................................................13

        8.    Exhibit 11 .................................................................................14

**TABLE OF CONTENTS**
(CONTINUED)

Page

9.    Exhibit 15 ...................................................................15

10.    Exhibits 18 and 19 ....................................................15

C.    Defendants' Opposition to Motion for Leave to Amend First Amended Complaint (Dkt. Nos. 114-5, Ex. B; 52, 53) ............................15

D.    RoadRunner's Reply in support of its Motion for Leave to Amend (Dkt. Nos. 114-7, Ex. C; 57, 61)............................................16

1.    Page 10, Line 6 ........................................................16

2.    Page 12, Line 28 to Page 13, Line 1 ...........................16

IV.    DKT. NOS. 115, 120, AND 128 ..................................................17

A.    Deposition of Timothy (Jay) Longson (Dkt. No. 115-3, Ex. A) ..........................17

B.    Deposition of Justin Armstrong (Dkt. No. 115-4, Ex. B) ..........................18

C.    Deposition of Timothy (Jay) Longson (Dkt. No. 120-3, Ex. A) ..........................19

D.    Deposition of Justin Armstrong (Dkt. No. 120-4, Ex. B) ..........................21

E.    Deposition of Timothy (Jay) Longson (Dkt. No. 128-3, Ex. A) ..........................24

F.    Deposition of W. Leo Hoarty (Dkt. No. 128-4, Ex. B) ..........................26

V.    DKT. NO. 136 .....................................................................30

A.    Opening Expert Report of Forrest A. Vickery (Dkt. No. 136-3, Ex. 1) ..................31

B.    Reply Expert Report of Forrest A. Vickery (Dkt. No. 136-3, Ex. 2) ....................35

C.    Deposition of Forrest A. Vickery (Dkt. No. 136-3, Ex. 3)........................38

D.    Supplemental Expert Report of Forrest A. Vickery (Dkt. No. 136-4, Ex. 4)..........42

E.    Deposition of Steve Krebs (Dkt. No. 136-6, Ex. 6) ..............................44

F.    Deposition of W. Leo Hoarty, Vol. II (Dkt. No. 136-8, Ex. 8) ..............................45

G.    Deposition of Timothy (Jay) Longson (Dkt. No. 136-9, Ex. 9) ..............................46

VI.    DKT. NO. 143 .....................................................................49

A.    Opening Expert Report of Forrest A. Vickery (Dkt. No. 143-3, Ex. A) ..................49

B.    Supplemental Expert Report of Forrest A. Vickery (Dkt. No. 143-4, Ex. B)..........49

C.    Reply Expert Report of Forrest A. Vickery (Dkt. No. 143-5, Ex. E)....................49

**TABLE OF CONTENTS**
(CONTINUED)

Page

D.  Deposition of Graham Rihn (Dkt. No. 143-6, Ex. I) ................................................50

VII.  DKT. NO. 146 ..............................................................................................................50

A.  RoadRunner's Opposition to Defendants' Motion for Summary Judgment ...........50

B.  Exhibits to the Hoarty Declaration (Dkt. No. 146-28-30, Exs. A-C) .....................52

1.  Exhibit W – Unredacted Expert Report of W. Leo Hoarty ..........................52

2.  Exhibit X – Unredacted Opposition Expert Report of W. Leo Hoarty ........58

3.  Exhibit Y – Unredacted Reply Expert Report of W. Leo Hoarty ..............60

C.  Exhibits to the Mellema Declaration ISO Opp. to MSJ (Dkt No. 146) ..................62

1.  Exhibits 1-17; 18-19 (Dkt. Nos. 145-2 to 145-20) ......................................62

2.  Deposition of Jay Longson (Dkt. No. 146-23) .............................................62

3.  Deposition of W. Leo Hoarty, Vol. I (Dkt. No. 146-24) ..............................63

4.  Deposition of Justin Armstrong (Dkt. No. 146-25) ......................................64

5.  Deposition of Graham Rihn (Dkt. No. 146-26) ............................................65

6.  Deposition of R. Jacob Baker (Dkt. No. 146-27) .........................................65

VIII.  DKT. NO. 152 ..............................................................................................................67

A.  Defendants' MSJ ......................................................................................................67

B.  RoadRunner's Interrogatory Responses ...................................................................68

C.  Defendants' Correspondence (Dkt. No. 153-3) .......................................................70

D.  Opening Report of W. Leo Hoarty ...........................................................................70

E.  Deposition of W. Leo Hoarty, Vol. I .......................................................................71

F.  Deposition of W. Leo Hoarty, Vol. II (Dkt. No. 153-6, Ex. 5) ..............................75

G.  Deposition of Timothy (Jay) Longson .....................................................................75

H.  Expert Report of Philip Greenspun (Dkt. No. 153-8, Ex. 10) .................................78

I.  Expert Report of R. Jacob Baker ..............................................................................78

J.  Deposition of Justin Armstrong ................................................................................80

K.  Reply Report of W. Leo Hoarty ...............................................................................82

**TABLE OF CONTENTS**
**(CONTINUED)**

**Page**

L.    Opening Expert Report of Forrest A. Vickery (Defendants' Exhibit 14) ...............82

IX.    DKT. NO. 164 .........................................................................................................82

A.    Defendants' Reply in support of MSJ ..............................................................82

B.    Deposition of W. Leo Hoarty, Vol. II ..............................................................85

C.    Deposition of R. Jacob Baker ...........................................................................86

**X.    DKT. NO. 177** .......................................................................................................87

A.    Defendants' Witness List (Dkt. No. 167) .........................................................87

**XI.    DKT. NO. 178** .......................................................................................................87

A.    Defendants' Exhibit List (Dkt. No. 167) ..........................................................87

XII.    DKT. NO. 206 .........................................................................................................90

A.    RoadRunner's Motion *in Limine* No. 1 (Ex. 1) & Deposition of Cason Male (Ex. 1-1) ..........................................................................................................90

B.    Defendants' Opposition to RoadRunner's Motion *in Limine* No. 1 (Ex. O) ...........90

**C.    Deposition of Benjamin Chehebar (Ex. O-G)** ..............................................91

D.    RoadRunner's Motion *in Limine* No. 2 ...........................................................91

1.    Opening Expert Report of R. Jacob Baker (Ex. 2-C) ...................................91

2.    Rebuttal Expert Report of R. Jacob Baker (Ex. 2-D) ...................................93

3.    Opening Expert Report of Philip Greenspun (Ex. 2-F) ................................95

4.    Rebuttal Expert Report of Philip Greenspun (Ex. 2-G) ...............................97

5.    Reply Expert Report of Philip Greenspun (Ex. 2-H) ....................................98

E.    RoadRunner's Motion in Limine No. 3 .............................................................98

1.    Deposition of Cason Male (Ex. 3-B) ............................................................99

2.    Opening Expert Report of R. Jacob Baker (Ex. 3-C) ...................................99

XIII.    DKT. NO. 209 .........................................................................................................99

A.    Joint Corrected Exhibit List (Dkt. No. 208) .....................................................99

XIV.    DKT. NO. 217 .........................................................................................................100

## TABLE OF CONTENTS
### (CONTINUED)

**Page**

**A.**    **Exhibit F to Declaration of Matthew S. Galica in Support of Defendants' Motions in Limine** ........................................................................100

**B.**    **Exhibit 1 to Declaration of Lena Streisand in Support of RoadRunner's Opposition to Defendants' Motion in Limine No. 2** ...........................100

**C.**    **RoadRunner's Opposition to Defendants' Motion in Limine No. 3** ...............101

**D.**    **Exhibit 1 to Declaration of Lena Streisand in Support of Roadrunner's Opposition to Defendants' Motion in Limine No. 3** ............................102

**E.**    **Exhibit 2 to Declaration of Lena Streisand in Support of Roadrunner's Opposition to Defendants' Motion in Limine No. 3** ............................103

**F.**    **Exhibit 3 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s Opposition to Defendants' Motion in Limine No. 3** ...........................................................................105

**XV.**    **CONCLUSION** ..........................................................................................106

1    Pursuant to the Court's Notice Re Pending Motions to Seal (Dkt. No. 225), Plaintiff

2  RoadRunner Recycling, Inc. ("RoadRunner") submits the following Omnibus Administrative

3  Motion to Seal portions of documents and exhibits identified in certain of RoadRunner's pending

4  motions to seal (and supporting declarations) (i.e., Dkt. Nos. 114, 115, 120, 128, 136, 143, 146,

5  152, 164, 177, 178, 206, 209, and 217).

6    Based on RoadRunner's review of the Court's prior orders denying its motions to seal, as

7  well as the Court's Notice, RoadRunner has withdrawn entirely certain of its proposed redacted

8  exhibits. RoadRunner has further endeavored to pare down and meaningfully revise its requests to

9  ensure that only highly sensitive trade secret is redacted. In addition, RoadRunner has continued to

10  maintain redactions to highly sensitive business information such as RoadRunner's financial

11  information (from 2022-on) or employment matters of RoadRunner unrelated to this case, as well

12  as RoadRunner employees' personal information.

## I.    <u>Legal Standard</u>

14    The Court has the inherent authority to seal documents to protect disclosure of a party's

15  trade secrets and other business information that may harm the party's competitive standing. *See*

16  *Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430,

17  1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020)

18  ("publication of materials that could result in infringement upon trade secrets has long been

19  considered a factor that would overcome th[e] strong presumption" of access to court filings)

20  (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S.

21  986 (2012)); *see also* 18 U.S.C. § 1835 (noting "the court shall enter such orders and take such

22  other action as may be necessary and appropriate to preserve the confidentiality of trade secrets").

23    Requests to seal information filed on the Court's public docket must be narrowly tailored

24  to account for the public's right of access to the Court's files and otherwise comply with the rules

25  set forth in Civil Local Rule 79-5.  *See* Civil L.R. 79-5.

## II.    <u>RoadRunner Will Suffer Irreparable Harm if the Court Does Not Adopt its Proposed</u>

27  <u>Redactions and Request to Seal</u>

28    The Court should adopt RoadRunner's proposed redactions and seal the exhibits listed

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    herein because the information RoadRunner seeks to seal constitutes its trade secrets.  If the Court

2    rejects RoadRunner's proposed redactions and request to seal the ITS exhibits, RoadRunner will

3    lose protection of its trade secrets.  *See DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13

4    (Cal. 2003), as modified (Oct. 15, 2003) ("Trade secrets['] . . . only value consists in their being

5    kept private.' . . . 'Once the data that constitute a trade secret are disclosed to others, . . . the holder

6    of the trade secret has lost his property interest in the data.'").  Public disclosure of RoadRunner's

7    trade secrets therefore constitutes irreparable injury.  *See Auris Health, Inc. v. Noah Med. Corp.*,

8    2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023) (granting motion to seal trade secrets

9    identification because disclosing plaintiffs' trade secrets would cause them "irreparable injury").

10   In addition, detailed financial projections are considered the type of confidential business

11   information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*,

12   No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting

13   motion to seal entity's five-year financial projections); *Lane v. Wells Fargo Bank, N.A.*, No. C 12-

14   04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.) ("detailed financial

15   information, the disclosure of which . . . could place [the movant] at a competitive

16   disadvantage."). Finally, personal and private information concerning individuals is considered the

17   type of information warranting sealing. *See Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-

18   JST, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) ("The sensitive and private information

19   of third parties to a litigation ordinarily should be sealed to protect the non-party from improper

20   disclosure.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*,331 F.3d 1122, 1137 (9th Cir. 2003)).

21        RoadRunner has carefully reviewed the documents submitted in connection with its

22   omnibus motion to seal and has only redacted narrow portions of these documents in an effort to

23   be mindful of the Court's guidance on sealing of records and information.

24        Per the Court's instruction (*see* Dkt. No. 93 at 6), for each of the following passages,

25   RoadRunner identifies (a) the interest to be protected; (b) the injury that would result if the

26   proposed redacted language is not redacted; (c) why a still-narrower portion of the passage,

27   paragraph, or sentence cannot be redacted to achieve the result; and (d) citation to all docket

28   numbers at which the same excerpt appears.

III.    **DKT. NO. 114**

    A.    **RoadRunner's ITS (Dkt. No. 114-3, Ex. A)**

Attached hereto as Exhibit A[1] is an unredacted version of RoadRunner's ITS with its proposed narrower redactions highlighted in yellow, with red underline showing prior redactions submitted in connection with RoadRunner's motion to seal pursuant to Dkt. No. 114-3, Ex. A. (RoadRunner previously filed its ITS pursuant to Dkt. No. 46.) RoadRunner seeks to redact only the highlighted language in the following passages.

RoadRunner has endeavored to identify specific interests to be protected, specify the injury that would result if the proposed redacted language is not redacted, and has omitted from its proposed redactions portions of passages in an effort to ensure that only the narrowest portions of the passage, paragraph, or sentence, are protected from disclosure. For example, implementing the proposed redaction, Page 7, Lines 13 to 14 of RoadRunner's ITS now reads: "The smart camera apparatus includes a housing with an [redacted] that improves hardness and scratch resistance." Throughout each of the proposed redacted portions, RoadRunner has specifically narrowed portions of each so that only confidential trade secret information is protected and thus believes no narrower portions are possible without revealing RoadRunner's confidential trade secret information without detriment to RoadRunner's competitive standing. RoadRunner has also withdrawn substantial portions of its earlier-proposed redactions, *see* pp. 15-19 (deleting proposed redactions regarding SPID, container fullness analysis, contamination detection/content identification service, and empty event detection, among many other withdrawals).

        1.    **Page 6, Lines 21 to 27**

    (a)    The proposed redacted language in this passage constitutes RoadRunner's smart camera apparatus know-how, which is a trade secret. *See Alta Devices, Inc.*, 343 F. Supp. 3d at 883. Specifically, the proposed redacted language describes choices Compology made in selecting hardware features of its camera and why it made those decisions, based on trial and error.

    (b)    If the Court does not redact the highlighted portions of this passage, RoadRunner

---

[1] RoadRunner also is attaching hereto redacted versions of all documents as "-R" unless filed provisionally under seal pursuant to L.R. 79-5(f).

1    will suffer irreparable injury because it will lose trade secret protection of the information.  *See*

2    *DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL

3    5959427, at *4.  Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-

4    saving advantage in developing a competing product, causing injury to RoadRunner's competitive

5    standing.

6         (c)    RoadRunner has only proposed redacting those portions of the sentences that would

7    reveal testing results, appearing a few words at a time.  No narrower redaction is possible.

8    RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its

9    proposed redactions.

10        (d)    Dkt. No. 46 at 6; Dkt. No. 114 at 5.

11             **2.    Page 7, Line 13**

12        (a)    The type of coating RoadRunner uses on its smart camera apparatus is a trade

13   secret subject to protection from public disclosure.

14        (b)    If the Court declines the proposed redaction, RoadRunner will lose trade secret

15   protection of the type of coating it uses on its smart camera apparatus, thereby suffering

16   irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL

17   5959427, at *4.  This coating was the subject of significant time spent on trial and error and

18   considerable expense.  The coating provides RoadRunner with the competitive advantage of a

19   camera with superior ruggedization that is able to withstand dumpster conditions better than

20   RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's

21   ability to compete in the market.

22        (c)    RoadRunner's proposed redaction is narrowly tailored because RoadRunner only

23   seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera

24   apparatus.  RoadRunner has not redacted non-confidential language before, after, or otherwise

25   surrounding its proposed redactions.

26        (d)    Dkt. No. 46 at 7; Dkt. No. 114 at 6.

27             **3.    Page 8, Line 8**

28        (a)    RoadRunner seeks to protect the field of view dimensions of its R12 and R13

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   camera lenses, which are trade secrets.

2      (b)   If the Court does not redact the highlighted portions of this passage, RoadRunner

3   will lose trade secret protection of the information, which constitutes irreparable injury.  *See DVD*

4   *Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4.

5      (c)   RoadRunner proposes redacting only the actual dimensions of the camera lenses.

6   Narrower redaction would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-

7   confidential language before, after, or otherwise surrounding its proposed redactions.

8      (d)   Dkt. No. 46 at 8; Dkt. No. 114 at 6.

9              **4.    Page 8, Lines 12 to 19**

10     (a)   The proposed redactions in this passage protect RoadRunner's know-how and

11  design choices regarding its camera lens.  Specifically, the proposed redacted language describes

12  choices Compology made in selecting the lens for the R12 and R13 camera lenses and why it

13  made those decisions, based on trial and error.  This know-how is a protectable trade secret.  *See*

14  *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding

15  knowledge "developed over the course of numerous years of trial and error at great expense and

16  with great effort" is a trade secret).

17     (b)   If the Court does not redact the highlighted portions of this passage, RoadRunner

18  will lose trade secret protection of its know-how, which constitutes irreparable injury.  *See DVD*

19  *Copy Control Assn., Inc.*, 75 P.3d at 13.  Further, RoadRunner's competitors could use it to gain a

20  cost-saving and/or time-saving advantage in developing a competing product.

21     (c)   RoadRunner has only proposed redacting those portions of the sentences that would

22  reveal details of Compology's experimentation with different lenses, which RoadRunner's

23  competitors could use to RoadRunner's detriment.  No narrower redaction is possible without

24  causing harm to RoadRunner.  RoadRunner has not redacted non-confidential language before,

25  after, or otherwise surrounding its proposed redactions.

26     (d)   Dkt. No. 46 at 8; Dkt. No. 114 at 7.

27              **5.    Page 8, Line 28 to Page 9, Line 3**

28     (a)   RoadRunner seeks to protect the language in this passage that reveals its know-how

1   regarding ruggedization of the smart camera apparatus, which is a trade secret.  *See Self Directed*

2   *Placement Corp.*, 908 F.2d at 467.  Specifically, the proposed redacted language describes why,

3   after much experimentation, Compology chose to use certain hardware components and how those

4   components protect the device from its environment.  RoadRunner removed its proposed redaction

5   concerning a material used in its camera apparatus.

6       (b)     If the Court declines RoadRunner's proposed redactions, RoadRunner will lose

7   trade secret protection of the information and thereby suffer irreparable injury.  *See DVD Copy*

8   *Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at

9   *4.  Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving

10  advantage in developing a competing product.

11      (c)     RoadRunner has only proposed redacting those portions of the sentences that would

12  reveal details of Compology's reasoning for using certain ruggedized parts.  No narrower

13  redaction is possible.  RoadRunner has not redacted non-confidential language before, after, or

14  otherwise surrounding its proposed redactions.

15      (d)     Dkt. No. 46 at 8–9; Dkt. No. 114 at 7-8.

16          **6.     Page 9, Lines 10 to 16**

17      (a)     The proposed redacted language constitutes RoadRunner's know-how related to the

18  smart camera apparatus, including testing conducted in furtherance of ruggedizing the apparatus

19  that resulted in Compology's choices for hardware specifications of the smart camera apparatus.

20  This information is a trade secret. *See Alta Devices, Inc.*, 343 F. Supp. 3d at 883.  RoadRunner

21  removed its proposed redaction concerning nanocoating.

22      (b)     If the Court declines RoadRunner's proposed redactions, RoadRunner will lose

23  trade secret protection of the information and thereby suffer irreparable injury.  *See DVD Copy*

24  *Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at

25  *4.  Further, disclosing the information would give RoadRunner's a competitive advantage

26  because Compology expended significant time and money in testing and trying different methods

27  of ruggedizing the apparatus.

28      (c)     RoadRunner has only proposed redacting details of Compology's methods,

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

1  components, and testing.  Narrower redaction is not possible without inflicting harm on

2  RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before,

3  after, or otherwise surrounding its proposed redactions.

4        (d)      Dkt. No. 46 at 9; Dkt. No. 114 at 8.

5            **7.     Page 9, Line 20**

6        (a)      The proposed redactions in this passage protect the location of components on the

7  smart camera apparatus, which are RoadRunner's trade secrets.  It is not intuitive, nor visible, to

8  comprehend the choice of location of the redacted components, and is a trade secret.

9        (b)      If the Court declines to redact this information, RoadRunner will lose trade secret

10  protection of the information, thereby suffering irreparable injury.  *See DVD Copy Control Assn.,*

11  *Inc.*, 75 P.3d at 13.  The proposed redacted information is the result of experimentation and trial

12  and error that cost Compology significant money and on which Compology expended significant

13  amounts of time.  Disclosing the proposed redacted language would give RoadRunner's

14  competitors the advantage of this know-how without having to expend any time or money.

15        (c)      RoadRunner has narrowly tailored its redactions to include only specific details of

16  its wireless communication module and related know-how.  Narrower redactions are not possible.

17  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its

18  proposed redactions.

19        (d)      Dkt. No. 46 at 10; Dkt. No. 114 at 8-9.

20            **8.     Page 10, Lines 10 to 16**

21        (a)      The proposed redactions in this passage protect confidential details of when, how,

22  and by what method RoadRunner's camera communicates with its server and related know-how,

23  which are trade secrets.  RoadRunner removed substantial portions of proposed redactions (i.e.,

24  lines 17-26) to redact only specific trade secret information.

25        (b)      If the Court declines to redact this information, RoadRunner will lose trade secret

26  protection of the information, thereby suffering irreparable injury.  *See DVD Copy Control Assn.,*

27  *Inc.*, 75 P.3d at 13.  The proposed redacted information is key to the longevity of the smart camera

28  apparatus and the functionality of RoadRunner's overall product offering.  Revealing the

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    information publicly would give RoadRunner's competitors the advantage of this valuable

2    information without the investment of time or money.

3        (c)    RoadRunner has narrowly tailored its redactions to include only specific details of

4    its wireless communication module and related know-how.  Narrower redactions are not possible.

5    RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its

6    proposed redactions.

7        (d)    Dkt. No. 46 at 10; Dkt. No. 114 at 9.

8        **9.    Page 11, Lines 7 to 10**

9        (a)    RoadRunner seeks to protect its trade secrets regarding power consumption and

10   battery assembly.  Specifically, RoadRunner seeks to protect the battery type, features, and

11   customizations required to meet the power needs and limitations of its smart camera apparatus.

12       (b)    If the Court declines to redact this information, RoadRunner will lose trade secret

13   protection of its trade secrets relating to power consumption and battery assembly as described in

14   RoadRunner's ITS.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The proposed redacted

15   information is key to the longevity of the smart camera apparatus.  Revealing the information

16   publicly would give RoadRunner's competitors the advantage of the information without the

17   investment of time or money.

18       (c)    RoadRunner's redactions are narrowly tailored to include only sensitive

19   information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not

20   redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

21       (d)    Dkt. No. 46 at 11; Dkt. No. 114 at 9-10.

22       **10.    Page 11, Lines 15 to 24**

23       (a)    RoadRunner seeks to protect its image preprocessing techniques, including the

24   techniques themselves, how they are used, and why they are used.  RoadRunner considers this

25   information to be its trade secrets.  Notably, though RoadRunner did not advance its image

26   preprocessing techniques trade secrets in this case, they are nevertheless trade secrets and not

27   publicly disclosed or generally known in combination with each other.

28       (b)    Compelling reasons exist for sealing the proposed redactions in this passage

Jeffer Mangels
Butler & Mitchell LLP

JMBM

1    because RoadRunner's preprocessing techniques and related know-how is a key component in the

2    success of RoadRunner's product offering.  RoadRunner's preprocessing techniques optimize its

3    images for machine learning.  Without these techniques, RoadRunner cannot continue to train its

4    machine learning models.  If disclosed to a competitor, the competitor could use the information to

5    create a competing product without expending the significant time and money Compology spent

6    developing this information.  If the Court declines to redact this information, RoadRunner will

7    lose trade secret protection of its trade secrets relating to image preprocessing techniques as

8    described in RoadRunner's ITS.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.

9        (c)    RoadRunner's proposed redactions are narrowly tailored and limited only to

10   descriptions of the techniques themselves and related know-how.  RoadRunner has not redacted

11   non-confidential language before, after, or otherwise surrounding its proposed redactions.

12       (d)    Dkt. No. 46 at 11; Dkt. No. 114 at 10.

13           **11.    Page 19, Line 23 to Page 20, Line 4**

14       (a)    RoadRunner's proposed redacted language reveals RoadRunner's rightsizing

15   recommendation generation algorithm, which RoadRunner contends is a trade secret.  The

16   proposed redacted language identifies the algorithm's inputs and step-by-step operation, and omits

17   redactions before and after the steps to propose redaction only of RoadRunner's trade secret

18   information.

19       (b)    If the Court does not redact the highlighted portions of this passage, RoadRunner

20   would lose trade secret protection of its rightsizing recommendation generation.  *See DVD Copy*

21   *Control Assn., Inc.*, 75 P.3d at 13.  RoadRunner would suffer a competitive disadvantage if this

22   information was disclosed publicly, as a competitor could use it to copy and operate

23   RoadRunner's algorithm, which gives its products a competitive advantage and was the subject of

24   significant development time and funding.

25       (c)    RoadRunner has proposed the most narrow redactions possible.  RoadRunner has

26   not redacted non-confidential language before, after, or otherwise surrounding its proposed

27   redactions.

28       (d)    Dkt. No. 46 at 19–20; Dkt. No. 114 at 14.

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

JMBM | Jeffer Mangels Butler & Mitchell LLP

**12.    Page 20, Lines 10 to 20**

(a)    RoadRunner seeks redaction of the highlighted portion of this passage because it describes the operation, step-by-step, of RoadRunner's post auto-balancing algorithm and associated know-how, which are RoadRunner's trade secrets. The post auto-balancing algorithm is not public nor it is it generally known.

(b)    If the Court declines to redact this passage, RoadRunner will lose trade secret protection of its post auto-balancing algorithm. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to operate the auto-balancing algorithm, which took Compology significant time and money to develop.

(c)    RoadRunner's proposed redactions include only the language describing the operation and implementation of the post auto-balancing algorithm.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

(d)    Dkt. No. 46 at 20.

**B.    Exhibits to RoadRunner's ITS (Dkt. No. 47)**

RoadRunner seeks to seal the following exhibits attached to its ITS and/or portions thereof.

**1.    Exhibits 1 and 8**

(a)    Exhibits 1 and 8 are schematics showing the technical specifications of chassis assembly for RoadRunner's R12 and R13 smart camera apparatuses.  RoadRunner contends these technical specifications are trade secrets, and have not been made public or are otherwise generally known.

(b)    If the Court declines to seal Exhibits 1 and 8, RoadRunner will lose trade secret protection of the contents therein.  RoadRunner would suffer harm if these exhibits were disclosed to the public because their contents would allow RoadRunner's competitors to copy RoadRunner's smart camera apparatus hardware.

(c)    RoadRunner recognizes that the Court disfavors sealing documents in their entirety and has, with this submission, explored all reasonable alternatives to filing these exhibits under seal in its entirety, but finds that there is no narrower option for protecting these exhibits.

(d)      Dkt Nos. 47-1 and 47-8, respectively.  RoadRunner has not attached unredacted versions of Exhibits 1 and 8 per the Court's instructions.  *See* Dkt. No. 93 at 6.

## 2.      Exhibits 2 and 10

(a)      Exhibits 2 and 10 are schematics depicting the technical specifications of the camera and flash utilized by RoadRunner's R12 and R13 camera apparatuses, respectively. RoadRunner contends that the contents of Exhibits 2 and 10 are its protected trade secrets, and have not been made public or are otherwise generally known.

(b)      If the Court declines to seal Exhibits 2 and 10, RoadRunner will lose trade secret protection of their contents, which have been developed over years and are the result of significant expense.  RoadRunner will suffer harm if the contents of Exhibits 2 and 10 were disclosed to the public because they would give RoadRunner's competitors the ability to recreate RoadRunner's camera and flash.

(c)      Given that Exhibits 2 and 10 are schematics, they cannot be redacted to remove sensitive elements.  RoadRunner recognizes that the Court disfavors sealing documents in their entirety and has, with this submission, explored all reasonable alternatives to filing these exhibits under seal in its entirety, but finds that there is no narrower option for protecting these exhibits.

(d)      Dkt Nos. 47-2 and 47-10, respectively.  RoadRunner has not attached unredacted versions of Exhibits 2 and 10 per the Court's instructions.  *See* Dkt. No. 93 at 6.

## 3.      Exhibits 3 and 9

(a)      Exhibits 3 and 9 are schematics and block diagrams showing the technical specifications of RoadRunner's R12 and R13 systems, including the hardware components thereof, which RoadRunner contends are protected trade secrets, and have not been made public or are otherwise generally known.

(b)      If the Court denies to seal Exhibits 3 and 9, RoadRunner would lose trade secret protection of their contents, which have been developed over years and are the result of significant expense.  RoadRunner would suffer harm if Exhibits 3 and 9 were disclosed to the public because they would give RoadRunner's competitors the ability to recreate the wiring, electrical, and other components of the R12 and R13 systems.

JMBM   Jeffer Mangels
Butler & Mitchell LLP

1      (c)     Given that Exhibits 3 and 9 are schematics and block diagrams, they cannot be

2  redacted to remove sensitive elements. RoadRunner recognizes that the Court disfavors sealing

3  documents in their entirety and has, with this submission, explored all reasonable alternatives to

4  filing these exhibits under seal in its entirety, but finds that there is no narrower option for

5  protecting these exhibits.

6      (d)     Dkt. Nos. 47-3 and 47-9, respectively.  RoadRunner has not attached Exhibits 3 and

7  9 to this motion per the Court's instruction.  *See* Dkt. 93 at 6.

8            **4.**     **Exhibit 4**

9      (a)     Exhibit 4 shows the technical specifications of RoadRunner's camera module,

10  which RoadRunner contends are protected trade secrets, and have not been made public or are

11  otherwise generally known.

12      (b)     If the Court denies to seal this document, RoadRunner would lose trade secret

13  protection of the information contained in this schematic that has been developed over years and is

14  the result of significant expense.  RoadRunner would suffer harm if this exhibit was disclosed to

15  the public because it would give RoadRunner's competitors the ability to copy RoadRunner's

16  camera module.

17      (c)     RoadRunner recognizes that the Court disfavors sealing documents in their entirety

18  and has, with this submission, explored all reasonable alternatives to filing this exhibit under seal

19  in its entirety, but finds that there is no narrower option for protecting this exhibit.

20      (d)     Dkt. No. 47-4.  RoadRunner has not attached a copy of Exhibit 4 to this motion per

21  the Court's instruction.  *See* Dkt. 93 at 6.

22            **5.**     **Exhibits 5 and 12**

23      (a)     Exhibits 5 and 12 are schematic drawings of RoadRunner's R12 and R13 cameras,

24  respectively.  The schematic drawings contain details of the cameras' parts and assembly, which

25  are RoadRunner's trade secrets, and have not been made public or are otherwise generally known.

26      (b)     If the Court denies to seal this document, RoadRunner would lose trade secret

27  protection of the information contained in this schematic that has been developed over years and is

28  the result of significant expense.  RoadRunner would suffer harm if these exhibits were disclosed

to the public because it would give RoadRunner's competitors the ability to copy the assembly of RoadRunner's cameras.

(c)     RoadRunner recognizes that the Court disfavors sealing documents in their entirety and has, with this submission, explored all reasonable alternatives to filing this exhibit under seal in its entirety, but finds that there is no narrower option for protecting this exhibit because it contains sensitive drawings and confidential text.

(d)     Dkt. Nos. 47-5 and 47-12, respectively.  RoadRunner has not attached copies of Exhibit 5 or 12 to this motion per the Court's instruction.  *See* Dkt. 93 at 6.

### 6.     Exhibits 6 and 13

(a)     Exhibits 6 and 13 are schematic drawings of the battery housing in the R12 and R13 cameras.  The schematics contain drawings, parts numbers, and battery specifications, all of which are RoadRunner's trade secrets, and have not been made public or are otherwise generally known.

(b)     If the Court declines to seal Exhibits 6 and 13, RoadRunner will lose trade secret protection of the information therein, which has been developed over years and is the result of significant expense.  RoadRunner would suffer harm if these exhibits were disclosed to the public because they would give RoadRunner's competitors the battery pack assembly and design specifications that are critical to the longevity of the R12 and R13 cameras.

(c)     Given that Exhibits 6 and 13 consist of drawings and sensitive text, they cannot be redacted to remove sensitive elements. RoadRunner recognizes that the Court disfavors sealing documents in their entirety and has, with this submission, explored all reasonable alternatives to filing these exhibits under seal in its entirety, but finds that there is no narrower option for protecting these exhibits.

(d)     Dkt Nos. 47-6 and 47-13, respectively.  RoadRunner has not attached unredacted versions of Exhibits 6 and 13 per the Court's instructions.  *See* Dkt. No. 93 at 6.

### 7.     Exhibits 7, 14, and 16

(a)     Exhibits 7, 14, and 16 are technical specifications for the batteries used in RoadRunner's smart camera apparatus.  While the specifications themselves are not confidential,

the details of the battery manufacturer, design, and assembly that the exhibits reveal is a

protectable trade secret as a part of RoadRunner's smart camera apparatus.  *See* Restatement

(Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of

the trade secret are well-known does not preclude protection for a secret combination,

compilation, or integration of the individual elements.").

(b)     Compology spent years in trial and error testing different batteries and battery

assemblies and its choice to settle on the battery manufacturer, design, and assembly currently

utilized by its cameras is the result of significant time and expense.  If the Court declines to seal

Exhibits 7, 14, and 16, RoadRunner will lose trade secret protection of this battery-related

information, which gives it a competitive advantage over competitors whose cameras have a

shorter battery life.

(c)     Given that the technical specifications include information about the manufacturer,

battery, and battery testing that could give RoadRunner's competitors an advantage, RoadRunner

requests to seal these exhibits in their entirety.  RoadRunner recognizes that the Court disfavors

sealing documents in their entirety and has, with this submission, explored all reasonable

alternatives to filing these exhibits under seal in its entirety, but finds that there is no narrower

option for protecting these exhibits.

(d)     Unredacted versions of Exhibits 7, 14, and 16 have been filed as Dkt. Nos. 47-7,

47-14, and 47-16, respectively.  RoadRunner has not attached unredacted versions of Exhibits 7,

14, and 16 per the Court's instructions.  *See* Dkt. No. 93 at 6.

**8.     Exhibit 11**

(a)     Exhibit 11 is a schematic showing the technical specifications and drawings of

RoadRunner's R13 sensor, which RoadRunner contends are protected trade secrets.

(b)     If the Court denies to seal this document, RoadRunner will lose trade secret

protection of the information contained in this schematic that has been developed over years and is

the result of significant expense.  RoadRunner would suffer harm if this exhibit was disclosed to

the public because it would give RoadRunner's competitors the ability to copy RoadRunner's

sensor.

(c)     Exhibit 11 is a schematic and therefore is incapable of being redacted to remove only the sensitive information.  RoadRunner recognizes that the Court disfavors sealing documents in their entirety and has, with this submission, explored all reasonable alternatives to filing this exhibit under seal in its entirety, but finds that there is no narrower option for protecting this exhibit.

(d)     Dkt. No. 47-11.  RoadRunner has not attached a copy of Exhibit 11 to this motion per the Court's instruction.  *See* Dkt. 93 at 6.

### 9.     **Exhibit 15**

(a)     Exhibit 15 is a technical datasheet for the coating RoadRunner uses on its camera lenses.  While the specification is not itself confidential, the integration of the coating as an element of RoadRunner's smart camera apparatus is protectable as a trade secret. *See* Restatement (Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements.").

(b)     Compology spent considerable time and money in trial and error before settling on this coating. If the Court declines to redact Exhibit 15, RoadRunner will lose protection of its coating trade secret.

(c)     Given that the technical specification includes information about the manufacturer, coating type, and coating specifications used on RoadRunner's cameras, RoadRunner requests to seal this exhibit in its entirety.  RoadRunner recognizes that the Court disfavors sealing documents in their entirety and has, with this submission, explored all reasonable alternatives to filing these exhibits under seal in its entirety, but finds that there is no narrower option for protecting this exhibit.

(d)     Dkt. No. 47-15.  RoadRunner has not attached a copy of Exhibit 11 to this motion per the Court's instruction.  *See* Dkt. 93 at 6.

### 10.     **Exhibits 18 and 19**

Withdrawn.

### C.     **Defendants' Opposition to Motion for Leave to Amend First Amended**

JMBM | Jeffer Mangels Butler & Mitchell LLP

**Complaint (Dkt. Nos. 114-5, Ex. B; 52, 53)**

Withdrawn.

**D.    RoadRunner's Reply in support of its Motion for Leave to Amend (Dkt. Nos. 114-7, Ex. C; 57, 61)**

RoadRunner seeks to redact only the highlighted language in each of the following passages. Attached as Exhibit B hereto is an unredacted version of RoadRunner's reply with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red.

### 1.    Page 10, Line 6

(a)    The type of coating RoadRunner uses on its smart camera apparatus is a trade secret subject to protection from public disclosure.

(b)    If the Court declines the proposed redaction, RoadRunner will lose trade secret protection in the type of coating it uses on its smart camera apparatus, which was the subject of significant time in trial and error and considerable expense. For that reason, public disclosure of a party's trade secrets is considered irreparable injury. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. The coating provides RoadRunner with the competitive advantage of a camera with superior ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor cameras. Revealing the coating type would therefore disadvantage RoadRunner's ability to compete in the market.

(c)    RoadRunner's proposed redaction is narrowly tailored because RoadRunner only seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera apparatus. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

(d)    Dkt. No. 57-4 at 10; Dkt. No. 114 at 23-24.

### 2.    Page 12, Line 28 to Page 13, Line 1

(a)    RoadRunner seeks to protect its image preprocessing techniques, which are trade secrets. RoadRunner's image preprocessing techniques have not been publicly disclosed and their combination is not generally known.

JMBM | Jeffer Mangels Butler & Mitchell LLP

1          (b)      Compelling reasons exist for sealing the proposed redactions in this passage

2    because RoadRunner's preprocessing techniques and related know-how are key components in the

3    success of RoadRunner's product offering.  RoadRunner's preprocessing techniques optimize its

4    images for machine learning.  Without these techniques, RoadRunner cannot continue to train its

5    machine learning models.  If disclosed to a competitor, the competitor could use the information to

6    create a competing product without expending the significant time and money Compology spent

7    developing this information.  If the Court declines to redact this information, RoadRunner could

8    lose protection of its trade secrets.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.

9          (c)      RoadRunner's proposed redactions are narrowly tailored and limited only to

10   specific descriptions of the techniques.  RoadRunner has not redacted non-confidential language

11   before, after, or otherwise surrounding its proposed redactions.

12         (d)      Dkt. No. 57-4 at 12–13; Dkt. No. 114 at 24.

13   **IV.    DKT. NOS. 115, 120, AND 128**

14         RoadRunner's proposed redactions are to passages that identify and describe its trade

15   secrets. RoadRunner has endeavored to identify specific interests to be protected, specify the

16   injury that would result if the proposed redacted language is not redacted, and has omitted from its

17   proposed redactions portions of passages in an effort to ensure that only the narrowest portions of

18   the testimony is protected from disclosure.

19         **A.      Deposition of Timothy (Jay) Longson (Dkt. No. 115-3, Ex. A)**

20         Attached as Exhibit C hereto is an unredacted version of Dkt. No. 115-3 with

21   RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed

22   redactions underlined in red. These excerpts previously appeared at Dkt. No. 104-2, Ex. 3.

| Page:Line(s) | Reason for Sealing |
|---|---|
| 94:25–95:6 | (a) In this passage, Mr. Longson describes the experimentation that Compology undertook and know-how that Compology implemented in its design of the camera system, including how they achieved good GPS reception for the camera system in a waste container.  This information is protected from disclosure as |

| | |
|---|---|
| | RoadRunner's trade secrets. |
| | (b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 108:22–24 | (a) This passage describes the components of the battery assembly that is a product of Compology's experimentation and design choices.  This information is protected from disclosure as RoadRunner's trade secrets. |
| | (b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

### B.    Deposition of Justin Armstrong (Dkt. No. 115-4, Ex. B)

Attached as Exhibit D hereto is an unredacted version of Dkt. No. 115-4 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. These excerpts previously appeared at Dkt. No. 104-3, Ex. 5.

| Page:Line(s) | Reason for Sealing |
|---|---|
| 82:13–83:6 | (a) This passage describes RoadRunner's rightsizing algorithm steps and |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | features, which are trade secrets.<br><br>(b) RoadRunner would suffer a competitive disadvantage if this information was disclosed publicly, as a competitor could use it to copy and operate RoadRunner's algorithm, which gives its products a competitive advantage and was the subject of significant development time and funding.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 86:17–20 | (a) This passage describes the specifics of Compology's image preprocessing techniques used to capture an image suitable for the machine learning training and AI system, which are trade secrets.<br><br>(b) RoadRunner's preprocessing techniques are a key component in the success of RoadRunner's product offering.  Without these techniques, RoadRunner cannot continue to train its machine learning models.  If disclosed to a competitor, the competitor could use the information to create a competing product without expending the significant time and money Compology spent developing this information.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**C.    Deposition of Timothy (Jay) Longson (Dkt. No. 120-3, Ex. A)**

Attached as Exhibit E hereto is an unredacted version of Dkt. No. 120-3 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. These excerpts previously appeared at Dkt. No. 119-2, Ex. A.

| Page:Line(s) | Grounds for Filing Under Seal |
|---|---|
| 125:19, 21–22; 126:2–7, 10 | (a) In this passage, Mr. Longson describes a particular technique Compology used to optimize captured images for the R11 camera system. This information is protected from disclosure as RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving the particular technique used to optimize captured images and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.<br><br>(d) |
| 146:1–10, 18–25; 149:1–5, 11–13, 16, 19, 22, 25 | (a) In this passage, Mr. Longson describes features and functions of Compology's image preprocessing techniques, including identification of specific components used to achieve these techniques. This information is protected from disclosure as RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving its image preprocessing techniques and the specific components used to achieve those techniques and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | language before, after, or otherwise surrounding its proposed redactions. |

### D. Deposition of Justin Armstrong (Dkt. No. 120-4, Ex. B)

Attached as Exhibit F hereto is an unredacted version of Dkt. No. 120-4 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. These excerpts previously appeared at Dkt. No. 119-3, Ex. B.

| Page:Line(s) | Grounds for Filing Under Seal |
|---|---|
| 50:15–18, 20, 23–25 | (a) This passage describes the specific percentages RoadRunner achieved in its machine-learning model accuracy for fullness.  This information is RoadRunner's trade secrets.<br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving its fullness trade secret information, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 83:1–6 | (a) This passage describes RoadRunner's rightsizing algorithm steps and features, which are trade secrets.<br>(b) RoadRunner would suffer a competitive disadvantage if this information was disclosed publicly, as a competitor could use it to copy and operate RoadRunner's algorithm, which gives its products a competitive advantage and was the subject of significant development time and funding.<br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm |

| | | |
|---|---|---|
| | | RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 95:1–3, 19–20 | | (a) In this passage, Mr. Armstrong explains specific accuracy percentages in connection with its SPID machine-learning model, which is trade secret information.<br><br>(b) Sub-par image detection gives RoadRunner's products a competitive advantage, particularly the accuracies it achieves to obtain meaningful results.  If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its sub-par image detection-related trade secrets and harm RoadRunner's competitive standing.<br><br>(c) RoadRunner has endeavored to redact only the confidential information in this passage.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 96:4–12, 19 | | (a) In this passage, Mr. Armstrong is explaining how RoadRunner determines the effective accuracy rate of its contamination detection model.  This information and know-how are RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and know-how involving the accuracy achieved by RoadRunner in its contamination machine-learning model to provide meaningful results, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 97:4–12 | | (a) In this passage, Mr. Armstrong is explaining how RoadRunner determines |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | the effective accuracy rate of its post auto-balancing model.  This information and know-how are RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection of its know-how involving the way RoadRunner balances its server, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 98:4, 25;<br>99:2, 9–10,<br>14, 16-18,<br>23–25;<br>100:12–13,<br>24;<br>101:1–3, 6–<br>12, 19, 22–<br>24<br>102:4, 10 | (a) In this passage, Mr. Armstrong is explaining specific numbers of images RoadRunner used to train its machine learning models.  This information and know-how are RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection of its know-how involving its machine learning models such as the number of images sufficient to train its machine-learning models, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage.  Lesser redactions would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 102:13–17,<br>20, 23–25 | (a) In this passage, Mr. Armstrong is explaining how RoadRunner trains its empty event detection model, including the methodology used to identify accuracy.  This information and know-how are RoadRunner's trade secrets. |

|  | (b) If the Court declines to redact this passage, RoadRunner will suffer irreparable harm because it will lose its trade secret protection of its know-how involving its empty event detection model and methodology to ascertain accuracy, and in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing. (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
|---|---|

### E.    Deposition of Timothy (Jay) Longson (Dkt. No. 128-3, Ex. A)

Attached as Exhibit G hereto is an unredacted version of Dkt. No. 128-3 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. These excerpts previously appeared at Dkt. No. 123-3, Ex. 15.

| Page:Line(s) | Reason for Sealing |
|---|---|
| 145:20–146:10; 146:17–147:4; 147:24; 148:3, 5–6, 8, 11–12; 148:20–149:5; 149:11–13, 16, 19, 22, 25; 150:1, 3–4, 6–7, 10 | (a) In these passages, Mr. Longson describes the features and functions of Compology's image preprocessing techniques and identifies specific components used to achieve these techniques. Defendants incorrectly characterize these passages as a list of "common image preprocessing techniques." *See* Dkt. No. 121 at 15. To the contrary, these passages describe how RoadRunner executes its image preprocessing techniques. Further, Defendants omit Mr. Longson's testimony that "we do string [the image preprocessing techniques] together in a way that is unique." *Id.* at 27; Longson Tr. 150:11–12. The features and function of Compology's image preprocessing techniques and related know-how, which took Compology years to develop, are protected from disclosure as RoadRunner's trade secrets. *See, e.g.*, 18 U.S.C. § 1835(a); *Self Directed Placement Corp. v.* |

JMBM | Jeffer Mangels
Butler & Mitchell LLP

JMBM | Jeffer Mangels
Butler & Mitchell LLP

*Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret).

(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose trade secret protection of the process by which it executes its image preprocessing techniques, the specific components used to achieve those techniques, and related know-how. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. Image preprocessing optimizes images for digestion by a machine learning ("ML") model. RoadRunner's ability to generate images optimized for its ML models is a contributing factor to the overall success of its products in the marketplace. Disclosure of this information would give RoadRunner's competitors an edge as they could develop the same image preprocessing techniques in a fraction of the time at a fraction of the cost that it took for Compology to develop these techniques, thereby causing RoadRunner to suffer diminution of its competitive standing.

(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in these passages. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

| 147:11–12, 18; 148:16 | (a) In these passages, Mr. Longson describes the types of images used in Compology's image preprocessing techniques. Defendants incorrectly characterize these passages as a list of "common image preprocessing techniques." *See* Dkt. No. 121 at 15. To the contrary, these passages describe specific components that make the image preprocessing techniques work. This information is protected from disclosure because it is a trade secret. *See, e.g.*, 18 U.S.C. § 1835(a).

(b) If the Court declines to redact these passages, RoadRunner will suffer |

irreparable harm because it will lose trade secret protection of an important

feature of its image preprocessing techniques.  *See Auris Health, Inc.*, 2023

WL 5959427, at *4.  RoadRunner's use of specific image types contributes to

the success of its image preprocessing techniques and thereby (as described

above), the overall success of RoadRunner's products in the marketplace.

Disclosure of this information would give RoadRunner's competitors an edge

as they could improve their competing products in a fraction of the time at a

fraction of the cost that it took for Compology to refine its image

preprocessing techniques, which would cause RoadRunner to suffer

diminution of its competitive standing.

(c) RoadRunner's proposed redactions are narrowly tailored to include only

the confidential information in these passages.  Lesser redactions would harm

RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential

language before, after, or otherwise surrounding its proposed redactions.

### F.  Deposition of W. Leo Hoarty (Dkt. No. 128-4, Ex. B)

Attached as Exhibit H hereto is an unredacted version of Dkt. No. 128-4 with

RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed

redactions underlined in red. RoadRunner added an additional redaction at 110:7 for consistency

with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No.

123-2, Ex. 8.

| Page:Line(s) | Reason for Sealing |
|---|---|
| 109:10; 110:2, 7, 20, 24–25; 111:3, 5–7 | (a) In these passages, Mr. Hoarty describes the material RoadRunner uses for part of its camera assembly.  Contrary to Defendants' argument on page 11 of its Opposition (Dkt. No. 121)—which wrongly conflates Mr. Hoarty's description of camera lenses in general (*see* Hoarty Tr. 111:3–6), with Mr. Hoarty's description of RoadRunner camera assembly material, which Mr. |

| | |
|---|---|
| | Hoarty described as "not common," especially "[f]or embedded devices like [RoadRunner's camera apparatus]," (see id. at 111:7–10)—the material RoadRunner uses as part of its camera assembly is a trade secret.<br><br>(b) RoadRunner will suffer irreparable injury if the Court does not accept RoadRunner's proposed redactions because RoadRunner will lose trade secret protection of its camera assembly material. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. Disclosure of RoadRunner's camera assembly material will further cause RoadRunner to suffer a competitive disadvantage, which entitles RoadRunner to file this information under seal. *See Nixon*, 435 US at 597–98. The material used for RoadRunner's camera assembly directly affects the quality of the images captured by RoadRunner's devices. RoadRunner's ability to capture quality images is a contributing factor to the success of RoadRunner's machine learning models and therefore the overall success of its products. As Mr. Hoarty confirms, the material of RoadRunner's camera assembly was one of the "valuable insights" Defendants learned when they disassembled RoadRunner's R12 camera system because knowledge of the camera assembly material "allow[ed] [Defendants] to build their product in far less time and [with] far less research." Hoarty Tr. at 109:11–14.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the few words in each passage that reveal the material of RoadRunner's camera lens. No narrower redaction is possible without disclosing RoadRunner's trade secrets. *See supra*, (b). |
| 112:19, 22 | (a) In this passage, Mr. Hoarty identifies the manufacturer and pixel size of RoadRunner's image sensor. While the manufacturer is prominent in the image sensor market, the specific pixel size and use of this manufacturer's sensor *in RoadRunner's camera system* is a trade secret. *See* Cal. Civ. Code |

JMBM | Jeffer Mangels<br>Butler & Mitchell LLP

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

§ 3246.1(d) (including device or compilation); 1 Milgrim on Trade Secrets § 1.01 (2020) ("A secret combination of known elements is eligible for trade secret protection."); Restatement (Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements."). The two words that RoadRunner proposes redacting in this passage therefore warrant sealing. *See, e.g.*, 18 U.S.C. § 1835(a).

(b) If the Court does not seal this information, RoadRunner will lose its property rights in the identity and size of its image sensor, which constitutes irreparable injury. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. As described above, the quality of RoadRunner's image capture contributes to the success of its products overall. Disclosing the image sensor it uses therefore could give RoadRunner's competitors who suffer from lesser image quality an advantage that Compology only gained after devoting considerable time and expense in R&D. If RoadRunner's competitors gain knowledge of this information, RoadRunner's competitive standing will therefore suffer.

(c) RoadRunner's proposed redactions are narrowly tailored to include only the two words that identify the manufacturer and pixel size of RoadRunner's image sensor. No narrower redaction is possible without disclosing RoadRunner's trade secrets. *See supra*, (b).

| | |
|---|---|
| 161:3–8 | (a) In this passage, Mr. Hoarty describes the specific choices Compology made in choosing its lens configuration. As Mr. Hoarty describes, these choices were made after much research and these choices, along with other parts, are the elements leading to Compology's "successful optical system." Hoarty Tr. 161:8–11. The choices Compology made and why Compology made these choices are protected know-how related to Compology's optical |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | system. *See* Cal. Civ. Code § 3246.1(d); *Self Directed Placement Corp.*, 908 F.2d at 467. The Court should seal the proposed language because it is know-how protected from disclosure as RoadRunner's trade secret. |
| | (b) If the Court does not seal this information, RoadRunner will lose its trade secret protection of this important know-how, which took Compology years and considerable expense to develop. *See* 18 U.S.C. § 1835(a); *Self Directed Placement Corp.*, 908 F.2d at 467. If disclosed publicly, RoadRunner's competitors could use this know-how to increase their competitive standing, thereby decreasing RoadRunner's competitive standing in the marketplace. |
| 161:14–15 | (a) In this passage, Defendants' counsel identifies the exact field of view parameters of RoadRunner's camera. These dimensions are RoadRunner's trade secrets that warrant sealing. *See, e.g.*, 18 U.S.C. § 1835(a). Defendants in their Opposition seek to adjudicate whether these dimensions are trade secrets. *See* Dkt. No. 121 at 10. A motion to seal is not the proper place to decide issues on the merits. This information has not been publicly disclosed (and Defendants do not argue otherwise) and qualifies as RoadRunner's trade secrets. |
| | (b) RoadRunner will suffer irreparable injury if the Court does not accept its proposed redactions because it will lose protection of the information. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. Further, the exact dimensions of the field-of-view of RoadRunner's camera allow RoadRunner to accurately capture images, which, as described above, directly affect the success of its products. Publicly disclosing this information would therefore give RoadRunner's competitors an advantage in that competing companies could develop a successful camera apparatus without enduring the cost and time that Compology invested in creating its camera systems. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to include only |

| | | |
|---|---|---|
| | | the confidential information in these passages. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 162:17–163:6 | | (a) In these passages, Mr. Hoarty describes how Compology's ML model assigns fullness levels to images. The description of how this AI works is a protected trade secret that has not been disclosed to the public and therefore warrants sealing. *See* 18 U.S.C. § 1835(a).<br><br>(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose trade secret protection of the ML process it developed to detect bin fullness. *See Auris Health, Inc.*, 2023 WL 5959427, at *4. Bin fullness is a key feature of RoadRunner's product offering and disclosing RoadRunner's method for executing bin fullness detection would allow RoadRunner's competitors to copy RoadRunner's model. This would harm RoadRunner's competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in these passages. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in these passages. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

## V.    DKT. NO. 136

RoadRunner's proposed redactions are to passages that identify and describe its current and future financials. RoadRunner has endeavored to identify specific interests to be protected, specify the injury that would result if the proposed redacted language is not redacted, and has omitted from its proposed redactions portions of passages in an effort to ensure that only the

JMBM | Jeffer Mangels Butler & Mitchell LLP

narrowest portions of the testimony is protected from disclosure.

**A.** **Opening Expert Report of Forrest A. Vickery (Dkt. No. 136-3, Ex. 1)**

Attached as Exhibit I hereto is an unredacted version of Dkt. No. 136-3 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 131-3, Ex. 1.

| Page(s) | Grounds for Sealing |
|---|---|
| 16, 17, 23, 45 | (a) RoadRunner seeks to redact the purchase price it paid to acquire Compology.  Sensitive financial information is considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections).<br><br>(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage.<br><br>(c) RoadRunner only proposes redacting the amount it paid to acquire Compology.  The surrounding portions of Mr. Vickery's analysis will remain visible to the public. |
| 23 | (a) RoadRunner seeks to redact the amount of profit it anticipates realizing from its trade secrets for the years 2024–2026.  Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, |

JMBM | Jeffer Mangels Butler & Mitchell LLP

2024) (granting motion to seal entity's five-year financial projections).

(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage.

(c) RoadRunner only proposes redacting the amount of anticipated profit. The surrounding portions of Mr. Vickery's analysis will remain visible to the public.

| 17, 24 | (a) RoadRunner seeks to redact its income, profit margin, and certain costs for the years 2022–2024, which constitutes confidential financial information protected from public disclosure.<br><br>(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage. For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225. Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored. RoadRunner seeks only to seal current financial information. RoadRunner has left |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case. |
| 27–32 | (a) RoadRunner seeks to redact sensitive financial information, including its revenue, gross income, gross profits, costs, and expenses for the years 2022–2024.  The information RoadRunner seeks to protect is detailed and specific as it shows RoadRunner's financial information broken down by line item. |
| | (b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage.  For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225.  The portions of Mr. Vickery's report that RoadRunner seeks to seal reveal RoadRunner's revenue and costs by line item.  Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing. |
| | (c) RoadRunner's proposed redactions are narrowly tailored.  RoadRunner seeks only to seal current and future projected financial information.  RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case.  The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total.  Thus, RoadRunner has tailored its redactions specifically to include |

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | |
|---|---|
| | only the information most sensitive to RoadRunner's business and least relevant to the public interest. |
| 4, 45 | (a) RoadRunner seeks to redact the names of three entities that sought to acquire Compology, as well as the amounts they offered to purchase Compology.  These entities are third parties that are not involved in this litigation and their identities and offers are irrelevant to the merits of this case.<br><br>(b) Identifying a third-party entity by name in association with that entity's acquisition offer could harm the competitive standing of the third-party entity.<br><br>(c) RoadRunner has narrowly tailored its sealing request to include only the names of the entities and the amount they offered to acquire Compology, so as not to affect the public's understanding of Mr. Vickery's damages analysis. |
| 47–56 | (a) These schedules reveal RoadRunner's confidential and proprietary financial projections for the years 2024–2026.  Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections).<br><br>(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage.<br><br>(c) RoadRunner seeks only to seal future projected financial information. |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case.  The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total.  Thus, RoadRunner has tailored its redactions specifically to include only the information most sensitive to RoadRunner's business and least relevant to the public interest. |

**B.    Reply Expert Report of Forrest A. Vickery (Dkt. No. 136-3, Ex. 2)**

Attached as Exhibit J hereto is an unredacted version of Dkt. No. 136-3 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 131-4, Ex. 2.

| Page(s) | Grounds for Sealing |
|---|---|
| 13–18 | (a) RoadRunner seeks to redact sensitive financial information, including its revenue, gross income, gross profits, costs, and expenses for the years 2022–2024.  The information RoadRunner seeks to protect is detailed and specific as it shows RoadRunner's financial information broken down by line item. (b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage.  For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the |

Jeffer Mangels
Butler & Mitchell LLP

JMBM

JMBM | Jeffer Mangels
Butler & Mitchell LLP

suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225. The portions of Mr. Vickery's report that RoadRunner seeks to seal reveal RoadRunner's revenue and costs by line item. Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing.

(c) RoadRunner's proposed redactions are narrowly tailored. RoadRunner seeks only to seal current and future projected financial information. RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case. The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total. Thus, RoadRunner has tailored its redactions specifically to include only the information most sensitive to RoadRunner's business and least relevant to the public interest.

| | |
|---|---|
| 2, 33 | (a) RoadRunner seeks to redact the names of three entities that sought to acquire Compology, as well as the amounts they offered to purchase Compology. These entities are third parties that are not involved in this litigation and their identities and offers are irrelevant to the merits of this case.<br><br>(b) Identifying a third-party entity by name in association with that entity's acquisition offer could harm the competitive standing of the third-party entity.<br><br>(c) RoadRunner has narrowly tailored its sealing request to include only the names of the entities and the amount they offered to acquire Compology, so as not to affect the public's understanding of Mr. Vickery's damages analysis. |
| 33 | (a) RoadRunner seeks to redact the purchase price it paid to acquire |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | Compology.  Sensitive financial information is considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections).<br><br>(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage.<br><br>(c) RoadRunner only proposes redacting the amount it paid to acquire Compology.  The surrounding portions of Mr. Vickery's analysis will remain visible to the public. |
| 35–44 | (a) These schedules reveal RoadRunner's confidential and proprietary financial projections for the years 2024–2026.  Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections).<br><br>(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage.<br><br>(c) RoadRunner seeks only to seal future projected financial information. |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case. The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total. Thus, RoadRunner has tailored its redactions specifically to include only the information most sensitive to RoadRunner's business and least relevant to the public interest.

### C.    Deposition of Forrest A. Vickery (Dkt. No. 136-3, Ex. 3)

Attached as Exhibit K hereto is an unredacted version of Dkt. No. 136-3 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 131-5, Ex. 3.

| Page:Line(s) | Grounds for Sealing |
| --- | --- |
| 190:12, 16–19 | (a) In this passage, Mr. Vickery discusses the details of RoadRunner's financial position at the time it acquired Compology and the financial details of the acquisition, as well as the purchase price it paid for Compology. (b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage because it provides insight into why RoadRunner structured the acquisition deal as it did. (c) RoadRunner's proposed redactions are narrowly tailored to include only the financial details described above. |
| 191:14–192:12; | (a) In this passage, Mr. Vickery is describing the detailed results of a |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | | |
|---|---|---|
| 192:15 | | financial audit that occurred shortly after RoadRunner acquired Compology. This information is protected as confidential business information.<br><br>(b) RoadRunner would suffer injury to its competitive standing if this information was disclosed to the public because it values RoadRunner's assets.  Competitors could use this information to undervalue RoadRunner's assets.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the financial details described above. |
| 193:8, 10–11, 13, 16–18; 193:25–194:5 | | (a) In this passage, Mr. Vickery describes the details of a Compology employee's stock sale and the details of how employee shares were allocated during RoadRunner's acquisition of Compology.<br><br>(b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would give RoadRunner's competitors an advantage.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the financial details described above. |
| 206:17–18 | | (a) In this passage, Mr. Vickery is describing how RoadRunner models its financial projections.  Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections).<br><br>(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage.<br><br>(c) RoadRunner only proposes redacting the portions of Mr. Vickery's testimony that directly describe how RoadRunner models its financial projects.  The surrounding portions of Mr. Vickery's testimony will remain visible to the public. |
| 208:2; 211:2, 4, 6–7, 9, 15–18; 212:21 | (a) In these passages, Mr. Vickery is discussing the amount of RoadRunner's projected revenue per month and/or year.  Detailed financial projections are considered the type of confidential business information that warrants sealing.  *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections).<br><br>(b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage.  For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225.  Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing.<br><br>(c) RoadRunner only proposes redacting the dollar amounts of anticipated |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | | revenue. |
|---|---|---|
| | 209:4–210:3 | (a) In this passage, Mr. Vickery describes how RoadRunner modeled its projected profits from Compology's technology at the time of acquisition. Detailed financial projections are considered the type of confidential business information that warrants sealing. *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections). <br><br> (b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage. <br><br> (c) RoadRunner only proposes redacting the portions of Mr. Vickery's testimony that directly describe how RoadRunner modeled its financial projects. The surrounding portions of Mr. Vickery's testimony will remain visible to the public. |
| | 214:15–16 | (a) In this passage, Mr. Vickery describes RoadRunner's gross margins. <br><br> (b) RoadRunner would suffer competitive injury if this information was disclosed. For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225. Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing. |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | (c) RoadRunner's proposed redactions are narrowly tailored to include only the actual dollar and margin amount. |

**D.**    **Supplemental Expert Report of Forrest A. Vickery (Dkt. No. 136-4, Ex. 4)**

Attached as Exhibit L hereto is an unredacted version of Dkt. No. 136-4 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 131-6, Ex. 4.

| Page(s) | Grounds for Sealing |
|---|---|
| 20–25 | (a) RoadRunner seeks to redact sensitive financial information, including its revenue, gross income, gross profits, costs, and expenses for the years 2022–2024.  The information RoadRunner seeks to protect is detailed and specific as it shows RoadRunner's financial information broken down by line item. (b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage.  For example, as the Federal Circuit recognized in *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law), "it seems clear that if [the parties'] suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components." *Id.* at 1225.  The portions of Mr. Vickery's report that RoadRunner seeks to seal reveal RoadRunner's revenue and costs by line item.  Disclosing this information would cause RoadRunner to suffer tangible harm to its competitive standing. |

JMBM | Jeffer Mangels
Butler & Mitchell LLP

JMBM | Jeffer Mangels<br>Butler & Mitchell LLP

| | |
|---|---|
| | (c) RoadRunner's proposed redactions are narrowly tailored. RoadRunner seeks only to seal current and future projected financial information. RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case. The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total. Thus, RoadRunner has tailored its redactions specifically to include only the information most sensitive to RoadRunner's business and least relevant to the public interest. |
| 4, 40 | (a) RoadRunner seeks to redact the names of three entities that sought to acquire Compology, as well as the amounts they offered to purchase Compology. These entities are third parties that are not involved in this litigation and their identities and offers are irrelevant to the merits of this case. RoadRunner also seeks to redact the purchase price it paid for Compology. Sensitive financial information is considered the type of confidential business information that warrants sealing. *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections).<br><br>(b) Identifying a third-party entity by name in association with that entity's acquisition offer could harm the competitive standing of the third-party entity. Further, this Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage. |

| | |
|---|---|
| | (c) RoadRunner has narrowly tailored its sealing request to include only the names of the entities and the amount they offered to acquire Compology, as well as the purchase price RoadRunner paid to acquire Compology, so as not to affect the public's understanding of Mr. Vickery's damages analysis. |
| 42; 44–47; 49–53 | (a) These schedules reveal RoadRunner's confidential and proprietary financial projections for the years 2024–2026. Detailed financial projections are considered the type of confidential business information that warrants sealing. *See San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 1684885, at *2 (S.D. Cal. Apr. 18, 2024) (granting motion to seal entity's five-year financial projections). <br><br> (b) This Court has granted motions to seal information that includes "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.). Failing to seal this information would put RoadRunner at a competitive disadvantage. <br><br> (c) RoadRunner seeks only to seal future projected financial information. RoadRunner has left unredacted Compology's historical financial information, which constitutes the majority of the damages RoadRunner seeks to recover in this case. The time period of the information that RoadRunner seeks to redact is excluded from Mr. Vickery's avoided cost total. Thus, RoadRunner has tailored its redactions specifically to include only the information most sensitive to RoadRunner's business and least relevant to the public interest. |

### E.    Deposition of Steve Krebs (Dkt. No. 136-6, Ex. 6)

Attached as Exhibit M hereto is an unredacted version of Dkt. No. 136-6 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed

1  redactions underlined in red. RoadRunner added additional redactions for consistency with other

2  portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 131-7, Ex. 6.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 99:11–13, 15–16, 22–24 | (a) In this passage, Mr. Krebs discusses the details of RoadRunner's financial position at the time it acquired Compology and the financial details of the acquisition, including the purchase price it paid to acquire Compology. <br> (b) This Court has granted motions to seal documents in their entirety where the documents contain "detailed financial information, the disclosure of which . . . could place [the movant] at a competitive disadvantage." *Lane v. Wells Fargo Bank, N.A.*, No. C 12-04026 WHA, 2013 WL 2627487, at *3 (N.D. Cal. June 11, 2013) (Alsup, J.).  Failing to seal this information would put RoadRunner at a competitive disadvantage because it provides insight into why RoadRunner structured the acquisition deal as it did. <br> (c) RoadRunner's proposed redactions are narrowly tailored to include only the financial details described above, so as not to affect the public's understanding of Mr. Vickery's damages analysis. |
| 135:9, 14, 18; 136:8, 14 | (a)       RoadRunner seeks to protect the nature, identity, and details of its contract manufacturing agreement. <br> (b)       If the Court declines to redact the proposed language, RoadRunner will lose its protection to the identity, nature, and details of its contract manufacturing agreement.. <br> (c)       RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**F.       Deposition of W. Leo Hoarty, Vol. II (Dkt. No. 136-8, Ex. 8)**

Attached as Exhibit N hereto is an unredacted version of Dkt. No. 136-8 with

RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 131-9, Ex. 8.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 291:8–11, 17–19;<br>292:1–5, 19, 23;<br>293:2, 9–18, 23–24 | (a)    RoadRunner seeks to protect its trade secrets regarding power consumption and its battery assembly, as described in these passages of Mr. Hoarty's testimony.  Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br><br>(b)    If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The proposed redacted information is key to the longevity of the smart camera apparatus.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.<br><br>(c)    RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**G.    Deposition of Timothy (Jay) Longson (Dkt. No. 136-9, Ex. 9)**

Attached as Exhibit O hereto is an unredacted version of Dkt. No. 136-9 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 131-10, Ex. 9.

| Page:Line(s) | Grounds for Sealing |
|---|---|

| | | |
|---|---|---|
| 122:21-22 | (a) In this passage, Mr. Longson identifies the design constraints and know-how relating to the lens assembly design, which is a trade secret. <br><br> (b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4. <br><br> (c) RoadRunner proposes redacting only the specific design constraints, and no more. Narrower redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. | |
| 125:19, 21–22; 126:2–7, 10 | *See* ECF No. 120 at 4–5. | |
| 127:9 | (a) The proposed redaction is to the name of RoadRunner's camera module vendor, which is protected as a component of RoadRunner's overall camera apparatus trade secret. *See* Restatement (Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements."). <br><br> (b) Publicly disclosing this information would give RoadRunner's competitors the ability to utilize RoadRunner's camera module without enduring the years and costs Compology spent in R&D before finding this particular vendor. <br><br> (c) RoadRunner only seeks to redact the name of the vendor. | |
| 128:12, 18, 21–22 | (a) In this passage, Mr. Longson identifies the exact focal length for RoadRunner's R11 camera, which is a trade secret. <br><br> (b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which | |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | | |
|---|---|---|
| | | constitutes irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at \*4. |
| | | (c) RoadRunner proposes redacting only the actual dimensions of the camera lenses.  Narrower redaction would harm RoadRunner.  *See supra*, (b).  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 137:5, 9, 15 | (a) The type of coating RoadRunner uses on its smart camera apparatus is a trade secret subject to protection from public disclosure.<br><br>(b) If the Court declines the proposed redaction, RoadRunner will lose trade secret protection of the type of coating it uses on its smart camera apparatus, thereby suffering irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at \*4.  This coating was the subject of significant time spent on trial and error and considerable expense.  The coating provides RoadRunner with the competitive advantage of a camera with superior ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's ability to compete in the market.<br><br>(c) RoadRunner's proposed redaction is narrowly tailored because RoadRunner only seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera apparatus.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 140:20-23 | (a) The proposed redactions in this passage protect RoadRunner's know-how and design choices regarding its camera system.  Specifically, the proposed redacted language describes components that shape the performance of RoadRunner's camera system. |

(b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of its know-how, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product. *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret).

(c) RoadRunner has only proposed redacting those portions of the sentences that would reveal details of Compology's design choices. No narrower redaction is possible without causing harm to RoadRunner. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

## VI.    DKT. NO. 143

RoadRunner seeks to redact certain portions of Mr. Vickery's Opening, Supplemental, and Reply Expert Reports, and file the unredacted versions of Mr. Vickery's reports under seal, as well as the unredacted version of Mr. Rihn's deposition testimony.

### A.    Opening Expert Report of Forrest A. Vickery (Dkt. No. 143-3, Ex. A)

RoadRunner proposes redacting the highlighted language that appears in Exhibit I hereto. The exhibit and highlighted language are identical. For at least the same reasons provided above, the Court should grant RoadRunner's motion to seal Dkt. No. 143-3.

### B.    Supplemental Expert Report of Forrest A. Vickery (Dkt. No. 143-4, Ex. B)

RoadRunner proposes redacting the highlighted language that appears in Exhibit L hereto. The exhibit and highlighted language are identical. For at least the same reasons provided above, the Court should grant RoadRunner's motion to seal Dkt. No. 143-4.

### C.    Reply Expert Report of Forrest A. Vickery (Dkt. No. 143-5, Ex. E)

RoadRunner proposes redacting the highlighted language that appears in Exhibit J hereto.

1    The exhibit and highlighted language are identical. For at least the same reasons provided above,

2    the Court should grant RoadRunner's motion to seal Dkt. No. 143-5.

**D.      Deposition of Graham Rihn (Dkt. No. 143-6, Ex. I)**

Attached as Exhibit P hereto is an unredacted version of Dkt. No. 143-6 with

RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed

redactions underlined in red. RoadRunner added additional redactions for consistency with other

portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 142-10, Ex. I.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 47:18–19 | (a) RoadRunner seeks to redact sensitive commercial information regarding customer feedback from RoadRunner's product offering.<br><br>(b) "Examples [of what constitutes a compelling reason [to seal documents]] include when a court record might be used ... 'as sources of business information that might harm a litigant's competitive standing.'" *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020).  For example, if disclosed, this information regarding customer feedback to RoadRunner's product offerings, would give RoadRunner's competitors knowledge of what makes RoadRunner products successful, allowing RoadRunner's competitors to capitalize on that information.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to protect only the sensitive information that warrants sealing. |

**VII.    DKT. NO. 146**

**A.      RoadRunner's Opposition to Defendants' Motion for Summary Judgment**

RoadRunner proposes redacting the highlighted language that appears on the following

page(s) of its Opposition:

| Page(s) | Grounds for Sealing |
|---|---|

JMBM | Jeffer Mangels Butler & Mitchell LLP

| 7, 11, 20 | (a) The type of coating RoadRunner uses on its smart camera apparatus, and the specific way in which RoadRunner uses that coating, is a trade secret subject to protection from public disclosure. |
| | (b) If the Court declines the proposed redaction, RoadRunner will lose trade secret protection of the type of coating it uses on its smart camera apparatus, thereby suffering irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4. This coating was the subject of significant time spent on trial and error and considerable expense. The coating provides RoadRunner with the competitive advantage of a camera with superior ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's ability to compete in the market. |
| | (c) RoadRunner's proposed redaction is narrowly tailored because RoadRunner only seeks to redact information that would reveal RoadRunner's trade secrets. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 8, 11-12 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus and optical assembly and design trade secrets, such as the identity of component parts and their specifications. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical |

JMBM | Jeffer Mangels Butler & Mitchell LLP

1 | assembly and design trade secrets, to the detriment of RoadRunner's

2 | competitive standing.

3 | (c) RoadRunner's redactions are narrowly tailored to include only sensitive

4 | information, a few words at a time.  Narrower redactions are not possible.

5 | RoadRunner has not redacted non-confidential language before, after, or

6 | otherwise surrounding its proposed redactions.

7

8       **B.**    **Exhibits to the Hoarty Declaration (Dkt. No. 146-28-30, Exs. A-C)**

9       In an effort to best comply with the protective order in this case, RoadRunner is filing

10 Exhibits W, X, and Y under seal in their entirety because these exhibits, Mr. Hoarty's expert

11 reports, contain frequent references to, quotes from, and in some instances images of documents

12 and information that Defendants have designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

13 EYES ONLY."  RoadRunner does not seek to maintain these documents under seal in their

14 entirety but files them entirely under seal here to give Defendants the opportunity to respond and

15 seek redaction of information they believe warrants sealing.  RoadRunner has proposed its own

16 redactions to each Exhibit, which are highlighted in yellow and described below.

17           **1.**    **Exhibit W – Unredacted Expert Report of W. Leo Hoarty**

18       RoadRunner proposes redacting the highlighted language that appears on the following

19 page(s) of Mr. Hoarty's Opening Report:

| Page(s) | Grounds for Sealing |
|---|---|
| 14–17, 63, 67–78 | (a) These pages of Mr. Hoarty's report identify, in detail, specific components of Compology R11, R12, R13, R13-L, and R13-S camera systems, including the design choices in choosing those components, the know-how and iterative process in developing them, and specific components that have not been disclosed to the public. RoadRunner rightfully considers this information its trade secrets. |
| | (b) If the Court declines to redact the proposed language, RoadRunner will |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | lose trade secret protection of its trade secrets relating to the trade secret information for its R11-R13-S camera systems, and will disclose to the public trade secret information that RoadRunner has endeavored to keep secret.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors from using their camera system design, which is crucial to providing services to RoadRunner customers.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 19, 22 | (a) These pages of Mr. Hoarty's report disclose RoadRunner's know-how in iteratively designing its R-series camera systems, including design choices and their purpose, including the battery assembly, camera subsystem, and flash characteristics. RoadRunner rightfully considers this information its trade secrets.<br><br>(b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to the know-how and design choices in iteratively developing its R-series of camera systems, and will disclose to the public trade secret information that RoadRunner has endeavored to keep secret.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors from using the know-how relating to its camera system design, which is crucial to providing services to RoadRunner customers.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 23–25, 27 | (a) These pages of Mr. Hoarty's report describe specific components of RoadRunner's camera systems, why those components were chosen, their function in the overall camera system, and the know-how that went into the design choices leading to the system. RoadRunner rightfully considers this information its trade secrets.<br><br>(b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secret information. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors from using their camera system design, which is crucial to providing services to RoadRunner customers.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information. More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 27–30, 64-67 | (a) These pages of Mr. Hoarty's report describing specific components of battery assembly, the iterative design choices leading to their development, and how they are used in connection with other parts of the camera system, including their purpose, as well as the know-how relating to their design choice in the overall camera system.<br><br>(b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secret information. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors from using their camera system design, which is crucial to providing services |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | |
|---|---|
| | to RoadRunner customers. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 32–38 | (a) These pages of Mr. Hoarty's report describe specific components of the optical assembly and design of RoadRunner's camera system, which are RoadRunner's trade secrets. These pages also describe the know-how and development of the optical assembly and design and the design choices that went into creating the Compology smart camera apparatuses. |
| | (b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secret information.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors from using their camera system design, which is crucial to providing services to RoadRunner customers. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 38–39 | (a) These pages of Mr. Hoarty's report describe design choices relating to ruggedized components and a camera system designed to withstand harsh environments, including know-how leading to these design choices. |
| | (b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secret information.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors |

| | |
|---|---|
| | from using their camera system design, which is crucial to providing services to RoadRunner customers. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 41–42, 80–82 | (a) These pages of Mr. Hoarty's report describe and feature images of machine-learning information, labeled and tagged images, inputs and outputs of machine-learning models, and statistical accuracy and throughput for machine-learning models, which are RoadRunner's trade secrets. |
| | (b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to machine learning data. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The data RoadRunner uses to train and execute its machine learning models give RoadRunner a competitive advantage and allow RoadRunner to continue improving its model and services, which is crucial to customer retention. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 59–61 | (a) RoadRunner seeks to protect images of its disassembled device that reveal RoadRunner's smart camera apparatus and optical assembly design trade secrets. |
| | (b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secret information. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | from using their camera system design, which is crucial to providing services to RoadRunner customers. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information. More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ii, 62–67 | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly, as described in these passages of Mr. Hoarty's testimony. Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the longevity of the smart camera apparatus. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 100 | (a) RoadRunner seeks redaction of the highlighted portion of this passage because it shows RoadRunner's contamination detection/content identification analysis service, and specifically its user interface relating to the service, which conveys trade secret information.<br><br>(b) If the Court declines to redact this passage, RoadRunner will lose trade |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | secret protection of its contamination detection/content identification analysis service, which conveys trade secret information through its user interface. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to operate the contamination detection/content identification analysis service, which took Compology significant time and money to develop.<br><br>(c) RoadRunner's proposed redactions include only the language describing the operation and implementation of the contamination detection/content identification analysis service.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 107 | (a) RoadRunner seeks to protect from disclosure images showing how RoadRunner conducts container fullness analysis.<br><br>(b) If the Court declines to redact this passage, RoadRunner could lose trade secret protection of its container fullness analysis.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to generate a container fullness analysis, which took Compology significant time and money to develop.  This would irreparably harm RoadRunner's property interests and competitive standing.<br><br>(c) RoadRunner's proposed redactions include only the language describing the process RoadRunner's products use to generate a container fullness analysis.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

## 2.    Exhibit X – Unredacted Opposition Expert Report of W. Leo Hoarty

RoadRunner proposes redacting the highlighted language that appears on the following

1  page(s) of Mr. Hoarty's Opposition Report:

| Page(s) | Grounds for Sealing |
|---------|---------------------|
| 9, 13 | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly, as described in these passages of Mr. Hoarty's testimony.  Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The proposed redacted information is key to the longevity of the smart camera apparatus.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 14 | (a) RoadRunner seeks redaction of the highlighted portion of this passage because it shows RoadRunner's contamination detection/content identification analysis service and SPID statistical analysis and accuracy.<br><br>(b) If the Court declines to redact this passage, RoadRunner will lose trade secret protection of its contamination detection/content identification analysis service and SPID statistical analysis and accuracy metrics.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to operate the contamination detection/content identification |

JMBM | Jeffer Mangels<br>Butler & Mitchell LLP

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | | |
|---|---|---|
| | | analysis and SPID services, which took Compology significant time and money to develop. |
| | | (c) RoadRunner's proposed redactions include only the language describing the operation and implementation of the contamination detection/content identification analysis service.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 22–26 | (a) These pages of Mr. Hoarty's report describe specific components of RoadRunner's camera systems, why those components were chosen, their function in the overall camera system, and the know-how that went into the design choices leading to the system, including its image sensor manufacturer, and ruggedization efforts.  RoadRunner rightfully considers this information its trade secrets. |
| | | (b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secret information.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors from using their camera system design, which is crucial to providing services to RoadRunner customers. |
| | | (c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

### 3.    **Exhibit Y – Unredacted Reply Expert Report of W.  Leo Hoarty**

RoadRunner proposes redacting the highlighted language that appears on the following page(s) of Mr. Hoarty's Reply Report:

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| Page(s) | Grounds for Sealing |
|---------|---------------------|
| 5–6, 13–15 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus and optical assembly and design trade secrets, such as the identity of component parts and their specifications. <br><br> (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing. <br><br> (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 9-11 | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly, as described in these passages of Mr. Hoarty's testimony.  Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus. <br><br> (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The proposed redacted information is key to the longevity of the smart camera apparatus.  Revealing the information publicly |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| 1 | would give RoadRunner's competitors the advantage of the information |
| 2 | without the investment of time or money. |
| 3 | (c) RoadRunner's redactions are narrowly tailored to include only sensitive |
| 4 | information, a few words at a time.  Narrower redactions are not possible. |
| 5 | RoadRunner has not redacted non-confidential language before, after, or |
| 6 | otherwise surrounding its proposed redactions. |

**C.    Exhibits to the Mellema Declaration ISO Opp. to MSJ (Dkt No. 146)**

**1.    Exhibits 1-17; 18-19 (Dkt. Nos. 145-2 to 145-20)**

RoadRunner respectfully requests that the Court seal Exhibits 1-17 (Dkt. Nos 145-2 to 145-18) to the Mellema Declaration in support of RoadRunner's opposition to motion for summary judgment in their entirety for at least the reasons provided above in connection with Dkt. No. 114, Exs. 1-17. Exhibits 18-19 (Dkt. Nos. 145-19 to 145-20) are withdrawn.

**2.    Deposition of Jay Longson (Dkt. No. 146-23)**

Attached as Exhibit R hereto is an unredacted version of Dkt. No. 146-23 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 145-24, Ex. 23.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 95:1–6 | (a) In this passage, Mr. Longson describes the experimentation that Compology undertook and know-how that Compology implemented in its design of the camera system, including how they achieved good GPS reception for the camera system in a waste container. This information is protected from disclosure as RoadRunner's trade secrets. |
| | (b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so |

JMBM | Jeffer Mangels Butler & Mitchell LLP

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 108:22-24; 109:8-10, 12-21 | (a) In this passage, Mr. Longson describes the specific components and configuration of the battery assembly. This information is protected from disclosure as RoadRunner's trade secrets. |
| | (b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. |
| | (c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

### 3.    Deposition of W. Leo Hoarty, Vol. I (Dkt. No. 146-24)

Attached as Exhibit S hereto is an unredacted version of Dkt. No. 146-24 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 145-33, Ex. 32.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 227:8–9; | (a) In this passage, Mr. Hoarty describes optical subsystem characteristics |

| 227:21;<br>229:11–17;<br>230:6-10 | and identity, and in connection with the Pello choice of optical image sensor, as well as RoadRunner's know-how in selecting the parts of its optical subsystem. This information is protected from disclosure as RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, RoadRunner's competitors will gain a competitive edge against RoadRunner, deteriorating RoadRunner's competitive standing. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
|---|---|

### 4.    Deposition of Justin Armstrong (Dkt. No. 146-25)

Attached as Exhibit T hereto is an unredacted version of Dkt. No. 146-25 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 145-36, Ex. 35.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 132:21-25;<br>133:1–3, 13–14, 24 | (a) In this passage, Mr. Armstrong describes the amount of images used to train RoadRunner's machine-learning models. This is all RoadRunner's trade secret information.<br><br>(b) The number of images RoadRunner used to train its machine-learning models gives RoadRunner's products a competitive advantage.  If the Court declines to redact the proposed language, RoadRunner will lose trade secret |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | protection of its methodology in training ML models, and harm RoadRunner's competitive standing. |
| | (c) RoadRunner has endeavored to redact only the confidential information in this passage. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

### 5.  Deposition of Graham Rihn (Dkt. No. 146-26)

Attached as Exhibit U hereto is an unredacted version of Dkt. No. 146-26 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 145-39, Ex. 38.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 47:18–19 | (a) RoadRunner seeks to redact sensitive commercial information regarding customer feedback from RoadRunner's product offering. <br><br> (b) "Examples [of what constitutes a compelling reason [to seal documents]] include when a court record might be used ... 'as sources of business information that might harm a litigant's competitive standing.'" *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020). For example, if disclosed, this information regarding customer feedback to RoadRunner's product offerings, would give RoadRunner's competitors knowledge of what makes RoadRunner products successful, allowing RoadRunner's competitors to capitalize on that information. <br><br> (c) RoadRunner's proposed redactions are narrowly tailored to protect only the sensitive information that warrants sealing. |

### 6.  Deposition of R. Jacob Baker (Dkt. No. 146-27)

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    Attached as Exhibit V hereto is an unredacted version of Dkt. No. 146-27 with

2  RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed

3  redactions underlined in red. RoadRunner added additional redactions for consistency with other

4  portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 145-41, Ex.

5  40.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 91:24–25; 92:11–12, 17, 23–25; 93:4, 6, 11-12; 93:25–94:1; 94:3–4, 6–9; 95:7; 96:10–11, 25; 97:1, 9, 16; 100:2, 101:16–17, 19–21, 23–24; 102:1–4, 8–9; 103:10 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret, such as the battery components and technical specifications of the smart camera apparatus and its parts.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 93:, 14–15, 19; 96:25–97:1, 5; 99:19 | (a) The type of coating RoadRunner uses on its smart camera apparatus, and the specific way in which RoadRunner uses that coating, is a trade secret subject to protection from public disclosure.<br><br>(b) If the Court declines the proposed redaction, RoadRunner will lose trade secret protection of the type of coating it uses on its smart camera apparatus, |

thereby suffering irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4. This coating was the subject of significant time spent on trial and error and considerable expense. The coating provides RoadRunner with the competitive advantage of a camera with superior ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's ability to compete in the market.

(c) RoadRunner's proposed redaction is narrowly tailored because RoadRunner only seeks to redact information that would reveal RoadRunner's trade secrets. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

## VIII.  DKT. NO. 152

### A.  Defendants' MSJ

Attached as Exhibit Z hereto is an unredacted version of Dkt. No. 153-1 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 153-1, Ex. A.

| Page(s) | Grounds for Sealing |
|---------|---------------------|
| 20 | (a) The type of coating RoadRunner uses on its smart camera apparatus is a trade secret subject to protection from public disclosure. (b) If the Court declines the proposed redaction, RoadRunner will lose trade secret protection of the type of coating it uses on its smart camera apparatus, thereby suffering irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4. This coating was the subject of significant time spent on trial and error and considerable |

JMBM | Jeffer Mangels Butler & Mitchell LLP

expense.  The coating provides RoadRunner with the competitive advantage of a camera with superior ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's ability to compete in the market.

(c) RoadRunner's proposed redaction is narrowly tailored because RoadRunner only seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera apparatus.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

## B.    RoadRunner's Interrogatory Responses

Attached as Exhibit AA hereto is an unredacted version of Dkt. No. 153-2, Ex. 1 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 153-2, Ex. 1.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 10:22-11:2 | (a)  These portions describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret, as well as its image preprocessing techniques.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and its image preprocessing techniques.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | detriment of RoadRunner's competitive standing. |
| | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 10:9 | (a) The type of coating RoadRunner uses on its smart camera apparatus is a trade secret subject to protection from public disclosure. |
| | (b) If the Court declines the proposed redaction, RoadRunner will lose trade secret protection of the type of coating it uses on its smart camera apparatus, thereby suffering irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at *4. This coating was the subject of significant time spent on trial and error and considerable expense. The coating provides RoadRunner with the competitive advantage of a camera with superior ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's ability to compete in the market. |
| | (c) RoadRunner's proposed redaction is narrowly tailored because RoadRunner only seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera apparatus. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 13:23-28 | (a)      RoadRunner seeks to protect the nature, identity, and details of its contract manufacturing agreement. |
| | (b)      If the Court declines to redact the proposed language, RoadRunner will lose its protection to the identity, nature, and details of its contract manufacturing agreement.. |

JMBM | Jeffer Mangels Butler & Mitchell LLP

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | (c)     RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 29:4-7 | (a)     RoadRunner seeks to protect the specific data used to train its machine learning models, which RoadRunner considers to be trade secrets.<br><br>(b)     If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to machine learning training data. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  The data RoadRunner uses to train its machine learning model gives it a competitive advantage and allows it to continue training its model, which is crucial to providing services to RoadRunner customers.<br><br>(c)     RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information.  More narrow redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**C.     Defendants' Correspondence (Dkt. No. 153-3)**

Withdrawn.

**D.     Opening Report of W. Leo Hoarty**

Attached as Exhibit AB hereto is an unredacted version of Dkt. No. 153-4, Ex. 3 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 153-4, Ex. 3.

| Page(s) | Grounds for Sealing |
|---|---|
| 14–17, 68 | *See supra* VII.B.1. |
| 19, 22 | *See supra* VII.B.1. |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| 23–25, 27 | *See supra* VII.B.1. |
| 27–30 | *See supra* VII.B.1. |
| 32–38 | *See supra* VII.B.1. |
| 38–39 | *See supra* VII.B.1. |
| 41–42 | *See supra* VII.B.1. |

### E.    Deposition of W. Leo Hoarty, Vol. I

Attached as Exhibit AC hereto is an unredacted version of Dkt. No. 153-5, Ex. 4 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 153-5, Ex. 4.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 91:7-8 | (a) This passage describes the purpose of RoadRunner's TPE overmolding, which is know-how associated with RoadRunner's smart camera apparatus and is protected as RoadRunner's trade secret information.<br><br>(b) While the TPE overmolding itself may not be a trade secret, the reasons for its use and the purpose it serves qualify as know-how that is confidential and protected as RoadRunner's trade secret information.  If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of its know-how, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.<br><br>(c) No narrower redaction is possible without causing harm to RoadRunner. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 99:11–13 | (a) This passage describes specific parts of RoadRunner's optical design and |

JMBM | Jeffer Mangels<br>Butler & Mitchell LLP

| | |
|---|---|
| | assembly, including its manufacturer and part number of its image sensor, which are confidential and protected as RoadRunner's trade secrets. |
| | (b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of its know-how, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product. |
| | (c) RoadRunner has only proposed redacting those portions of the sentences that would reveal details of RoadRunner's know-how that RoadRunner's competitors could use to RoadRunner's detriment. No narrower redaction is possible without causing harm to RoadRunner. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 124:24–125:2; 230:6-10; 234:17–21 | (a) The proposed redactions in these passages protect RoadRunner's know-how and design choices regarding its camera lens, including its field of view and focal length. Specifically, the proposed redacted language describes choices Compology made in selecting the lens for the R12 and R13 camera lenses and why it made those decisions, based on trial and error. This know-how is a protectable trade secret. *See Self Directed Placement Corp.*, 908 F.2d at 467 (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret). |
| | (b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of its know-how, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product. |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | (c) RoadRunner has only proposed redacting those portions of the sentences that would reveal details of Compology's experimentation with different lenses, which RoadRunner's competitors could use to RoadRunner's detriment. No narrower redaction is possible without causing harm to RoadRunner. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 122:5–6 | (a) This passage describes RoadRunner's battery components, which are RoadRunner's trade secrets. <br><br> (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its battery pack components. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, including components of RoadRunner's battery pack, to the detriment of RoadRunner's competitive standing. <br><br> (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 157:14, 23–25; 158:4–13; 159:25–160:2; 160:16; 161:3–8; 14–15 | (a) These passages describe the confidential, non-public components of RoadRunner's optical assembly and design know-how trade secrets, particularly regarding its battery assembly and components. <br><br> (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its optical assembly and related know-how. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors |

JMBM | Jeffer Mangels Butler & Mitchell LLP

73

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | | the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate its trade secrets, to the detriment of RoadRunner's competitive standing. |
| | | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 162:19–163:3; 163:21–25 | | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret, such as the battery components and technical specifications showing the smart camera apparatus and its parts. |
| | | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing. |
| | | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 229:11–17 | | (a) These passages describe specific know-how regarding RoadRunner's camera module, including its camera lens assembly and know-how in connection with designing it, which are RoadRunner's trade secrets. |
| | | (b) If the Court declines to redact this information, RoadRunner will lose |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | trade secret protection of its trade secrets relating to its smart camera apparatus. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**F.    Deposition of W. Leo Hoarty, Vol. II (Dkt. No. 153-6, Ex. 5)**

Withdrawn.

**G.    Deposition of Timothy (Jay) Longson**

Attached as Exhibit AD hereto is an unredacted version of Dkt. No. 153-7, Ex. 9 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 153-7, Ex. 9.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 94:25–95:6 | *See* Dkt. No. 115 at 3. |
| 108:22-24 | *See supra* VII.C.2. |
| 125:19, 21–22; 126:2–7, 10 | *See* Dkt. No. 120 at 4–5. |
| 126:20, 24–25 | *See* Dkt. No. 120 at 5. |
| 127:9 | *See supra* V.G. |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| 128:12, 18, 21–22; 130:22–25; 131:2, 5–7, 10–12, 14, 17–18, 20, 23; 132:6 | (a) The proposed redactions in this passage protect RoadRunner's know-how and design choices regarding its camera lens. Specifically, the proposed redacted language describes choices Compology made in selecting the lens for the R12 and R13 camera lenses and why it made those decisions, based on trial and error. This know-how is a protectable trade secret. *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret). |
| | (b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of its know-how, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product. |
| | (c) RoadRunner has only proposed redacting those portions of the sentences that would reveal details of Compology's experimentation with different lenses, which RoadRunner's competitors could use to RoadRunner's detriment. No narrower redaction is possible without causing harm to RoadRunner. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 135:2–4, 8–10 | (a) These passages describe the confidential, non-public components of RoadRunner's optical assembly and design know-how trade secrets. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its optical assembly and related know-how. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate its trade |

| | | |
|---|---|---|
| | | secrets, to the detriment of RoadRunner's competitive standing. |
| | | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 133:5, 8; 137:5, 9, 15 | (a) The type of coating RoadRunner uses on its smart camera apparatus is a trade secret subject to protection from public disclosure. |
| | | (b) If the Court declines the proposed redaction, RoadRunner will lose trade secret protection of the type of coating it uses on its smart camera apparatus, thereby suffering irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13; *Auris Health, Inc.*, 2023 WL 5959427, at \*4. This coating was the subject of significant time spent on trial and error and considerable expense. The coating provides RoadRunner with the competitive advantage of a camera with superior ruggedization that is able to withstand dumpster conditions better than RoadRunner's competitor cameras. Revealing the coating type would disadvantage RoadRunner's ability to compete in the market. |
| | | (c) RoadRunner's proposed redaction is narrowly tailored because RoadRunner only seeks to redact the word that identifies the type of coating RoadRunner uses on its smart camera apparatus. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 140:16–25 | (a) These portions describe the confidential method in which RoadRunner optimizes its image preprocessing techniques related to RF performance, which is RoadRunner's trade secret information. |
| | | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera |

| | |
|---|---|
| | apparatus and its image preprocessing techniques. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing. |
| | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**H.    Expert Report of Philip Greenspun (Dkt. No. 153-8, Ex. 10)**

Withdrawn.

**I.    Expert Report of R. Jacob Baker**

Attached as Exhibit AE hereto is an unredacted version of Dkt. No. 153-9, Ex. 11 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 153-9, Ex. 11.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| ¶ 31, 34, 37, 40, 42–45, 60–61, 69, 72, 74; Page 31 (image) | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret, such as the battery components and technical specifications showing the smart camera apparatus and its parts. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the |

| | |
|---|---|
| | information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ¶ 51;<br><br>Pages 20–21<br><br>(images) | (a) These passages describe the confidential, non-public components of RoadRunner's optical assembly and design know-how trade secrets.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its optical assembly and related know-how.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate its trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| ¶ 74 | (a) This passage describes RoadRunner's battery components, which are RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its battery pack components.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, including components of RoadRunner's battery pack, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**J.    Deposition of Justin Armstrong**

Attached as Exhibit AF hereto is an unredacted version of Dkt. No. 153-10, Ex. 12 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 153-10, Ex. 12.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 123:19–23; 124:1–10, 21–25; 132:21 | (a) These passages protect know-how learned during the development of RoadRunner's container fullness analysis service, including the number of images used to train the machine-learning model.<br><br>(b) If the Court declines to redact this passage, RoadRunner could lose trade secret protection of its container fullness analysis. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to generate a container fullness analysis, which took Compology significant time and money to develop. This would irreparably harm RoadRunner's property interests and competitive standing. |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | (c) RoadRunner's proposed redactions include only the language describing aspects of the process RoadRunner's products use to generate a container fullness analysis. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 127:16–19, 22–23; 138:14–18 | (a) RoadRunner seeks redaction of the highlighted portion of this passage because it describes RoadRunner's contamination detection/content identification analysis service.<br><br>(b) If the Court declines to redact this passage, RoadRunner will lose trade secret protection of its contamination detection/content identification analysis service. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Public disclosure of the proposed redacted language would disadvantage RoadRunner by disclosing to RoadRunner's competitors how to operate the contamination detection/content identification analysis service, which took Compology significant time and money to develop.<br><br>(c) RoadRunner's proposed redactions include only the language describing the operation and implementation of the contamination detection/content identification analysis service. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 142:14–22; 144:10–18, 20–25 | (a) The proposed redactions in this passage reveal metadata utilized by and know-how that informs RoadRunner's rightsizing algorithm, which RoadRunner contends are trade secrets.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its empty event detection algorithm's input and implementation information. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the successful development of RoadRunner's algorithm and took significant time and funding to develop. |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

Revealing the information publicly would give RoadRunner's competitors

the advantage of the information without the investment of time or money.

(c) RoadRunner has done its best to balance the public interest in disclosure

with RoadRunner's interest in maintaining the secrecy of its trade secrets and

know-how.  The proposed redactions in this passage aim to disclose more

generalized information while still protecting some statements that may not

seem confidential but when read in context, explain significant elements of

learned experience that Compology developed in the process of refining its

products.  RoadRunner has not redacted non-confidential language before,

after, or otherwise surrounding its proposed redactions.

### K.    Reply Report of W. Leo Hoarty

Attached as Exhibit AG hereto is an unredacted version of Dkt. No. 153-11, Ex. 13 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 153-11, Ex. 13.

| Page(s) | Grounds for Sealing |
|---------|---------------------|
| 9       | *See supra* VII.C.3. |

### L.    Opening Expert Report of Forrest A. Vickery (Defendants' Exhibit 14)

Exhibit 14 to Defendants' MSJ is the same document as Exhibit 1 to Defendants' Motion to Exclude Mr. Vickery.  Therefore, RoadRunner incorporates here its proposed redactions as set forth herein.  *See supra* V.A.

## IX.    DKT. NO. 164

### A.    Defendants' Reply in support of MSJ

Attached as Exhibit AH hereto is an unredacted version of Dkt. No. 164-3, Ex. A with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  redactions underlined in red. RoadRunner added additional redactions for consistency with other

2  portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 164-3, Ex. A.

| Page:Line(s) | Grounds for Maintaining Yellow Highlights Under Seal |
|---|---|
| 7:27;<br>8:3, 5;<br>10:18, 21–22 | (a) The proposed redactions in this passage protect specific details of RoadRunner's algorithms and processes, which are RoadRunner's trade secrets. In the context of the surrounding discussion, details of RoadRunner's algorithms and processes, and redacting the terms as proposed is the most narrow method of protecting RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of the information. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the successful development of RoadRunner's algorithms and took significant time and funding to develop. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.<br><br>(c) RoadRunner has done its best to balance the public interest in disclosure with RoadRunner's interest in maintaining the secrecy of its trade secrets and know-how. The proposed redactions in this passage aim to disclose information that, when read in context, explain significant elements of learned experience that Compology developed in the process of refining its products. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 6:25 | (a) These passages describe Compology's experimentation and know-how that Compology implemented in its camera system design, such as the location and use of coating. This information is protected from disclosure as RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact these passages, RoadRunner will suffer irreparable harm because it will lose its trade secret protection and, in so doing, |

Jeffer Mangels
Butler & Mitchell LLP
JMBM

| | |
|---|---|
| | RoadRunner's competitors will gain a competitive edge against RoadRunner because RoadRunner's coating contributes to the commercial success of its camera system. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to include only the confidential information in this passage. Lesser redactions would harm RoadRunner. *See supra*, (b). RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 6:16-17, 22-24 | (a) This passage describes the confidential, non-public components of RoadRunner's battery pack.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of the information RoadRunner seeks to protect. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing. Compology spent years in trial and error testing different batteries and battery assemblies and its choice to settle on the battery assembly currently utilized by its cameras is the result of significant time and expense.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 6:27 | (a) The proposed redactions in this passage protect RoadRunner's design choices regarding its camera lens.  Specifically, the proposed redacted language describes specific details of the R12 and R13 camera lenses.<br><br>(b) If the Court does not redact the highlighted portions of this passage, |

Jeffer Mangels<br>Butler & Mitchell LLP

JMBM

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | |
|---|---|
| | RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.<br><br>(c) RoadRunner only proposes redacting those portions of the sentences that would reveal details of Compology's experimentation with different lenses, which RoadRunner's competitors could use to RoadRunner's detriment.  No narrower redaction is possible without causing harm to RoadRunner. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 6:28 | (a) The proposed redaction in this passage protects the name of the manufacturer of RoadRunner's image sensor.  The choice to use this manufacturer's sensor was the result of trial, error, and expense.  This know-how is a protectable trade secret.  *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret).<br><br>(b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.<br><br>(c) RoadRunner only proposes redacting the name of its manufacturer and no other surrounding information.  This is the most narrow redaction possible that still protects the identity of RoadRunner's know-how. |

**B.**    **Deposition of W. Leo Hoarty, Vol. II**

Attached as Exhibit AI hereto is an unredacted version of Dkt. No. 164-4, Ex. 18 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed

1  redactions underlined in red. RoadRunner added additional redactions for consistency with other

2  portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 164-4, Ex. 18.

| Page:Line(s) | Grounds for Maintaining Yellow Highlights Under Seal |
|---|---|
| 477:24 | (a) The proposed redaction in this passage protects the name of the manufacturer of RoadRunner's image sensor.  The choice to use this manufacturer's sensor was the result of trial, error, and expense.  This know-how is a protectable trade secret.  *See Self Directed Placement Corp.*, 908 F.2d at 467.<br>(b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.<br>(c) RoadRunner only proposes redacting the name of its manufacturer and no other surrounding information.  This is the most narrow redaction possible that still protects the identity of RoadRunner's know-how. |

**C.    Deposition of R. Jacob Baker**

Attached as Exhibit AJ hereto is an unredacted version of Dkt. No. 164-5, Ex. 20 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 164-5, Ex. 20.

| Page:Line(s) | Grounds for Maintaining Yellow Highlights Under Seal |
|---|---|
| 88:10, 13, 16 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus trade secret.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information |

| | | |
|---|---|---|
| | | publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| | 88:23, 25 | (a) The proposed redaction in this passage protects the name of the manufacturer of RoadRunner's image sensor. The choice to use this manufacturer's sensor was the result of trial, error, and expense. This know-how is a protectable trade secret. *See Self Directed Placement Corp.*, 908 F.2d at 467.<br><br>(b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of the information, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product.<br><br>(c) RoadRunner only proposes redacting the name of its manufacturer and no other surrounding information. This is the most narrow redaction possible that still protects the identity of RoadRunner's know-how. |

## X.    DKT. NO. 177

### A.    Defendants' Witness List (Dkt. No. 167)

Defendants' unredacted Witness List was previously filed under seal. *See* Dkt. 177. RoadRunner reiterates the same redactions and arguments as set therein. *See id.*

## XI.    DKT. NO. 178

### A.    Defendants' Exhibit List (Dkt. No. 167)

Attached as Exhibit AK hereto is an unredacted version of Dkt. No. 167-3, Defendants'

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    Trial Exhibit List with RoadRunner's newly narrowed redactions highlighted in yellow and its

2    previously proposed redactions underlined in red. RoadRunner added additional redactions for

3    consistency with other portions of its proposed redactions. These excerpts previously appeared at

4    Dkt. No. 167-3, Defendants' Trial Exhibit List.

| Entry | Grounds for Sealing |
|---|---|
| 9 | RoadRunner seeks to maintain part of the description of exhibit list entry 9 under seal because it reveals the specific model of image sensor utilized by RoadRunner's smart camera apparatus, which is a trade secret.  As a non-dispositive pleading, Defendants' exhibit list is subject to the "good cause" standard.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (unless a motion leads to "'final determination on some issue,' a party need show only good cause to keep attached documents under seal").  The Court has the inherent authority to seal documents to protect disclosure of a party's trade secrets that may harm the party's competitive standing. *See Nixon v. Warner Comm., Inc.*, 435 US 589, 597–98 (1978); *Hagestad v. Tragesser*, 49 F3d 1430, 1433–34 (9th Cir. 1995); *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1361 (Fed. Cir. 2020) ("publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption" of access to court filings) (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 566 U.S. 986 (2012)); see also 18 U.S.C. § 1835(a) (noting "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets").  If the Court fails to redact the name of the specific sensor model used by RoadRunner, RoadRunner will lose trade secret protection over this information, *see DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003), and RoadRunner's competitors will gain the advantage of copying RoadRunner's exact image sensor.  For that reason, public disclosure of this trade secret information would constitute irreparable injury.  *See* |

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | |
|---|---|
| | *Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023). RoadRunner's proposed redactions are narrowly tailored to include only the name of the specific image sensor model. |
| 272, 894 | RoadRunner seeks to maintain part of the description of these exhibits under seal because they reveal the manufacturer of the image sensor utilized by RoadRunner's smart camera apparatus, which is a protectable trade secret as a part of RoadRunner's smart camera apparatus. *See* Restatement (Third) of Unfair Competition § 39 cmt. f (1995) ("The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements."). Compology spent years in trial and error testing different image sensors and its choice to settle on the sensor manufacturer currently utilized by its cameras is the result of significant time and expense. If the Court fails to redact the name of the company that manufactures RoadRunner's image sensor, RoadRunner will lose trade secret protection over this information, *see DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003), and RoadRunner's competitors will gain the advantage of copying RoadRunner's exact image sensor. For that reason, public disclosure of this trade secret information would constitute irreparable injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023). RoadRunner's proposed redactions are narrowly tailored to include only the name of the manufacturer. |
| 196, 296, 1490, 1491, 1527, 1732 | The proposed redacted language protects the technical specifications of RoadRunner's battery, which is a trade secret. Compology spent years in trial and error testing different batteries and battery assemblies and its choice to settle on the battery manufacturer, design, and assembly currently utilized by its cameras is the result of significant time and expense. If the Court declines to seal this language, RoadRunner will lose trade secret protection of this battery-related information, which gives it a |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | competitive advantage over competitors whose cameras have a shorter battery life. RoadRunner's proposed redactions are narrowly tailored to protect only the words in the entry description that reveal RoadRunner's trade secret information. |
| 190, 191, 605, 1003, 1019– 20, 1047, 1724, 1728 | RoadRunner seeks to maintain part of the description of these exhibits under seal because they reveal the manufacturer and model of the image sensor utilized by RoadRunner's smart camera apparatus, which are protectable trade secrets as a part of RoadRunner's smart camera apparatus. *See* Restatement (Third) of Unfair Competition § 39 cmt. f. Compology spent years in trial and error testing different image sensors by different manufacturers and its choice to settle on the sensor manufacturer and model currently utilized by its cameras is the result of significant time and expense. If the Court fails to redact this information, RoadRunner will lose trade secret protection over this information, *see DVD Copy Control Assn., Inc. v. Bunner*, 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003), and RoadRunner's competitors will gain the advantage of copying RoadRunner's exact image sensor. For that reason, public disclosure of this trade secret information would constitute irreparable injury. *See Auris Health, Inc. v. Noah Med. Corp.*, 2023 WL 5959427, at *4 (N.D. Cal. Sept. 12, 2023). RoadRunner's proposed redactions are narrowly tailored to include only the name of the specific image sensor model and manufacturer. |

## XII.  DKT. NO. 206

### A.  RoadRunner's Motion *in Limine* No. 1 (Ex. 1) & Deposition of Cason Male (Ex. 1-1)

RoadRunner proposes redacting the same portions of these exhibits as set forth in Dkt. No. 206.

### B.  Defendants' Opposition to RoadRunner's Motion *in Limine* No. 1 (Ex. O)

Attached as Exhibit AL hereto is an unredacted version of Dkt. No. 206-4, Ex. O with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other

JMBM | Jeffer Mangels Butler & Mitchell LLP

portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 206-4, Ex. O.

| Page(s) | Grounds |
| --- | --- |
| 1-2 | (a) RoadRunner seeks to redact sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. Such sensitive and private information of third parties, such as Mr. Chehebar, is a type of information that warrants sealing. *See Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) ("The sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)). <br> (b) If the Court declines to redact this information, sensitive employee information concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment would be disclosed, allowing such information to be publicly available. <br> (c) RoadRunner seeks only to seal specific details concerning the nature and circumstances of RoadRunner's termination of Mr. Chehebar's employment. RoadRunner has not redacted non-sensitive language before, after, or otherwise surrounding its proposed redactions. |

### C.    Deposition of Benjamin Chehebar (Ex. O-G)

RoadRunner proposes redacting the same portions of these exhibits as set forth in Dkt. No. 206.

### D.    RoadRunner's Motion *in Limine* No. 2

#### 1.    Opening Expert Report of R. Jacob Baker (Ex. 2-C)

Attached as Exhibit AM hereto is an unredacted version of Dkt. No. 206-6, Ex. 2C with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other

JMBM | Jeffer Mangels Butler & Mitchell LLP

portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 206-6, Ex. 2C.

| Page(s) | Grounds |
|---|---|
| 38, 42, 43 (image) | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly. Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the longevity of the smart camera apparatus. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 39-40 (images), 43–46, 61-64, 71 ¶ 116, 75, 76 ¶ 127, 77 ¶ 128 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus and optical assembly and design trade secrets, such as the identity of component parts and their specifications.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical |

| | |
|---|---|
| | assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 61–70, 71 | (a) These passages describe specific components of the optical assembly and design of RoadRunner's camera system, which are RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secret information. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. This trade secret information gives RoadRunner a competitive advantage and allows it to prevent competitors from using their camera system design, which is crucial to providing services to RoadRunner customers.<br><br>(c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information. More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

### 2.  Rebuttal Expert Report of R. Jacob Baker (Ex. 2-D)

Attached as Exhibit AN hereto is an unredacted version of Dkt. No. 206-7, Ex. 2D with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 206-7, Ex. 2D.

| Page(s) | Grounds |
|---|---|
| 12, 23–24 | (a) These passages describe the confidential, non-public components of |

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | |
|---|---|
| | RoadRunner's smart camera apparatus and optical assembly and design trade secrets, such as the identity of component parts and their specifications. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing. |
| | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 20-21 (images) | (a) These are images of RoadRunner's disassembled camera system, which reveals RoadRunner's overall camera system trade secrets and components thereof. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing. |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | (c) RoadRunner's redactions are narrowly tailored to redact only the images that would reveal RoadRunner's trade secrets. |
| 24–25, 28–29 | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly. Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the longevity of the smart camera apparatus. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money. |
| | (c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

### 3.    Opening Expert Report of Philip Greenspun (Ex. 2-F)

Attached as Exhibit AO hereto is an unredacted version of Dkt. No. 206-8, Ex. 2F with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 206-8, Ex. 2F.

| Page(s) | Grounds |
|---|---|
| 51, 55–61, 64-65, 67–69 | (a) These passages describe the confidential, non-public components of RoadRunner's smart camera apparatus and optical assembly and design trade secrets, such as the identity of component parts and their specifications. |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 51–54, 58, 62–63, 71 | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly. Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the longevity of the smart camera apparatus. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | otherwise surrounding its proposed redactions. |
| 59–61, 64, 67, 68 (images) | (a) These are images of RoadRunner's disassembled camera system, which reveals RoadRunner's overall camera system trade secrets and components thereof. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing. |
| | (c) RoadRunner's redactions are narrowly tailored to redact only the images that would reveal RoadRunner's trade secrets. |

#### 4.    Rebuttal Expert Report of Philip Greenspun (Ex. 2-G)

Attached as Exhibit AP hereto is an unredacted version of Dkt. No. 206-9, Ex. 2G with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 206-9, Ex. 2G.

| Page(s) | Grounds |
|---|---|
| 23–24 (images) | (a) These are images of RoadRunner's disassembled camera system, which reveals RoadRunner's overall camera system trade secrets and components thereof. |
| | (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its smart camera |

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | apparatus and optical assembly and design. *See DVD Copy Control Assn., Inc.,* 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus and optical assembly and design trade secrets, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to redact only the images that would reveal RoadRunner's trade secrets. |
| 40 | (a) RoadRunner seeks to protect its trade secrets regarding power consumption and battery assembly. Specifically, RoadRunner seeks to protect the battery type, features, and customizations required to meet the power needs and limitations of its smart camera apparatus.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to power consumption and battery assembly as described in RoadRunner's ITS. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The proposed redacted information is key to the longevity of the smart camera apparatus. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**5.**    **Reply Expert Report of Philip Greenspun (Ex. 2-H)**

Withdrawn.

**E.**    **RoadRunner's Motion in Limine No. 3**

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

1    **1.    Deposition of Cason Male (Ex. 3-B)**

2    Withdrawn.

3    **2.    Opening Expert Report of R. Jacob Baker (Ex. 3-C)**

4    Attached as Exhibit AQ hereto is an unredacted version of Dkt. No. 206-12, Ex. 3C with

5    RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed

6    redactions underlined in red. RoadRunner added additional redactions for consistency with other

7    portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 206-12, Ex.

8    3C.

| Page(s) | Grounds |
|---------|---------|
| 44 | *See* XII.D.1. |

12    **XIII.    DKT. NO. 209**

13    **A.    Joint Corrected Exhibit List (Dkt. No. 208)**

14    Attached as Exhibit AR hereto is an unredacted version of Dkt. No. 208, Appx. A with

15    RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed

16    redactions underlined in red. RoadRunner added additional redactions for consistency with other

17    portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 208, Appx. A.

| Entry | Grounds for Sealing |
|-------|---------------------|
| 509 | *See supra* XI.A. |
| 772, 1225 | *See supra* XI.A. |
| 696, 796, 1821, 1822, 1858 | *See supra* XI.A. |
| 690, | *See supra* XI.A. |

Jeffer Mangels
Butler & Mitchell LLP

JMBM

| | 691, 936, 1334, 1350–51, 1378, 2055, 2059 | |
|---|---|---|
| | 1992 | *See supra* XI.A. |

## XIV.  DKT. NO. 217

### A.  Exhibit F to Declaration of Matthew S. Galica in Support of Defendants' Motions in Limine

Attached as Exhibit AS hereto is an unredacted version of Dkt. No. 217-2, Ex. F with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 217-2, Ex. F. For the reasons as set forth therein, RoadRunner proposes the redactions as set forth in Dkt. No. 217-2, Ex. F.

### B.  Exhibit 1 to Declaration of Lena Streisand in Support of RoadRunner's Opposition to Defendants' Motion in Limine No. 2

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 6:7–8 | RoadRunner seeks to maintain under seal W. Leo Hoarty's home address. Mr. Hoarty has a privacy interest in protecting his home address from public disclosure. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (recognizing identifying information, including addresses, as private and the proper subject of sealing).  Disclosing Mr. Hoarty's home address could expose him to undue harassment and other |

JMBM | Jeffer Mangels Butler & Mitchell LLP

| | |
|---|---|
| | harms. Further, the public has no interest in public disclosure of Mr. Hoarty's home address. Finally, RoadRunner's proposed redactions are narrowly tailored to exclude the city and state in which Mr. Hoarty resides. |
| 102:16–17 | RoadRunner seeks to maintain under seal the specific model of image sensor utilized by RoadRunner's smart camera apparatus, which is a trade secret. If the Court fails to redact the name of the specific sensor model used by RoadRunner, RoadRunner will lose trade secret protection over this information, *see DVD Copy Control Assn., Inc. v. Bunner,* 75 P.3d 1, 13 (Cal. 2003), as modified (Oct. 15, 2003), and RoadRunner's competitors will gain the advantage of copying RoadRunner's exact image sensor. For that reason, public disclosure of this trade secret information would constitute irreparable injury. |
| 202:4–5 | (a) This passage describes RoadRunner's battery components, which are RoadRunner's trade secrets.<br><br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its battery pack components. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, including components of RoadRunner's battery pack, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

**C.    RoadRunner's Opposition to Defendants' Motion in Limine No. 3**

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  Withdrawn.

2  **D.** **Exhibit 1 to Declaration of Lena Streisand in Support of Roadrunner's Opposition to Defendants' Motion in Limine No. 3**

3

4  Attached as Exhibit AT hereto is an unredacted version of Dkt. No. 217-5, Ex. 3-1 with

5  RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed

6  redactions underlined in red. RoadRunner added additional redactions for consistency with other

7  portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 217-5, Ex. 3-

8  1.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 9:13–14, 17 | RoadRunner seeks to maintain under seal Mr. Armstrong's home address. Mr. Armstrong has a privacy interest in protecting his home address from public disclosure. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (recognizing identifying information, including addresses, as private and the proper subject of sealing). Disclosing Mr. Armstrong's home address could expose him to undue harassment and other harms. Further, the public has no interest in public disclosure of Mr. Armstrong's home address. Finally, RoadRunner's proposed redactions are narrowly tailored to exclude the city and state in which Mr. Armstrong resides. |
| 50:15-18, 23-25 | *See* Dkt. No. 120 at 6–7. |
| 82:17–83:6 | *See* Dkt. No. 115 at 6. |
| 83:1–6 | *See* Dkt. No. 120 at 7. |
| 98:4, 25; 99:2, 9–10, 14, 16-18, 23-24; 100:12–13, 24 | *See* Dkt. No. 120 at 9. |
| 124:2–10 | (a) This passage describes specific inputs RoadRunner uses in its machine-learning models, which are RoadRunner's trade secrets. |

JMBM | Jeffer Mangels Butler & Mitchell LLP

(b) If the Court declines to redact the proposed language, RoadRunner will lose trade secret protection of its trade secrets relating to machine learning data. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. The data RoadRunner uses to train and execute its machine learning models give RoadRunner a competitive advantage and allow RoadRunner to continue improving its model and services, which is crucial to customer retention.

(c) RoadRunner's proposed redactions are narrowly tailored to protect only sensitive information. More narrow redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions.

## E.    Exhibit 2 to Declaration of Lena Streisand in Support of Roadrunner's Opposition to Defendants' Motion in Limine No. 3

Attached as Exhibit AU hereto is an unredacted version of Dkt. No. 217-6, Ex. 3-2 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 217-6, Ex. 3-2.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 94:25–95:6 | *See* Dkt. No. 115 at 3. |
| 108:22–24 | *See* Dkt. No. 115 at 4–5. |
| 109:10, 13-20; 220:11–14 | (a) This passage describes RoadRunner's battery components, which are RoadRunner's trade secrets. <br><br> (b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its battery pack components. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Revealing the information publicly would give RoadRunner's competitors the |

JMBM | Jeffer Mangels Butler & Mitchell LLP

JMBM | Jeffer Mangels
Butler & Mitchell LLP

| | |
|---|---|
| | advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, including components of RoadRunner's battery pack, to the detriment of RoadRunner's competitive standing.<br><br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time. Narrower redactions are not possible. RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 125:19, 21–22; 126:2–7, 10 | *See* Dkt. No. 120 at 4–5. |
| 127:9 | *See* Dkt. No. 136 at 20. |
| 128:12, 18, 21–22 | *See* Dkt. No. 136 at 20. |
| 132:6 | (a) The proposed redactions in this passage protect RoadRunner's know-how and design choices regarding its camera lens. Specifically, the proposed redacted language describes choices Compology made in selecting the lens for the R12 and R13 camera lenses and why it made those decisions, based on trial and error. This know-how is a protectable trade secret. *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 467 (9th Cir. 1990) (holding knowledge "developed over the course of numerous years of trial and error at great expense and with great effort" is a trade secret).<br><br>(b) If the Court does not redact the highlighted portions of this passage, RoadRunner will lose trade secret protection of its know-how, which constitutes irreparable injury. *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13. Further, RoadRunner's competitors could use it to gain a cost-saving and/or time-saving advantage in developing a competing product. |

| | |
|---|---|
| | (c) RoadRunner has only proposed redacting those portions of the sentences that would reveal details of Compology's experimentation with different lenses, which RoadRunner's competitors could use to RoadRunner's detriment.  No narrower redaction is possible without causing harm to RoadRunner.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |
| 148:3, 5–6, 8, 11–12; 148:20–25 | *See* Dkt. No. 128 at 3–4. |
| 148:16 | *See* Dkt. No. 128 at 4–5. |

**F.      Exhibit 3 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s Opposition to Defendants' Motion in Limine No. 3**

Attached as Exhibit AV hereto is an unredacted version of Dkt. No. 217-7, Ex. 3-3 with RoadRunner's newly narrowed redactions highlighted in yellow and its previously proposed redactions underlined in red. RoadRunner added additional redactions for consistency with other portions of its proposed redactions. These excerpts previously appeared at Dkt. No. 217-7, Ex. 3-3.

| Page:Line(s) | Grounds for Sealing |
|---|---|
| 6:7–8 | RoadRunner seeks to maintain under seal W. Leo Hoarty's home address.  Mr. Hoarty has a privacy interest in protecting his home address from public disclosure.  *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (recognizing identifying information, including addresses, as private and the proper subject of sealing).  Disclosing Mr. Hoarty's home address could expose him to undue harassment and other harms.  Further, the public has no interest in public disclosure of Mr. Hoarty's home address.  Finally, RoadRunner's proposed redactions are |

Jeffer Mangels
Butler & Mitchell LLP

JMBM

| | | |
|---|---|---|
| | | narrowly tailored to exclude the city and state in which Mr. Hoarty resides. |
| | 156:1–5;<br>157:14, 23–25;<br>158:5–13 | (a) This passage describes RoadRunner's battery components and know-how, which are RoadRunner's trade secrets.<br>(b) If the Court declines to redact this information, RoadRunner will lose trade secret protection of its trade secrets relating to its battery pack components.  *See DVD Copy Control Assn., Inc.*, 75 P.3d at 13.  Revealing the information publicly would give RoadRunner's competitors the advantage of the information without the investment of time or money and would allow RoadRunner's competitors to misappropriate their confidential smart camera apparatus trade secrets, including components of RoadRunner's battery pack, to the detriment of RoadRunner's competitive standing.<br>(c) RoadRunner's redactions are narrowly tailored to include only sensitive information, a few words at a time.  Narrower redactions are not possible.  RoadRunner has not redacted non-confidential language before, after, or otherwise surrounding its proposed redactions. |

## XV.    Conclusion

Per the Court's suggestion (*see generally* Dkt. Nos. 93 & 225), RoadRunner significantly reduced its proposed redactions and requests to seal. As described herein, RoadRunner has compelling reasons for redacting and/or sealing its filings and will suffer irreparable injury should the Court deny its request. Therefore, RoadRunner respectfully requests that the Court adopt its proposed redactions and grant it leave to seal these exhibits in their entirety.

ROADRUNNER'S OMNIBUS ADMINISTRATIVE MOTION TO SEAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  December 18, 2024

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JAMES NEUDECKER
JOSEPH J. MELLEMA
LENA STREISAND

By:      _/s/ Joseph J. Mellema_____
JOSEPH J. MELLEMA
Attorneys for Plaintiff ROADRUNNER
RECYCLING, INC.