1  JEFFER MANGELS BUTLER & MITCHELL LLP
   STANLEY M. GIBSON (Bar No. 162329)
2  *sgibson@jmbm.com*
   JAMES NEUDECKER (Bar No. 221657)
3  *JNeudecker@jmbm.com*
   2 Embarcadero Center, 5th Floor
4  San Francisco, CA 94111
   Telephone:    (415) 398-8080
5  Facsimile:    (415) 398-5584

6  JOSEPH J. MELLEMA (Bar No. 248118)
   *jmellema@jmbm.com*
7  3 Park Plaza, Suite 1100
   Irvine, California 92614-2592
8  Telephone:    (949) 623-7200
   Facsimile:    (949) 623-7202

9
   LENA STREISAND (Bar No. 339021)
10 *lstreisand@jmbm.com*
   1900 Avenue of the Stars, 7th Floor
11 Los Angeles, California 90067-4308
   Telephone:    (310) 203-8080
12 Facsimile:    (310) 203-0567

13 Attorneys for Plaintiff ROADRUNNER
   RECYCLING, INC.

14
                    UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16

17

18 ROADRUNNER RECYCLING, INC.,          Case No. 3:23-cv-04804-WHA

19          Plaintiff,                   **DECLARATION OF JOSEPH J.**
                                         **MELLEMA IN SUPPORT OF PLAINTIFF**
        v.                               **ROADRUNNER RECYCLING, INC.'S**
20                                       **OMNIBUS ADMINISTRATIVE MOTION**
   RECYCLE TRACK SYSTEMS, INC.,          **TO SEAL**
21 RECYCLESMART SOLUTIONS, INC.,

22          Defendants.

23                                       Complaint Filed:    August 4, 2023
                                         Trial Date:         N/A
24

25

26

27

28

<u>**DECLARATION OF JOSEPH J. MELLEMA**</u>

1.    I am an attorney at law licensed to practice before all courts in the State of California.  I am a partner with the law firm of Jeffer Mangels Butler & Mitchell, LLP, counsel of record for Plaintiff RoadRunner Recycling, Inc. ("RoadRunner").  If called as a witness, I could and would competently testify to the following of my own personal knowledge.

<u>Dkt. No. 114</u>

2.    Attached hereto as Exhibit A is a true and correct copy of RoadRunner's unredacted Identification of Trade Secrets ("ITS"), filed under seal. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit A includes highlights reflecting the portions for which sealing is sought.

3.    Attached hereto as Exhibit A-R is a true and correct copy of RoadRunner's ITS with redactions.

4.    Attached hereto as Exhibit B is a true and correct copy of RoadRunner's unredacted version of its Reply to Defendants' Opposition to Plaintiff's Motion to Amend First Amended Complaint, filed under seal. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit B includes highlights reflecting the portions for which sealing is sought.

5.    Attached hereto as Exhibit B-R is a true and correct copy of RoadRunner's redacted Reply.

6.    RoadRunner's ITS is a disclosure of its trade secrets pursuant to Code of Civil Procedure Section 2019.210.  Defendants' Opposition and RoadRunner's Reply contain references to the information in RoadRunner's ITS.

7.    I am informed and believe that the contents of RoadRunner's ITS and those portions discussed in Defendants' Opposition and RoadRunner's Reply, are specifically directed to the purpose of California Code of Civil Procedure Section 2019.210, namely, to identify RoadRunner's trade secrets with reasonable particularity and thus, disclose RoadRunner's trade secrets such that the publication of its contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade secrets. I am informed and believe that the ITS, Opposition, and Reply contain confidential and proprietary trade secret information because they describe technical information about RoadRunner's products and services in its waste metering

1  system, including its smart camera apparatus, optical assembly and design, image preprocessing

2  techniques, machine learning training data, and algorithms and processes; RoadRunner has taken

3  reasonable measures to keep such information secret; and RoadRunner derives independent

4  economic value from this information not being generally known to, and not being readily

5  ascertainable through proper means by, another person who can obtain economic value from the

6  disclosure or use of the information.

7         8.      In an effort to comply with N.D. Cal. L.R. 79-5(e) and this Court's Orders,

8  RoadRunner has only redacted the portions of the ITS, Opposition, and Reply that discuss or

9  disclose RoadRunner's trade secrets.

10         9.      RoadRunner operates in a competitive market, and therefore, disclosure of the

11  information contained in RoadRunner's ITS and the discussions of that information in the

12  Opposition and Reply would cause RoadRunner irreparable competitive injury. Such disclosure

13  would enable RoadRunner's competitors to use RoadRunner's confidential information and trade

14  secrets to further their competing products and thereby gain an unfair advantage from

15  RoadRunner's years of research, development, and other experience in the industry.

16  <u>Dkt. No. 115</u>

17        10.     Attached hereto as Exhibit C is a true and correct copy of unredacted excerpts of

18  Jay Longson's testimony, filed by Defendants as Dkt. No. 104-2, with RoadRunner's redactions.

19  Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit C includes highlights reflecting the portions for

20  which sealing is sought.

21        11.     Attached hereto as Exhibit C-R is a true and correct copy of RoadRunner's

22  redacted excerpts of Jay Longson's testimony.

23        12.     Attached hereto as Exhibit D is a true and correct copy of unredacted excerpts of

24  Justin Armstrong's testimony, filed by Defendants as Dkt. No. 104-3, with RoadRunner's

25  redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit D includes highlights reflecting the

26  portions for which sealing is sought.

27        13.     Attached hereto as Exhibit D-R is a true and correct copy of RoadRunner's

28  redacted excerpts of Justin Armstrong's testimony.

JMBM | Jeffer Mangels Butler & Mitchell LLP

14.     I am informed and believe that the contents of the proposed redactions disclose RoadRunner's trade secrets such that the publication of its contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade secrets. I am informed and believe that the proposed redacted language contains confidential and proprietary trade secret information because they describe technical information about RoadRunner's products and services in its waste metering system, including its smart camera apparatus, optical assembly and design, image preprocessing techniques, machine learning training data, and algorithms and processes; RoadRunner has taken reasonable measures to keep such information secret; and RoadRunner derives independent economic value from this information not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

15.     In an effort to comply with N.D. Cal. L.R. 79-5(e), RoadRunner has only redacted the portions of the testimony that discuss or disclose RoadRunner's trade secrets.

16.     RoadRunner operates in a competitive market, and therefore, disclosure of RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information and trade secrets to further their competing products and thereby gain an unfair advantage from RoadRunner's years of research, development, and other experience in the industry.

<u>Dkt. No. 120</u>

17.     Attached hereto as Exhibit E is a true and correct copy of unredacted excerpts of Jay Longson's testimony with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit E includes highlights reflecting the portions for which sealing is sought.

18.     Attached hereto as Exhibit E-R is a true and correct copy of RoadRunner's redacted excerpts of Jay Longson's testimony.

19.     Attached hereto as Exhibit F is a true and correct copy of unredacted excerpts of Justin Armstrong's testimony with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit F includes highlights reflecting the portions for which sealing is sought.

DECLARATION OF JOSEPH MELLEMA IN SUPPORT OF ROADRUNNER'S OMNIBUS MOTION TO SEAL

20.     Attached hereto as Exhibit F-R is a true and correct copy of RoadRunner's redacted excerpts of Justin Armstrong's testimony.

21.     Attached hereto as Exhibit F is a true and correct copy of unredacted excerpts of Justin Armstrong's deposition testimony.

22.     I am informed and believe that the contents of the proposed redactions disclose RoadRunner's trade secrets such that the publication of its contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade secrets. I am informed and believe that the proposed redacted language contains confidential and proprietary trade secret information because they describe technical information about RoadRunner's products and services in its waste metering system, including its smart camera apparatus, optical assembly and design, image preprocessing techniques, machine learning training data, and algorithms and processes; RoadRunner has taken reasonable measures to keep such information secret; and RoadRunner derives independent economic value from this information not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

23.     In an effort to comply with L.R. 79-5(e), RoadRunner has only redacted the portions of the testimony that discuss or disclose RoadRunner's trade secrets.

24.     RoadRunner operates in a competitive market, and therefore, disclosure of RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information and trade secrets to further their competing products and thereby gain an unfair advantage from RoadRunner's years of research, development, and other experience in the industry.

<u>Dkt. No. 128</u>

25.     Attached hereto as Exhibit G is a true and correct copy of unredacted excerpts of Jay Longson's testimony with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit G includes highlights reflecting the portions for which sealing is sought.

26.     Attached hereto as Exhibit G-R is a true and correct copy of RoadRunner's redacted excerpts of Jay Longson's testimony.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

27.     Attached hereto as Exhibit H is a true and correct copy of unredacted excerpts of W. Leo Hoarty's testimony with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit H includes highlights reflecting the portions for which sealing is sought.

28.     Attached hereto as Exhibit H-R is a true and correct copy of RoadRunner's redacted excerpts of W. Leo Hoarty's testimony.

29.     I am informed and believe that the contents of the proposed redactions disclose RoadRunner's trade secrets such that the publication of its contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade secrets. I am informed and believe that the proposed redacted language contains confidential and proprietary trade secret information because they describe technical information about RoadRunner's products and services in its waste metering system, including its smart camera apparatus, optical assembly and design, image preprocessing techniques, machine learning training data, and algorithms and processes; RoadRunner has taken reasonable measures to keep such information secret; and RoadRunner derives independent economic value from this information not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

30.     In an effort to comply with L.R. 79-5(e), RoadRunner has only redacted the portions of the testimony that discuss or disclose RoadRunner's trade secrets.

31.     RoadRunner operates in a competitive market, and therefore, disclosure of RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information and trade secrets to further their competing products and thereby gain an unfair advantage from RoadRunner's years of research, development, and other experience in the industry.

<u>Dkt. No. 136</u>

32.     Attached hereto as Exhibit I is a true and correct copy of the redacted version of the opening expert report of Forrest A. Vickery.

33.     Attached hereto as Exhibit I is a true and correct copy of the unredacted version of the opening expert report of Forrest A. Vickery with RoadRunner's redactions. Pursuant to N.D.

JMBM | Jeffer Mangels Butler & Mitchell LLP

Cal. L.R. 79-5(e)(2), Exhibit I includes highlights reflecting the portions for which sealing is sought.

34.     Attached hereto as Exhibit I-R is a true and correct copy of RoadRunner's redacted version of the opening expert report of Forrest A. Vickery.

35.     Attached hereto as Exhibit J is a true and correct copy of the unredacted version of the reply expert report of Forrest A. Vickery with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit J includes highlights reflecting the portions for which sealing is sought.

36.     Attached hereto as Exhibit J-R is a true and correct copy of the redacted version of the reply expert report of Forrest A. Vickery.

37.     Attached hereto as Exhibit K is a true and correct copy of the unredacted version of Mr. Vickery's deposition testimony with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit K includes highlights reflecting the portions for which sealing is sought.

38.     Attached hereto as Exhibit K-R is a true and correct copy of the redacted version of Mr. Vickery's deposition testimony.

39.     Attached hereto as Exhibit L is a true and correct copy of the unredacted version of the supplemental expert report of Forrest A. Vickery with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit L includes highlights reflecting the portions for which sealing is sought.

40.     Attached hereto as Exhibit L-R is a true and correct copy of the redacted version of the supplemental expert report of Forrest A. Vickery.

41.     Attached hereto as Exhibit M is a true and correct copy of the unredacted version of excerpts of the deposition of Steve Krebs with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit M includes highlights reflecting the portions for which sealing is sought.

42.     Attached hereto as Exhibit M-R is a true and correct copy of the redacted version of excerpts of the deposition of Steve Krebs.

43.     Attached hereto as Exhibit N is a true and correct copy of the unredacted version of excerpts of Volume II of the deposition of W. Leo Hoarty with RoadRunner's redactions. Pursuant

to N.D. Cal. L.R. 79-5(e)(2), Exhibit N includes highlights reflecting the portions for which sealing is sought.

44.     Attached hereto as Exhibit N-R is a true and correct copy of the redacted version of excerpts of Volume II of the deposition of W. Leo Hoarty.

45.     Attached hereto as Exhibit O is a true and correct copy of the unredacted version of excerpts of the deposition of Timothy (Jay) Longson with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit O includes highlights reflecting the portions for which sealing is sought.

46.     Attached hereto as Exhibit O-R is a true and correct copy of the redacted version of excerpts of the deposition of Timothy (Jay) Longson.

47.     I am informed and believe that the contents of the proposed redactions disclose RoadRunner's trade secrets, including confidential financial information, such that the publication of its contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade secrets. I am informed and believe that the proposed redacted language contains confidential and proprietary trade secret information because they describe technical information about RoadRunner's products and services in its waste metering system, including its smart camera apparatus, optical assembly and design, image preprocessing techniques, machine learning training data, and algorithms and processes; RoadRunner has taken reasonable measures to keep such information secret; and RoadRunner derives independent economic value from this information not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

48.     In an effort to comply with L.R. 79-5(e), RoadRunner has only redacted the portions of the testimony that discuss or disclose RoadRunner's trade secrets.

49.     RoadRunner operates in a competitive market, and therefore, disclosure of RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   and trade secrets to further their competing products and thereby gain an unfair advantage from

2   RoadRunner's years of research, development, and other experience in the industry.

3                                      Dkt. No. 143

4          50.     Exhibits I, J, and L are identical to those attached at Dkt. Nos. 143-3, 143-4, and

5   143-5. The same reasoning supporting sealing of them applies, and they have not been separately

6   attached hereto.

7          51.     Attached hereto as Exhibit P is a true and correct copy of the unredacted version of

8   excerpts from the deposition of Graham Rihn with RoadRunner's redactions. Pursuant to N.D.

9   Cal. L.R. 79-5(e)(2), Exhibit P includes highlights reflecting the portions for which sealing is

10  sought.

11         52.     Attached hereto as Exhibit P-R is a true and correct copy of the redacted version of

12  excerpts from the deposition of Graham Rihn.

13         53.     I am informed and believe that the contents of the proposed redactions disclose

14  RoadRunner's trade secrets, including confidential financial information, such that the publication

15  of its contents could result in loss of trade secret protection and misappropriation of RoadRunner's

16  trade secrets. I am informed and believe that the proposed redacted language contains confidential

17  and proprietary trade secret information because they describe confidential and sensitive

18  commercial business information; RoadRunner has taken reasonable measures to keep such

19  information secret; and RoadRunner derives independent economic value from this information

20  not being generally known to, and not being readily ascertainable through proper means by,

21  another person who can obtain economic value from the disclosure or use of the information.

22         54.     In an effort to comply with L.R. 79-5(e), RoadRunner has only redacted the

23  portions of the testimony that discuss or disclose RoadRunner's trade secrets.

24         55.     RoadRunner operates in a competitive market, and therefore, disclosure of

25  RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such

26  disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information

27  to further their competing products and thereby gain an unfair advantage against RoadRunner.

28                                     Dkt. No. 146

DECLARATION OF JOSEPH MELLEMA IN SUPPORT OF ROADRUNNER'S OMNIBUS MOTION TO SEAL

56.    Attached hereto as Exhibit Q is a true and correct copy of the unredacted version of RoadRunner's Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 145).

57.    Exhibits 145-2 to 145-20 are identical to those attached to Exhibit A hereto. The same reasoning supporting sealing of them in their entirety applies, and they have not been separately attached hereto.

58.    Attached hereto as Exhibit R is a true and correct copy of the unredacted version of excerpts from the deposition of Timothy (Jay) Longson with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit R includes highlights reflecting the portions for which sealing is sought.

59.    Attached hereto as Exhibit S is a true and correct copy of the unredacted version of excerpts from the deposition of W. Leo Hoarty, Vol. I with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit S includes highlights reflecting the portions for which sealing is sought.

60.    Attached hereto as Exhibit T is a true and correct copy of the unredacted version of excerpts from the deposition of Justin Armstrong with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit T includes highlights reflecting the portions for which sealing is sought.

61.    Attached hereto as Exhibit U is a true and correct copy of the unredacted version of excerpts from the deposition of Graham Rihn with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit U includes highlights reflecting the portions for which sealing is sought.

62.    Attached hereto as Exhibit V is a true and correct copy of the unredacted version of excerpts from the deposition of R. Jacob Baker with RoadRunner's redactions. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit V includes highlights reflecting the portions for which sealing is sought.

63.    Attached hereto as Exhibit W is a true and correct copy of the unredacted version of the Opening Expert Report of W. Leo Hoarty with RoadRunner's redactions. Pursuant to N.D.

1  Cal. L.R. 79-5(e)(2), Exhibit W includes highlights reflecting the portions for which sealing is

2  sought.

3      64.    Attached hereto as Exhibit X is a true and correct copy of the unredacted version of

4  the Opposition Expert Report of W. Leo Hoarty with RoadRunner's redactions. Pursuant to N.D.

5  Cal. L.R. 79-5(e)(2), Exhibit X includes highlights reflecting the portions for which sealing is

6  sought.

7      65.    Attached hereto as Exhibit Y is a true and correct copy of the unredacted version of

8  the Reply Expert Report of W. Leo Hoarty with RoadRunner's redactions. Pursuant to N.D. Cal.

9  L.R. 79-5(e)(2), Exhibit Y includes highlights reflecting the portions for which sealing is sought.

10     66.    I am informed and believe that the contents of the proposed redactions disclose

11 RoadRunner's trade secrets, such that the publication of its contents could result in loss of trade

12 secret protection and misappropriation of RoadRunner's trade secrets. I am informed and believe

13 that the proposed redacted language contains confidential and proprietary trade secret information

14 because they describe RoadRunner's trade secrets; RoadRunner has taken reasonable measures to

15 keep such information secret; and RoadRunner derives independent economic value from this

16 information not being generally known to, and not being readily ascertainable through proper

17 means by, another person who can obtain economic value from the disclosure or use of the

18 information.

19     67.    In an effort to comply with L.R. 79-5(e), RoadRunner has only redacted the

20 portions of the testimony that discuss or disclose RoadRunner's trade secrets.

21     68.    RoadRunner operates in a competitive market, and therefore, disclosure of

22 RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such

23 disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information

24 to further their competing products and thereby gain an unfair advantage against RoadRunner.

25                                        Dkt. No. 152

26     69.    Attached hereto as Exhibit Z is a true and correct copy of the unredacted version of

27 Defendants' Motion for Summary Judgment with RoadRunner's redactions. Pursuant to N.D. Cal.

28 L.R. 79-5(e)(2), Exhibit Z includes highlights reflecting the portions for which sealing is sought.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1       70.      Attached hereto as Exhibit Z-R is a true and correct copy of the redacted version of

2  Defendants' Motion for Summary Judgment.

3       71.      Attached hereto as Exhibit AA is a true and correct copy of the unredacted version

4  of RoadRunner's First Supplemental Responses to Defendants' First Set of Interrogatories, dated

5  May 31, 2024. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AA includes highlights reflecting

6  the portions for which sealing is sought.

7       72.      Attached hereto as Exhibit AA-R is a true and correct copy of the redacted version

8  of RoadRunner's First Supplemental Responses to Defendants' First Set of Interrogatories, dated

9  May 31, 2024.

10       73.      Attached hereto as Exhibit AB is a true and correct copy of the unredacted version

11  of the opening expert report of W. Leo Hoarty. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AB

12  includes highlights reflecting the portions for which sealing is sought.

13       74.      Attached hereto as Exhibit AB-R is a true and correct copy of the redacted version

14  of the opening expert report of W. Leo Hoarty.

15       75.      Attached hereto as Exhibit AC is a true and correct copy of the unredacted version

16  of excerpts from the deposition of W. Leo Hoarty, Volume I. Pursuant to N.D. Cal. L.R. 79-

17  5(e)(2), Exhibit AC includes highlights reflecting the portions for which sealing is sought.

18       76.      Attached hereto as Exhibit AC-R is a true and correct copy of the redacted version

19  of excerpts from the deposition of W. Leo Hoarty, Volume I.

20       77.      Attached hereto as Exhibit AD is a true and correct copy of the unredacted version

21  of excerpts from the deposition of Timothy (Jay) Longson. Pursuant to N.D. Cal. L.R. 79-5(e)(2),

22  Exhibit AD includes highlights reflecting the portions for which sealing is sought.

23       78.      Attached hereto as Exhibit AD-R is a true and correct copy of the redacted version

24  of excerpts from the deposition of Timothy (Jay) Longson.

25       79.      Attached hereto as Exhibit AE is a true and correct copy of the unredacted version

26  of the rebuttal expert report of R. Jacob Baker. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AE

27  includes highlights reflecting the portions for which sealing is sought.

28

80.    Attached hereto as Exhibit AE-R is a true and correct copy of the redacted version of the rebuttal expert report of R. Jacob Baker.

81.    Attached hereto as Exhibit AF is a true and correct copy of the unredacted version of excerpts from the deposition of Justin Armstrong. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AF includes highlights reflecting the portions for which sealing is sought.

82.    Attached hereto as Exhibit AF-R is a true and correct copy of the redacted version of excerpts from the deposition of Justin Armstrong.

83.    Attached hereto as Exhibit AG is a true and correct copy of the unredacted version of the reply expert report of W. Leo Hoarty. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AG includes highlights reflecting the portions for which sealing is sought.

84.    Attached hereto as Exhibit AG-R is a true and correct copy of the redacted version of the reply expert report of W. Leo Hoarty.

85.    I am informed and believe that the contents of the proposed redactions disclose RoadRunner's trade secrets, including confidential financial information, such that the publication of its contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade secrets. I am informed and believe that the proposed redacted language contains confidential and proprietary trade secret information because they describe technical information about RoadRunner's products and services in its waste metering system, including its smart camera apparatus, optical assembly and design, image preprocessing techniques, machine learning training data, and algorithms and processes; RoadRunner has taken reasonable measures to keep such information secret; and RoadRunner derives independent economic value from this information not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

86.    In an effort to comply with L.R. 79-5(e), RoadRunner has only redacted the portions of the testimony that discuss or disclose RoadRunner's trade secrets.

87.    RoadRunner operates in a competitive market, and therefore, disclosure of RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such

Jeffer Mangels
Butler & Mitchell LLP

JMBM

disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information and trade secrets to further their competing products and thereby gain an unfair advantage from RoadRunner's years of research, development, and other experience in the industry.

<u>Dkt. No. 164</u>

88.     Attached hereto as Exhibit AH is a true and correct copy of the unredacted version of Defendants' Reply to RoadRunner's Opposition to Defendants' Motion for Summary Judgment . Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AH includes highlights reflecting the portions for which sealing is sought.

89.     Attached hereto as Exhibit AH-R is a true and correct copy of the redacted version of Defendants' Reply to RoadRunner's Opposition to Defendants' Motion for Summary Judgment.

90.     Attached hereto as Exhibit AI is a true and correct copy of the unredacted version of excerpts from the deposition of W. Leo Hoarty, Vol. II. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AI includes highlights reflecting the portions for which sealing is sought.

91.     Attached hereto as Exhibit AI-R is a true and correct copy of the redacted version of excerpts from the deposition of W. Leo Hoarty, Vol. II.

92.     Attached hereto as Exhibit AJ is a true and correct copy of the unredacted version of excerpts from the deposition of R. Jacob Baker. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AJ includes highlights reflecting the portions for which sealing is sought.

93.     Attached hereto as Exhibit AJ-R is a true and correct copy of the redacted version of excerpts from the deposition of R. Jacob Baker.

94.     I am informed and believe that the contents of the proposed redactions disclose RoadRunner's trade secrets, such that the publication of its contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade secrets.

95.     I am informed and believe that the proposed redacted language contains confidential and proprietary trade secret information because it describes technical information about RoadRunner's products and services in its waste metering system, including RoadRunner's overall waste metering and recycling system; smart camera apparatus; optical assembly and

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1  design; Compology-generated labeled and tagged images; Sub-Par Image Detection (SPID);

2  Contamination Detection / Content Identification Service; and Container Fullness Analysis.

3      96.    I am informed and believe that RoadRunner has taken reasonable measures to keep

4  such information secret; and that RoadRunner derives independent economic value from this

5  information not being generally known to, and not being readily ascertainable through proper

6  means by, another person who can obtain economic value from the disclosure or use of the

7  information.

8      97.    In an effort to comply with L.R. 79-5(a), RoadRunner has only redacted the

9  portions of Defendants' Reply, and Exhibits 18 and 20 thereto that discuss or disclose

10 RoadRunner's trade secrets.

11     98.    RoadRunner operates in a competitive market, and therefore, disclosure of

12 RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such

13 disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information

14 and trade secrets to further their competing products and thereby gain an unfair advantage from

15 Compology's years of research, development, and other experience in the industry.

16                                   Dkt. No. 177

17     99.    I am informed and believe that RoadRunner proposes redacting the home addresses

18 (except city and state) of fact witnesses that appears on Defendants' witness list in order to protect

19 the privacy of Messrs. Chehebar and Armstrong. *See* Dkt. No. 177.

20                                   Dkt. No. 178

21     100.   Attached hereto as Exhibit AK is a true and correct copy of the unredacted version

22 of Defendants' Exhibit List. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AK includes highlights

23 reflecting the portions for which sealing is sought.

24     101.   Attached hereto as Exhibit AK-R is a true and correct copy of the redacted version

25 of Defendants' Exhibit List.

26     102.   I am informed and believe that the contents of the proposed redactions to

27 Defendants' exhibit list disclose RoadRunner's trade secrets, such that the publication of their

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade

2  secrets.

3      103.    I am informed and believe that the language in Defendants' exhibit list that

4  RoadRunner proposes redacting contains confidential and proprietary trade secret information

5  because it describes the specific model of image sensor that RoadRunner uses in its smart camera

6  apparatus, which RoadRunner considers a trade secret.

7      104.    I am informed and believe that RoadRunner has taken reasonable measures to keep

8  such information secret; and that RoadRunner derives independent economic value from this

9  information not being generally known to, and not being readily ascertainable through proper

10  means by, another person who can obtain economic value from the disclosure or use of the

11  information.

12      105.    RoadRunner operates in a competitive market, and therefore, disclosure of

13  RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such

14  disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information

15  and trade secrets to further their competing products and thereby gain an unfair advantage from

16  Compology's years of research, development, and other experience in the industry.

17      106.    In an effort to comply with L.R. 79-5, RoadRunner has only proposed redacting

18  narrow portions of the trade secret and confidential information.

19                          Dkt. No. 206

20      107.    Attached hereto as Exhibit AL is a true and correct copy of the unredacted version

21  of Defendants' opposition to RoadRunner's motion *in limine* no. 1. Pursuant to N.D. Cal. L.R. 79-

22  5(e)(2), Exhibit AL includes highlights reflecting the portions for which sealing is sought.

23      108.    Attached hereto as Exhibit AL-R is a true and correct copy of the redacted version

24  of Defendants' opposition to RoadRunner's motion *in limine* no. 1.

25      109.    Attached hereto as Exhibit AM is a true and correct copy of the unredacted version

26  of Exhibit C to RoadRunner's motion *in limine* no. 2, excerpts from the opening expert report of

27  R. Jacob Baker. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AM includes highlights reflecting

28  the portions for which sealing is sought.

JMBM | Jeffer Mangels
       Butler & Mitchell LLP

110.    Attached hereto as Exhibit AM-R is a true and correct copy of the redacted version of Exhibit C to RoadRunner's motion *in limine* no. 2, excerpts from the opening expert report of R. Jacob Baker.

111.    Attached hereto as Exhibit AN is a true and correct copy of the unredacted version of Exhibit D to RoadRunner's motion *in limine* no. 2, excerpts from the rebuttal expert report of R. Jacob Baker. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AN includes highlights reflecting the portions for which sealing is sought.

112.    Attached hereto as Exhibit AN-R is a true and correct copy of the redacted version of Exhibit D to RoadRunner's motion *in limine* no. 2, excerpts from the opening expert report of R. Jacob Baker.

113.    Attached hereto as Exhibit AO is a true and correct copy of the unredacted version of Exhibit F to RoadRunner's motion *in limine* no. 2, excerpts from the opening expert report of Philip Greenspun. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AO includes highlights reflecting the portions for which sealing is sought.

114.    Attached hereto as Exhibit AO-R is a true and correct copy of the redacted version of Exhibit F to RoadRunner's motion *in limine* no. 2, excerpts from the opening expert report of Philip Greenspun.

115.    Attached hereto as Exhibit AP is a true and correct copy of the unredacted version of Exhibit G to RoadRunner's motion *in limine* no. 2, excerpts from the rebuttal expert report of Philip Greenspun. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AP includes highlights reflecting the portions for which sealing is sought.

116.    Attached hereto as Exhibit AP-R is a true and correct copy of the redacted version of Exhibit G to RoadRunner's motion *in limine* no. 2, excerpts from the rebuttal expert report of Philip Greenspun.

117.    Attached hereto as Exhibit AQ is a true and correct copy of the unredacted version of Exhibit C to RoadRunner's motion *in limine* no. 3, excerpts from the opening expert report of R. Jacob Baker. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AQ includes highlights reflecting the portions for which sealing is sought.

118.    Attached hereto as Exhibit AQ-R is a true and correct copy of the redacted version of Exhibit C to RoadRunner's motion *in limine* no. 3, excerpts from the opening expert report of R. Jacob Baker.

119.    I am informed and believe that the contents of the proposed redactions disclose RoadRunner's trade secrets, such that the publication of its contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade secrets. I am informed and believe that the proposed redacted language contains confidential and proprietary trade secret information because they describe RoadRunner's trade secrets; RoadRunner has taken reasonable measures to keep such information secret; and RoadRunner derives independent economic value from this information not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

120.    In an effort to comply with L.R. 79-5(e), RoadRunner has only redacted the portions of the testimony that discuss or disclose RoadRunner's trade secrets.

121.    RoadRunner operates in a competitive market, and therefore, disclosure of RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information to further their competing products and thereby gain an unfair advantage against RoadRunner.

Dkt. No. 209

122.    Attached hereto as Exhibit AR is a true and correct copy of the unredacted version of the parties' Joint Corrected Exhibit List. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AR includes highlights reflecting the portions for which sealing is sought.

123.    Attached hereto as Exhibit AR-R is a true and correct copy of the redacted version of the parties' Joint Corrected Exhibit List.

124.    I am informed and believe that the contents of RoadRunner's proposed redactions to the exhibit list disclose RoadRunner's trade secrets, such that the publication of their contents could result in loss of trade secret protection and misappropriation of RoadRunner's trade secrets.

JMBM | Jeffer Mangels Butler & Mitchell LLP

125.    I am informed and believe that the language in the exhibit list that RoadRunner proposes redacting contains confidential and proprietary trade secret information because the proposed redactions identify specific parts of RoadRunner's smart camera apparatus and the manufacturer(s) thereof, which RoadRunner considers trade secrets.

126.    I am informed and believe that RoadRunner has taken reasonable measures to keep such information secret; and that RoadRunner derives independent economic value from this information not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

127.    RoadRunner operates in a competitive market, and therefore, disclosure of RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information and trade secrets to further their competing products and thereby gain an unfair advantage from Compology's years of research, development, and other experience in the industry.

128.    In an effort to comply with L.R. 79-5, RoadRunner has only proposed redacting narrow portions of the trade secret and confidential information.

Dkt. No. 217

129.    Attached hereto as Exhibit AS is a true and correct copy of the unredacted version of Exhibit F to Declaration of Matthew S. Galica in Support of Defendants' Motions *in Limine*, *i.e.*, excerpted August 15, 2024 deposition transcript of Timothy (Jay) Longson. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AS includes highlights reflecting the portions for which sealing is sought.

130.    Attached hereto as Exhibit AS-R is a true and correct copy of the redacted version of Exhibit F to Declaration of Matthew S. Galica in Support of Defendants' Motions *in Limine*, *i.e.*, excerpted August 15, 2024 deposition transcript of Timothy (Jay) Longson.

131.    Attached hereto as Exhibit AT is a true and correct copy of the unredacted version of Exhibit 1 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s Opposition to Defendants' Motion *in Limine* No. 3, *i.e.*, excerpted August 22, 2024 deposition

DECLARATION OF JOSEPH MELLEMA IN SUPPORT OF ROADRUNNER'S OMNIBUS MOTION TO SEAL

1   transcript of Justin Armstrong. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AT includes

2   highlights reflecting the portions for which sealing is sought.

3       132.    Attached hereto as Exhibit AT-R is a true and correct copy of the redacted version

4   of Exhibit 1 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s

5   Opposition to Defendants' Motion *in Limine* No. 3, *i.e.,* excerpted August 22, 2024 deposition

6   transcript of Justin Armstrong.

7       133.    Attached hereto as Exhibit AU is a true and correct copy of the unredacted version

8   of Exhibit 2 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s

9   Opposition to Defendants' Motion *in Limine* No. 3, *i.e.,* August 15, 2024 excerpted deposition

10  transcript of Timothy (Jay) Longson. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AU includes

11  highlights reflecting the portions for which sealing is sought.

12      134.    Attached hereto as Exhibit AU-R is a true and correct copy of the redacted version

13  of Exhibit 2 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s

14  Opposition to Defendants' Motion *in Limine* No. 3, *i.e.,* August 15, 2024 excerpted deposition

15  transcript of Timothy (Jay) Longson.

16      135.    Attached hereto as Exhibit AV is a true and correct copy of the unredacted version

17  of Exhibit 3 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s

18  Opposition to Defendants' Motion *in Limine* No. 3, *i.e.,* excerpted September 12, 2024 deposition

19  transcript of W. Leo Hoarty. Pursuant to N.D. Cal. L.R. 79-5(e)(2), Exhibit AV includes

20  highlights reflecting the portions for which sealing is sought.

21      136.    Attached hereto as Exhibit AV-R is a true and correct copy of the redacted version

22  of Exhibit 3 to Declaration of Lena Streisand in Support of Plaintiff Roadrunner Recycling, Inc.'s

23  Opposition to Defendants' Motion *in Limine* No. 3, *i.e.,* excerpted September 12, 2024 deposition

24  transcript of W. Leo Hoarty.

25      137.    I am informed and believe that the contents of the proposed redactions disclose

26  witnesses' private information and RoadRunner's trade secrets, such that the publication of its

27  contents could result in harm to witnesses and loss of trade secret protection and misappropriation

28  of RoadRunner's trade secrets. I am informed and believe that the proposed redacted language

JMBM | Jeffer Mangels
Butler & Mitchell LLP

contains confidential and proprietary trade secret information because they describe technical information about RoadRunner's products and services in its waste metering system, including its smart camera apparatus, optical assembly and design, image preprocessing techniques, machine learning training data, and algorithms and processes; RoadRunner has taken reasonable measures to keep such information secret; and RoadRunner derives independent economic value from this information not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

138.    In an effort to comply with L.R. 79-5(e), RoadRunner has only redacted the portions of the attached documents that discuss or disclose RoadRunner's trade secrets or reveal private home addresses of witnesses in this case.

139.    RoadRunner operates in a competitive market, and therefore, disclosure of RoadRunner's trade secrets would cause RoadRunner irreparable competitive injury. Such disclosure would enable RoadRunner's competitors to use RoadRunner's confidential information and trade secrets to further their competing products and thereby gain an unfair advantage from RoadRunner's years of research, development, and other experience in the industry.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 18th day of December, 2024, in Irvine, CA.

*/s/ Joseph J. Mellema*
Joseph J. Mellema