# EXHIBIT AG-R

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROADRUNNER RECYCLING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RECYCLE TRACK SYSTEMS, INC., RECYCLESMART SOLUTIONS, INC., <br><br> Defendants. | Case No. 3:23-cv-04804-WHA |

**REPLY EXPERT REPORT OF W. LEO HOARTY**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | SUMMARY OF OPINIONS | 2 |
| III. | RTS'S REBUTTAL REPORTS DO NOT SHOW THAT MY ANALYSIS WAS INSUFFICIENT TO DESCRIBE COMPOLOGY'S TRADE SECRETS | 2 |
| | A. The Rebuttal Reports do not Show that I did not Sufficiently Describe the Trade Secrets at Issue | 2 |
| | B. The Rebuttal Reports do not Show that Compology's Trade Secrets are Publicly Available | 5 |
| |    1. Compology's YouTube Video does not Disclose Compology's Trade Secrets | 5 |
| |    2. FCC Website Filings do not Disclose Compology's Trade Secrets | 6 |
| |    3. The R13 Device and the Trade Secrets Embodied Therein have not been Disclosed via a Purported eBay Sale | 7 |
| |    4. Verizon Wireless's Marketing Materials do not Disclose the Trade Secrets Embodied in the R11 Camera System | 8 |
| |    5. The Compology Patents and Patent Applications do not Disclose Compology's Trade Secrets | 8 |
| |    6. The Combination of Any of the Foregoing Materials does not Disclose Compology's Trade Secrets | 9 |
| IV. | RTS's Rebuttal Reports are Wrong that My Analysis was Insufficient to Show Misappropriation of Compology's Trade Secrets | 10 |
| | A. Drs. Baker and Greenspun do not Show that RTS had no Access to Compology's Trade Secrets | 10 |
| | B. Dr. Baker Points to Immaterial or Irrelevant Differences between Compology's Optical Assembly and Design and the Pello Camera System | 13 |
| | C. It is Immaterial that Dr. Greenspun Attempted to Recreate RTS's Purportedly Current ML Models | 15 |
| V. | IT IS IMMATERIAL THAT I DID NOT PROVIDE DOLLAR FIGURES TO SHOW INDEPENDENT ECONOMIC VALUE OF THE TRADE SECRETS | 20 |
| VI. | CONCLUSION | 22 |

I.  **INTRODUCTION**

1. I have been retained as an independent technical expert by counsel for Plaintiff RoadRunner Recycling, Inc. in *RoadRunner Recycling, Inc. v. Recycle Track Systems, Inc. et al.*, N.D. Cal. Case No. 3:23-cv-04804-WHA. Counsel has asked me to render opinions regarding the issues raised by RoadRunner and Recycle Track Systems ("RTS") and RecycleSmart Solutions, inc. ("RecycleSmart", together with RTS, "Defendants") in connection with the above-referenced lawsuit. Specifically, I have been asked to review the Rebuttal Expert Report of R. Jacob Baker, Ph.D., P.E. ("Baker Rebuttal Report"), and the Rebuttal Expert Report of Phillip Greenspun, Ph.D ("Greenspun Rebuttal Report"). My conclusions are based on my review of these reports and the materials referenced therein, the materials provided to me in connection with my engagement, and my professional experience.

2. I do not agree with the conclusions and opinions in Drs. Baker and Greenspun's rebuttal reports. I am limiting my reply expert report to rebut specific material in the rebuttal reports and have not added new material that should have been placed in my opening expert report. I disagree with every one of Drs. Baker and Greenspun's conclusions and opinions in their reports but have identified what I view as the important points and have kept my reply report brief.

3. In my opening expert report, I attached my CV and described my qualifications, which I incorporate herein. For the sake of convenience, I have attached my CV as Attachment A. A detailed history of my expert consultant work for the past five years is attached here as Attachment B. A list of materials I have considered in connection with my reply expert report is attached as Attachment C. I also incorporate the legal standards for trade secrets and misappropriation that I identified in my opening expert report.

### 4. Verizon Wireless's Marketing Materials do not Disclose the Trade Secrets Embodied in the R11 Camera System[7]

21. I have reviewed Verizon marketing materials cited by Drs. Baker and Greenspun. I do not agree with Drs. Baker or Greenspun that this information is sufficient to disclose the R11 device or the trade secrets embodied in its design because the components listed in Section III.B.1 are not identifiable or disclosed in the materials. I disagree with each that the Verizon marketing materials disclose "the Lithium Thionyl Chloride battery pack," as they do not describe the internals of the battery pack, in addition to any specifics about the internal components of the R11 device.

22. The Verizon marketing materials do not disclose the Compology-generated labeled and tagged images or Compology's SPID, contamination detection/content identification service, or fullness level analysis.

### 5. The Compology Patents and Patent Applications do not Disclose Compology's Trade Secrets[8]

23. Dr. Greenspun performed a cursory comparison between U.S. Patent No. 10,943,356 and I have reviewed Compology's patents and patent publications, including U.S. Patent No. 10,943,356, U.S. Patent No. 11,122,388, U.S. Patent No. 11,172,325, U.S. Patent Application Publication No. 2023/0196307, U.S. Patent Application Publication No. 2014/0278630, U.S. Patent Application Publication No. 2021/0158308, U.S. Patent Application Publication No. 2020/0013024, and U.S. Patent Application Publication No. 2021/0158097. I did not find that Compology's trade secrets were disclosed in any of these documents because the

---

[7] *See* Baker Rebuttal Report at ¶¶ 65-66; Greenspun Rebuttal Report at ¶ 83.
[8] *See* Baker Rebuttal Report at ¶¶ ; Greenspun Rebuttal Report at ¶¶ 86-100, Ex. 1.

8          HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

components listed in Section III.B.1 are not identifiable or disclosed in the patents or patent applications.

24.     In addition, Compology-generated labeled and tagged images are not disclosed in the patents or patent applications. Finally, Compology's SPID, contamination detection/content identification service, and fullness level analysis are not disclosed in the patents or patent applications.

### 6. The Combination of Any of the Foregoing Materials does not Disclose Compology's Trade Secrets

25.     Dr. Greenspun (and to some extent, Dr. Baker) appear to combine the disclosures of the YouTube video, FCC website filings, purported eBay sale of an R13 device, Verizon marketing materials, and U.S. Patent No. 10,943,356 to claim that Compology's trade secrets are publicly available. I disagree. These materials do not disclose the components I listed in Section III.B.1 above, or Compology-generated labeled and tagged images, or Compology's SPID, contamination detection/content identification service, or fullness level analysis.

26.     Both Drs. Baker and Greenspun point to a Tadirian PulsesPlus product as being the same as Compology's battery assembly. *See* Baker Rebuttal Report at ¶¶ 40-45; Greenspun Rebuttal Report at ¶ 94. I disagree. The R12 battery assembly is different from the PulsesPlus product in the following ways:

- PulsesPlus does not include ▮▮▮▮▮▮▮▮▮▮ Lithium Thionyl Chloride ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮
- PulsesPlus does not include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- PulsesPlus does not include the same internal wiring as the R12 battery assembly
- PulsesPlus does not include the same Molex connector as the R12 battery assembly

59. My opinions are based on the information that has been provided to me as of the date of my report. As additional information becomes available, I reserve the right to review such information and amend my opinions, if necessary. Also, if requested, I will analyze and provide opinions about the work performed by other experts or individuals involved in this case.

60. I submit this opposition expert report in accordance with Fed. R. Civ. P. 26. My analysis of the information relevant to this case is ongoing. I expect to continue reviewing information as it is presented to me, and it is possible that this new information may affect certain conclusions in this report. I reserve the right to supplement or amend this report, such as based on additional documents, testimony, and/or other information in this case.

61. I expect to testify at trial regarding the opinions rendered in this opposition report and in any supplemental report that I may provide in this litigation. I reserve the right to provide an expert report addressing any issues or claims raised by Defendants or its experts with respect to the technology in this case.

DATED: 9/20/2024

DocuSigned by:
W. Leo Hoarty
4493C8C8702846F...
W. Leo Hoarty